**F I L E D**

DEC 0 4 1998

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN THE MATTER OF         )      CASE NO. 98-02675-5-ATS
   -OF-                 )
INTERNATIONAL HERITAGE, INC.  )      CHAPTER 7
(TAX ID #56-1921093),       )
       Debtor             )
_____ )

### EX PARTE MOTION FOR ESTABLISHMENT OF ADMINISTRATIVE PROCEDURES AND NOTICE REQUIREMENTS

COME NOW Holmes P. Harden, Trustee, and Terri L. Gardner, counsel for the Debtor (the "Movants"), and hereby move the court to establish certain administrative and noticing procedures in this chapter 7 case pursuant to Federal Bankruptcy Rule 2002. In support of this motion, the Movants show the court as follows:

1. The Debtor filed for relief under chapter 7 of the Bankruptcy Code on November 24, 1998. Prior to filing, the Debtor ceased operations and effectuated a wind down of its business.

2. The Debtor was incorporated in North Carolina on April 26, 1995. On March 6, 1998, the Debtor entered into a share for share exchange with Kara International, Inc., a Nevada corporation, and became a wholly owned subsidiary of that company. Kara International, Inc. changed its name to International Heritage, Incorporated. This company was publicly traded on NASDAQ.

3. Prior to filing, the Debtor was engaged in the direct sale of fine jewelry, collectibles, pro-line golf products and accessories, premium incentive products, and telecommunications products and services in forty-eight states. The company recruited Independent Sales Representatives ("ISRs") and many of these individuals built retail sales organizations. ISRs purchased

products from the Debtor and sold them to the public.

4. The Debtor has a wholly owned subsidiary, International Heritage of Canada, Inc. which was engaged in substantially the same business as the Debtor. This subsidiary has also ceased business.

5. The Debtor's main office has been in Raleigh, North Carolina and, at its peak, the Debtor had approximately 200 employees.

6. The Debtor's decline, after effectuating the merger with Kara International, Inc. was caused by legal action initiated by the Securities and Exchange Commission which alleged that the Debtor was engaged in the sale of unregistered securities and was operating a pyramid scheme. The Debtor denied the allegations, but the negative publicity and interference with operations were fatal.

7. At the time of filing, the Debtor submitted to the court a mailing list of creditors, shareholders, ISRs, and other interested parties (the "creditors") totaling approximately 195,000. The ISRs comprise approximately 188,000 of the creditors.

8. Rule 2002(f) requires that, among other things, notice shall be provided to all parties of the order for relief and the deadline for filing claims (the "chapter 7 notice"). The clerk of the Bankruptcy Court is preparing a notice of the chapter 7 filing to be sent to all of the creditors. Therefore, the Movants believe that it is critical to provide information to the creditors at this time regarding administrative procedures and noticing of subsequent matters in this case. The cost of mailing notices to the 195,000 parties would be approximately $70,000 per mailing. The estate

cannot bear the cost of such notice.

9.    When the chapter 7 notice is provided by the court, the Movants request that a Notice of Case Management Procedure (the "Procedures Memorandum") be attached to the chapter 7 notice. Within the Procedures Memorandum, the Trustee requests that the creditors be instructed to file claims even though the Debtor's case was filed as a "no asset" case.  The Trustee believes that it is very likely that assets will be available for distribution to holders of allowed unsecured claims.    The Procedures Memorandum should specifically direct creditors not to file claims in the case of International Heritage, Incorporated at this time.    Based on information provided by the Debtor, the Trustee is informed and believes that International Heritage, Incorporated may not be an asset case.[1]

10.   Limiting Notice.  In the Procedures Memorandum, Movants request that creditors who want notice by e-mail during the chapter 7 case be instructed to provide a written request to the Trustee to be put on a "Notice List."  The Trustee requests that creditors' names, addresses, phone numbers, and e-mail addresses be provided to the Trustee by those creditors who want e-mail notice.    The "Notice List" will be collected and maintained by the Trustee, and a copy of the list will be given to the clerk's office, if it so desires.

---

[1]    Furthermore, the parties who are actually creditors of International Heritage Incorporated are likely few in number. The Debtor provided the 195,000 mailing list with the International Heritage Incorporated chapter 7 filing to provide broad notice to interested parties.

11. Electronic Notice by Publication. Movants represent that the Procedures Memorandum should also provide the address of the web site maintained by the United States Bankruptcy Court for the Eastern District of North Carolina and a 1-888 phone number to be established by the Trustee. Creditors will be instructed to view the web page and call the 1-888 number to obtain information regarding matters pending in the chapter 7 case, including motions filed by the Trustee. The Trustee will provide notice to creditors on the Notice List to inform them of motions/applications pending before the court and the deadline for objections.

12. Rule 2002(l) of the Federal Rules of Bankruptcy Procedure permits notice by publication when the court considers notice by mail impracticable. Movants believe that publication of motions/applications through the Internet is preferable to publication in news periodicals throughout the country because, as earlier indicated, the Debtor operated in forty-eight states and Canada. Furthermore, there are many European investors and creditors. Publication in news periodicals, to be effective, would be very expensive.

13. The Movants are concerned that a significant number of creditors may attend the first meeting of creditors. Therefore, they request that the Procedures Memorandum indicate that a transcript or summary of the meeting of creditors will be provided over the web site as soon as available.

14. The Trustee reserves his right to seek further modifications of the noticing procedure in this case if the

procedures requested herein prove to be unsatisfactory or too burdensome to the estate.

15. A copy of the proposed Procedures Memorandum is attached as Exhibit A.

16. The Bankruptcy Administrator has approved the procedures requested herein.

WHEREFORE, Movants request that the court enter an order allowing the sending of a Procedures Memorandum in substantially the same format as attached hereto and permitting notice to creditors of matters in this case as requested herein.

Respectfully submitted, this the 4th day of December, 1998.

Holmes P. Harden
Chapter 7 Trustee
NC State Bar No.
Post Office Box 19764
Raleigh, NC 27619-9764
Telephone: (919) 981-4000

Terri L. Gardner
Counsel for the Debtor
State Bar No.: 9809
Of SMITH DEBNAM NARRON & MYERS, LLP
Post Office Box 26268
Raleigh, NC 27611-6268
Telephone: (919) 250-2000

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN THE MATTER OF: | CASE NUMBER: |

INTERNATIONAL HERITAGE, INC.                    98-02675-5-ATS
INTERNATIONAL HERITAGE, INCORPORATED            98-02674-5-ATS
                    Debtors

## NOTICE OF CASE MANAGEMENT PROCEDURE

Due to the size, complexity and number of creditors in these cases, the court has established a case management procedure as follows:

1. **LIMITING NOTICE.** Bankruptcy Rule 2002(l) authorizes the court to order that notices be made by publication if notice by mail is impracticable. In this case there are over 190,000 creditors and notice to all creditors of future matters may be impracticable. In the future, **in lieu of notice by mail**, notice will be given in three ways: (1) - notices will be posted on a web site that may be accessed through the court's web page shown in paragraph 3 below; (2) - notices will be available by calling toll free 1-888-895-8385; (3) - a creditor may receive notices by E-mail if the creditor notifies the trustee by first-class mail in writing at the trustee's address in paragraph 2 below that the creditor wishes to receive notices by E-mail address and the notification by the creditor includes the creditor's name, mail address, telephone number and E-mail address.

2. **TRUSTEE.** The trustee appointed in this case is **HOLMES P. HARDEN, P. O. BOX 17169, RALEIGH, NC 27619, TELEPHONE NUMBER (919) 981-4033.** Case status updates may be obtained by calling toll free 1-888-895-8385.

3. **COURT'S WEB PAGE.** The trustee will provide updates on the progress of the case which will be posted on the court's web page at:    **www.nceb.uscourts.gov**

4. **MEETING OF CREDITORS.** The meeting of creditors called pursuant to 11 U.S.C. § 341(a) will be held at the location on the date and time specified in the attached notice. Since space is limited, an ancillary site in Room 208, second floor, in the courthouse will be used for closed-circuit viewing of the meeting. Questioning by creditors may be limited by time constraints. To facilitate the expeditious questioning of the debtor, creditors should submit written questions in advance to the trustee.

   A transcript or summary of the meeting of creditors may be available on the Court's web site within 30 days following the conclusion of the meeting.

5. **FILING OF PROOFS OF CLAIM.** Two cases have been filed, International Heritage, Inc., 98-02675-5-ATS and International Heritage, Incorporated, 98-02674-5-ATS. The only case that has been identified as having assets that may provide funds available for distribution in the future is INTERNATIONAL HERITAGE, INC., 98-02675-5-ATS. **This is the only case in which you are being requested to file a proof of claim.**

   **DO NOT file a proof of claim at this time in INTERNATIONAL HERITAGE, INCORPORATED, 98-02674-5-ATS.** Filing of unrequested proofs of claim complicates administration of the cases, takes time away from the trustee, his staff, and the court that could be more productively used to administer the assets of INTERNATIONAL HERITAGE, INC., 98-02675-5-ATS. In the future, if assets are discovered in International Heritage, Incorporated, which would be available for distribution, you will be notified to file a proof of claim in that case and a form will be provided at that time.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that (s)he is over eighteen (18) years of age, and the

### EX PARTE MOTION FOR ESTABLISHMENT OF ADMINISTRATIVE PROCEDURES AND NOTICE REQUIREMENTS

was this day served upon the below named persons, parties and/or counsel by mailing, postage prepaid, first class mail; a copy of such instruments to such persons, parties and/or counsel at the address shown below:

> Marjorie K. Lynch
> Bankruptcy Administrator
> Room 412, Century Station
> 300 Fayetteville Street Mall
> Raleigh, North Carolina 27602

This the 4th day of December, 1998.

Terri L. Gardner
NC State Bar No. 9809
SMITH DEBNAM NARRON & MYERS, L.L.P.
4700 New Bern Avenue
P.O. Box 26268
Raleigh, NC 27611-2628
(919) 250-2109