FILED

DEC 4 1998

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

INTERNATIONAL HERITAGE, INC.,

    DEBTOR

CASE NO.

98-02675-5-ATS

### ORDER ALLOWING NOTICING LIMITATIONS

The matter before the court is the joint ex parte motion filed by the chapter 7 debtor, International Heritage, Inc., and by the debtor's chapter 7 trustee, Holmes P. Harden, to establish administrative procedures and to limit notice by mail.

Rule 2002(l) of the Federal Rules of Bankruptcy Procedure provides that the court may authorize notice by publication if notice by mail is impracticable. There are more than 190,000 creditors in this case, and notice by mail to all creditors would cost approximately $70,000 per mailing. Based on that cost, the court finds that giving notice by mail is impracticable.

In this case all creditors shall receive notice by mail of the meeting of creditors. Along with the notice of the meeting of creditors, all creditors shall be notified that in the future, unsecured creditors will not receive notice by mail. In lieu of receiving notice by mail, unsecured creditors shall receive notice by the following three methods: (1) publication of notice on a web site that may be accessed through the court's web page www.nceb.uscourts.gov, (2) telephonic publication of notice through a toll free telephone number, and (3) E-mail notice to a creditor if the creditor requests E-mail notice in writing by first-class

mail to the trustee and provides to the trustee the creditor's name, mail address, telephone number and E-mail address.

Mail notice shall be given to all secured creditors, the largest 100 unsecured creditors that request mail notice, the Securities and Exchange Commission, the Internal Revenue Service, the North Carolina Department of Revenue, counsel for the debtor, the Bankruptcy Administrator, other parties as the trustee may deem appropriate, and other parties as directed by the court.

The debtor and the trustee also requested that the court approve the Notice of Case Management Procedure to be sent to creditors in connection with the notice of the first meeting of creditors. The court reviewed the Notice of Case Management Procedures, made a few minor revisions that were communicated to the bankruptcy clerk, and asked the clerk to see that the Notice of Case Management Procedure, as modified, be sent to all creditors along with the notice of the first meeting of creditors.

**SO ORDERED.**

DATED:   DEC - 4 1998

*C. Thomas Small* (signature)

A. Thomas Small
Bankruptcy Judge