FILED

DEC 18 1998

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                )
INTERNATIONAL HERITAGE, INC.          )     CHAPTER 7
                                      )     CASE NO. 98-02675-5-ATS
        Debtor.                       )
                                      )
_____)

**MOTION TO REJECT LEASE**

Now comes Holmes Harden, trustee in the above-captioned case ("Trustee"), and moves the Court as follows:

1. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on November 25, 1998.

2. On or about September 16, 1994, a written lease (the "Lease") was executed by and between Aetna Life Insurance Company, predecessor-in-interest to SPP Real Estate (Carolina Place), Inc. ("Landlord"), as landlord, and Norrell Services, Inc. ("Norrell"), as tenant, concerning approximately 3,160 rentable square feet of premises, Suite 520, in the office building known as Carolina Place, located at 2626 Glenwood Avenue, Raleigh, North Carolina (the "Premises"), which Lease was subsequently assigned by Norrell to Debtor and as to which the leasehold obligations were assumed by Debtor, pursuant to that certain Assignment of Lease and Assumption of Leasehold Obligations dated March 7, 1997, to which Landlord gave its written consent.

SHMM:167149

3.  The Lease term expires September 1, 1999.

4.  Debtor vacated the Premises in November, 1998, in violation of the Lease, and failed to pay rent and operating expenses in the amount of $4,884.83 due for November 1998.

5.  The Trustee understands from Landlord that a new tenant is prepared to enter into a lease for the Premises effective as of January 1, 1999.

6.  The Trustee has reviewed the Lease and believes that it is not in the best interest of the estate to assume the Lease.

7.  Because a new tenant is prepared to enter into a lease for the Premises effective January 1, 1999, the Trustee respectfully moves the Court to expedite this Motion and shorten the notice period to reply to this Motion.

8.  In consideration for the Trustee moving to reject the Lease and to shorten the notice period to reply to this Motion, Landlord has agreed to waive any claims against the estate arising under this Lease, and will not file a proof of claim for the amounts outstanding under the Lease.

9.  Pursuant to Bankruptcy Code Section 365(b), the Trustee may not assume the Lease unless the Trustee cures the default under the Lease. Accordingly, the Trustee would be required to pay $4,844.83 to cure the default for November rent and operating

expenses under the Lease. In addition, Code Section 365(d)(3) requires the Trustee to timely perform all obligations under the Lease arising from and after the order for relief, including December rent and operating expenses of $4,844.83.

10. Under the Lease, rent and operating expenses total $4,884.83 per month. Based on the terms of the proposed new lease as disclosed by the Landlord, the market rate for rent and operating expenses for the Premises is $4,937.50 per month. The difference between rent and operating expenses under the Lease and the market rate for the Premises is $52.67 per month. As the Lease term expires in less than ten months, the total value to the estate of assuming the Lease would be less than $526.70.

11. If the Lease were to be assumed, the Trustee would pay $9,769.66 to cure the pre-petition defaults under the Lease and the December rent and operating expenses. Thus it is to the benefit of the estate to reject the Lease.

12. The Trustee and the Landlord's counsel have discussed and agree to the rejection of the Lease, the shortening of the notice period, and the Landlord's waiver of claims against the Debtor as requested in this Motion and respectfully request the Court to shorten the notice period to three (3) days and to approve the Trustee's rejection of the Lease pursuant to Code Section 365(a).

WHEREFORE, the Trustee moves the Court:

1. To expedite the Motion and shorten the notice period to three (3) days; and

2. To approve the Trustee's rejection of the Lease pursuant to Bankruptcy Code Section 365(a), and permit the Trustee to reject the Lease.

This the 18th day of December, 1998.

*/s/ Holmes Harden*
Holmes Harden
Trustee
State Bar No. 9835
Maupin Taylor & Ellis
3200 Beechleaf Court
P.O. Draw 19764
Raleigh, North Carolina 27619-9764
Telephone 981-4000

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, Chapter 7 Trustee, do hereby certify that the foregoing **Motion to Reject Lease** was served upon all parties of record by transmitting a copy via facsimile transmission and by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina, on the ____ day of December, 1998.

> MAUPIN TAYLOR & ELLIS, P.A.
>
> BY: _____
> Holmes P. Harden
> N.C. State Bar No. 9835
> 3200 Beechleaf Court, Suite 500
> Post Office Drawer 19764
> Raleigh, North Carolina 27619-9764
> Telephone: 919/981-4000
> Facsimile: 919/981-4300

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039
Fax: 919-856-4692


Managing Agent                    (VIA MAIL ONLY)
International Heritage, Inc.
2626 Glenwood Avenue
Raleigh, NC 27608


Terri Gardner
Smith Debnam Hibbert & Pahl
P. O. Drawer 26268
Raleigh, North Carolina 27611
Fax: 919-250-2100


RAL/177762/1

Chuck Anderson
Smith Helms Mulliss & Moore
P. O. Box 27525
Raleigh, NC 27611
Fax: 919-755-8800

Norrell Services, Inc.
700 Blue Ridge Road
Raleigh, NC 27606
Fax: 919-829-5740

RAL/177762/1