

FILED

JAN 4 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br>INTERNATIONAL HERITAGE, INC.<br><br>Address:<br>2626 Glenwood Avenue, #200<br>Raleigh, NC 27608<br><br>TAX ID# 56-1921093<br><br>Debtor. | CASE NO.: 98-02675-5<br><br>CHAPTER 7 |

## APPLICATION BY TRUSTEE FOR AUTHORITY TO EMPLOY AND APPOINT ATTORNEY

The undersigned trustee, pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rule 2014, applies to the court for authority to employ an attorney and for authority to act as attorney for the bankruptcy estate in his own behalf, and respectfully shows in support thereof:

1. The undersigned is the trustee in the above bankruptcy case.

2. It is necessary for the trustee to employ an attorney for the following general reasons:

To assist in identifying the legal problems which may arise in the administration of the estate, to examine security agreements, deeds of trust and other instruments which may constitute liens upon the property of the estate, to identify and examine liens, to determine the validity and priority of all security agreements, liens and encumbrances, to investigate any additional assets and any rights which the trustee may have to property of the estate, to examine and research all legal problems which may arise in the administration of the estate,

RAL/178520/1

to negotiate settlements of legal disputes and to generally advise the trustee upon any legal matters which may arise in the course of the administration of the bankruptcy estate.

3. It is also necessary for the trustee to employ an attorney for the following specific reasons:

    a. To negotiate with the Securities and Exchange Commission for a settlement of pending litigation against the debtor in the United States District Court for the Northern District of Georgia.

    b. To carefully examine tax and other records to determine what property constitutes part of the bankruptcy estate.

    c. To investigate any recent payments and transfers of property made by the debtor.

    d. To investigate the merits of existing litigation involving the debtors and the advisability of initiating litigation to bring assets into the estate.

4. The trustee proposes to employ Holmes P. Harden, to act as attorney in his own behalf so far as the same may be practical and beneficial to the estate. Holmes P. Harden will perform those tasks enumerated in the paragraphs 2 and 3 above.

5. The proposed attorney has had wide legal experience in bankruptcy matters and will be able to adequately handle all legal matters involving the bankruptcy estate. It will be in the best interest of the estate for the trustee to serve as attorney in his own behalf.

6. That compensation for legal services as attorney for the estate be allowed on a reasonable basis, in such amount as determined by the court, after or during the performance of such services, on an interim or final basis and after application for such compensation.

7.  The proposed attorney has no connection with the debtor, the creditors, or any other party in interest, their respective attorneys or accountants, in connection with this bankrupt estate, except that he served as Trustee for Stanley and Kerry Lynn Van Etten when they filed an individual no asset Chapter 7 on March 28, 1991, Case No. 91-01444-ATS. The proposed attorney does not hold or represent any interest adverse to the estate, is a disinterested person as set forth in Section 327 of the Bankruptcy Code to be employed as attorney for the estate.

8.  The trustee has reviewed the schedules filed in this case and based upon the information contained in the schedules, represents the following:

   a.  the value of the debtor's assets is $ 5,431,040.39

   b.  the amount of the debtor's liabilities is $12,907,614.65

   c.  Total secured claims are $5,827,000.00. Whether there are unencumbered assets will depend upon the court's interpretation of what is property of the estate and what property of the estate is encumbered, the actual value of scheduled property, and the Trustee's ability to liquidate contingent causes of action.

WHEREFORE, your applicant prays that he be authorized to employ and retain Holmes P. Harden as attorney for the estate and for such compensation as may be approved by the court.

This the 29th day of December, 1998.

MAUPIN TAYLOR & ELLIS, P.A.

BY: /s/ Holmes P. Harden
Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

RAL/178520/1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO.: 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC. | ) |
| | ) |
| | ) |
| Address: | ) CHAPTER 7 |
| 2626 Glenwood Avenue, #200 | ) |
| Raleigh, NC 27608 | ) |
| | ) |
| TAX ID# 56-1921093 | ) |
| | ) |
| Debtor. | ) |

## AFFIDAVIT

Holmes P. Harden, being duly sworn, deposes and says in connection with the attached trustee's application for authority to employ attorney:

1.   I am an attorney licensed to practice law in the United States Bankruptcy Court for the Eastern District of North Carolina and presently serve as trustee in the above bankruptcy estate. I served as Chapter 7 Trustee for Stanley and Kerry Lynn VanEtten in 1991.

2.   I do not hold or represent any interest adverse to the bankruptcy estate, I am a disinterested person as contemplated under Section 327(a) of the Bankruptcy Code, and it will be in the best interest of the estate that I serve as attorney for the estate.

3.   I have no business, professional or other, connection with the debtor, creditors, or any other party in interest, their respective attorneys or accountants.

4.   I am experienced in the matters upon which I am to be employed.

Dated: 12/29/98

Holmes P. Harden, Attorney

STATE OF NORTH CAROLINA
COUNTY OF WAKE

RAL/178520/1

Holmes P. Harden, being first duly sworn, deposes and says that he is the above named affiant; that he has read the foregoing affidavit and knows the contents thereof; that the same is true of his own knowledge except as to those matters stated on information and belief and as to the matters he believes it to be true.

*Holmes P. Harden*
Holmes P. Harden, Attorney

Sworn to and subscribed before me this 29th day of December, 1998.

*Jennifer D. Johnson*
Notary Public
My Commission Expires:

1-18-2000

JENNIFER D. JOHNSON
NOTARY PUBLIC
JOHNSTON COUNTY, N.C.
My Commission Expires 1-18-2000

RAL/178520/1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty and perjury that (s) he is over eighteen (18) years of age and that the foregoing

### TRUSTEE'S APPLICATION TO EMPLOY ATTORNEY AND AFFIDAVIT

was this day served upon the below named persons, parties and/or counsel by [x] mailing, postage prepaid, first class mail; [ ] personal delivery, of a copy of such instruments to such persons, parties and/or counsel at the address shown below:

Ms. Marjorie K. Lynch
Bankruptcy Administrator
United States Bankruptcy Court
Eastern District of North Carolina
Post Office Box 3039-Century Station
Raleigh, North Carolina 27602-3039

DATE: 12/29/98

        MAUPIN TAYLOR & ELLIS, P.A.

        BY: _Holmes P. Harden_
        Holmes P. Harden
        N. C. State Bar No. 9835
        Post Office Drawer 19764
        Raleigh, NC 27619
        Telephone: (919) 981-4000

RAL/178520/1