UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

INTERNATIONAL HERITAGE, INC.

DEBTOR

CASE NO. 98-02675-5-ATS

TAX I.D. NO. 56-1921093

CHAPTER 7

## OBJECTION TO MOTION FOR AUTHORITY TO CANCEL INSURANCE

NOW COMES Chittenden Bank ("Chittenden"), by and through counsel, and objects to the Motion for Authority to Cancel Insurance filed by Holmes P. Harden ("Trustee"), trustee in bankruptcy for the above-referenced Debtor, to show unto the Court the following:

1. Prior to the Debtor's Chapter 7 petition, Chittenden was a credit card processor for the Debtor.

2. The Securities and Exchange Commission filed a lawsuit against the Debtor and others (the "Civil Action"), seeking, among other things, to enjoin the Debtor from alleged violations of the securities laws and to require the Debtor to disgorge funds paid to it by "independent retail sales representatives" ("IRSR's") and by purchasers of convertible notes from the Debtor.

3. Some of the IRSR's paid the Debtor by use of credit cards, and many of them are now making claims for refunds or reimbursements from the issuers of the credit cards, more commonly referred to as "chargebacks." Chittenden Bank, under certain circumstances, is obligated to reimburse the card issuers for these chargebacks.

RALEIGH/017980-002/174389v.01

4. Long before the filing of the Debtor's bankruptcy petition, Chittenden established a reserve account to serve as reimbursement for amounts which Chittenden might be required to pay as chargebacks. As of the date of the filing of the petition, there was approximately $93,000 in the reserve account. The Trustee has demanded that Chittenden turn over the reserve account, and Chittenden has declined to do so on the basis that it has a security interests in the account, it has rights of recoupment and offset against the account, and other reasons.

5. The amount of Chittenden's claim against the Debtors for reimbursement is unknown at this time but may well exceed the amount of the reserve account.

6. If the Trustee is successful in his claims against Chittenden, any claims of Chittenden against the Debtor will be unsecured claims.

7. The Attorney General for the State of North Carolina advised consumers with outstanding complaints against the Debtor that the "retail business agreement" used by the Debtor was in violation of the North Carolina law prohibiting pyramid schemes. The Debtor also entered into a consent agreement with the State of Montana in which it agreed to modify the retail business agreement used in Montana.

8. In light of this and other publicity, it is possible that Chittenden may have a claim against the directors and/or officers of the Debtor in the event it is determined their wrongdoing resulted in claims against the Debtor which in turn resulted in claims against Chittenden.

9. The Trustee's Motion does not state whether the insurance policy which the Trustee seeks to cancel is a claims made policy or an occurrence policy. If it is a claims made policy, then the cancellation may leave Chittenden, and others similarly situated, without a remedy against the insurer.

10. The Trustee should not be permitted to cancel the policy until Chittenden has had an opportunity to complete its examination and to advise the insurance company of any claims which it may have.

WHEREFORE, Chittenden respectfully prays the Court to deny the Trustee's Motion for Authority to Cancel Insurance and to grant such other and further relief as the Court deems just and appropriate.

This the 25th day of January, 1999.

JAFFE, RAITT, HEUER & WEISS,
A Professional Corporation

By: *Louis P. Rochkind by KNK*
Louis P. Rochkind
MI State Bar Number P24121
Counsel to Chittenden Bank
One Woodward Avenue,, Suite 2400
Detroit, Michigan 48226
Telephone: (313) 961-8380
Facsimile: (313) 961-8358

POYNER & SPRUILL, L.L.P.

By: *Kathryn N. Koonce*
Kathryn N. Koonce
NC State Bar Number 19193
Local Counsel to Chittenden Bank
Post Office Box 10096
Raleigh, North Carolina 27605-0096
Telephone: (919) 783-6400
Facsimile: (919) 783-1075

## CERTIFICATE OF SERVICE

I, Kathryn N. Koonce of Poyner & Spruill, L.L.P., hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 25th day of January, 1999, I served a copy of the foregoing Objection to Motion for Authority to Cancel Insurance on:

>Holmes P. Harden, Esq.
>Chapter 7 Trustee
>Post Office Drawer 19764
>Raleigh, North Carolina  27619
>
>Marjorie K. Lynch, Esq.
>Bankruptcy Administrator
>Post Office Box 3758
>Wilson, North Carolina  27895-3758

by depositing the same in the United States mail, first class, postage prepaid.

I certify under penalty of perjury that the foregoing is true and correct.

This the 25th day of January, 1999.

POYNER & SPRUILL, L.L.P.

By: _____
Kathryn N. Koonce
NC State Bar Number 19193
Local Counsel to Chittenden Bank
Post Office Box 10096
Raleigh, North Carolina  27605-0096
Telephone:  (919) 783-6400

RALEIGH/17980-002/174839v.01