**FILED**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

FEB 02 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:

| | | |
|---|---|---|
| INTERNATIONAL HERITAGE, INC., | ) | |
| | ) | |
| Tax ID 56-1921093 | ) | Case No.: 98-02675-5-ATS |
| | ) | (Chapter 7) |
| INTERNATIONAL HERATIGE | ) | Case No.: 98-02674-5-ATS |
| INCORPORATED, | ) | (Chapter 7) |
| Debtors | ) | |

**OPPOSITION OF STANLEY H. VAN ETTEN TO TRUSTEE'S
APPLICATION TO ENTER INTO STIPULATION AND
CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION**

NOW COMES STANLEY H. VAN ETTEN ("Van Etten" or "Lienholder") by Brent Wood of Wood & Francis, LLP and N. Hunter Wyche, Jr. of Wyche & Story, RLLP, his attorneys, hereby opposes the Trustee's Application to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction (the "Application") filed by Holmes P. Harden, Trustee (the "Trustee") for International Heritage Incorporated and International Heritage, Inc. (collectively, the "Debtors"), and requests a hearing thereon, and in support thereof states as follows:

1. Reducing the Application to simplest terms, the Trustee seeks authority to concede the debtors' interests in the Civil Action (as that term is defined in the Application) and to distribute the proceeds of the Bond, not according to the priorities of the Bankruptcy Code, but as directed by the Securities and Exchange Commission ("SEC").

2. The Application should be denied, for at least two reasons: (i) the Trustee has failed to offer in any detail the justification, if any, for altering the priorities of the Bankruptcy Code to agree to pay certain creditors, and not others; and (ii) the Trustee's Application is devoid



of any disclosure or acknowledgement of the lien of Lienholder which is broad enough to extent to the reversionary interest in the Bond.

3. First, the Application should be denied until the Trustee provides detailed information and evidence supporting the bald conclusion in paragraph 3 of the Application that the "Commission has demonstrated that it is prepared to prove up its claims in the bankruptcies". Demonstrated to whom? Certainly not to this Court or to the Northern District of Georgia Court in the Civil Action. The Application is unclear as to what if anything the Trustee has done to draw such a conclusion at this early stage of his tenure as Trustee. In addition, the Application sets out that the SEC claims are "contingent" without discussion of the nature, extent, or contingency that would trigger the claim. Before the Court accepts the bald conclusion of the Trustee as to the ability of the SEC to "prove up its claims", the proof of such ability should be offered to the Court with an opportunity for codebtors, lienholders, or other parties with interest to respond.

4. Second, the Trustee must be required to make an evidentiary showing to demonstrate summary fashion. So far, the Application even fails to disclose the existence of the lien on the reversionary interest. By its own terms the bond states that if the SEC "shall fail to obtain a judgment for damages or an order granting disgorgement or other monetary relief against the Principal (debtors), then this obligation shall be null and void and this bond shall be returned to the Surety". Should the SEC fail to obtain such an order or judgment, the $3.5 million loaned by Van Etten would be returned to the debtors subject to Van Etten's lien claim.

5. Thirdly, the Trustee has failed to offer an evaluation of the impact the proposed Consent Judgment will have upon other litigation ant the debtors' interest in insurance proceeds from Directors and Officers insurance purchased by the debtors in 1997 and 1998. Upon information and belief, the debtors may be entitled to reimbursement in the approximate amount

of One Million Dollars from defense costs incurred in litigation prior to these bankruptcy proceedings. The Trustee has failed to evaluate the potential impact of the proposed Consent Judgment may have on this claim as well as claims of debtors and codebtors who are entitled to indemnification. In summary, the Trustee should be required to provide this detailed evaluation before the Court rules on his application.

6. For these reasons, the Application as stated should be denied without prejudice to being resubmitted in the appropriate detail and format.

WHEREFORE, Van Etten respectfully requests that this Court, after hearing, enter an Order denying the Trustee's Application, and prays for such other and further relief as the nature of this case may require.

N. HUNTER WYCHE, JR.
State Bar No.: 9533
Wyche & Story, RLLP
PO Drawer 1389
Raleigh, North Carolina 27602
(919) 821-7700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __2__ day of February, 1999, a copy of the foregoing Objection was mailed, via first-class mail, postage-prepaid, to Holmes P. Hardin, Esquire, PO Box 19764, Raleigh, North Carolina 27619,; and to Marjorie K. Lynch, Bankruptcy Administrator, P.O. Box 3758, Wilson, North Carolina, 27895.

_____
N. HUNTER WYCHE, JR.