FILED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

FEB 9 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:

INTERNATIONAL HERITAGE, INCORPORATED            CASE NO. 98-02674-5-ATS
                                                TAX I.D. NO. 87-0421191

INTERNATIONAL HERITAGE, INC.                    CASE NO. 98-02675-5-ATS
                                                TAX I.D. NO. 56-1921093

DEBTORS                                         CHAPTER 7

### CHITTENDEN BANK'S FIRST SET OF INTERROGATORIES TO TRUSTEE

TO:  Holmes P. Harden
     Maupin Taylor & Ellis, P.A.
     Post Office Drawer 19764
     Highwoods Tower One, Suite 500
     3200 Beechleaf Court
     Raleigh, North Carolina 27619-9764

NOW COMES Chittenden Bank ("Chittenden"), by and through counsel, pursuant to Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure and gives the following notice to Holmes P. Harden ("Trustee"), trustee in bankruptcy for the above-referenced Debtors:

1. Answer under oath the Interrogatories herein within thirty (30) days after service hereof in accordance with Rule 33 of the Federal Rules of Civil Procedure, incorporated by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure.

2. The following definitions shall apply to the interrogatories contained herein:

   a. "Application" shall mean the Application of Trustee to Enter Into Stipulation and Consent to Final Judgment of Permanent Injunction filed by the Trustee on or about January 13, 1999.

RALEIGH/017980-002/176014v.01

  b. "Debtors" shall refer to International Heritage, Inc. and/or International Heritage, Incorporated.

  c. You" or "your" shall mean Holmes P. Harden in his official capacity as Chapter 7 trustee in bankruptcy for International Heritage, Inc. and International Heritage, Incorporated.

3. You are under a duty to seasonably supplement, update, and amend your responses and answers to the following discovery in connection with any response, answer, question, or request, if you obtain information upon the basis of which:

  a. you know that the prior response was incomplete or incorrect when made; or

  b. you know that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## **INTERROGATORIES**

1. With respect to the proofs of claim filed by the Securities and Exchange Commission of the Application, state whether you have formed a conclusion as to whether those proofs of claim are allowable, and if so, the details of such conclusion, such as the amount allowable, the reasons for allowance, etc.

**RESPONSE:**

2. Describe each document which you have reviewed, or which you have in your possession, relating to the allowability of the SEC's proofs of claim.

**RESPONSE:**

3.    With respect to "all administrative claims" referenced in Paragraph 4 of the Application, state:

    a.    the amount of administrative claims to date, identifying each type of administrative claim; and

    b.    the estimated administrative claims through the closing of this bankruptcy case.

**RESPONSE:**

4.  State the amount or estimated amount of "allowed claims of independent retail sales representatives who made payment to either of the Debtors and did not receive a product or commission" as stated in Paragraph 4 of the Application.

**RESPONSE:**

5.   State the amount or estimated amount of the "allowed claims of purchasers of convertible notes" from each of the Debtors as referenced in Paragraph 4 of the Application.

**RESPONSE:**

6.  State the amount of the "allowed claim of Lloyd Whitaker, the monitor approved by the Federal District Court for the Northern District of Georgia," as referenced in Paragraph 4 of the Application.

**RESPONSE:**

7. Describe any investigation which you have made of the claim of Stanely Van Etten that he has an interest, as a secured creditor or otherwise, in the proceeds of the Bond (as defined in the Application), and the results of any such investigation.

**RESPONSE:**

8. State whether you have formed a conclusion as to the likelihood that either of the Debtors would prevail in the Civil Action as defined in the Application, and if so, the basis for any such conclusion, including any and all documents reviewed in connection therewith.

**RESPONSE**

9. State whether the final approval of the United States Security and Exchange Commission has been granted.

**RESPONSE:**

10. State the amount, or estimated amount, of the "allowed claims of other IRSR's" as referenced in Part IV of the Final Judgment and Permanent Injunction attached to the Application.

**RESPONSE:**

11. State whether you have made any determination whether any of the bankruptcy schedules concerning assets, income, liabilities, or net worth, were fraudulent, misleading, inaccurate, or incomplete in any material respect, as referenced in Paragraph 5 of the above-referenced Final Judgment and Permanent Injunction, and if so, the basis for any such conclusion, including any and all documents reviewed.

**RESPONSE:**

This the 5th day of February, 1999.

                JAFFE, RAITT, HEUER & WEISS,
                A Professional Corporation

By: *Louis P. Rochkind by KNK*
      Louis P. Rochkind
      MI State Bar Number P24121
      Counsel to Chittenden Bank
      One Woodward Avenue,, Suite 2400
      Detroit, Michigan 48226
      Telephone: (313) 961-8380
      Facsimile: (313) 961-8358

                POYNER & SPRUILL, L.L.P.

By: *Kathryn N. Koonce*
      Kathryn N. Koonce
      NC State Bar Number 19193
      Local Counsel to Chittenden Bank
      Post Office Box 10096
      Raleigh, North Carolina 27605-0096
      Telephone: (919) 783-6400
      Facsimile: (919) 783-1075

## CERTIFICATE OF SERVICE

I, Kathryn N. Koonce of Poyner & Spruill, L.L.P., hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 5th day of February, 1999, I served a copy of the foregoing Chittenden Bank's First Set of Interrogatories to Trustee on:

> Holmes P. Harden, Esq.
> Chapter 7 Trustee
> Post Office Drawer 19764
> Raleigh, North Carolina 27619

by depositing the same in the United States mail, first class, postage prepaid.

I certify under penalty of perjury that the foregoing is true and correct.

This the 5th day of February, 1999.

> POYNER & SPRUILL, L.L.P.
>
> By: *Kathryn N. Koonce* (signature)
> Kathryn N. Koonce
> NC State Bar Number 19193
> Local Counsel to Chittenden Bank
> Post Office Box 10096
> Raleigh, North Carolina 27605-0096
> Telephone: (919) 783-6400

RALEIGH/017980-002/176014v.01