FILED

FEB 10 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| INTERNATIONAL HERITAGE, INC., | ) ) ) | CASE NO. 98-02675-5-ATS<br>CHAPTER 7 |
| INTERNATIONAL HERITAGE, INCORPORATED,<br>    Debtors | ) ) ) ) | CASE NO. 98-02674-5-ATS<br>CHAPTER 7 |

### AMENDED OBJECTION TO APPLICATION OF TRUSTEE TO ENTER INTO STIPULATION AND CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION AND REQUEST FOR HEARING BY ACSTAR INSURANCE COMPANY

Acstar Insurance Company, hereby amends its Objection filed herein on February 1, 1999 and supplements said Objection as follows:

1.  The allegations contained in Paragraph 1 of the Application are admitted.

2.  In response to the allegations contained Paragraph 2 of the Application the first sentence is admitted. Further, the third sentence is admitted. In response to the second sentence the terms and conditions of the Bond speak for themselves and except as expressly admitted, the allegations in said sentence are denied.

3.  This Respondent does not have sufficient information to form a belief as to the truthfulness of the allegations contained in Paragraphs 3, 4, 5, 6, 7, 8, 9 and 10 and therefore denies the same.

### FIRST ADDITIONAL RESPONSE

1.  As a condition precedent to the issuance of the Bond Acstar Insurance Company required an Indemnity Agreement from the Debtors herein. This Indemnity Agreement is marked as "Attachment A" and is attached hereto and incorporated herein by reference as if completely set forth.

2. This Respondent, as surety, was granted certain rights under the agreement between it and the Debtors herein among which is the following language contained in Paragraph 7:

> "The Surety shall have the exclusive right to determine for itself and the Indemnitors (the Debtors herein) whether any claim or suit brought against the Surety or the principal (the Debtors herein) upon any such bond shall be settled or defended and the Surety's decision shall be final and binding upon the Indemnitors."

3. This Respondent, as surety, has not given its permission to the Debtors herein, as represented by the Estate, to settle and compromise any claims of the Securities and Exchange Commission.

4. That the entry of a Consent Judgment, without the express permission of the surety, by the principal is a material default of the terms and conditions of the Bond and principles of suretyship. The entry of a Consent Judgment, without the permission of the surety, would materially alter the risk agreed to by the surety and will void the Bond.

5. Established surety principles dictate that the surety has the right to stand in the place of the principal in any pending litigation in which the Bond is at issue. The Debtors herein, and the Trustee, have not requested that the surety defend the matters in controversy, if there any, between the Securities and Exchange Commission and the named Debtors. However, this surety stands willing to undertake this obligation and defend the matter in the pending District Court case.

6. If the Trustee is willing to compromise the proof of claim filed on behalf of the Securities and Exchange Commission that proof of claim should not have the effect of a Judgment for damages or an order granting disgorgement or other monetary relief but simply should be an unsecured claim.

2

This acknowledgment and acceptance of an unsecured claim would not be a Judgment for damages and the Bond would be null and void by its own terms. Furthermore, if the Trustee attempts to agree to the concept of disgorgement then said agreement is beyond the scope of claims determination pursuant to 11 U.S.C. 502.

7. When the Debtors requested issuance of this Bond they asserted to this Respondent that good and valid defenses existed to the claims of the Security and Exchange Commission. Without these assurances the Bond would not have been issued as the collateral accepted for the Bond is less than the face amount of the Bond. This waiver by the Debtors of the good and valid defenses is indicative of either fraud in obtaining the Bond originally or now a waiver of good and valid defenses by the Trustee for the sole purpose of obtaining funds to pay his own fees, all to the detriment of this Respondent. The actions by the Trustee, if allowed, are in direct violation of 11 U.S.C. 509(b)(2) as the practical effect would be to allow the Debtor, who is ultimately liable on the debt, to recover from a surety. The Debtor's Estate is ultimately liable to the Securities and Exchange Commission and by allowing this transaction the funds from the surety will flow directly to the wrongdoer itself which is not only inequitable, it is unconscionable and in direct violation of the spirit and intent of the Bankruptcy Code.

8. If the transaction is approved then the Bond will be null and void and no funds will be received by this Court. Pursuant to the terms of the Bond and District Court's Orders if the Bond becomes null and void then the cash deposit of Three Million Five Hundred Thousand and No/100 Dollars ($3,500,000.00) less expenses of the bonding company, will be returned to Stanley H. Van Etten as he placed the cash bond.

3

FURTHER ADDITIONAL RESPONSE

1. The admitted allegations of the Application and the allegations set forth in the above Response are hereby incorporated by reference as if completely set forth.

2. Upon information and belief the Securities and Exchange Commission has not sought relief from the Automatic Stay. The actions contemplated by the Trustee and the Securities and Exchange Commission are a sham and an effort to circumvent the Automatic Stay.

3. The relief being sought herein by the Trustee should be a Adversary Proceeding because the practical effect is to do one (1) or more of the following:

    i. Recover money or property,

    ii. Seeking an Injunction or other equitable relief,

    iii. To obtain a Declaratory Judgment regarding the above. Further, the relief being sought goes far beyond a recoverable claim for monetary damages and should not be relief sought or granted in a Chapter 7 proceeding.

4. The Trustee is not acting pursuant to Bankruptcy Rule 6009 as he has not entered an appearance or defended any pending action brought against the Debtor by the Securities and Exchange Commission. The Trustee is not a real party in interest at this time to the Georgia District Court suit. As the Bond money is not property of the Estate, according to the Trustee's Application, this Court should not allow or condone this scheme by the Trustee to obtain funds to which he would not otherwise be entitled.

WHEREFORE, this Respondent prays the Court:

1. That the Trustee's request be denied.

2. That the Trustee's Application be dismissed as this should be a Adversary Proceeding because of the relief being sought.

3. For a Hearing on the merits if this matter is not dismissed on procedural grounds.

4. For such other and further relief as to the Court may seem just and proper.

This the 8th day of Feb, 1999.

Michael P. Flanagan
N.C. State Bar I.D. No.: 001461
For the firm of
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, North Carolina 27835-8088
Telephone: (252) 355-3030
Facsimile: (252) 756-3689
Attorneys for Acstar Insurance Company

990138-0001-001
GVLMAIN\197108.1

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO: 98-02675-5-ATS |
| | ) | |
| Debtor | ) | CHAPTER 7 |

CERTIFICATE OF SERVICE

The undersigned, of 120 West Fire Tower Road, Post Office Box 8088, Greenville, North Carolina 27835-8088, certifies:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the date set forth below I served copies of the foregoing AMENDED RESPONSE on the following on the attached mailing matrix by first class mail at their last known addresses.

I certify under penalty of perjury that the following is true and correct.

This the 8th day of February, 1999.

_____
Michael P. Flanagan

9901038/0001
GVLMAIN\197164.1

Terri I. Gardner
Smith Debnam Narron & Myers, L.L.P.
P.O. Box 26268
Raleigh, NC 27611-6268

Stephanie P. Wyatt
Coyle, Bascom & Bergman, P.C.
1000 Cambridge Square, Suite C
Alpharetta, GA 30004

Richard Ieyoub, Attorney General
State of Louisiana
301 Main Street, Suite 1250
Baton Rouge, LA 70801

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226

Karl A. King
465 Sudden Valley
Bellingham, WA 98226

Managing Agent
North Carolina Dept. of Revenue
P. O. Box 1168
Raleigh, NC 27602

Carolyn E. John
485 Broad River Blvd.
Beaufort, SC 29906

Gary D. McDowell
1138 Ascott Valley Dr.
Duluth, GA 30097

Managing Agent
Jewels by Evonne
1879 Buford Hwy, Suite 7
Buford, GA 3518

Pamela Johnson
18448 Best Road
Mount Vernon, WA 98273

Managing Agent
International Heritage, Inc.
2626 Glenwood Avenue
Raleigh, NC 27608

James Russell Tucker
Bush, Hauder & Adkerson, P.C.
500 N. Akard Street, Suite 2100
Dallas, TX 75201

Susan Coon Bailey
5233 Floynell Drive
Baton Rouge, LA 70809

Stacey Ostrom
3010 E. Nasa Road 1 #1302
Seabrook, TX 77586

Securities and Exchange Commission
Attn: William P. Hicks
3475 Lenox Road, NE
Atlanta, GA 30326

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Managing Agent
Advanced Equities
P. O. Box 1042
Winnfield, LA 71483

J. C. Faulhaber
923 South 4th
LaConner, WA 98257

Lois Coone
P. O. Box 699
LaConner, WA 98257

Managing Agent
Schweizer Verband
der Raiffeisen-banken
St. Gallen
Vadianstrasse 17
CH-9000 St. Gallen

Brent E. Wood
Wood & Francis, PLLC
P. O. Box 164
Raleigh, NC 27602

Jack T. Clary
214 St. Matthews Lane
Spartanburg, SC 29301

Dorothy H. Miller
102 Triangle Circle
Lafayette, LA 70508

Eugene W. Ellison
185 Biltmore Avenue
Asheville, NC 28801

Managing Agent
Internal Revenue Service
320 Federal Place
Greensboro, NC 27401

Jane E. Chassey
1514 Azalea Drive
Saint Louis, Missouri 63119

Managing Agent
Centrum Bank AG, Vaduz
Heiligkreuz 8
Postfoch 1168
FL-9490 Vaduz

Jean Wedin
P. O. Box 1600
LaConner, WA 98257

Managing Agent
Mayflower Capital, LLC
2626 Glenwood Ave., Suite 100
Raleigh, NC 27608

Managing Agent
Schweizerische Hypotheken
Handelsbank, Zurich
Bahnhofstrasse/
Schutzengasse 4
CH-8023 Zurich

Stanley H. Van Etten
10504 Tredwood Drive
Raleigh, NC 27613

Charles Anderson
Smith Helms Mulliss & Moore
P. O. Box 27525
Raleigh, NC 27611

Claude Savage
106 Benbow Lane
Charlotte, NC 28214

Shawna Y. Staton
Jordan, Price, Wall, Gray,
 Jones & Carlton
P. O. Box 2021
Raleigh, NC 27602-2021

Managing Agent
Coeco
2525 Atlantic Avenue
Raleigh, NC 27604

Managing Agent
Centrum Bank AG Vaduz
Heiligkreuz 8, Postfoch 1168
FL-9490 Vaduz

Managing Agent
Mareco Treuhand Anstalt
Schlossweg 24
FL-9496 Balzers

Managing Agent
UBS, Zuerich
Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich

Marianne Kelley
142419 133 Ave.
Edmonton, Alberta
CANADA T5A5A5

Larry Smith
2435 E. North Street
Greenville, SC 29615

Henry W. Nozko, Jr., President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

John Docken
Business Credit Leasing
115 West College Drive
Marshall, MN 56258

Managing Agent
Emil Schatz, St Gallen
Oberhofstettenstrasse 67C
CH-9012, Saint Gallen

Managing Agent
UBS AG, Zurich Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich

Ronald H. Garber
Boxley, Bolton & Garber,
L.L.P.
P. O. Drawer 1429
Raleigh, NC 27602

Robert L. Chalmers
2800 Skymark Ave., Ste. 33
Mississauga, Ontario
CAN L4W5A6

Anna M. Washburn
145 Christopher Drive
Clayton, NC 27520

Henry W. Nozko, Jr., President
United Coastal Insurance
Company
P. O. Box 2350
New Britain, CT 06050-2350

Managing Agent
EOS Financial Services
P. O. Box 1839
Raleigh, NC 27602

Managing Agent
Arrurata Treuhand und
Revisions AG Vaduz
Abundt 36
FL-9490 Vaduz

Holmes P. Harden, Trustee
Maupin Taylor & Ellis, P.A.
P. O. Drawer 19764
Raleigh, NC 27619-9764