FILED

FEB 23 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| Debtor. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW L. C. Gilbert, a creditor in this case (hereafter Gilbert), and requests that this Honorable Court grant him relief from the automatic stay imposed by 11 USC 362(a) for the purpose of litigating the claims in the action pending in the United States District Court, Eastern District of North Carolina, Raleigh Division, styled *L.C. Gilbert, Jr., individually and on behalf of all others similarly situated vs. International Heritage, Inc., Stanley Van Etten, Claude W. Savage, and Larry G. Smith*, Case No. ED NC 5:98-CV-834-BR(3) (hereafter "the district court case"). Prosecution of that case to a conclusion in one forum will conserve judicial resources in this district. Furthermore, adjudication of the claims in that case in one forum will avoid the prejudice and hardship that will be suffered by Gilbert and the class if liability issues have to be determined in two separate proceedings.

The district court case seeks recovery of compensatory and punitive damages for violations of state and federal securities laws and common law fraud on behalf of Gilbert and all of the investors in Debtor that he seeks to represent. The class of plaintiffs he represents in that case are all named creditors in this case who have claims that will have to be determined in this case. The precise number and amount of those claims is undetermined, but have been estimated to be

approximately 150,000 claimants with an average claim of $1,000.[1] The determination of liability to those class members in the district court will not prejudice the debtor in any way, and will not impose any hardship on debtor. The resolution of the liability issues in that case will not adversely impact the estate in this case, and there appears to be insurance coverage available to possibly reduce the claims of the class member/creditors Gilbert represents.

"A decision to lift the automatic stay under section 362 of the *Code* is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In Re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (Citing *In Re Boomgarden*, 780 F.2d 657, 660 (7th Cir. 1985)) "The automatic stay gives the bankruptcy court the opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations. According to section 362(d), the bankruptcy court may lift the stay "for cause." Because the *Code* provides no definition of what constitutes "cause," courts must determine when discretionary relief is appropriate on a case-by-case basis." (citations omitted) *Id.*

When determining whether the stay should be lifted "The court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." Id. The factors to be considered by the bankruptcy courts vary among the circuits, but the Fourth Circuit has adopted the following factors:

"(1) whether the issues in the pending litigation involve only state law, so the

---

[1] This estimate is contained in the complaint filed in the United States District Court, Northern District of Georgia, styled *Securities and Exchange Commission v. International Heritage, Inc., et al.* Case no. 1-98-CV 0803.

> expertise of the bankruptcy court is unnecessary;
>
> (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court;
>
> (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court."

*Id.* at 345.

In this case the first factor is not a consideration, because the state law claims asserted in the district court are based strictly on the law of the State of Alabama. This Court could well apply Alabama law to the claims of the limited number of creditors' claims to which Alabama law would be applicable. The second and third factors weigh heavily in favor of relief in this case for the reasons set forth below.

The claims in the district court case involve violation of securities laws and regulations, particularly Rule 10b-5 of the Securities Exchange Commission [17 C.F.R. 240.10b-5]. The case is also a class action on behalf of a class of consumers consisting of all persons who entered into Retail Business Agreements with debtor from April 1, 1995, until present (hereinafter the "Class"). In addition to the debtor in these proceedings, three officers and/or directors of debtor are named as defendants in that case. The case was originally filed in Alabama in July 1998 against the debtor only, but by amendment allowed by the district court in Alabama, the individuals were added as party defendants, and the case was transferred to this district. The amendment was filed in October 1998, prior to the corporate defendant/debtor filing the petition in this case. Resolution of the class issues and the securities issues in the case will be complex, time consuming, and extremely burdensome on this Court, its staff and resources.

If Gilbert is denied the relief requested in this case, he will be forced to litigate the same

issues in separate forums. The duplication of effort will not only be time consuming, but imposes an undue hardship on Gilbert. The fact that the district court action is pending in this district also weighs in favor of granting the relief requested. The proximity of the proceedings allows the Trustee to conveniently monitor those proceedings for the protection of the other creditors. Parties seeking review of a judgment of this Court if the proceedings against debtor are tried here would present their arguments to the district court that had jurisdiction over the case in the first instance.

Relief from stay will promote judicial economy in this case. The district court and this Court will have to make nearly identical legal and factual determinations in resolving the issues raised in Gilbert's complaint and by the defendants. This duplication of effort will not only be burdensome, but will work an imposition on the resources of the courts in this district.

A less burdensome approach is to grant relief as requested, and allow the case to proceed in the district court. This Court can include as part of its order a provision enjoining Gilbert from seeking to collect any judgment which may result in the case from estate property through any means other than under the supervision of this Court. In *In Re Unioil*, 54 B.R. 192 (Bktcy. 1985), a securities class action, the Bankruptcy Court Judge granted relief from stay to allow the Plaintiffs to proceed in district court to pursue their state and federal securities law claims against the debtor and a number of former officers and directors. The order entered stated, " . . . that the automatic stay is lifted to allow prosecution . . . in the (district court), against debtor Unioil, to the point of judgment." *Id.* at 196.

It is also of significance to this request that there appears to be insurance coverage

available to satisfy at least a portion of the damages claimed in the district court case. Any insurance coverage will not only provide a source of funding for payment of a judgment, but will also provide funds for defense costs incurred by the insureds. The insureds under that policy are the officers and directors named as defendants in the district court who are alleged to have implemented the schemes perpetrated in the name of the debtor. There will be no adverse effect on any asset or property of the estate if the relief sought in this motion is granted.

## CONCLUSION

Gilbert, for himself and the class he represents, respectfully requests that this Honorable Court grant relief from the automatic stay to litigate all of the claims against all of the parties in the United States District Court for the Eastern District of North Carolina case styled *L.C. Gilbert, Jr., individually and on behalf of all others similarly situated vs. International Heritage, Inc., Stanley Van Etten, Claude W. Savage, and Larry G. Smith*, Case No. ED NC 5:98-CV-834-BR(3) to the point of judgment against debtor.

SPECIAL COUNSEL

Lloyd W. Gathings, II
Robert W. Shores
Gathings & Associates
Post Office Box 10545
Birmingham, Alabama 35202-0545
Telephone: 205-803-3006
Facsimile: 205-803-3029

ASSOCIATED LOCAL COUNSEL

*Ronald H. Garber* (signature)

Ronald H. Garber
Boxley, Bolton & Garber, LLP
Post Office Drawer 1429
Raleigh, North Carolina 27602
Telephone: 919-832-3915
Facsimile: 919-832-3918

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: )
 )  CHAPTER 7
INTERNATIONAL HERITAGE, INC. )  CASE NO. 98-02675-5-ATS
 )
        Debtor )

NOTICE OF MOTION

TO: THE DEBTOR, ATTORNEY FOR THE DEBTOR, TRUSTEE AND OTHER PARTIES IN INTEREST

NOTICE IS GIVEN of the Motion for Relief from Automatic stay filed simultaneously herewith by L.C. Gilbert in the above captioned case; and

FURTHER NOTICE IS GIVEN that if you fail to respond or otherwise plead or request a hearing in writing within 15 days from the date of this notice, the relief requested in the motion may be granted without further hearing or notice; and

FURTHER NOTICE IS GIVEN that if a response and a request for a hearing is filed in writing by the debtor, trustee, or other parties in interest within the time indicated, a hearing will be conducted on the motion and response at a date, time and place to be later set and all parties will be notified accordingly.

Date of Notice: February 23, 1999

SPECIAL
COUNSEL:         _Lloyd W. Gathings, II, RHG_
                 Lloyd W. Gathings, II
                 Robert W. Shores
                 Gathings & Associates
                 Post Office Box 10545
                 Birmingham, Alabama 35202-0545
                 Telephone: (205) 803-3006
                 Facsimile: (205) 803-3029

|  |  |
|---|---|
| ASSOCIATED<br>LOCAL<br>COUNSEL: | */s/ Ronald H. Garber*<br>Ronald H. Garber<br>Boxley, Bolton & Garber, LLP<br>Post Office Drawer 1429<br>Raleigh, North Carolina 27602<br>Telephone: (919) 832-3915<br>Facsimile: (919) 832-3918 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| Debtor | ) | |

## CERTIFICATE OF SERVICE

I, Ronald H. Garber, of Post Office Drawer 1429, Raleigh, North Carolina 27602, certify:

That I am and at all times hereinafter mentioned was more than eighteen (18) years of age;

That on the 23rd day of February, 1999, I served copies of the Motion for Relief from Automatic Stay and Notice of Motion by regular mail on all persons as listed on the Master IHI Service List in this case, a copy of which is attached hereto.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON February 23, 1999

_____
Ronald H. Garber

Terri I. Gardner
Smith Debnam Narron & Myers, L.L.P.
P.O. Box 26268
Raleigh, NC  27611-6268

Stephanie P. Wyatt
Coyle, Bascom & Bergman, P.C.
1000 Cambridge Square, Suite C
Alpharetta, GA  30004

Richard Ieyoub, Attorney General
State of Louisiana
301 Main Street, Suite 1250
Baton Rouge, LA  70801

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI  48226

Karl A. King
465 Sudden Valley
Bellingham, WA  98226

Managing Agent
North Carolina Dept. of Revenue
P. O. Box 1168
Raleigh, NC  27602

Carolyn E. John
485 Broad River Blvd.
Beaufort, SC  29906

Gary D. McDowell
1138 Ascott Valley Dr.
Duluth, GA  30097

Managing Agent
Jewels by Evonne
1879 Buford Hwy, Suite 7
Buford, GA  3518

Pamela Johnson
18448 Best Road
Mount Vernon, WA  98273

Managing Agent
International Heritage, Inc.
2626 Glenwood Avenue
Raleigh, NC  27608

James Russell Tucker
Bush, Hauder & Adkerson, P.C.
500 N. Akard Street, Suite 2100
Dallas, TX  75201

Susan Coon Bailey
5233 Floynell Drive
Baton Rouge, LA  70809

Stacey Ostrom
3010 E. Nasa Road 1 #1302
Seabrook, TX  77586

Securities and Exchange Commission
Attn:  William P. Hicks
3475 Lenox Road, NE
Atlanta, GA  30326

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC  27602-3039

Managing Agent
Advanced Equities
P. O. Box 1042
Winnfield, LA  71483

J. C. Faulhaber
923 South 4th
LaConner, WA  98257

Lois Coonc
P. O. Box 699
LaConner, WA  98257

Managing Agent
Schweizer Verband
der Raiffeisen-banken
St. Gallen
Vadianstrasse 17
CH-9000 St. Gallen

Brent E. Wood
Wood & Francis, PLLC
P. O. Box 164
Raleigh, NC  27602

Jack T. Clary
214 St. Matthews Lane
Spartanburg, SC  29301

Dorothy H. Miller
102 Triangle Circle
Lafayette, LA  70508

Eugene W. Ellison
185 Biltmore Avenue
Asheville, NC  28801

Managing Agent
Internal Revenue Service
320 Federal Place
Greensboro, NC  27401

Jane E. Chassey
1514 Azalea Drive
Saint Louis, Missouri  63119

Managing Agent
Centrum Bank AG, Vaduz
Heiligkreuz 8
Postfoch 1168
FL-9490 Vaduz   Germany

Jean Wedin
P. O. Box 1600
LaConner, WA  98257

Managing Agent
Mayflower Capital, LLC
2626 Glenwood Ave., Suite 100
Raleigh, NC  27608

Managing Agent
Schweizerische Hypotheken Handelsbank, Zurich
Bahnhofstrasse/
Schutzengasse 4
CH-8023 Zurich

Stanley H. Van Etten
10504 Tredwood Drive
Raleigh, NC  27613

Charles Anderson
Smith Helms Mulliss & Moore
P. O. Box 27525
Raleigh, NC  27611

Claude Savage
106 Benbow Lane
Charlotte, NC  28214

Shawna Y. Staton
Jordan, Price, Wall, Gray,
  Jones & Carlton
P. O. Box 2021
Raleigh, NC  27602-2021

Managing Agent
Coeco
2525 Atlantic Avenue
Raleigh, NC  27604

Managing Agent
Mareco Treuhand Anstalt
Schlossweg 24
FL-9496 Balzers  Germany

Managing Agent
UBS, Zuerich
Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich

Marianne Kelley
142419 133 Ave.
Edmonton, Alberta
CANADA  T5A5A5

Larry Smith
2435 E. North Street
Greenville, SC  29615

Henry W. Nozko, Jr., President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT  06050-2350

John Docken
Business Credit Leasing
115 West College Drive
Marshall, MN  56258

Managing Agent
Emil Schatz, St Gallen
Oberhofstettenstrasse 67C
CH-9012, Saint Gallen

Managing Agent
UBS AG, Zurich Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich

Ronald H. Garber
Boxley, Bolton & Garber,
L.L.P.
P. O. Drawer 1429
Raleigh, NC  27602

Robert L. Chalmers
2800 Skymark Ave., Ste. 33
Mississauga, Ontario
CAN L4W5A6

Anna M. Washburn
145 Christopher Drive
Clayton, NC  27520

Henry W. Nozko, Jr., President
United Coastal Insurance
Company
P. O. Box 2350
New Britain, CT  06050-2350

Managing Agent
EOS Financial Services
P. O. Box 1839
Raleigh, NC  27602

Managing Agent
Arrurata Treuhand und
Revisions AG Vaduz
Abundt 36
FL-9490 Vaduz

Holmes P. Harden, Trustee
Maupin Taylor & Ellis, P.A.
P. O. Drawer 19764
Raleigh, NC  27619-9764