FILED
MAR 11 1999
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE: )
INTERNATIONAL HERITAGE, INC. )   CASE NO.: 98-02675-5-ATS
)   CHAPTER 7
Debtor. )
)

## STANLEY H. VAN ETTEN'S RESPONSE TO AND REQUEST FOR HEARING ON THE MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY L.C. GILBERT

NOW COMES Stanley H. Van Etten (hereinafter "Mr. Van Etten"), by and through counsel, and in response to the Motion for Relief from Automatic Stay filed by L.C. Gilbert (hereinafter "Mr. Gilbert") on February 23, 1999, requests a hearing on said Motion and objects to said Motion. In addition, Mr. Van Etten provides the following abbreviated response to the Motion for Relief from Automatic Stay filed by Mr. Gilbert:

1. On February 23, 1999, Mr. Gilbert, by and through counsel, filed a Motion for Relief from Automatic Stay seeking relief to prosecute claims pending in an action currently filed in the United States District Court for the Eastern District of North Carolina, Raleigh Division, styled *L.C. Gilbert, Jr. vs. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage and Larry G. Smith*, Case No. EDNC 5:98-CV-834-BR(3) (hereinafter "the District Court case"). With the District Court case, Mr. Gilbert individually seeks compensatory and punitive damages against the Debtor, Mr. Van Etten, Claude Savage and Larry Smith. Upon information and belief, neither Mr. Savage nor Mr. Smith have been served with the Complaint in this action. In addition, and despite the implications within the motion of Mr. Gilbert, this action has not been certified as a class action.

2. The Motion for Relief from Automatic Stay should not be granted for many reasons, including but not limited to the following:

a. Allowing relief from the automatic stay will not conserve judicial resources. The Debtor has indemnified each of the individual defendants named in the District Court case from the claims asserted by Mr. Gilbert. In addition, and in accordance with the bankruptcy laws, the Debtor has provided notice of the bankruptcy to each claimant who may be a member of the class which Mr. Gilbert presumably will ask to be certified. Thus, each of those potential claimants which Mr. Gilbert purports to represent will have an opportunity to assert their claim in the bankruptcy case; thus, allowing Mr. Gilbert to separately prosecute his claim against the Debtor would be a waste of judicial resources since the Bankruptcy Court can more than adequately consider the claims like those asserted by Mr. Gilbert.

b. There will be absolutely no prejudice or hardship for Mr. Gilbert if he simply asserts his claim in the bankruptcy case. According to Mr. Gilbert's motion, the average claim will be in the approximate claim of $1,000. Assuming that Mr. Gilbert's claim is approximately $1,000, it would appear as if Mr. Gilbert would be less prejudiced if he simply asserts his claim in the bankruptcy case rather than incurring the expense and time associated with an action in Federal Court in Raleigh.

c. Mr. Gilbert is attempting to certify a class with his District Court case. No class has been certified and, upon information and belief, no motion to certify the class is even pending. Mr. Van Etten does not believe that Mr. Gilbert will ever succeed in having a class certified. In fact, in one similar

2

action filed in the state of Texas, the State Court denied that Plaintiff's request to certify a similar class action against the Debtor and others. No similar class action has been certified even though several have been sought. Thus, the Debtor would be extremely prejudiced if it is forced to defend a motion for class certification that has little or no possibility of being granted.

d.  The claims asserted by Mr. Gilbert are substantially similar to the claims which have already been asserted by the Securities and Exchange Commission against each of the Defendants named in the District Court case. In fact, the Securities and Exchange Commission is seeking from those same Defendants a disgorgement penalty which would be similar to the claims being asserted by Mr. Gilbert if they were asserted in a class action. Thus, and even though Mr. Van Etten contends that the action of the Securities and Exchange Commission should be stayed, the claims which Mr. Gilbert wishes to pursue have already been pursued by an agency that can more than adequately represent the interest of individuals like Mr. Gilbert, to the extent that those individuals do not individually file a proof of claim in the bankruptcy case.

e.  Since each of the individuals who may be claimants in the potential class action of Mr. Gilbert have already been provided notice in the bankruptcy case of their right to assert a claim, each of those claimants can simply file their claims and the Trustee can then evaluate those claims and, to the

extent appropriate, seek insurance proceeds to protect those creditors and protect the many varying interests of the estate.

WHEREFORE, Mr. Van Etten prays that this Court grant a hearing on Mr. Gilbert's Motion for Relief from Automatic Stay and/or deny the Motion for Relief from Automatic Stay filed by Mr. Gilbert, and grant such other and further relief as the Court deems appropriate.

This the 10th day of March, 1999.

WOOD & FRANCIS, PLLC

Brent E. Wood
Attorney for Stanley H. Van Etten
State Bar No. 16898
Two Hannover Square
434 Fayetteville Street Mall, Suite 2300
Post Office Box 164
Raleigh, North Carolina 27602
(919) 828-0801

4

## CERTIFICATE OF SERVICE

I, Brent E. Wood, attorney for Stanley H. Van Etten, certify that I served the foregoing document on the 10th day March, 1999, upon the following parties, and in the manner below specified, by placing a copy thereof for each such party(ies) in a separate envelope bearing sufficient postage and depositing the same in the United States mail at Raleigh, North Carolina and/or by facsimile:

Holmes P. Harden, Esq.
Maupin, Taylor & Ellis, P.A.
3200 Beechleaf Ct., Suite 500
P. O. Drawer 19764
Raleigh, NC 27619-9764
*Bankruptcy Trustee*

Terri L. Gardner
Smith Debman Narron & Myers, LLP
4700 New Bern Avenue
P. O. Box 26268
Raleigh, NC 27611-6268
*Attorney for Debtor*

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3758
Wilson, NC 27894-3758
*Bankruptcy Administrator*

Ronald H. Garber
Boxley, Bolton & Garber, LLP
P. O. Drawer 1429
Raleigh, NC 27602
*Attorney for L.C. Gilbert*

Lloyd W. Gathings, II
Robert W. Shores
Gathings & Associates
P. O. Box 10545
Birmingham, AL 35202-0545
*Attorneys for L.C. Gilbert*

This the 10th day of March, 1999.

WOOD & FRANCIS, PLLC

Brent E. Wood
Attorney for Stanley H. Van Etten
Two Hannover Square
424 Fayetteville Street Mall, Suite 2300
Post Office Box 164
Raleigh, North Carolina 27602
Telephone: (919) 828-0801

ihi-bk.GilbertResptoReq4AutoStay.doc