F I L E D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

MAR 1 1 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:                                    )
                                          )        CHAPTER 7
INTERNATIONAL HERITAGE, INC.              )        CASE NO. 98-02675-5-ATS
                                          )
INTERNATIONAL HERITAGE,                   )
INCORPORATED,                             )        CHAPTER 7
                                          )        CASE NO. 98-02674-5-ATS
            Debtors.                      )

## MOTION FOR ORDER

Now comes Holmes P. Harden, Chapter 7 trustee, and moves the court for an Order

providing that certain litigation currently pending before the State Auditor and the Commissioner

of Securities of the State of Montana is stayed  pursuant to 11 U.S.C. § 362.  In support of said

motion, Trustee shows unto the Court the following:

1.       Trustee is informed and believes and therefore alleges that on or about April 3,

1998, the State Auditor and the Commissioner of Securities of the State of Montana issued a

Cease and Desist Order against the debtors for violations of the Montana Securities Act in

connection with the offer and sale of "retail business agreements" and the offer of notes

convertible to stock.  Trustee is informed and believes and therefore alleges that the

Commissioner alleged, among other things, that the debtors constituted a pyramid scheme, that

the debtors failed to disclose material facts in connection with the offerings, including the fact

that the market for business center interests would eventually become saturated and that the

representatives recruited near the bottom of the retail sales organization structure may be unable

to generate promised returns, that the debtors were the subject of other regulatory actions, and

that two of the principals of the debtors had been involved in a pyramid scheme previously.

2.      Trustee is informed and believes and therefore alleges that the Commissioner later amended the Cease and Desist Order to include allegations that the debtors, by and through Respondent Van Etten, had falsely informed the debtors' representatives that the Commissioner agreed to rescind the earlier order and that representatives were no longer subject to the order in connection with offers of retail business agreement interests.

3.      Trustee is informed and believes and therefore alleges that on May 1, 1998, the Commissioner and the debtors, by and through Van Etten, entered into a consent agreement in which the debtors, without admitting or denying liability under the Montana Securities Act, agreed to comply with the Montana Securities Act, to offer refunds to purchasers of the notes, to offer refunds to all Montanans who entered into a retail business agreement, to pay an administrative fine, and to contribute to youth activities in Montana, among other things, in exchange for which the Commissioner agreed to forego any further administrative proceedings.

4.      Trustee is informed and believes and therefore alleges that at the end of the period allotted for completion of the stipulated terms of the consent agreement, it was determined that the debtors did not comply with all of the terms to which they stipulated. On November 6, 1998, the Commissioner issued a notice of hearing in order to make determinations as to whether each of the Respondents violated the Montana Securities Act and thus subject to the entry of a Permanent Cease and Desist Order, and to establish the level of damages assignable to the parties jointly.

5.      On November 25, 1995 International Heritage, Inc. and International Heritage, Incorporated each filed petitions for relief under Chapter 7 of the Bankruptcy Code in the Eastern

District of North Carolina initiating cases 98-02675-5-ATS and 98-02674-5-ATS respectively.

6.     The filing of a bankruptcy petition triggers the imposition of the automatic stay

pursuant to 11 U.S.C. § 362(a) which provides in pertinent part:

> . . . [A] petition filed under section 301, 302 or 303 of this title . . .
> operates as a stay applicable to all entities, of (1) the commencement or
> continuation . . . of a judicial, administrative, or other action or proceeding against
> the debtor that was or could have been commenced before the commencement of
> the case under this title, or to recover a claim against the debtor that arose before
> the commencement of the case under this title,; . . .(3) any act to obtain possession
> of property of the estate or of property from the estate or to exercise control over
> property of the estate; . . . (4) any act to create, perfect, or enforce any lien against
> property of the estate; . . . (6) any act to collect, assess, or recover a claim against
> the debtor that arose before the commencement of the case under this title . . . .

7.     Pursuant to 11 U.S.C. § 362, the commissioner is prohibited from proceeding with

action against the debtors without an order from this court lifting the automatic stay in this

action.

8.     The Commissioner has indicated that he intends to proceed with his lawsuit based

upon the assertions that 11 U.S.C. § 362 does not bar such action and that he is acting under his

"police or regulatory powers." Consistent with that view, trustee has been served with the

attached First Discovery Requests to Respondents and with the attached Scheduling Order

(Exhibit 2) despite Trustee's requests that the Commissioner cease litigation against the debtors.

9.     The debtors are no longer operating and therefore are not acting in any way that

would justify imposition of an injunction or further police powers. The Trustee has offered to

cooperate in the liquidation of the claims of the Commissioner.

10.    Trustee should be allowed an opportunity to administer the above-captioned

bankruptcy cases without the immediate need to participate in the litigation being pursued by the

Commissioner in violation of the automatic stay.

WHEREFORE, the Movant requests that the court enter an Order that provides the following:

1.    Absent further order of this court, the automatic stay prohibits the State Auditor and the Commissioner of Securities of the State of Montana from the prosecution of litigation against debtors pursuant to 11 U.S.C. § 362; or, in the alternative,

2.    That the Court enter an appropriate protective order.

3.    For such other and further relief as the court deems proper.

Respectfully submitted this ⏸ day of March, 1999.


                              MAUPIN TAYLOR & ELLIS, P.A.

                              BY: _____
                              Holmes P. Harden
                              Chapter 7 Trustee
                              N. C. State Bar No. 9835
                              Post Office Drawer 19764
                              Raleigh, NC 27619
                              Telephone: (919) 981-4000

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, do hereby certify that the foregoing **Motion for Order** was served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina, on the _11th_ day of March, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____
Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Elizabeth O'Halloran
State Auditor's Office
P. O. Box 4006
Helena, MT 59604-4006

Brent Wood
Wood and Francis, PLLC
P. O. Box 164
Raleigh, NC 27602

Robert Brunton
Kutak Rock
225 Peachtree Street, NE
Suite 2100
Atlanta, GA 30303-1768

David R. Paoli
Paoli Law Office
P. O. Box 8131
Missoula, MT 58807

Lin Deola
Reynolds, Motl & Sherwood, PLLP
401 N. Last Chance Gulch
Helena, MT 59601

**STATE AUDITOR'S OFFICE
SECURITIES DEPARTMENT
HELENA, MONTANA**

In the Matter Of:                                    )   Case No. I-04-02-98-04
                                                     )
International Heritage, Inc.,                         )   **SCHEDULING ORDER**
Stanley H. Van Etten, Claude W. Savage,              )
Larry G. Smith, and                                  )
International Herritage,                              )
Incorporated, a Nevada corporation,                  )
                                                     )
        and their agents &                           )
        representatives,                             )
                                                     )
        Respondents.                                 )

Pursuant to the discussion held during the telephone conference call on January 5, 1999, the following schedule is instituted in the above-referenced matter:

1.  The hearing in this matter will begin **May 3, 1999** in Helena, Montana. Two weeks are being set aside by the Hearing Examiner for the purposes of this hearing. The schedule is flexible and the work days and work weeks can be adjusted so that adequate time is given to all parties. [The State shall provide a place for the hearing to be conducted.]

2.  All discovery will be completed by **April 2, 1999**. This means that written discovery must be propounded in sufficient time so that it may be answered by April 2, 1999.

3.  The Parties shall exchange proposed witness lists on **April 19, 1999,** by fax.

4.  Briefing on the issue of the Bankruptcy stay will proceed with the Petitioner filing its brief on **January 29, 1999** and any response briefs being filed on **February 9, 1999.**

5.  Counsel of record will meet the **week of April 26, 1999** for the purposes of preparing a prehearing order. The completed prehearing order will be faxed to the Hearing Examiner on **April 29, 1999.**

6.  On **April 26, 1999,** the parties will submit to the Hearing Examiner and opposing Parties proposed findings of fact, conclusion of law and order. [To be sent by overnight mail.]

7.  Respondents shall inform the undersigned of their designated local counsel no later than **February 9, 1999.**

DONE AND DATED this 11th day of January, 1999.

DAVID R. PAOLI

David R. Paoli
Hearing Examiner

SCHEDULING ORDER - PAGE

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 |     I do hereby certify that on the 11TH day of January, 1999, I served the foregoing Scheduling |
| 3 | Order upon the parties hereto by faxing and mailing a true and correct copy, postage prepaid, to the following: |
| 4 | |
| 5 | Elizabeth O'Halloran<br>State Auditor's Office<br>P.O. Box 4006 |
| 6 | Helena, Montana 59604-4006 |
| 7 | Brent Wood<br>Wood & Francis |
| 8 | 2 Hannover Square<br>434 Fayetteville Street Mall, Suite 2300 |
| 9 | Raleigh, NC 27601 |
| 10 | Robert Brunton<br>Kutak Rock |
| 11 | 225 Peachtree Street, NE, Suite 2100<br>Atlanta, GA 30303-1766 |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SCHEDULING ORDER - PAGE

STATE AUDITOR'S OFFICE
SECURITIES DEPARTMENT
HELENA, MONTANA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. I-04-02-98-04 |
| ) | |
| International Heritage, Inc., ) | |
| Stanley H. Van Etten, ) | |
| Claude W. Savage, ) | |
| Larry G. Smith, ) | |
| and ) | |
| International Heritage, ) | |
| Incorporated, a Nevada corporation, ) | |
| ) | |
| and their agents & ) | |
| representatives, ) | |
| ) | |
| Respondents. ) | |

## PETITIONER'S FIRST DISCOVERY REQUESTS TO RESPONDENTS

TO: **RESPONDENTS, above named:**

Please take notice that you are requested to furnish responses to the following

Interrogatories, Requests for Production and Requests for Admission within thirty (30)

days from the date of service hereof, pursuant to Rules 33 and 34 of the Montana

Rules of Civil Procedure.

## A.  DEFINITIONS AND REQUIREMENTS

**NOTE A:**     Please note that these discovery requests are continuing in

character, so as to require you to file supplementary answers if you obtain further or

different information before trial of this cause.

**NOTE B:**     Unless otherwise indicated, these Requests refer to the time, place

and circumstances of the occurrence mentioned or complained of in the pleadings.

Each of these Requests refer to the operation of International Heritage, Inc., in Montana

1

prior to the implementation of International Heritage's Modified Compensation and

Marketing Plan, as authorized by Northern District of Georgia District Court Judge Story

on April 22, 1998.

**NOTE C:**     When knowledge or information in possession of the party is

requested, such request includes knowledge of the party's agents, representatives and

attorneys.

**NOTE D:**     Please furnish all information or tangible things which are either in

your possession or which are accessible to you by reasonable inquiry.  This includes

information or things in the possession, custody or control of: (a) your employees, (b)

your corporate departments or divisions, (c) parent or subsidiary corporations, (d)

corporate affiliates, and (e) other persons, firms or corporations which because of your

business relationship would readily respond to your inquiry regarding the objective of

discovery.  If, after you have made reasonable inquiry to obtain the necessary

information, you are still unable to make a complete response, please respond to the

fullest extent possible.  Please specify the part of the inquiry to which you are unable to

respond or to which you object.

**NOTE E:**     Each Interrogatory should be answered: (a) fully, (b) in writing, and

(c) under oath.

**NOTE F:**     Please produce all requested materials at the office of the Montana

Securities Commissioner (commissioner) whose address is P.O. Box 4009, Helena, MT

59604.

**INTERROGATORY NO. 1:**       Please provide the name, address and

2

occupation of all individuals involved in answering this discovery request.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 1:**    Please admit that International Heritage, Inc., (IHI) is a North Carolina corporation whose principal offices are located in Raleigh, North Carolina.

**ANSWER:**

**INTERROGATORY NO. 2:**    If the response to Request For Admission No. 1 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents identified in response to Interrogatory No. 2.

**REQUEST FOR ADMISSION NO. 2:** International Heritage, Inc., is a majority owned subsidiary of International Heritage Incorporated, a Nevada Corporation (IHI-N) (formerly Kara International, Inc.).

**Answer:**

**INTERROGATORY NO. 3:**    If the response to Request For Admission No. 2 is anything other than an unqualified admission, please set forth with particularity all

3

facts which constitute the basis of the response, and identify:

>    (1)    each person who has any knowledge of the facts and the extent of that

knowledge;

>    (2)    all documents; and

>    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents identified in response to Interrogatory No. 3.

**REQUEST FOR ADMISSION NO. 3:**    Please admit that Stanley H. Van Etten (Van Etten), was a founder, chairman of the board of directors, president, and chief executive officer of IHI, and was chairman of the board and chief executive officer of IHI-N.

**ANSWER:**

**INTERROGATORY NO. 4:**    If the response to Request For Admission No. 3 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

>    (1)    each person who has any knowledge of the facts and the extent of that

knowledge;

>    (2)    all documents; and

>    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents identified

4

in response to Interrogatory No. 4.

**REQUEST FOR ADMISSION NO. 4:**   Please admit that Claude W. Savage (Savage) was a member of the board of directors of IHI and is director of IHI-N.

**ANSWER:**

**INTERROGATORY NO. 5:**   If the response to Request For Admission No. 4 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)   each person who has any knowledge of the facts and the extent of that knowledge;

(2)   all documents; and

(3)   all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4:**  Please produce all documents identified in response to Interrogatory No. 5

**REQUEST FOR ADMISSION NO. 5:**   Please admit that Larry G. Smith (Smith) was a member of the board of directors of IHI and a director of IHI-N.

**ANSWER:**

**INTERROGATORY NO. 6:**   If the response to Request For Admission No. 5 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)   each person who has any knowledge of the facts and the extent of that knowledge;

5

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents identified in response to Interrogatory No. 6.

**REQUEST FOR ADMISSION NO. 6:**     Please admit that IHI, its principals, employees, and agents recruited independent sales representatives in Montana through the use of promotional materials, videotapes, recruitment meetings, and internet web sites.

**ANSWER:**

**INTERROGATORY NO. 7:**     If the response to Request For Admission No. 6 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)     each person who has any knowledge of the facts and the extent of that knowledge;

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents identified in response to Interrogatory No. 7.

**REQUEST FOR ADMISSION NO. 7:**     Please admit that prior to the modification of its program in 1998, IHI representatives could open "independent retail

6

business centers," of which an independent sales representative may open one, three, or seven.

**ANSWER:**

**INTERROGATORY NO. 8:**        If the response to Request For Admission No. 7 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7:**  Please produce all documents identified in response to Interrogatory No. 8.

**REQUEST FOR ADMISSION NO. 8:**    Please admit that, prior to the modification of IHI's compensation structure, Montana representatives generally paid the sum of $200.00 to $250.00, signed a "retail business agreement," purchased an IHI retail business career kit for $100, and paid a $25.00 administrative fee.

**ANSWER:**

**INTERROGATORY NO. 9:**        If the response to Request For Admission No. 8 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that

7

knowledge;

    (2)    all documents; and

    (3)    all oral communications that you contend support your denial.

    **ANSWER:**

    **REQUEST FOR PRODUCTION NO. 8:** Please produce all documents identified in response to Interrogatory No. 9.

    **REQUEST FOR ADMISSION NO. 9:**    Please admit that, prior to modification of its compensation structure in 1998, IHI solicited Montana investors through the use of a multi-level marketing program in which prospective sales representatives were recruited by IHI sales representatives.

    **ANSWER:**

    **INTERROGATORY NO. 10:**    If the response to Request For Admission No. 9 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

    (1)    each person who has any knowledge of the facts and the extent of that knowledge;

    (2)    all documents; and

    (3)    all oral communications that you contend support your denial.

    **ANSWER:**

    **REQUEST FOR PRODUCTION NO. 9:** Please produce all documents identified in response to Interrogatory No. 10.

    **REQUEST FOR ADMISSION NO. 10:**    Please admit that, prior to modification

of its compensation structure in 1998, IHI established an incentive for recruitment of downline sales representatives by offering payment of override commissions to independent sales representatives for retail sales business volume by that representative's retail sales organization.

**ANSWER:**

**INTERROGATORY NO. 11:**    If the response to Request For Admission No. 10 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 10:**    Please produce all documents identified in response to Interrogatory No. 11.

**REQUEST FOR ADMISSION NO. 11:**    Please admit that, prior to modification of its compensation structure in 1998, IHI independent sales representatives could earn override commissions only if their own retail business center was "certified."

**ANSWER:**

**INTERROGATORY NO. 12:**    If the response to Request For Admission No. 11 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

9

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 11:**    Please produce all documents identified in response to Interrogatory No. 12.

**REQUEST FOR ADMISSION NO. 12:**    Please admit that some of IHI's promotional and sales materials indicated that IHI sales representatives could earn up to $2,200 to $2,500 per retail business center weekly.

**ANSWER:**

**INTERROGATORY NO. 13:**    If the response to Request For Admission No. 12 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 12:**    Please produce all documents identified in response to Interrogatory No. 13.

**REQUEST FOR ADMISSION NO. 13:**    Please admit that IHI's compensation

10

structure, which included a compensation cap attached to single business center earnings, encouraged the purchase of multiple business centers by independent sales representatives.

**ANSWER:**

**INTERROGATORY NO. 14:**      If the response to Request For Admission No. 13 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

      (1)      each person who has any knowledge of the facts and the extent of that knowledge;

      (2)      all documents; and

      (3)      all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 13:**      Please produce all documents identified in response to Interrogatory No. 14.

**REQUEST FOR ADMISSION NO. 14:**   Please admit that IHI encouraged retail sales organization development through the offer of bonuses and commissions which were not available to an independent sales representative whose organization focused solely on retail product sales.

**ANSWER:**

**INTERROGATORY NO. 15:**      If the response to Request For Admission No. 14 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

11

    (1)    each person who has any knowledge of the facts and the extent of that knowledge;

    (2)    all documents; and

    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 14:**    Please produce all documents identified in response to Interrogatory No. 15.

**REQUEST FOR ADMISSION NO. 15:**  Please admit that the IHI compensation structure and sales pitch regarding "leveraging retail sales business volume" served as incentive to independent sales representatives to develop their downline.

**ANSWER:**

**INTERROGATORY NO. 16:**    If the response to Request For Admission No. 15 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

    (1)    each person who has any knowledge of the facts and the extent of that knowledge;

    (2)    all documents; and

    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 15:**    Please produce all documents identified in response to Interrogatory No. 16.

**REQUEST FOR ADMISSION NO. 16:**  Please admit that minimum retail sales

12

requirements and inventory loading prohibitions, which were included in the

independent retail sales representative manual, were not regularly enforced by IHI.

**ANSWER:**

**INTERROGATORY NO. 17:**    If the response to Request For Admission No.

16 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that

knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 16:**    Please produce all documents

identified in response to Interrogatory No. 17.

**REQUEST FOR ADMISSION NO. 17:** Please admit that IHI's compensation

program was based on orders of products, rather than actual sales of products.

**ANSWER:**

**INTERROGATORY NO. 18:**    If the response to Request For Admission No.

17 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that

knowledge;

(2)    all documents; and

13

    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 17:**    Please produce all documents identified in response to Interrogatory No. 18.

**REQUEST FOR ADMISSION NO. 18:** Please admit that IHI's compensation structure offered override commissions for orders made within an independent sales representative's retail sales organization.

**ANSWER:**

**INTERROGATORY NO. 19:**    If the response to Request For Admission No. 18 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

    (1)    each person who has any knowledge of the facts and the extent of that knowledge;

    (2)    all documents; and

    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 18:**    Please produce all documents identified in response to Interrogatory No. 19.

**REQUEST FOR ADMISSION NO. 19:** Please admit that IHI did not provide a method by which inventory loading requirements and requirements for retail sales to non-participants could be regularly enforced.

**ANSWER:**

14

**INTERROGATORY NO. 20:**    If the response to Request For Admission No.

19 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that

knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 19:**    Please produce all documents

identified in response to Interrogatory No. 20.

**REQUEST FOR ADMISSION NO. 20:**    Please admit that on or about March 28,

1996, IHI issued a memorandum addressed to all IHI representatives which required

that representatives wishing to conduct due diligence on the company should direct "all

of [their] compliance, regulatory and legal questions to the Compliance Department at

the home office rather than the Better Business Bureau or state regulators." IHI further

stated that "[i]f enough inquiries are made to any one particular regulatory branch,

within a particular state, the result could be an investigation of the Company spurned

{sic} by the mere volume of calls."

**ANSWER:**

**INTERROGATORY NO. 21:**    If the response to Request For Admission No.

20 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

15

(1)     each person who has any knowledge of the facts and the extent of that knowledge;

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 20:**     Please produce all documents identified in response to Interrogatory No. 21.

**REQUEST FOR ADMISSION NO. 21:** Please admit that the memorandum referenced in request for admission No. 20 was included in IHI business retail business career kit sold to a some Montana residents.

**ANSWER:**

**INTERROGATORY NO. 22:**     If the response to Request For Admission No. 21 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)     each person who has any knowledge of the facts and the extent of that knowledge;

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 21:**     Please produce all documents identified in response to Interrogatory No. 22.

**REQUEST FOR ADMISSION NO. 22:**   Please admit that between August 5,

16

1997, and October 31, 1997, IHI, raised $5 million by selling IHI notes convertible into IHI common stock, including sales of the notes to at least 6 persons in Montana.

**ANSWER:**

**INTERROGATORY NO. 23:**     If the response to Request For Admission No. 22 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)     each person who has any knowledge of the facts and the extent of that knowledge;

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 22:**     Please produce all documents identified in response to Interrogatory No. 23.

**REQUEST FOR ADMISSION NO. 23:**   Please admit that, in connection with the offer and sale of IHI notes, IHI authorized the use of a "term sheet," dated July 17, 1997, which disclosed that IHI had losses of approximately $1.9 million during the first four months of 1997.

**ANSWER:**

**INTERROGATORY NO. 24:**     If the response to Request For Admission No. 23 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)     each person who has any knowledge of the facts and the extent of that

17

knowledge;

    (2)    all documents; and

    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 23:**    Please produce all documents identified in response to Interrogatory No. 24.

**REQUEST FOR ADMISSION NO. 24:**  Please admit that the term sheet did not disclose that by the time of the offering IHI's losses for the 1997 had increased to $7.6 million, and that IHI had a shortage of operating funds.

**ANSWER:**

**INTERROGATORY NO. 25:**    If the response to Request For Admission No. 24 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

    (1)    each person who has any knowledge of the facts and the extent of that knowledge;

    (2)    all documents; and

    (3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 24:**    Please produce all documents identified in response to Interrogatory No. 25.

**REQUEST FOR ADMISSION NO. 25:**  Please admit that by the time of the offering, IHI's losses for 1997 were approximately $7.6 million, and that IHI had a

18

shortage of operating funds.

**ANSWER:**

**INTERROGATORY NO. 26:**    If the response to Request For Admission No.

25 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that

knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 25:**    Please produce all documents

identified in response to Interrogatory No. 26.

**REQUEST FOR ADMISSION NO. 26:**    Please admit that the term sheet stated

that IHI pays commissions and bonuses "derived solely from sales as opposed to

headhunting or any similar activities."

**ANSWER:**

**INTERROGATORY NO. 27:**    If the response to Request For Admission No.

26 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that

knowledge;

(2)    all documents; and

19

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 26:**        Please produce all documents identified in response to Interrogatory No. 27.

**REQUEST FOR ADMISSION NO. 27:**   Please admit that IHI did not pay commissions and bonuses derived solely from sales as opposed to headhunting or any similar activities."

**ANSWER:**

**INTERROGATORY NO. 28:**        If the response to Request For Admission No. 27 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)     each person who has any knowledge of the facts and the extent of that knowledge;

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 27:**        Please produce all documents identified in response to Interrogatory No. 28.

**REQUEST FOR ADMISSION NO. 28:**   Please admit that the term sheet stated that representatives "who sponsor other representatives must fulfill supervisory activities, including ongoing communication and managerial supervision with the independent retail sales representatives within their Retail Sales Organization in order

20

to qualify for ongoing commissions and bonuses."

**ANSWER:**

**INTERROGATORY NO. 29:**    If the response to Request For Admission No. 28 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 28:**    Please produce all documents identified in response to Interrogatory No. 29.

**REQUEST FOR ADMISSION NO. 29:**    Please admit that IHI representatives who sponsored other representatives did not necessarily have to fulfill supervisory activities in order to qualify for ongoing commissions and bonuses.

**ANSWER:**

**INTERROGATORY NO. 30:**    If the response to Request For Admission No. 29 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

21

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 29:**        Please produce all documents

identified in response to Interrogatory No. 30.

**REQUEST FOR ADMISSION NO. 30:**    Please admit that the term sheet

represented that IHI had a "a prohibition from presenting hypothetical earnings

projections" in sales presentations.

**ANSWER:**

**INTERROGATORY NO. 31:**        If the response to Request For Admission No.

30 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that

knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 30:**        Please produce all documents

identified in response to Interrogatory No. 31.

**REQUEST FOR ADMISSION NO. 31:**    Please admit that IHI used projections

that each business center could earn up to $2,500 weekly.

**ANSWER:**

**INTERROGATORY NO. 32:**        If the response to Request For Admission No.

22

31 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 31:**    Please produce all documents identified in response to Interrogatory No. 32.

**REQUEST FOR ADMISSION NO. 32:**    Please admit that the market for generating IHI retail sales business volume would eventually become saturated as the supply of new members declines and representatives recruited near the bottom of the retail sales organization structure may be unable to generate projected returns.

**ANSWER:**

**INTERROGATORY NO. 33:**    If the response to Request For Admission No. 32 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

23

**REQUEST FOR PRODUCTION NO. 32:**        Please produce all documents identified in response to Interrogatory No. 33.

**REQUEST FOR ADMISSION NO. 33:**   Please admit that, in connection with the offer of the opportunity for Montana residents to participate in the IHI retail sales program, IHI, Van Etten, Savage, and Smith did not disclose that IHI was the subject of regulatory actions or inquiries in at least three other states based on the allegation that IHI's program may have violated state laws.

**ANSWER:**

**INTERROGATORY NO. 34:**        If the response to Request For Admission No. 33 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 33:**        Please produce all documents identified in response to Interrogatory No. 34.

**REQUEST FOR ADMISSION NO. 34:**   Please admit that, in connection with the offer of the opportunity for Montana residents to participate in the IHI retail sales program, IHI, Van Etten, Savage, or Smith did not disclose that Savage and Smith were previously involved in Gold Unlimited, which was the subject of state and federal

24

administrative and criminal proceedings, including the issuance of a permanent cease

and desist order in Montana.

**ANSWER:**

**INTERROGATORY NO. 35:**        If the response to Request For Admission No.

34 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

      (1)        each person who has any knowledge of the facts and the extent of that

knowledge;

      (2)        all documents; and

      (3)        all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 34:**        Please produce all documents

identified in response to Interrogatory No. 35.

**REQUEST FOR ADMISSION NO. 35:**    Please admit that, in connection with the

offer of the opportunity for Montana residents to participate in the IHI retail sales

program, that IHI, Van Etten, Savage, or Smith did not disclose that IHI was not an

authorized dealer for some of the products listed in its retail sales catalogs and

brochures.

**ANSWER:**

**INTERROGATORY NO. 36:**        If the response to Request For Admission No.

35 is anything other than an unqualified admission, please set forth with particularity all

facts which constitute the basis of the response, and identify:

25

(1)     each person who has any knowledge of the facts and the extent of that knowledge;

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 35:**     Please produce all documents identified in response to Interrogatory No. 36.

**REQUEST FOR ADMISSION NO. 36:**   Please admit that, in connection with the offer of the opportunity for Montana residents to participate in the IHI retail sales program, that IHI, Van Etten, Savage, or Smith did not disclose that IHI's program was not registered as a security in the state of Montana.

**ANSWER:**

**INTERROGATORY NO. 37:**     If the response to Request For Admission No. 36 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)     each person who has any knowledge of the facts and the extent of that knowledge;

(2)     all documents; and

(3)     all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 36:**     Please produce all documents identified in response to Interrogatory No. 37.

26

**REQUEST FOR ADMISSION NO. 37:**   Please admit that Respondent Van Etten informed Montana agents and representatives of IHI on or about April 8, 1998, that the Commissioner had agreed to rescind or cancel the April 3, 1998, Cease and Desist Order and that IHI's Montana representatives and agents were no longer subject to that Order.

**ANSWER:**

**INTERROGATORY NO. 38:**   If the response to Request For Admission No. 37 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)   each person who has any knowledge of the facts and the extent of that knowledge;

(2)   all documents; and

(3)   all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 37:**   Please produce all documents identified in response to Interrogatory No. 38.

**REQUEST FOR ADMISSION NO. 38:**   Please admit that Respondent Van Etten informed Montana agents and representatives of IHI on or about April 15, 1998, that "we've already solved the problem" of the April 3, 1998, Cease and Desist Order, that the April 3, 1998, Cease and Desist Order is "going away" and "we're off their radar scope," and that the Commissioner had erred in issuing the order.

**ANSWER:**

27

**INTERROGATORY NO. 39:**      If the response to Request For Admission No. 38 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)      each person who has any knowledge of the facts and the extent of that knowledge;

(2)      all documents; and

(3)      all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 38:**      Please produce all documents identified in response to Interrogatory No. 39.

**REQUEST FOR ADMISSION NO. 39:**   Please admit that the refunds required under the May 1, 1998, Consent Agreement entered into between Stanley Van Etten on behalf of IHI, and the State Auditor have not been made to Montana residents by Stanley Van Etten or IHI.

**ANSWER:**

**INTERROGATORY NO. 40:**      If the response to Request For Admission No. 39 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)      each person who has any knowledge of the facts and the extent of that knowledge;

(2)      all documents; and

(3)      all oral communications that you contend support your denial.

28

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 39:**          Please produce all documents identified in response to Interrogatory No. 40.

**REQUEST FOR ADMISSION NO. 40:**   Please admit that IHI has not contributed to youth activities or consumer protection efforts in Montana, as required under the terms and conditions of the May 1, 1998, Consent Agreement entered into between Stanley Van Etten on behalf of IHI, and the State Auditor.

**ANSWER:**

**INTERROGATORY NO. 41:**        If the response to Request For Admission No. 40 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)   each person who has any knowledge of the facts and the extent of that knowledge;

(2)   all documents; and

(3)   all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 40:**          Please produce all documents identified in response to Interrogatory No. 41.

**REQUEST FOR ADMISSION NO. 41:**   Please admit that less than 30% of the products ordered by Montana independent sales representatives in connection with their retail business agreements have been shipped to the Montana residents by IHI or by Van Etten.

29

**ANSWER:**

**INTERROGATORY NO. 42:**    If the response to Request For Admission No. 41 is anything other than an unqualified admission, please set forth with particularity all facts which constitute the basis of the response, and identify:

(1)    each person who has any knowledge of the facts and the extent of that knowledge;

(2)    all documents; and

(3)    all oral communications that you contend support your denial.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 40:**    Please produce all documents identified in response to Interrogatory No. 41.

**REQUEST FOR PRODUCTION NO. 41:**    Please produce all documents Respondent intends to produce at the administrative hearing.

Dated this 3rd day of March, 1999.

Elizabeth A. O'Halloran

30

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a true and correct copy of the foregoing Petitioner's

First Discovery Requests to the following persons by depositing the same in the U.S.

Mail, postage prepaid, on this 3rd day of March, 1999.

Brent Wood, Esq.
Wood and Francis, PLLC
P.O. Box 164
Raleigh, NC 27602

Robert Brunton, Esq.
Kutak Rock
225 Peachtree Street, NE
Suite 2100
Atlanta, GA 30303-1768

Holmes Harden, Esq.
Maupin, Taylor & Ellis, PA
Highwoods Tower One, Suite 500
3200 Beachleaf Court
Raleigh, NC 27604-1064

David R. Paoli, Esq.
Paoli Law Office
P.O. Box 8131
Missoula, MT 59807

Lin Deola, Esq.
Reynolds, Motl, & Sherwood, PLLP
401 N. Last Chance Gulch
Helena, MT 59601

State Auditor's Office

31