UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

FILED
MAR 29 1999
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:                              )
                                    )      CHAPTER 7
INTERNATIONAL HERITAGE, INC.        )      CASE NO. 98-02675-5-ATS
                                    )
            Debtor.                 )
_____)

### RESPONSE TO TRUSTEE'S MOTION FOR ORDER

NOW COMES Joseph N. Callaway, as attorney for the State Auditor and the Commissioner of Securities of the State of Montana ("Respondent"), and hereby responds to the Motion of the Chapter 7 Trustee for an Order in support of its Automatic Stay of 11 U.S.C. §362 filed in this case and dated March 11, 1999. In support thereof, Respondent respectfully shows the Court as follows:

### First Defense

1.  The allegations of Paragraph 1 are admitted.

2.  The allegations of Paragraph 2 are admitted. The Commissioner did _not_ rescind the earlier order.

3.  The allegations of Paragraph 3 are admitted.

4.  The allegations of Paragraph 4 are admitted.

5.  The allegations of Paragraph 5 are admitted.

6.  Paragraph 6 is statement of law as to which no response is required.

7.  The allegations of Paragraph 7 are denied. The actions of Respondent and its Commissioner are not subject to the Automatic Stay of 11 U.S.C. §362(a) due to the operation of 11 U.S.C. §362(b)(4), the police power of the state exemption.

8.  The allegations of Paragraph 8 are admitted. The Trustee

has been served discovery, but the entry of the Consent Order would avoid the necessity of affirmative response by the Trustee, although Respondent will request the ability to review documents of the corporate Debtors with respect to its litigation against the individuals that will continue.

9. It is admitted that Debtor is no longer operating. It is denied that the state has no interest in pursuing its police power and responsibility because of defenses raised or alluded to by the individual Defendants in the Montana action, namely Stanley Van Etten, Claude Savage, and Larry Smith. Respondent's concerns can be addressed under a Consent Order with the Trustee imposing a permanent injunction against the corporate Debtors and that avoids a necessary party argument by the individual principals that the corporation is a necessary party to the administrative proceeding under Montana law by the individual defendants. It is admitted that the Trustee has offered to cooperate in the liquidation of the claims of Respondent, but Respondent has not filed a Proof of Claim in this action. Instead, Respondent is only concerned with the upholding of its laws and also with liquidation and payment to the extent possible of the claims of the 4074 Montana victims in the IHI case.

10. The allegations of Paragraph 10 are denied.

### Second Defense

Respondent has not filed a Proof of Claim in this case or otherwise heretofore made a general appearance in this case or submitted to the jurisdiction of the Bankruptcy Court. The doctrine of sovereign immunity under the Eleventh Amendment as set

forth in <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). It is respectfully submitted, therefore, that the Bankruptcy Court is without jurisdiction to issue a Stay Order against Respondent.

### Third Defense -- Motion to Modify Stay

In the alternative, if the Court should determine that jurisdiction is present and that the Automatic Stay applies, it is respectfully requested that the Automatic Stay of 11 U.S.C. §362 be modified to permit Respondent to proceed with the action in Montana for the limited purpose of establishing the permanent injunction against Debtor and avoiding the defense of necessary party by the individual Defendants. Respondent will agree it will not pursue a money judgment or fine against the corporate Debtors emanating from such action without filing a proper Proof of Claim in this Court and submitting to a redetermination by this Court without collateral estoppel effect upon any objection by the Trustee or other party in interest thereto.

WHEREFORE, Respondent respectfully requests that the relief sought by the Trustee be denied, and the alternative that the Automatic Stay of 11 U.S.C. §362 be modified to permit Respondent to proceed with the action in the courts of the State of Montana.

Dated: *March 25, 1999*

                        BATTLE, WINSLOW, SCOTT & WILEY, P.A.

                        BY: _/s/ Joseph N. Callaway_
                            Joseph N. Callaway
                            State Bar No.: 010821
                            Attorney for Respondent
                            P.O. Box 7100
                            Rocky Mount, NC  27804-0100
                            Telephone: (252) 937-2200
                            Facsimile: (252) 937-8100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) CASE NO. 98-02675-5-ATS |
| | ) |
| Debtor. | ) |
| | ) |

**NOTICE OF MOTION**

TO:  International Heritage, Inc., Debtor; Terri L. Gardner, Attorney for Debtor; Indenture Trustees, and Secured Creditors

NOTICE IS HEREBY GIVEN of the Motion to Lift Stay contained in the Response filed herewith by Joseph N. Callaway, Attorney for the State Auditor and the Commissioner of Securities of the State of Montana ("Respondent"), in the above-referenced case; and

FURTHER NOTICE IS HEREBY GIVEN that the Motion may be allowed provided no response and request for a hearing is made by the Debtor, Trustee or other parties in interest in writing to the Clerk of this Court within **FIFTEEN (15) DAYS** from the date of this notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for hearing is filed by the Debtor, Trustee, or other parties in interest named herein in writing within the time indicated, a hearing will be conducted at a date, time and place to be later set by this Court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion to Lift Stay and response thereto <u>ex parte</u> without further Notice.

DATE OF NOTICE: March 25, 1999

Joseph N. Callaway
State Bar No. 010821
BATTLE, WINSLOW, SCOTT & WILEY, P.A.
Attorneys for Respondent
P. O. Box 7100
Rocky Mount, NC  27804-0100
(919) 937-2200

F:\APPS\WP51\CALLAWAY\MONTANA\RESP.MOT

CERTIFICATE OF SERVICE

    I, Joseph N. Callaway, Attorney for Respondent in this action, hereby certify that on the 25th day of March, 1999, I served the document to which this certificate is attached:

**NOTICE OF MOTION AND RESPONSE TO TRUSTEE'S MOTION FOR ORDER**

by depositing a copy thereof postpaid in a post office of official depository under the exclusive care and custody of the United States Postal Service, in a wrapper, addressed to each of the following parties of interest in this action at the following last known addresses:

    Bankruptcy Administrator
    United States Bankruptcy Court
    Post Office Box 3758
    Wilson, NC  27894

    International Heritage, Inc.
    Attn:  Manager/Agent
    2626 Glenwood Ave., #200
    Raleigh, NC  27608

    Terri L. Gardner
    Attorney for Debtor
    P.O. Box 26268
    Raleigh, NC  27611-6268

    Holmes P. Harden
    Chapter 7 Trustee
    P.O. Box 17169
    Raleigh, NC  27619

    Joseph N. Callaway
    State Bar No. 010821
    BATTLE, WINSLOW, SCOTT & WILEY, P.A.
    Attorneys for Respondent
    P. O. Box 7100
    Rocky Mount, NC  27804-0100
    (252) 937-2200

F:\APPS\WP51\CALLAWAY\MONTANA\RESP.MOT