

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

APR 09 1999
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | |
|---|---|
| IN RE: ) | |
| INTERNATIONAL HERITAGE, INC. ) | CASE NO.: 98-02675-5-ATS |
| ) | CHAPTER 7 |
| Address: ) | |
| 2626 Glenwood Avenue, #200 ) | |
| Raleigh, NC 27608 ) | |
| Debtor. ) | |

### RESPONSE TO MOTION FOR 2004 EXAMINATION

NOW COMES Stanley H. Van Etten, by and through counsel, and in response to the Motion for 2004 Examination of Holmes P. Harden, Chapter 7 Trustee in the above-referenced case (hereinafter "Trustee"), objects and responds to said motion as follows:

1. On November 25, 1998, International Heritage, Inc. (hereinafter "Debtor") filed a petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code and, thereafter, the Trustee was appointed by the Court.

2. Prior to November 25, 1998, Stanley H. Van Etten (hereinafter "Mr. Van Etten") was the President, Chief Executive Officer and a Director of the Debtor. Mr. Van Etten assisted substantially in the preparation of the schedules of the Debtor and has reviewed and verified the contents of the schedules as well as amendments thereto.

3. On December 30, 1998, and pursuant to the Order of this Court, Mr. Van Etten appeared at the 341 Hearing of the Debtor and answered all questions proposed to him by the Trustee as well as other creditors who appeared at that hearing.

4. Subsequent to the appointment of the Trustee, Mr. Van Etten has made himself available to the Trustee and the Trustee's staff to answer questions and make suggestions to the Trustee as to issues relating to this bankruptcy action. In addition, Mr. Van Etten has incurred

substantial expense, including legal fees and wages of employees paid by him or entities under his control, in order to supply all information which the Trustee has sought from him. Mr. Van Etten has used every effort to maintain a very cordial and open relationship with the Trustee so that the Trustee might be less burdened by this bankruptcy action.

5. On December 7, 1998, the undersigned entered an appearance on behalf of Mr. Van Etten in this bankruptcy action and, since that time, has attempted to work with the Trustee at the direction of Mr. Van Etten to answer any questions which the Trustee may have relating to either Mr. Van Etten or the Debtor. On February 2, 1999, Hunter Wyche also entered an appearance on behalf of Mr. Van Etten. Mr. Wyche has also made himself available to answer questions of the Trustee or any counsel for the Trustee relating to Mr. Van Etten.

6. On or about April 5, 1999, counsel for the Trustee served their Motion for 2004 Examination seeking to examine Mr. Van Etten on April 19, 1999, and seeking from Mr. Van Etten the following documents:

   a. Any and all employment agreements between Stanley H. Van Etten and the Debtor, as well as any documents, correspondence, or memoranda evidencing any compensation agreement between the Debtor and Stanley H. Van Etten;
   b. Any and all documents, correspondence, or memoranda relating to compensation received by Stanley H. Van Etten from the Debtor;
   c. All documents, correspondence, or memoranda relating to any monetary transfers made from the Debtor: to Stanley H. Van Etten; to any family member of Stanley H. Van Etten; or to any entity in which Stanley H. Van Etten holds an interest of 10% or more;
   d. All documents, correspondence, or memoranda relating to any transfers of property, other than money, made from the Debtor: to Stanley H. Van Etten; to any family member of Stanley H. Van Etten; or to any entity in which Stanley H. Van Etten holds an interest of 10% or more;
   e. All documents, correspondence, or memoranda relating to the Debtor's Board of Director's alleged agreement to pay Stanley H. Van Etten a "bond procurement fee";
   f. All documents, correspondence, or memoranda relating to any loans made by Stanley H. Van Etten to the Debtor and all documents, correspondence

or memoranda evidencing or relating to a security interest in favor of Stanley H. Van Etten in the Debtor's property.

7. Prior to April 5, 1999, neither the Trustee or his counsel contacted the undersigned or Mr. Wyche to request an opportunity to examine Mr. Van Etten pursuant to Rule 2004 of the Bankruptcy Rules. In addition, neither the Trustee or his counsel sought to make arrangements for a time convenient to examine Mr. Van Etten pursuant to Rule 2004 of the Bankruptcy Rules. Currently, the date chosen for the Rule 2004 Examination of Mr. Van Etten (April 19, 1999) is inconvenient for both of Mr. Van Etten's counsel in that the undersigned has pending a trial in the Superior Court Division of Beaufort County beginning April 19, 1999, and Mr. Wyche has obligations relating to his role with the North Carolina State Bar. Mr. Van Etten, Mr. Wyche, and the undersigned will gladly work with the Trustee and his counsel to schedule a convenient time for the 2004 Examination of Mr. Van Etten.

8. While Mr. Van Etten can and will provide documents pursuant to the request of the Trustee in accordance with Rule 2004 of the Bankruptcy Rules, the request for documents submitted with the motion of the Trustee are objectionable for the following reasons:

 a. Most, if not all, of the requests of the Trustee are overly broad and potentially seek information which is either protected by the attorney-client privilege or the attorney work-product privilege. Upon information and belief, Mr. Van Etten can submit the key documents which the Trustee seeks provided that Mr. Van Etten is not required to submit privileged documents.

 b. Many of the Trustee's requests seek documents which are "relating to" other issues which makes the request both vague and overly broad. Again, Mr. Van Etten believes that he can supply the essential documents sought by the Trustee with the understanding that the Trustee's request is vague and overly broad when interpreted in its broadest sense.

 c. Many of the documents sought by the Trustee, in one form or another, are already in the possession of the Trustee; regardless, Mr. Van Etten will reproduce those same documents and deliver them to the Trustee, subject to the objections stated above.

3

WHEREFORE, Mr. Van Etten prays that this Court deny the Motion for 2004 Examination of the Trustee, order the Trustee and/or his counsel to work with Mr. Van Etten and his counsel to arrange a convenient time to conduct the 2004 Examination of Mr. Van Etten, sustain the objections of Mr. Van Etten to the request for production of documents of the Trustee, and grant such other and further relief as the Court deems appropriate.

This the 8th day of April, 1999.

WOOD & FRANCIS, PLLC

_____
Brent E. Wood
Attorney for Stanley H. Van Etten
State Bar No. 16898
Two Hannover Square
434 Fayetteville Street Mall, Suite 2300
Post Office Box 164
Raleigh, North Carolina  27602
(919) 828-0801

4

## CERTIFICATE OF SERVICE

I, Brent E. Wood, attorney for Stanley H. Van Etten, certify that I served the foregoing document on the 8th day April, 1999, upon the following parties, and in the manner below specified, by placing a copy thereof for each such party(ies) in a separate envelope bearing sufficient postage and depositing the same in the United States mail at Raleigh, North Carolina and/or by facsimile:

Holmes P. Harden, Esq.
Maupin, Taylor & Ellis, P.A.
3200 Beechleaf Ct., Suite 500
P. O. Drawer 19764
Raleigh, NC  27619-9764

Terri L. Gardner
Smith Debman Narron & Myers
4700 New Bern Avenue
P. O. Box 26268
Raleigh, NC  27611-6268

N. Hunter Wyche
Smith Debman Narron & Myers
4700 New Bern Avenue
P. O. Box 26268
Raleigh, NC  27611-6268

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3758
Wilson, NC  27894-3758

Stephani W. Humrickhouse
Nicholls & Crampton, P.A.
P. O. Box 18237
Raleigh, NC  27619

This the 8th day of April, 1999.

WOOD & FRANCIS, PLLC

Brent E. Wood
Two Hannover Square
424 Fayetteville Street Mall, Suite 2300
Post Office Box 164
Raleigh, North Carolina  27602
Telephone: (919) 828-0801

f:\wp\ihi-bk.RespMot2004Exam.doc