FILED

APR 15 1999

PEGGY B. DEANS, CLERK
U. S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: ) CHAPTER 7
) CASE NO. 98-02675-5-ATS
INTERNATIONAL HERITAGE, INC. )
)
Debtor. )

## MEMORANDUM IN SUPPORT OF BANKRUPTCY TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM STAY

### STATEMENT OF THE CASE

On November 25, 1998 International Heritage, Inc. ("International Heritage" or "Debtor") filed a voluntary petition in bankruptcy. Holmes P. Harden ("Bankruptcy Trustee") was appointed Chapter 7 Trustee in Bankruptcy for International Heritage.

On February 23, 1999, L.C. Gilbert ("Gilbert"), filed a Motion for Relief from Automatic Stay requesting the Court to enter an Order allowing Gilbert to continue prosecution of a civil action pending in the United States District Court, Eastern District of North Carolina, Western Division, <u>L.C. Gilbert, Jr. v. International Heritage, Inc., Stanley Van Etten, Claude W. Savage, and Larry G. Smith</u>, Case No. EDNC 5:98-CV-834-BR(3) ("District Court action" or "The Gilbert action").

On February 24, 1999, the Bankruptcy Trustee filed his Response to Motion for Relief from Stay and Request for Hearing.

This matter is presently before the Court on Gilbert's Motion for Relief from Automatic Stay.

## STATEMENT OF THE FACTS

The District Court action is a class action in which the class seeks compensatory and punitive damages against Debtor. The District Court action has not been certified as a class action. No motion to certify the class is pending. Debtor has provided notice of the bankruptcy to each claimant who may be a member of the potential class of the District Court action.

Including Gilbert's action, there are four other civil actions pending against Debtor. <u>Securities and Exchange Commission v. International Heritage, Inc., et al.</u>, No. 98-CV-0803 (N.D.Ga. March 16, 1998); <u>Meckenstock, et al. v. International Heritage, Inc., et al</u>, No. 5:98-CF-237-BR-2 (E.D.N.C. March 24, 1998); <u>Marsh v. International Heritage, Inc., et al.</u>, No. 98-2332-E (Tex. Dist. Ct. Mar. 27, 1998); <u>Greene, et al. v. International Heritage, Inc., et al.</u>, No. CV-98-42 (Ala. Cir. Ct. Apr. 1, 1998); and <u>In the Matter of: International Heritage, Inc., et al.</u>, Case No. I-04-02-98-4 (Montana State Auditor's Office, Securities Department, April 20, 1998) (The aforementioned lawsuits, in conjunction with the Gilbert action, may hereinafter collectively be referred to as "the pending underlying actions".) In addition, there are two other cases that were filed in 1998 that have subsequently been dismissed: <u>Liebendorfer v. International Heritage, Inc.</u>, No. DV98-2241 (Tex.Dist. Ct. Mar. 18, 1998); <u>Swinney, et al. v. Van Etten, et al.</u>, No. 98 CV 04277 (N.C. Super. Ct. Apr. 7, 1998).

Debtor had issued to it a directors and officers liability insurance policy from Executive Risk Specialty Insurance Company ("Executive Risk") from June 23, 1997 to July 23, 1998 with limits of liability of $5,000,000 per policy and from TIG Insurance Company

("TIG") from July 23, 1998 to July 23, 1999 with limits of liability of $5,000,000 per policy period. These liability policies may cover some of Debtor's losses incurred as a result of the claims in the pending underlying actions. The Gilbert action was first filed on July 1, 1998. As a result, plaintiffs in the Gilbert action may be entitled to receive a portion of the insurance proceeds. However, approximately only one half of the expected claims in bankruptcy have been docketed. The total monetary amount of the claims received to date exceeds $30,000,000.00. The amount of insurance proceeds will not be sufficient to satisfy all claims.

There are three means by which the Debtor is entitled to the proceeds of these insurance policies; (1) Debtor has expended in excess of $800,000 to date in attorneys fees defending the pending underlying actions and the mentioned dismissed underlying actions; (2) additional attorneys fees in excess of $190,000 have been incurred but remain unpaid; and (3) under the policies in question, the Debtor has a right to the proceeds of the insurance policies in question to the extent the pending civil actions and other claims, including claims in bankruptcy, involve securities-based claims made against the Debtor.

Executive Risk has filed a declaratory judgment action against International Heritage asking for a declaration of no coverage under the policy issued to International Heritage, <u>Executive Risk Specialty Insurance Company v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage and Larry G. Smith</u>, Case No.: 5:98-CV-542-F(3), E.D.N.C. Aug. 19, 1998. This action is stayed as to International Heritage. The Bankruptcy Trustee has filed an adversary proceeding in Bankruptcy Court requesting the

Court to declare the Debtor's rights under the same insurance policy issued by Executive Risk, <u>Holmes P. Harden, Trustee in Bankruptcy for International Heritage, Inc. v. Executive Risk Specialty Insurance Company</u>, Adversary Proceeding No. 5-99-00015-5-AP, Bankruptcy Case No. 98-02675-5-ATS, E.D.N.C. The Bankruptcy Trustee may also be filing an adversary proceeding requesting the Court to declare the parties rights under the TIG policy.

The Estate's claims to the insurance proceeds under this policy are assets of the Estate.

## ARGUMENT

Section 362(d)(1) provides that an automatic stay may be lifted "for cause". Factors to be considered when determining whether to lift the automatic stay for cause include:

1. Whether modification of the stay to allow litigation to conclude in a different forum will promote judicial economy;

2. Whether issues in the pending litigation involve only state laws so that the expertise of the Bankruptcy Court is unnecessary;

3. Whether relief from the stay would interfere with the Bankruptcy case; and

4. Whether the estate can be protected properly by requirement that creditors seek enforcement of any judgment through the Bankruptcy Court.

In Re: Claughton, 140 B.R. 861 (Bkrtcy, W.D.N.C. 1992).

1.  **Judicial Economy**

In the present case, the Debtor has insurance which may be determined to cover the Debtors' losses as a result of the pending underlying actions. The Debtor's losses include attorney's fees already incurred in excess of $800,000.00, attorney's fees incurred but remaining unpaid in excess of $190,000.00 and losses resulting from securities based claims.

There are also claims being made in bankruptcy court that are securities based claims. We do not know how many of them are securities based claims, but the number is substantial. The Debtor has a right to the proceeds to these securities based claims. The process of collecting said proceeds from the insurers will be accomplished through the Bankruptcy Trustee's pending and yet to be filed adversary proceedings. These adversary proceedings will be determined in Bankruptcy Court. In the interests of judicial economy, plaintiffs' claims in the Gilbert action to these proceeds should also be determined in Bankruptcy Court. It would be premature and unfairly prejudice the Estate to allow the plaintiffs in the Gilbert action to proceed to a potential judgment exhausting the insurance proceeds before the issue of coverage is even resolved and before Debtor is allowed to recover the portion of the proceeds that are due and owing to it.

The plaintiffs in the pending underlying actions and the Debtor are competing for the same insurance proceeds. However, this insurance money will not be sufficient to satisfy all of the losses from the underlying actions. If the stay is lifted as to this case, similar requests will be made on behalf of the plaintiffs in the other pending underlying actions. This will result in a "race to the courthouse" and in needless expenses being

incurred on behalf of all parties involved. If the stay is lifted, not only will all parties have to file claims in bankruptcy, they will also have to prosecute and/or defend the underlying actions.

In the case of <u>Matter of Gatke Corp.</u>, 117 B.R. 406 (Bkrtcy, N.D. Ind. 1989), the Bankruptcy Court denied a Motion to Lift the Automatic Stay in order to allow a state court asbestos suit to proceed. The Court based its opinion largely on the fact that the granting of relief from the stay would incur the filing of similar requests for relief by parties in other pending lawsuits.

In addition, It should be noted that if the Debtor is forced to defend all the pending underlying actions, they will incur additional attorneys fees, which are recoverable by the Debtor from the insurance proceeds. These insurance proceeds are assets of the Estate. The cost of defending the pending underlying actions could potentially completely exhaust all available insurance proceeds to the point that the plaintiffs would recover substantially less than they may be able to recover otherwise. Again, the interest of judicial economy is better served by denying the Motion and requiring all claims to be resolved in the Bankruptcy Court.

2.   **Interference with the Bankruptcy Case**

Granting the Motion for Relief from the Automatic Stay would significantly interfere with the Bankruptcy case in that the plaintiffs in the other pending underlying actions would file for similar relief, making management and resolution of the Bankruptcy case difficult. Granting the Motion would allow Gilbert an unfair opportunity to potentially recover insurance proceeds, diminishing the assets of the Estate, when in fact the

L./42027/1                                                    6

proceeds should be handled by the Trustee and disbursed among all claim holders and creditors. The Bankruptcy Court is the only forum in which these plaintiffs' claims may be appropriately handled.

3. **The Creditors Should be Required to Seek Enforcement of Judgment through the Bankruptcy Court.**

The Debtor has given all potential plaintiffs in the District Court actions notice of the bankruptcy proceeding. All potential claimants have been notified of the bar date to make claims in bankruptcy.

In the case of In Re: Texaco, Inc., 81 B.R. 820 (Bkrtcy, S.D.N.Y. 1988), a Motion for Relief from the Stay to Permit Maintenance of Class Actions on behalf of persons with potential claims against the debtor corporation was denied even though it was claimed that claims might be barred by the bar date. The Court stated that the potential claimants could file individual proofs of claim and would receive notice from Debtors informing them of the bar date when it was set. The Court held that the Bankruptcy Court was the appropriate forum to resolve the disputes involving the Debtor.

In the case at bar, Debtor has informed all potential claimants of the bar date. The rights of potential claimants have been adequately protected.

Further, as discussed supra, it appears that the Bankruptcy Court is the only forum in which the disbursement of the insurance proceeds the Estate may receive based on liability insurance policies the Debtor had at the time the pending actions were commenced may be properly and fairly disbursed. All of the plaintiffs in the various pending actions will assert that they have a right to these insurance proceeds. The

insurance proceeds will not be sufficient to satisfy the claims of the Estate, the Gilbert creditors and others made pursuant to these pending actions and, therefore, the Estate should be entitled to pursue claims against all available insurance without the risk that the insurance might be dissolved by competing claims.

## CONCLUSION

Based upon the arguments stated herein and upon the authority cited in support thereof, the Bankruptcy Trustee respectfully requests that this Court grant a hearing on Gilbert's Motion for Relief From Automatic Stay and/or Deny the Motion for Relief from Automatic Stay.

Respectfully submitted this the 15th day of April, 1999.

LEWIS & ROBERTS, P.L.L.C.

By: _____
James A. Roberts, III
State Bar No. 10495

_____
James T. Johnson
State Bar No. 19087
Attorneys for Bankruptcy Trustee
1305 Navaho Drive, Suite 400
Raleigh, North Carolina 27609-7482

## CERTIFICATE OF SERVICE

I, James T. Johnson, attorney for Bankruptcy Trustee, Holmes P. Harden, do hereby certify that the foregoing Bankruptcy Trustee's Response to and Request for Hearing for Relief from Automatic Stay filed by L.C. Gilbert was served upon all parties of record by hand delivery on the 15th day of April, 1999.

LEWIS & ROBERTS, P.L.L.C.

BY: _____
James T. Johnson
Attorneys for Bankruptcy Trustee
1305 Navaho Drive, Suite 400
Post Office Box 17529
Raleigh, North Carolina 27619-7529
Telephone: (919) 981-0191

SERVED:

Terri L. Gardner
Smith, Debman, Narron & Myers, LLP
4700 New Bern Avenue
Post Office Box 26268
Raleigh, North Carolina  27611-6268
*Attorneys for Debtor*

Marjorie K. Lynch
Bankruptcy Administrator
Post Office Box 3758
Wilson, North Carolina  27894-3758
*Bankruptcy Administrator*

Lloyd W. Gathings, II
Robert W. Shores
Gathings & Associates
Post Office Box 10545
Birmingham, Alabama  35202-0545
*Attorneys for L.C. Gilbert*

Ronald H. Garber
Boxley, Bolton & Garber, LLP
Post Office Drawer 1429
Raleigh, North Carolina  27602
*Attorneys for L.C. Gilbert*