UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA,
RALEIGH DIVISION

**FILED**

**APR 19 1999**

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN THE MATTER OF International Heritage, Incorporated Debtors

CASE NO 98-02675-5-ATS

## MOTION TO ACCEPT PROOFS OF CLAIM

Comes now creditors, Jack B. Hinton (SSN 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), Henry L. Balkcom, IV (SSN 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), Jack B. Hinton, Jr. (SSN 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), Ulric S. Ward, III (SSN 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), Henry B. Hinton (SSN 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), J. Stinson Slawson (SSN 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) and Dana H. Smith (SSN 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) (hereinafter "creditors") and give notice unto this Honorable Court of their filing of proofs of claim in the matter of the indebtedness of the above referenced debtor. By and through the undersigned counsel, creditors request that this Honorable Court accept their proofs of claim giving them due consideration. As grounds therefore, creditors state as follows:

1. Three of the above referenced creditors received proof of claims forms to be utilized to make a claim. However, not all of the above referenced creditors received proof of claim forms.

2. The undersigned counsel, although not admitted to practice in the United States Bankruptcy Court of the Eastern District of North Carolina, Raleigh Division, represented the above referenced creditors in negotiating a resolution of their dispute with the debtors before the filing of the Chapter 7 bankruptcy case referenced above. Consequently, the undersigned counsel instructed the other creditors to forward proofs of

claims forms to him once they were received. As stated above, not all of the creditors received proof of claim forms.

3. Once the deadline for filing claims had passed and not all of the creditors referenced herein had received proof of claim forms, the undersigned counsel took it upon himself to file this request that the bankruptcy court consider and accept this pleading as proofs of claims of the creditors listed herein.

4. On August 19, 1998, after many months of negotiating with various personnel at International Heritage, Inc. regarding the creditors listed herein, the undersigned counsel wrote debtor's compliance department the letter attached herewith as Exhibit "A". In that letter, a refund of $1,892.00 was requested on behalf of creditors.

5. Some time in October of 1998, LaTanya Tinsley wrote the undersigned referencing the September 24, 1998 telephone conversation with the undersigned. At the time of receiving that letter, the undersigned spoke with Ms. Tinsley who confirmed that the language in the letter regarding the debtors extension of "the buy-out option" was intended to mean that creditors referenced in this pleading would receive products totaling the amount paid in to the debtor less any products earned out. In other words, the creditors referenced herein were promised a pro rata refund of product which was valued at the amount paid in to the debtor less any products "earned out".

6.  Creditors state as basis for their claim that the debtor promised to pay a refund as espoused herein the failure to adhere to which would effectuate a fraud on these creditors as well as on the court.

7.  These creditors do not have security for their claim with the exception of the unqualified promise to pay as espoused in correspondence attached herewith as Exhibit "B" and referenced above.

Respectfully submitted,

*/s/ Jack B. Hinton, Jr.*
Jack B. Hinton, Jr.

OF COUNSEL:
Gidiere, Hinton & Herndon
60 Commerce Street/Suite 904
Montgomery, AL 36104
Tel: (334) 834-9950

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following by placing a copy of same in the United States mail, postage prepaid and properly addressed this _13th_ day of April, 1999:

Holmes P. Harden
P.O. Box 17169
Raleigh, NC 27619

Terri L. Gardner
Smith, Debnam, Hibbert & Pahl
P.O. Box 26268
Raleigh, NC 27611-6268

*/s/ Jack B. Hinton, Jr.*
Jack B. Hinton, Jr.

# GIDIERE & HINTON

ATTORNEYS AT LAW

SUITE 904

60 COMMERCE STREET

MONTGOMERY, ALABAMA 36104

PHILIP S. GIDIERE, JR.
JACK B. HINTON, JR.
STEVEN K. HERNDON

TELEPHONE
(334) 834-9950

FACSIMILE
(334) 834-1054

November 11, 1998

**Sent via facsimile transmission**

International Heritage, Inc.
Attn: Compliance Department
Tim Otto
2626 Glenwood Ave.
Suite 200
Raleigh, NC 27609
Fax: 919-872-8447
Fax: 919-571-4620

Dear Mr. Otto:

  I continue to get little if any cooperation regarding my August 19, 1998 letter a copy of which is enclosed. The only response I have received in regard to my effort to represent my clients is an undated letter from LaTanya Tinsley in the refund department which I received in the early part of October, 1998. In that letter, contrary to the request I made in my written request for a refund, Ms. Tinsley extends "the buyout option" to myself and the independent sales representatives listed in her letter. However, when I was finally able to talk to her, she indicated that such an opportunity meant that those representatives could simply request and receive products equating to the total amount paid in to International Heritage less the value of any products earned out to date. After sending me a catalog, I spoke with Ms. Tinsley again who promised to give me an itemized accounting of the dollar amount available to each representative whom I represent. That was a month ago. Now, when I have tried to call the company, I cannot get any live person on the phone regardless of what buttons I push.

  I am discouraged by the woeful response my requests have received. I have heard the message that International Heritage is changing from a multi level marketing program to a direct sales company. Again, the people I represent as well as myself do not want to be a part of that organization and want a full refund. Please forward checks made payable to me as attorney for the individuals listed in Ms. Tinsley's letter totaling the full amount of the refund requested in my August, 1998 letter. I look forward to hearing from you or the appropriate person with authority to execute this transaction within the next five business days.

      I am authorized to accept a refund on behalf of the above listed individuals which equates to the full amount paid into International Heritage <u>less</u> the value of any earned out centers. This is the only concession I am authorized to make.

Yours very truly,

*[signature]*

Jack B. Hinton, Jr.

JBH/dmj



rec'd 10/98

t/c w/ you & they get products totalling amount paid in less any products earned out.

Jack B. Hinton, Jr.
Suite 904
60 Commerce Street
Montgomery, AL 30104
Attn: Jack B. Hinton

Re: Jack Hinton, Henry L. Balkcom, IV, Henry B. Hinton, D. Hinton Smith, Ulrich S. Ward, III and J. Stinson Slawson.

Dear Sir:

This is a follow up letter in reference to our telephone conversation on **09/24/98**. In the interests of being a good corporate citizen, International Heritage Inc. has extended the buy-out option to the above named Independent Retail Sales Representative. Please be advised that any earnings and/or account balances will be deducted from the initial monies eligible to be applied to the buy-out of product(s).

Enclosed is a copy of International Heritage Inc. Retail Catalog and price list. Please see the attached instructions on how to complete the buy-out process.

If you have any additional questions or concerns, please contact me directly regarding this manner. Thank you for your cooperation and attention in this matter.

Sincerely,

LaTanya Tinsley
Refund Department

Enclosure

cc: Compliance Department

No ans 11/98
12/2/98

Carolina Place • 2626 Glenwood Avenue Suite 200 • Raleigh, N.C. 27608
919 571-4646 • Fax 919 571-4620

GIDIERE & HINTON

ATTORNEYS AT LAW

SUITE 904

60 COMMERCE STREET

MONTGOMERY, ALABAMA 36104

PHILIP S. GIDIERE, JR.
JACK B. HINTON, JR.
STEVEN K. HERNDON

TELEPHONE
(334) 834-9950

FACSIMILE
(334) 834-1054

August 19, 1998

International Heritage, Inc.
Attn: Compliance Department
Tim Otto
2626 Glenwood Ave.
Suite 200
Raleigh, NC 27609

Dear Mr. Otto:

You and I have had a number of telephone conversations in the past at which time you answered a variety of questions that I had about the propriety of International Heritage, Inc.'s business operations. For the most part, your responses to my inquiries were satisfactory. However, in recent months, I have had to research on my own to find about the many negative developments which have arisen out of IHI's business operations. At the very least, I am disappointed in the silence which has lulled me and others into a sense of false security that everything was operating appropriately.

Recently, I took some time to investigate IHI's operations over the internet and found that the business which I joined and encouraged others to join is not the same as it was represented to be at the time. In short, I no longer wish to be affiliated with a business nor can I recommend to my clients to be affiliated with a business which is now operating differently than it was once represented and which has developed a reputation that is not credible.

I represent the following representatives: Henry L. Balkcom, IV, Jack Hinton, Henry B. Hinton, D. Hinton Smith, Ulrich S. Ward, III and J. Stinson Slawson. Although the total application fees for those representatives varied slightly, I am authorized to accept $1,892.00 on behalf of each of those representatives as full and final settlement of any and all claims they might have against the company.

I have tried not to make this letter argumentative; I simply want to restore the credibility I had with these people as well as represent their interests as I am required fully and faithfully to do.

In closing, I realize that there are "buy out options" which are available to each representative. These alternatives are unacceptable as the clients I represent and myself no longer wish to spend any more money with IHI; we simply want a refund. I have refrained from copying this letter to Lloyd Whitaker in an effort to resolve this matter without the involvement of the Court appointed monitor even though Whitaker recommends such action. Hopefully we will not have to go that route. I look forward to your prompt response. I am happy to talk with you or any other person on behalf of IHI in an effort to amicably resolve the interests of the above persons.

Yours very truly,

Jack B. Hinton, Jr.

JBH/dmj

cc:   Christopher Reid