FILED
APR 29 1999
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                          CASE NO.

INTERNATIONAL HERITAGE, INC.,                   98-02675-5-ATS

    DEBTOR

### ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

The matter before the court is the Motion for Relief from Automatic Stay filed by L. C. Gilbert, Jr.  Mr. Gilbert seeks relief from the automatic stay to pursue class action litigation, L.C. Gilbert, Jr. v. International Heritage, Inc., Stanley Van Etten, Claude W. Savage, and Larry G. Smith, No. 98-CV-834 (E.D.N.C. filed Oct. 29, 1998), that is pending in the United States District Court for the Eastern District of North Carolina. In that law suit Mr. Gilbert seeks to represent approximately 150,000 claimants with average claims of $1,000 who entered into Retail Business Agreements with International Heritage, Inc. from April 1, 1995 to the present.  A hearing was held in Raleigh, North Carolina on April 15, 1999.  The motion will be denied.

International Heritage, Inc. filed a petition for relief under chapter 7 of the Bankruptcy Code on November 25, 1998, and Holmes P. Harden was appointed chapter 7 trustee.  The bankruptcy clerk's office notified the debtor's approximately 190,000 creditors that this was an asset case and that proofs of claim should be filed.  The bar date for filing proofs of claim was March 30, 1999, and 15,563 claims totaling more than $210 million have been filed.

156

Mr. Gilbert maintains that lifting the stay to establish the liability of the debtor and the debtor's codefendants in his district court lawsuit would promote judicial economy. According to Mr. Gilbert, if the stay is not lifted as to International Heritage, Inc., the issues tried in the district court with respect to codefendants, Van Etten, Savage and Smith, will have to be retried again in the bankruptcy court with respect to International Heritage, Inc.

The court is not persuaded that two trials would be required if relief from the stay is not granted. Mr. Gilbert assumes that the automatic stay does not apply to his claims against the debtor's codefendants. That issue is not before the court (and the court makes no determination in that regard), but the United States Court of Appeals for the Fourth Circuit has held that insurance contracts are included as property of the estate and that "actions 'related to' the bankruptcy proceedings against the insurer or against officers or employees of the debtor who may be entitled to indemnification under such policy or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3)." A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robbins, Inc.), 788 F.2d 994, 1001-02 (4th Cir. 1986). The court also has the authority under 11 U.S.C. § 105 to enjoin litigation that affects assets, including insurance policies, of the estate.

Mr. Gilbert argues that his lawsuit cannot be decided by the bankruptcy court because the bankruptcy court does not have jurisdiction over the codefendants. However, the litigation is a

civil proceeding related to a bankruptcy case that the court may hear and determine with the consent of the parties. 28 U.S.C. §§ 157(c), 1334(b). Whether the parties will consent to the court's jurisdiction is not known at this time.

Also, it is not clear that any litigation will be necessary to establish International Heritage, Inc.'s liability to creditors. The class of creditors that Mr. Gilbert seeks to represent was notified of the bankruptcy and was told to file proofs of claim. If a creditor files a proof of claim, the claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The trustee is in the process of examining the claims that have been filed and may or may not file objections.

Mr. Gilbert hopes to establish securities law violations that are covered by the debtor's insurance policies. The debtor has two insurance policies that may cover a portion of the claims. One of the insurers, Executive Risk Specialty Insurance Company, which issued a $5 million policy covering June 23, 1997 to July 23, 1998, filed a declaratory judgment action against International Heritage, Inc. to determine that it has no liability coverage under the policy. _Executive Risk Specialty Ins. Co. v. International Heritage, Inc._, No. 98-CV-542 (E.D.N.C. filed July 10, 1998). The bankruptcy trustee has also filed an adversary proceeding in the bankruptcy court to determine the debtor's rights under the same insurance policy. _Harden v. Executive Risk Specialty Ins. Co._, Adv. Pro. No. S-99-00015-5-AP (Bankr. E.D.N.C. filed March 18, 1999). Furthermore, the trustee may file a declaratory judgment

action against the debtor's other insurer, TIG Insurance Company, which issued a $5 million policy covering the period July 23, 1998 to July 23, 1999. The court should determine whether or not the debtor has insurance coverage before embarking on extensive litigation to see if the securities laws were violated.

If it is decided that insurance coverage is available to the debtor, the trustee may be the appropriate party to pursue the insurance claims.

It is premature to modify the automatic stay at this time. The trustee must examine the filed claims and must ascertain the scope of the debtor's insurance coverage. The trustee must also assess what effect the litigation brought by the Securities and Exchange Commission, <u>Securities and Exch. Comm'n v. International Heritage, Inc.</u>, No. 1-98-CV-0803 (N.D. Ga. filed March 16, 1998), has on the claims filed by creditors in this case.

Finally, the automatic stay should remain in place to permit the trustee, the insurance companies, the debtor's codefendants, and the Securities and Exchange Commission to attempt a comprehensive settlement of all disputes.

Accordingly, Mr. Gilbert's motion for relief from the automatic stay is **DENIED**.

**SO ORDERED.**

DATED:  APR 29 1999

*[signature]*
A. Thomas Small
Bankruptcy Judge

U.S. Bankruptcy Court for the Eastern District of North Carolina
U.S. BANKRUPTCY COURT, PO BOX 1441, RALEIGH, NC 27602-1441

In Re a *Petition for Relief under chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor(s) on November 25, 1998:

DEBTOR:  **INTERNATIONAL HERITAGE, INC.** of 2626 GLENWOOD AVE., #200, RALEIGH NC 27608,  SSAN: NA         TAX ID: 56-1921093

CASE NO. 98-02675-5-ATS

ORDER AND NOTICE
BY THE COURT

CERTIFICATE OF MAILING

I am a regularly appointed and qualified deputy clerk in the office of the clerk, in and for said court and district, and I hereby certify that a copy of the attached document was mailed in a postage prepaid envelope addressed to the following at their respective addresses, by placing said envelope in the regular mail in Raleigh, NC, on this date.

DATED: APR 29 1999

_[signature]_
DEPUTY CLERK

INTERNATIONAL HERITAGE, INC.
2626 GLENWOOD AVE., #200
RALEIGH, NC 27608


Terri L. Gardner
P. O. Box 26268
Raleigh, NC 27611-6268

Holmes P. Harden
P.O. Box 17169
Raleigh, NC 27619

Lloyd W. Gathings, II
Robert W. Shores
P.O. Box 10545
Birmingham, AL 35202-0545

Ronald H. Garber
P.O. Box 1429
Raleigh, NC 27602

Brent Wood
P.O. Box 164
Raleigh, NC 27602

ATS, JRL