

FILED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

MAY 0 4 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| INTERNATIONAL HERITAGE, | ) | |
| INCORPORATED, | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02674-5-ATS |
| Debtors. | ) | |

MOTION FOR BIFURCATION OF HEARING, OR
IN THE ALTERNATIVE, FOR STATUS CONFERENCE

NOW COMES Holmes P. Harden, Chapter 7 Trustee in the above-captioned cases, and moves for an order bifurcating the hearing set for May 5, 1999, on the Application of Trustee to Enter Into Stipulation and Consent to Final Judgment of Permanent Injunction, or in the alternative, to substitute a status conference for the hearing. In support of this Motion, the Trustee states as follows:

1.      International Heritage, Inc. and International Heritage, Incorporated filed voluntary petitions under Chapter 7 of the United States Bankruptcy Code on November 25, 1998 and Holmes P. Harden was appointed Chapter 7 Trustee.

2.      On January 15, 1999, the Trustee filed an Application of Trustee to Enter Into Stipulation and Consent to Final Judgment of Permanent Injunction seeking authority to enter into a Stipulation and Consent to Final Judgment of Permanent Injunction with the Securities and Exchange Commission (the "Commission") which would resolve, as against the Debtors, the civil action brought by the Commission against the Debtors and others in the United States District Court for the Northern District of Georgia captioned *Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada Corporation,* Civil Action No. 1-98-CV-0803-RWS (the "Civil Action"), and the proof of claim dated January 4, 1999 in the amount of $6,450,000.00, filed by the Commission. The Application, and any objections and/or responses thereto, is presently set for hearing on May 5, 1999.

3.      Acstar Insurance Company, L.C. Gilbert, Stanley H. Van Etten, and Chittenden Bank filed objections to the Application. The Debtors filed a Response, as well. The original Objection of Acstar Insurance Company ("Acstar") was amended to more specifically set forth the grounds for the Objection on February 8, 1999. Acstar asserts, inter alia, that the Debtors

30 pp

158

entered into an Indemnity Agreement with it which granted Acstar the **exclusive** right to determine when, how, and if to settle the Civil Action; "that the entry of a Consent Judgment, without the express permission of [Acstar], by [the Trustee] is a material default of the terms and conditions of the Bond and principles of suretyship"; and that "[t]he entry of a consent judgment, without the permission of the surety, would materially alter the risk agreed to by the surety and will void the Bond." Among the arguments advanced by Acstar are the assertions that the Application must be brought by adversary proceeding rather than pursuant to Bankruptcy Rule 9019 and that this court lacks jurisdiction.

4.     By letter dated May 3, 1999 and telecopied to the Trustee on that day, counsel for Acstar formally requested the Trustee "to notify [his] malpractice carrier as well as the carrier for [his] Trustee's bond" because of the Trustee's refusal to withdraw the Application for authority to enter into the compromise and settlement of the Commission's claim and the Civil Action. A copy of that letter with its attachments is attached hereto as Exhibit A and incorporated herein by reference.

5.     The Trustee has properly sought the Court's approval of the compromise and settlement in accordance with Bankruptcy Rule 9019. The Trustee's intent in seeking approval of the compromise and settlement has always been, and continues to be, the maximization of the Debtors' estates. He has proceeded in good faith based upon his analysis of the merits of the Commission's claims and the defenses of the Debtors. He and the Commission are prepared to present evidence and argument to support the propriety of the settlement and compromise. It is therefore inappropriate and grossly unfair for him to be placed in the unenviable position of having to choose between exposure to personal liability and the good faith discharge of his duties as Chapter 7 Trustee.

6.     The Trustee seeks bifurcation of the hearing set for May 5, 1999 so that only those issues relating to the **authority** of the Trustee to file the Application, the jurisdiction of this Court to approve the Application without the permission of Acstar, the effect of pursuing the Application on the viability of the Bond, and the alleged personal liability of the Trustee are determined at the hearing; all other issues to be set for hearing at a later date.

7.     In the alternative, the Trustee seeks the setting of a status conference in lieu of the hearing on May 5, 1999, so that the Court and the parties may investigate and determine the proper procedure for dealing with both the threshold issues of authority, jurisdiction, the viability of the Bond and personal liability, as well as the substantive issues relating to the Trustee's Application.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order bifurcating the hearing on May 5, 1999 so that only those issues relating to the authority of the Trustee to file the Application, the jurisdiction of this Court to approve the Application without the permission of Acstar, the effect of pursuing the Application on the viability of the Bond and the alleged personal liability of the Trustee are determined on that date with all issues to be set for hearing at

a later date. In the alternative, the Trustee respectfully requests that the Court set a status conference in lieu of the hearing on May 5, 1999.

Respectfully submitted this 4th day of May, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY:

Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, do hereby certify that the foregoing or attached document

was served upon all parties of record by mailing a copy thereof to their counsel of record at the

addresses indicated below with the proper postage attached and deposited in an official

depository under the exclusive care and custody of the United States Postal Service in Raleigh,

North Carolina, on the 4th day of May, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____
Holmes P. Harden
3200 Beechleaf Court, Suite 500
Post Office Drawer 19764
Raleigh, North Carolina 27619-9764
Telephone: (919) 981-4000

SERVED BY FAX:

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039
Fax: 856-4692

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226
Fax: 313-961-8358

N. Hunter Wyche, Jr.
Smith Debnam Narron & Myers, L.L.P.
P. O. Box 26268
Raleigh, NC 27611-6268
Fax:250-2100

Lloyd W. Gathings, II
Robert W. Shores
Gathings & Associates
P. O. Box 10545
Birmingham, AL 35202-0545
Fax: 205-803-3029

Ronald H. Garber
Boxley, Bolton & Garber, LLP
P. O. Drawer 1429
Raleigh, NC 27602
Fax: 832-3918

Kathryn N. Koonce
P. O. Box 10096
Raleigh, N C 27605-0096
Fax: 783-1075

Terri L. Gardner
Smith Debnam Narron & Myers, L.L.P.
P. O. Box 26268
Raleigh, NC 27611-6268
Fax: 250-2100

Michael Flanagan
Ward & Smith, P.A.
P. O. Box 8088
Greenville, NC 27835-8088
Fax: 252-756-3689

William P. Hicks
Securities and Exchange Commission
3475 Lenox Road, NE, Suite 1000
Atlanta, GA 30326-1232
Fax:  404-842-7666

Brent E. Wood
Wood & Francis, P.L.L.C.
P. O. Box 164
Raleigh, NC 27601
Via Fax: 828-0804

Stephani Humrickhouse
Nicholls & Crampton, P. A.
4300 Six Forks Road, Suite 700
Raleigh, North Carolina 27619
Via Fax:  782-0465

# WARD AND SMITH, P.A.
## ATTORNEYS AT LAW

1001 COLLEGE COURT
POST OFFICE BOX 867
NEW BERN, N.C. 28563-0867
TELEPHONE (252) 633-1000
FACSIMILE (252) 638-2121

UNIVERSITY CORPORATE CENTER
127 RACINE DRIVE
POST OFFICE BOX 7068
WILMINGTON, N.C. 28406-7068
TELEPHONE (910) 392-5100
FACSIMILE (910) 392-2333

GREENVILLE, N.C.

MAILING ADDRESS:

POST OFFICE BOX 8088
GREENVILLE, N.C. 27835-8088

PHYSICAL ADDRESS:

120 WEST FIRE TOWER ROAD
WINTERVILLE, N.C. 28590

TELEPHONE (252) 355-3030
FACSIMILE (252) 756-3089

WEB SITE www.wardandsmith.com

E-MAIL MPF@WARDANDSMITH.COM

SUITE 2400
TWO HANNOVER SQUARE
FAYETTEVILLE STREET MALL
POST OFFICE BOX 2091
RALEIGH, N.C. 27602-2091
TELEPHONE (919) 836-1800
FACSIMILE (919) 836-1607

May 3, 1999

VIA TELECOPIER ONLY

Mr. Holmes P. Harden
Attorney at Law
Post Office Drawer 19764
Raleigh, North Carolina  27619-9764

RE:   International Heritage, Inc.
      Our Client: Acstar
      Our File 990138-0001-001

Dear Holmes:

I attach various items of correspondence between IHI and the bonding company as requested. I also acknowledge your refusal to withdraw the Application and your continued intent to go forward with entering a Consent Judgment despite the express provisions of the Indemnity Agreement between the principal and the surety.

While it pains me to do this I am requesting that you notify your malpractice carrier as well as the carrier for your Trustee's bond. While I understand your continued interest in "funding" the bankruptcy estate I again reiterate that any actions taken by you which breach the underlying agreements between the parties on the bond will be addressed at a later date.

The issue of the viability of the bond, (perhaps damaged by collusive activities of the SEC) is an entirely different issue from this and do not let counsel for the SEC lead you, individually, down this path.



Mr. Robert H. Frazer
May 3, 1999
Page 2

With that being said, I look forward to seeing you on Wednesday.

Yours very truly,

Michael P. Flanagan

MPF:ydo
GVLMAIN\203167.1
Enclosures
cc:  Mr. Robert H. Frazer (via telecopier)

# WOOD & FRANCIS, PLLC

### ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
CHARLES T. FRANCIS
BRENT E. WOOD

OF COUNSEL
ERIC MILLER REEVES
ALAN D. WOODLIEF, JR.

June 8, 1998

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

## VIA OVERNIGHT MAIL

Henry W. Nozko, Jr.
Acstar Insurance Company
Post Office Box 2350
New Britain, Connecticut 06050-2350

        Re:    International Heritage, Inc.

Dear Henry:

        Consistent with our discussions on Friday, I have attached an Indemnity Agreement executed by both International Heritage, Inc. and International Heritage, Incorporated. Your cooperation is greatly appreciated. With kindest regards, I am

                                Sincerely yours,

                                Brent E. Wood

  cc:    John D. Brothers

f:\rec\nozko.ltr2

# WOOD & FRANCIS, PLLC
### ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
CHARLES T. FRANCIS
BRENT E. WOOD

OF COUNSEL
ERIC MILLER REEVES
ALAN D. WOODLIEF, JR.

June 5, 1998

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA  27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA  27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

## VIA FACSIMILE ONLY

Henry W. Nozko, Jr.
Acstar Insurance Company
Post Office Box 2350
New Britain, Connecticut 06050-2350

Re:  International Heritage, Inc.

Dear Henry:

As you can see from the attached letter to counsel for the court-appointed monitor, I am proceeding forward as we discussed.  Please pay careful attention to my proposed schedule set forth in the attached letter.  As you can see, we are quite hopeful that the process will be completed on Tuesday morning.  Please remember that, after receiving the funds from the Clerk's office by wire transfer, it will be necessary for you to provide written acknowledgement of those funds to the Clerk's office in Atlanta.

Your cooperation is greatly appreciated.  With kindest regards, I am

Sincerely yours,

Brent E. Wood

cc:  Robert Hukezalie (via facsimile)
    Stanley H. Van Etten
    John D. Brothers
    Martin Pallazza (via facsimile)
    Robert Brunton (via facsimile)

f:\sec\nozko.ltr

# WOOD & FRANCIS, PLLC

## ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
CHARLES T. FRANCIS
BRENT E. WOOD

OF COUNSEL
ERIC MILLER REEVES
ALAN D. WOODRUFF, JR.

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

June 5, 1998

## VIA FACSIMILE

Gerald A. Jeutter, Jr., Esq.
Kilpatrick Stockton, LLP
Post Office Box 300004
Raleigh, North Carolina 27622

## VIA FACSIMILE AND OVERNIGHT MAIL

Joel B. Piassick, Esq.
Kilpatrick Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530

> Re: Securities and Exchange Commission v. International Heritage, Inc.,
> Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International
> heritage, Incorporated; Civil Action No.: 1-98-CV-0803-RWS

Dear Jeb and Joel:

Thank you for working with me this week on the replacement of the cash bond currently held by the Court pursuant to the orders of Judge Story. Earlier today, I received a message from Jeb making one suggestion regarding a change to the Payment Bond and an additional suggested change for the proposed order. Both of Jeb's changes were acceptable to me. I have spoken with Mr. Nozko at Acstar Insurance Company and he has approved the same as well. The amendment has been made to the proposed order and Mr. Nozko has amended the proposed Payment Bond, which is attached to the proposed order as Exhibit A. As a result, I am hopeful that we can obtain Lloyd's approval to the proposed order and Payment Bond early Monday morning and then submit the same to Judge Story on Monday for his signature.

In order to expedite this process, I am delivering this letter to Joel by overnight mail. According to the message from Jeb, I understand that Lloyd should have an opportunity to review the proposed order and Payment Bond on Monday morning. If the proposed order and Payment Bond are acceptable to Lloyd, I would ask that the proposed order be delivered to Judge Story's chambers for immediate execution. If necessary, I am sure that I can obtain the

Gerald A. Jeutter, Jr., Esq.
Joel B. Piassick, Esq.
June 5, 1998
Page 2

assistance of Bob Brunton's office for delivering the proposed order to Judge Story's office.

Assuming that Judge Story then approves the form of the order and executes the same (and after I have received notice of that execution), I will then have the authority from Acstar Insurance Company to deliver the fully executed Payment Bond to the Clerk of Court for filing. I will do that by overnight mail on Monday provided that I have notice of the signing of the order. For your information, Mr. Nozko has agreed to deliver a signed Payment Bond to me with the understanding that I will hold the same in trust. He is delivering the signed Payment Bond to me so that I can then have my client sign the same.

Assuming that all goes as planned and described above, I would hope that the Clerk's office could then wire transfer funds to both Mr. Nozko and International Heritage on Tuesday morning after receiving the fully executed Payment Bond from me. As you can see from my proposed changes to the order, Mr. Nozko has asked for a three (3) business day time period for delivering acknowledgement to the Clerk's office. I feel confident that Mr. Nozko will acknowledge receipt of the funds as soon as he receives them from the Clerk's office and he is provided notice from his bank of that receipt.

Again, your efforts in expediting this matter are greatly appreciated. With kindest regards, I am

Sincerely yours,

Brent E. Wood

Enclosure
cc:     Robert Hukezalie (via facsimile)
        Stanley H. Van Etten
        John D. Brothers
        Henry Nozko, Jr. (via facsimile)
        Robert Brunton, Esq. (via facsimile)
        Martin Pallazza (via facsimile)
BEW/et
f\bec\jeutter.lt3



**ACSTAR**
**INSURANCE COMPANY**    233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN, CT 06050-2350 • (860) 224-2000

June 4, 1998

Brent E. Wood                                                    fax (919) 828-0804
Wood & Francis, PLLC
Two Hannover Square
434 Fayetteville Street Mall, Suite 2300
Raleigh, NC 27601

**INTERNATIONAL HERITAGE INCORPORATED**
**RALEIGH, NC**
**JUDGMENT BOND IN THE MATTER OF SECURITIES AND EXCHANGE COMMISSION V.**
**INTERNATIONAL HERITAGE, INC., STANLEY H. VAN ETTEN, CLAUDE W. SAVAGE,**
**LARRY G. SMITH AND INTERNATIONAL HERITAGE INCORPORATED**
**BOND AMOUNT: $5,000,000**

We have received a copy of your letter of June 3, 1998 to Gerald A. Jeutter, Jr., Esq. and Joel
B. Piassick, Esq. with copy of proposed order for entry by Judge Story relating to the bond to be
issued by ACSTAR Insurance Company. We approve of the order as drafted.

Attached is copy of re-drafted ACSTAR bond which has been expanded to include the second
conditions (paragraph 3, page 3) of the order entered into by Richard W. Story on April 3, 1998.
We also cleaned up the third paragraph of our original draft which we presented on May 28,
1998 with reference that the bond will be returned to the Surety upon an order releasing the
bond should SEC fail to obtain a judgment.

We have also added a paragraph prior to the closing paragraph which activates the bond only
upon receipt by ACSTAR Insurance Company of collateral and premium in the amount of
$3,650,000.

Yours very truly,

HENRY W. NOZKO, JR. - PRESIDENT

HWNJR/nps
Attachment

cc:    Gerald Jeutter, Jr., Esq., Kilpatrick Stockton, LLP, Raleigh, NC, fax (919) 420-1800
       Joel B. Piassick, Esq., Kilpatrick Stockton, LLP, Atlanta, GA, fax (404) 815-6555
       Martin Pallazza, J&H Marsh & McLennan, Inc., Charlotte, NC (fax (704) 376-0404

## PAYMENT BOND

KNOW ALL MEN BY THESE PRESENTS, that International Heritage, Inc., as Principal, and ACSTAR INSURANCE COMPANY, 233 Main Street, P.O. Box 2350, New Britain, CT 06050-2350, as Surety, are held and firmly bound unto The Clerk Court for the United States District Court for the Northern District of Georgia, Atlanta Division (hereinafter "Clerk of Court"), as Obligee, hereinafter called the Obligee, in the penal sum of FIVE MILLION and 00/100 Dollars ($5,000,000) for which payment well and truly to be made we do bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH, that:

WHEREAS, the Principal has been required to post this disgorgement bond to assure that the liquid assets of Principal are not diminished during the pendency in the action captioned Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage Incorporated", and that such principal sum will be available to satisfy any amounts that may be ordered paid by Principal in the above proceeding. This bond shall apply to any judgment for damages and/or order granting disgorgement or other monetary relief against Principal up to FIVE MILLION DOLLARS.

The condition of this obligation is such that if the SEC shall fail to obtain a judgment for damages or an order granting disgorgement or other monetary relief against the Principal, then this obligation shall be null and void and this bond shall be returned to the Surety upon receipt by The Clerk of the Court of an order releasing this bond, otherwise this bond shall remain in full force and effect, pending further order of this Court.

A further condition of this obligation is that if SEC obtains a judgment for damages and/or an order granting disgorgement of any other monetary relief against the Principal, and that judgment is and any order granting disgorgement or other monetary relief are satisfied in whole or in part from the assets of the Principal in full or, alternatively in at least the principal amount of Five Million Dollars ($5,000,000), the bond or any unapplied part of the amount of the bond shall be null and void and the bond shall be returned to the Surety, otherwise this bond shall remain in full force and effect, pending further order of this court.

A further condition of this obligation is that this bond shall not be effective until Surety receives U.S. Three Million Six Hundred Fifty Dollars ($3,650,000) by wire transfer to the Surety at Fleet Bank, 777 Main Street, Hartford, CT, ABA #011500010, to credit ACSTAR Insurance Company, Account #5017-0193.

IN WITNESS WHEREOF, the above bounden parties have executed this instrument under their several seals this _____ day of _____, 19____ the name and corporate seal of each corporate party being affixed hereto and these presents duly signed by its undersigned representatives, pursuant to authority of its governing body.

ATTEST:

_____

_____                                    _____ (Seal)
                                                             Principal

                                                             By_____

ATTEST:

_____

_____                                    ACSTAR INSURANCE COMPANY (Seal)

                                                             By_____
                                                             Name:   Henry W. Nozko, Jr.
                                                             Title:   President

MODE = MEMORY TRANSMISSION          START=JUN-05 09:45    END=JUN-05 09:51

FILE NO. = 225

| NO. | COM | ABBR/NTWK | STATION NAME/ TELEPHONE NO. | PAGES | PRG.NO. | PROGRAM NAME |
|-----|-----|-----------|------------------------------|-------|---------|--------------|
| 001 | OK  | ≤         | 19198280004                  | 002-002 |       |              |
| 002 | OK  | ≤         | 19194201800                  | 002-002 |       |              |
| 003 | OK  | ≤         | 14048156555                  | 002-002 |       |              |
| 004 | OK  | ≤         | 17043760404                  | 002-002 |       |              |

****************************************** -           - ***** -       860 229 1111- **********



**ACSTAR**
INSURANCE COMPANY          233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN, CT 06050-2350 • (800) 224-2000

June 4, 1998

Brent E. Wood                                                    fax (919) 828-0804
Wood & Francis, PLLC
Two Hannover Square
434 Fayetteville Street Mall, Suite 2300
Raleigh, NC 27601

**INTERNATIONAL HERITAGE INCORPORATED**
**RALEIGH, NC**
**JUDGMENT BOND IN THE MATTER OF SECURITIES AND EXCHANGE COMMISSION V.**
**INTERNATIONAL HERITAGE, INC., STANLEY H. VAN ETTEN, CLAUDE W. SAVAGE,**
**LARRY G. SMITH AND INTERNATIONAL HERITAGE INCORPORATED**
**BOND AMOUNT: $5,000,000**

We have received a copy of your letter of June 3, 1998 to Gerald A. Jeutter, Jr., Esq. and Joel
B. Piassick, Esq. with copy of proposed order for entry by Judge Story relating to the bond to be
issued by ACSTAR Insurance Company. We approve of the order as drafted.

Attached is copy of re-drafted ACSTAR bond which has been expanded to include the second
conditions (paragraph 3, page 3) of the order entered into by Richard W. Story on April 3, 1998.
We also cleaned up the third paragraph of our original draft which we presented on May 28,
1998 with reference that the bond will be returned to the Surety upon an order releasing the
bond should SEC fail to obtain a judgment.

We have also added a paragraph prior to the closing paragraph which activates the bond only
upon receipt by ACSTAR Insurance Company of collateral and premium in the amount of
$3,650,000.

Yours very truly,

HENRY W. NOZKO, JR. - PRESIDENT

HWNJR/nps
Attachment

cc:     Gerald Jeutter, Jr., Esq., Kilpatrick Stockton, LLP, Raleigh, NC, fax (919) 420-1800
        Joel B. Piassick, Esq., Kilpatrick Stockton, LLP, Atlanta, GA, fax (404) 815-6555
        Martin Pallezza, J&H March & McLennan, Inc., Charlotte, NC, fax (704) 376-0404

# WOOD & FRANCIS, PLLC
## ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
CHARLES T. FRANCIS
BRENT E. WOOD

————

OF COUNSEL
ERIC MILLER REEVES
ALAN D. WOODLIEF, JR.

June 3, 1998

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

<u>VIA FACSIMILE</u>

Gerald A. Jeutter, Jr., Esq.
Kilpatrick Stockton, LLP
Post Office Box 300004
Raleigh, North Carolina 27622

phone (919) 420-1700
fax (919) 420-1800

Joel B. Piassick, Esq.
Kilpatrick Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530

phone (404) 815-6500
fax (404) 815-6555

Re:  Securities and Exchange Commission v. International Heritage, Inc.,
Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International
heritage, Incorporated; Civil Action No.: 1-98-CV-0803-RWS

Dear Jeb and Joel:

At the end of last week, I informed Jeb by telephone that International Heritage, Inc.
(hereinafter "IHI") had located an insurance company to supply a surety bond to the Court and
thereby replace the cash bond currently held by the Court pursuant to the orders of Judge
Story. The insurance company that has been located is Acstar Insurance Company. For your
information, I understand that they have an A- rating.

At this time, IHI is quite anxious to replace the bond currently held by the Clerk of
Court since the additional funds will be used to provide capital to IHI. Mr. Van Etten has
graciously consented to providing additional capital to the company in order to support the
operations of IHI. In order to provide that capital, it will be necessary for the Court to
approve the payment bond immediately.

So that this process may be expedited (since time is of the essence), I have prepared a
proposed order for entry by Judge Story for the substitution of the cash bond with a payment
bond. My proposed order is attached. I would ask that each of you review this immediately
and discuss the same with Lloyd. If possible it would be greatly appreciated if we could agree
to the form of an order tomorrow and complete this process by the end of this week. While I

Gerald A. Jeutter, Jr., Esq.
Joel B. Piassick, Esq.
June 3, 1998
Page 2

understand that this is short notice, the influx of additional capital into IHI would provide some
great support for their operations.  I assume that both you and Mr. Whitaker would support
any efforts to provide some additional capital to IHI.

You will see that the proposed payment bond is attached to the proposed order.  You
may contact Henry Nozko, Jr., the president of Acstar Insurance Company to discuss any
issues you deem appropriate.  Mr. Nozko's telephone number is (860) 224-2000.  I have
spoken with Mr. Nozko and, based upon our discussions, I have prepared the attached order.  I
am providing to him the opportunity to review the order at the same time that you are
reviewing the same.  For your information, the only amendment to the proposed payment bond
which Mr. Nozko may require is an addition that indicates that the payment bond will be
effective upon the receipt of the funds from the Clerk of Court, which is mentioned in my
proposed order.  By copy of this letter, I would ask Mr. Nozko to fax to me and you an
amended payment bond which he would find satisfactory.

Because this issue is of such importance, please use your best efforts to review the
attached documents immediately and contact me tomorrow (Thursday).  Although I will be out
of the office, I will try to check my voicemail often so that we can speak.

Your cooperation would be greatly appreciated.  With kindest regards, I am

Sincerely yours,

Brent E. Wood

Enclosure
cc:    Robert Hukezalie (via facsimile)
       Stanley H. Van Etten
       John D. Brothers
       Henry Nozko, Jr. (via facsimile)
       Robert Brunton, Esq. (via facsimile)
BEW/et
f:\sec\jeutter.ltr2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

# DRAFT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. |
| | ) 1-98-CV-0803-RWS |
| INTERNATIONAL HERITAGE, INC., | ) |
| STANLEY H. VAN ETTEN, CLAUDE W. SAVAGE, | ) |
| LARRY G. SMITH and | ) |
| INTERNATIONAL HERITAGE, INCORPORATED, | ) |
| a Nevada corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## ORDER APPROVING SUBSTITUTION OF CASH BOND WITH PAYMENT BOND

WHEREAS, in open Court on 27 March 1998, and in the above-captioned civil action

pending in this Court between the Securities and Exchange Commission (hereinafter "SEC"), as

Plaintiff, and the Defendants International Heritage, Inc. and International Heritage, Incorporated

(hereinafter "Defendants IHI") and other individual Defendants, an Order was entered from the

bench by the Honorable Richard W. Story, pending formalization of a subsequent written order,

requiring the Defendants IHI to post a dischargeable bond in the amount of Five Million Dollars

($5,000,000.00) to assure that the liquid assets of the Defendants IHI are not diminished during

the pendency of this action and that such principal sum will be available to satisfy any amounts

that may be ordered paid by the Defendants IHI in this proceeding; and

WHEREAS, on 3 April 1998, the Honorable Richard W. Story entered a written order

requiring the Defendants IHI to post a dischargeable bond in the amount of Five Million Dollars

($5,000,000.00) to assure that the liquid assets of the Defendants IHI are not diminished during

the pendency of this action and that such principal sum will be available to satisfy any amounts that may be ordered paid by the Defendants IHI in this proceeding; and

WHEREAS, the Honorable Richard W. Story entered a written order on 3 April 1998 approving a cash bond to be tendered by the Defendant Stanley H. Van Etten as Surety on behalf of the Defendants IHI; and

WHEREAS, the Defendant Stanley H. Van Etten, in his individual capacity, and acting as a Surety tendered and transmitted to the Clerk of Court for the United States District Court for the Northern District of Georgia, Atlanta Division (hereinafter "Clerk of Court"), for deposit into the Registry of the Court the sum of Five Million Dollars ($5,000,000.00) cash to assure that the liquid assets of the Defendants IHI are not diminished during the pendency of this action and to apply to any judgment for damages and/or order granting disgorgement or other monetary relief against the Defendants IHI, or either of them, up to the principal amount of Five Million Dollars ($5,000,000.00) that may result from this proceeding; and

WHEREAS, the Five Million Dollars ($5,000,000.00) in cash deposited into the Registry of the Court by the Defendant Stanley H. Van Etten has been held by the Court pursuant to the order entered by the Honorable Richard W. Story on 3 April 1998 approving the cash bond; and

WHEREAS, the order entered by the Honorable Richard W. Story on 3 April 1998 allows the Defendants IHI, with the advance approval of this Court, to replace the cash bond posted by the Defendant Stanley H. Van Etten with a conventional, pre-approved surety bond; and

WHEREAS, the Defendants IHI have sought a surety bond from Acstar Insurance Company who has agreed to act as surety on behalf of the Defendants IHI in accordance with the

2

terms of the payment bond attached hereto and incorporated herein by reference as Exhibit A; and

WHEREAS, in order to complete the terms of the payment bond attached hereto as Exhibit A, it will be necessary for the Clerk of Court to disburse to Acstar Insurance Company some of the funds currently deposited by the Clerk of Court into the Registry of the Court; and

WHEREAS, the Court finds that Acstar Insurance Company and its payment bond attached hereto as Exhibit A are acceptable to the Court.

NOW, THEREFORE, BASED UPON THE FOREGOING, THE COURT HEREBY ORDERS that:

1.    The form of the payment bond attached hereto as Exhibit A is approved by the Court as an appropriate surety bond for posting by the Defendants IHI and Acstar Insurance Company in accordance with the 3 April 1998 orders of this Court.

2.    Upon the receipt of a fully executed payment bond in the form attached hereto as Exhibit A by the Clerk of Court, the Clerk of Court shall wire transfer to Acstar Insurance Company in accordance with the instructions of Acstar Insurance Company the principal sum of Three Million Six Hundred Fifty Thousand and No/100 Dollars ($3,650,000.00) from the cash bond posted by the Defendant Stanley H. Van Etten. Simultaneously with the transfer of Three Million Six Hundred Fifty Thousand and No/100 Dollars ($3,650,000.00) to Acstar Insurance Company by the Clerk of Court, the Clerk of Court shall also wire transfer pursuant to instructions provided by Brent E. Wood, counsel for the Defendants, the remaining funds held within the Registry of the Court from those funds posted by the Defendant Stanley H. Van Etten, including both principal and interest.

3

SO ORDERED, this _____ day of June, 1998


_____
The Honorable Richard W. Story
District Court Judge


F:\rsc\substitutebond

4

860 229 1111   P.02/02

Send No. _____

## PAYMENT BOND

   KNOW ALL MEN BY THESE PRESENTS, that International Heritage, Inc., as Principal, and ACSTAR INSURANCE COMPANY, 233 Main Street, P.O. Box 2360, New Britain, CT 06050-2360, as Surety, are held and firmly bound unto The Clerk, Court for the United States District Court for the Northern District of Georgia, Atlanta Division (hereinafter "Clerk of Court"), as Obligee, hereinafter called the Obligee, in the penal sum of FIVE MILLION and 00/100 Dollars ($5,000,000) for which payment well and truly to be made we do bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents.

   THE CONDITION OF THIS OBLIGATION IS SUCH, that:

   WHEREAS, the Principal has been required to post this disgorgement bond to assure that the liquid assets of Principal are not diminished during the pendency in the action captioned "Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry Galbraith and International Heritage Incorporated", and that such principal sum will be available to satisfy any amounts that may be ordered paid by Principal in the above proceeding. This bond shall apply to any judgment for damages and/or order granting disgorgement or other monetary relief against Principal up to FIVE MILLION DOLLARS.

   The condition of this obligation is such that if the SEC shall fail to obtain a judgment for damages or an order granting disgorgement or other monetary relief against the Principal, then this obligation shall be null and void and the principal amount of this bond with any undisbursed accrued interest thereon shall be returned to the Surety upon receipt by The Clerk of the Court of an order releasing this bond, otherwise this bond shall remain in full force and effect, pending further order of this Court.

   IN WITNESS WHEREOF, the above bounden parties have executed this instrument under their several seals this _____ day of _____, 19___ the name and corporate seal of each corporate party being affixed hereto and these presents duly signed by its undersigned representatives, pursuant to authority of its governing body.

ATTEST:

_____

_____ (Seal)
Principal

By_____

ATTEST:

_____

_____ INSURANCE COMPANY (Seal)

By_____
Name:  Henry W. Nezko, Jr.
Title:  President

SEP-02-1997  18:41          9195714628

EXHIBIT
A

TOTAL P.02
P.03

# WOOD & FRANCIS, PLLC
### ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
CHARLES T. FRANCIS
BRENT E. WOOD

OF COUNSEL
ERIC MILLER REEVES
ALAN D. WOODLIEF, JR.

July 2, 1998

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

## VIA FACSIMILE
Henry W. Nozko, Jr.
Acstar Insurance Company
Post Office Box 2350
New Britain, Connecticut 06050-2350

Re:  International Heritage, Inc.

Dear Henry:

Once again, thank you immensely for being so cooperative with the issuance of the bond for the benefit of International Heritage, Inc. For your records, I have enclosed a copy of the Notice of Filing of Payment Bond confirming that your bond was actually filed with the Clerk's office in Atlanta. I also have attached a copy of Judge Story's order approving the bond.

Currently, I anticipate that you will receive a wire transfer of the funds today. Please check with your bank around midday and then again at the end of the day about the wire transfer. Upon confirmation of the receipt of the wire transfer, and in accordance with the order of Judge Story as well as the bond, I would ask that you acknowledge receipt of the wire transfer by faxing a letter to Judge Story at the following address and fax number: The Honorable Richard W. Story, United State District Court Judge, 2321 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, 30303, fax number (404) 730-3745. Copies of your letter should also be faxed to the following individuals: Brent E. Wood, Esq. at (919) 828-0804; Robert G. Brunton, Esq. at (404) 222-4654; William Hicks at (404) 842-7666; Joel Piassick at (404) 815-6555; and Lloyd Whitaker at (770) 433-8550.

Again, your cooperation with this matter is greatly appreciated. With kindest regards, I am

Sincerely yours,

Brent E. Wood

cc:   John D. Brothers
      Robert Hukezalie
      Robert G. Brunton, Esq. (via facsimile)

f:\sec\nozko.ltr5



**ACSTAR**
**INSURANCE COMPANY**    233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN CT 06050-2350 • (860) 224-2000

July 3, 1998

The Honorable Richard W. Story, United States District Court Judge
2321 U.S. Courthouse                                         Fax 404-730-3745
75 Spring Street, S.W.
Atlanta, Georgia 30303

Securities and Exchange Commission
v.
International Heritage, Inc., et al.
Civil Action No. 1:98-CV-0803-RWS

This is to acknowledge that ACSTAR Insurance Company received on July 2, 1998 a wire transfer from
the Clerk of U.S. District Court via sequence No. 980702011485 in the amount of $3,650,000. We hereby
confirm that ACSTAR Bond No. 7719 in the amount of $5,000,000 is effective.

Yours very truly

Henry W. Nozko, Jr. - PRESIDENT

cc: Brent E. Wood, Esq. Fax No. (919)828-0804
    Robert G. Brunton , Esq. Fax No. (404)222-4654
    William Hicks Fax No. (404)842-7666
    Joel Piassick Fax No. (404)815-6555
    Lloyd Whitaker Fax No. (770) 433-8550

# WOOD & FRANCIS, PLLC

### ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
CHARLES T. FRANCIS
BRENT E. WOOD

———————
OF COUNSEL
ERIC MILLER REEVES
ALAN D. WOODLIEF, JR.

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

June 10, 1998

**VIA FACSIMILE**
Henry W. Nozko, Jr.
Acstar Insurance Company
Post Office Box 2350
New Britain, Connecticut 06050-2350

Re:   International Heritage, Inc.

Dear Henry:

As a follow up to the telephone conversation between me, you, and Mr. Lloyd Whitaker (the court-appointed monitor), I will attempt to summarize the current status of the bond sought by International Heritage, Inc. ("IHI") from Acstar Insurance Company and United Coastal Insurance Company. Your cooperation with IHI's request for a bond is greatly appreciated.

First, as a result of conversations between me and counsel for the monitor, as well as the result of the conversation between me, you, and the monitor, I am aware of a number of specific changes that probably should be made to the payment bond which I would ask that you make immediately and fax to me. The specific changes which have been suggested to the last payment bond which you forwarded to me are as follows:

1.   In the fourth and fifth paragraphs of the bond, please change the acronym "SEC" to the words "Securities and Exchange Commission."

2.   Within the first paragraph of the bond, and after the words "International Heritage, Inc. and International Heritage, Incorporated", please add the words "jointly and severally" with appropriate punctuation.

3.   In the fourth line of the third paragraph of the bond, please change the words "that such principal sum" to read "that such $5,000,000.00 sum."

4.   In the second line of the fifth paragraph of the bond, please remove the word "is" after the word "judgment." In the third line of the fifth paragraph, please strike the words "in full."

Mr. Henry W. Nozko, Jr.
June 10, 1998
Page 2

5.    In the fourth line of the fifth paragraph, please strike the word
"principal."

6.    Please strike the sixth paragraph of the bond and replace it with the
following proposed paragraph:

> A further condition of this obligation is that this bond shall be
> null and void if either (a) the Surety does not receive U.S. Three
> Million Six Hundred Fifty Thousand Dollars ($3,650,000.00) by
> wire transfer to Surety at Fleet Bank, 777 Main Street, Hartford,
> CT, ABA #011500010, to credit ACSTAR INSURANCE
> COMPANY, Account #5017-0193 within two (2) business days
> following the filing of this payment bond with the Clerk of Court
> or (b) the Surety receives a claim against this bond before
> receiving by wire transfer as outlined above U.S. Three Million
> Six Hundred Fifty Thousand Dollars ($3,650,000.00), otherwise
> this bond shall remain in full force and effect, pending further
> order of this Court.

7.    In the initial paragraph of the bond and on the signature lines, please
indicate that the named surety for the bond will be both Acstar Insurance
Company and United Coastal Insurance Company.

I hope that these are all of the changes that need to be made to the Payment Bond. Again, I
would ask that you make these changes and fax a draft Payment Bond to me immediately.

For your information, I have received instructions from the Monitor to proceed forward
with an application from the Court to approve the bond. At this point, the Monitor has been
unwilling to consent to the bond as we have discussed, even though we have essentially agreed
to make all of the changes that he has suggested. As a result, I hope that you will continue to
agree to provide the payment bond, make the changes that I have referenced above, and fax the
same to me so that I can submit it with an application to the Court to approve the bond in that
format.

Finally, I have attached a copy of the proposed order that I will submit with my
application to the Court to approve the bond.

Mr. Henry W. Nozko, Jr.
June 10, 1998
Page 3

Your continued cooperation is greatly appreciated.  With kindest regards, I am

Sincerely yours,

Brent E. Wood

cc:     Stanley H. Van Etten
        John D. Brothers
        Robert Brunson, Esq. (via facsimile)
        Robert Hukezalic (via facsimile)

f:\scc\nozko.ltr3

Martin Pallazza
Assistant Vice President

J&H Marsh & McLennan, Inc.
100 N Tryon Street, Suite 3200
Charlotte, NC 28202
(704) 343.4717 / (800) 662.1284  Fax: (704) 376.0404

May 5, 1998

**J&H MARSH & McLENNAN**

Henry Nozko, Jr.
President
ACSTAR
233 Main St.
New Britain, CT  06050-2350

Subject:  IHI, Inc. Court Bond Request

Dear Henry:

Please find enclosed some information on IHI, Inc. a current prospect of J&H Marsh & McLennan. As you will see when you review this package, they are in need of a $5 million Surety Bond {Defendant}. Currently they have posted $5 million in cash with the court. All these funds were raised personally by Steve Van Etten. He had to do this to get control of his company again. He now would like to replace this with a surety bond with corporate indemnity along with his personal indemnity. He is willing to put up an ILOC as collateral, say in the 50-60% range. The reason behind this is now he can use the corporate assets to back this bond instead of personal funds. Please find below two bank references for your use:

Farad Ali
Financial Services Officer
Centura Bank
4700 Homewood Court, Suite 220
Raleigh, NC 27609
Telephone: (919) 571-5432

Nicola Watson
Branch Manager
NationsBank
5700 Creedmore Road
Raleigh, NC 27612
Telephone: (919) 829-6862

Call me first thing in the morning once you have had a chance to review to discuss in more detail.

Best regards,

Martin Pallazza
Surety Leader

(Untitled)

*A Marsh & McLennan Company*



**ACSTAR**
**INSURANCE COMPANY**    233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN, CT 06050-2350 • (860) 224-2000

May 7, 1998

Mr. Martin Pallazza                                                fax (704) 376-0404
J&H Marsh & McLennan, Inc.
100 North Tryon Street, Suite 3200
Charlotte, NC  28210

**INTERNATIONAL HERITAGE INCORPORATED**
**RALEIGH, NC**

Thank you for your letter of May 5, 1998 in reference to the above captioned account. We have reviewed the information relating to International Heritage, Inc. and are pleased to offer the following terms and conditions:

1.      Bond amount not to exceed $5,000,000.

2.      The premium rate to be charged is 3% annually which is to be paid in advance of bond issuance.

3.      Corporate indemnification to be provided by International Heritage Incorporated.

4.      Personal indemnification to be provided by Stanley H. Van Etten and spouse.

5.      Collateral will be required in the amount of 80% of bond amount. Collateral can be in the form of cash or an irrevocable evergreen letter of credit issued from a U.S. bank with Keefe BankWatch rating of "C" or better and issued on ACSTAR's irrevocable evergreen letter of credit form. Collateral will be held until the bond is released by the bond obligee and until ACSTAR receives satisfactory evidence that all subcontractors and vendors are paid in full.

6.      Operating area is limited to the United States.

7.      Bonding will be available for payment of any court order in Civil Action No. 1.98-CV-803-RWS.

The above is only a conditional offer and is subject to change or recision based upon a multitude of considerations such as financial strength of principal, evaluation of performance on contracts in progress, changes in underwriting policies of ACSTAR and many other conditions. This is not and should not be considered any right for a principal to receive a series of bonds even if just a portion of the conditional aggregate line has been used. Our offer is "project-specific" and is subject to approval of each and every individual bond request.

ACSTAR reserves the right to change or cancel the above terms and conditions without notice at any time. We hope these terms and conditions accommodate your client and we look forward to working with you.

Yours very truly,

HENRY W. NOZKO, JR. - PRESIDENT

HWNJR/nps

MODE = MEMORY TRANSM    IN    START=MAY-07 09:36    END=MAY-07 09:37

FILE NO.= 247

| NO. | COM | ABBR/NTWK | STATION NAME/ TELEPHONE NO. | PAGES | PRG. NO. | PROGRAM NAME |
|-----|-----|-----------|------------------------------|-------|----------|--------------|
| 001 | OK  | ☎         | 17043760404                  | 001/001 |        |              |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* -         - \*\*\*\*\* -        860 229 1111- \*\*\*\*\*\*\*\*\***



ACSTAR INSURANCE COMPANY    233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN, CT 06050-2350 • (860) 224-2000

May 7, 1998

Mr. Martin Pallazza                                    fax (704) 376-0404
J&H Marsh & McLennan, Inc.
100 North Tryon Street, Suite 3200
Charlotte, NC 28210

**INTERNATIONAL HERITAGE INCORPORATED**
**RALEIGH, NC**

Thank you for your letter of May 5, 1998 in reference to the above captioned account. We have reviewed the information relating to International Heritage, Inc. and are pleased to offer the following terms and conditions:

1.    Bond amount not to exceed $5,000,000.

2.    The premium rate to be charged is 3% annually which is to be paid in advance of bond issuance.

3.    Corporate indemnification to be provided by International Heritage Incorporated.

4.    Personal Indemnification to be provided by Stanley H. Van Etten and spouse.

5.    Collateral will be required in the amount of 80% of bond amount. Collateral can be in the form of cash or an irrevocable evergreen letter of credit issued from a U.S. bank with Keefe BankWatch rating of "C" or better and issued on ACSTAR's irrevocable evergreen letter of credit form. Collateral will be held until the bond is released by the bond obligee and until ACSTAR receives satisfactory evidence that all subcontractors and vendors are paid in full.

6.    Operating area is limited to the United States.

7.    Bonding will be available for payment of any court order in Civil Action No. 1.98-CV-803-RWS.

The above is only a conditional offer and is subject to change or recision based upon a multitude of considerations such as financial strength of principal, evaluation of performance on contracts in progress, changes in underwriting policies of ACSTAR and many other conditions. This is not and should not be considered any right for a principal to receive a series of bonds even if just a portion of the conditional aggregate line has been used. Our offer is "project-specific" and is subject to approval of each and every individual bond request.

ACSTAR reserves the right to change or cancel the above terms and conditions without notice at any time. We hope these terms and conditions accommodate your client and we look forward to working with you.

Yours very truly,

**HENRY W. NOZKO, JR. - PRESIDENT**

HWNJR/nps