FILED

MAY 21 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| INTERNATIONAL HERITAGE, | ) | |
| INCORPORATED, | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02674-5-ATS |
| Debtors. | ) | |

**EX PARTE**
**MOTION TO FURTHER EXTEND TIME TO**
**ASSUME OR REJECT EXECUTORY CONTRACTS**

NOW COMES Holmes P. Harden, Trustee in the above-captioned case, and alleges:

1. Holmes P. Harden is the duly qualified and acting trustee herein.

2. An order for relief was entered on November 25, 1998.

3. Trustee is informs and believes and therefore alleges that one or both Debtors purchased from 20/21.Interactive LLC certain software and source code which was used to maintain records and manage operations of approximately 190,000 sales representatives. The software and source code are essential to the administration of these Chapter 7 cases.

4. Trustee is informed by 20/21.Interactive LLC that it holds the copyright on the above-described software and source code, which are allegedly the subject of two licensing agreements. International Heritage, Inc., is also party to an end user license agreement with Vertex, Inc.

5. The president of 20/21.Interactive LLC, Janet Panelli, informed Trustee on January 21, 1999, that she considers the licensing agreements to be in default for failure to pay quarterly maintenance fees.

6. Trustee has investigated whether a maintenance clause in the licensing agreements between the Debtors and 20/21.Interactive LLC renders the licensing agreements executory in nature, requiring that the licensing agreements be assumed in order to permit the Debtors to continue to use the software and source code.

RAL/197074

7. Trustee is of the opinion that the license agreement is executory only with respect to maintenance of the equipment, and that he is not required under the terms of the agreement to continue the maintenance agreement in order to maintain use of the licensed software.

8. According to 11 U.S.C. §365(d), executory contracts are deemed rejected by operation of law unless the Court extends the time within which the Trustee may assume or reject same. This court previously extended the time to assume or reject to March 26, 1999 and further extended the time to assume or reject to May 21, 1999 on March 24, 1999.

9. Despite his opinion that he is not required to continue the maintenance agreement in order to use the software and source code, Trustee believes that it is prudent to request that the Court further extend the time to assume or reject any or all executory contracts existing between either or both of the Debtors, 20/21.Interactive LLC, and/or Vertex, Inc., an additional sixty (60) days.

10. Trustee has attempted, through counsel, to contact counsel for the licensor, without success. Trustee desires a further extension of the period within which trustee may assume or reject the contract, to enable trustee to further attempt to negotiate with the licensor concerning the terms of the license agreement.

WHEREFORE, Trustee prays that this Court makes its order further extending the time within which he may assume or reject any and all executory contracts which may exist between either or both of the Debtors, 20/21.Interactive LLC software, and/or Vertex, Inc., to sixty (60) days from and after the date of the Court's order disposing of this motion.

Respectfully submitted this 21ST day of May, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: /s/ Holmes P. Harden
Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

RAL/197074

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, Chapter 7 Trustee, do hereby certify that the foregoing or attached document was served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina, on the 21ST day of May, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____
Holmes P. Harden
N.C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, North Carolina 27619-9764
Telephone: 919/981-4000
Facsimile: 919/981-4300

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Terri Gardner
Smith Debnam Narron & Myers, L.L.P.
Post Office Box 26268
Raleigh, NC 27611-6268

Brent E. Wood
Wood & Francis, P.L.L.C.
Post Office Box 164
Raleigh, NC 27601

Janet Pinelli
2021.Interactive LLC
5252 North Edgewood Drive, Suite 100
Provo, Utah 84604

Managing Agent
20/21 Software, Inc.
1815 South State Street
Suite 4500
Orem, Utah 84058

Managing Agent
Vertex, Inc.
1041 Old Cassart Road
Berwyn, PA 19312

Joan Fleming
Special Agent
FBI
5511 Capital Center Drive, Suite 460
Raleigh, NC 27606

RAL/197074/1