IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| INTERNATIONAL HERITAGE, INC. ) | CASE NO.: 98-02675-5-ATS |
| ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, ) | |
| INCORPORATED, ) | CASE NO. 98-02674-4-ATS |
| ) | CHAPTER 7 |
| Debtor. ) | |

### RESPONSE TO MOTION FOR ORDER ALLOWING ACSTAR TO INTERVENE IN NON-BANKRUPTCY LITIGATION

NOW COMES Stanley H. Van Etten (hereinafter "Mr. Van Etten"), by and through counsel, and in response to the Motion for Order Allowing Acstar to Intervene in Non-Bankruptcy Litigation, states as follows:

1. On May 20, 1999, Acstar Insurance Company (hereinafter "Acstar"), by and through counsel, filed with this Court a Motion for Order Allowing Acstar to Intervene in Non-Bankruptcy Litigation pursuant to which Acstar sought from the Court "an Order allowing Acstar to intervene and defend on behalf of" International Heritage, Inc. and International Heritage, Incorporated (hereinafter collectively referred to as "IHI"), the Debtors herein, in litigation pending in the Northern District of Georgia (hereinafter referred to as "SEC litigation") against those two entities, as well as Stanley H. Van Etten, Claude W. Savage and Larry G. Smith.

2. With its motion, Acstar, after explaining the basis of its requests, states as follows:

> The intervention and defense by Acstar on behalf of IHI in the SEC litigation will be performed at no cost or expense to either bankruptcy estate. However, all fees and expenses will be deducted from the collateral currently held by Acstar. Neither the Bond [as defined in the motion], nor the collateral [as defined in the motion] are property of either bankruptcy estate.



As also explained in the motion, Mr. Van Etten has an interest in the collateral held by Acstar.

3.  As the only party who is essentially and currently defending the claims of the Securities and Exchange Commission in the SEC litigation, Mr. Van Etten welcomes and has no objection to the entry of an order by the Court "allowing Acstar to intervene and defend on behalf of IHI in the SEC litigation". However, Mr. Van Etten does object to the entry of an order which would permit, without further notice and hearing, Acstar to deduct any fees and expenses from the collateral currently held by Acstar. Mr. Van Etten would not request a hearing on his position provided that the Court can enter an order which would permit Acstar to intervene and defend on behalf of IHI in the SEC litigation without prejudicing the rights of Mr. Van Etten to object to any deduction from the collateral currently held by Acstar.

WHEREFORE, Mr. Van Etten prays that this Court enter an order allowing Acstar to intervene and defend on behalf of IHI in the SEC litigation without prejudice to Mr. Van Etten's rights to a later hearing on any fees or expenses to be deducted from the collateral currently held by Acstar, and granting such other and further relief as the Court deems appropriate.

This the 1st day of June, 1999.

WOOD & FRANCIS, PLLC

Brent E. Wood
Attorney for Stanley H. Van Etten
State Bar No. 16898
Post Office Box 164
Raleigh, North Carolina 27602
(919) 828-0801

2

## CERTIFICATE OF SERVICE

I, Brent E. Wood, attorney for Stanley H. Van Etten, certify that I served the foregoing document on the 1st day June, 1999, upon the following parties, and in the manner below specified, by placing a copy thereof for each such party(ies) in a separate envelope bearing sufficient postage and depositing the same in the United States mail at Raleigh, North Carolina and/or by facsimile:

Holmes P. Harden, Esq.
Maupin, Taylor & Ellis, P.A.
3200 Beechleaf Ct., Suite 500
P. O. Drawer 19764
Raleigh, NC 27619-9764

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3758
Wilson, NC 27894-3758

Robert Brunton
Kutak Rock
225 Peachtree Street, NE, Suite 2100
Atlanta, GA 30303-1768

Terri L. Gardner
Smith Debman Narron & Myers
4700 New Bern Avenue
P. O. Box 26268
Raleigh, NC 27611-6268

Louis P. Richkind
Attorney at Law
One Woodward Avenue, Suite 2400
Detroit, MI 48226

Kathryn N. Koonce
Poyner & Spruill, LLP
P. O. Box 10096
Raleigh, NC 27605

Lloyd W. Gathings, II
Robert W. Shore
Gathings & Associates
P. O. Box 10545
Birmingham, AL 35202

Ronald H. Garber
Boxley, Bolton & Garber, LLP
P. O. Drawer 1429
Raleigh, NC 27602

William P. Hicks
Securities and Exchange Commission
Atlanta District Office
3475 Lenox Road, Suite 1000
Atlanta, GA 30326

Paul A. Fanning
Michael P. Flanagan
Ward and Smith, P.A.
120 West Fire Tower Road
P. O. Box 8088
Greenville, NC 27835-8088

This the 1st day of June, 1999.

WOOD & FRANCIS, PLLC

_____
Brent E. Wood
Two Hannover Square
424 Fayetteville Street Mall, Suite 2300
Post Office Box 164
Raleigh, North Carolina  27602
Telephone:  (919) 828-0801

f:\wp\ihi-bk.Resp2AcstarIntervene.doc

**FILED**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

JUN 1 1999
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

In re:
RANDY G. WILLIAMS
VIOLA N. WILLIAMS
    Debtors

Case no. 97-00933-5-ATS
Chapter 13

## CONSENT ORDER ALLOWING PRIVATE SALE

This matter comes before the Court upon the Motion for Private Sale filed by the Debtors and objection thereto filed by the Trustee. Based upon the consent of the Trustee and the Debtors and review of the file of this case, the Court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. section 157, and the Court has jurisdiction pursuant to 28 U.S.C. sections 151, 157, and 1334. The Court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtors filed a voluntary petition for relief under Chapter 13 on May 22, 1997, and Trawick H. Stubbs, Jr., was appointed Trustee in the case.

3. The Debtors filed a Motion for Private Sale, requesting that the Court approve the sale of their mobile home and one acre of land to the male Debtor's cousin, for a price sufficient to satisfy existing liens on the property.

4. The Motion for Private Sale was properly served upon all creditors and the Trustee. The time for filing a response has passed, and no party other than the Trustee has filed a response to the motion.

5. The Trustee's objection was based upon the Debtors' delinquency in their Plan payments; however, the Debtors and the Trustee entered into a Consent Order with respect to a Motion to Dismiss that was previously filed by the Trustee. The

INDEXED BOOK 26 PAGE 45 DATE 6/1/99 Am

cc: Debtors, AA, Tee 6/1/99 Am

-2-

Consent order was filed with the Court on February 17, 1999, and the Debtors are making payments pursuant to the terms of that order.

6. The Debtors have claimed their equity in the property, up to $10,000, as exempt property; they do not expect the proceeds of the sale to exceed the amount of existing liens on the property plus the costs of sale, but if any excess proceeds are received, such monies should be turned over to the Trustee and applied to the arrearage in the Chapter 13 case.

**Now, therefore, it is ordered**

1. The private sale of the Debtors' mobile home and one acre of land located at 37 E. Ebony Road, Littleton, North Carolina, to Henry Hicks for the purchase price of $82,024.24, is approved.

2. The proceeds of the sale shall be applied first to the reasonable and necessary costs of sale and to satisfy existing liens on the property; any excess proceeds shall be turned over to the Chapter 13 Trustee and applied to the Debtors' Chapter 13 Plan.

Date: JUN - 1 1999

_____
Bankruptcy Judge Presiding

We Consent:

_____
Patricia B. Anthony, Attorney for Debtors

_____
Trawick H. Stubbs, Jr., Trustee