ORIGINAL

**FILED**



PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| INTERNATIONAL HERITAGE INCORPORATED<br><br>and<br><br>INTERNATIONAL HERITAGE, INC.<br><br>Debtors. | : CHAPTER 7 CASES<br>: NO. 98-02674-5-ATS<br>: NO. 98-02675-5-ATS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

OPPOSITION OF SECURITIES AND EXCHANGE COMMISSION
TO MOTION TO FOR AN ORDER ALLOWING ACSTAR
TO INTERVENE IN NON-BANKRUPTCY LITIGATION

Preliminary Statement

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") submits this memorandum in opposition to the motion of Acstar Insurance Company ("Acstar") for an order allowing Acstar to intervene in the District Court case involving the Commission's claims against International Heritage Inc. and International Heritage, Incorporated. (collectively "IHI"). Acstar seeks permission not only to assert its own defenses in that case, but to take over the defense of IHI. Acstar's motion should be denied as inconsistent with the Bankruptcy Code and Rules, contrary to public policy, contrary to the interest of the estate, and not warranted by the so-called "indemnity

agreement" ("Indemnity Agreement") that may have been executed by IHI. Acstar should not be permitted to intervene on behalf of IHI. Any motion to intervene on its own behalf should be brought before the District Court.

## Procedural History

In March 1998, the Commission filed a civil action in the United States District Court for the Northern District of Georgia, *SEC v. International Heritage, Inc. et al.*, Civil Action No. 1-98-CV-0803-RWS ("the District Court case"). The Commission alleged that IHI had operated as a massive pyramid scheme in violation of the federal securities laws, and had fraudulently raised more than $150 million from investors. On May 3, 1998, after a four day evidentiary hearing, the District Court entered an Order imposing a preliminary injunction and finding that IHI had violated the registration and antifraud provisions of the federal securities laws. The Chapter 7 Trustee has filed an application for authority to enter into a settlement agreement with the Commission in the District Court case. That motion has been briefed and is currently pending before this Court.

## Argument

### 1. An Intervention by Acstar on behalf of IHI would usurp the Function of the Trustee

Acstar is seeking more than permission to intervene and assert its own defenses. Acstar seeks permission to take over the defense of the IHI estate. Such an intervention would usurp the role of the Trustee and cannot be justified by the Indemnity Agreement. The Trustee is the representative of the estate. 11 U.S.C. § 323. Under Section 541 of the Bankruptcy Code, the

property and rights of the estate are vested in the Trustee, who is empowered to distribute the assets to creditors. *See, e.g., In re Hicks*, 144 B.R. 419, 420 (Bankr. E.D. Ark. 1992).

The Bankruptcy Rules clearly authorize the Trustee to prosecute and settle pending actions. Bankruptcy Rule 6009 empowers the Trustee to prosecute or defend, on behalf of the estate, any action pending against the Debtors. Bankruptcy Rule 9019 provides "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

### 2. Under Georgia Law, a Surety cannot Assume the Defense of the Principal

Acstar's proposed intervention would permit Acstar to take over the Trustee's role and powers. There is no basis for such a grant of power. Even assuming that the Indemnity Agreement has any legal effect, which we do not concede, it clearly does not grant to the surety the right to defend the action. It merely states that "[t]he Surety will have the exclusive right to determine for itself and the Indemnitors whether any claim or suit brought against the Surety or the principal upon any such bond shall be settled or defended and the Surety's decision shall be final and binding upon the Indemnitors." (*see Indemnity Agreement para. 7*).

Similarly, Georgia law does not give the surety the right to take over the defense of an action against the principal's wishes. In fact, under Georgia law, which governs the obligations of the surety in this case, the principal is clearly empowered to settle the matter without the surety's consent. The principal may settle an action and bind the surety on a judgment, even where the

surety does not consent to the judgment. *Houston General Insurance Co. v. Stein Steel & Supply Co.*, 134 Ga. App. 624, 628, 215 S.E.2d 511 (1975).

In its oppositions to the trustee's application for authority to settle, Acstar cites *Price v. Carlton*, 48 S.E. 721 (1904), to support its assertion that it has the right to intervene and defend the action. However, a careful reading of *Price* leads to a different conclusion. The Court first stated the general rule that "a surety" has no right to be heard in the proceeding against his principal in which the bond was given. *Id.* at 723. The Court then concluded that if the surety has a defense peculiar to itself, and the principal is not defending in good faith, the surety could intervene to assert that defense. The Court further held "[h]is right to intervene and set up defenses peculiar to himself as surety would not give him a right to file any defense which his principal could make (*Holmes v. Langston*, 110 Ga. 869, 36 S.E. 251); and hence he could not set up such a defense unless he established his allegations of collusion and bad faith." 48 S.E. at 724.

It should be pointed out that the interests of Acstar are contrary to those of the estate. The Trustee has already determined that the best course of action for the estate is settlement of the Commission's claim. Acstar, on the other hand, has objected to the settlement and is holding $3.5 million in collateral, on which it is presumable earning interest. Therefore, it is to Acstar's advantage to drag out the litigation. Further, the estate has a reversionary interest in the collateral against which Acstar intends to charge the costs of its defense. How can Acstar represent the best interest of the estate when its own interest is in conflict with that of the estate?

4

3. **Any Intervention Motion Should be Addressed to the District Court.**

Any intervention motion should be addressed to the District Court. Fed. R. Civ. P. 24(c) provides that a "person desiring to intervene shall serve a motion upon the parties as provided in Rule 5." The rule clearly contemplates that the motion should be filed in the Court in which the person wishes to intervene. Acstar is entitled to and will certainly have an opportunity to assert any defenses it may have in the District Court, either by intervention, if allowed by the District Court, or by way of defending the Commission's attempt to collect on the bond. The District Court should decide whether an application to intervene by Acstar meets the requirements of Rule 24, or whether Acstar's interests could adequately be protected by asserting a defense against an attempt to collect on the bond.

4. **Acstar's Proposed Intervention is Contrary to Public Policy**

Allowing Acstar to assume control of IHI's defense would be contrary to public policy. It was clearly the intent of Congress to encourage the speedy resolution of Commission enforcement actions and promote "the vigorous enforcement of the federal securities laws." S. Rep. No. 75, 94th Cong. 1st Sess. 74, 75, *reprinted in* 1975 U.S. Code Cong. & Admin. News 179; *See SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 72 (D. Conn. 1988), *aff'd sub nom. SEC v. Calvo*, 891 F.2d 457 (2d Cir. 1989), *cert. denied*, 496 U.S. 942 (1990); *SEC v. American Free Enterprise*

*Inst.*, 580 F. Supp. 270, 272 (D. Ariz. 1984). Permitting a third party insurer to intervene in a regulatory action, where the trustee, standing in the shoes of the principal, has already determined that settlement is in the best interest of the estate, runs contrary to that policy.

### Conclusion

Acstar is entitled to raise any defense it may have on the bond. The manner in which it is allowed to raise such defenses should be left to the District Court. Under no circumstances should the Bankruptcy Court grant Acstar the power to run IHI's defense.

For the foregoing reasons, the motion should be denied.

Respectfully submitted,

DATED: May 27, 1999

_/s/ William P. Hicks_
WILLIAM P. HICKS
Georgia Bar No. 351649

_(s)_
Susan R. Sherrill
North Carolina Bar. No. 9462

Counsel for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
3475 Lenox Road, N.E.
Suite 1000
Atlanta, Georgia 30326-1232
Telephone: (404) 842-7675

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 7 |
| | ) | CASES |
| | ) | |
| INTERNATIONAL HERITAGE | ) | |
| INCORPORATED, | ) | N0. 98-02674-5-ATS |
| and | ) | |
| INTERNATIONAL HERITAGE, INC., | ) | NO. 98-02675-5-ATS |
| | ) | |
| Debtors. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 1999, a copy of the foregoing OPPOSITION OF THE SECURITIES AND EXCHANGE COMMISSION TO MOTION FOR AN ORDER ALLOWING ACSTAR TO INTERVENE was sent by first class mail, postage prepaid, to all interested parties listed on Exhibit "A" attached hereto.

William P. Hicks
District Trial Counsel

Counsel for:

United States
SECURITIES AND EXCHANGE COMMISSION
Suite 1000
3475 Lenox Road, NE
Atlanta, GA 30326-1232
Telephone: (404) 842-7625

Exhibit "A"

Holmes P. Harden, Esquire
Maupin Taylor & Ellis, P.A.
Post Office Drawer 19764
Raleigh, North Carolina  27619

Terri L. Gardner, Esquire
Smith Debnam Narron & Myers, L.L.P.
Post Office Box 26268
Raleigh, North Carolina  27611

Marjorie K. Lynch
Bankruptcy Administrator
Century Station
Raleigh, North Carolina  27601-3039

Michael P. Flanagan, Esquire
Ward and Smith, P.A.
120 West Fire Road
Post Office Box 8088
Greenville, North Carolina  27835-8088

Brent E. Wood
P.O. Box 164
Raleigh, North Carolina  27602

Louis P. Richkind, Esquire
Counsel to Chittenden Bank
One Woodward Avenue, Suite 2400
Detroit, Michigan  48226

Kathryn N. Koonce, Esquire
Poyner & Spruill, LLP
P.O. Box 10096
Raleigh, North Carolina  27605-0096

Robert H. Frazer, Esquire
ACSTAR Insurance Company
233 Main Street
P.O. Box 2350
New Britain, Connecticut  06050-2350

2

N. Hunter Wyche, Jr., Esquire
Wyche & Story, RLLP
P.O. Drawer 1389
Raleigh, North Carolina 27602

Lloyd W. Gathings, II, Esquie
Robert W. Shore, Esquire
Gathings & Associates
P.O. Box 10545
Birmingham, Alabama 35202-0545

Ronald H. Garber, Esquire
Boxley, Bolton & Garber, LLP
Post Office Drawer 1429
Raleigh, North Carolina 27602

Lloyd T. Whitaker, President
Newleaf Corporation
2814 New Spring Road, Suite 330
Atlanta, Georgia 30339

Joel B. Piassick, Esquire
Kilpatrick & Stockton LLP
Suite 2800
1100 Peachtree Street, N.E.
Atlanta, Georgia 30309

3

3