FILED

JUN 23 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| | ) | |
| INTERNATIONAL HERITAGE | ) | CHAPTER 7 |
| INCORPORATED | ) | CASE NO. 98-02674-5-ATS |
| | ) | |
| Debtor. | ) | |

### HEARING BRIEF OF THE STATE OF MONTANA IN OPPOSITION TO MOTION TO ENFORCE STAY

NOW COMES the State of Montana through Mr. Mark O'Keefe, State Auditor and Commissioner of Securities (the "Commissioner"), through counsel, and in further support of its opposition to the Motion to Enforce Stay filed by the Trustee, submits the following brief and its Counter-Motion to Lift Stay.

### STATEMENT OF THE CASE

On or about November 6, 1998, the Commissioner initiated an administrative proceeding (the "Montana Action") against the above-captioned corporate Debtors (collectively the "Debtors") and three individuals, Stanley H. Van Etten, Claude W. Savage, and Larry G. Smith (collectively the "Individual Defendants"). The gravamen of the Montana Action was that the Commissioner had determined that the Debtors and the Individual Defendants had violated the securities laws of the State of Montana. The Commissioner issued an Order requiring the Debtors and the Individual Defendants to cease and desist from further violation of Montana's securities law, and noticed the Debtors and Individual Defendants for an administrative hearing to be held on January



180

11, 1999. On or about November 25, 1999, Debtors filed for relief under Chapter 7 of the Bankruptcy Code. Mr. Holmes P. Harden was appointed Trustee. On or about March 11, 1999, the Trustee filed his Motion to Enforce Stay and to halt all further proceedings in the Montana Action. The State of Montana filed its response on or about March 26, 1999. This matter is now ripe for adjudication.

## BACKGROUND FACTS

On or about April 3, 1998, the Commissioner issued a Cease and Desist Order against both the corporate Debtors and individual Defendants for violation of the Montana Securities Act, in connection with the Debtor's offer and sale of "Retail Business Agreements" and the offer of promissory notes convertible to stock to a total of 4,074 Montana citizens. The Commissioner's principal claims in the Montana Action were (1) that business of the debtors constituted an illegal pyramid scheme; (2) that the Debtors failed to disclose material facts in connection with their offerings of retail business centers, including that the business center interests market would eventually become saturated and that representatives recruited near the bottom of the sales organization structure would be unable to generate returns in the amounts as represented to them; (3) that the Debtors and their principals were the subject of other regulatory actions, including cease and desist proceedings by the US Securities and Exchange Commission (SEC); and (4) that two of the Debtors' principals had previously been involved in an illegal pyramid scheme. Subsequent thereto, the Commissioner amended his Cease and Desist Order to include allegations that Individual Defendant Van Etten had falsely informed the Debtors' Montana shareholder/operatives that the

2

Commissioner had agreed to rescind his earlier Cease and Desist Order, and that Debtors' operatives were no longer subject to the Order in connection with offers of retail business agreement interests in Montana.

On or about May 1, 1998, the Commissioner and the Debtors, by and through Van Etten, entered into a Consent Agreement in which the Debtors agreed to comply with the Montana Securities Act, to offer refunds to purchasers of notes and to the Montanans who had entered into retail business agreements, to pay an administrative fine, and to contribute to youth activities in Montana. In exchange thereof for the Commissioner agreed to forego further administrative proceedings against Debtors.

The Debtors and Individual Defendants failed to comply with the stipulated terms. On November 6, 1998, the Commissioner issued a Notice of Hearing to make determinations as to whether and to what extent each of the Debtors and the Individual Defendants had violated the Montana Securities Act, to enter a permanent Cease and Desist Order, and to fix the level of damages assignable to the Debtors and the Individual Defendants.

After the Debtors filed Chapter 7, Mr. Harden filed his Motion to Enforce Stay on March 11, 1999 to prohibit the Commissioner from proceeding with the Montana action without first obtaining an order lifting the automatic stay of 11 U.S.C. §362. The Commissioner has responded that the Montana Action is not subject to the provisions of the automatic stay since, as further explained below, the Montana action is a valid exercise of the police and regulatory powers of the State of Montana, and is therefore exempt under 11 U.S.C. §362(b)(4). Before that question is answered, however, the

Court should determine the extent of its jurisdiction due to the application of the Eleventh Amendment of the U.S. Constitution concerning sovereign immunity of its constituent states in federal court actions.

## **ARGUMENT**

### 1. This Respondent is not subject to the jurisdiction of this Court on the basis of sovereign immunity.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The most recent important case concerning interpretation on the effect of the Eleventh Amendment is *Seminole Tribe of Florida v. Florida* 517 U.S. 44, 54, 116 S. Ct. 1114, 1121, 134 L. Ed. 2d 252 (1996). In that case, the United States Supreme Court ruled that each state is a sovereign entity within the federal system, and that inherent in the nature of that sovereignty is the principle that the state is not subject to suit against it by an individual without its consent. *See also Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779, 111 S. Ct. 2578, 2581, 5 L. Ed. 2d 686 (1991); and *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). For over a century, the U.S. Supreme Court has reaffirmed that federal jurisdiction over unconsenting states was not contemplated by the constitution during the formulation of the federal judicial power. *Hans, supra,* at 15, 10 S. Ct. at 507; *Seminole Tribe of Florida, supra,* and cases sited therein at fn. 7.

In the wake of the decision in *Seminole Tribe*, a number of bankruptcy courts, including this one, have held that the Bankruptcy Clause contained in the Constitution does not override the Eleventh Amendment and authorize Congress to abrogate state sovereign immunity by Bankruptcy Code statute, specifically 11 U.S.C. §106(a). *In re York-Hannover Developments, Inc.*, 201 B.R. 137, 141 (Bkrtcy. E.D.N.C. 1996); *In re Martinez*, 196 B.R. 225 (D.P.R.1996); *Ellenberg v. Board of Regents (In re Midland Mechanical Contractors, Inc.)*, 200 B.R. 453 (Bankr. N.D.Ga.1996); *Burke v. State of Ga. ex rel. Department of Revenue (In re Burke)*, 200 B.R. 282 (Bankr. S.D.Ga.1996); *Schulman v. California State Water Resources Control Bd. (In re Lazar)*, 200 B.R. 358 (Bankr.C.D.Cal.1996); and *In re Sacred Heart Hosp.*, 199 B.R. 129 (Bankr.E.D.Pa.1996).

With all deference and respect, absent the State of Montana's consent or waiver of immunity, any attempt by this Bankruptcy Court to assert jurisdiction over the State of Montana by imposing the automatic stay is unconstitutional. The waiver of immunity provisions of 11 U.S.C. §106(b) are inapplicable since the State of Montana has not filed a proof of claim, not taken any action amounting to or evidencing a consent, and not waived the sovereign immunity or acknowledged the jurisdiction of the Bankruptcy Court over its statutes. Significantly, the State of Montana no longer seeks a monetary claim in this case from the Debtor; as it recognizes that a damages imposition would simply take money out of the bankruptcy pot and ultimately from its constituents. However, it should be noted that the State of Montana does not waive its power to fine the Individual Defendants involved.

### 2. The "police power" exemption of 11 U.S.C. §326(b)(4) prevents application of the automatic stay in this case.

Even if the sovereign immunity doctrine did not apply, the resulting automatic stay should be lifted under the facts and circumstances of this case pursuant to 11 U.S.C. §362(b)(4), which exempts from the automatic stay actions and proceedings to enforce police or regulatory powers of a governmental unit.  The policy of the Bankruptcy Code is to permit regulatory, police and criminal actions to proceed in spite of the terms of 11 U.S.C. §362(a)(1) and not to prevent enforcement of resulting judgments or orders other than money judgments, in spite of the terms of 11 U.S.C. §362(a)(2).  King, Lawrence, Ed. *Collier on Bankruptcy* ¶362 .05[5][a]  (15th Ed. 1999)

Although a governmental unit may not enforce a money judgment or seize or seek control over property of the bankruptcy estate without obtaining relief from stay, it may, in the exercise of its police and regulatory powers and in seeking to enforce compliance with federal or state law, proceed to obtain a money order and to establish the amount of damages.  *Id.*  However, it may enforce only those judgments and orders that do not require payment.  *Id. at* ¶362.05[5][b].  In this case, the State of Montana has undertaken to protect its citizens from the activities of the corporate debtors and the Individual Defendants, the latter of whom apparently have some proclivity toward setting up illegal pyramid schemes.

It is clear that actions for injunctive relief pursuant to securities laws, such as the Montana Action, are clearly within the scope of the stay exemption of §362(b)(4). *Securities and Exchange Commission v. First Financial Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) [SEC's continuing a civil enforcement action and enforcement of a

6

preliminary injunction were not stayed by 11 U.S.C. §362(a)] While conceding that the stay exemption of §362(b)(4) does not apply to actions to <u>enforce</u> money judgments, it is clear that the stay exemption allows governmental units to fix the damages resulting and penalties which might be assessed against any of the Debtors and the Individual Defendants as a result of a violation of its laws. *Donovan v. Porter*, 584 F. Supp. 202, 206-7 (D. Md. 1984). Thus in the present case, the stay exemption of §362(b)(4) applies to allow the Commissioner to obtain the Cease and Desist Order and to fix the amount of damages for which each party is liable.

It should be noted that in his Motion, the Trustee does not dispute the merits of the State of Montana's assertion of the police power exemption. Rather, the Trustee merely points out that the Debtor is no longer operating as the reason to stay the Montana Action. While this is true, the State of Montana still has a compelling reason to proceed with its action. As the State of Montana has pointed out in its Response to the Trustee's Motion, the Individual Defendants have raised or alluded to the possibility of raising the defense of the Debtors' presence in the Montana Action as necessary for prosecution of the Montana Action against them. Thus, there exists the very real possibility that the Individual Defendants will seek to use the Debtors' bankruptcy as a means of delaying or avoiding the Montana Action. In fact, at paragraphs 2 and 3 of his response to the Trustee's Motion, the Individual Defendant Van Etten has already requested that this Court order a stay of the Montana Action and any related proceedings as to the Individual Defendants as well as to the Debtors. For all of these reasons the Court should decline to issue a stay order.

## CONCLUSION

For the foregoing reasons, the Trustee's Motion should be DENIED.

Respectfully submitted this 22 day of June, 1999.

Joseph N. Callaway
State Bar No.: 010821

Scott K. Beaver
State Bar No.: 16547
Attorneys for Respondent, the State of Montana
P.O. Box 7100
Rocky Mount, NC 27804-0100
Telephone: (252) 937-2200
Facsimile:   (252) 937-8100

## CERTIFICATE OF SERVICE

I, Joseph N. Callaway, Attorney for Respondent in this action, hereby certify that on the 22nd day of June, 1999, I served the document to which this certificate is attached:

### HEARING BRIEF OF THE STATE OF MONTANA IN OPPOSITION MOTION TO ENFORCE STAY

by depositing a copy thereof postpaid in a post office or official depository under the exclusive care and custody of the United States Postal Service, in a wrapper, addressed to each of the following parties of interest in this action at the following last known addresses:

Bankruptcy Administrator
United States Bankruptcy Court
Post Office Box 3758
Wilson, NC 27894

Lin Deola
Reynolds, Motl & Sherwood
401 N. Last Chance Gulch
Helena, MT 59601

International Heritage, Inc.
Attn: Manager/Agent
2626 Glenwood Ave., #200
Raleigh, NC 27608

Brent Wood
Wood & Francis, PLLC
P.O. Box 164
Raleigh, NC 27602

Terri L. Gardner
Attorney for Debtor
P.O. Box 26268
Raleigh, NC 27611-6268

Robert Brunton
Kutak Rock
225 Peachtree Street, NE
Suite 2100
Atlanta, GA 30303-1768

Holmes P. Harden
Chapter 7 Trustee
P.O. Box 17169
Raleigh, NC 27619

David R. Paoli
Paoli Law Office
P.O. Box 8131
Missoula, MT 58807

/s/ Scott K. Beaver
Scott K. Beaver
State Bar No. 16547
BATTLE, WINSLOW, SCOTT & WILEY, P.A.
Attorneys for State of Montana
P. O. Box 7100
Rocky Mount, NC 27804-0100
(252)937-2200