**FILED**

JUL 22

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| INTERNATIONAL HERITAGE, | ) | |
| INCORPORATED, | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02674-5-ATS |
| Debtors. | ) | |

ORDER AUTHORIZING TRUSTEE TO ENTER INTO SETTLEMENT AGREEMENT

This matter comes on for the consideration of the undersigned upon the Application of Trustee for Authority to Enter into Settlement Agreement ("Application") filed June 23, 1999 by Holmes P. Harden, Trustee, in the above-captioned case. It appears to the court as follows:

FINDINGS OF FACT

1. International Heritage, Inc. and International Heritage, Incorporated filed voluntary petitions in bankruptcy on November 25, 1998, and Holmes P. Harden was appointed Chapter 7 Trustee.

2. On or about March 16, 1998, the Securities and Exchange Commission ("Commission") brought a civil action against the Debtors and others styled *Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage Incorporated, a Nevada corporation*, Civil Action NO. 1-98-CV-0803-RWS ("Civil Action"), in the United States District Court for the Northern District of Georgia. A payment bond in the penal sum of $5,000,000 ("Bond") issues by ACSTAR Insurance Company and United Coastal Insurance Company (the "Sureties") was posted by Debtors to satisfy any amount that may be ordered paid to the Commission in the Civil Action. The Sureties required cash collateral in the amount of $3,500,000 to secure the Debtors' indemnification and subrogation obligations. The $3,500,000 was loaned to the Debtors by Stanley H. Van Etten in exchange for an alleged security interest in the Debtors' property.

3. The Commission, the Trustee and the Sureties have proposed a settlement of the Civil Action whereby $4.1 million will be paid by the Sureties to the Commission, which will in turn said funds over to the Trustee for distribution in these bankruptcy cases (the "SEC Settlement").

RAL/177882/1

4. Van Etten has objected to the SEC Settlement and asserted rights in the funds that would flow from the Commission to the Trustee for distribution in these bankruptcy cases, to the Bond itself and to the Bond collateral. Van Etten and the Mayflower Companies have also filed various claims in the bankruptcy cases.

5. The Trustee believes that various claims, including but not limited to preference and fraudulent conveyance actions, exist against Van Etten and the Mayflower Companies.

6. Pursuant to the Settlement Agreement, Van Etten proposes to withdraw his objection to the Trustee's Application to enter Stipulation and Consent to Final Judgment of Permanent Injunction with regard to the SEC Settlement; however, Van Etten will not withdraw his objection to the Trustee's waiver of the Debtors' attorney-client privilege. Furthermore, Van Etten will not waive his attorney-client privilege, but will waive argument relating to his objection to the Trustee's waiver of the attorney-client privilege.

7. The Trustee deems it appropriate and consistent with his duties to enter into the Settlement Agreement with Van Etten and the Mayflower Companies, which Settlement Agreement by its terms, inter alia, (a) releases the Debtors from all claims of Van Etten and the Mayflower Companies, provided that Van Etten shall retain the right to assert claims against the insurance proceeds from TIG and Executive Risk and the Trustee will retain the right to object to such claims, (b) avoids costly and complicated litigation concerning Van Etten's alleged rights in the funds flowing to the Trustee from the SEC Settlement and Van Etten and the Mayflower Companies' alleged security interests in the Debtors' property, (c) avoids costly avoidance actions against Van Etten and the Mayflower Companies and, (d) paves the way for approval of the SEC Settlement. The Trustee agrees to release Van Etten and the Mayflower Companies from all claims and causes of action through the date of the Settlement Agreement.

8. The proposed settlement is contingent upon approval of the Commission of settlement between Van Etten and the Commission, and upon approval of the Commission of settlement between the Securities and Exchange Commission, the Debtors, and ACSTAR Insurance Company and United Coastal Insurance Company.

9. Notice of the Trustee's Application was sent to creditors and other parties in interest in accordance with law.

## CONCLUSIONS OF LAW

10. The Trustee is authorized to enter into the proposed Settlement Agreement on behalf of the Debtor corporations with court approval.

11. The proposed settlement is fair and reasonable. Approval to execute the proposed Stipulation and Consent is in the best interest of the Debtors' estates in that settlement will dispose of significant litigation against the Debtors without undo expense, will result in the reduction of substantial portion of unsecured and alleged secured claims in each of these cases,

RAL/177882/1

and will allow approval of the SEC Settlement without the objection of Van Etten, which in turn will result in the unfettered turnover of $4.1 million in funds for the payment of claims in these bankruptcy cases.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Application is hereby APPROVED subject to the contingencies described in paragraph 8 above. The Court hereby authorizes the parties to execute the Settlement Agreement attached to the Application as Exhibit A.

This the 22nd day of July, 1999.

_____
United States Bankruptcy Court Judge

RAL/177882/1

**Date:** 07/22/1999
**Sender:** ~LFSfax
**To:** Anne Moell
**Priority:** Normal
**Subject:** Fax Request Result

Lotus Fax Server
Fax Sent - Confirmation

| | |
|---|---|
| Received by LFS at: | 07/22/99 11:10:12 AM |
| Processing Time: | 12 Minute(s)  16 Second(s) |
| Transmission Start Time: | 07/22/99 11:18:01 AM |
| Transmission End Time: | 07/22/99 11:22:28 AM |
| Number of pages: | 8 |
| Successfully faxed to: | Harden Holmes FAX#1010333#,9199814300 dy |
| LFS Request ID: | 11474 |