**F I L E D**

UNITED STATES BANKRUPTCY COURT    AUG 0 9 1999
EASTERN DISTRICT OF NORTH CAROLINA PEGGY B. DEANS, CLERK
RALEIGH DIVISION                  U.S. BANKRUPTCY COURT
                                  EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| INTERNATIONAL HERITAGE, | ) | |
| INCORPORATED, | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02674-5-ATS |
| Debtors. | ) | |

## APPLICATION OF TRUSTEE FOR
## AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT

NOW COMES Holmes P. Harden, Trustee for the above-captioned Debtors, and requests an order authorizing him to enter into a Settlement Agreement with Stanley H. Van Etten ("Van Etten"), Claude W. Savage ("Savage"), Larry G. Smith ("Smith"), and Executive Risk Specialty Insurance Company ("ERSIC"), a copy of which is attached as Exhibit A and incorporated herein by reference. In support of this Application, Trustee states as follows:

1.      International Heritage, Inc. and International Heritage, Incorporated filed voluntary petitions in bankruptcy on November 25, 1998 and Holmes P. Harden ("Trustee") was appointed Chapter 7 Trustee.

2.      On or about August 19, 1998, ERSIC commenced an action against International Heritage, Inc. ("Debtor"), Van Etten, Savage and Smith in the United States District Court for the Eastern District of North Carolina, captioned Executive Risk Specialty Ins. Co. v. International Heritage, et al., Case No. 5:98-CV-542-F(3)(E.D.N.C.) ("ERSIC Action"). On March 18, 1999, Trustee commenced an adversary proceeding against ERSIC captioned Holmes

RAL/206885/1

P. Harden, Trustee in Bankruptcy for International Heritage, Inc. v. Executive Risk Specialty Ins. Co., Adversary Proceeding No. S-99-00015-5-AP (Bankr. E.D.N.C.)("Trustee Action") (collectively "the Coverage Actions").

3.     The Coverage Actions are complaints for declaratory relief concerning the coverage afforded under a Directors and Officers Liability Insurance Policy, including Securities Claims Coverage and Automatic Reinstatement of the Limit of Liability for Unindemnifiable Loss Designed for Initial Public Offerings No. 751-070526-97 issued by ERSIC to Debtor effective from June 23, 1997 through June 23, 1998, extended by endorsement through July 23, 1998 ("the Policy").

4.     The Policy has limits of liability in the amount of $5,000,000.00 maximum aggregate for all claims made during any single policy year.  Prior to the Coverage Actions being commenced, ERSIC advanced, on an interim basis, $500,000.00 in reimbursement of defense costs incurred by Debtor and the officers and directors of Debtor pending resolution of the Coverage Actions.  ERSIC has filed a proof of claim asserting that Debtor will be required to repay ERSIC the $500,000.00 advanced for defense costs to the extent it is determined that such amounts do not constitute loss under the Policy.

5.     Van Etten, Savage and Smith, as Officers and Directors of the Debtor, are also insureds under the Policy and parties to the Settlement Agreement.

6.     Trustee alleges in the Trustee Action that losses incurred by Debtor as a result of certain underlying actions ("the underlying actions") commenced against it during the policy period (which underlying actions are specifically enumerated in Paragraph No. 15 of the First Amended Complaint for Declaratory Relief in the Trustee Action) are covered under the Policy.

RAL/206885/1                                    2

7.      ERSIC denies that the aforedescribed losses are covered under the Policy.  In the ERSIC Action, ERSIC seeks a declaration that the Policy does not provide any coverage for any loss incurred by Debtor and/or the directors and officers in the underlying actions on the grounds that the Policy (which includes the application thereto) does not apply to "any claim arising from any claims, facts, circumstances or situations required to be disclosed in response to . . . . [Question] 5.c.)" of the application, and the underlying actions arise from the claims, facts, circumstances and situations which Debtor disclosed in response to Question 5.c of the application.

8.      ERSIC and Trustee are in disagreement regarding the coverage afforded to Debtor under the Policy for the underlying actions, including attorneys fees.  After due consideration of the merits of each party's respective contentions regarding the coverage issue, as set forth in the Coverage Actions, Trustee believes it is in the best interest of creditors to enter into the Settlement Agreement with ERSIC.

9.      Trustee, ERSIC, Van Etten, Savage and Smith propose a settlement of the Coverage Actions whereby $1,787,500.00 will be paid by ERSIC to Trustee and $275,000.00 will be paid by ERSIC to Van Etten in reimbursement for attorneys fees and expenses incurred in the underlying actions.

10.     Pursuant to the Settlement Agreement, ERSIC will obtain releases from Debtor, Van Etten, Savage and Smith.

11.     The Settlement Agreement is contingent upon the Court granting a Motion for 11 U.S.C. § 105 injunction filed by Trustee in the Adversary Proceeding No. S-99-00043-5-AP, extending the automatic stay to all codefendants in the underlying actions enumerate therein.

12.     Trustee believes the proposed settlement is fair and reasonable.

13.     Trustee is of the opinion that settling the above described controversy is in the best interest of the expeditious administration of the Debtor's estate, given the merits of the defenses and the complexity, expense, inconvenience and delay of litigation.  Trustee therefore deems it appropriate and consistent with his duties to enter into the Settlement Agreement with ERSIC, Van Etten, Savage and Smith which settlement by its terms, inter alia, (a) brings substantial revenue into the Bankruptcy Estate without incurring additional costs or expenses, and (b) avoids complicated litigation concerning the insurance coverage issues.

14.     Trustee is authorized to execute the Settlement Agreement with court approval.

WHEREFORE, Trustee prays that the Court authorize him to enter into a Settlement Agreement in the form attached hereto as Exhibit "A" on behalf of the Debtor corporations.

This the 9th day of August, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____

Holmes P. Harden
Trustee for International Heritage, Inc., Debtors
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

RAL/206885/1                                    4

# SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into this _____ day of August, 1999, by and between Holmes P. Harden, as Bankruptcy Trustee for International Heritage, Inc. (the "Trustee"), Stanley H. Van Etten ("Van Etten"), Claude W. Savage ("Savage"), Larry G. Smith ("Smith"), and Executive Risk Specialty Insurance Company ("ERSIC") (collectively, the "Parties").

WHEREAS, ERSIC issued Directors and Officers Liability Insurance Policy Including Securities Claims Coverage and Automatic Reinstatement of the Limit of Liability for Unindemnifiable Loss Designed for Initial Public Offerings No. 751-070526-97, to International Heritage, Inc. ("IHI") for the period June 23, 1997 to June 23, 1998, extended by endorsement through July 23, 1998 (the "Policy");

WHEREAS, in various capacities, IHI and/or IHI's directors and officers Van Etten, Savage, and Smith (collectively, the "Directors and Officers") have been named as defendants in the matters captioned Securities and Exchange Commission v. International Heritage, Inc., et al., No. 98-CV-0803 (N.D. Ga.); Meckenstock, et al. v. International Heritage, Inc., et al., No. 5:98-CV-237-BR-2 (E.D.N.C.); Liebendorfer v. International Heritage, Inc., No. DV98-2241 (Tex. Dist. Ct.); Marsh v. International Heritage, Inc., et al., No. 98-2332-E (Tex. Dist. Ct.); Greene, et al. v. International Heritage, Inc., et al., No. CV-98-42 (Ala. Cir. Ct.); Swinney, et al. v. Van Etten, et al., No. 98 CV 04277 (N.C. Super. Ct.); Gilbert v. International Heritage, Inc., et al., No. CV-98-277 (Ala. Cir Ct.); and In the Matter of International Heritage, Inc., et al., No. I-04-02-98-04 (Mont. State Auditor's Off.) (collectively, the "Underlying Actions").

WHEREAS, IHI and the Directors and Officers have sought coverage under the Policy for payment of defense expenses and all other losses resulting from the Underlying Actions;

WHEREAS, there has been a dispute between ERSIC and IHI and the Directors and Officers regarding whether there is coverage for the Underlying Actions under the Policy, which dispute has been the subject of both a declaratory judgment action brought by ERSIC against the Directors and Officers and IHI (and from which IHI was dismissed following notice of its filing for bankruptcy), captioned Executive Risk Specialty Insurance Co. v. International Heritage, et al., Case No. 5:98-CV-542-F(3) (E.D.N.C.) ("ERSIC's Coverage Action"), and an adversary proceeding brought by the Trustee against ERSIC, captioned Holmes P. Harden, Trustee in Bankruptcy for International Heritage, Inc. v. Executive Risk Specialty Insurance Co., Adversary Proceeding No. 5-99-00015-5-AP (Bankr. E.D.N.C.) (the "Trustee's Coverage Action");

WHEREAS, ERSIC's Coverage Action seeks a declaration that the Policy does not provide any coverage for any loss incurred by IHI and/or the Directors and Officers in connection with the Underlying Actions on the grounds that, by its terms, the Policy (which includes the application thereto) does not apply to "any claim arising from any claims, facts, circumstances or situations required to be disclosed in response to . . . [Question] 5.c)" of

the application, and the Underlying Actions arise from the claims, facts, circumstances and situations that IHI was required to, and did, disclose in the application in response to Question 5.c);

WHEREAS, ERSIC has advanced, on an interim basis, $500,000 in reimbursement of defense costs incurred by IHI and the Directors and Officers, pending resolution of ERSIC's Coverage Action, and ERSIC has filed a Proof of Claim form in the IHI bankruptcy proceeding, captioned In re: International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C.) (the "Bankruptcy Proceeding"), notifying the Bankruptcy Court that IHI will be obligated to repay ERSIC the $500,000 advanced for defense costs in the event that it is established that such amounts do not constitute loss covered under the Policy;

WHEREAS, the Trustee's Coverage Action seeks a declaration that the Policy affords coverage for the loss arising from the Underlying Actions, including defense expenses, and an order declaring that IHI is entitled to recover immediately from ERSIC an amount in excess of $800,000 in reimbursement of defense expenses;

WHEREAS, the Trustee, the Directors and Officers, and ERSIC desire to compromise, settle and relinquish all claims which IHI, the Directors and Officers and/or any other Insured as defined in the Policy may have arising from the Underlying Actions, in return for the payment and receipt of good and valuable consideration from ERSIC; and

WHEREAS, the Trustee has reviewed the allegations of ERSIC with respect to the coverage issues and has determined in his business judgment that a resolution by way of this proposed settlement is appropriate and is in the best interest of the estate;

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, and other good and valuable consideration, the Trustee, the Directors and Officers, and ERSIC hereby agree as follows:

1.      The Trustee promptly shall file a motion in the Trustee's Coverage Action seeking the Court's approval of this settlement pursuant to Bankruptcy Rule 9019. Among other things, the Trustee's motion shall request that the Bankruptcy Court enter a final order and judgment approving the proposed settlement, and finding that ERSIC s released from any and all obligations under the Policy, whether known or unknown, anticipated or unanticipated, past, present or future. The Trustee shall serve the motion on all parties to the Underlying Actions and also shall provide notice of the proposed settlement to all interested parties, including, without limitation, all parties to the Underlying Actions and all of IHI's creditors (the "Interested Parties"). Among other things, the Trustee's notice shall apprise the Interested Parties of the material terms of the proposed settlement, the deadline and procedure for submission of any objection to the proposed settlement, and the date the Court will conduct a hearing on the Trustee's motion to approve the proposed settlement.

2.      If, for any reason, the Court does not enter an order approving the proposed settlement in a form acceptable to ERSIC, then ERSIC, in its sole discretion, may terminate this Agreement, in which case this Agreement shall become null and void and the parties

hereto shall be restored to the status quo ante existing prior to the execution of the Agreement.

3.    If the Court enters an order: (i) approving the proposed settlement; and (ii) declaring that ERSIC has no obligations whatsoever under the Policy, once such order becomes final; that is, the settlement documentation has been approved by final order of the United States District Court for the Eastern District of North Carolina, and that order has become final, either because the time period in which to take a timely appeal from the order has expired, or, in the case of an appeal from such order, the order has been upheld on appeal and all further rights of appeal or petitions for certiorari have been completely exhausted, then:

a.    Within ten (10) days of the date the approval of the settlement becomes final, and after all conditions set forth in Paragraph 6 are satisfied, ERSIC shall pay to IHI's bankruptcy Trustee $1,787,500 and to Stanley Van Etten $275,000. The payments specified in this paragraph, along with the $500,000 previously advanced to IHI, shall, in accordance with this Agreement, constitute the entirety of ERSIC's payment obligations pursuant to the Policy;

b.    ERSIC shall dismiss its claims against the Directors and Officers in ERSIC's Coverage Action;

c.    ERSIC shall withdraw its Proof of Claim filed in the Bankruptcy Proceeding;

d.    The Trustee shall dismiss his claim against ERSIC in the Adversary Proceeding; and

e.    The Trustee, the Directors and Officers, and ERSIC, and their affiliates, heirs, predecessors, successors, assigns and all third persons claiming through them shall release each other and their respective affiliates, employees, directors, officers, attorneys, claim managers, reinsurers, agents and any professionals retained by them from any and all claims, debts, demands, obligations, damages, liabilities, benefits, costs and causes of action, of whatever kind or character, known or unknown, past, present or future, that they have, had, or may have against each other or their respective affiliates, employees, directors, officers, attorneys, claim managers, reinsurers, agents and any professionals retained by them, whether or not asserted in ERSIC's Coverage Action or in the Trustee's Coverage Action, on account of or in any way growing out of, based on or relating to: (a) the Policy; (b) the subject matter of any of the claims asserted in the Underlying Actions, including but not limited to the claim that IHI operates or has operated as an illegal pyramid scheme; and (c) the manner in which ERSIC, its affiliates, employees, directors, officers, attorneys, claim managers, reinsurers, agents and any professionals retained by them responded to, handled and resolved the claims for coverage under the Policy in connection with the Underlying Actions.

4.    The Parties to this Agreement expressly assume the risk that acts, errors, omission, matters, causes, or things may have occurred which are not known or are not suspected to exist by one or more of them and waive the terms and provisions of any statute, rule or doctrine of common law which either narrowly construes releases purporting by their terms to release claims in whole or in part based upon, arising from, or related to such acts, omissions, matters, causes or things or which restricts or prohibits the releasing of such claims.

5.    The Trustee and the Directors and Officers expressly represent and warrant that they have not sold, assigned, or otherwise transferred any interest in the claims, demands, payments, rights, obligations, loss, judgments, awards, attorneys' fees, costs, fees, interest, damages, liabilities, or causes of action related in any way to the Policy. In the event that such warranty is breached, the Trustee and the Directors and Officers expressly covenant to indemnify and hold harmless ERSIC from each and every claim or demand of any kind or character arising from breach of the representations and warranty contained here.

6.    This Agreement is conditioned on, and will not become effective prior to

a. the dismissal with prejudice of all civil actions pending against IHI and/or the Directors and Officers as of the effective date of the settlement or the entry of an injunction by the Bankruptcy Court under 11 U.S.C. § 105 enjoining any such actions that have not been dismissed with prejudice by the effective date of the settlement;

b. the final approval of a settlement between IHI, the Directors and Officers and the Securities and Exchange Commission ("SEC") in connection with the action brought against IHI and the Directors and Officers by the SEC; and

c. the resolution and/or stay of the proceeding brought by the Montana State Auditor's Office against IHI and the Directors and Officers.

In the event that any of the above conditions are not satisfied, ERSIC, in its sole discretion, may terminate this Agreement, in which case this Agreement shall become null and void and the parties hereto shall be restored to the status quo ante existing prior to the execution of the Agreement.

7.    The parties agree to execute promptly any and all documents of any nature or kind which the other parties may reasonably require in order to implement the provisions and objectives of this Agreement. The parties shall bear their own costs and fees incurred to implement the terms of this paragraph.

8.   Notice regarding matters involving this Agreement to the Trustee shall be provided to:

> James A. Roberts, III
> James T. Johnson
> Lewis & Roberts, P.L.L.C.
> 1305 Navaho Drive, Suite 400
> Post Office Box 17529
> Raleigh, NC 27619-7529

Notice to ERSIC shall be provided to:

> Gary V. Dixon
> Stacey L. McGraw
> Ross, Dixon & Bell, L.L.P.
> 601 Pennsylvania Avenue, N.W.
> North Building
> Washington, D.C. 20004

Notice to the Directors and Officers shall be provided to:

> Brent E. Wood
> Wood & Francis, P.L.L.C.
> Two Hannover Square
> 434 Fayetteville Street Mall, Suite 2300
> Post Office Box 164
> Raleigh, North Carolina 27602

or such other addresses as the parties to this Agreement may furnish to each other pursuant to the provisions of this paragraph.

9.   The parties to this Agreement acknowledge and agree that neither entry into this Agreement nor the payment of any sum of money referenced in or pursuant to this Agreement shall constitute or be construed as an admission of liability by any party to any person or entity or as an admission of coverage under the Policy.

10.   This Agreement constitutes the entire agreement between the Trustee and ERSIC and between the Directors and Officers and ERSIC regarding the settlement of IHI's and the Directors' and Officers' claims for insurance coverage in connection with loss incurred as a result of the Underlying Actions. The parties to this Agreement hereby agree that the only valid and enforceable modifications to this Agreement shall be those which are reduced to a writing and signed by all parties hereto, or by their respective counsel.

11.   The validity and enforceability of this Agreement shall be governed by the laws of the State of North Carolina.

12.     This Agreement is made and executed by each of the parties hereto with the advice of counsel, and no party hereto has been coerced or induced to make this compromise and settlement by any improper action of any other party hereto. This Agreement shall not be construed either in favor of or against any party by virtue of any rules of contract construction contended to be applicable to insurance policies, nor shall any Party be deemed to be the sole drafter hereof.

13.     By their signatures below, the undersigned represent and warrant that they are duly authorized to bind the party or parties on whose behalf they have executed this Agreement.

14.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and when taken together with the other signed counterparts, shall constitute one agreement which shall be binding upon and effective as to all parties.

IN WITNESS WHEREOF, each of the parties has executed this Agreement on the day and year indicated below.

Executive Risk Specialty Insurance Company


Date:_____          By:_____


                               Holmes P. Harden, as bankruptcy Trustee
                               for International Heritage, Inc.


Date:_____          _____


                               Stanley H. Van Etten


Date:_____          _____


219874 v1                      6

Claude W. Savage

Date:_____  ____         _____


Larry G. Smith


Date:_____  ____         _____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO.: 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC. | ) |
| INTERNATIONAL HERITAGE, | ) CASE NO.: 98-02674-5-ATS |
| INCORPORATED, | ) |
| Address: | ) CHAPTER 7 |
| 2626 Glenwood Avenue, #200 | ) |
| Raleigh, NC 27608 | ) |
| | ) |
| TAX ID# 56-1921093 | ) |
| | ) |
| Debtor. | ) |

**NOTICE OF APPLICATION OF TRUSTEE FOR AUTHORITY
TO ENTER INTO SETTLEMENT AGREEMENT**

TO:   THE DEBTOR, ATTORNEY FOR THE DEBTOR, AND OTHER PARTIES IN
      INTEREST

NOTICE IS HEREBY GIVEN of the Application of Trustee for Authority to Enter into Settlement Agreement with Executive Risk Specialty Insurance Company, Stanley H. VanEtten, Claude W. Savage and Larry G. Smith. According to the proposed settlement, Executive Risk Specialty Insurance Company ("ERSIC") will pay $1,787,500.00 to Holmes P. Harden, Trustee for International Heritage, Inc. in settlement of Holmes P. Harden, Trustee in Bankruptcy for International Heritage, Inc. v. Executive Risk Specialty Insurance Company, AP# S-99-00015-5-AP (Bankr. EDNC) by which Harden seeks declaratory relief concerning coverage afforded by a directors and officers liability insurance policy issued by ERSIC. ERSIC will also pay $275,000.00 to Stanley H. VanEtten to resolve Mr. VanEtten's independent claim against ERSIC for coverage under the same directors and officers liability insurance policy.

An objection to this Application may be filed with the Clerk, United States Bankruptcy Court, Post Office Box 1441, Raleigh, North Carolina 27602, with a copy served on the trustee whose name appears at the bottom of this notice, within twenty (20) days of the date of the mailing of this notice. A hearing on any objections to this Application for Authority to Enter into Settlement Agreement will be held on September 1, 1999 at 9:00 a.m. at the United States Courthouse and Post Office Building, Room 208, 300 Fayetteville Street Mall, Raleigh, North Carolina. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed with costs.

RAL/206850/1

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed by the Debtor or other party in interest named herein in writing within the time indicated, a hearing will be conducted on the Application and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Application and response thereto ex parte without further notice.

DATE OF NOTICE:   August ___, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____
Holmes P. Harden, Trustee
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619-9764
Telephone: 919/981-4000
Facsimile: 919/981-4300

RAL/206850/1

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, Chapter 7 Trustee, do hereby certify that the foregoing **NOTICE OF APPLICATION OF TRUSTEE FOR AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT** was served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office, in Raleigh, North Carolina, and by public notice via 888/895-8385 and 919-981-4033 and www.nceb.uscourts.gov. And by e-mail on the 9th day of August, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

Holmes P. Harden
N.C. Stage Bar No. 9835
3200 Beechleaf Court, Suite 500
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: 919/981-4000
Facsimile: 919/981-4300

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
U. S. Bankruptcy Court
P. O. Box 3079
Raleigh, NC 27602


SEE ATTACHED MAILING MATRIX

SEE ATTACHED E-MAIL LIST

RAL/206850/1

## Maupin Taylor & Ellis, P.A.

ATTORNEYS AT LAW
HIGHWOODS TOWER ONE, SUITE 500
3200 BEECHLEAF COURT
RALEIGH, NORTH CAROLINA  27604-1064

TELEPHONE (919) 981-4000

MAILING ADDRESS
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA  27619-9764
TELEFAX (919) 981-4300

DURHAM/RESEARCH TRIANGLE PARK OFFICE
411 ANDREWS ROAD, SUITE 150
DURHAM, NORTH CAROLINA  27705
TELEPHONE (919) 382-0188

# FACSIMILE TRANSMISSION

### CONFIDENTIAL [ ]          RUSH [ ]

TO: *Chittenden Bank*
*c/o Louis P. Rochkind*
*Jaffe, Raitt, Heuer & Weiss*
*One Woodward Avenue, Suite 2400*
*Detroit, MI 48226*

FROM: *Holmes P.  Harden*

MAUPIN TAYLOR & ELLIS, P.A.
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA  27619-9764
**DIRECT DIAL #: *919-981-4011***

CITY:

DATE: **August 9, 1999**

FACSIMILE #:  *313-961-8358*

OUR FILE NUMBER: *BANK7A-206*

TOTAL NUMBER OF PAGES, INCLUDING COVER SHEET:

The material transmitted and communicated herein ("communication") is intended only for the use of the individual or entity to which it is addressed, and may contain information that constitutes work product, or is subject to attorney-client privilege, or is confidential and exempt from disclosure under applicable law.  If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

*MESSAGE:*

Original to follow by mail?  **X**  Yes  ___ No

We are transmitting from Group III equipment.

Facsimile #:  919/981-4300

Help #:  919/981-4063

Terri I. Gardner
Smith Debnam Narron & Myers, L.L.P.
P. O. Box 26268
Raleigh, NC 27611-6268

Managing Agent
International Heritage, Inc.
2626 Glenwood Avenue
Raleigh, NC 27608

Brent C. Wood
Wood & Francis, PLLC
P. O. Box 164
Raleigh, NC 27602

Stephanie P. Wyatt
Coyle, Bascom & Bergman, P.C.
1000 Cambridge Square, Suite C
Alpharetta, GA 30004

James Russell Tucker
Bush, Hauder & Adkerson, P.C.
500 N. Akard Street, Suite 2100
Dallas, TX 75201

Jack T. Clary
214 St. Matthews Lane
Spartanburg, SC 29301

Richard Ieyoub, Attorney General
State of Louisiana
301 Main Street, Suite 1250
Baton Rouge, LA 70801

Susan Coon Bailey
5233 Floynell Drive
Baton Rouge, LA 70809

Dorothy H. Miller
102 Triangle Circle
Lafayette, LA 70508

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226

Stacey Ostrom
3010 E. Nasa Road 1 #1302
Seabrook, TX 77586

Eugene W. Ellison
185 Biltmore Avenue
Asheville, NC 28801

Karl A. King
465 Sudden Valley
Bellingham, WA 98226

Securities and Exchange Commission
Attn: William P. Hicks
3475 Lenox Road, NE
Atlanta, GA 30326

Managing Agent
Internal Revenue Service
320 Federal Place
Greensboro, NC 27401

Managing Agent
North Carolina Dept. of Revenue
P. O. Box 1168
Raleigh, NC 27602

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Jane E. Chassey
1514 Azalea Drive
Saint Louis, Missouri 63119

Carolyn E. John
485 Broad River Blvd.
Beaufort, SC 29906

Managing Agent
Advanced Equities
P. O. Box 1042
Winnfield, LA 71483

Managing Agent
Centrum Bank AG, Vaduz
Heiligkreuz 8
Postfoch 1168
FL -9490 Vaduz    LIECHTENSTEIN

Gary D. McDowell
1138 Ascott Valley Dr.
Duluth, GA 30097

Jean Wedin
P. O. Box 1600
LaConner, WA 98257

Managing Agent
Jewels by Evonne
1879 Buford Hwy.
Suite 7
Buford, GA 30518

Lois Coonc
P. O. Box 699
LaConner, WA 98257

Managing Agent
Mayflower Capital, LLC
2626 Glenwood Ave., Suite 100
Raleigh, NC 27608

Pamela Johnson
18488 Best Road
Mount Vernon, WA 98273

Managing Agent
Schweizer Verband
der Raiffeisen-banken
St. Gallen
Vadianstrasse 17
CH-9000 St. Gallen    SWITZERLAND

Managing Agent
Schweizerische Hypothcken
Handelsbank, Zurich
Bahnhofstrasse/
Schutzengasse 4
CH-8023 Zurich    SWITZERLAND

Stanley H. Van Etten
10504 Tredwood Drive
Raleigh, NC 27613

Managing Agent
UBS, Zuerich
Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich   SWITZERLAND

Ronald F. Garber
Boxley Bolton & Garber
P. O. Drawer 1429
Raleigh, NC 27602

Charles Anderson
Smith Helms Mulliss & Moore
P. O. Box 27525
Raleigh, NC 27611

Marianne Kelley
142419 133 Ave.
Edmonton, Alberta
CANADA T5A5A5

Robert L. Chalmers
2800 Skymark Ave., Ste. 33
Mississauga, Ontario
CAN L4W5A6

Claude Savage
106 Benbow Land
Charlotte, NC 28214

Larry Smith
2435 E. North Street
Greenville, SC 29615

Anna M. Washburn
145 Christopher Drive
Clayton, NC 27520

Shawna Y. Staton
Jordan, Price, Wall, Gray,
  Jones & Carlton
P. O. Box 2021
Raleigh, NC 27602-2021

Henry W. Nozko, Jr., President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Henry W. Nozko, Jr., President
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Managing Agent
Coeco
2525 Atlantic Avenue
Raleigh, NC 27604

John Docken
Business Credit Leasing
115 West College Drive
Marshall, MN 56258

Managing Agent
EDS Financial Services
4800 Six Forks Road
Raleigh, NC 27609

Managing Agent
Centrum Bank AGVaduz
Heiligkreuz 8, Postfoch 1168
FL-9490 Vaduz    LIECHTENSTEIN

Managing Agent
Emil Schatz, St Gallen
Oberhofstettenstrasse 67C
CH-9012, Saint Gallen
SWITZERLAND

Managing Agent
Accurata Treuhand und Revisions AG
Vaduz
Abundt 36
 FL-9490 Vaduz    LIECHTENSTEIN

Managing Agent
Mareco Treuhand Anstalt
Schlossweg 24
FL-9496 Balzers    LIECHTENSTEIN

Managing Agent
UBS AG, Zurich Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich   SWITZERLAND

Lloyd W. Gathings, II
Gathings & Associates
P. O. Box 10545
Birmingham, AL 35202

Robert W. Shores
Gathings & Associates
P. O. Box 10545
Birmingham, AL 35202

Mr. Herbert Towning
EPP
10 Gartenstrasse
Zurich, Switzerland
8022

Managing Agent
TransAmerica-TIG Insurance
650 California St. 2nd Floor
San Francisco, CA 94108-2702

Sherwin P. Robin
P. O. Box 9541
Savannah, GA 31412-9541

Tony Copeland
BTI
4300 Six Forks Road, Suite 500
Raleigh, NC 27609

Michael P. Flanagan
Ward and Smith, P.A.
P. O. Box 8088
Greenville, NC 27835-8088

Vickie Corbitt, #11429
Attorney for Commissioner of Revenue
Legal Services
P. O. Box 198065
Nashville, TN 37219-8065

Jean Boyles
P. O. Box 10506
Raleigh, NC 27605

James A. Roberts, III
Lewis & Roberts, PLLC
P. O. Box 17529
Raleigh, NC 27619-7529

Stephani W. Humrickhouse, Esq.
Nicholls & Crampton
4300 Six Forks Road, Suite 700
Raleigh, NC  27609

Paul Faison V. Graeur
300/200 Parham Street, Suite F
P. O. Box 1547
Raleigh, NC 27602

Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548

Janet Graeur
P. O. Box 66658
Baton Rouge, LA 70896

Missouri Department of Revenue
Attn: Brian S. Kuhlmann
P. O. Box 475
Jefferson City, MO 65105-0475

James K. Austin
Ellis Painter Ratterree & Bart LLP
P. O. Box 9946
Savannah, GA 31412-9946

Meredith P. Ezzell
Wyrick Robbins Yates & Ponton LLP
P. O. Drawer 17803
Raleigh, NC 27619

Marcia McGair Ippolito
R.I. Division of Taxation
One Capitol Hill
Providence, RI 02908-5800

J. Anthony Penry
Smith,Helms, Mulliss & Moore
2800 Two Hanover Square
Raleigh, NC 27601

William Woodward Webb
Broughton, Wilkins, Webb & Sugg, P.A.
P. O. Box 2387
Raleigh, NC 27602

Walter Calton
312 East Broad Street
Eufaula, AL 36072

Keith M. Jensen
Law Office of Keith M. Jensen
514 East Belknap
Fort Worth, TX 76102

Joseph N. Calloway, Esq.
Battle, Winslow, Scott & Wiley, P.A.
P. O. Box 7100
Rocky Mount, NC 27804-0100

L. C. Gilbert, Jr.
74 Hilltop Lane
Alpine, AL 35014

Randall L. Greene
Rt. 1, Box 155
Randlett, OK 73562

Andrew Clark
1901 Wilmer Avenue
Anniston, AL 36201

Jackson Wayne Murphy
Rt. 6, Box 154
Troy, AL 36081

James H. Thomas
101 Robin Drive
Troy, AL 36081

Craig T. Liebendorfer
7839 Claremont Drive
Dallas, TX 75228

Denise Marsh
709 Summit Ridge
Lewisville, TX 75067

Felix Glen Ortega
9460 Dale Glade
Dallas, TX 75217

Lupe Ortega
9460 Dale Glad
Dallas, TX 75217

Sharon A. Meckenstock
1640 West 34th St., N.
Wichita, KS 67204

Dan H. Meckenstock
Custodian FBO Jean Carol Meckenstock
9685 Mohawk Trail
Cascade, CO 80809-1525

Wilbur E. Meckenstock
9685 Mohawk Trail
Cascade, CO 80809-1525

State Auditor's Office
Montana Securities Department
Mitchell Building, Room 270
State Capital Complex
Helen, MT 59620

William Swinney
3365 Silver Palm Drive
Jacksonville, FL 32250

Marshall Reddy
P. O. Box 806
Ponte Verde Beach, FL 32004

Henry W. Noziko, Jr.
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Gerald A. Jeutter
Kilpatrick Stockton, LLP
P. O. Box 300004
Raleigh, NC 27622

Henry W. Noziko, Jr.
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Michael K. Wolensky
Robert G. Brunton
David J. Gellen
Kutak Rock
225 Peachtree St., NE, Suite 2100
Atlanta, GA 30303-1731

International Heritage
E-mail addresses for noticing purposes

yuanjunl@hotmail.com
beent@texoma.net
Cotner@wizzard.net
x2-song@worldnet.att.net
hual@airmail.net
mayfi23@ipa.net
Buddha623@aol.com
pgorman@vantagepointcapital.com
lwardcc2@aol.com
ridelga@pacbell.net
sstephe489@aol.com
mlafontaine@abbot-simses.com
wrightr@mindspring.com
TJWR21156@aol.com
rabbit@rockisland.com
cheryll.COSTANIINO@edmail.com
jasbircheema@amropictures.com
72320.316@compuserve.com
stann@colby.IXKS.com
lov.comptable@sympatico.ca
Cwin888@aol.com
myc888@webtv.net
virgilh@colby.ixks.com
gjack312@Intrstar.net
hdfrey@telusplanet.net
DLWARREN@BellSouth.net
michael_bhagat@hotmail.com
GBYRDJR@aol.com
rliston@spartanburg4.org
ghromero@aol.com
mommabeans@hotbot.com
joanchan@rocketmail.com
ZGU@atlantis.com
edeem@worldnet.att.net
DFITZPA400@aol.com
theboock@compuserve.com
pondman@memes.com
docchiro@ISLC.net
RIZMOE@NWRain.com
thodges@gateway.net
hlee@directv.com

fabb@telusplanet.net
cordw@deltapineseed.com
NBECK87570@aol.com
JYANG4@FORD.COM
mccarthy@mccarthyconsultant.com
BNLHATH@aol.com
nonfemett@worldnet.att.net
digger@bcsupernet.com
BREIDYIII@aol.com
Lindastime@aol.com
pak@jcnl.com
hornsjr@mindspring.com
lpartr1072@aol.com
leadership.possibilities.mak@worldnet.att.net
aqualite@digisys.net
TIMSAMUEL@aol.com
mtheisen@efn.org
MLGeller@aol.com
willy@qni.com
englishs@digisys.net
gmahalko@vvm.com
timmoore@aol.com
mooreem@harpo.tnstate.edu
sprklmagc@aol.com
backpain@keynet.net
Hbeckbari@aol.com
mwarhurst@yahoo.com
js.baum@srs.gov
wynellh@flash.net
dlatray@mcn.net
bwood@woodfran.com
tcrow@uab-admin.vpad.uab.edu
DickLynne Ferency@compuserve.com
kaylorj@hal-pc.org
CHASSEYRAY@email.msn.com
jim.griffith@erols.com
xiaokui.shan@bakernet.com
xshan@aol.com
kkandola@theresidences.com
lrochkind@jafferaitt.com
sdostrom@hotmail.com
michaelhopkins@mailcity.com
ellesw@aol.com
sport@gvi.net

class45@concentric.net
options-galore@yahoo.com
dadabca@netcom.ca
bchap01@aol.com
ceissngr@midrivers.com
doubled@snowcrest.com
glassgs@cadvision.com
mbrown8967@aol.com
nfl300@aol.com
diemert@northerntel.net
cgrumer@manatt.com
shouli.yang@stjude.org
RJWNLAW@aol.com
sds98@eatel.net
jwmaloy@aol.com
kanelos@mindspring.com
blairc@iname.com
Larry_Fletcher@bc.sympatico.ca
JNRRICH@Intur.net
aadrezin@Epix.net
zuyeu@wam.umd.edu
ellinger@ghg.net
websters@ls.net
liliyu@hotmail.com
dlmcguire@yahoo.com
jamesng@aol.com
ikedonn@colby.ixks.com
dbertelsen@mocc.com
Ssnowflake@aol.com
rays@c-zone.net
Larry_Hewlett@bc.sympatico.ca
kimball.peed@bigfoot.com
tammyr@falcon.ukans.cc.edu
VTPALMER27@yahoo.com
crandall@rock-springs.dowell.slb.com
gedler@bellsouth.net
sue_stephen@bc.sympatico.ca
Nicklin98@aol.com
r_brown@email.msn.com
andrelee@earthlink.net
BrAnDin420@aol.com
hou@mail.med.upenn.edu
barrettcarter@mindspring.com
calinb@earthlink.net

BSID@CTC.NET
dsbarron@bellsouth.net
jamcgrath@yahoo.com
bbaum89@aol.com
dhilch@pacificcoast.net
bjsaw@ttc-cmc.net
smsutom@aol.com
lynn@dot.state.al.us
liuwd@earthlink.net
pingnas@ica.net
Hanna@tir.com
SteveG7574@aol.com
buddunn@quantumworld.com
Rahmati@ibm.net
docnielsen@webtv.net
mjandcarlincc@juno.com
emlabeau@gateway.net
loking@wixmail.com
Jholt@Clemson.edu
jsmusa@mindspring.com
Mainland@ticnet.com
cce3@juno.com
mcnamer@bigsky.net
Remodelyou@aol.com
mwa@wnonline.net
lesterabs@mindspring.com
shanson@kearney.net
vickylanglois@atlasta.net
an667@hwcn.org
rconant@telusplanet.net
yu241703@yorku.ca
Michael Genge@bc.sympatico.ca
lihengelle@aol.com
TJDeavers@aol.com
PDQ2CU@aol.com
BrAnDin420@aol.com
hou@mail.med.upenn.edu
calinb@earthlink.net
MSB7158@bellsouth.net
hsmiley@san.rr.com
abmk@home.com

CTBallard@aol.com
beth_pattillo@shmm.org
beatty@home.msen.com
RJNele@aol.com
swede@dmea.net
kmaxeyjr@bayou.com
Wesglynn@aol.com
calinb@earthlink.net
johnsons@pacifier.com
ambc@rhweb.com
jwarren@wyche.com
dongming.zhao@jci.com
pkloosterman@juno.com
Dsalido@webtv.net
JEEPETTE99@aol.com
pingnas@ica.net
Karen0906@aol.com
lonni@pb.quik.com