**FILED**

AUG 25 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br>INTERNATIONAL HERITAGE, INC. ) | CASE NO.: 98-02675-5-ATS |
| )<br>)<br>) | |
| ) | CHAPTER 7 |
| Address:<br>2626 Glenwood Avenue, #200<br>Raleigh, North Carolina 27608 )<br>)<br>) | |
| TAX ID# 56-1921093 ) | |
| Debtor. )<br>_____ ) | |
| ) | **TRUSTEE'S REPLY TO** |
| HOLMES P. HARDEN, TRUSTEE IN ) | **RESPONSE OF THE STATE** |
| BANKRUPTCY FOR INTERNATIONAL ) | **OF MONTANA TO APPLICATION** |
| HERITAGE, INC., ) | **OF TRUSTEE FOR AUTHORITY** |
| ) | **TO ENTER INTO SETTLEMENT** |
| Plaintiff, ) | **AGREEMENT** |
| ) | |
| v. ) | |
| ) | Adversary Proceeding |
| L.C. GILBERT, JR., Individually and ) | No. S-99-00043-5-AP |
| on behalf of all others similarly situated; ) | |
| RANDALL L. GREENE, ANDY CLARK, ) | |
| JACKSON WAYNE MURPHY, DONNIE ) | |
| KENNETH BRODERWAY, JAMES H. ) | |
| THOMAS, Individually and on behalf of ) | |
| all others similarly situated; ) | |
| CRAIG T. LIEBENDORFER, ) | |
| Individually, and on behalf of all others ) | |
| similarly situated; DENISE MARSH, ) | |
| FELIX GLEN ORTEGA, LUPE ORTEGA ) | |
| Individually and on behalf of all others ) | |
| similarly situated; SHARON A. ) | |
| MECKENSTOCK, DAN H. ) | |
| MECKENSTOCK, CUSTODIAN FBO ) | |
| JEAN CARLO MECKENSTOCK, and ) | |

00056749.WPD

188

| | |
|---|---|
| WILBUR E. MECKENSTOCK, on their own behalf and on behalf of a class of all persons similarly situated; STATE AUDITOR'S OFFICE, MONTANA SECURITIES DEPARTMENT; and WILLIAM SWINNEY AND MARSHALL REDDY, Individually and as representatives of a class of all similarly situated sales representatives in International Heritage, Inc., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

The plaintiff, Holmes P. Harden, Trustee in Bankruptcy for International Heritage, Inc. ("plaintiff" or "bankruptcy trustee"), by and through his undersigned attorneys, submit this Reply to the Response of the State of Montana to Application of Trustee for Authority to Enter Into Settlement Agreement filed August 19, 1999.

I.  **SUMMARY OF THE FACTS**

The State of Montana filed a written objection to the Trustee's Motion for 11 U.S.C. § 105 Preliminary Injunction asserting that the Eleventh Amendment and the Doctrine of Sovereign Immunity precludes this Court from enjoining the State of Montana from continuing the prosecution of its pending civil action against the debtor and nondebtor codefendants Stanley Van Etten ("Van Etten"), Claude Savage ("Savage") and Larry Smith ("Smith").

On August 9, 1999, the Trustee filed an Application and Notice for Authority to Enter Into Settlement Agreement with Executive Risk Specialty Insurance Company. On August 19, 1999, the State of Montana filed a Response of the State of Montana to the Application

of Trustee for Authority to Enter Into Settlement Agreement. In said response, the State of Montana asserts its objections to the Application of the Trustee for Authority to Enter Into the Settlement Agreement and asks the Court not to approve the Settlement Agreement.

II. **THE STATE OF MONTANA HAS MADE A GENERAL APPEARANCE IN THE BANKRUPTCY COURT AND, THEREFORE, HAS WAIVED SOVEREIGN IMMUNITY.**

Generally, a bankruptcy court is precluded from asserting jurisdiction over a state pursuant to the state's right to sovereign immunity. York-Hanover Developments, Inc. and Richard D. Sparkman v. State of Florida Department of Revenue, 201 B.R. 137 (Bankr. E.D. N.C. 1996). However, a state may waive its sovereign immunity by filing a proof of claim or by participating in the proceeding. Id at 142. A state's consent to suit may arise from making a general appearance in a case. Schulman v. CA State Water Resources Control Board, 200 B.R. 358 (Bankr. C.D. Cal. 1996).

The North Carolina Supreme Court has held that a motion to dismiss on grounds other than jurisdiction over the person, such as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted or for a defect of the parties, is a general appearance. Murphy v. Murphy, 261 N.C. 95, 134 S.E.2d 148 (1964). Further, a defendant submits to the jurisdiction of the court by seeking some affirmative relief at the hands of the court, or by utilizing the facilities of the court in some manner inconsistent with the defense that the court has no jurisdiction over her. Harris v. Pembaur, 84 N.C. App. 666, 353 S.E.2d 673 (1987).

Other jurisdictions similarly hold that a request for relief from the court other than a

motion to dismiss for lack of jurisdiction over the person is a general appearance. Iffland Lumber Co. v. Tucker, 368 A.2d 606 (Conn. Super. App. 1976) (If the pleading, which was filed by defendant in response to plaintiff's application for prejudgment remedy and which denies substances of its claim against him for goods sold and delivered, had been filed in response to the Complaint, it would have constituted an appearance in fact.); Ault v. Bradley, 564 So.2d 374 (La. App. 1 Cir., 1990) ("Appearance" may consist of filing a plea, answer or demur.); King v. King, 610 N.E.2d 259 (Ind. App. 1 Dist., 1993) (Appearance may be effected by any act, such as filing an answer, by which person recognizes case as being in court.); People v. Mussatto, 216 Ill. App. 519 (1920) (A defendant making a motion to dissolve a temporary injunction, thereby enters his appearance.); Taxis v. Southern Ohio Sav. & Trust Co., 24 Ohio N.P. (N.S.) 494 (1923) (A defendant enters a voluntary appearance by filing a motion offering a defense to the merits.); Marine Midland Trust Co. of NY v. Erving Trust Co., 56 Fed.2d 385 (S.D.N.Y. 1932) (In trustee's suit to set aside preference by bankrupt, corporation's argument to merits of defendant's motion to join corporation as defendant and subsequent appeals from interlocutory orders connected with such motion held to constitute "appearance").

In the case at bar, the State of Montana has acted in a manner by which it recognizes this Court's authority to exercise jurisdiction over it. The response filed by the State of Montana offers opposition on the merits to the Trustee's Application For Authority To Enter Into a Settlement Agreement. The State of Montana seeks relief from this Court by asking that the settlement agreement not be approved. Certainly, the State of Montana is "utilizing the facilities of the court in some manner inconsistent with the defense that the

court has no jurisdiction over her." Harris, 84 N.C. App. at 668, 353 S.E.2d at 675 (1987). It should be noted that the State of Montana previously filed a Response to the Trustee's Motion to Extend the Automatic Stay to the State of Montana that raised the issue of sovereign immunity. By making a second appearance in the case, the State of Montana has thoroughly vitiated the defense. The State of Montana, by responding to the proposed settlement like any other party in interest, has submitted to the Court's authority and is seeking redress from it.

### III. CONCLUSION

Pursuant to the arguments contained herein and based upon the authorities cited in support thereof, the State of Montana has waived its sovereign immunity and, therefore, the Trustee requests that this Court grant the Motion for 11 U.S.C. § 105 Preliminary Injunction as to the State of Montana as well as to the other named defendants in this action.

Respectfully submitted this the 25th day of August, 1999.

_____
James A. Roberts, III
State Bar No. 10495

_____
James T. Johnson
State Bar No.: 19087
Attorneys for Plaintiff
Post Office Box 17529
Raleigh, North Carolina 27619-7529
Telephone: (919) 981-0191

## CERTIFICATE OF SERVICE

I, James T. Johnson, do hereby certify that the foregoing document was served upon all parties of record by mailing a copy thereof to their counsel of record at the addresses indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service in Raleigh, North Carolina, in accordance with Rule 5 of the North Carolina Rules of Civil Procedure.

This the 25th day of August, 1999.

LEWIS & ROBERTS, P.L.L.C.

BY: _____
James T. Johnson
Attorneys for Plaintiff
1305 Navaho Drive, Suite 400
Post Office Box 17529
Raleigh, North Carolina 27619-7529
Telephone: (919) 981-0191

SERVED:

J. Anthony Penry, Esq.
Smith, Helms, Mulliss & Moore
2800 Two Hanover Square
Raleigh, North Carolina 27601
*Attorney for Sharon A. Meckenstock, Dan H. Meckenstock and Wilbur Meckenstock*

00056749.WPD

William Woodward Webb, Esq.
Broughton, Wilkins, Webb & Sugg, P.A.
Post Office Box 2387
Raleigh, North Carolina 27602
*Attorney for William Swinney and Marshall Reddy*

Walter Calton, Esq.
312 East Broad Street
Eufaula, Alabama 36072
*Attorney for Randall L. Greene,
Andy Clark, Jackson Wayne Murphy,
Kenneth Broderway and
James H. Thomas*

Keith M. Jensen, Esq.
Law Office of Keith M. Jensen, P.C.
514 East Belknap
Fort Worth, Texas 76102
*Attorney for Craig T. Liebendorfer*

Joseph N. Calloway, Esq.
Battle, Winslow, Scott & Wiley, P.A.
Post Office Box 7100
Rocky Mount, North Carolina 27804-0100
*Attorney for Montana State Auditor's Office*

James Russell Tucker, Esq.
500 North Akard Street, Suite 2100
Dallas, Texas 75201
*Attorney for Denise Marsh, Felix Glen Ortega,
and Lupe Ortega*

Lloyd W. Gathings, Esq.
Gathings & Associates
Post Office Box 10545
Birmingham, Alabama 35202-0545
*Attorney for L.C. Gilbert, Jr.*