FILED

AUG 27 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | | |
|---|---|---|
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | CHAPTER 7 |
| | ) | |
| INTERNATIONAL HERITAGE, INCORPORATED, | ) | CASE NO. 98-02674-5-ATS |
| | ) | CHAPTER 7 |
| Debtors | ) | |

OBJECTION OF ACSTAR INSURANCE COMPANY TO
APPLICATION OF TRUSTEE FOR AUTHORITY TO ENTER
INTO SETTLEMENT AGREEMENT

NOW COMES Acstar Insurance Company ("ACSTAR"), by and through its undersigned counsel, and objects to the Application of Trustee for Authority to Enter into Settlement Agreement as follows:

1.   On November 25, 1998, International Heritage, Inc. and International Heritage Incorporated (collectively referred to herein as "IHI") filed for relief under Chapter 7 of the United States Bankruptcy Code.  Holmes P. Harden was appointed Chapter 7 Trustee (the "Trustee") in both of the captioned bankruptcy proceedings.

2.   On March 16, 1998, the Securities and Exchange Commission ("SEC") brought a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division (the "District Court") against IHI, Stanley H. Van Etten ("Van Etten"), Claude W. Savage and Larry G. Smith.  That case bears Civil Action No. 1-98-CV-0803-RWS and is styled Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Smith, Larry G. Smith, International Heritage Incorporated, a Nevada Corporation (the "SEC litigation").

3.   On July 1, 1998, the District Court granted an Order Approving Substitute of Cash Bond with Payment Bond.  Pursuant to these terms ACSTAR and United Coastal Insurance Company ("United")

jointly posted a dischargeable surety bond in the amount of Five Million and No/100 Dollars ($5,000,000.00) (the "Bond"). To induce ACSTAR and United to furnish the payment bond, IHI executed a standard form Indemnity Agreement on June 8, 1998. A photocopy of the Indemnity Agreement is attached hereto and incorporated herein by reference as "Exhibit A."

4. On January 15, 1999, the Trustee filed an Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction.

5. On June 21, 1999, this Court entered an Order Approving Application of Trustee to Enter into Consent to Final Judgment of Permanent Injunction ("Order"). The Order states in pertinent part as follows:

> The Sureties (ACSTAR and United) have agreed to pay and the Trustee for International Heritage, Inc. has agreed to receive $4.1 million under the Bond and to disburse the proceeds of the Bond in the International Heritage, Inc. bankruptcy case according to Paragraph V of Exhibit A(1) attached hereto. The Commission stipulates that the United States Bankruptcy Court for the Eastern District of North Carolina has jurisdiction pursuant to 28 U.S.C. § 1334 over the administration of the surety bond, and further stipulates that any and all proceeds of such bond shall be first subject to a payment to the Trustee of an amount equal to the full statutory commission permitted pursuant to 11 U.S.C. § 326(a) without reduction notwithstanding the foregoing stipulation that the bond is not property of IHI Estate, and in addition to the aforesaid payment to Trustee, to payment of all allowed IHI administrative claims. It is further agreed that the Sureties (ACSTAR and United) shall have claims in the International Heritage, Inc. bankruptcy case as set forth in Paragraph V of Exhibit A(1) attached hereto. The Sureties and the Trustee have also agreed to execute the mutual releases attached hereto as Exhibit B.

2

6.    The  obligations  stated  under  the  Order  are
contingent on the entry of a "Consent Final Judgment of Permanent
Injunction  as  to  Defendants  International  Heritage,  Inc.  and
International  Heritage,  Incorporated,  a  Nevada  corporation"
("Consent Final Judgment") by the United States District Judge in
the SEC Litigation.

7.    ACSTAR is a creditor in the captioned bankruptcy
cases pursuant to the terms of the Bond, the Indemnity Agreement,
and the principles of surety law.

8.    On August 9, 1999, Trustee filed an Application of
Trustee  for  Authority  to  Enter  into  Settlement  Agreement
("Application").

9.    In  the  Application,  Trustee,  Executive  Risk
Specialty Insurance Company ("ERSIC"), Van Etten, Claude W. Savage
and Larry G. Smith propose a settlement of two lawsuits involving
IHI and ERSIC (bearing captions Executive Risk Specialty Ins. Co.
v. International Heritage, et al., Case No. 5:98-CV-542-
F(3)(E.D.N.C.) and Holmes P. Harden, Trustee in Bankruptcy for
International Heritage, Inc. v. Executive Risk Specialty Ins. Co.,
Adversary  Proceeding  No.  S-99-00015-5-AP  (Bankr.  E.D.N.C.))
"whereby One Million Seven Hundred Eighty-Seven Thousand Five
Hundred and No/100 Dollars ($1,787,500.00) will be paid by ERSIC to
Trustee and Two Hundred Seventy-Five Thousand and No/100 Dollars
($275,000.00) will be paid by ERSIC to Van Etten in reimbursement
for  attorneys'  fees  and  expenses  incurred  in  the  underlying
actions" (including, but not limited to, the SEC litigation).
Application, p. 3.

10.    The Application states that the "Trustee is of the
opinion that settling the above-described controversy is in the
best interests of the expeditious administration of the Debtors'
Estate,  given  the  merits  of  the  defenses  and  the  complexity,
expense, inconvenience and delay of litigation.  Trustee therefore

3

deems it appropriate and consistent with his duties to enter into the Settlement Agreement with ERSIC, Van Etten, Savage and Smith which settlement by its terms, inter alia, (a) brings substantial revenue into the Bankruptcy estate without incurring additional costs or expenses, and (b) avoids complicated litigation concerning the insurance coverage issues." Application, p. 4.

11.   The Application provides no basis upon which the Trustee's opinions can be verified. A settlement of litigation by the Trustee must be approved by this Court under Bankruptcy Rule 9019(a). The Court may approve such a compromise only if it considers the probability of success on the merits, difficulties of collection, the complexity of litigation, and the expense, inconvenience, and delay associated with litigation.

12.   The Trustee has offered no information regarding these factors, but has offered only the conclusory and subjective statements that his proposal is in the best interests of the Estate.

13.   The approval of a settlement based on mere boiler-plate approval "phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law" is impermissible. Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 434 (1968).

14.   The Bankruptcy Court approving a compromise has an independent duty to inform itself of all the relevant factors and to make specific findings with respect to those factors. LaSalle National Bank v. Holland, 841 F.2d 159, 163 (7th Cir. 1987).

15.   The Trustee's Application does not discuss the merits of the two lawsuits or the Estate's likelihood to prevail in the lawsuits. Also, the Trustee's Application does not discuss the merits of the arguments of ERSIC.

16.   Specifically, the Trustee's Application does not discuss the coverage of the Directors and Officers Liability

4

Insurance Policy, including Securities Claims Coverage and Automatic Reinstatement of the Limit of Liability for Unindemnifiable Loss Designed for Initial Public Offerings No. 751-070526-97 (the "insurance policy"), the basis for any claims against that policy, or the amounts of any such possible claims against the insurance policy.

17. Paragraph 6 of the Indemnity Agreement grants ACSTAR a security interest in "all sums due or to become due to indemnitors or any of them in connection with any contract." The insurance contract entered into by IHI and ERSIC is such a contract in which ACSTAR has a perfected security interest under the terms of the Indemnity Agreement. Therefore, in accordance with the express terms of the Indemnity Agreement, ACSTAR is entitled to recover any proceeds from the insurance policy in preference and priority to any other party, including the Bankruptcy Trustee.

18. As a result of the payments to be made pursuant to the District Court's Order as referenced in Paragraph 5 above, ACSTAR is a subrogee of the SEC.

19. Under the doctrine of subrogation and pursuant to 11 U.S.C. § 509(b)(2), one who has been compelled to pay a debt that ought to have been paid by another is entitled to exercise all of the rights and remedies that the creditor possessed against that other. ACSTAR has been compelled to pay a debt that ought to have been paid by IHI in connection with the SEC litigation. ACSTAR is entitled to exercise the rights and remedies available to the SEC against IHI. Thus, ACSTAR is entitled to any proceeds of the insurance policy.

20. Also under the doctrine of subrogation, when a surety pays the claim of a creditor of an insolvent debtor, the surety is entitled to participate in dividends from the Debtor's estate on the basis of the full amount of the creditor's claim. Therefore, under the equitable doctrine of subrogation, ACSTAR is

5

entitled to recover the proceeds from the ERSIC insurance policy as reimbursement for the amount it paid to the SEC or IHI on IHI's behalf.

21.   Any settlement regarding the insurance policy requires the express consent of ACSTAR.

22.   The settlement proceeds are proposed to be received in connection with lawsuits that were instituted as a result of the misconduct of the officers and directors of IHI.  Van Etten, as an officer and director of IHI, should not receive any of the proceeds from the insurance policy.  Such a distribution would allow Van Etten to profit from his own wrongdoing.  Further, ACSTAR is a subrogee of Van Etten and is entitled to any payment to which he asserts an interest.

WHEREFORE, ACSTAR requests the Court as follows:

1.   That the Application of Trustee for Authority to Enter into Settlement Agreement be denied.

2.   That a hearing be held on the Application of Trustee for Authority to Enter into Settlement Agreement.

3.   For such other and further relief as to the Court may seem just and proper.

This the 25th day of August, 1999.

Paul A. Fanning
N.C. State Bar I.D. No.:   025477

Michael P. Flanagan
N.C. State Bar I.D. No.:   001461
For the firm of
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, North Carolina   27835-8088
Telephone:   (252) 355-3030
Facsimile:   (252) 756-3689
Attorneys for Acstar Insurance Company

GVLMAIN\211195.1

6

CERTIFICATE OF SERVICE

The undersigned, of 120 West Fire Tower Road, Post Office Box 8088, Greenville, North Carolina  27835-8088, certifies:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the date set forth below I served copies of the foregoing OBJECTION by first class mail at their last known addresses on the following:

Holmes P. Harden
Maupin, Taylor & Ellis, P.A.
Post Office Drawer 19764
Raleigh, NC 27619

Terri L. Gardner
Smith, Debnam, Narron & Myers, LLP
Post Office Box 26268
Raleigh, NC 27611

Marjorie K. Lynch
Bankruptcy Administrator
Post Office Box 3039
Raleigh, NC 27602

Brent E. Woods
Post Office Box 164
Raleigh, NC 27602

Louis P. Richkind
Counsel to Chittenden Bank
One Woodward Ave., Suite 2400
Detroit, MI 48226

Kathryn N. Koonce
Poyner & Spruill, LLP
Post Office box 10096
Raleigh, NC 27605

N. Hunter Wyche, Jr.
Wyche & Story, RLLP
Post Office Drawer 1389
Raleigh, NC 27602

Lloyd W. Gathings, II
Robert W. Shore
Gathings & Associates
Post Office Box 10545
Birmingham, AL 35202

Ronald H. Garber
Boxley, Bolton & Garber, LLP
Post Office Drawer 1429
Raleigh, NC 27602

Lloyd T. Whitaker, President
Newleaf Corporation
2814 New Spring Road, Suite 330
Atlanta, GA 30339

Joel B. Piassick
Kilpatrick & Stockton, LLP
Suite 2800
1100 Peachtree Street, N.E.
Atlanta, GA 30309

William P. Hicks
U.S. Securities and Exchange Commission
Atlanta District Office
Suite 1000
3475 Lenox Road
Atlanta, GA 30326

I certify under penalty of perjury that the following is
true and correct.

This the __25th__ day of August, 1999.


_____
Paul A. Fanning

9901038/0001
GVLMAIN\202933.1