```
                                                    F I L E D
          UNITED STATES BANKRUPTCY COURT
       EASTERN DISTRICT OF NORTH CAROLINA            AUG 27 1999
                 RALEIGH DIVISION
                                                 PEGGY B. DEANS, CLERK
                                                 U.S. BANKRUPTCY COURT
                                                 EASTERN DISTRICT OF N.C.
```

IN RE:                                  CASE NO.

INTERNATIONAL HERITAGE, INC.,           98-02675-5-ATS

    DEBTOR                              CASE NO.

INTERNATIONAL HERITAGE,                 98-02674-5-ATS
INCORPORATED,

    DEBTOR


HOLMES P. HARDEN, Trustee in
Bankruptcy for INTERNATIONAL
HERITAGE, INC.,                         ADVERSARY PROCEEDING NO.

    Plaintiff                           S-99-00043-5-AP

    v.

L.C. GILBERT, JR., Individually and
on behalf of all others similarly
situated; RANDALL L. GREENE, ANDY
CLARK, JACKSON WAYNE MURPHY, DONNIE
KENNETH BRODERWAY, JAMES H. THOMAS,
Individually and on behalf of all
others similarly situated; CRAIG T.
LIEBENDORFER, Individually and on
behalf of all others similarly
situated; DENISE MARSH, FELIX GLEN
ORTEGA, LUPE ORTEGA, Individually
and on behalf of all others
similarly situated; SHARON A.
MECKENSTOCK, DAN H. MECKENSTOCK,
CUSTODIAN FBO JEAN CARLO MECKENSTOCK
and WILBUR E. MECKENSTOCK, on their
own behalf and on behalf of a class
of all persons similarly situated;
STATE AUDITOR'S OFFICE, MONTANA
SECURITIES DEPARTMENT; and WILLIAM
SWINNEY and MARSHALL REDDY,
Individually and as representatives
of a class of all similarly situated
sales representatives in
International Heritage, Inc.,

    Defendants.

## ORDER DETERMINING EXTENT OF AUTOMATIC STAY
## AND DENYING REQUEST FOR PRELIMINARY INJUNCTION
## UNDER 11 U.S.C. § 105

There are two matters before the court: (1) the Motion for Order filed by Holmes P. Harden, chapter 7 trustee for the chapter 7 debtors, International Heritage, Inc. and International Heritage, Incorporated, to determine the extent of the automatic stay with respect to the Commissioner of Securities of the State of Montana, and (2) the trustee's request for a preliminary injunction pursuant to 11 U.S.C. § 105 enjoining the defendants from pursuing litigation as plaintiffs against nondebtors. A hearing was held in Raleigh, North Carolina on August 12, 1999.

**Automatic Stay and Montana Litigation**

On November 6, 1998, the Commissioner of Securities of the State of Montana initiated an administrative proceeding against both International Heritage, Inc. and International Heritage Incorporated and three of the corporations' officers, Stanley H. Van Etten, Claude W. Savage and Larry G. Smith. International Heritage, Inc. and International Heritage, Incorporated filed petitions for relief under chapter 7 of the Bankruptcy Code on November 25, 1998, and Holmes P. Harden was appointed chapter 7 trustee.

The trustee filed a motion pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure to determine that the automatic stay of 11 U.S.C. § 362 precludes the State of Montana from proceeding with the administrative proceeding against the debtors. The State of Montana through Mr. Mark O'Keefe, State

Auditor and Commissioner of Securities, filed a response (1) contending that the automatic stay does not apply to the administrative proceeding under 11 U.S.C. § 362(b)(4) because the state is merely pursuing its police and regulatory powers, (2) contending that the state has sovereign immunity and that this bankruptcy court is without jurisdiction under the Eleventh Amendment to hear the debtors' motion to determine the extent of the automatic stay, and (3) requesting relief from the automatic stay for the limited purpose of establishing a permanent injunction against the debtors and avoiding the defense of "necessary party" by the individual defendants.

The court will first address the issue of sovereign immunity. The Eleventh Amendment to The Constitution of the United States provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

In 1996 the United States Supreme Court ruled in Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S. Ct. 1114 (1996), that the Indian Gaming Regulatory Act which gave federal courts jurisdiction over suits against states was not effective under the Eleventh Amendment, and ever since federal courts have had to determine the effect of the Eleventh Amendment in bankruptcy cases. The United States Court of Appeals for the Fourth Circuit has published four post-Seminole opinions addressing the extent of the sovereign immunity of states in bankruptcy proceedings, Schlossberg

v. Maryland (In re Creative Goldsmiths), 119 F.3d 1140 (4th Cir. 1997) *cert. denied*, 118 S. Ct. 1517 (1998), Maryland v. Antonelli Creditors' Liquidating Trust, 123 F.3d 777 (4th Cir. 1997), Virginia v. Collins (In re Collins), 173 F.3d 924 (4th Cir. 1998), and In re NVR, LP, No. 98-2211, 1999 WL 486614 (4th Cir. 1999).

The Eleventh Amendment provides immunity for states from "suits" in federal court. However, states are not unaffected by federal law, and the Eleventh Amendment does not preclude every federal judicial proceeding that may affect a state. "Before the Eleventh Amendment applies, the federal action must fairly be deemed a 'suit.'" In re NVR, 1999 WL 486614 at 26. When deciding whether a proceeding constitutes a "suit," the court must "consider both the procedural posture and the substantive nature of the proceeding." In re NVR, 1999 WL 486614 at 26.

The trustee's motion initiated a "contested matter" under Rule 9014 of the Federal Rules of Bankruptcy Procedure, and the State of Montana was served with notice of the motion. No summons was issued, and the state was not compelled to submit to the bankruptcy court's jurisdiction. The Fourth Circuit has observed that a state is not in an enviable position in a contested matter if it must chose between submitting to the bankruptcy court's jurisdiction or foregoing the defense of its rights. In re NVR, 1999 WL 486614 at 28. Nevertheless, contested matters are not automatically "suits" against the state, and "it does not amount to the exercise of federal judicial power to hale a state into federal court against its will and in violation of the Eleventh Amendment." In re NVR, 1999 WL 486614 at 28, (quoting Antonelli, 123 F.3d at 787). The

4

crucial issue is the substance of the contested matter before the court.

There are some bankruptcy proceedings that may adversely affect the rights of a state that have been held not to violate the Eleventh Amendment. Federal proceedings "to dispose of a debtor's estate" have been distinguished from suits against the state. In re NVR, 1999 WL 486614 at 26. In Antonelli the Fourth Circuit held that the Eleventh Amendment did not preclude the bankruptcy court from construing the effect of a confirmed plan. Antonelli, 123 F.3d at 787. In Collins the Fourth Circuit held that the bankruptcy court could determine whether a debt to a state was discharged. Collins, 173 F.3d at 929. The court stated that jurisdiction "over the dischargeability of debt, just like its jurisdiction to confirm a plan of reorganization, 'derives not from jurisdiction over the state or other creditors, but rather from jurisdiction over debtors and their estates.'" In re NVR, 1999 WL 486614 at 27 (quoting Antonelli, 123 F.3d at 787 and Collins, 173 F.3d at 929).

The automatic stay of 11 U.S.C. 362(a) goes into effect immediately upon the filing of a bankruptcy petition and operates as a stay against all entities of, among other things, the continuation of a judicial or administrative proceeding against the debtor (§ 362(a)(1)) and "any act to obtain possession or property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The federal district court in which the case is pending has exclusive

5

jurisdiction over the assets of the bankruptcy estate pursuant to 28 U.S.C. § 1334(e), and the automatic stay protects the estate assets from the actions of all entities, including states.

Proceedings by the bankruptcy court to ascertain the reach of the automatic stay, like proceedings involving the confirmation of a chapter 11 plan and proceedings to determine whether debts are discharged, may affect the rights of a state, but nevertheless these proceedings are not precluded by the Eleventh Amendment. "That interpretive process, by defining the rights and disposition of the estate, collaterally affects the rights of virtually every party related to the estate, including owners, creditors, and employees--even if one happens to be a state." In re NVR, 1999 WL 486614 at 27. Accordingly, this court has jurisdiction to determine the extent of the automatic stay and may hear and decide the trustee's motion.

Section 362(a)(1) provides that the petition operates as a stay applicable to all entities of

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1).

Clearly, the State of Montana's administrative proceeding against the debtors is covered within the scope of § 362(a)(1). In addition, the trustee in the adversary proceeding argues that the administrative proceeding is also stayed under § 362(a)(1) and § 362(a)(3) as to the individual defendants as well. The trustee

maintains that International Heritage, Inc. and the three individual defendants (Van Etten, Savage and Smith) are named insureds under an insurance policy with Executive Risk Specialty Insurance Company. The insurance policy which, according to the trustee, covers any monetary claims recovered by the State of Montana against International Heritage, Inc. and the individual defendants has a policy limit of $5,000,000 including defense costs. The trustee argues that the insurance policy is property of the bankruptcy estate and that if the State of Montana recovers a monetary award against the individuals, the insurance will be depleted to the detriment of other creditors whose aggregate claims exceed the insurance policy limit.

The Fourth Circuit dealt with a similar issue in the A. H. Robins chapter 11 bankruptcy case more than 13 years ago. The court held in A.H. Robins Co., Inc v. Piccinin, 788 F.2d 994 (4th Cir. 1986) that although § 362(a)(1) and § 362(a)(3) are generally available only to the debtor, non-debtor third-party defendants may also be protected by the stay in unusual situations. Section 362(a)(1) may stay actions "against the debtor and arguably against those whose interests are so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest . . . ." Piccinin, 788 F.2d at 1001. The court held that "actions 'related to' the bankruptcy proceedings against the insurer or against officers or employees of the debtor who may be entitled to indemnification under such policy or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3)." Piccinin, 788 F.2d at 1001-1002.

7

The facts in this case are very similar to those before the court in <u>Piccinin</u>. The debtor, International Heritage, Inc., and its officers are named insureds under an insurance policy. Additionally, the debtor has an obligation to indemnify its officers in the event that the officers are subject to a monetary judgment in the Montana administrative proceeding. The insurance policy is property of the estate, and the estate will be depleted if the State of Montana recovers a monetary judgment against the debtor's officers. Consequently, the court concludes that § 362(a)(1) and § 362(a)(3) apply to the State of Montana and prohibit the continuation of the administrative proceeding against the debtors and the individual defendants.

The State of Montana, however, argues that even if § 362(a) is applicable, the State of Montana, in pursuing the administrative proceeding, is merely exercising its police and regulatory powers and is excepted from the automatic stay by § 362(b)(5). The court agrees.

The administrative proceeding was brought because the Commissioner believed that the debtors and the individual defendants violated the securities laws of the State of Montana. One of the individual defendants, Van Etten, argues that the debtors and the individual defendants reached a settlement with the State of Montana resolving any securities violation and that the administrative proceeding is merely a breach of contract action to determine whether the agreement was violated. The parties may have entered into a consent agreement, but that does not change the character of the State of Montana's administrative proceeding.

Section 362(b)(4) provides that § 362(a)(1) does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police or regulatory power[.]" 11 U.S.C. § 362(b)(4). The State of Montana is proceeding under its regulatory and police powers and is not stayed by § 362(a)(1).

However, the stay provided by § 362(a)(3) does apply and the State of Montana may not collect a monetary judgment against the debtors or the individual defendants since the effect would be to reduce the insurance proceeds which are property of the estate.

Finally, the State of Montana has requested relief from the automatic stay "for the limited purpose of establishing the permanent injunction against the Debtor and avoiding the defense of necessary party by the individual Defendants." The court has already determined that § 362(a)(1) is not applicable to the State of Montana, but to the extent that it is necessary, the automatic stay is modified so that the State of Montana may establish a permanent injunction against the debtors and any individual defendant.

### Request for Preliminary Injunction Under § 105

The defendants in the adversary proceeding are plaintiffs in various lawsuits in state and federal courts against International Heritage, Inc. and its officers and directors. One of the defendants is the State of Montana, but the court has determined that the protection the trustee seeks is provided under § 362(a)(3), and a preliminary injunction against the State of

Montana is not necessary. Accordingly, it is not necessary for the court to decide whether the adversary proceeding is a "suit" against the State of Montana that is precluded by the Eleventh Amendment or whether the court has the authority to restrain the Commissioner of Securities of the State of Montana under the doctrine of Ex parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908).

The lawsuits are stayed with respect to the debtors, but the trustee seeks a preliminary injunction that would also enjoin the defendants from proceeding with their lawsuits against International Heritage, Inc.'s officers and directors.

Specifically, the trustee's request for a preliminary injunction asks that

(1) defendant, L.C. Gilbert, Jr., individually and on behalf of all others similarly situated, be stayed from prosecuting the civil action filed on his behalf, L.C. Gilbert, Jr., Individually and on behalf of all others similarly situated v. International Heritage, Inc., Stanley Van Etten, Claude W. Savage and Larry G. Smith, Civil Action No. CV-98JEO-1995-E (N. D. Ala., E. Div.);

(2) defendants, Randall L. Greene, Andy Clark, Jackson Wayne Murphy, Donnie Kenneth Broderway and James H. Thomas, Individually and on behalf of all others similarly situated, be stayed from prosecuting the civil action filed on their behalf, Randall L. Greene, Andy Clark, Jackson Wayne Murphy, Donnie Kenneth Broderway, James H. Thomas, Individually and on behalf of all others similarly situated v. International Heritage, Incorporated, a foreign corporation; International Heritage, Inc., a foreign corporation; et al, Civil Action No. CV-98-42 (Ala. Cir. Ct. April 1, 1998);

(3) defendants, Craig T. Liebendorfer, individually and on behalf of all others similarly situated, be stayed from prosecuting the civil action filed on his behalf, <u>Craig T. Leibendorfer, Individually and on behalf of all others similarly situated v. International Heritage, Inc.</u>, Civil Action No. DV98-2241 (Tex. Dist. Ct. March 18, 1998);

(4) defendants, Denise Marsh, Felix Glen Ortega, Lupe Ortega, individually and on behalf of all others similarly situated, be stayed from prosecuting the civil action filed on their behalf, <u>Denise Marsh, Felix Glen Ortega, Lupe Ortega, Individually and on behalf of all others similarly situated v. International Heritage, Inc., Stanley H. Van Etten, Claude Savage and Larry Smith</u>, Civil Action No. 98-2332-E (Tex. Dist. Ct. March 27, 1998);

(5) defendants, Sharon A. Meckenstock, Dan H. Meckenstock, Custodian FBO Jean Carlo Meckenstock and Wilbur E. Meckenstock, on their own behalf and on behalf of all persons similarly situated, be stayed from prosecuting the civil action filed on their behalf, <u>Sharon A. Meckenstock, Dan H. Meckenstock, Custodian FBO Jean Carlo Meckenstock and Wilbur E. Meckenstock, on their own behalf and on behalf of a class of all persons similarly situated v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, International Heritage, Incorporated</u>, Civil Action No. 5:98-CV-237-BB-2, (E.D.N.C.);

(6) defendant, State Auditor's Office of the Montana Securities Department be stayed from prosecuting the civil action filed on its behalf, <u>In the Matter of: International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and</u>

<u>International Heritage, Incorporated, a Nevada corporation, and their agents & representatives</u>, Montana Civil Action No. I-04-02-98-4; and

(7) defendants, William Swinney and Marshall Reddy, individually and as representatives of a class of all similarly situated sales representatives in International Heritage, Inc. be stayed from prosecuting the civil action filed on their behalf, <u>William Swinney and Marshall Reddy, Individually and as representatives of a class of all similarly situated sales representatives in International Heritage, Inc. v. Stanley Van Etten, Clyde Savage, Larry Smith, International Heritage, Inc., and The Remaining Members of The Board of Directors for International Heritage, Inc., consisting of Barry Ackel, Jimmie Knowles, Sabrina Wei and John Brothers</u>, Civil Action No. 98CV01277 (N.C. Super. Ct. April 7, 1998).

The officers and directors of International Heritage, Inc. are insureds along with International Heritage, Inc. under the policy issued by Executive Risk Specialty Insurance Company, and any judgment obtained by the defendants against the officers and directors would deplete the assets of International Heritage, Inc.'s bankruptcy estate. Consequently, for the reasons already discussed in connection with the trustee's motion with respect to the State of Montana, the automatic stay of § 362(a)(1) and § 362(a)(3) applies to preclude the defendants from prosecuting their lawsuits against International Heritage, Inc.'s officers and directors. With the exception of the State of Montana, the defendants are not governmental units and are not excluded from the

stay of § 362(a)(1) by § 362(b)(4). Since the non-governmental unit defendants are precluded by § 362(a)(1) and § 362(a)(3) from pursuing their lawsuits against International Heritage, Inc.'s officers and directors, a preliminary injunction is not necessary, and the trustee's request for a preliminary injunction is **DENIED**.

Section 362(a) of the Bankruptcy Code operates as an automatic stay, but it is a stay that may be modified on request of a party in interest. One obvious basis for terminating the automatic stay as to the officers and directors would be a determination that the debtor does not have insurance coverage under the Executive Risk Specialty Insurance Company policy. Executive Risk has denied coverage, and the trustee has brought an adversary proceeding, <u>Holmes P. Harden, Trustee in Bankruptcy for International Heritage, Inc. v. Executive Risk Specialty Insurance Company</u>, Adversary Proceeding No. S-99-00025-5-AP, Case No. 98-02675-5-ATS, to determine the extent of insurance coverage, if any. Recently, the trustee has filed a motion to settle that litigation, and a hearing to consider the trustee's motion is scheduled for September 1, 1999.

Another cause for modifying the automatic stay would be a determination by the court that the officers and directors are not entitled to indemnification by the debtor. "Indemnification, even if permitted under state law, can in some cases be unallowable as a matter of preemptive federal law because it frustrates the policy of some federal statute." RUSSELL M. ROBINSON, II, ROBINSON ON NORTH CAROLINA CORPORATION LAW § 18-11 at 392 (5th ed. 1995). For example, the Meckenstock defendants whose claims are based on alleged

13

federal securities law violations contend that the officers and directors are not entitled to indemnification for claims arising under federal securities law. The Meckenstock defendants also maintain that malfeasant corporate officers should not be protected from their fraudulent acts, and claims for indemnity may be subordinated under § 510 of the Bankruptcy Code.

Although some responses to the trustee's request for a preliminary injunction raise possible grounds for modifying the automatic stay, no motions for relief from the automatic stay are pending before the court. This order is not intended to preclude defendants from filing motions for relief from the automatic stay, and such motions will be heard expeditiously as required by § 362(e).

**SO ORDERED.**

DATED: AUG 27 1999

*C. Thomas Small*
A. Thomas Small
Bankruptcy Judge

# CERTIFICATE OF SERVICE

I am a regularly appointed and qualified deputy clerk in the Office of the Clerk, in and for said Court and District, and I hereby certify that a copy of the attached document was mailed in a postage prepaid envelope addressed to the following at their respective addresses, by placing said envelope in the regular mail in Raleigh, North Carolina on AUG 2 7 1999 .

*Dina Roberson*
**Deputy Clerk**

**International Heritage Inc.**
2626 Glenwood Ave. #200
Raleigh NC 27608

**Terri L. Gardner**
PO Box 26268
Raleigh NC 27611

**Holmes P. Harden**
PO Box 17169
Raleigh NC 27619

**Bankruptcy Administrator**

**Brent Wood**
PO Box 164
Raleigh NC 27602

**James A. Roberts III**
PO Box 17529
Raleigh NC 27619-7529

Joseph N Callaway
PO Box 7100
Rocky Mount NC 27804

Mark O'Keefe
Mitchell Building, Room 270
State Capital Complex
Helena MT 59620

Lloyd W. Gathings
PO Box 10545
Birmingham AL 35202-0545

Walter Calton
312 E. Broad Street
Eufaula AL 36072

Keith M. Jensen
2929 Morton Street  Ste 100
Fort Worth TX 76107

James Russell Tucker
500 N. Akard Street, Ste 2100
Dallas TX 75201

J. Anthony Penry
PO Box 300004
Raleigh NC 27622

William Woodward Webb
PO Box 2387
Raleigh NC 27602

Joshua N. Rubin
212 East 39th Street
New York NY 10016

ATS
JRL