FILED
AUG 30 1999
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

In re:

INTERNATIONAL HERITAGE, INC.,  Case No. 98-02675-5-ATS
INTERNATIONAL HERITAGE, INCORPORATED,  Case No. 98-02674-5-ATS

Debtors.
_____/

### OBJECTION OF CHITTENDEN BANK TO APPLICATION OF TRUSTEE FOR AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT

NOW COMES Chittenden Bank ("Chittenden"), by and through counsel, and objects to the Application of Trustee for Authority to Enter Into Settlement Agreement filed by Holmes P. Harden ("Trustee"), trustee in bankruptcy for the above-referenced Debtors to show unto the Court the following:

1. Chittenden entered into an agreement with International Heritage, Inc. ("IHI"), before IHI filed its bankruptcy petition under which Chittenden Bank processed IHI's credit card transactions. Chittenden terminated its processing several months before IHI filed its petition.

2. The Securities and Exchange Commission filed a lawsuit against the Debtors, Stanley H. Van Etten, Claude W. Savage, and Larry G. Smith, described in the Trustee's Application (the "Civil Action"), seeking to enjoin the Debtors from alleged violations of the securities laws and to require the Debtors to disgorge funds paid to the Debtors by "independent retail sales representatives" ("IRSR's") and by purchasers of convertible notes from the Debtors.

3. Some of the IRSR's paid the Debtors by use of credit cards, and many of them are now making claims for refunds or reimbursements from the issuers of the credit cards, more commonly referred to as "chargebacks." Chittenden typically must reimburse the card issuers for

191

these chargebacks. Under Chittenden's agreement with IHI, IHI is obligated to reimburse Chittenden Bank in the amount of all chargebacks.

4. An earlier order of this Court provides that Chittenden shall have a claim against bond proceeds at $4,100,000 for a chargebacks involving claims of independent retail sales representatives who made payment to either of the Debtors but did not receive a product or commission.

5. In addition to the claim authorized by this order, Chittenden has a claim in this case for any amounts owing to Chittenden by the Debtors for chargebacks or otherwise which are not paid in full by the bond proceeds referenced above.

6. The Securities and Exchange Commission filed a complaint against IHI, Stanley H. Van Etten, and other principals of IHI, alleging that these defendants made representations and material omissions in connection with the sale of securities, misrepresented IHI's financial condition, and concealed the fact that IHI was operating a pyramid scheme. Chittenden believes that a substantial portion of the chargebacks may arise directly from these allegedly wrongful actions on the part of IHI, Stanley H. Van Etten, and others, and that accordingly Chittenden may have a cause of action against Van Etten or others for any damages occasioned by Chittenden reimbursing card issuers for these chargebacks.

7. The Trustee's Application requests the Court to approve a settlement with Executive Risk Specialty Insurance Company ("ERSIC"), which issued an directors and officers liability insurance policy insuring IHI, Van Etten, and others. The Trustee has filed litigation asserting claims under the policy, and ERSIC has denied coverage.

8. The Application requests the entry of an order authorizing the settlement of this

litigation with ERSIC as follows:

    (a)    The payment of $1,770,500 by ERSIC to the Trustee.

    (b)    The payment of $275,000 to Van Etten.

    (c)    The entry of a permanent injunction against any parties asserting any claims against Van Etten or other officers and directors.

9.    The Trustee's Application is detrimental to the claims of Chittenden in the IHI case and fails to comply with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules for the following reasons, as more fully discussed below:

    (a)    The Application requests the Court to authorize a settlement of litigation, but fails to state the basis for the settlement and to otherwise comply with the requirements of Bankruptcy Rule 9019.

    (b)    This Court is without jurisdiction to issue an injunction against third parties pursuing claims against Stanley Van Etten, a non-debtor.

    (c)    The Trustee has failed to provide an evaluation of the claims of ERSIC and of the Trustee's claims, so that parties-in-interest cannot evaluate the reasonableness of the settlement.

    (d)    The Trustee has not disclosed whether the estate has claims against Mr. Van Etten, and therefore whether any amounts payable to Mr. Van Etten should be in fact paid to the estate.

### Failure to Comply with Bankruptcy Rule 9019

10.    The Trustee's Application states that ERSIC and the Trustee have disagreed regarding the coverage afforded to the Debtor under the policy. However, the only information

the Trustee provides as to the claims of ERSIC and the Trustee is:

> After due consideration of the merits of each parties respective contentions regarding the coverage issue, as set forth in the coverage actions, Trustee believes it is in the best interest of creditors to enter into the settlement agreement with ERSIC.

11. The Trustee offers the further conclusory but non-informative "opinion" that settling this litigation is in the best interest of the expedition and administration of the estate, "given the merits of the defenses and the complexity, expense, inconvenience and delay of litigation." But nowhere in the Application is there any explanation of the merits of the defenses, the complexity or expense of the litigation, or the inconvenience and delay which would be caused by the litigation.

12. The approval of a settlement based on mere boilerplate approval "phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law" is impermissible. *Protective Committee of Independent Stockholders of TMT Trailer Fairy, Inc. v. Anderson*, 390 U.S. 414, 434 (1968).

13. The bankruptcy court approving a compromise has an independent duty to inform itself of all the relevant factors and to make specific findings with respect to those factors. *LaSalle National Bank v. Holland*, 841 F.2d 159, 163 (7th Cir. 1987).

14. The Trustee's Application wholly lacks any of the information which is essential for this Court to approve the settlement.

### Impermissible Injunction Against Chittenden

15. The Application requests a permanent injunction enjoining the universe against any actions against Van Etten or any other officers and directors. This would preclude

4

Chittenden from pursuing actions which it may have against the officers and directors, as referenced above.

16. The Bankruptcy Court does not have jurisdiction to grant a release to non-debtor third parties, which is precisely the effect of the requested permanent injunction. *Calloway v Benton,* 336 U.S. 132 (1946).

17. Although *Calloway* was decided under the former Bankruptcy Act it remains binding precedential authority.

> When Congress amends the bankruptcy laws, it does not write "on a clean slate." Furthermore, [the United States Supreme Court] has been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history.

*Desnup v. Timm,* 502 U.S. 410, 419 (1992)(citations omitted). See also *Kelly v. Robinson,* 479 U.S. 36, 43-53 (1986); and *Midlantic Nt'l Bank v. New Jersey Dep't of Envtl. Protection,* 474 U.S. 494, 501 1986). Cited in *Brubaker, Non-debtor Releases and Injunctions in Chapter 11: Revisiting Jurisdictional Precepts and the Forgotten Callaway v. Benton Case,* 72 Am. Bankr. L.J. 1 (1998).

18. Granting a discharge to non-debtors is unfair because the non-debtors have not disclosed all of their assets and submitted their assets to the control of the bankruptcy courts. "The enjoyment of the benefits afforded by the code is contingent on the acceptance of its burdens." *Id.*

19. The Application also discharges ERSIC of any further liability under the directors and officers insurance policy. If Chittenden is successful in asserting claims against Van Etten and other officers and directors, those claims conceivably would fall within the coverage of the

policy. The proposed settlement therefore impermissibly discharges ERSIC and inappropriately prejudices Chittenden.

### Failure to Provide Sufficient Information

20. While the Application discloses that the Trustee seeks recovery under the directors and officers policy for claims against the Debtors, there is no disclosure as to the amount of those claims or the likelihood of their success. In addition, the Application does not disclose whether there are other claims, not yet asserted in litigation, which also arguably fall within the coverage of the policy.

21. As a result of this lack of information, it is impossible for the Court or for parties-in-interest to determine whether the amount of the settlement is appropriate.

**WHEREFORE**, Chittenden Bank requests the court to deny the Trustee's Application, and to grant such other relief as may be appropriate and just.

JAFFE, RAITT, HEUER & WEISS,
a Professional Corporation

*Louis P. Rochkind by [signature]*
Louis P. Rochkind (P24121)
Counsel to Chittenden Bank
One Woodward Ave., Suite 2400
Detroit, Michigan 48226
(313) 961-8380
(313) 961-8358 (fax)

and

POYNER & SPRUILL, L.L.P.

*Kathryn N. Koonce*
Kathryn N. Koonce
Local Counsel to Chittenden Bank
3600 Glenwood Avenue
P.O. Box 10096
Raleigh, NC  27605-0096
(919) 783-6400
(919) 783-1075 (fax)

Dated: __August 30__, 1999

#198666 v1 - ihi objection to settlement agreement

## CERTIFICATE OF SERVICE

I, Kathryn N. Koonce of Poyner & Spruill, L.L.P., hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on August 30, 1999, I served a copy of the foregoing Objection of Chittenden Bank to Application of Trustee for Authority to Enter into Settlement Agreement on:

> Holmes P. Harden, Esq.
> Chapter 7 Trustee
> Post Office Drawer 19764
> Raleigh, North Carolina 27619
>
> Terri L. Gardner, Esq.
> 225 Hillsborough Place
> Raleigh, North Carolina 27602
>
> Marjorie K. Lynch, Esq.
> Bankruptcy Administrator
> Post Office Box 3758
> Wilson, North Carolina 27895-3758

by depositing the same in the United States mail, first class, postage prepaid.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 30, 1999

> POYNER & SPRUILL, L.L.P.
>
> By: *(signature)*
> Kathryn N. Koonce
> N.C. State Bar No. 19193
> Local Counsel for Chittenden Bank
> Post Office Box 10096
> Raleigh, North Carolina 27605-0096
> Telephone: (919) 783-6400