FILED

SEP 13 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                    )
                                          )        CHAPTER 7
INTERNATIONAL HERITAGE, INC.              )        CASE NO. 98-02675-5-ATS
INTERNATIONAL HERITAGE                    )        CASE NO. 98-02674-5-ATS
INCORPORATED                              )
            Debtor.                       )

**OBJECTION OF L.C. GILBERT, et al., TO APPLICATION OF TRUSTEE FOR AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT WITH EXECUTIVE RISK SPECIALITY INSURANCE COMPANY, STANLEY H. VANETTEN, CLAUDE W SAVAGE, AND LARRY SMITH**

COMES NOW L.C. Gilbert, et al., by and through counsel, to object to the Application of Trustee for Authority to Enter into Settlement Agreement with Executive Risk Speciality Insurance Company, Stanley H. VanEtten, Claude W Savage, and Larry Smith. A condition of the proposed settlement is "a. the dismissal with prejudice of all civil actions pending against IHI and/or the Directors and Officers as of the effective date of the settlement or the entry of an injunction by the Bankruptcy Court under 11 U.S.C. § 105 enjoining any such actions that have not been dismissed with prejudice by the effective date of the settlement." (Settlement Agreement and Release, p. 4) Gilbert objects to the settlement agreement on four grounds: (1) neither Gilbert, nor any of the members of the class he seeks to represent, are parties to the case in which the proposed settlement was reached, and have not and will not receive any consideration for releasing their claims for contractual and/or punitive damages against the non-debtor parties to the release agreement; (2) this Court lacks jurisdiction to effectively release or discharge non-debtors from liability on the claims asserted by Gilbert for himself and others; (3) this Court lacks

1

jurisdiction to permanently enjoin Gilbert from prosecuting his claims against non-debtors; finally, (4) to allow VanEtten to receive payment of any portion of the proceeds of the settlement is unjust.

**1. Neither Gilbert nor any of the class he seeks to represent are parties to this Adversary Proceeding, and will receive no consideration for releasing the non-debtor parties to the settlement from liability.**

If approved, the settlement agreement will result in dismissal or an injunction against the claims of Gilbert for himself and others (hereafter Gilbert) that have been asserted in the United States District Court, Eastern District of North Carolina, Raleigh Division.[1] (the District Court action) The defendants in that case are International Heritage, Inc. (debtor), Stanley VanEtten, Claude Smith, and Larry Smith (collectively "the non-debtors"). The instant motion in this Adversary Proceeding (hereafter "this proceeding") brought by the Trustee involves as named parties only the Trustee, the debtor, the non-debtors, and Executive Risk Specialty Insurance Company (ERSIC). Neither Gilbert nor any other party to the "Underlying Actions" recited in the third paragraph of the Settlement Agreement and Release are parties to this proceeding.

The negotiations that have obviously culminated in the proposed settlement have been conducted exclusively by and between the named parties to this proceeding. By its terms, the only benefit to be derived by the parties to the Underlying Actions will be by way of distribution in debtor's case before this Court, if at all. There is no provision for any payment by or on behalf of the non-debtors to Gilbert or any of the other parties to the Underlying Actions. Without express waiver or approval, there can be no legally effective release of the claims against the non-

---

[1] The lawsuit filed by Gilbert pending in the District Court claims damages for violation of the federal securities laws, fraud, and violation of the securities laws of the State of Alabama.

debtor defendants in the Underlying Actions.

### 2. This Court lacks jurisdiction to discharge non-debtors from liability.

Likewise, this Court cannot adjudicate the rights of parties not properly before it as to claims involving non-debtors. 11 U.S.C. § 524(e) ***In re Edgeworth***, 993 F.2d 51, 53 (5th Cir. 1993) ***Citizens Bank & Trust v. Case (In re Case)***, 937 F.2d 1014, 1025 (5th Cir.1991) (holding that bankruptcy court can only determine dischargeability of debts owed by debtor, not those owed by third party); see also ***First Fidelity Bank v. McAteer***, 985 F.2d 114, 118 (3d Cir.1993) ("While it is true that the bankruptcy court's confirmation of the plan binds the debtor and all creditors vis-a- vis the debtor, it does not follow that a discharge in bankruptcy alters the right of a creditor to collect from third parties. Section 524(e) specifically limits that discharge.")

The proposed settlement and Order will effectively relieve the non-debtors from liability to those parties to the Underlying Actions, and relieve ERSIC from any obligations it may have to litigants in the Underlying Actions by virtue of the contract of insurance. As set forth above, the settlement requires dismissal or an injunction prohibiting prosecution of the underlying actions. The language in the proposed Order is such that it, when read in conjunction with the Agreement, could be construed as either a dismissal with prejudice, or as a permanent injunction. In either event the potential res judicata effect of this proceeding is more than threatening to further prosecution of the District Court case; particularly in light of the boot strap method by which Gilbert has been brought into this action. See, ***In re Zale Corporation,*** 62 F.3d 746 (5th Cir. 1995) (permanent injunction against third party claims against insurer reversed.)

### 3. This Court lacks authority to permanently enjoin Gilbert's claims in the District

**Court Action.**

A bankruptcy court may enjoin prosecution of suits against parties other than debtors if the litigation may affect the amount of property in the bankruptcy estate. *Fisher v. Apostoulou*, 155 F.3d 876, 882 (7th. Cir. 1998)

> In limited circumstances, the trustee may temporarily block adjudication of claims that are not property of the estate by petitioning the bankruptcy court to enjoin the other litigation, if it is sufficiently "related to" her own work on behalf of the estate. 28 U.S.C. § 1334(b). The jurisdiction of the bankruptcy court to stay actions in other courts extends beyond claims by and against the debtor, to include "suits to which the debtor need not be a party but which may affect the amount of property in the bankrupt estate," *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161-62 (7th Cir.1994), or "the allocation of property among creditors." *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir.1992); see also Lawrence P. King, Collier on Bankruptcy ¶ 105[2]; In re Heath, 115 F.3d 521, 524 (7th Cir.1997) ( "related to" means "likely to affect"). To protect this jurisdiction, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," 11 U.S.C. § 105(a), including a stay. *Zerand-Bernal*, 23 F.3d at 162.

*Id.*

The power of the bankruptcy court is not boundless, however. In *In re Zale Corporation*, 62 F.3d 746, 760-61 (5th Cir. 1995) the court discussed the limits and circumstances necessary for a bankruptcy court to find before a permanent injunction is proper.

> CIGNA and Zale argue that courts have upheld permanent injunctions against third-parties in other cases. In those cases, however, the courts upheld permanent injunctions of third-party claims because while the injunction permanently enjoined the lawsuits, it also channeled those claims to allow recovery from separate assets and thereby avoided discharging the nondebtor. See *S.E.C. v. Drexel Burnham Lambert Group, Inc. (In re *761 Drexel Burnham Lambert Group, Inc.)*, 960 F.2d 285, 293 (2d Cir.1992) (approving settlement that excluded class from sharing in recovery fund because class would receive fair amount from other funds), cert. dismissed, 506 U.S. 1088, 113 S.Ct. 1070, 122 L.Ed.2d 497 (1993); *MacArthur Co.*,

4

> 837 F.2d at 94 (holding that injunction did not discharge creditor because third-party interest could be asserted against settlement fund); cf. *Cullen v. Riley (In re Masters Mates & Pilots Pension Plan)*, 957 F.2d 1020, 1032 (2d Cir.1992) (rejecting settlement bar that eliminated creditor's debt because settlement did not fairly compensate third party for lost rights). The injunction at issue in this case provided no alternative means for Feld and NUFIC to recover from CIGNA for their offensive contract rights. Accordingly, because the permanent injunction as entered improperly discharged a potential debt of CIGNA, a nondebtor, the bankruptcy court exceeded its powers under § 105.

*Id.*

In this bankruptcy case, it is clear that a judgment in the District Court action could affect the allocation of property among creditors. Therefore, it follows that this Court can enjoin progress in the District Court litigation, although as previously argued, Gilbert does not think it should. The liability of the non-debtors in the District Court case, once established, would arguably make coverage of the policy at issue in this proceeding available for the Gilbert plaintiffs. For that reason, that case should be allowed to proceed. Approval of the settlement in this case should the proposed Order be entered by this Court will release ERSIC "....from any and all obligations under the policy, whether known or unknown, anticipated or unanticipated, past, present or future." (Order Authorizing Trustee to Enter into Settlement Agreement, ¶ 17.)

### 4. To allow VanEtten to receive proceeds from settlement is unjust.

Stanley VanEtten is the brain child behind the pyramid scheme which collapsed and lead to this bankruptcy case and the claims in the District Court action. Whether or not ERSIC is contractually obligated to VanEtten not withstanding, it is inherently unfair that he be allowed to receive compensation from this settlement. A result that apparently rewards VanEtten for his misconduct flies in the face of justice and reason.

## CONCLUSION

For the foregoing reasons, Gilbert objects to the Settlement and requests this Court to deny the Trustee's Motion. Gilbert further requests that a hearing be held in this matter.

SPECIAL COUNSEL

*/s/ Lloyd W. Gathings, II*
Lloyd W. Gathings, II
Robert W. Shores
Gathings, Kennedy & Associates
Post Office Box 10545
Birmingham, Alabama 35202-0545
Telephone: (205) 803-3006
Facsimile: (205) 803-3029

ASSOCIATED LOCAL COUNSEL

*/s/ Ronald H. Garber*
Ronald H. Garber
Boxley, Bolton & Garber, LLP
Post Office Drawer 1429
Raleigh, North Carolina 27602
Telephone: (919) 832-3915
Facsimile: (919) 832-3918

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| Debtor | ) | |

CERTIFICATE OF SERVICE

I, Ronald H. Garber, of Post Office Drawer 1429, Raleigh, North Carolina 27602, certify:

That I am and at all times hereinafter mentioned was more than eighteen (18) years of age;

That on the 13th day of September, 1999, I served copies of the Objection of L. C. Gilbert, et al., to Application of Trustee for Authority to Enter into Settlement Agreement with Executive Risk Speciality Insurance Company, Stanley H. Van Etten, Claude W. Savage, and Larry Smith by regular mail on all persons as listed on the Service List attached hereto.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON September 13, 1999

_____
Ronald H. Garber

## CERTIFICATE OF SERVICE LIST

Holmes P. Harden, Esquire
Maupin Taylor & Ellis, P.A.
Post Office Drawer 19764
Raleigh, North Carolina 27619

Terri L. Gardner, Esquire
Smith Debnam Narron & Myers, LLP
Post Office Box 26268
Raleigh, North Carolina 27611

Marjorie K. Lynch
Bankruptcy Administrator
U.S. Bankruptcy Court
Post Office Box 3079
Raleigh, North Carolina 27601-3039

Michael P. Flanagan, Esquire
Ward and Smith, PA
120 West Fire Tower Road
Post Office Box 8088
Greenville, North Carolina 27835-8088

Brent E. Wood, Esquire
Post Office Box 164
Raleigh, North Carolina 27602

Louis P. Richkind, Esquire
Counsel to Chittenden Bank
One Woodward Avenue, Suite 2400
Detroit, Michigan 48226

Robert H. Frazer, Esquire
ACSTAR Insurance Company
233 Main Street
Post Office Box 2350
New Britain, Connecticut 06050-2350

N. Hunter Wyche, Jr., Esquire
Wyche & Story, RLLP
Post Office Drawer 1389
Raleigh, North Carolina 27602

William P. Hicks, Esquire
E. Gordon Robinson, Esquire
Susan R. Sherrill, Esquire
U S Securities & Exchange Commission
Atlanta District Office - Suite 1000
3475 Lenox Road NE
Atlanta, Georgia 30326-1232

Ronald H. Garber, Esquire
Boxley, Bolton & Garber, LLP
Post Office Drawer 1429
Raleigh, North Carolina 27602

Lloyd T. Whitaker, President
Newleaf Corporation
2814 New Spring Road, Suite 330
Atlanta, Georgia 30339

Joel B. Piassick, Esquire
Kilpatrick & Stockton, LLP
Suite 2800
1100 Peachtree Street, NE
Atlanta, Georgia 30309

Kathryn N. Koonce, Esquire
Poyner & Spruill, LLP
Post Office Box 10096
Raleigh, North Carolina 27605-0096