**FILED**



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC., | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, | ) | CASE NO. 98-02674-5-ATS |
| INCORPORATED, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER AUTHORIZING TRUSTEE TO ENTER
## INTO SETTLEMENT AGREEMENT

This matter came on for hearing on September 22, 1999 before the undersigned

United States Bankruptcy Judge upon the Application of Trustee for Authority to Enter into

Settlement Agreement ("Application") filed August 19, 1999 by Holmes P. Harden, Trustee,

in the above-captioned case. James A. Roberts, III and James T. Johnson, Lewis and

Roberts, appeared on behalf of the Trustee; Gary Dixon and Stacey McGraw, Ross, Dixon

and Bell, and Jonathan Sasser, Moore and Van Allen, appeared on behalf of Executive

Risk Specialty Insurance Company ("ERSIC"); Brent Wood, Wood and Francis, appeared

on behalf of Stanley Van Etten, Claude Savage and Larry Smith; Michael Flanagan and

Paul Fanning, Ward and Smith, appeared on behalf of ACSTAR Insurance Company;

Susan Sherrill appeared on behalf of the Securities and Exchange Commission; and

Kathryn Koonce, Poyner & Spruill, appeared on behalf of Chittendon Bank.    After

00055275.WPD



197

consideration of the Application, all objections to the Application filed, the memorandum of law submitted by ACSTAR, and  all arguments of counsel present at the hearing, it appears to the Court as follows:

## FINDINGS OF FACT

1.      International Heritage, Inc. and International Heritage, Incorporated filed voluntary petitions in bankruptcy on November 25, 1998 and Holmes P. Harden ("Trustee") was appointed Chapter 7 Trustee.

2.      On or about August 19, 1998, Executive Risk Specialty Insurance Company ("ERSIC") commenced an action against International Heritage, Inc. ("Debtor"), Stanley Van Etten ("Van Etten"), Claude W. Savage ("Savage") and Larry G. Smith ("Smith"), in the United States District Court for the Eastern District of North Carolina, captioned Executive Risk Specialty Ins. Co. v. International Heritage, et al, Case No. 5:98-CV-542-F(3)(E.D.N.C.) ("ERSIC Action").  ERSIC dismissed Debtor from the ERSIC action following notice of the bankruptcy. On March 18, 1999, the Trustee commenced a civil action adversary proceeding against ERSIC captioned Holmes P. Harden, Trustee in Bankruptcy for International Heritage, Inc. v. Executive Risk Specialty Ins. Co., Adversary Proceeding No. S-99-00015-5-AP (Bankr. E.D.N.C.)("Trustee Action") (sometimes collectively referred to as "the Coverage Actions").

3.      The Coverage Actions are complaints for declaratory relief concerning the coverage afforded under a Directors and Officers Liability Insurance Policy, Including Securities Claims Coverage and Automatic Reinstatement of the Limit of Liability for Unindemnifiable Loss Designed for Initial Public Offerings No. 751-070526-97 issued by

00055275.WPD                                    2

ERSIC to Debtor effective from June 23, 1997 through June 23, 1998, extended by endorsement through July 23, 1998 ("the Policy").

4.     The Policy has limits of liability in the amount of $5,000,000.00 maximum aggregate for all claims made during any single policy year. Prior to the Coverage Actions being commenced, ERSIC advanced, on an interim basis, $500,000.00 in reimbursement of defense costs incurred by Debtor and the Officers and Directors of Debtor pending resolution of the Coverage Actions. ERSIC has filed a proof of claim in the bankruptcy proceeding notifying the Bankruptcy Court that Debtor will be required to repay ERSIC the $500,000.00 advanced for defense costs to the extent it is determined that such amounts are not covered under the Policy.

5.     Van Etten, Savage and Smith, as Officers and Directors of the Debtor, are also insureds under the Policy and parties to the Settlement Agreement.

6.     Trustee alleges that losses incurred by the Debtor as a result of certain underlying actions ("the underlying actions") commenced against the Debtor during the policy period (which underlying actions are specifically enumerated in Paragraph No. 15 of the First Amended Complaint for Declaratory Relief in the Trustee Action) are covered under the Policy.

7.     Specifically, Trustee alleges that the Debtor is an insured under the policy for losses incurred as a result of claims for Securities Activity Wrongful Acts. Securities Activity Wrongful Acts is defined under the policy as, inter alia, any "violation of Securities Laws." The underlying actions include allegations of violations of both federal and state securites laws.

00055275.WPD                                                                3

8. ERSIC denies that the aforedescribed losses are covered under the Policy. In the ERSIC Action, ERSIC seeks a declaration that the Policy does not provide any coverage for any loss incurred by Debtor and/or the Directors and Officers in the underlying actions.

9. Specifically, ERSIC asserts that prior to issuing the Policy to Debtor, representatives of Debtor were required to complete an application for the Policy (Application). Question 5. c) of the Application states:

> No person(s) or entity(ies) proposed for this insurance is cognizant of any fact, circumstance or situation which they have reason to suppose might afford grounds for any claim such as would fall within the scope of the proposed insurance, except as follows: (if answer is "none," so state):

In response, Debtor attached a letter from Georgina Marie Mollick, Debtor's prior attorney, to Dwight D. Holman, Debtor's Vice President of Operations, dated June 12, 1997, describing the facts and circumstances surrounding an investigation conducted by the North Carolina Attorney General. The focus of the investigation was possible illegalities of the network marketing system or "pyramid scheme" under which Debtor allegedly operated.

10. The Policy contains an exclusion which states:

> Without prejudice to any other rights and remedies of the Underwriter, any claim arising from any claims, facts, circumstances or situations required to be disclosed in response to . . . 5.c) is excluded from the proposed insurance.

Executive Risk alleges that the underlying actions arise from the facts and circumstances at issue in the North Carolina Attorney General's investigation and, therefore, any losses

00055275.WPD                                      4

incurred therefrom are excluded from coverage under the Policy. Executive Risk asserts that while the underlying actions may contain various legal claims, all of the claims asserted arise from the facts and circumstances that were the subject of the investigation by the North Carolina Attorney General. It is noted that seven out of the eight underlying actions refer to the phrase "pyramid scheme," and the eighth refers to the Debtor's network marketing system, as the factual basis for the claims contained therein.

11.    In addition, the Policy also provides that ERSIC is not liable to "pay Loss for Claims: (1) against any Insured Person brought about or contributed to in fact by any intentional dishonest or fraudulent act or omission or any willful violation of any statute, rule or law by any Insured Person." It is Executive Risk's position that the Policy would not afford coverage to the extent that the underlying actions were brought about by the fraudulent acts of one or more of Debtor's officers and/or directors.

12.    ERSIC and Trustee are in disagreement regarding the coverage afforded to Debtor under the Policy for the underlying actions, including attorneys fees. After due consideration of the merits of each party's respective contentions regarding the coverage issues, as set forth in the Coverage Actions, the Trustee believes it is in the best interest of the Estate to enter into the Settlement Agreement with ERSIC.

13.    If settlement is not reached, the complexity of this litigation will necessitate lengthy litigation and appeals resulting in a significant delay before the Estate receives any monies therefrom. Further, if settlement is not reached, the Estate may recover nothing under the policy.

14.    In the Settlement Agreement, the Trustee, ERSIC, Van Etten, Savage and

00055275.WPD                                        5

Smith have proposed a settlement of the Coverage Actions whereby $1,787,500.00 will be paid by ERSIC to the Trustee on behalf of the Bankruptcy Estate and $275,000.00 will be paid by ERSIC to Van Etten in reimbursement for attorneys fees and expenses incurred in the underlying actions.

15. Pursuant to the Settlement Agreement, ERSIC will obtain policy releases from the Debtor, Van Etten, Savage and Smith.

16. The Settlement Agreement is contingent upon the entry of an order by the Bankruptcy Court extending the automatic stay under 11 U.S.C. § § 362(a)(1) and 362 (a)(3) to IHI's officers and directors, except as to the action filed by the Securities and Exchange Commission, which stay must remain in effect at least until the settlement becomes final pursuant to Paragraph 3 of the attached Settlement Agreement.

17. Trustee believes the proposed settlement is fair and reasonable.

18. Trustee deems it appropriate and consistent with his duties to enter into the Settlement Agreement with ERSIC, Van Etten, Savage and Smith which settlement by its terms, inter alia, (a) brings in substantial revenue into the Bankruptcy Estate, said revenue being potentially one of the most substantial assets of the Estate, without incurring additional costs or expenses, and (b) avoids costly, complex and uncertain litigation concerning the insurance coverage issues.

19. Trustee is authorized to enter into this Settlement Agreement on behalf of the Debtor corporations with Court approval.

20. Notice of the Application was properly served upon creditors and parties in interest.

21. All parties attending the hearing had ample opportunity to review the attached Settlement Agreement and after revisions were made in response to certain objections, all parties attending the hearing have no objection to the merits of this settlement and the form of the attached Settlement Agreement.

## CONCLUSIONS OF LAW

22. The Trustee is authorized to enter into the proposed Settlement Agreement on behalf of the Debtor corporation with Court approval.

23. After consideration of 1) the probability of success in the litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation; 4) the expense, inconvenience and delay necessarily attending it; and 5) the paramount interest of the creditors, the proposed Settlement Agreement is approved as fair and reasonable. Approval to execute the proposed Settlement Agreement is in the best interests of the Debtors' Estate in that the settlement will dispose of significant litigation against the Debtors without undue expense and will result in the payment of $1,787,500.00, less attorneys fees, to the Bankruptcy Estate.

24. ERSIC is released from any and all obligations under the Policy, whether known or unknown, anticipated or unanticipated, past, present or future.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Application is hereby APPROVED. The Court hereby authorizes the parties to execute the Settlement Agreement in its amended form attached to this Order as Exhibit "A".

IT IS FURTHER ORDERED that the automatic stay under 11 U.S.C. §§ 362 (a)(1) and 362 (a)(3) as applied to Debtor and as applied to Debtor's officers and directors

00055275.WPD                                         7

pursuant to this Court's Order filed August 27, 1999, except as to the action filed by the

Securities and Exchange Commission, will remain in effect at least until this settlement

becomes final pursuant to Paragraph 3 of the Settlement Agreement.

This the _27th_ day of September, 1999.

THE HONORABLE A. THOMAS SMALL
UNITED STATES BANKRUPTCY COURT JUDGE

00055275.WPD                            8

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into this 23rd day of September, 1999, by and between Holmes P. Harden, as Bankruptcy Trustee for International Heritage, Inc. (the "Trustee"), Stanley H. Van Etten ("Van Etten"), Claude W. Savage ("Savage"), Larry G. Smith ("Smith"), and Executive Risk Specialty Insurance Company ("ERSIC") (collectively, the "Parties").

WHEREAS, ERSIC issued Directors and Officers Liability Insurance Policy Including Securities Claims Coverage and Automatic Reinstatement of the Limit of Liability for Unindemnifiable Loss Designed for Initial Public Offerings No. 751-070526-97, to International Heritage, Inc. ("IHI") for the period June 23, 1997 to June 23, 1998, extended by endorsement through July 23, 1998 (the "Policy");

WHEREAS, in various capacities, IHI and/or IHI's directors and officers Van Etten, Savage, and Smith (collectively, the "Directors and Officers") have been named as defendants in the matters captioned Securities and Exchange Commission v. International Heritage, Inc., et al., No. 98-CV-0803 (N.D. Ga.); Meckenstock, et al. v. International Heritage, Inc., et al., No. 5:98-CV-237-BR-2 (E.D.N.C.); Liebendorfer v. International Heritage, Inc., No. DV98-2241 (Tex. Dist. Ct.); Marsh v. International Heritage, Inc., et al., No. 98-2332-E (Tex. Dist. Ct.); Greene, et al. v. International Heritage, Inc., et al., No. CV-98-42 (Ala. Cir. Ct.); Swinney, et al. v. Van Etten, et al., No. 98 CV 04277 (N.C. Super. Ct.); Gilbert v. International Heritage, Inc., et al., No. CV-98-277 (Ala. Cir. Ct.); and In the Matter of International Heritage, Inc., et al., No. I-04-02-98-04 (Mont. State Auditor's Off.) (collectively, the "Underlying Actions").

WHEREAS, IHI and the Directors and Officers have sought coverage under the Policy for payment of defense expenses and all other losses resulting from the Underlying Actions;

WHEREAS, there has been a dispute between ERSIC and IHI and the Directors and Officers regarding whether there is coverage for the Underlying Actions under the Policy, which dispute has been the subject of both a declaratory judgment action brought by ERSIC against the Directors and Officers and IHI (and from which IHI was dismissed following notice of its filing for bankruptcy), captioned Executive Risk Specialty Insurance Co. v. International Heritage, et al., Case No. 5:98-CV-542-F(3) (E.D.N.C.) ("ERSIC's Coverage Action"), and an adversary proceeding brought by the Trustee against ERSIC, captioned Holmes P. Harden, Trustee in Bankruptcy for International Heritage, Inc. v. Executive Risk Specialty Insurance Co., Adversary Proceeding No. 5-99-00015-5-AP (Bankr. E.D.N.C.) (the "Trustee's Coverage Action");

WHEREAS, ERSIC's Coverage Action seeks a declaration that the Policy does not provide any coverage for any loss incurred by IHI and/or the Directors and Officers in connection with the Underlying Actions on the grounds that, by its terms, the Policy (which includes the application thereto) does not apply to "any claim arising from any claims, facts, circumstances or situations required to be disclosed in response to . . . [Question] 5.c)" of the application, and the Underlying Actions arise from the claims, facts, circumstances and situations that IHI was required to, and did, disclose in the application in response to Question 5.c);

WHEREAS, ERSIC has advanced, on an interim basis, $500,000 in reimbursement of defense costs incurred by IHI and the Directors and Officers, pending resolution of ERSIC's Coverage Action, and ERSIC has filed a Proof of Claim form in the IHI bankruptcy proceeding, captioned In re: International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C.) (the "Bankruptcy Proceeding"), notifying the Bankruptcy Court that IHI will be obligated to repay ERSIC the $500,000 advanced for defense costs in the event that it is established that such amounts do not constitute loss covered under the Policy;

WHEREAS, the Trustee's Coverage Action seeks a declaration that the Policy affords coverage for the loss arising from the Underlying Actions, including defense expenses, and an order declaring that IHI is entitled to recover immediately from ERSIC an amount in excess of $800,000 in reimbursement of defense expenses;

WHEREAS, the Trustee, the Directors and Officers, and ERSIC desire to compromise, settle and relinquish all claims which IHI, the Directors and Officers and/or any other Insured as defined in the Policy may have arising from the Underlying Actions, in return for the payment and receipt of good and valuable consideration from ERSIC; and

WHEREAS, the Trustee has reviewed the allegations of ERSIC with respect to the coverage issues and has determined in his business judgment that a resolution by way of this proposed settlement is appropriate and is in the best interest of the estate;

NOW, THEREFORE, in consideration of the mutual agreements and covenants set forth herein, and other good and valuable consideration, the Trustee, the Directors and Officers, and ERSIC hereby agree as follows:

1.      The Trustee promptly shall file a motion in the Trustee's Coverage Action seeking the Court's approval of this settlement pursuant to Bankruptcy Rule 9019. Among other things, the Trustee's motion shall request that the Bankruptcy Court enter a final order and judgment approving the proposed settlement, and finding that ERSIC is released from any and all obligations under the Policy, whether known or unknown, anticipated or unanticipated, past, present or future. The Trustee shall serve the motion on all parties to the Underlying Actions and also shall provide notice of the proposed settlement to all interested parties, including, without limitation, all parties to the Underlying Actions and all of IHI's creditors (the "Interested Parties"). Among other things, the Trustee's notice shall apprise the Interested Parties of the material terms of the proposed settlement, the deadline and procedure for submission of any objection to the proposed settlement, and the date the Court will conduct a hearing on the Trustee's motion to approve the proposed settlement.

2.      If, for any reason, the Court does not enter an order approving the proposed settlement in a form acceptable to ERSIC, then ERSIC, in its sole discretion, may terminate this Agreement, in which case this Agreement shall become null and void and the parties hereto shall be restored to the status quo ante existing prior to the execution of the Agreement.

3.     If the Court enters an order:   (i) approving the proposed settlement; and (ii) declaring that ERSIC has no obligations whatsoever under the Policy, once such order becomes final; that is, the settlement documentation has been approved by final order of the United States District Court for the Eastern District of North Carolina, and that order has become final, either because the time period in which to take a timely appeal from the order has expired, or, in the case of an appeal from such order, the order has been upheld on appeal and all further rights of appeal or petitions for certiorari have been completely exhausted, then:

a.     Within ten (10) days of the date the approval of the settlement becomes final, and after all conditions set forth in Paragraph 6 are satisfied, ERSIC shall pay to IHI's bankruptcy Trustee $1,787,500 and to Stanley Van Etten $275,000.   The payments specified in this paragraph, along with the $500,000 previously advanced to IHI, shall, in accordance with this Agreement, constitute the entirety of ERSIC's payment obligations pursuant to the Policy;

b.     ERSIC shall dismiss its claims against the Directors and Officers in ERSIC's Coverage Action;

c.     ERSIC shall withdraw its Proof of Claim filed in the Bankruptcy Proceeding;

d.     The Trustee shall dismiss his claim against ERSIC in the Adversary Proceeding; and

e.     The Trustee, the Directors and Officers, and ERSIC, and their affiliates, heirs, predecessors, successors, assigns, and all third persons claiming through them shall release each other and their respective affiliates, employees, directors, officers, attorneys, claim managers, reinsurers, agents and any professionals retained by them from any and all claims, debts, demands, obligations, damages, liabilities, benefits, costs and causes of action, of whatever kind or character, known or unknown, past, present or future, that they have, had, or may have against each other or their respective affiliates, employees, directors, officers, attorneys, claim managers, reinsurers, agents and any professionals retained by them, whether or not asserted in ERSIC's Coverage Action or in the Trustee's Coverage Action, on account of or in any way growing out of, based on or relating to: (a) the Policy; (b) the subject matter of any of the claims asserted in the Underlying Actions, including but not limited to the claim that IHI operates or has operated as an illegal pyramid scheme; and (c) the manner in which ERSIC, its affiliates, employees, directors, officers, attorneys, claim managers, reinsurers, agents and any professionals retained by them responded to, handled and resolved the claims for coverage under the Policy in connection with the Underlying Actions.

4.     The Parties to this Agreement expressly assume the risk that acts, errors, omissions, matters, causes, or things may have occurred which are not known or are not suspected to exist by one or more of them and waive the terms and provisions of any statute, rule or doctrine of common law which either narrowly construes releases purporting by their terms to release claims in whole or in part based upon, arising from, or related to such acts, omissions, matters, causes or things or which restricts or prohibits the releasing of such claims.

5.     The Trustee and the Directors and Officers expressly represent and warrant that they have not sold, assigned, or otherwise transferred any interest in the claims, demands, payments, rights, obligations, loss, judgments, awards, attorneys' fees, costs, fees, interest, damages, liabilities, or causes of action related in any way to the Policy. In the event that such warranty is breached, the Trustee and the Directors and Officers expressly covenant to indemnify and hold harmless ERSIC from each and every claim or demand of any kind or character arising from breach of the representations and warranty contained here.

6.     This Agreement is conditioned on, and will not become effective prior to

a.     The entry of an order by the Bankruptcy Court extending the automatic stay under 11 U.S.C. §§ 362(a)(1) and 362(a)(3) to IHI's officers and directors, which stay must remain in effect until the settlement becomes final pursuant to Paragraph 3 of this Agreement. This condition does not apply to the action filed by the Securities and Exchange Commission ("SEC"); and

b.     the final approval of a settlement between IHI, Van Etten, Savage and the SEC in connection with the action brought against IHI and the Directors and Officers by the SEC.

In the event that any of the above conditions are not satisfied, ERSIC, in its sole discretion, may terminate this Agreement, in which case this Agreement shall become null and void and the parties hereto shall be restored to the status quo ante existing prior to the execution of the Agreement.

7.     The parties agree to execute promptly any and all documents of any nature or kind which the other parties may reasonably require in order to implement the provisions and objectives of this Agreement. The parties shall bear their own costs and fees incurred to implement the terms of this paragraph.

8.     Notice regarding matters involving this Agreement to the Trustee shall be provided to:

    James A. Roberts, III
    James T. Johnson
    Lewis & Roberts, P.L.L.C.
    1305 Navaho Drive, Suite 400
    Post Office Box 17529
    Raleigh, NC 27619-7529

Notice to ERSIC shall be provided to:

Gary V. Dixon
Stacey L. McGraw
Ross, Dixon & Bell, L.L.P.
601 Pennsylvania Avenue, N.W.
North Building
Washington, D.C. 20004

Notice to the Directors and Officers shall be provided to:

Brent E. Wood
Wood & Francis, P.L.L.C.
Two Hannover Square
434 Fayetteville Street Mall, Suite 2300
Post Office Box 164
Raleigh, North Carolina 27602

or such other addresses as the parties to this Agreement may furnish to each other
pursuant to the provisions of this paragraph.

9.      The parties to this Agreement acknowledge and agree that neither entry into this
Agreement nor the payment of any sum of money referenced in or pursuant to this Agreement
shall constitute or be construed as an admission of liability by any party to any person or entity
or as an admission of coverage under the Policy.

10.     This Agreement constitutes the entire agreement between the Trustee and ERSIC
and between the Directors and Officers and ERSIC regarding the settlement of IHI's and the
Directors' and Officers' claims for insurance coverage in connection with loss incurred as a
result of the Underlying Actions. The parties to this Agreement hereby agree that the only valid
and enforceable modifications to this Agreement shall be those which are reduced to a writing
and signed by all parties hereto, or by their respective counsel.

11.     The validity and enforceability of this Agreement shall be governed by the laws of
the State of North Carolina.

12.     This Agreement is made and executed by each of the parties hereto with the
advice of counsel, and no party hereto has been coerced or induced to make this compromise and
settlement by any improper action of any other party hereto. This Agreement shall not be
construed either in favor of or against any party by virtue of any rules of contract construction
contended to be applicable to insurance policies, nor shall any Party be deemed to be the sole
drafter hereof.

13.     By their signatures below, the undersigned represent and warrant that they are
duly authorized to bind the party or parties on whose behalf they have executed this Agreement.

14.     This Agreement may be executed in one or more counterparts, each of which shall
be deemed an original and when taken together with the other signed counterparts, shall
constitute one agreement which shall be binding upon and effective as to all parties.

IN WITNESS WHEREOF, each of the parties has executed this Agreement on the day and year indicated below.

Executive Risk Specialty Insurance Company

Date:_____     By:_____

Holmes P. Harden, as bankruptcy Trustee for International Heritage, Inc.

Date:_____     _____

Stanley H. Van Etten

Date:_____     _____

Claude W. Savage

Date:_____     _____

Larry G. Smith

Date:_____     _____

**U.S. Bankruptcy Court for the Eastern District of North Carolina**
U.S. BANKRUPTCY COURT, PO BOX 1441, RALEIGH, NC 27602-1441

In Re a *Petition for Relief under chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor(s) on November 25, 1998.

DEBTOR:    **INTERNATIONAL HERITAGE, INC. of 2626 GLENWOOD AVE., #200,**
RALEIGH NC 27608,    SSAN: NA          TAX ID: 56-1921093

CASE NO. **98-02675-5-ATS**

**ORDER AND NOTICE
BY THE COURT**

CERTIFICATE OF MAILING

I am a regularly appointed and qualified deputy clerk in the office of the clerk, in and for said court and district, and I hereby certify that a copy of the attached document was mailed in a postage prepaid envelope addressed to the following at their respective addresses, by placing said envelope in the regular mail in Raleigh, NC, on this date.

DATED:    SEP 27 1999

*Annur Moell*
DEPUTY CLERK


INTERNATIONAL HERITAGE, INC.
2626 GLENWOOD AVE., #200
RALEIGH, NC 27608


'

Terri L. Gardner
PO Drawer 1389
Raleigh,  NC 27602

Holmes P. Harden
P.O. Box 17169
Raleigh,  NC 27619

Paul A. Fanning
Post Office Box 8088
Greenville, NC  27835-8088

Louis P. Rochkind
One Woodward Ave., Suite 2400
Detroit, MI  48226

Kathryn N. Koonce
Post Office Box 10096
Raleigh, NC  27605-0096

Susan R. Sherrill/William P. Hicks
Suite 1000
3475 Lenox Rd., NE
Atlanta, GA  30326-1232

Lloyd W. Gathings/Robert W. Shore
Post Office Box 10545
Birmingham, AL  10545

Ronald W. Garber
Post Office Drawer 1429
Raleigh, NC  27602

Joseph N. Callaway/Scott K. Beaver
Post Office Box 7100
Rocky Mount, Nc  27804-0100

James A. RobertsIII/James Johnson
Post Office Box 17529
Raleigh, NC  27619-7529

Joseph W. Eason/Jonathan D. Sasser
Post Office Box 26507
Raleigh, NC  27611

Gary V. Dixon/Stacey l. McGraw
601 Pennsylvania Ave., NW
North Building
Washington, DC  20004-2688