UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**FILED**

SEP 27 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE                                    )          CASE NO: 98-02675-5-ATS
                                         )
INTERNATIONAL HERITAGE, INC.             )
(TAX I.D. 56-1921093)                    )          CHAPTER 7
                            Debtor       )
                                         )

## APPLICATION OF SMITH DEBNAM NARRON WYCHE STORY & MYERS, L.L.P FOR ALLOWANCE OF CHAPTER 7 COMPENSATION AND REIMBURSEMENT OF EXPENSES

Smith Debnam Narron Wyche Story & Myers, L.L.P. ("Smith Debnam"), counsel for

International Heritage, Inc. (the "Debtor") in the above-captioned case, hereby applies to the Court

for entry of an order approving chapter 7 compensation and reimbursement of expenses for services

rendered by Smith Debnam in connection with its representation of the Debtor in the chapter 7 case.

In support of this Application, Smith Debnam respectfully represents:

1.      The Debtor filed its voluntary petition under chapter 7 of the Bankruptcy Code on

November 24, 1998 (the "Petition Date").    Prior to filing, the Debtor ceased operations and

effectuated a wind down of its business.

2.      The Debtor was incorporated in North Carolina on April 26, 1995.  On March 6,

1998, the Debtor entered into a share for share exchange with Kara International, Inc., a Nevada

corporation, and became a wholly owned subsidiary of that company.  Kara International, Inc.

changed its name to International Heritage, Incorporated.  This company was publicly traded on

NASDAQ.

3.      The Debtor's business was that of direct sale of fine jewelry, collectibles, pro-line golf

products and accessories, premium incentive products, and telecommunications products and

services in forty-eight states. The company recruited Independent Sales Representatives ("ISRs") and many of these individuals built retail sales organizations. ISRs purchased products from the Debtor and sold them to the public.

4.      The Debtor's main office has been in Raleigh, North Carolina and, at its peak, the Debtor had approximately 200 employees.

5.      The Debtor's decline, after effectuating the merger with Kara International, Inc. was caused, according to the Debtor, by legal action initiated by the Securities and Exchange Commission which alleged that the Debtor was engaged in the sale of unregistered securities and was operating a pyramid scheme. The Debtor denied the allegations, but the negative publicity impeded operations.

6.      Prior to the chapter 7 filing, Debtor's counsel had several extended meetings with the representatives of the Debtor to discuss pre-filing issues and preparation of the documents required in conjunction with the filing. The Debtor consulted counsel in several wind down issues, including maintenance of records and employee-related issues, including insurance coverage. The size and complexity of the chapter 7 case required many hours of work with the Debtor in the proper assimilation of information needed to prepare the Statement of Financial Affairs, Schedules and the mailing matrix. As the Debtor's representatives began preparing the information, it became clear that the information was stored in the Debtor's voluminous computer records would have to be reformatted and in order to produce the specific information required by the court.

7.      At the time of filing, the Debtor submitted to the court a mailing list of creditors, shareholders, ISRs, and other interested parties (the "creditors") totaling approximately 195,000. The ISRs comprised approximately 188,000 of the creditors. The number of creditors included in the case made it the largest in the history of the Eastern District Bankruptcy Court.

8.     Due to the great number of creditors, Debtor's counsel coordinated with the office of the clerk of the Bankruptcy Court prior to the chapter 7 filing to provide the matrix on discs which were formatted as required by the court to accomplish the initial noticing of all creditors.

9.     After the case was filed, Debtor's counsel was proactive in assisting the trustee and the clerk's office in raising noticing issues, drafting and filing a motion to establish a notice procedure which would limit mailed notices to the initial mailing.  The initial notice provided creditors with the bar date and notice of the web page which will contain all future notices of events in the case.  This approach was very novel, but appropriate to save the estate thousands of dollars in mailing expense.

10.    Debtor's counsel continued to assist the Trustee after the case was filed with regard to the processing of several thousand chapter 7 notices which were returned to Debtor's counsel.  A procedure was established with the Trustee to re-send notices where return addresses were provided by the post office.

11.    Considerable  work required to prepare the Statement of Financial Affairs and Schedules of Assets and Liabilities.  Due to the size and complexity of the Debtor's business, further complicated by loss of accounting personnel prior to the filing, the compilation of information was difficult.  After information was produced by the Debtor, Counsel reviewed all of the information to determine whether the information was sufficient and how it should be presented.  Numerous agreements were reviewed for inclusion in the Statement of Executory Contracts.   Counsel for the Debtor obtained an extension of time to file the Statement of Financial Affairs and Schedules,[1] but the documents were filed in a very complete form prior to the creditors meeting.

---

[1]     The Debtor lost most of its employees prior to the filing.  The trustee had to employ several of the former employees to assist in production of information needed to complete the schedules.  Much of the information was extremely voluminous and computer programs had to be developed to put the information in a format which would make it usable by the chapter 7 trustee.

12.     Many creditors called Debtor's counsel after the case was filed with questions regarding the filing. Due to the magnitude of calls received, a special recording was put in place by Debtor's counsel to provide answers to most inquiries. However, many lessors and employees contacted counsel with special concerns. Debtor's counsel made a special effort to deal with calls as efficiently and cost-effectively as possible.

13.     Notices of stay were prepared and filed on behalf of the Debtor in most pending litigation. Numerous parties to litigation contacted Debtor's counsel with questions regarding the effect of the chapter 7 filing on the cases.

14.     After the creditors meeting on December 30, 1999, Debtor's counsel was requested by the chapter 7 trustee to assist in providing additional information and an amendment to the Statement of Financial Affairs and Schedules. This was done in a prompt manner to provide the trustee with accurate information.

15.     The Trustee was faced with the task of assembling the Debtor's documents and records and transporting them to his office. Counsel for the Debtor worked with the Debtor and Trustee to make this move workable considering that a very valuable and sensitive computer contains most of the Debtor's financial date.

16.     The Trustee retained Jean Boyles, William Janvier and Stephani Humrickhouse to assist as special counsel. These parties contacted Debtor's counsel to obtain information regarding accounts receivable and  preference actions.

17.     Debtor's counsel been very conservative regarding legal services rendered after the creditors meeting. Counsel has monitored events during the chapter 7 case and responded as needed to the chapter 7 Trustee's requests and questions. Significant additional service by Debtor's counsel is not anticipated.

18.    Counsel for the Debtor believes that all of her services and expenses were necessary to the effective administration of this case.

19.    Smith Debnam seeks approval of its currently outstanding  fees and expenses pursuant to section 330 of the Bankruptcy Code.  Section 330 of the Bankruptcy Code provides that persons employed by an estate are entitled to:

> (a) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional person employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

> (b) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

20.    From October 30, 1998  Smith Debnam provided approximately 357.15  hours of legal and paralegal services at an average hourly rate of approximately $97.00 for a total amount of fees of $34,733.50.  For this same period, Smith Debnam incurred $1,790.57 in  expenses.

21.    Smith Debnam submits that the amount reflecting the total time actually spent by Smith Debnam in providing services to the Debtor, and the costs incurred by Smith Debnam in providing such services, should be approved as constituting reasonable compensation for the services actually rendered and reimbursement for costs actually incurred by Smith Debnam in connection with the Debtor's bankruptcy case.

22.    Terri L Gardner, a partner and lead attorney in the Debtor's case, has significant experience in the area of bankruptcy and corporate reorganization.  A summary of the background and qualifications of each of the attorneys and professional staff rendering legal and paralegal services in this case is attached to as Exhibit "A", and is incorporated by this reference.

23.     Exhibit "B" to this Application provides a detailed summary of the services rendered by Smith Debnam and recorded during the period from October 30, 1998 through September 15, 1999.  This Exhibit reflects services rendered by each attorney and paralegal who provided services during the applicable period and the time spent and the fee charged for such services, billed at the attorney's or paralegal's hourly rate.  Exhibit "B" also provides a detailed summary of the costs incurred by Smith Debnam during this same time period.

24.     Services rendered by Smith Debnam from October 30, 1998 through September 15, 1999 are as follows: Terri L. Gardner (Partner), 110.30 hours at $185.00 per hour; Joy K. Alford (Associate [contract attorney] 18.30 hours at $25.00 per hour, 2.00 hours at $35.00 per hour, 32.50 hours at $50.00 per hour, 143.80 hours at $70.00 per hour, and 8.50 hours at $90.00 per hour; Eva Monsey (Associate) 2.00 hours at $80.00 per hour; Charnel Baker (Paralegal) 15.60 hours at $25.00 per hour and 10.70 hours at no charge; and Patsy Ducharme (Paralegal) 11.30 hours at $70.00 per hour.

25.     In preparing this Application, Smith Debnam has not billed for services which are considered non-reimbursable under the policies and procedures of the Bankruptcy Court for the Eastern District of North Carolina such as intra-city travel expenses, and secretarial services.

26.     Smith Debnam makes use of a professional billing system in which work is delegated to the most competent individual able to provide the services at the lowest hourly rate.  In reviewing the summary of services rendered, set forth in Exhibit "B," the Court will note that the many of the hours spent performing services were performed by contract attorneys and paralegals of Smith Debnam.

27.     As the court is aware there are twelve (12) factors considered by bankruptcy courts in allowing fees and expenses, said factors having been first set forth in the case of Johnson v.

<u>Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974). These factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the onset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

28.     Smith Debnam submits that an examination of this fee request, in light of the factors enunciated in <u>Johnson</u>, warrants the fee award requested in this application:

**(1)     The time and labor expended.**

In this application, Smith Debnam sets forth individual time entries by attorneys and paralegals participating in this case. These time entries specifically describe the activity in which each individual was engaged. Smith Debnam submits that the hours expended on the myriad of issues which arose in this case are reasonable. A considerable amount of work was required in a relatively short period of time. The complexity of the Debtor's financial affairs required numerous meetings over  many hours to obtain information regarding the creditors and the nature of their claims.

**(2)     The novelty and difficulty of the questions raised.**

The Debtor's chapter 7 case was novel in that it was the largest case ever filed in this district from the perspective of **number of creditors and parties in interest**. The management of the mailing matrix, which contained over 188,000 parties, and noticing concerns were very important.

Debtor's counsel was very involved in the process of advising the Debtor in the proper listing and categorization of creditors in the Schedule of Liabilities. Before and after the filing, Debtor's counsel assisted with the procedure to notice creditors, a very critical aspect of the case.

**(3)    The skill required to properly  perform services rendered.**

A thorough understanding of the Bankruptcy Code and/or applicable federal or state law was required in order to address successfully the issues which have arisen during the case.  This was a complex case in many respects.  Therefore, only counsel highly skilled in bankruptcy practice could undertake to represent the Debtor effectively.    Smith Debnam is very experienced in the proper filing of large cases and is very familiar with the requirements of the court and chapter 7 trustees. Counsel's experience in managing a large amount of data and creditors in the Rose's Stores, Inc. chapter 11 case certainly assisted counsel in her work for the Debtor in this case.   If Counsel had not been experienced, the Trustee would have been burdened by significant additional work and perhaps important information would not have been provided to the Trustee in a timely manner.

**(4)    The attorney's lost opportunity costs.**

Smith Debnam's has been minimally impacted in its ability to represent other debtor clients because of its representation of the Debtor in this case.  For a short period of time, this case demanded the full attention of at least one attorney in the firm on a full-time basis.

**(5)    The customary fee for like work.**

The hourly rates charged by attorneys at Smith Debnam, which range from $70 to $185.00 per hour for the most experienced partners, are well within the range for rates charged by bankruptcy practitioners in this district and in this state.  Furthermore, the rates are based upon the experience and qualifications of each individual attorney.  No downward adjustment should be made to the requested fees based on this factor.

Certainly, most chapter 7 cases do not demand the fees requested in this case.  Counsel for the Debtor had a very difficult time determining the appropriate retainer.  The retainer of $15,000 was expected to be sufficient to cover the basic services rendered, but the demands of the case far exceeded counsel's expectations.   After the retainer was consumed, early in this case, counsel was required to continue efforts to represent the Debtor and respond to the Trustee.  The barrage of inquiries from creditors, attorneys and parties in interest was very difficult to manage.  Hundreds of notices sent to creditors were returned by the post office, and counsel worked with the trustee to direct the mail to parties with forwarding addresses.  Furthermore, Counsel became aware that certain employees were not included on the mailing matrix disc provided by the Debtor to the court. Counsel worked with the clerk's office to rectify this problem.

**(6)    The attorney's expectation at the onset of the case.**

Smith Debnam fully expected this case to entail dedication of attorney time and firm resources for a short period of time, which in actuality proved to be the case.  Counsel was unable to predict with accuracy the significant amount of work required after the case was filed to get accurate information to the Trustee and deal with the creditors.

**(7)    The time limitations imposed by the client or circumstances.**

On numerous occasions throughout the case, Smith Debnam was under time constraints to get documents completed to meet deadlines, including the original petition and subsequently filed documents.

**(8)  The amount in controversy and the results obtained.**

As noted throughout this application, this has been a fairly intense case considering its short tenure.  Smith Debnam has worked diligently to file very complete documents, has assisted the

Trustee and clerk's office, and has responded to inquiries of creditors and special counsel on a prompt basis.

**(9)  The experience, reputation and ability of the attorney.**

Smith Debnam has significant experience in business debtor representation.  Furthermore, Ms. Gardner has experience as a chapter 7 Trustee, which assisted her in determining the information which would be needed by the Debtor's Trustee, Mr. Harden, to administer effectively this case.  Ms. Gardner's biography reflects her level of skill and experience.

**(10)  The undesirability of the case within the legal community in which the suit arose.**

Smith Debnam does not consider this to be an undesirable case.

**(11)  The nature and length of the professional relationship between the attorney and client.**

Throughout the term of the engagement, however, Smith Debnam has understood that its engagement was for the specific purpose of assisting the Debtor in its chapter 7 case.

**(12)  The attorney's fees awards in similar cases.**

Considering 1) the size and notoriety of this case, regarding the number of creditors, 2) the magnitude of information which was assimilated in preparing the Statement of Financial Affairs, Schedules, list of Executory Contracts, and other related documents, 3) and the unique legal and other issues which necessitated counsel's involvement prior to and after the filing, counsel believes that the fees and expenses requested are reasonable.  Most chapter 7 cases filed in this district are not comparable in size or complexity.  Such cases usually begin in chapter 11 and convert to chapter 7.  Counsel is unaware of a similar chapter 7 cases in this district.

29.     Counsel for the Debtor received a retainer of $15,000.00.  A total of $175.00 of this retainer was used for the filing fee, leaving $14,825.00 to apply to fees and expenses.  The total amount of fees and expenses sought herein is $36,524.07.  Therefore, $21,699.07, if allowed by the court, will be paid from the estate as a cost of administration.

30.     No agreement or understanding exists between Smith Debnam  and any other entity for the sharing of compensation to be received for services rendered in or in connection with the case, except as authorized by the Bankruptcy Code and by agreement among the members of the law firm of Smith Debnam.

31.     No previous allowance of compensation for services rendered or reimbursement of proper costs and expenses has been made to the firm or any other attorney for the particular services and expenses set out in Exhibit "B" except as set forth in the Rule 2016 Statement filed at the initiation of the case.

WHEREFORE, Smith Debnam respectfully requests that the Court enter an order allowing compensation in the amount of $34,733.50 and reimbursement of expenses in the amount of $1,790.57, with $21,699.07 being payable from the Debtor's estate as a cost of administration.

Dated: 9 /27/99

Terri L. Gardner
NC State Bar No. 9809
of SMITH DEBNAM NARRON WYCHE
STORY & MYERS, L.L.P
Attorneys for the Debtor
Post Office Box 26268
Raleigh, North Carolina 27611
Telephone (919) 250-2000

## EXHIBIT A - PROVIDER BIOGRAPHIES

**TERRI L. GARDNER**

Wake Forest University, B.A., Magna Cum Laude, Phi Beta Kappa, 1978; Wake Forest University School of Law, J.D. 1981; Wake Forest Law Review; Law Clerk to the Honorable Rufus W. Reynolds, United States Bankruptcy Judge for the Middle District of North Carolina, August, 1981 through February, 1983; **Partner**, Smith Debnam Narron Wyche Story & Myers, L.L.P., Raleigh, North Carolina.

Ms. Gardner has practiced bankruptcy law exclusively since joining Smith Debnam in February, 1983; **North Carolina Certified Bankruptcy Specialist; Certified as Business Bankruptcy Specialist by the American Bankruptcy Board of Certification**; Chapter 7 trustee, United States Bankruptcy Court, Eastern District of North Carolina; current member of Bankruptcy Section of North Carolina Bar Association, American Bankruptcy Institute and Turnaround Management Association; Member of Bankruptcy Council from 1986 to 1991, 1996 to present; presently on North Carolina State Bar Board of Legal Specialization; Member of Tenth Judicial District Fee Arbitration Committee; on Board of Directors of Turnaround Management Association for the Carolinas Chapter; on Board of Directors for Association of Certified Turnaround Professionals; on Editorial Board of <u>The Journal of Corporate Renewal</u> which is national publication of the Turnaround Management Association.

Ms. Gardner has attended many state, regional, and national bankruptcy seminars. She has served as a lecturer at several seminars and was a contributing author to the North Carolina Bankruptcy Practice Manual. Ms. Gardner has represented creditors and publicly and privately held debtors in workouts and chapter 11 reorganizations.

**EVA F. MONSEY - LAW CLERK**

Eva F. Monsey joined Smith Debnam Narron & Myers, L.L.P. as a law clerk in August of 1998. Ms. Monsey attended Arizona State University in Tempe, Arizona, where she received her Bachelor of Science in Clinical Nutrition in 1990. Ms. Monsey attended Western State University College of Law in Fullerton, California where she received her Juris Doctor degree in 1996. Ms. Monsey attended Golden Gate University School of Law in San Francisco, California where she earned a Master of Laws in Taxation in 1998. She was admitted to the California Bar in 1997. At the time of her work, she had to take the North Carolina Bar Exam.

**JOY K. ALFORD - LAW CLERK**

Wright State University, B.A., 1994; Ohio State University School of Law, J.D., 1998; Law Clerk, Smith Debnam Narron Wyche Story &Myers, L.L.P., Raleigh, North Carolina; sat for February, 1999 Bar.

**CHARNEL D. BAKER - PARALEGAL**
Legal Secretary/Paralegal-Norfolk Technical Vocational Center, 1990; Legal Assisting/Paralegal-Commonwealth College; 1992; Bankruptcy Paralegal with Smith Debnam Narron & Myers, L.L.P. from June 1998 to present.

**PATSY DUCHARME - PARALEGAL**

University of Southwestern Louisiana, 1967; Legal assistant to chapter 7 bankruptcy trustee for the Eastern District of North Carolina for over 18 years. Regularly attends workshops sponsored by the Clerk's Office and Bankruptcy Administrator's Office, as well as, the North Carolina State Bankruptcy Institute and the Bankruptcy Institute for the Eastern District of North Carolina. Member of the North Carolina Bar Association.

## SMITH DEBNAM NARRON & MYERS, L.L.P.
### Attorneys at Law

4700 New Bern Avenue
Post Office Box 26268
Raleigh, NC 27611-6268

Telephone: (919) 250-2000
Facsimile: (919) 250-2100

December 31, 1998
Invoice #97129
Invoice prepared by:
Terri L. Gardner

International Heritage, Inc.
Attn: Stanley Van Etten
2626 Glenwood Ave.
Suite 200
Raleigh, NC 27608

Client No. 983524:          International Heritage, Inc.
Matter No. 00001:           Chapter 7

## CURRENT BILLING SUMMARY

| | |
|---|---:|
| Fees for Professional Services Through December 29, 1998: | 21,077.50 |
| Expense Advances Through December 29, 1998: | 1,045.15 |
| Total of Current Statement: | $ 22,122.65 |
| Retainer Applied to Current Statement: | ( 14,825.00) |
| Previous Balance: | 0.00 |
| **TOTAL BALANCE DUE:** | **$ 7,297.65** |

## SERVICES SUMMARY

| INIT | NAME | RATE | HOURS | AMOUNT |
|------|------|-----:|------:|-------:|
| JKA | Joy Alford | 0.00 | 1.80 | 0.00 |
| JKA | Joy Alford | 25.00 | 3.00 | 75.00 |
| JKA | Joy Alford | 35.00 | 2.00 | 70.00 |
| JKA | Joy Alford | 50.00 | 32.50 | 1,625.00 |
| JKA | Joy Alford | 70.00 | 75.30 | 5,271.00 |

| | | | | |
|-----|---------------|--------|-------|-----------|
| CBB | Charnel Baker | 0.00 | 10.70 | 0.00 |
| CBB | Charnel Baker | 25.00 | 15.60 | 390.00 |
| TLG | Terri Gardner | 185.00 | 72.90 | 13,486.50 |
| EFM | Eva Monsey | 80.00 | 2.00 | 160.00 |
| CUT | Courier Time | 0.00 | 0.30 | 0.00 |

International Heritage, Inc.                                                   983524 00001
PAGE 3

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|------|------|-------------|-------|--------|
| 10/30/98 | TLG | Call with Brent Wood about IHI issues. | 1.00 | 185.00 |
| 11/03/98 | TLG | Research regarding automatic stay and SEC; special counsel issues; called Brent Wood to discuss case issues. | .80 | 148.00 |
| 11/04/98 | TLG | Talked to Brent Wood regarding filing issues. | .80 | 148.00 |
| 11/05/98 | TLG | Meeting with BA to discuss IHI filing issues. | .00 | .00 |
| 11/06/98 | TLG | Meeting with Wood and Van Etten to discuss filing issues. | 3.00 | 555.00 |
| 11/09/98 | TLG | Review of note and research on perfection of Van Etten's security interest, preference issues. | 1.00 | 185.00 |
| 11/09/98 | TLG | Worked on IHI pre-filing issues; called Brent Wood regarding same. | 1.50 | 277.50 |
| 11/09/98 | JKA | Search for perfected security interests at Wake County Register of Deeds. | 2.17 | 151.90 |
| 11/10/98 | TLG | Called Brent to discuss current status of filing. | .10 | 18.50 |
| 11/11/98 | TLG | Review of schedules in preparation for meeting. Prepared draft of information letter and engagement letter. | 1.80 | 333.00 |
| 11/11/98 | CBB | Prepare and revise chapter 7 petition | 1.80 | 45.00 |
| 11/12/98 | TLG | Meeting with client to discuss legal issues, filing concerns, information needed to complete schedules. | 4.00 | 740.00 |
| 11/12/98 | TLG | Continued to work on engagement letter and information letter. | .60 | 111.00 |
| 11/16/98 | TLG | Called Brent Wood regarding filing case, issues; called court to discuss matrix. | .40 | 74.00 |
| 11/16/98 | TLG | Talked to court regarding matrix. | .10 | 18.50 |
| 11/16/98 | TLG | Revised petition; called Alex to discuss format of matrix. | .30 | 55.50 |
| 11/16/98 | CBB | Prepare emergency petition and enter in information from UCC's. | 1.50 | .00 |
| 11/17/98 | TLG | Talked to Brent Wood; call from Alex regarding matrix. | .30 | 55.50 |
| 11/18/98 | TLG | Revised short form petitions, retention letters; meeting | 3.50 | 647.50 |

International Heritage, Inc.                                                                 983524 00001
PAGE  4

|          |     |                                                                                                                                                                                              |       |        |
|----------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
|          |     | with representatives of IHI regarding schedules, and other filing issues; call to clerk regarding matrix format.                                                                              |       |        |
| 11/18/98 | TLG | Revised retention agreement; talked to Susan Beasley regarding insurance issues; talked to Anna about filing issues; talked to Brent Wood regarding filing issues; reviewed substantive consolidation rules; called clerk about substantive consolidation; letter to Wood about documents, follow up call to Wood. | 1.80 | 333.00 |
| 11/18/98 | TLG | Review of Correspondence.                                                                                                                                                                     | .30   | 55.50  |
| 11/18/98 | JKA | Begin reviewing documents in preparation for drafting attachments.                                                                                                                            | 4.00  | 280.00 |
| 11/18/98 | CBB | Revisions to petition and fax to client.                                                                                                                                                      | .40   | 10.00  |
| 11/19/98 | TLG | Talked to Anna, Brent Wood regarding petition, made final revisions; visited Van Etten to get signature on petition; revised retention letter; t/c transfer agent.                            | 1.50  | 277.50 |
| 11/19/98 | JKA | Work on schedules litigation & contracts.                                                                                                                                                     | 3.00  | 210.00 |
| 11/20/98 | TLG | Several Calls w/Anna re: filing issues; t/c Robin re: schedules.                                                                                                                              | .50   | 92.50  |
| 11/20/98 | CBB | Try to e-mail resolution to Anna Washburn, then fax same.                                                                                                                                     | .40   | .00    |
| 11/23/98 | TLG | Called Anna re:  matrix(2 calls), called Brent about review of matrix; called Peggy Deans to discuss matrix; research on substantive consolidation.                                           | .90   | 166.50 |
| 11/23/98 | JKA | Prepared exhibits                                                                                                                                                                             | 1.00  | 70.00  |
| 11/24/98 | TLG | Meeting with representative of company regarding filing preparation; follow up calls with clerk's office and client regarding matrix format and other filing issues; coordinated with paralegal on filing. | 2.80 | 518.00 |
| 11/24/98 | TLG | Talked to Brent Wood about filing issues.                                                                                                                                                     | .30   | 55.50  |
| 11/24/98 | EFM | Review case law for Terri Gardner re:  consolidation of debtors' estates.                                                                                                                     | 1.00  | 80.00  |
| 11/24/98 | JKA | Conference with TLG re: filing petition;  Call to Anna Washburn re: matrix;  Conference with TLG re: matrix;  Prepare petition for filing.                                                    | .70   | 49.00  |
| 11/25/98 | TLG | Calls to Brent Wood's office regarding filing case, matrix; called associate to provide assistance regarding filing; follow up.                                                               | 1.00  | 185.00 |

International Heritage, Inc.                                                                  983524 00001
PAGE 5

| | | | | |
|---|---|---|---|---|
| 11/25/98 | EFM | Finish review of case law and draft memo re: consolidation of Debtor's estates in Chapter 7 for Terri Gardner | 1.00 | 80.00 |
| 11/25/98 | JKA | Pick up check and matrix;  Finalize preparation to file and file chapter 7. | 3.00 | 75.00 |
| 11/30/98 | TLG | Called Brent's office regarding matrix issues; instructions regarding verification of matrix. | .20 | 37.00 |
| 11/30/98 | TLG | Talked to Margie Lynch regarding filing issues; notice to SEC, trustee issues. | .30 | 55.50 |
| 11/30/98 | TLG | Talked to Anna about filing issues and meeting with trustee; returned call to Bankruptcy Administrator regarding case issues. | .20 | 37.00 |
| 11/30/98 | TLG | Called Brent Wood to discuss schedules and related issues; called Holmes Harden to discuss changing locks and other issues; call to Anna to follow up on meeting with the trustee, mail, etc.. | .90 | 166.50 |
| 11/30/98 | TLG | Talked to Brent Wood regarding meeting with client; discussed filing issues. | .20 | 37.00 |
| 11/30/98 | JKA | Conference with TLG re: status of case and matrix; Conference with EFM re: consolidation research. | .33 | 23.10 |
| 11/30/98 | CBB | Print Verification of Creditor Matrix and Amended form. | .30 | .00 |
| 11/30/98 | CBB | Send list of names to be added to the mailing matrix to Rhonda at Brent Wood's office. | .40 | 10.00 |
| 12/01/98 | TLG | Meeting with chapter 7 trustee and client to discuss information needed by trustee. | 2.50 | 462.50 |
| 12/01/98 | TLG | Telephone call with Mona Ellis regarding noticing(2 calls); called Anna to discuss matrix problem. | .30 | 55.50 |
| 12/01/98 | TLG | Talked to Anna about matrix issues; call from court regarding same. | .20 | 37.00 |
| 12/01/98 | TLG | Review of IHI documents (IOQ,8K) to prepare schedules. | 1.00 | 185.00 |
| 12/01/98 | TLG | t/c BA re: Notice, consolidation; t/c Harden re: Meeting with BA. | .30 | 55.50 |
| 12/01/98 | JKA | Travel to client's office, pick up and file creditor matrix additions and certification. | 1.80 | .00 |
| 12/02/98 | TLG | Two calls with Anna regarding the problem with matrix, treatment  of sales reps. in the schedules. | .40 | 74.00 |

International Heritage, Inc.                                                                983524 00001
PAGE 6

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 12/02/98 | TLG | Talked to Mona Ellis about matrix; called Margie Lynch to discuss noticing; followup call to Mona Ellis about meeting with Judge Small; call Margie Lynch and Holmes Harden to discuss meeting with Judge Small. | .90 | 166.50 |
| 12/02/98 | TLG | Meeting with client to discuss schedules and other case issues. | 3.30 | 610.50 |
| 12/02/98 | JKA | Phone call to clerk's office in Wilson re: creditor matrix; Meeting with client re: matrix and schedules; File new matrix disks at clerk's office. | 4.15 | 290.50 |
| 12/03/98 | TLG | Meeting with Lynch and Harden regarding noticing issues; meeting with Judge Small regarding noticing issues; called Anna to discuss schedules; coordinated. | 2.20 | 407.00 |
| 12/03/98 | TLG | Review of information needed to prepare schedules. | 1.20 | 222.00 |
| 12/03/98 | TLG | Conference call with Harden, Van Etten and Wood regarding filing issues. | .30 | 55.50 |
| 12/03/98 | TLG | Prepared Motion for Establishment of Noticing Procedures; revised. | 1.50 | 277.50 |
| 12/03/98 | JKA | Phone conference with TLG re: meeting; Attend meeting with BA and Holmes Harden. | 2.00 | 70.00 |
| 12/03/98 | JKA | Phone call to client re: matrix and financial statements; Begin work on schedules. | 3.00 | 210.00 |
| 12/04/98 | TLG | Worked on Motion for notice procedures; talked to Lynch. | 1.00 | 185.00 |
| 12/04/98 | TLG | Call with Margie Lynch and Holmes Harden regarding notice; review comments from Holmes; conference call to discuss notice. | .80 | 148.00 |
| 12/04/98 | TLG | After conference call made final revisions; prepared order; talked to Holmes about filing motion to est. | 1.00 | 185.00 |
| 12/04/98 | TLG | Two calls with Anna regarding employee issues, filing new hard copy of matrix, and other issues. | .40 | 74.00 |
| 12/04/98 | TLG | Call to Harden regarding need to hire people to assist with schedules; called Deans about Procedures Memo; called Lynch regarding same. | .60 | 111.00 |
| 12/04/98 | TLG | Instructed associate regarding filing of documents with court; called Ellis to coordinate. | .60 | 111.00 |
| 12/04/98 | JKA | Continue work on schedules and attachments; travel to Holmes Harden for signature and copies; filing at | 7.10 | 497.00 |

International Heritage, Inc.                                                            983524 00001
PAGE 7

|          |     | court.                                                                                                                          |       |        |
|----------|-----|---------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 12/04/98 | CBB | Revisions on ex parte motion for Terri.                                                                                          | .30   | .00    |
| 12/07/98 | TLG | Talked to Anna about schedules; discussed schedules with Joy and reviewed list of executory contracts; revised list; t/c Oliver re: inquiry on litigation. | 1.50  | 277.50 |
| 12/07/98 | JKA | Continue work on schedules;  Conference with TLG re: schedules;  Travel to client for matrix and schedule information.            | 8.15  | 570.50 |
| 12/07/98 | CBB | Review format for unsecured creditors, COS Ex Parte Motion and Order to BA, Holmes Harden, and Sherrill and serve.               | .50   | 12.50  |
| 12/08/98 | TLG | Talked to Anna, review of schedules and revised them.                                                                            | 1.30  | 240.50 |
| 12/08/98 | TLG | t/c Mona Ellis re:  filing schedules.                                                                                            | .10   | 18.50  |
| 12/08/98 | TLG | t/c Ikon:  Creditor re:  listing on schedules.                                                                                   | .10   | 18.50  |
| 12/08/98 | JKA | Continue work on schedules;  Phone calls with debtor re:  schedules;  Phone call to court re:  matrix;  Conference with TLG re:  schedules. | 7.80  | 546.00 |
| 12/08/98 | CBB | Deliver Creditor Matrix to Court.                                                                                                | .60   | .00    |
| 12/09/98 | TLG | Discussed schedules with associate; called Holmes Harden regarding schedules and other issues.                                  | .80   | 148.00 |
| 12/09/98 | TLG | Returned call to creditor.                                                                                                       | .10   | 18.50  |
| 12/09/98 | JKA | Continue work on schedules;  Phone calls with client re: schedules;  Draft motion for extension of time to file schedules;  Conference with TLG re: schedules;  Continue work on attachments. | 6.90  | 483.00 |
| 12/10/98 | TLG | Talked to Brent Wood and Stan Van Etten regarding schedules (two calls); t/c Brent Wood re: schedules and D & O Insurance.       | .30   | 55.50  |
| 12/10/98 | TLG | Talked to Rhonda regarding addresses for notices of stay; message for Wood.                                                      | .20   | 37.00  |
| 12/10/98 | TLG | Review of information on schedules, review of notices of stay; talked to Anna regarding questions on schedules.                  | 1.00  | 185.00 |
| 12/10/98 | TLG | Revised application for extension of time; order.                                                                               | .60   | 111.00 |
| 12/10/98 | TLG | Talked to Margie Lynch about extension of time to file schedules.                                                               | .20   | 37.00  |

International Heritage, Inc.                                                           983524 00001
PAGE  8

| Date | Init | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 12/10/98 | JKA | Continue work on schedules;  Conference with TLG re: schedules;  Conference with client re: schedules and motion for extension. | 9.00 | 630.00 |
| 12/10/98 | CBB | Prepared Notices of Stay for lawsuits pending against International Heritage. | 3.50 | 87.50 |
| 12/10/98 | CBB | Revisions on ex parte Motion for Order Extending Time for File Statement of Financial Affairs and Schedules; prepare COS and serve, then file. | 1.00 | 25.00 |
| 12/10/98 | CBB | Move Secured Creditors from one case to another in Collier. | .50 | .00 |
| 12/10/98 | CBB | Print out Statement of Financial Affairs for Joy. | .30 | .00 |
| 12/10/98 | CUT | | .30 | .00 |
| 12/11/98 | TLG | Review of schedules; talked to Anna regarding questions on schedules; discussed problems with Joy and Anna. | .80 | 148.00 |
| 12/11/98 | JKA | Continue work on schedules;  Conference with client re: schedules;  Travel to client for schedule information. | 5.00 | 350.00 |
| 12/11/98 | CBB | Receive order extending time to file statement of financial affairs and schedules, do COS and envelopes for service. | .20 | .00 |
| 12/14/98 | TLG | Discussed schedule issues with Joy; called Anna on 12/13 to discuss insider payments; review of law on listing insurance companies as holders of priority claims. | 1.50 | 277.50 |
| 12/14/98 | TLG | Called Brent Wood (2 calls) regarding D&0 insurance; talked to several creditors regarding filing. | .50 | 92.50 |
| 12/14/98 | TLG | t/c Court regarding notice in case; set up voice mail procedure to handle calls. | .50 | 92.50 |
| 12/14/98 | JKA | Continue work on schedules;  Conference with TLG and client re: schedule;  Conference with TLG re: creditor calls;  Calls from and to creditors. | 12.50 | 625.00 |
| 12/14/98 | CBB | Return calls to creditors regarding notice. | 1.00 | 25.00 |
| 12/15/98 | TLG | Work on schedules, talked to Brent Wood regarding schedules; calls w/Anna on answers, computer. | 3.00 | 555.00 |
| 12/15/98 | TLG | t/c Harden re: computer issues, schedules. | .20 | 37.00 |
| 12/15/98 | TLG | Review of schedules | .80 | 148.00 |

International Heritage, Inc.                                                          983524 00001
PAGE  9

| Date | Initials | Description | Hours | Amount |
|------|----------|-------------|-------|--------|
| 12/15/98 | JKA | Continue work on schedules;  Conference with TLG and client re: schedules;  Conference with CBB re: schedules. | 8.75 | 612.50 |
| 12/15/98 | CBB | Work on International Heritage Schedule F. | 6.00 | 150.00 |
| 12/16/98 | TLG | Continued review and work on Statement of Financial Affairs and Schedules. | 2.50 | 462.50 |
| 12/16/98 | TLG | Meeting with client to review schedules. | 2.00 | 370.00 |
| 12/16/98 | JKA | Continue work on schedules;  Conference with client and TLG re: schedules;  Meeting with client re: schedules. | 12.00 | 600.00 |
| 12/16/98 | CBB | Work on International Heritage, Inc. docuemnts and schedules | 5.50 | .00 |
| 12/17/98 | TLG | Final review and revision of schedules. | 3.00 | 555.00 |
| 12/17/98 | TLG | t/c Anna re: Van Etten priority claim, execution of finalized schedules. | 1.50 | 277.50 |
| 12/17/98 | JKA | Continue work on schedules;  Conference with client's general counsel re: schedules;  Travel to client and court to execute and file schedules. | 8.00 | 400.00 |
| 12/17/98 | CBB | Review and Revise schedule F. | 1.00 | .00 |
| 12/18/98 | CBB | Work on Notices of Stay in IHI, mail POC's to court, and return calls regarding POC's. | 1.00 | 25.00 |
| 12/21/98 | TLG | Talked to Harden regarding mail received back from creditors; returned Anna's call regarding amendment of schedules. | .20 | 37.00 |
| 12/21/98 | TLG | Call from lawyer for sales representives. | .10 | 18.50 |
| 12/21/98 | TLG | Talked to Anna about amendments to schedules; review Van Etten letter to Harden. | .20 | 37.00 |
| 12/21/98 | JKA | Fax to client;  Call to client re: pagers;  prepare schedules for Brent Wood's office. | 1.45 | 101.50 |
| 12/21/98 | CBB | Send POCs to mail, review and sort claims, and mail. | .10 | .00 |
| 12/22/98 | JKA | Phone call from client re: proof of claim form;  Prepare and fax proof of claim form. | .65 | 45.50 |
| 12/23/98 | TLG | Review of schedules for amendment; called back Harden office regarding exhibit; received call from creditor. | .60 | 111.00 |
| 12/24/98 | TLG | Review of notices of stay. | .30 | 55.50 |

International Heritage, Inc.                                           983524 00001
PAGE 10

| Date | | | | | |
|---|---|---|---|---|---|
| 12/28/98 | JKA | Fax to client re: statement of financial affairs attachment;  Conference with TLG and client re: amendments to schedules. | | 1.10 | 77.00 |
| 12/29/98 | TLG | Called Harden regarding creditors meeting; call to Brent Wood regarding creditors meeting and preparation therefore. | | .40 | 74.00 |
| 12/29/98 | JKA | Preparation for 341 meeting;  Calls to client re: amendment information;  Call to creditor re: case. | | 1.05 | 73.50 |

**TOTAL FEES:**                                                        **$ 21,077.50**

| DATE | EXPENSE NAME | QUANTITY | AMOUNT |
|---|---|---|---|
| 11/09/98 | Register of Deeds Searches | | 4.05 |
| 11/16/98 | Fax Charge-Incoming 3/to Terri Gardner from Susan Beasley. | 3 | .60 |
| 11/16/98 | LD Call Talked to court regarding matrix. | 1 | 3.48 |
| 11/17/98 | LD Call Talked to Brent Wood; call from Alex regarding matrix. | 1 | 3.48 |
| 11/18/98 | Fax Charge-Incoming 2/To Terri Gardner from Susan Beasley | 10 | 2.00 |
| 11/20/98 | LD Call Call to Kathrine at Interwest re: list of shareholders. | 1 | 3.48 |
| 11/24/98 | LD Call Calls with clerk's office and client regarding matrix format and other filing issues. | 1 | 3.48 |
| 11/25/98 | Copies 120 copies of petitions/matrix | 60 | 12.00 |
| 11/25/98 | Copies 1458/matrix | 1,947 | 291.60 |
| 11/25/98 | Filing Fee Chapter 7 Filing Fees | | 175.00 |
| 11/25/98 | Filing Fee Chapter 7 Filing Fees | | 175.00- |
| 11/25/98 | LD Call Call to TLG re: chapter 7 filing. | 1 | 3.48 |
| 11/30/98 | Fax Charge-Incoming 3/to Terri L. Gardner from Louise Adams, Health Source | 3 | .60 |
| 12/02/98 | LD Call Call to clerk's office in Wilson re: matirx. | 1 | 3.48 |
| 12/03/98 | Fax Charge-Incoming to Terri Gardner from Peaggy Deans | 3 | .60 |
| 12/04/98 | Fax Charge-Incoming to Terri Gardner from Margie Lynch | 2 | .40 |
| 12/04/98 | Fax Charge-Incoming To Terri Gardner from Marjorie Lynch | 4 | .80 |
| 12/04/98 | Fax Charge-Incoming to Terri Gardner from Holmes P. Harden-Maupin, Taylor & Ellis PA | 8 | 1.60 |
| 12/04/98 | Fax Charge-Incoming to Terri Gardner from Marjorie Lynch | 7 | 1.40 |
| 12/04/98 | Fax Charge-Incoming to Terri Gardner from Peggy Deans | 2 | .40 |
| 12/04/98 | Fax Charge-Incoming to Terri Gardner from Holmes P. Harden | 2 | .40 |
| 12/07/98 | Copies 30/Ex Parte Motion and Order | 15 | 3.00 |
| 12/07/98 | Fax Charge-Incoming to Terri Gardner from Carma | 7 | 1.40 |

International Heritage, Inc.                                                                983524 00001
PAGE 11

| Date | Description | Qty | Amount |
|---|---|---|---|
| | Corcoran | | |
| 12/07/98 | Fax Charge-Incoming to Joy Alford from Mayflower Capital LLC-Ann A Washburn | 3 | .60 |
| 12/08/98 | Copies 2859 copies of Matrix | 2,859 | 571.80 |
| 12/08/98 | LD Call t/c Ikon: Creditor re: listing on schedules. | 1 | 3.48 |
| 12/08/98 | LD Call t/c Mona Ellis re: filing of schedules. | 1 | 3.48 |
| 12/09/98 | Copies 20/Order Appointing Receiver | 20 | 4.00 |
| 12/09/98 | Fax Charge-Incoming to Terri Gardner from Wood & Francis | 5 | 1.00 |
| 12/09/98 | Fax Charge-Outgoing from JK Alford to Anna Washburn | 16 | 16.00 |
| 12/11/98 | Fax Charge-Incoming 6/To Joy K Alford from Mayflower Capital | 6 | 1.20 |
| 12/11/98 | Fax Charge-Incoming 2/to Terri L. Gardner from Wood & Francis | 2 | .40 |
| 12/11/98 | Fax Charge-Incoming 5/to Terri L. Gardner from Anne Moell, USBC | 5 | 1.00 |
| 12/11/98 | Fax Charge-Incoming 2/to Terri L. Gardner from HSSWF-H-USBC | 2 | .40 |
| 12/14/98 | Fax Charge-Incoming 26/to Joy K Alford from Anna Washburn | 26 | 5.20 |
| 12/14/98 | Fax Charge-Incoming 6/to Joy K Alford from Anna Washburn | 6 | 1.20 |
| 12/14/98 | Fax Charge-Incoming 7/to Joy K Alford from Anna Washburn | 7 | 1.40 |
| 12/14/98 | Fax Charge-Incoming 18/to Joy K Alford from Anna Washburn | 18 | 3.60 |
| 12/14/98 | Fax Charge-Incoming 5/to Joy K Alford/Terri L. Gardner from Brent Wood | 5 | 1.00 |
| 12/14/98 | Fax Charge-Incoming 20/to Joy K Alford from Anna Washburn | 20 | 4.00 |
| 12/14/98 | LD Call Phone call to creditor's attorney re: case. | 1 | 3.48 |
| 12/15/98 | Fax Charge-Incoming 33/to Joy K Alford from MayFlower Capital LLC | 33 | 6.60 |
| 12/15/98 | Fax Charge-Incoming | 5 | 1.00 |
| 12/16/98 | Copies 24 copies of notices | 24 | 4.80 |
| 12/16/98 | Fax Charge-Incoming 3/to Terri L. Gardner from Holmes Harden | 3 | .60 |
| 12/16/98 | Fax Charge-Incoming 10/to Terri L. Gardner from Anna Washburn | 10 | 2.00 |
| 12/16/98 | Fax Charge-Incoming 2/to Terri L. Gardner from Angie Cox | 2 | .40 |
| 12/17/98 | Fax Charge-Incoming 20/to Joy K Alford/Terri L. Gardner from Brent Wood | 20 | 4.00 |
| 12/17/98 | Fax Charge-Incoming 14/to Joy K Alford/Terri L. Gardner from Brent Wood | 14 | 2.80 |
| 12/18/98 | Fax Charge-Incoming 11/to Terri L. Gardner from Holmes P Harden | 11 | 2.20 |
| 12/18/98 | Travel Reimbursement for travel on 11/25 | | 10.00 |
| 12/18/98 | Travel Reimbursement for travel on 12/01,12/02,parking | | 13.25 |
| 12/21/98 | Fax Charge-Outgoing 2/from Joy K Alford to Anna Washburn | 2 | 2.00 |
| 12/22/98 | Fax Charge-Outgoing 2/from Joy K Alford to Anna Washburn | 2 | 2.00 |
| 12/28/98 | Fax Charge-Incoming 9/to Terri L. Gardner from Esther | 9 | 1.80 |

International Heritage, Inc.                                                      983524 00001
PAGE 12

|          | L Grimes Land | | |
|----------|------------------------------------------------------|---|-------|
| 12/28/98 | Fax Charge-Outgoing 2/from Joy K Alford to Janice Baker | 2 | 2.00 |
| 12/28/98 | Travel Reimbursement for travel on 12/3,12/4,12/7,12/11 | | 18.25 |
| 12/28/98 | Travel Reimbursement for parking on 12/03 | | 3.00 |
| 12/29/98 | LD Call Call to creditor re: case. | 1 | 3.48 |

**TOTAL EXPENSES:**                                                          **$ 1,045.15**


**TOTAL FEES PLUS EXPENSES:**                                          **$ 22,122.65**



# SMITH DEBNAM
## NARRON WYCHE STORY & MYERS, L.L.P.
### Attorneys at Law

4700 New Bern Avenue
Post Office Box 26268
Raleigh, NC 27611-6268

Telephone: (919) 250-2000
Facsimile: (919) 250-2100

September 20, 1999
Invoice #109337
Invoice prepared by:
Terri L. Gardner

International Heritage, Inc.
Attn: Stanley Van Etten
2626 Glenwood Ave.
Suite 200
Raleigh, NC  27608

Client No. 983524:      International Heritage, Inc.
Matter No. 00001:      Chapter 7

## CURRENT BILLING SUMMARY

| | |
|---|---:|
| Fees for Professional Services Through September 20, 1999: | 13,656.00 |
| Expense Advances Through September 20, 1999: | 745.42 |
| Total of Current Statement: | $ 14,401.42 |
| Previous Balance: | 8,242.71 |
| **TOTAL BALANCE DUE:** | **$ 22,644.13** |

| | |
|---|---:|
| Your Trust Balance: | $20.00 |

## SERVICES SUMMARY

| INIT | NAME | RATE | HOURS | AMOUNT |
|---|---|---:|---:|---:|
| JKA | Joy Alford | 25.00 | 15.30 | 382.50 |
| JKA | Joy Alford | 70.00 | 68.50 | 4,795.00 |
| JKA | Joy Alford | 90.00 | 8.50 | 765.00 |

| PD  | Patsy Ducharme | 70.00  | 11.35 | 794.50   |
| TLG | Terri Gardner  | 185.00 | 37.40 | 6,919.00 |

International Heritage, Inc.                                                                    983524 00001
PAGE 3

| DATE | ATTY | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/29/98 | TLG | Reviewed with associate documents needed for section 341 meeting. | .30 | 55.50 |
| 12/29/98 | TLG | Discussed notice issues with clerk's office. | .20 | 37.00 |
| 12/30/98 | TLG | Attended creditors meeting, pre-meeting | 3.00 | 555.00 |
| 12/30/98 | TLG | Discussed returned mail with Trustee's office and provided mail to Trustee. | .40 | 74.00 |
| 12/30/98 | TLG | Calls from two creditors regarding claims and case status. | .20 | 37.00 |
| 12/30/98 | TLG | Review of notice problems, review of matrix and disc information. | .30 | 55.50 |
| 12/30/98 | JKA | Prepare documents for 341 meeting;  Attend client's 341 meeting;  Conference with PD re: proof of claim forms and client's mail;  Conference with TLG re: problems with employee noticing. | 4.50 | 315.00 |
| 12/31/98 | TLG | Talked  to creditor regarding claim. | .20 | 37.00 |
| 12/31/98 | TLG | Telephone call from creditor regarding claim. | .10 | 18.50 |
| 12/31/98 | JKA | Phone calls to creditors re: case;  Phone calls to Holmes Harden's office re: returned mail;  Phone call to Post Office re: returned mail;  Conference with TLG re: returned mail. | 1.45 | 101.50 |
| 01/04/99 | TLG | Prepared memo regarding information needed by Trustee. | .50 | 92.50 |
| 01/04/99 | TLG | Prepared memo to client regarding information requested by Trustee at creditors meeting. | .50 | 92.50 |
| 01/04/99 | JKA | Calls from creditors re: case;  Calls to creditor re: case; Organize file;  Calls from client;  Conference with TLG re: notes from 341 meeting. | 3.10 | 77.50 |
| 01/05/99 | TLG | Completed list of information needed; discussed notices of stay with associate. | .30 | 55.50 |
| 01/05/99 | JKA | Calls from debtor re: notes from 341 meeting and license agreement;  Complete organization of file;  Call to Clerk's office in Wilson re: employee notices. | 4.95 | 123.75 |
| 01/06/99 | JKA | Calls to and from client re: notes from 341 meeting and employee notices;  Calls to Trustee's office re: employee notices;  Call from clerk's office in Wilson re: employee notices;  Call to creditor re: case; | 7.25 | 181.25 |

International Heritage, Inc.                                                                                 983524 00001
PAGE 4

|  |  | Research addresses for notices of stay;  Complete and mail notices of stay. |  |  |
|---|---|---|---|---|
| 01/06/99 | PD | Telephone conference with Kathleen DeLaForce regarding filing proof of claim | .10 | 7.00 |
| 01/07/99 | TLG | Telephone call with creditor re:  autoship problem. | .00 | .00 |
| 01/07/99 | TLG | Discussed notice problems with Alford and instructed on amendment to schedules. | .30 | 55.50 |
| 01/07/99 | JKA | Conference with TLG re: amendments;  Continue work on amendment documents and information;  Call to client and trustee's office. | 1.80 | 126.00 |
| 01/07/99 | PD | Telephone conference with Carol Grabow regarding filing proof of claim | .15 | 10.50 |
| 01/08/99 | TLG | Reviewed information received from Anna for schedule amendments ; called Anna Washburn. | .50 | 92.50 |
| 01/08/99 | JKA | Continue to work on amendments;  Draft, finalize and mail letter to creditor. | 5.60 | 392.00 |
| 01/11/99 | TLG | Review of information from Anna; called Harden; called Anna regarding schedules. | 1.50 | 277.50 |
| 01/11/99 | JKA | Conference with TLG re: amendments;  Review and work on amendments;  Call to creditor re: case;  Call to Jenny Johnson re: mail. | 4.15 | 373.50 |
| 01/12/99 | TLG | Talked to Rhonda regarding notice of stay and information needed from Brent. | .20 | 37.00 |
| 01/12/99 | JKA | Continue work on amendments;  Call to creditor;  Call to Jenny Johnson re: returned notices. | 2.40 | 168.00 |
| 01/13/99 | TLG | Talked to Mona Ellis regarding notice issues. | .30 | 55.50 |
| 01/13/99 | TLG | Discussed notices of stay with Brent Wood's office. | .20 | 37.00 |
| 01/13/99 | JKA | Prepare and send proof of claim form to creditor;  Draft, finalize and serve notice of stay;  Return call to sales rep. re: case;  Call from creditor;  Work on amendments. | 7.75 | 542.50 |
| 01/14/99 | TLG | Review of trustee's motion to settle with SEC; discussed same with Wood. | .50 | 92.50 |
| 01/14/99 | TLG | Review of amendment to Statement of Financial Affairs and Schedules; revised drafts and discussed changed with associate; discussed with Wood; called Anna Washburn. | 2.00 | 370.00 |

International Heritage, Inc.

983524 00001

PAGE 5

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 01/14/99 | JKA | Call to Jenny Johnson re: mail;  Call from creditor re: proof of claim form;  Call to Rhonda re: Brent's information for the amendments;  Conference with TLG and Anna Washburn re: amendments;  Continue work on amendments. | 5.85 | 409.50 |
| 01/14/99 | PD | Telephone conference with Leslie at Snoozy Kaitsors regarding filing claim | .10 | 7.00 |
| 01/15/99 | TLG | Continued revision of schedules and statement of financial affairs, talked to Wood about information needed; talked to post office about problem with mailing; revised letter to Harden | 2.00 | 370.00 |
| 01/15/99 | JKA | Continue work on amendments;  Call from Post Office re: mail;  Call to Jenny Johnson re: mail;  Conference with TLG re: mail. | 6.15 | 430.50 |
| 01/18/99 | TLG | Final review and revision of schedules; letter to Harden; meeting with client regarding amendment to schedules. | 1.40 | 259.00 |
| 01/18/99 | JKA | Continue work on amendments;  Prepare draft copies for meeting with clients;  Call to Jenny Johnson re: returned mail;  Contact Rhonda Peditto re: small claims actions;  Conference with TLG re: revised amendments. | 3.45 | 241.50 |
| 01/19/99 | TLG | Final review of documents submitted to trustee and executed amendments, certificates of service. | .40 | 74.00 |
| 01/19/99 | TLG | Call from Canadian sales representative; call to Harden regarding status of case, amendments. | .20 | 37.00 |
| 01/19/99 | JKA | Continue work on amendments;  Call to Jenny re: mail;  Finalize serve and file amendments. | 4.35 | 391.50 |
| 01/19/99 | PD | Telephone conference with Ms. Yunyi Pi regarding filing proof of claim | .15 | 10.50 |
| 01/20/99 | TLG | Call from creditor regarding status of case and filing claim. | .20 | 37.00 |
| 01/20/99 | TLG | Review of letter to Harden, notice of stay issue, correspondence from SEC. | .50 | 92.50 |
| 01/20/99 | JKA | Calls from client and Dallas local counsel;  Research and draft notices of stay;  Call from creditor re: case. | 3.25 | 227.50 |
| 01/20/99 | PD | Telephone conference with claimant regarding Proof of Claim and filing of same | .10 | 7.00 |
| 01/21/99 | TLG | Talked to Repetti regarding status of case, responded to questions. | .20 | 37.00 |

International Heritage, Inc.                                                    983524 00001
PAGE 6

| 01/21/99 | TLG | Talked to Holmes Harden regarding SEC settlement, credit by Van Etten, other case issues. | .30 | 55.50 |
|---|---|---|---|---|
| 01/21/99 | TLG | Called Holmes Harden regarding removal of computer. | .20 | 37.00 |
| 01/21/99 | TLG | Call with Holmes Harden regarding moving of computer from premises, conversations with merchant bank and executory contract concerns. | .30 | 55.50 |
| 01/21/99 | TLG | Telephone call with Van Etten and Wood regarding removal of computer from Mayflower premises. | .30 | 55.50 |
| 01/21/99 | JKA | Work on security agreement and license agreement issues; Call from client and trustee's office re: security agreement and 20/21 license; Call to creditor re: case. | 2.60 | 182.00 |
| 01/22/99 | TLG | Call from Craig Adams regarding information needed; called Wood to request input. | .40 | 74.00 |
| 01/22/99 | TLG | Telephone conference with Anna Washburn regarding trustee's removal of computer, letter regarding credit card company request. | .30 | 55.50 |
| 01/22/99 | TLG | Review of schedules and discussed executory contracts with Holmes Harden. | .40 | 74.00 |
| 01/22/99 | TLG | Review of correspondence to Harden from Wood; review of 20/21 contract. | .30 | 55.50 |
| 01/25/99 | TLG | Two calls with Wood regarding information for Adams. | .30 | 55.50 |
| 01/25/99 | JKA | Conference with TLG re: case; Calls to creditors re: case; Filing and fax to trustee. | 2.25 | 157.50 |
| 01/26/99 | JKA | Call to creditor re: case. | .10 | 7.00 |
| 01/27/99 | JKA | Call to creditor re: case. | .10 | 7.00 |
| 01/27/99 | PD | Telephone conference with Ms. Barnes regarding filing proof of claim | .40 | 28.00 |
| 01/28/99 | JKA | Calls to creditors re: case; Fax to Jenny Johnson re: potential buyer for computer hardware; Conference with PD re: file and mail. | .80 | 56.00 |
| 01/28/99 | PD | Telephone conference with David Baker regarding filing proof of claim | .10 | 7.00 |
| 01/29/99 | TLG | Call to Adams regarding response on inquiry on payment. | .20 | 37.00 |
| 02/02/99 | PD | Telephone conference with creditor regarding filing | .15 | 10.50 |

International Heritage, Inc.                                                                       983524 00001
PAGE 7

                        proof of claim and procedures for same

| 02/02/99 | PD | Drafting letter to James Warren, attorney, regarding filing proof of claim for insufficient funds check | .30 | 21.00 |
|---|---|---|---|---|
| 02/03/99 | TLG | Discussed with Harden the motion to settle with the SEC. | .20 | 37.00 |
| 02/03/99 | PD | Drafting letter to Mr. Warren, attorney for Ms. Hole, regarding classification of claim and filing proof of claim | .20 | 14.00 |
| 02/03/99 | PD | Telephone conference with Melinda Evans regarding claim against debtor | .20 | 14.00 |
| 02/04/99 | TLG | Prepared response to trustee's motion. | .50 | 92.50 |
| 02/05/99 | TLG | Returned call to Brent Wood about communications with O'Halloran; prepared draft of response to Trustee's application for settlement with the SEC. | .70 | 129.50 |
| 02/05/99 | PD | Letter to Holmes Harden, trustee, regarding purchase of computer hardware by asset recovery company | .10 | 7.00 |
| 02/05/99 | PD | Letter to Clerk, Dallas, Texas, regarding filing information | .15 | 10.50 |
| 02/05/99 | PD | Telephone conference with attorney regarding client's inability to determine claim | .15 | 10.50 |
| 02/08/99 | TLG | Called creditor regarding inquiry. | .20 | 37.00 |
| 02/08/99 | TLG | Drafted letter to Wood regarding response to O'Halloran statement in Brief. | .50 | 92.50 |
| 02/09/99 | TLG | Call from party regarding 1099. | .20 | 37.00 |
| 02/09/99 | TLG | Review mail; discuss with paralegal. | .20 | 37.00 |
| 02/09/99 | TLG | Review of motion from Janvier; call from Harden. | .20 | 37.00 |
| 02/10/99 | PD | Telephone conference with Mr. Brown regarding verification of claim | .10 | 7.00 |
| 02/11/99 | TLG | Called Harden and Van Etten regarding missing items; talked to Jenny regarding tapes. | .60 | 111.00 |
| 02/11/99 | TLG | Call with BA re: IHI issues. | .20 | 37.00 |
| 02/11/99 | PD | Telephone conferrence with Kim Loop regarding claim | .10 | 7.00 |
| 02/11/99 | PD | Review of International files regarding VanEtten note | .30 | 21.00 |
| 02/11/99 | PD | Telephone conference with Ms. Towanda Dixon | .20 | 14.00 |

International Heritage, Inc.                                                                    983524 00001
PAGE 8

|          |     |                                                                                                                             |      |       |
|----------|-----|-----------------------------------------------------------------------------------------------------------------------------|------|-------|
|          |     | regarding filing proof of claim                                                                                             |      |       |
| 02/11/99 | PD  | Telephone call with Attorney General's Office - State of Minnesota regarding filing and claim; review of file and determination of sales tax liabilitiy | .25  | 17.50 |
| 02/12/99 | PD  | Telephone conference with Golds Gym regarding receipt of notices and possible claim                                          | .15  | 10.50 |
| 02/15/99 | PD  | Telephone conference with Brian Jason Davis regarding status of case and claim                                              | .15  | 10.50 |
| 02/15/99 | PD  | Review of files for compliance with Court's request regarding service of notice and proof of claims; preparation of additional mailings to out-of-country creditors | .70  | 49.00 |
| 02/15/99 | PD  | Telephone conference with Joy Alford regarding Promissory Note of Mr. Van Ettten                                            | .15  | 10.50 |
| 02/15/99 | PD  | Telephone conference with Bonnie Hurst regarding claim documentation and filing deadline                                    | .20  | 14.00 |
| 02/15/99 | PD  | Drafting letter to Ms. Bonnie Hurst regarding filing of claim and documentation                                            | .15  | 10.50 |
| 02/16/99 | TLG | Calls from two creditors regarding status and claims; review of Harden letter regarding missing assets.                     | .20  | 37.00 |
| 02/16/99 | PD  | Telephone conference with Mr. Ted Jackson regarding filing of claim                                                         | .10  | 7.00  |
| 02/17/99 | TLG | Call from creditor, discussed note and security agreement issues with paralegal and provided instructions for calling Harden. | .30  | 55.50 |
| 02/18/99 | PD  | Telephone conference with creditor regarding claim                                                                          | .10  | 7.00  |
| 02/19/99 | TLG | Call from creditor regarding claim; sent fax to deaf creditor.                                                              | .10  | 18.50 |
| 02/22/99 | TLG | Call from creditor regarding claim, status.                                                                                | .10  | 18.50 |
| 02/23/99 | TLG | Talked to Jean Boyles regarding collection matters.                                                                         | .20  | 37.00 |
| 02/23/99 | TLG | Talked to two creditors regarding filing issues.                                                                           | .30  | 55.50 |
| 02/23/99 | PD  | Telephone conference with Ms. Huff regarding documenation of claim                                                          | .20  | 14.00 |
| 02/24/99 | TLG | Talked to creditors about filing.                                                                                          | .20  | 37.00 |
| 02/24/99 | PD  | Telephone conference with Mr. Williamson regarding proof of claim                                                          | .15  | 10.50 |

International Heritage, Inc.                                                                 983524 00001
PAGE 9

| Date | Staff | Description | Hours | Amount |
|---|---|---|---|---|
| 02/25/99 | TLG | Talked to Anna Washburn about providing information to Jean Boyles; talked to three creditors regarding claims; called court to determine why claimants just receiving claims. | .50 | 92.50 |
| 02/25/99 | TLG | Review of letter from Boyles regarding information needed from client; sent to client. | .20 | 37.00 |
| 02/26/99 | TLG | Talked to creditor regarding claim form. | .10 | 18.50 |
| 03/01/99 | TLG | Talked to Texas attorney general regarding sales and franchise taxes; called Craig Adams regarding tax returns. | .20 | 37.00 |
| 03/01/99 | TLG | Review of information needed for Boyles. | .20 | 37.00 |
| 03/01/99 | TLG | Talked to Brent Wood regarding discussion with attorney general office/Texas. | .20 | 37.00 |
| 03/01/99 | JKA | Review letter from collection attorney;  Begin drafting reply;  Work on compiling documents for collection attorney;  Work on Sales Rep Receivables list. | 4.00 | 280.00 |
| 03/01/99 | PD | Telephone conference with Mr. Hamrick, attorney, regarding filing claim and proposed distribution to unsecured creditors | .20 | 14.00 |
| 03/01/99 | PD | Telephone conference with Mr. Turner, of Attorney General's Office in Texas, regarding trustee's motion to settle with FCC | .20 | 14.00 |
| 03/01/99 | PD | Telephone conference with creditor regarding filing proof of claim | .15 | 10.50 |
| 03/01/99 | PD | Telephone conference with Ms. Frence Nadeau regarding filing proof of claim | .15 | 10.50 |
| 03/02/99 | JKA | Continue work on letter to collections attorney;  Phone call from client;  Conference with TLG re: letter and receivables. | 1.90 | 133.00 |
| 03/03/99 | TLG | Called former employee regarding claim. | .30 | 55.50 |
| 03/03/99 | JKA | Calls from creditors re: case;  Brief conference with TLG re: letter to collection attorney. | 1.20 | 84.00 |
| 03/04/99 | TLG | Talked to claimaint; talked to Stephani Humrickhouse regarding information needed on Van Etten transfers. | .50 | 92.50 |
| 03/04/99 | TLG | Talked to employee regarding problem with GTE; review and revision of amendment of schedules. | .60 | 111.00 |
| 03/04/99 | JKA | Conference with TLG re: amending schedules;  Draft | 3.55 | 248.50 |

International Heritage, Inc.                                                                          983524 00001
PAGE 10

|          |     | amendment; Serve notice of claims bar date. | | |
|----------|-----|---------------------------------------------|------|--------|
| 03/05/99 | TLG | Talked to Brent Wood regarding questions about Boyes, Humrickhouse inquiries; call from sales representative. | .40 | 74.00 |
| 03/05/99 | JKA | Call to client;  Continue work on collections letter; Calls to creditors re: case;  Meet with client to for amendment signature. | 2.15 | 150.50 |
| 03/05/99 | PD | Telephone conference with Mr. Farrah regarding claims deadline | .10 | 7.00 |
| 03/08/99 | TLG | Talked to trustee regarding status of settlement with SEC, bonding company. | .20 | 37.00 |
| 03/08/99 | JKA | Calls to creditors re: case. | .45 | 31.50 |
| 03/08/99 | PD | Telephone call to Ms. Launay regarding deadline for filing proof of claim | .15 | 10.50 |
| 03/08/99 | PD | Telephone conference with Greg Canope, creditor, regarding correct deadline for filing proof of claim | .15 | 10.50 |
| 03/08/99 | PD | Telephone conference with Kevin, creditor, regarding deadline on filing proof of claim | .15 | 10.50 |
| 03/09/99 | JKA | Conference with TLG re: conversation with Stephani Humrickhouse;  Call to Brent Wood re: car;  Call from Brent Wood re: car;  Draft letter to Stephani Humrickhouse. | 1.50 | 105.00 |
| 03/09/99 | PD | Telephone conference with creditor regarding possible distributions | .20 | 14.00 |
| 03/10/99 | JKA | Conference with TLG re: call from Tenn. Dept. of Revenue;  Call to client re: date sales were ceased. | .50 | 35.00 |
| 03/11/99 | JKA | Call to Tennessee Department of Revenue re: date sales ended. | .25 | 17.50 |
| 03/12/99 | JKA | Call to sales rep. re: case status. | .25 | 17.50 |
| 03/15/99 | TLG | Review of pleadings re:  Van Etten response to Gilbert motion for relief and Chittenden. | .30 | 55.50 |
| 03/16/99 | TLG | Telephone call to tax department re:  assessment of sales taxes; called employee re:  amendment of schedules. | .30 | 55.50 |
| 03/22/99 | TLG | Review Wood motion on stay of Montana action; review of trustee's motions to extend time to assume or reject leases; call from creditor regarding claim. | .20 | 37.00 |

International Heritage, Inc.                                                                983524 00001
PAGE 11

| 03/23/99 | PD | Telephone conference with creditor regarding filing proof of claim | .35 | 24.50 |
|---|---|---|---|---|
| 03/23/99 | PD | Telephone conference with Ms. White regarding filing claim | .15 | 10.50 |
| 03/23/99 | PD | Telephone conference with Ms. Polgamyer regarding claim | .15 | 10.50 |
| 03/24/99 | TLG | Call from creditor with inquiry. | .10 | 18.50 |
| 03/24/99 | JKA | Call to Federal Express Bankruptcy Department re: case. | .50 | 35.00 |
| 03/25/99 | JKA | Returned call to creditor re: case status. | .50 | 35.00 |
| 03/26/99 | JKA | Phone calls to creditors re: case;  Prepare and mail proof of claim forms to creditors. | 1.95 | 136.50 |
| 03/26/99 | PD | Telephone conference with Bill Johnson regarding filing proof of claim and extension of deadline | .20 | 14.00 |
| 03/29/99 | JKA | Phone calls to creditors re: case. | 1.00 | 70.00 |
| 03/29/99 | PD | Telephone conference with Ms. Polaga regarding filing deadline for proof of claim | .15 | 10.50 |
| 03/30/99 | TLG | Talked to creditors about filing claims. | .30 | 55.50 |
| 03/30/99 | JKA | Calls to and from creditors re: case. | .75 | 52.50 |
| 04/08/99 | PD | Telephone conference with Eric Buchannon regarding failure to receive notice of bankruptcy and filing claim | .20 | 14.00 |
| 04/13/99 | PD | Telephone conference with creditor regarding proof claim deadline and filing late filed claim | .15 | 10.50 |
| 04/14/99 | PD | Telephone conference with Mr. Copeland regarding late filed claim | .10 | 7.00 |
| 04/20/99 | TLG | Call from creditor re: filing late claim. | .10 | 18.50 |
| 04/26/99 | PD | Telephone conference with Mr. Jafar regarding claim against debtor and income taxes | .25 | 17.50 |
| 05/05/99 | TLG | Prepared letter to Texas Department of Revenue in response to letter from Tyler; called Harden regarding hearing. | .40 | 74.00 |
| 05/05/99 | TLG | Talked to Brent Wood regarding withdrawal. | .10 | 18.50 |
| 05/10/99 | TLG | Talked to creditor regarding filing claims. | .20 | 37.00 |
| 05/20/99 | TLG | Called Myatt regarding car leased to IHI. | .10 | 18.50 |

International Heritage, Inc.                                                983524 00001
PAGE 12

| Date | Init | Description | Hours | Amount |
|---|---|---|---|---|
| 06/07/99 | TLG | Talked to Brent Wood about status of settlement. | .20 | 37.00 |
| 06/11/99 | TLG | Review of correspondence on vehicle and sent to client. | .20 | 37.00 |
| 06/14/99 | TLG | Call from creditor regarding status of claim. | .10 | 18.50 |
| 06/15/99 | TLG | Call from creditor about status of case and claims. | .10 | 18.50 |
| 06/17/99 | TLG | Review of settlement proposal sent by Harden; discussed settlement with Brent Wood. | .40 | 74.00 |
| 06/18/99 | TLG | Talked to Holmes Harden about settlement;; called Wood to discuss settlement; prepared withdrawal of response to Trustee's motion for settlement. | 1.00 | 185.00 |
| 06/22/99 | TLG | Prepared fee application for work done in chapter 7 case. | 2.00 | 370.00 |
| 06/23/99 | TLG | Continued work on fee application; called trustee to discuss fee application | 2.00 | 370.00 |
| 06/23/99 | PD | Conference with Ms. Gardner regarding application for compensation and instructions regarding same; assisting in preparation of application by attorney for debtor for compensation; preparation of notice of application, order and certificate of service | 1.65 | 115.50 |
| 07/07/99 | PD | Initial review and revision to application of Smith Debnam for allowance of Chapter 7 compensation and reimbursement of expenses | .35 | 24.50 |
| 07/08/99 | TLG | Finalized fee application. | .50 | 92.50 |
| 07/12/99 | TLG | Talked to creditor regarding notice of filing and claim; review of matrix; faxed claim to creditor. | .20 | 37.00 |
| 07/13/99 | TLG | Final review of chapter 7 fee application. | .30 | 55.50 |
| 07/13/99 | TLG | Called Priscilla Smith regarding tax inquiry. | .10 | 18.50 |
| 07/14/99 | PD | Telephone conference with Jenny in Holmes Harden's office regarding service of notice of application for compensation and reimbursement of expenses | .35 | 24.50 |
| 07/19/99 | TLG | Call from creditor regarding filing proof of clalim. | .10 | 18.50 |
| 07/20/99 | TLG | Talked to chapter 7 trustee about filing chapter 7 fee application. | .10 | 18.50 |
| 07/21/99 | PD | Telephone conference with creditor regarding status of case and discussion of trustee's administration | .20 | 14.00 |

International Heritage, Inc.                                                   983524 00001
PAGE 13

| Date | | Description | | |
|------|-----|-------------|-----|-------|
| 08/16/99 | TLG | Talked to creditors regarding inquiries on case and forms. | .30 | 55.50 |
| 09/15/99 | PD | Telephone conference with Jennie in Holmes Harden's office regarding settlement order and submission of interim application for compensation by attorney for debtor | .30 | 21.00 |

**TOTAL FEES:**                                                              **$ 13,656.00**

| DATE | EXPENSE NAME | QUANTITY | AMOUNT |
|------|-------------|----------|--------|
| 11/23/98 | Research | | 96.36 |
| 12/30/98 | Travel Reimbursement for travel on 12/30 | | 3.25 |
| 12/30/98 | Travel Reimbursement for parking on 12/30 | | 8.00 |
| 12/31/98 | LD Call Call to creditor re: case. | 1 | 7.62 |
| 12/31/98 | LD Call Call to Clerk's office in Wilson re: returned mail. | 1 | 3.48 |
| 12/31/98 | LD Call Call to creditor re: status of case. | 1 | 3.48 |
| 01/04/99 | LD Call Call to creditor re: case. | 1 | 3.48 |
| 01/05/99 | Copies 78 copies of bankruptcy documents | 78 | 15.60 |
| 01/05/99 | Fax Charge-Outgoing FROM JOY ALFORD TO ANNA WASHBURN | 10 | 10.00 |
| 01/05/99 | LD Call Call to clerk's office in Wilson re: employee notices. | 1 | 3.48 |
| 01/06/99 | LD Call Call to creditor re: case. | 1 | 7.62 |
| 01/06/99 | LD Call Calls to courts and attorneys re: researching addresses. | 8 | 27.84 |
| 01/08/99 | Fax Charge-Incoming TO TERRI GARDNER FROM ANNA WASHBURN | 24 | 4.80 |
| 01/11/99 | LD Call Call to creditor re: case;  Call re: potential part time help with returned mail. | 2 | 6.96 |
| 01/13/99 | Fax Charge-Incoming TO TERRI GARDNER FROM RHONDA PEDITTO/BRENT WOOD | 4 | .80 |
| 01/13/99 | LD Call Call to sales rep re: case. | 1 | 3.48 |
| 01/14/99 | LD Call Call to creditor re: proof of claim form. | 1 | 7.62 |
| 01/15/99 | Fax Charge-Incoming TO TERRI GARDNER FROM BRENT WOOD-WOOD & FRANCIS LLC | 6 | 1.20 |
| 01/19/99 | Fax Charge-Incoming 4/to Terri L. Gardner from Stan Van Etten | 4 | .80 |
| 01/19/99 | Fax Charge-Incoming TO TERRI GARDNER FROM STAN VAN ETTEN | 3 | .60 |
| 01/19/99 | Filing Fee Filing Fees for Amendments to Statement of Financial Affairs & Schedules | | 20.00 |
| 01/20/99 | LD Call Calls to courts re: notices of stay research. | 5 | 17.40 |
| 01/21/99 | Express Mail Reimbursement for travel on 01/19 | | 4.50 |
| 01/21/99 | Express Mail Reimbursement for parking on 01/19 | | 1.00 |
| 01/21/99 | Fax Charge-Incoming TO TERRI GARDNER FROM ANNA WASHBURN | 3 | .60 |
| 01/21/99 | Fax Charge-Incoming TO TERRI GARDNER FROM HOLMES P. HARDEN | 9 | 1.80 |
| 01/21/99 | LD Call | 1 | 7.62 |

International Heritage, Inc.                                                          983524 00001
PAGE  14

| 01/21/99 | LD Call | 7 | 24.36 |
|---|---|---|---|
| 01/21/99 | LD Call | 1 | 3.48 |
| 01/21/99 | LD Call | 1 | 3.48 |
| 01/21/99 | LD Call Call to creditor re: case. | 1 | 3.48 |
| 01/22/99 | Fax Charge-Incoming TO TERRI GARDNER FROM MAYFLOWER CAPITAL LLC | 2 | .40 |
| 01/22/99 | Fax Charge-Incoming 4/to Terri L. Gardner from Holmes P. Harden | 4 | .80 |
| 01/22/99 | Fax Charge-Incoming 6/to Terri L. Gardner from Holmes P Harden | 3 | .60 |
| 01/25/99 | LD Call Calls to creditors re: case. | 3 | 22.86 |
| 01/25/99 | LD Call Call to creditor re: case. | 1 | 3.48 |
| 01/27/99 | LD Call Call to creditor re: case. | 1 | 3.48 |
| 01/28/99 | Fax Charge-Outgoing FROM TERRI GARDNER TO JENNY JOHNSON | 2 | 2.00 |
| 01/28/99 | LD Call Calls to creditors re: case. | 3 | 10.44 |
| 02/01/99 | Fax Charge-Incoming TO TERRI GARDNER FROM HOLMES HARDEN | 2 | .40 |
| 02/02/99 | Fax Charge-Outgoing FROM TERRI GARDNER TO HOLMES HARDEN | 2 | 2.00 |
| 02/03/99 | Copies 10 COPIES OF PROOF OF CLAIM | 10 | 2.00 |
| 02/03/99 | LD Call Call to Ms. Evans | 1 | 3.48 |
| 02/03/99 | LD Call Call to Mr. Kasuba | 1 | 3.48 |
| 02/05/99 | Fax Charge-Incoming TO TERRI GARDNER FROM MORPIN, TAYYLOR & ELLIS | 2 | .40 |
| 02/05/99 | Fax Charge-Incoming TO TERRI GARDNER FROM HOLMER D. HARDEN | 44 | 8.80 |
| 02/05/99 | Fax Charge-Outgoing FROM PATSY DUCHARME TO CLERK | 3 | 3.00 |
| 02/08/99 | Copies 15 COPIES OF POC | 15 | 3.00 |
| 02/08/99 | Copies 32 COPIES OF RESPONSE | 32 | 6.40 |
| 02/08/99 | Fax Charge-Incoming to terri gardner from brent wood | 10 | 2.00 |
| 02/08/99 | Fax Charge-Incoming to terri gardner from cindy-elmendorf | 4 | .80 |
| 02/08/99 | Fax Charge-Incoming FROM TERRI GARDNER TO BRENT WOOD | 3 | .60 |
| 02/08/99 | LD Call Call to Kasuba | 1 | 3.48 |
| 02/09/99 | Fax Charge-Incoming to terri gardner from william p. janiver | 7 | 1.40 |
| 02/10/99 | Copies 8 COPIES OF RESPONSE | 8 | 1.60 |
| 02/11/99 | Copies 2 COPIES OF MAILING LABELS | 1 | .20 |
| 02/11/99 | LD Call Call to Ms. Towander Dixon | 1 | 3.48 |
| 02/12/99 | Fax Charge-Incoming TO TERRI GARDNER FROM STAN VAN ETTEN | 3 | .60 |
| 02/15/99 | Copies 20 COPIES OF POC | 20 | 4.00 |
| 02/15/99 | Fax Charge-Incoming TO PASTY DUCHARME FROM MS. BONNIE HURST | 2 | .40 |
| 02/15/99 | Fax Charge-Incoming TO TERRI GARDNER FROM HOLMES HARDEN | 3 | .60 |
| 02/15/99 | LD Call Call to Davis | 1 | 3.48 |
| 02/15/99 | LD Call Call to creditor | 1 | 3.48 |
| 02/22/99 | Fax Charge-Outgoing FROM TERRI GARDNER TO MARY ANN | 1 | 1.00 |
| 02/23/99 | Fax Charge-Incoming TO TERRI GARDNER FROM | 20 | 4.00 |

International Heritage, Inc.                                                           983524 00001
PAGE 15

|        |                                                                      |     |       |
|--------|----------------------------------------------------------------------|-----|-------|
|        | GORDON WOODRUFF                                                       |     |       |
| 02/24/99 | LD Call Call to Williamson                                         | 1   | 3.48  |
| 02/25/99 | Fax Charge-Incoming TO TERRI GARDNER FROM JEAN WINBORNE BOYLES      | 3   | .60   |
| 02/26/99 | Fax Charge-Outgoing FROM TERRI GARDNER TO ANNA WASHBURN             | 3   | 3.00  |
| 02/26/99 | LD Call Return call to creditor regarding filing proof of claim    | 1   | 3.48  |
| 03/01/99 | Copies 104 copies of IHI                                           | 104 | 20.80 |
| 03/01/99 | Fax Charge-Incoming TO TERRI GARDNER FROM PATRICK TYLER            | 2   | .40   |
| 03/01/99 | LD Call Call to Craig Adams re: tax returns.                      | 1   | 7.62  |
| 03/02/99 | Fax Charge-Outgoing                                               | 3   | 3.00  |
| 03/05/99 | Fax Charge-Outgoing FROM JOY ALFORD TO JENNY JOHNSON              | 2   | 2.00  |
| 03/05/99 | Fax Charge-Outgoing FROM JOY ALFORD TO BRENT WOOD                 | 3   | 3.00  |
| 03/05/99 | LD Call Calls to creditors re: case.                             | 2   | 6.96  |
| 03/08/99 | LD Call LD - regarding claim                                     | 1   | 3.48  |
| 03/08/99 | LD Call Calls to creditors re: case.                             | 2   | 6.96  |
| 03/11/99 | LD Call Call to Tennessee Department of Revenue.                | 1   | 3.48  |
| 03/12/99 | LD Call Call to sales rep. re: case.                            | 1   | 3.48  |
| 03/22/99 | Fax Charge-Incoming TO TERI GARDNER FROM HOLMES HARDEN           | 7   | 1.40  |
| 03/22/99 | Fax Charge-Incoming TO TERRI GARDNER FROM HOLMES HARDEN          | 5   | 1.00  |
| 03/22/99 | Fax Charge-Incoming TO TERRI GARDNER FROM HOLMES HARDEN          | 5   | 1.00  |
| 03/23/99 | Fax Charge-Incoming TO TERRI GARDNER FROM BRENT WOOD             | 4   | .80   |
| 03/23/99 | Filing Fee Filing Fee-Amendment                                 |     | 20.00 |
| 03/23/99 | LD Call Call to Ms. White                                        | 1   | 3.48  |
| 03/23/99 | LD Call Call to Ms. Plgaman                                      | 1   | 3.48  |
| 03/23/99 | Travel Reimbursement for travel on 03/05                        |     | 3.75  |
| 03/24/99 | LD Call Call to Federal Express Bankruptcy Department re: case. | 1   | 7.62  |
| 03/25/99 | Copies 24 copies of International-Amend                          | 24  | 4.80  |
| 03/25/99 | Fax Charge-Incoming TO TERRI GARDNER FROM HOLMES HARDEN          | 2   | .40   |
| 03/26/99 | Copies 100 copies of UCCs                                        | 100 | 20.00 |
| 03/26/99 | LD Call Calls to creditors re: case.                            | 5   | 17.40 |
| 03/29/99 | Fax Charge-Outgoing FROM JOY ALFORD TO TRISH SCANDON            | 2   | 2.00  |
| 03/29/99 | LD Call Call to creditor re: case.                              | 1   | 7.62  |
| 03/29/99 | LD Call Call to Ms. Polaga                                       | 1   | 3.48  |
| 03/30/99 | LD Call Call to creditor re: case.                              | 1   | 3.48  |
| 04/03/99 | Express Mail Express Mail-Receiver-Craig Kociuba               |     | 13.50 |
| 04/03/99 | Express Mail Express Mail-Receiver-Patty Butts                 |     | 13.75 |
| 04/15/99 | LD Call Cellular Phone Call for 16.5 minutes                   | 1   | 11.89 |
| 04/19/99 | Fax Charge-Incoming TO TERRI GARDNER FROM WOOD & FRANCIS        | 7   | 1.40  |
| 04/19/99 | Fax Charge-Incoming TO TERRI GARDNER FROM BRENT WOOD            | 3   | .60   |
| 04/26/99 | Fax Charge-Outgoing FROM TERRI GARDNER TO                       | 2   | 2.00  |

983524 00001

International Heritage, Inc.
PAGE 16

| Date | Description | | Amount |
|---|---|---|---|
| 04/26/99 | HOLMES HARDEN<br>Fax Charge-Outgoing FROM TERRI GARDNER TO | 2 | 2.00 |
| 05/04/99 | HOLMES HARDEN<br>Fax Charge-Incoming TO TERRI GARDNER FROM | 31 | 6.20 |
| 05/20/99 | HOLMES HARDEN<br>LD Call | 1 | 3.48 |
| 06/14/99 | Fax Charge-Incoming | 9 | 1.80 |
| 06/17/99 | Fax Charge-Incoming 22 page fax received from Holmes Hardon | 22 | 4.40 |
| 06/18/99 | Fax Charge-Incoming 22 pages fax received from Holmes P. Harden | 22 | 4.40 |
| 06/22/99 | Research Westlaw Research | | 86.82 |
| 07/12/99 | Fax Charge-Outgoing 7 page fax sent to Jeff Burst from Terri Gardner | 7 | 7.00 |
| 08/02/99 | Fax Charge-Incoming | 2 | .40 |

TOTAL EXPENSES: $   745.42

TOTAL FEES PLUS EXPENSES: $ 14,401.42