FILED

OCT 25 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: )
)
INTERNATIONAL HERITAGE, INC. )   CASE NO. 98-02675-5-ATS
) CHAPTER 7
Debtor. )

## ORDER ALLOWING FEES

This matter comes on for consideration upon the First Interim Fee Application for Compensation of Attorney for Trustee and Reimbursement of Expenses and Notice mailed to creditors in this case and the Court having considered the factors affecting the compensation requested, it is ordered that the following fees and expenses be, and they hereby are allowed:

Holmes P. Harden, Trustee

| | |
|---|---|
| Attorney for Trustee Fees | $1,566.00 |
| Attorney for Trustee Expenses | $7.90 |

SO ORDERED.

Dated: OCT 25 1999

_C. Thomas Small_
United States Bankruptcy Judge

Recorded in Fee Book 10/25/99

202 cc: HPH + Boyles  10/25/99 AM

211

Response Due 10/17

NO OBJECTION
10/6/99

RECEIVED
SEP 30 1999
BANKRUPTCY
ADMINISTRATOR, EDNC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: )
)
INTERNATIONAL HERITAGE, INC. ) CASE NO. 98-02675-5-ATS
) CHAPTER 7
Debtor. )
)

## FIRST INTERIM FEE APPLICATION
## FOR COMPENSATION OF ATTORNEY FOR TRUSTEE
## AND REIMBURSEMENT OF EXPENSES

Now comes Jean Winborne Boyles, attorney for trustee for the above-referenced Debtor, and respectfully shows the Court:

1. The Debtor filed a Bankruptcy Petition under Chapter 7 on November 25, 1998.

2. An Order was duly entered approving employment of Jean Winborne Boyles as attorney for trustee on February 18, 1999.

3. All services for which compensation is requested were performed for an on behalf of said trustee. This attorney has received no prior compensation in connection with legal services provided this bankruptcy estate and has received no prior reimbursement of out of pocket expenses.

4. No payments have been guaranteed or promised to anyone and this applicant has not shared and no agreement exists for this applicant to share any part of any compensation with any other persons.

5. The total time expended of the undersigned and the law firm in this bankruptcy case consisted of approximately 10.8 hours as set out below and justified and fully explained in Exhibit A attached hereto and incorporated herein by reference.

| ATTORNEY | RATE | HOURS | FEE AMOUNT |
|---|---|---|---|
| Jean W. Boyles | $145.00 | 10.8 | $1,566.00 |
| Paralegal | $60.00 | -0- | $-0- |
| Expenses | | | $7.90 |
| Total | | | $1,573.90 |

cc: Clerk