**FILED**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

25 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:                                CHAPTER 7

INTERNATIONAL HERITAGE, INC.         CASE NO. 98-02675-5-ATS

Debtor,

### ORDER ALLOWING FIRST INTERIM APPLICATION FOR ALLOWANCE OF MERRITT, WOOTEN & JANVIER, P.A. SPECIAL COUNSEL ATTORNEY FOR TRUSTEE FEES AND EXPENSE REIMBURSEMENT

THIS MATTER coming before the court upon the First Interim Application for Allowance of Merritt, Wooten & Janvier, P.A. Special Counsel for Trustee Fees and Expense Reimbursement seeking allowance of interim attorney's fees in the amount of $6,925.50 and expenses in the amount of $155.05, and it appearing to the court that Applicant's services have been of benefit to the estate, that fairness and attendant circumstances justify allowance of the Application in full at this time, and for good cause shown, it is

ORDERED that Applicant be and hereby is allowed attorneys fees in the full amount requested of $6,925.50 and expense reimbursement of $155.05.

DATED: OCT 25 1999

United States Bankruptcy Judge

Recorded in Fee Book 10/25/99

*Response Due 10/17*

NO OBJECTION
10/6/99

RECEIVED
SEP 30 1999
BANKRUPTCY ADMINISTRATOR, EDNC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

INTERNATIONAL HERITAGE, INC.

CHAPTER 7

CASE NO. 98-02675-5-ATS

Debtor,

### FIRST INTERIM APPLICATION FOR ALLOWANCE OF MERRITT, WOOTEN & JANVIER, P.A. SPECIAL COUNSEL ATTORNEY FOR TRUSTEE FEES AND EXPENSE REIMBURSEMENT

The undersigned special counsel attorney for Trustee ("Applicant") applies to the Court pursuant to 11 U.S.C. Section 331 and Bankruptcy Rule 2016 for the entry of an Order approving and allowing interim Attorney for Trustee fees in the amount of $6,925.50 for the period February 5, 1999 through September 21, 1999 and expense reimbursement in the amount of $155.05. In support of said Application he respectfully shows the Court the following:

1. Applicant was retained as special counsel to the Trustee in this case pursuant to an Order entered on February 9, 1999.

2. Applicant has rendered valuable services as such in the administration of this estate. The services rendered by Applicant are broadly described as follows:

>Applicant, on an emergency basis, investigated and obtained an order prohibiting an individual's attempts to sell the Debtor's customer list over the internet, believed to be a valuable asset of the estate. Applicant has investigated the Debtor's transactions with certain credit card issuers, argued for the turnover of funds, and conducted settlement negotiations. Applicant is investigating numerous causes of action listed as potential assets in the Debtor's schedules.

3. The services rendered are more particularly described on Applicant's invoice, attached hereto as Exhibit "A". Applicant has diligently endeavored to make these entries comply with the guidelines of the Bankruptcy Administrator's office. Specifically, Applicant has removed all time reflecting "secretarial type services", has removed all time reflecting travel time, and has billed in tenth of an hour increments. Applicant has not billed for any telephone calls lasting under five minutes, except to the extent that such calls resulted in the need for other action to be taken which was taken immediately following the call.

cc: Club