FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 0 3 1998

LUTHER D. THOMAS, Clerk
By: _____
                Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

INTERNATIONAL HERITAGE, INC.,
STANLEY H. VAN ETTEN, CLAUDE W.
SAVAGE, LARRY G. SMITH and
INTERNATIONAL HERITAGE
INCORPORATED, a Nevada corporation,

      Defendants.

CIVIL ACTION

NO. 1:98-CV-803-RWS

FILED

NOV 2 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

## NOTICE OF POSTING OF CASH BOND AND ORDER APPROVING CASH BOND

**WHEREAS**, in open Court on 27 March, 1998 and in the above-captioned civil action pending in this Court between the Securities and Exchange Commission (hereinafter "SEC"), as Plaintiff, and the Defendants International Heritage, Inc. and International Heritage, Incorporated (hereinafter "Defendants IHI") and other individual Defendants, an Order was entered from the bench by the Honorable Richard W. Story, pending formalization of a subsequent written order requiring the Defendants IHI to post a dischargeable bond in the amount of Five Million Dollars ($5,000,000.00) to assure that the liquid assets of the Defendant IHI are not diminished during the pendency of this action and that such principal sum will be available to satisfy any amounts that may be ordered paid by the Defendants IHI in this proceeding; and

**WHEREAS**, the Defendant Stanley H. Van Etten, in his individual capacity, and acting as a Surety on behalf of the Defendants IHI (hereinafter "Surety"), has tendered and has agreed to transmit to the Clerk of Court for the United States District Court for the Northern District of



Georgia, Atlanta Division (hereinafter "Clerk of Court"), for deposit into the Registry of the Court the sum of Five Million Dollars ($5,000,000.00) cash (hereinafter "Bond") to assure that the liquid assets of the Defendants IHI are not diminished during the pendency of this action and to apply to any judgment for damages and/or order granting disgorgement or other monetary relief against the Defendants IHI, or either of them, up to the principal amount of Five Million Dollars ($5,000,000.00) that may result from this proceeding; and

WHEREAS, the Bond deposited by the Clerk of Court into the Registry of the Court shall be held pursuant to the terms of this order.

NOW, THEREFORE, BASED UPON THE FOREGOING, THE COURT HEREBY ORDERS that:

1. The Bond posted by the Surety shall be deposited into the Registry of the Court to assure that the liquid assets of the Defendant IHI are not diminished during the pendency of this action and to make available at least the principal amount of Five Million Dollars ($5,000,000.00) to apply to any judgment for damages and/or any order granting disgorgement or other monetary relief against the Defendants IHI, or either of them in this proceeding.

2. The condition of the obligation of the Bond is such that if the SEC shall fail to obtain a judgment for damages or an order granting disgorgement or other monetary relief against the Defendants IHI or either of them in this case, then this obligation shall be null and void and the principal amount of the Bond together with any then undisbursed accrued interest thereon shall be returned to the Surety upon receipt by

the Clerk of Court of an order releasing the Bond; otherwise, the Bond shall remain in full force and effect, pending further order of this Court.

3. A further condition of the obligation of the Bond is that if the SEC obtains a judgment for damages and/or an order granting disgorgement or other monetary relief against the Defendants IHI or either of them in this case, and that judgment is and any order granting disgorgement or other monetary relief are satisfied in whole or in part from the assets of the Defendant IHI either in full or, alternatively, in at least the principal amount of Five Million Dollars ($5,000,000.00), the principal amount of the Bond or any unapplied part of the principal amount of the Bond shall be returned to the Surety; otherwise, the Bond shall remain in full force and effect, pending further order of this Court.

4. The Bond posted by the Surety shall be placed by the Clerk of Court in a Registry of Court account by the Clerk of Court which will yield the highest interest rate possible, with any interest earned being paid to and for the benefit of the Surety quarterly, after any appropriate fees are deducted in accordance with any applicable laws which govern the activities of the Clerk of court.

5. The Defendants IHI may replace all or a portion of this Bond with a conventional, pre-approved surety bond containing exactly the same terms and conditions during the period that the Bond remains in place, so long as the replacement principal Bond amount shall not be less than Five Million Dollars ($5,000,000.00), provided that all aspects of the replacement are approved in advance by this Court and an additional order is entered by this Court approving the replacement of the Bond and further

provided that no more than one (1) such Bond replacement shall be proposed by the Defendants IHI.

6. In the event that the Surety shall no longer be employed by or serve as an officer or director or be a shareholder of either of the Defendants IHI, the Defendants IHI may, with the advance approval of this Court, replace this Bond either with a separate cash bond, or with a conventional, pre-approved surety bond containing precisely the same terms and conditions; provided, however, in no event shall the Bond be replaced unless and until the collective principal Bond amount is at least Five Million Dollars ($5,000,000.00) and all aspects of the replacement are approved by a written order entered by this Court.

SO ORDERED, this 3rd day of April, 1998.

RICHARD W. STORY
United States District Court Judge

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

JUL 01 1998

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

INTERNATIONAL HERITAGE, INC., et al.,

       Defendants.

CIVIL ACTION NO.
1:98-CV-0803-RWS

## ORDER

This matter came before the Court on the application of Defendant International Heritage, Inc. and International Heritage, Incorporated (hereinafter "Defendants IHI") for an Order Approving Substitution of Cash Bond with Payment. By Order dated June 24, 1998, the Court denied the application because United Coastal Insurance Company ("United") was not authorized to conduct business in Georgia. Defendants IHI have now presented evidence that United is authorized to issue surplus line insurance pursuant to Georgia law and have requested that the Court vacate the June 24th Order and grant the application.

Having reviewed the entire record, including the original application and the motion for reconsideration, the Court enters the following Order granting the motion for reconsideration and granting the application.

The payment bond (a copy of which is attached hereto as Exhibit A) is approved by the Court as an appropriate surety bond for posting by Defendants IHI, ACSTAR Insurance Company



("ACSTAR"), and United in accordance with the April 3, 1998 Order of the Court. In order to complete the terms of the payment bond, it will be necessary for the Clerk of Court to disburse to ACSTAR some of the funds currently deposited by the Clerk of Court into the Registry of the Court. Therefore, upon the receipt of an original fully executed payment bond in the form attached hereto as Exhibit A by the Clerk of Court, the Clerk of Court shall wire transfer to ACSTAR Insurance Company in accordance with the instructions of ACSTAR contained in the bond the principal sum of Three Million Six Hundred Fifty Thousand and No/100 Dollars ($3,650,000.00) from the cash bond posted by the Defendant Stanley Van Etten. The Clerk of Court shall also disburse the remaining funds held within the Registry of the Court, including both principal and interest to International Heritage, Inc. (federal tax identification number 56-1921093) by wire transfer to First Union Bank, FBO International Heritage, Account Number 2000001295391, Routing Number 053110400.

Within three (3) business days following the wire transfer from the Clerk of Court to ACSTAR of the principal sum of Three Million Six Hundred Fifty Thousand Dollars ($3,650,000.00), ACSTAR shall acknowledge in writing the receipt of the wire transfer. If ACSTAR fails to acknowledge receipt of the wire transfer from the Clerk of Court, the Defendants IHI shall be in default of the bond requirements of the April 3, 1998 Order of this Court.

SO ORDERED, this _____ day of July, 1998.

ENTERED ON DOCKET

JUL __ ____

_____
BY  DEPUTY CLERK

_____
RICHARD W. STORY
United States District Judge

2

AO 72A
(Rev.8/82)



Bond No. 7719

**PAYMENT BOND**

ACSTAR INSURANCE COMPANY
233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN, CT 06050-2350 • (860) 224-2000

KNOW ALL MEN BY THESE PRESENTS, that <u>International Heritage, Inc. and International Heritage Incorporated</u>, jointly and severally, (hereinafter referred to as "Principal"), and ACSTAR Insurance Company and United Coastal Insurance Company, 233 Main Street, P.O. Box 2350, New Britain, CT 06050-2350, (hereinafter referred to as "Surety"), are held and firmly bound unto <u>The Clerk Court for the United States District Court for the Northern District of Georgia, Atlanta Division</u> (hereinafter "Clerk of Court"), (hereinafter referred to as "Obligee"), in the penal sum of <u>FIVE MILLION and 00/100 Dollars ($5,000,000)</u> for which payment well and truly to be made we do bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH, that:

WHEREAS, the Principal has been required to post this disgorgement bond to assure that the liquid assets of Principal are not diminished during the pendency in the action captioned "Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage Incorporated", and that such FIVE MILLION DOLLARS sum will be available to satisfy any amounts that may be ordered paid by Principal in the above proceeding. This bond shall apply to any judgment for damages and/or order granting disgorgement or other monetary relief against Principal up to FIVE MILLION DOLLARS.

The condition of this obligation is such that if the Securities and Exchange Commission shall fail to obtain a judgment for damages or an order granting disgorgement or other monetary relief against the Principal, then this obligation shall be null and void and this bond shall be returned to the Surety upon receipt by The Clerk of the Court of an order releasing this bond, otherwise this bond shall remain in full force and effect, pending further order of this Court.

A further condition of this obligation is that if Securities and Exchange Commission obtains a judgment for damages and/or an order granting disgorgement or any other monetary relief against the Principal, and that judgment and any order granting disgorgement or other monetary relief are satisfied in whole or in part from the assets of the Principal or, alternatively in at least the amount of Five Million Dollars ($5,000,000), the bond or any unapplied part of the amount of the bond shall be null and void and the bond shall be returned to the Surety, otherwise this bond shall remain in full force and effect, pending further order of this court.

A further condition of this obligation is that this bond shall be null and void if either (a) the Surety does not receive U.S. Three Million Six Hundred Fifty Thousand Dollars ($3,650,000) by wire transfer to the Surety at Fleet Bank, 777 Main Street, Hartford, CT. ABA #011500010, to credit ACSTAR Insurance Company, Account #5017-0193 within two (2) business days following the filing of this payment bond with the Clerk of Court or (b) the Surety receives a claim against this bond before receiving by wire transfer as outlined above U.S. Three Million Six Hundred Fifty Thousand Dollars ($3,650,000), otherwise this bond shall remain in full force and effect, pending further order of this Court.

IN WITNESS WHEREOF, the above bounden parties have executed this instrument under their several seals this __5th__ day of ____June____, 19_98_ the name and corporate seal of each corporate party being affixed hereto and these presents duly signed by its undersigned representatives, pursuant to authority of its governing body.

| ATTEST: | INTERNATIONAL HERITAGE, INC. | (Seal) |
|---|---|---|
| _____ | By_____ | |
| ATTEST: | INTERNATIONAL HERITAGE INCORPORATED | (Seal) |
| _____ | By_____ | |
| ATTEST: | ACSTAR INSURANCE COMPANY | (Seal) |
| *Natalie Silpol* | UNITED COASTAL INSURANCE COMPANY | |
| | By _[signature]_ | |
| | Name: Henry W. Nozko, Jr. | |
| | Title: President | |

EXHIBIT

Bond No. 7719


ACSTAR INSURANCE COMPANY

PAYMENT BOND

**KNOW ALL MEN BY THESE PRESENTS**, that International Heritage, Inc. and International Heritage Incorporated, jointly and severally, (hereinafter referred to as "Principal), and ACSTAR Insurance Company and United Coastal Insurance Company, 233 Main Street, P.O. Box 2350, New Britain, CT 06050-2350, (hereinafter referred to as "Surety"), are held and firmly bound unto The Clerk Court for the United States District Court for the Northern District of Georgia, Atlanta Division (hereinafter "Clerk of Court") (hereinafter referred to as "Obligee"), in the penal sum of FIVE MILLION and 00/100 Dollars ($5,000,000) for which payment well and truly to be made we do bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH, that

WHEREAS, the Principal has been required to post this disgorgement bond to assure that the liquid assets of Principal are not diminished during the pendency in the action captioned "Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage Incorporated", and that such FIVE MILLION DOLLARS sum will be available to satisfy any amounts that may be ordered paid by Principal in the above proceeding. This bond shall apply to any judgment for damages and/or order granting disgorgement or other monetary relief against Principal up to FIVE MILLION DOLLARS.

The condition of this obligation is such that if the Securities and Exchange Commission shall fail to obtain a judgment for damages or an order granting disgorgement or other monetary relief against the Principal, then this obligation shall be null and void and this bond shall be returned to the Surety upon receipt by The Clerk of the Court of an order releasing this bond, otherwise this bond shall remain in full force and effect, pending further order of this Court.

A further condition of this obligation is that if Securities and Exchange Commission obtains a judgment for damages and/or an order granting disgorgement or any other monetary relief against the Principal, and that judgment and any order granting disgorgement or other monetary relief are satisfied in whole or in part from the assets of the Principal or, alternatively in at least the amount of Five Million Dollars ($5,000,000), the bond or any unapplied part of the amount of the bond shall be null and void and the bond shall be returned to the Surety, otherwise this bond shall remain in full force and effect, pending further order of this court.

A further condition of this obligation is that this bond shall be null and void if either (a) the Surety does not receive U.S. Three Million Six Hundred Fifty Thousand Dollars ($3,650,000) by wire transfer to the Surety at Fleet Bank, 777 Main Street, Hartford, CT, ABA #011500010, to credit ACSTAR Insurance Company, Account #5017-0193 within two (2) business days following the filing of this payment bond with the Clerk of Court or (b) the Surety receives a claim against this bond before receiving by wire transfer as outlined above U.S. Three Million Six Hundred Fifty Thousand Dollars ($3,650,000), otherwise this bond shall remain in full force and effect, pending further order of this Court.

IN WITNESS WHEREOF, the above bounden parties have executed this instrument under their several seals this 5th day of June, 19 98 the name and corporate seal of each corporate party being affixed hereto and these presents duly signed by its undersigned representatives, pursuant to authority of its governing body.

ATTEST: _____

INTERNATIONAL HERITAGE, INC.    (Seal)

By_____

ATTEST: _____

INTERNATIONAL HERITAGE INCORPORATED    (Seal)

By_____

ATTEST: *Natalie Silpa*

ACSTAR INSURANCE COMPANY
UNITED COASTAL INSURANCE COMPANY    (Seal)

By_____
Name: Henry W. Nozko, Jr.
Title: President



**ACSTAR INSURANCE COMPANY**  233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN, CT 06050-2350 • (860) 224-2000

July 3, 1998

The Honorable Richard W. Story, United States District Court Judge        Fax 404-730-3745
2321 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

Securities and Exchange Commission
v.
International Heritage, Inc., et al.
Civil Action No. 1:98-CV-0803-RWS

This is to acknowledge that ACSTAR Insurance Company received on July 2, 1998 a wire transfer from the Clerk of U.S. District Court via sequence No. 980702011485 in the amount of $3,650,000. We hereby confirm that ACSTAR Bond No. 7719 in the amount of $5,000,000 is effective.

Yours very truly

Henry W. Nozko, Jr. - PRESIDENT

cc: Brent E. Wood, Esq. Fax No. (919)828-0804
    Robert G. Brunton, Esq. Fax No. (404)222-4654
    William Hicks Fax No. (404)842-7666
    Joel Piassick Fax No. (404)815-6555
    Lloyd Whitaker Fax No. (770) 433-8550



| This FINANCING STATEMENT is presented to a Filing Officer for filing pursuant to the Uniform Commercial Code. | No. of Additional Sheets Presented: 1 | |
|---|---|---|
| (1) Debtor(s) (Last Name First) and Address(es): (Please Type)<br><br>International Heritage, Inc.<br>2626 Glenwood Avenue, Suite 200<br>Raleigh, North Carolina 27608 | (2) Secured Party(ies) (Name(s) And Address(es):<br><br>Stanley H. Van Etten<br>10504 Tredwood Drive<br>Raleigh, North Carolina 27613 | #9980029036<br><br>MAY 27 '99 AM 11:57 |
| (3) (a) ☒ Collateral is or includes fixtures.<br>(b) ☐ Timber, Minerals or Accounts Subject to G.S. 25-9-103(5) are covered<br>(c) ☐ Crops Are Growing Or To Be Grown * On Real Property Described In Section (5).<br>If either block 3(a) or block 3(b) applies describe real estate, including record owner(s) in section (5). | (4) Assignee(s) of Secured Party, Address(es): | For Filing Officer |

(5) This Financing Statement Covers the Following types [or items] of property.

See attached Schedule of Collateral

☐ Products of the Collateral Are Also Covered. * On Farm Collateral Filing, Name County Debtor Resides in _____ (Cannot be Filed unless County is named.)

(6) Signatures: Debtor(s)

International Heritage, Inc.
_____
(By) [signature]

Standard Form Approved by N.C. Sec. of State
Revised 11-90

(1) FILING OFFICER COPY - NUMERICAL

Secured Party(ies) [or Assignees]

(By)_____
Signature of Secured Party Permitted in Lieu of Debtor Signature:
(1) Collateral is subject to Security Interest In Another Jurisdiction and ☒
  ☐ Collateral Is Brought Into This State
  ☐ Debtor's Location Changed To This State
(2) For Other Situations See: G.S. 25-9-402 (2)

UCC-1



MAY 27 '98 AM 11:58

## SCHEDULE OF COLLATERAL

1. All of the Debtor's open accounts receivable, book debts, notes, drafts of acceptances, contracts, chooses in action and any right to payment not evidenced by an instrument or chattel paper arising in the ordinary course of business from the sale of goods and rendition of services or both (collectively, the "Accounts");

2. all of the Debtor's present and future instruments, documents, chattel paper and general intangibles;

3. all reserves, balances, deposits, credits and property at any time owning or belonging to the Debtor in possession of or in transit to the Lender;

4. all moneys, securities and other property, now held or hereafter received by, or in transit to, the Secured Party from or for the Debtor, whether for safekeeping, pledge, collection or otherwise, except moneys, securities and other property held in escrow by a third party on behalf of the Debtor, said moneys, securities and other property shall not be considered collateral unless and until the escrow agent has deposited such moneys, securities and other property with the Debtor;

5. all books, records and other property relating to the collateral;

6. all inventory of the Debtor held for sale or lease or to be furnished under contracts of service, whether raw materials, work-in-process, materials used or consumed in its business or finished goods (collectively, the "Inventory");

7. all of the Debtor's equipment and software, together with all additions, parts, accessories, special tools and attachments now and hereafter affixed thereto and/or used in connection therewith, and all replacements thereof and substitutions therefor (collectively, the "Equipment");

8. all intellectual property owned by the Debtor, whether registered or otherwise, not limited to trademarks, trade names, service marks, copyrights and patents (collectively, "Intellectual Property"):

9. all cash and non-cash proceeds and products of the collateral; and

10. all after-acquired collateral.

gm/collateral.schedule

1998002903G

SATISFACTION
this Note has be_____ _____ _residence_____
_____ day of _____ sfied in full this
Signed: _____

# PROMISSORY NOTE

$ __5,000,000.00__                                                              __Raleigh_____, N.C.

                                                                                 __May 13_____, 19__98__

FOR VALUE RECEIVED the undersigned, jointly and severally, promise to pay to __Stanley H. Van Etten, an individual__
residing at 10504 Tredwood Drive, Raleigh, North Carolina 27613

the principal sum of __Five Million and xx/100_____ or order,
DOLLARS ($ __5,000,000_____), with interest from _____, at the rate of _____
per cent (____%) per annum on the unpaid balance until paid or until default, both principal and interest payable in lawful money of the United States of America, at

the office of __Stanley H. Van Etten, 10504 Tredwood Drive, Raleigh, North Carolina 27613__

or at such place as the legal holder hereof may designate in writing. It is understood and agreed that additional amounts may be advanced by the holder hereof as provided in the instruments, if any, securing this Note and such advances will be added to the principal of this Note and will accrue interest at the above specified rate of interest from the date of advance until paid. The principal and interest shall be due and payable as follows:

A fee of 3.5% of the total loan amount or One Hundred Seventy Five and xx/100 Dollars ($175,000.00) shall be due by year end 1998, as expeditiously as possible, in a lump sum or installments, as the Company is able to pay all costs and expenses associated with placement of the bond referenced hereinbelow. No prepayment penalty may be applied.

Principal and interest may be satisfied by replacing the cash bond posted in the action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation, civil action no. 1:98-CV-0803-RWS, with a conventional, pre-approved surety bond containing the same terms and conditions as the principal bond set forth in the Notice of Posting of Cash Bond and Order Approving Cash Bond dated April 3, 1998.

If not sooner paid, the entire remaining indebtedness shall be due and payable on __March 31, 2001_____.
If payable in installments, each such installment shall, unless otherwise provided, be applied first to payment of interest then accrued and due on the unpaid principal balance, with the remainder applied to the unpaid principal.

Unless otherwise provided, this Note may be prepaid in full or in part at any time without penalty or premium. Partial prepayments shall be applied to installments due in reverse order of their maturity.

In the event of (a) default in payment of any installment of principal or interest hereof as the same becomes due and such default is not cured within ten (10) days from the due date, or (b) default under the terms of any instrument securing this Note, and such default is not cured within fifteen (15) days after written notice to maker, then in either such event the holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and, the prepayment premium, if any, at once due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at any other time. The unpaid principal of this Note and any part thereof, accrued interest and all other sums due under this Note and the Deed of Trust, if any, shall bear interest at the rate of _____eight_____ per cent ( __8__ %) per annum after default until paid.

All parties to this Note, including maker and any sureties, endorsers, or guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note and the Deed of Trust notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

Upon default the holder of this Note may employ an attorney to enforce the holder's rights and remedies and the maker, principal, surety, guarantor and endorsers of this Note hereby agree to pay to the holder reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default. The rights and remedies of the holder as provided in this Note and any instrument securing this Note shall be cumulative and may be pursued singly, successively, or together against the property described in the Deed of Trust or any other funds, property or security held by the holder for payment or security, in the sole discretion of the holder. The failure to exercise any such right or remedy shall not be a waiver or release of such rights or remedies or the right to exercise any of them at another time.

This Note is to be governed and construed in accordance with the laws of the State of North Carolina.

This Note is given _____, and is secured by a
__Financing Statement filed with the North Carolina Department of the Secretary of State__
__and the Register of Deeds of Wake County, North Carolina_____ lien upon the property therein described.

IN TESTIMONY WHEREOF, each corporate maker has caused     IN TESTIMONY WHEREOF, each individual maker has hereunto
this instrument to be executed in its corporate name by its     set his hand and adopted as his seal the word "SEAL" appearing
_____ President, attested by its   beside his name, the day and year first above written.
_____ Secretary, and its corporate seal to be
hereto affixed, all by order of its Board of Directors first duly given,
the day and year first above written.
__International Heritage, Inc.__
     (Corporate Name)
By: _[signature]_____                          _____ (SEAL)
__Chief Operating Officer__ President
ATTEST: _[signature] Stewart_____                            _____ (SEAL)
__Corporate__ Secretary (Corporate Seal)
                                                              _____ (SEAL)

     (Corporate Name)
By: _____                             _____ (SEAL)
ATTEST: _____ President                           _____ (SEAL)
                                                              _____ (SEAL)
_____ Secretary (Corporate Seal)
                                                              _____ (SEAL)