| DEBTOR(S) (LAST NAME FIRST) AND ADDRESS(ES) | PARTY REQUESTING INFORMATION OR COPIES | |
|---|---|---|
| International Heritage, Inc.<br>2626 Glenwood Ave., Ste. 200<br>Raleigh, NC 27608 | James T. Johnson<br>1305 Navaho Drive<br>PO Box 17529<br>Raleigh, NC 27619-7529 |  |

**(1) INFORMATION REQUEST:** Filing Officer please furnish certificate showing whether there is on file as of the date and hour stated therein any presently effective Financing Statement, or any Statement of Assignment thereof, naming the above debtor, give the date and hour of filing of each such statement, and the names and addresses of each party named therein. The undersigned party further agrees to pay to the Filing Officer, upon receipt of the above certificate, the statutory fee for each Financing Statement and each Statement of Assignment reported on the certificate.

(SIGNATURE OF REQUESTING PARTY)        (DATE)

| FILE NO. | DATE AND HOUR OF FILING | NAME AND ADDRESS OF SECURED PARTY |
|---|---|---|
| *no Statements on file, this Creditor* | | ACSTAR INSURANCE COMPANY<br>233 Main Street<br>New Britain, CT 06050-2350 |

The undersigned Filing Officer hereby certifies that the above listing is a record of all presently effective Financing Statements and Statements of Assignment which name the above debtor, and which are on file in my office as of _____ 19___ at ___ M.

Additional fee required $ _____ Dated this _____ day of _____ A.D. 19___

(SIGNATURE OF FILING OFFICER)

□ (2) a □ COPY REQUEST: Filing Officer please furnish exact copies of all presently effective Financing Statements and Statements of Assignments Naming the above debtor, which are on file with your office. Upon receipt of these copies, the undersigned party agrees to pay to the Filing Officer the statutory fee for such copies.
b □ SPECIFIC COPY REQUEST: Filing Officer please furnish exact copies of the Financing Statements listed below.

(SIGNATURE OF REQUESTING PARTY)        10/22/99 (DATE)

| FILE NO. | DATE AND HOUR OF FILING | NAME AND ADDRESS OF SECURED PARTY |
|---|---|---|
| | | |
| | | |
| | | |

The undersigned Filing Officer hereby certifies that the attached ___∅___ sheets are true and exact copies of all presently effective Financing Statements and Statement of Assignment which name the above debtor and which are on file in my office as of 10-25, 19 99 at 1018 M.

Dated this 25+1 day of OCT A.D. 19 99    Gilbert L NewTotal (SIGNATURE OF FILING OFFICER)

Additional fee required $ ∅

Standard Form Approved by Secretary of State of North Carolina

(1) TO BE RETURNED WITH INFORMATION OR COPIES        UCC-11

FILED

2 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.



FILED

**21 1999**

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: )
)  CHAPTER 7
INTERNATIONAL HERITAGE, INC. )  CASE NO. 98-02675-5-ATS
)
INTERNATIONAL HERITAGE, )
INCORPORATED, )
)  CHAPTER 7
)  CASE NO. 98-02674-5-ATS
)
   Debtors. )

## ORDER APPROVING APPLICATION OF TRUSTEE
## TO ENTER INTO CONSENT TO FINAL JUDGMENT
## OF PERMANENT INJUNCTION

The Application of Holmes P. Harden, Trustee for the above-captioned debtors,

requesting an order authorizing the execution of a Stipulation and Consent to Final Judgment of

Permanent Injunction having come on for the consideration of the undersigned and the objections

to same of Chittenden Bank, Acstar Insurance Company, the debtors and Stanley H.Van Etten

having been withdrawn as indicated herein, and L.C. Gilbert having presented no evidence or

argument in support of his objection, it appears to the court as follows:

### FINDINGS OF FACT

1.  International Heritage, Inc. and International Heritage, Incorporated filed

voluntary petitions in bankruptcy on November 25, 1998 and Holmes P. Harden was appointed

Chapter 7 Trustee.

2.  On or about March 16, 1998, the Securities and Exchange Commission

("*Commission*") brought a civil action against the debtors and others styled *Securities and*

RAL/200435/1



*Exchange Commission v. International Heritage, Inc. Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage Incorporated, a Nevada Corporation,* Civil Action No. 1-98-CV-0803-RWS ("Civil Action"), in the United State District Court for the Northern District of Georgia alleging prepetition violations of the securities laws and seeking a final judgment permanently enjoining debtors from further violation of the law and the establishment of an amount of disgorgement of profits derived from allegedly fraudulent activities and the imposition of civil penalties. A payment bond in the penal sum of $5,000,000 ("*Bond*") issued by ACSTAR Insurance Company and United Coastal Insurance Company (the "*Sureties*") was posted by debtors to satisfy any amounts that may be ordered paid to the Commission in the Civil Action. The Sureties hold $3,500,000 as collateral for the Bond, which amount is refundable only if the debtors prevail in the Civil Action. The bond inures to the benefit of the Commission and is not property of either bankruptcy estate.

3.     The Commission filed proofs of claim dated January 4, 1999 in the International Heritage, Inc. case and in the International Heritage, Incorporated cases in the amount of $6,450,000.00. The claims are unliquidated, contingent, unsecured claims consistent with the Commission's prayer for disgorgement in the above-referenced civil action.

4.     A copy of the Trustee's proposed Consent to Final Judgment of Permanent Injunction settling the Civil Action as to the debtors is attached hereto as Exhibit A and is incorporated herein by reference.

5.     Pursuant to the proposed settlement of the Civil Action, the Commission proposes to authorize disbursement of bond proceeds in the amount of $4.1 million by the Chapter 7 Trustee in the International Heritage, Inc. case and to reduce its claims in each of the bankruptcy

cases by the amount paid by the Sureties to the Clerk of Court for the United States District

Court for the Northern District of Georgia for the benefit of the Commission pursuant to a

judgment of disgorgement entered against the defendants in the Civil Action and disbursed with

the consent and direction of the Commission by the Trustee in the International Heritage, Inc.

bankruptcy.

6.    The Sureties have agreed to pay and the Trustee for International Heritage, Inc.

has agreed to receive $4.1 million under the Bond and to disburse the proceeds of the Bond in the

International Heritage, Inc. bankruptcy case according to Paragraph V of Exhibit A(1) attached

hereto. The Commission stipulates that the United States Bankruptcy Court for the Eastern

District of North Carolina has jurisdiction pursuant to 28 U.S.C. § 1334 over the administration

of the surety bond, and further stipulates that any and all proceeds of such bond shall be first

subject to a payment to the Trustee of an amount equal to the full statutory commission permitted

pursuant to 11 U.S.C. § 326(a) without reduction notwithstanding the foregoing stipulation that

the bond is not property of the IHI estate, and in addition to the aforesaid payment to Trustee, to

payment of all allowed IHI administrative claims. It is further agreed that the Sureties shall have

claims in the International Heritage, Inc. bankruptcy case as set forth in Paragraph V of Exhibit

A(1) attached hereto. The Sureties and the Trustee have also agreed to execute the mutual

releases attached hereto as Exhibit B.

7.    The Trustee and the SEC agree that Chittenden Bank shall have an allowed claim

in the categories described in Paragraph V of Exhibit A(1) attached hereto (the "Categories")

where Chittenden Bank can establish that it has received and paid chargeback requests from

credit card holders who would have qualified for an allowed claim in the Categories. The

Categories are "claims of independent retail sales representatives who made payment to either of the debtors and did not receive a product or commission, and allowed claims of purchasers of convertible notes from either debtor in 1997." Chittenden Bank shall receive the same pro-rata distribution on account of its claim as any other holder of an allowed claim in the Categories.

8.    The proposed Consent to Final Judgment of Permanent Injunction is intended to settle the Civil Action only as to the debtors. However, the parties have acknowledged that the settlement between the Debtors and the Commission is contingent upon a corresponding settlement of the Civil Action between the Commission and Stanley H. Van Etten ("Van Etten").

9.    Pursuant to the proposed settlement of the Civil Action, Trustee agrees to waive the attorney-client privilege as to prepetition advice the debtors received from their attorneys. Van Etten does not waive the privilege and does not consent to the Trustee's waiver, but he has agreed to waive argument against the Trustee's waiver to the court. The debtors have withdrawn their objection to the waiver of the privilege.

10.    The above-described settlement of the Civil Action is contingent upon final approval of the Commission, is currently under consideration by the Commission, and is expected to be approved simultaneously with the Commission's approval of a proposed settlement of the Civil Action as to Van Etten. The above-described settlement of the Civil Action is further contingent upon this court's entry of an order approving a compromise and settlement of the Trustee's claims against Van Etten, which shall be the subject of a separate motion by the Trustee and which will be ruled upon by separate order of this court.

11.    Notice of the Trustee's Application was sent to creditors and other parties in interest in accordance with law.

RAL/200435/1                                                    4

12. The Trustee believes the proposed settlement of the Civil Action is fair and reasonable.

<div align="center">CONCLUSIONS OF LAW</div>

13. The Trustee is authorized to enter into a settlement on behalf of the debtors with court approval.

14. It is appropriate and consistent with the Trustee's duties to enter into the Consent to Final Judgment of Permanent Injunction with the Commission, which Consent to Final Judgment of Permanent Injunction by its terms reduces the Commission's claims in each International Heritage bankruptcy case by up to $4.1 million in each case, assures the payment of all § 503 and § 330 expenses of administration of the International Heritage, Inc. bankruptcy including payment of allowed professional fees and all other allowed administrative claims, and is given without admitting or denying the factual allegations of the Complaint.

15. The proposed settlement of the Civil Action is fair and reasonable and is in the best interest of the expeditious administration of the Debtors' estates because it will dispose of significant litigation against the debtors without undue expense, will result in the reduction of a substantial portion of a principal unsecured claim in each of these cases, will fund the payment of administrative expense and other claims, and will return more money to creditors of International Heritage, Inc. than the estates would receive by way of refund of the $3,500,000 posted as collateral for the Bond if the debtors achieved a verdict of no liability in the Civil Action.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that upon approval of the above-described settlement of the Civil Action by the United States Securities and Exchange Commission, upon the Commission's approval of a settlement of the Civil Action as to Van

RAL/200435/1

5

Etten, and upon this court's entry of an order approving a compromise and settlement of the

Trustee's claims against Stanley Van Etten, the Trustee shall enter into the Consent to Final

Judgment of Permanent Injunction in the form attached hereto as Exhibit A on behalf of the

debtor corporations and the Trustee and the Sureties shall execute the mutual releases attached

hereto as Exhibit B.

Dated: **JUN 21 1999**

United States Bankruptcy Court Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>INTERNATIONAL HERITAGE, INC.,<br>STANLEY H. VAN ETTEN, CLAUDE<br>W. SAVAGE, LARRY G. SMITH,<br>and INTERNATIONAL HERITAGE,<br>INCORPORATED, a Nevada<br>Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>   NO. 1-98-0803-RWS |

CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

1.    Defendants International Heritage, Inc. ("IHI") and International Heritage,

Incorporated, a Nevada corporation ("IHI Incorporated") submit to the *in personam* jurisdiction

of this Court over them, acknowledge service of summons and the Complaint in this matter,

admit the jurisdiction of this Court over the subject matter of this action, waive the entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil

Procedure, and hereby consent to the entry of a Final Judgment of Permanent Injunction

("Order") without further notice in the form annexed hereto and incorporated by reference herein.

RAL/179462/1                                **EXHIBIT A**

2.      Defendants IHI and IHI Incorporated, without admitting or denying any of the
allegations of the Commission's Complaint, except as to jurisdiction which they admit, consent
to the entry of the order attached as Exhibit A(1) which permanently restrains and enjoins IHI
and IHI Incorporated from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933,
("*Securities Act*") 15 U.S.C. 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities
Exchange Act of 1934 ("*Exchange Act*"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-
5, thereunder, and permanently restrains and enjoins IHI Incorporated from violating Section
15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11,
thereunder, and which requires IHI to pay disgorgement.  IHI further stipulates that although such
disgorgement may be paid pursuant to a surety bond posted with the Court on behalf of IHI, such
bond is not an asset of the bankruptcy estate of IHI.

3.      Defendants IHI and IHI Incorporated enter into this Consent voluntarily and
acknowledge that no promise or threat of any kind whatsoever has been made by Plaintiff
Securities and Exchange Commission or any member, officer, agent or representative thereof to
induce them to enter into this stipulation and consent.

4.      Defendants IHI and IHI Incorporated waive any right they may have to appeal
from the entry of the Order.

5.      Defendants IHI and IHI Incorporated agree that the Order may be presented by the
Commission to the Court for signature without further notice.

6.      Defendants IHI and IHI Incorporated agree that this Consent shall be incorporated
into the Order with the same force and effect as if fully set forth therein.

7.    Defendants IHI and IHI Incorporated agree that they will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and they hereby waive any objection they may have based thereon.

8.    Defendants IHI and IHI Incorporated hereby understand that the Plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or derived therefrom, to any person or entity, public or private, having criminal, civil or administrative jurisdiction for action thereby.

9.    Defendants IHI and IHI Incorporated further state that they understand that the Plaintiff cannot and does not confer upon them, or upon any other person or entity, immunity from any criminal proceeding for any actions related to or arising from this or any other matter.

10.    Defendants IHI and IHI Incorporated acknowledge that they have read, understand, and agree to comply with the policy of plaintiff Commission, set forth in 17 C.F.R. § 202.5(e), not to permit a defendant to consent to a judgment or order that imposes a sanction while denying any allegation in the complaint. Defendants IHI and IHI Incorporated agree not to take any action or make any public statement denying, directly or indirectly, any allegation in the complaint. Defendants IHI and IHI Incorporated further agree not to take any action or make any public statement which creates, or tends to create, the impression that the complaint is without factual basis. Nothing in this provision affects said defendants' testimonial obligations or right to take legal positions in other non-Commission litigation.

11.    Defendants IHI and IHI Incorporated agree to and hereby waive the attorney-client privilege with regard to all communications between IHI or IHI Incorporated or their

representatives and any attorney which occurred prior to the appointment of the Chapter 7

Trustee for said defendants, and further agree to remain a party to this litigation for purposes of

discovery.

     This the ___ day of January, 1999.

<div style="margin-left:40%">

INTERNATIONAL HERITAGE, INC. and
INTERNATIONAL HERITAGE, INCORPORATED,
a Nevada corporation


By:_____
    Holmes P. Harden, Trustee in Bankruptcy

</div>

State of North Carolina

County of _____

     On this ___ day of June, 1999, before me personally appeared Holmes P. Harden, known
to me to be the person who executed the foregoing Stipulation and Consent and he acknowledged
to me that he executed the same.

     This ___ day of June, 1999.

<div style="margin-left:40%">

_____
Notary Public

</div>

My Commission Expires:

_____

RAL/17966/1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

INTERNATIONAL HERITAGE, INC.,
STANLEY H. VAN ETTEN, CLAUDE W.
SAVAGE, LARRY G. SMITH and
INTERNATIONAL HERITAGE,
INCORPORATED, a Nevada corporation,

Defendants

CIVIL ACTION NO.
1-98-CV-0803-RWS

CONSENT FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

Plaintiff, Securities and Exchange Commission ("Commission"), having filed its complaint

in this matter against defendants International Heritage, Inc. ("IHI") and International Heritage,

Incorporated, a Nevada corporation ("IHI Incorporated") and others, seeking injunctive and other

relief, and defendants IHI and IHI Incorporated having entered general appearances, admitted the

jurisdiction of this court over them and over the subject matter of this action, waived entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil

Procedure with respect to the relief granted in this order, and without admitting or denying any of

the allegations of the complaint having consented to the entry of this order, it is hereby,

RAL/200827/1

**EXHIBIT A(1)**

## I.

ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1)   making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(2)   carrying securities or causing them to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(3)   making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, unless and until a registration statement is filed with the Commission as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77h,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. 77e(a) and 77e(c). Provided, however, that nothing in the foregoing portion of the preliminary injunction shall apply to any

RAL/280427/1                                        2

security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. 77e.

## II.

IT IS FURTHER ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce, or by the mails, be, and they hereby are, restrained from, directly or indirectly:

    (1)    employing any device, scheme or artifice to defraud;

    (2)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

    (3)    obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a).

## III.

IT IS FURTHER ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

    (1)    employing any device, scheme or artifice to defraud;

RAL/200427/1

3

(2)      engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3)      making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

## IV.

IT IS FURTHER ORDERED that defendant IHI Incorporated, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, be and hereby are, restrained from, directly or indirectly, filing reports with the Commission, on Form 8-K or otherwise, which are false and misleading or fail to disclose material facts necessary to make the statements made not misleading, in violation of Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11.

## V.

IT IS FURTHER ORDERED that disgorgement is set against defendant IHI in the amount of $6,533,179, representing its ill-gotten gains from the scheme described in the complaint, plus prejudgment interest. $4.1 million of said disgorgement may be satisfied from the surety bond which has been posted in this matter, which is not the property of IHI or of the bankruptcy estate of IHI. Payments on the bond shall be made by the surety as follows: $600,000 within 30 days of this Order; an additional $750,000 within 120 days of this Order; an additional $750,000 within 210 days of this Order; and the remaining $ 2 million within 300 days of this Order. The payments on the bond shall

be deposited into the registry of this Court. However, upon this Court's receipt of such payments by the surety, the clerk of the Court will issue a nonrefundable check in the same amount to the Chapter 7 bankruptcy trustee in In re International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C.) (that case and In re International Heritage, Incorporated, Case No. 98-02674-5-ATS (Bankr. E.D.N.C.) hereinafter the "Bankruptcy cases"), to be used first for the payment of his allowed § 326(a) statutory commission without reduction and then for all administrative claims allowed pursuant to §§ 330 and 503 of the United States Bankruptcy Code in the Bankruptcy cases, then for payment of any outstanding fees of Lloyd Whitaker, the monitor in this case, then for pro rata (i) payment of claims by independent retail sales representatives ("IRSRs") of IHI who made payments to IHI and never received a product or commission and (ii) the first $300,000 of any allowed claim which the surety (ACSTAR Insurance Company) may have against the estate; then for claims of purchasers of IHI convertible notes during 1997. To the extent allowed by the Bankruptcy Court, proceeds can be used for pro rata payments to Chittenden Bank based on amounts paid by it to persons in categories i and ii, above, on chargeback requests from such persons as credit card holders. Any remaining proceeds shall thereafter be used to first pay claims of other IRSRs and thereafter to pay the claims of other creditors according to the priorities set forth in the United States Bankruptcy Code. Notwithstanding the foregoing, none of such proceeds shall be used to pay any claims of defendants Stanley H. Van Etten, Claude W. Savage or Larry G. Smith, or of any entity controlled by them, or of any other officer or director of IHI. Any disgorgement paid by the other defendants in this matter may, upon motion by the Commission, be transferred to the trustee for disbursement pursuant to the above terms.

RAL/200827/1

5

## VI.

IT IS FURTHER ORDERED that based upon Defendant IHI's bankruptcy schedules dated _____, and Defendant IHI Incorporated's bankruptcy schedules dated _____, both submitted to the Commission, the Court is not ordering IHI or IHI Incorporated to pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. 78u(d). The determination not to impose a civil penalty is contingent upon the accuracy and completeness of each defendant's bankruptcy schedules. If at any time following the entry of this Final Judgment the Commission obtains information indicating that IHI's or IHI Incorporated's representations in its bankruptcy schedules concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition this Court for an order imposing a civil penalty payable in the bankruptcy cases, pursuant to 11 U.S.C. § 726(a)(4) if funds are available in accordance with IV, above against such defendant. In connection with any such petition, the only issues shall be whether the financial information provided by such defendant was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. [In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering such defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery.] Such defendant may not, by way of defense to such petition, challenge the validity of this Consent or the

Final Judgment, contest the allegation in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.

## VII.

IT IS FURTHER ORDERED that, pending further order of this court, defendants IHI and IHI Incorporated, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

## VIII.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over this matter and the defendants and will order other and further relief that this Court deems appropriate under the circumstances, and that defendants IHI and IHI Incorporated will remain parties to this case for purposes of discovery.

Done and ordered at _____ o'clock _____ m. this _____ day of _____, 1999 at _____, Georgia.

_____
UNITED STATED DISTRICT JUDGE

AGREED

_____
ACSTAR Insurance Company and
United Coastal Insurance Company
By:

RAL/200527/1

7

## RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns do hereby release, forever discharge and promise never to sue Holmes P. Harden, individually, as Chapter 7 Trustee for International Heritage, Inc., and International Heritage, Incorporated, or as a principal in the law firm of Maupin Taylor & Ellis, P.A., or the law firm of Maupin Taylor & Ellis, P.A., their agents, attorneys, employees, officers, directors, and insurance carriers (together referred to as "Harden") for any and all damages and claims arising from or related to the civil action styled United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to Harden's filing of the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction (which application was filed in the bankruptcy cases of International Heritage, Inc., Case No. 98-02675-5-ATS and International Heritage, Incorporated, Case No. 98-02674-5-ATS) and any claims relating to the subsequent Consent Order, and any claims against Harden arising from, under, or against Payment Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement which were executed in connection with the aforesaid civil action.

ACSTAR INSURANCE COMPANY

By:_____

UNITED COASTAL INSURANCE COMPANY

By:_____

RAL/199645/1

**EXHIBIT B**

# RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Holmes P. Harden, individually and as Chapter 7 Trustee for International Heritage, Inc. and International Heritage, Incorporated does hereby release, forever discharge and promise never to sue Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns for any and all damages and claims arising from or relating to the civil action styled United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage, Incorporated, a Nevada Corporation, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to the filing of a Response to the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction by the said Holmes P. Harden and any claims relating to Acstar Insurance Company and United Coastal Insurance Company's original refusal to agree to the Application and pay funds to the United States of America through the Securities and Exchange Commission.

_____(SEAL)
Holmes P. Harden, Individually and as
Chapter 7 Trustee for International
Heritage, Inc. and International
Heritage, Incorporated

990138-0001-001
GVLMAIN\206359.1

# WARD AND SMITH, P.A.
## ATTORNEYS AT LAW

1001 COLLEGE COURT
POST OFFICE BOX 867
NEW BERN, N.C. 28563-0867
TELEPHONE (252) 633-1000
FACSIMILE (252) 636-2121

UNIVERSITY CORPORATE CENTER
127 RACINE DRIVE
POST OFFICE BOX 7068
WILMINGTON, N.C. 28406-7068
TELEPHONE (910) 392-5100
FACSIMILE (910) 392-2333

GREENVILLE, N.C.

MAILING ADDRESS:

POST OFFICE BOX 8088
GREENVILLE, N.C. 27835-8088

PHYSICAL ADDRESS:

120 WEST FIRE TOWER ROAD
WINTERVILLE, N.C. 28590

TELEPHONE (252) 355-3030
FACSIMILE (252) 756-3689

WEB SITE www.wardandsmith.com

E-MAIL MPF@WARDANDSMITH.COM

SUITE 2400
TWO HANNOVER SQUARE
FAYETTEVILLE STREET MALL
POST OFFICE BOX 2091
RALEIGH, N.C. 27602-2091
TELEPHONE (919) 836-1800
FACSIMILE (919) 836-1507

August 13, 1999

Mr. Holmes P. Harden
Maupin Taylor & Ellis, P.A.
Attorneys at Law
Post Office Box 19764
Raleigh, North Carolina  27619-9764

RE:   International Heritage - Acstar
      Our File 990138-0001-001

Dear Holmes:

I enclose an executed Release.  Please note that it differs slightly from that which you provided.  Robert Frazer differed with me concerning the interpretation of your Release.  It is, and has been, the intent of my clients to release you, both individually and in a representative capacity, along with your law firm from any and all actions.  It was never the intent to go beyond that as anything more would release the individuals or entities who "duped" my clients into executing the bond in question.  I feel sure that you, your firm and your carriers will agree that this Release protects you and the firm no matter what.

You are authorized to hold this document in escrow as requested in your letter of July 13, 1999.

We have already executed the proposed judgment and forwarded everything down to Mr. Hicks.  Hopefully, the SEC will act shortly so we can begin final consummation of this settlement.

Yours very truly,

Michael P. Flanagan

MPF:dek
GVLMAIN\210861.1
Enclosure
cc:  Mr. Robert H. Frazer (w/out enc.)



RELEASE

        For valuable consideration, the receipt of which is
hereby acknowledged, Acstar Insurance Company and United Coastal
Insurance Company and their respective successors and assigns do
hereby release, forever discharge and promise never to sue
Holmes P. Harden, individually, or as a principal in the law firm
of Maupin Taylor & Ellis, P.A. or the law firm of Maupin Taylor &
Ellis, P.A., their agents, attorneys, employees, officers,
directors, and insurance carriers (together referred to as
"Harden") or to sue Holmes P. Harden as Chapter 7 Trustee for the
International Heritage, Inc., or as Chapter 7 Trustee for
International Heritage, Incorporated in any manner whatsoever which
would or could result in any monetary loss to "Harden", from any
and all damages and claims arising from or related to the civil
action styled United States Securities and Exchange Commission v.
International Heritage, Inc., Stanley H. Van Etten, Claude W.
Savage, Larry G. Smith, and International Heritage, Incorporated,
a Nevada corporation, in the Northern District of Georgia, Atlanta
Division, Civil Action No. 1-98-0803-RWS, including but not limited
to Harden's filing of the Application of Trustee to Enter into
Stipulation and Consent to Final Judgment of Permanent Injunction
(which application was filed in the bankruptcy cases of
International Heritage, Inc., Case No. 98-02675-5-ATS and
International Heritage, Incorporated, Case No. 98-02674-5-ATS) and
any claims relating to the subsequent Consent Order, and any claims
against Harden personally arising from, under or against Payment
Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement
which were executed in connection with the aforesaid civil action.

        This the __5__ day of August, 1999.

                ACSTAR INSURANCE COMPANY


        By: _____


                UNITED COASTAL INSURANCE COMPANY


        By: _____


990138-0001-001
GVLMAIN\209769.1