MADDOX • TAYLOR • JOSEPH • P.A.

ATTORNEYS AT LAW

HIGHWOODS TOWER ONE, SUITE 500

3200 BEECHLEAF COURT

RALEIGH, NORTH CAROLINA 27604-1064

TELEPHONE (919) 981-4000

MAILING ADDRESS
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA 27619-9764
TELEFAX (919) 981-4300

HOLMES P. HARDEN
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW

WRITER'S DIRECT DIAL NUMBER
(919) 981-4011

DURHAM/RESEARCH TRIANGLE OFFICE
411 ANDREWS ROAD, SUITE 150
DURHAM, NORTH CAROLINA 27705
TELEPHONE (919) 382-0166

June 10, 1999



**VIA FACSIMILE TRANSMISSION AND U.S. MAIL**

**404-842-7666**
William P. Hicks
Securities and Exchange Commission
3475 Lenox Road, N.E.
Atlanta, GA 30326

**828-0804**
Brent E. Wood
Attorney for Stanley H. Van Etten
Wood & Francis, P.L.L.C.
P. O. Box 164
Raleigh, NC 27601

**252-756-3689**
Mike Flanagan
Ward & Smith
P. O. Box 8088
Greenville, NC 27835-8088

Gentlemen:

At Jackie Claire's request, the following is a memorialization of the agreement reached between ACSTAR, the SEC, Stan Van Etten, and me ("the parties") at mediation. Assuming you all agree that it comports with our understanding, please sign and fax the signature page to me so I can share the document with Judge Small prior to the status conference on Tuesday. We can affix original signatures on one document at the status conference.

ACSTAR, the SEC and Van Etten consent to the relief requested by the trustee in his motion to approve a settlement of the SEC litigation subject to the following:

1.     ACSTAR agrees to pay $4.1 million to the SEC in full settlement of its obligations under the SEC bond and consents to the entry of the proposed Final Judgment and Permanent Injunction attached hereto as Exhibit A. Exhibit A contains ACSTAR's payment schedule. (I have

William P. Hicks
Brent E. Wood
Mike Flanagan
June 10, 1999
Page 2

corrected a numbering error and have made a slight revision on page 5 which I hope none of you find offensive.)

2.      ACSTAR shall have an allowed claim in the defrauded investor priority classification identified in Section V, Subsection (i) on page 6 of the proposed Final Judgment of Permanent Injunction attached hereto as Exhibit A in the amount of $300,000 and shall have an allowed general unsecured claim in the bankruptcies in the amount of $300,000.

3.      The SEC will withdraw its proofs of claim in the bankruptcies.

4.      Stanley Van Etten will withdraw his objection to the trustee's settlement of the SEC litigation.

5.      ACSTAR and Coastal Insurance Company will withdraw their objections to the trustee's settlement of the SEC litigation.

6.      The bankruptcy court order approving the settlement of the SEC litigation shall contain no reference to any waiver of the attorney-client privilege by the trustee; however, the parties agree that the trustee may waive the attorney-client privilege at anytime for any reason if, in his discretion, he deems it appropriate to do so.

7.      ACSTAR and Coastal Insurance Company will execute the release attached hereto as Exhibit B.

8.      This agreement is contingent upon bankruptcy court approval of a settlement of the trustee's claims against Stanley Van Etten and affiliated entities in the bankruptcies.

9.      This agreement is contingent upon the approval of the United States Bankruptcy Court and upon the SEC Commissioners' approval of the settlement of the SEC litigation against the debtors and against Stanley Van Etten.

William P. Hicks
Brent E. Wood
Mike Flanagan
June 10, 1999
Page 3

ACSTAR INSURANCE COMPANY

By:_____

COASTAL INSURANCE COMPANY

By:_____

STANLEY VAN ETTEN

By:_____
     Brent Wood

SECURITIES AND EXCHANGE COMMISSION

By:_____
     William Hicks

_____
Holmes P. Harden
Chapter 7 Bankruptcy Trustee

cc:    Stephani Humrickhouse
       Jackie Claire

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

        **v.**

INTERNATIONAL HERITAGE, INC.,
STANLEY H. VAN ETTEN, CLAUDE W.
SAVAGE, LARRY G. SMITH and
INTERNATIONAL HERITAGE,
INCORPORATED, a Nevada corporation,

                Defendants.

CIVIL ACTION NO.
1-98-CV-0803-RWS

FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

    Plaintiff, Securities and Exchange Commission ("Commission"), having filed its complaint in this matter against defendants International Heritage, Inc. ("IHI") and International Heritage, Incorporated, a Nevada corporation ("IHI Incorporated") and others, seeking injunctive and other relief, and defendants IHI and IHI Incorporated having entered general appearances, admitted the jurisdiction of this court over them and over the subject matter of this action, waived entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure with respect to the relief granted in

EXHIBIT B

this order, and without admitting or denying any of the allegations of the complaint having consented to the entry of this order, it is hereby,

I.

ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(2) carrying securities or causing them to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, unless and until a registration statement is filed with the Commission

2

as to such security, or while a registration statement
filed with the Commission as to such security is the
subject of a refusal order or stop order or (prior to
the effective date of the registration statement) any
public proceeding or examination under Section 8 of the
Securities Act of 1933 ("Securities Act"), 15 U.S.C.
77h,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15
U.S.C. 77e(a) and 77e(c). Provided, however, that nothing in the
foregoing portion of the preliminary injunction shall apply to any
security or transaction which is exempt from the provisions of
Section 5 of the Securities Act, 15 U.S.C. 77e.

## II.

IT IS FURTHER ORDERED that defendant IHI, its officers,
agents, servants, employees, attorneys and those persons in active
concert or participation with them, in the offer or sale of
securities, by use of any means or instruments of transportation
or communication in interstate commerce, or by the mails, be, and
they hereby are, restrained from, directly or indirectly:

(1)  employing any device, scheme or artifice to defraud;

(2)  engaging in any act, practice or course of business
which operates or would operate as a fraud or deceit
upon any person; or

(3)  obtaining money or property by means of any untrue
statement of a material fact, or omitting to state a
material fact necessary in order to make the statements

3

made, in the light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a).

## III.

IT IS FURTHER ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme or artifice to defraud;

(2) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

4

IV.

IT IS FURTHER ORDERED that defendant IHI Incorporated, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, be and hereby are, restrained from, directly or indirectly, filing reports with the Commission, on Form 8-K or otherwise, which are false and misleading or fail to disclose material facts necessary to make the statements made not misleading, in violation of Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11.

V.

IT IS FURTHER ORDERED that disgorgement is set against defendant IHI in the amount of $6,533,179, representing its ill-gotten gains from the scheme described in the complaint, plus prejudgment interest. $4.1 million of said disgorgement may be satisfied from the surety bond which has been posted in this matter, which is not the property of IHI or of the bankruptcy estate of IHI. Payments on the bond shall be made by the surety as follows: $600,000 within 30 days of this Order; an additional $750,000 within 120 days of this Order; an additional $750,000 within 210 days of this Order; and the remaining $2 million within 300 days of this Order. The payments on the bond shall be deposited into the registry of this Court. However, upon payment ~~of the disgorgement amount~~ by the surety, the clerk of the Court will issue a nonrefundable check ~~for the proceeds~~ in the same amount to the Chapter 7

5

bankruptcy trustee in In re International Heritage, Inc., Case No. 98-02675-5-ATS(Bankr. E.D.N.C.) and In re International Heritage, Incorporated, Case No. 98-02674-5-ATS (Bankr. E.D.N.C.) ("Bankruptcy cases"), to be used first for the payment of all allowed § 326(a) commissions without reduction and all administrative fees and expenses allowed pursuant to §§ 330 and 503 of the United States Bankruptcy Code in the Bankruptcy cases, then for payment of any outstanding fees of Lloyd Whitaker, the monitor in this case, then for prorata (i) payment of claims by independent retail sales representatives ("IRSRs") of IHI who made payments to IHI and never received a product or commission and (ii) the first $300,000 of any allowed claim which the surety (Acstar Insurance Company) may have against the estate; then for claims of purchasers of IHI convertible notes during 1997. Any remaining proceeds shall thereafter be used to first pay claims of other IRSRs and thereafter to pay the claims of other creditors according to the priorities set forth in the United States Bankruptcy Code. Notwithstanding the foregoing, none of such proceeds shall be used to pay any claims of defendants Stanley H. Van Etten, Claude W. Savage or Larry G. Smith, or of any entity controlled by them, or of any other officer or director of IHI. Any disgorgement paid by the other defendants in this matter may, upon motion by the Commission, be transferred to the trustee for disbursement pursuant to the above terms.

6

N.

IT IS FURTHER ORDERED that based upon Defendant IHI's
bankruptcy schedules dated _____, and Defendant IHI
Incorporated's bankruptcy schedules dated _____, both
submitted to the Commission, the Court is not ordering IHI or IHI
Incorporated to pay a civil penalty pursuant to Section 20(d) of
the Securities Act, 15 U.S.C. 77t(d), and Section 21(d) of the
Exchange Act, 15 U.S.C. 78u(d). The determination not to impose a
civil penalty is contingent upon the accuracy and completeness of
each defendant's bankruptcy schedules. If at any time following
the entry of this Final Judgment the Commission obtains
information indicating that IHI's or IHI Incorporated's
representations in its bankruptcy schedules concerning its assets,
income, liabilities, or net worth were fraudulent, misleading,
inaccurate or incomplete in any material respect as of the time
such representations were made, the Commission may, at its sole
discretion, petition this Court for an order imposing a civil
penalty payable in the bankruptcy cases, pursuant to 11 U.S.C. §
726(a)(4) if funds are available in accordance with IV, above
against such defendant. In connection with any such petition, the
only issues shall be whether the financial information provided by
such defendant was fraudulent, misleading, inaccurate or
incomplete in any material respect as of the time such
representations were made, and the amount of civil penalty to be
imposed. [In its petition, the Commission may move this Court to
consider all available remedies, including, but not limited to,

7

ordering such defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery.] Such defendant may not, by way of defense to such petition, challenge the validity of this Consent or the Final Judgment, contest the allegations in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.

## VI.

IT IS FURTHER ORDERED that, pending further order of this court, defendants IHI and IHI Incorporated, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

## VII.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over this matter and the defendants and will order other and further relief that this Court deems appropriate under the circumstances, and that defendants IHI and IHI Incorporated will remain parties to this case for purposes of discovery.

8

Done and ordered at _____ o'clock _____ m. this _____ day
of _____, 1999 at _____, Georgia.

_____
UNITED STATES DISTRICT JUDGE

jj

9

RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns do hereby release, forever discharge and promise never to sue Holmes P. Harden, individually, as Chapter 7 Trustee of International Heritage, Inc., and International Heritage, Incorporated, as a principal in the law firm of Maupin Taylor & Ellis, P.A., the law firm of Maupin Taylor & Ellis, P.A., their agents, attorneys, employees, officers, directors, insurance carriers, successors, administrators or assigns, (together referred to as "Harden") for any and all damages and claims (known or unknown, foreseen or unforeseen, suspected or unsuspected), actions, causes of action, demands, suits at law or in equity of whatsoever kind or nature arising from or related to the civil action styled United States Securities and Exchange Commission v. International Heritage, Inc.; Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to Harden's filing of the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction in the bankruptcy cases of International Heritage, Incorporated, Case No. 98-02674-5-ATS and International Heritage, Inc., Case No. 98-02675-5-ATS, any claims relating to the filing of said Application, and any claims arising from, under, or against Payment Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement which were executed in connection with the aforesaid civil action.

ACSTAR INSURANCE COMPANY


By:_____


UNITED COASTAL INSURANCE COMPANY


By:_____


RAL/199645/1                    **EXHIBIT B**

WARD AND SMITH, P.A.
ATTORNEYS AT LAW

GREENVILLE, N.C.

MAILING ADDRESS:

POST OFFICE BOX 8088
GREENVILLE, N.C. 27835-8088

PHYSICAL ADDRESS:

120 WEST FIRE TOWER ROAD
WINTERVILLE, N.C. 28590

TELEPHONE (252) 355-3030
FACSIMILE (252) 758-3689

WEB SITE www.wardandsmith.com

E-MAIL MPF@WARDANDSMITH.COM

1001 COLLEGE COURT
POST OFFICE BOX 867
NEW BERN, N.C. 28563-0867
TELEPHONE (252) 633-1000
FACSIMILE (252) 636-2121

UNIVERSITY CORPORATE CENTER
127 RACINE DRIVE
POST OFFICE BOX 7068
WILMINGTON, N.C. 28406-7068
TELEPHONE (910) 392-5100
FACSIMILE (910) 392-2933

SUITE 2400
TWO HANNOVER SQUARE
FAYETTEVILLE STREET MALL
POST OFFICE BOX 2091
RALEIGH, N.C. 27602-2091
TELEPHONE (919) 836-1500
FACSIMILE (919) 836-1507

June 10, 1999

VIA TELECOPIER

Mr. Holmes P. Harden
Post Office Drawer 19764
Raleigh, North Carolina  27619-9764

RE:  Acstar — IHI
     Our File 990138-0001-001

Dear Holmes:

I attach a copy of my reply to Mr. Hicks.  My comments concerning
the civil penalty should have a great interest to you as it really
appears unclear to me as to priority.  Concerning your Release I
have passed it on to Mr. Frazer for review and comment.

                    Yours very truly,

                    Michael P. Flanagan

MPF:ydo
GVLMAIN\206149.1
Enclosures
cc:  Mr. Robert H. Frazer (via telecopier)

WARD AND SMITH, P.A.
ATTORNEYS AT LAW

GREENVILLE, N.C.

MAILING ADDRESS:

POST OFFICE BOX 8088
GREENVILLE, N.C. 27835-8088

PHYSICAL ADDRESS:

120 WEST FIRE TOWER ROAD
WINTERVILLE, N.C. 28590

TELEPHONE (252) 355-3030
FACSIMILE (252) 756-8689

WEB SITE www.wardandsmith.com

E-MAIL MPF@WARDANDSMITH.COM

1001 COLLEGE COURT
POST OFFICE BOX 867
NEW BERN, N.C. 28563-0867
TELEPHONE (252) 633-1000
FACSIMILE (252) 636-2121

UNIVERSITY CORPORATE CENTER
127 RACINE DRIVE
POST OFFICE BOX 7066
WILMINGTON, N.C. 28406-7066
TELEPHONE (910) 362-5100
FACSIMILE (910) 392-2333

SUITE 2400
TWO HANNOVER SQUARE
FAYETTEVILLE STREET MALL
POST OFFICE BOX 2091
RALEIGH, N.C. 27602-2091
TELEPHONE (919) 836-1800
FACSIMILE (919) 836-1507

June 14, 1999

*COPY*

VIA TELECOPIER

Mr. Holmes P. Harden
Attorney at Law
Post Office Drawer 19764
Raleigh, North Carolina   27619-9764

RE:   Our File 990138-0001-001

Dear Holmes:

I have the latest version of the memorialization of the agreement.
Everything appears fine except the following:

1.    The Release - I attach a photocopy of what I have been
      authorized to advise the Court as my client's position on
      this issue.

2.    My concerns over my client's willingness to pay over the
      collateral. As you know, you have consistently taken the
      position that the $3.5 million was put up by the Estate.
      If that is correct I see no problems. However, as you
      know, Mr. Van Etten placed the funds with the Court in
      Georgia and then that Court forwarded the funds to my
      client. It is certainly arguable that the funds belong
      to Mr. Van Etten. Britt Wood has told me all along that
      Mr. Van Etten would waive his claims to these funds. I
      do not see this particular provision in any of the
      documentation and do believe that it should be addressed.
      I realize that it may be addressed in your "side deal"
      with Mr. Van Etten but I am not privy to any of that
      information. We should resolve this at the hearing.

WARD AND SMITH, P.A.

Mr. Holmes P. Harden
June 14, 1999
Page 2


Jackie is authorized, by copy of this letter to advise Judge Small
that the above are the only two outstanding issues.  I feel sure
that the Release provided by the undersigned is satisfactory and I
am extremely hopeful that I can receive some comfort on the Van
Etten – $3.5 million ownership issue.

                    Yours very truly,



                    Michael P. Flanagan

MPF:psp
GVLMAIN\206365.1
Enclosures
cc:  Ms. Jackie Claire (via telecopier)



RELEASE

*DATE* _____

          For valuable consideration, the receipt of which is hereby acknowledged, Holmes P. Harden, individually and as Chapter 7 Trustee for International Heritage, Inc. and International Heritage, Incorporated does hereby release, forever discharge and promise never to sue Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns for any and all damages and claims arising from or relating to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage, Incorporated, a Nevada Corporation</u>, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to the filing of a Response to the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction by the said Holmes P. Harden and any claims relating to Acstar Insurance Company and United Coastal Insurance Company's original refusal to agree to the Application and pay funds to the United States of America through the Securities and Exchange Commission.

                                          _____(SEAL)
                                          Holmes P. Harden, Individually and as
                                            Chapter 7 Trustee for International
                                            Heritage, Inc. and International
                                            Heritage, Incorporated

990138-0001-001
GVLMAIN\206359.1

MAJPIN TAYLOR &2 ELLIS, P.A.

ATTORNEYS AT LAW

MAILING ADDRESS
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA 27619-9764
TELEFAX (919) 981-4300

HOLMES P. HARDEN
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW
WRITER'S DIRECT DIAL NUMBER
(919) 981-4011

HIGHWOODS TOWER ONE, SUITE 500
3200 BEECHLEAF COURT
RALEIGH, NORTH CAROLINA 27604-1064
TELEPHONE (919) 981-4000

DURHAM/RESEARCH TRIANGLE OFFICE
411 ANDREWS ROAD, SUITE 150
DURHAM, NORTH CAROLINA 27705
TELEPHONE (919) 382-0188

June 15, 1999

## VIA FACSIMILE TRANSMISSION AND U.S. MAIL

**404-842-7666**
William P. Hicks
Securities and Exchange Commission
3475 Lenox Road, N.E.
Atlanta, GA 30326

**828-0804**
Brent E. Wood
Attorney for Stanley H. Van Etten
Wood & Francis, P.L.L.C.
P. O. Box 164
Raleigh, NC 27601

**252-756-3689**
Mike Flanagan
Ward & Smith
P. O. Box 8088
Greenville, NC 27835-8088

Gentlemen:

At Jackie Claire's request, the following is a memorialization of the agreement reached between ACSTAR, the SEC, Stan Van Etten, and me ("the parties") at mediation. I anticipate that this agreement will be encompassed in a final order subject to the partites' approval and Judge Small's signature. This is a revision of the letter faxed to you on June 10. Assuming you all agree that it comports with our understanding, please sign and fax the signature page to me so I can share the document with Judge Small prior to the status conference on Tuesday. If you desire revisions, please fax them to Jackie Claire and me before 4:00 this afternoon. We can affix original signatures on one document at the status conference.

ACSTAR, the SEC and Van Etten consent to the relief requested by the trustee in his motion to approve a settlement of the SEC litigation subject to the following:

RAL/199820/1

William P. Hicks
Brent E. Wood
Mike Flanagan
June 15, 1999
Page 2 of 3 pages

    1.    ACSTAR agrees to pay $4.1 million to the SEC in full settlement of its obligations under the SEC bond and consents to the entry of the proposed Final Judgment and Permanent Injunction attached hereto as Exhibit A. Exhibit A contains ACSTAR's payment schedule. (I corrected a numbering error, made slight revisions on pages 5 and 6 and deleted the reference to the International Heritage Incorporated no-asset case on page 6. I hope none of you find these revisions offensive.) Please note that any civil penalties imposed by the District Court would be paid pursuant to § 726(a)(4), a lower priority than unsecured claims.

    2.    ACSTAR shall have an allowed claim in the defrauded investor priority classification identified in Section V, Subsection (i) on page 6 of the proposed Final Judgment of Permanent Injunction attached hereto as Exhibit A in the amount of $300,000 and shall have an allowed general unsecured claim in the bankruptcies in the amount of $300,000.

    3.    Stanley Van Etten will withdraw his objection to the trustee's settlement of the SEC litigation and will assign to the trustee his right and interest in the SEC bond and the bond collateral, including any reversion interest. Van Etten's withdrawal of his objection and his assignment is contingent upon bankruptcy court approval of a settlement of the trustee's claims against Stanley Van Etten and affiliated entities in the bankruptcies.

    4.    ACSTAR and Coastal Insurance Company will withdraw their objections to the trustee's settlement of the SEC litigation.

    5.    The debtors will waive the attorney/client privilege as to the debtors. Van Etten does not waive the privilege and does not consent to the Trustee's waiver, but will waive argument against the waiver of the privilege.

    6.    ACSTAR, Coastal Insurance Company and the trustee will execute the mutual releases attached hereto as Exhibit B.

    7.    This agreement is contingent upon the approval of the United States Bankruptcy Court and upon the SEC Commissioners' approval of the settlement of the SEC litigation against the debtors.

                         Sincerely,

                         Holmes P. Harden

RAL/199820/1

William P. Hicks
Brent E. Wood
Mike Flanagan
June 15, 1999
Page 3 of 3 pages

We agree:

ACSTAR INSURANCE COMPANY

By:_____

COASTAL INSURANCE COMPANY

By:_____

STANLEY VAN ETTEN

By:_____
    Brent Wood

SECURITIES AND EXCHANGE COMMISSION

By:_____
    William Hicks

_____
Holmes P. Harden
Chapter 7 Bankruptcy Trustee

cc:    Stephani Humrickhouse (via facsimile)
        Jackie Claire (via facsimile 755-9512)

RAL/199820/1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL HERITAGE, INC.,<br>STANLEY H. VAN ETTEN, CLAUDE W.<br>SAVAGE, LARRY G. SMITH and<br>INTERNATIONAL HERITAGE,<br>INCORPORATED, a Nevada corporation,<br><br>Defendants. | CIVIL ACTION NO.<br>1-98-CV-0803-RWS |

CONSENT FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

Plaintiff, Securities and Exchange Commission ("Commission"), having filed its complaint in this matter against defendants International Heritage, Inc. ("IHI") and International Heritage, Incorporated, a Nevada corporation ("IHI Incorporated") and others, seeking injunctive and other relief, and defendants IHI and IHI Incorporated having entered general appearances, admitted the jurisdiction of this court over them and over the subject matter of this action, waived entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure with respect to the relief granted in

EXHIBIT A

this order, and without admitting or denying any of the allegations of the complaint having consented to the entry of this order, it is hereby,

I.

ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1)  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(2)  carrying securities or causing them to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(3)  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, unless and until a registration statement is filed with the Commission

2

as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77h,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. 77e(a) and 77e(c). Provided, however, that nothing in the foregoing portion of the preliminary injunction shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. 77e.

## II.

IT IS FURTHER ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce, or by the mails, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme or artifice to defraud;

(2) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements

3

made, in the light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a).

## III.

IT IS FURTHER ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme or artifice to defraud;

(2) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

4

## IV.

IT IS FURTHER ORDERED that defendant IHI Incorporated, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, be and hereby are, restrained from, directly or indirectly, filing reports with the Commission, on Form 8-K or otherwise, which are false and misleading or fail to disclose material facts necessary to make the statements made not misleading, in violation of Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11.

## V.

IT IS FURTHER ORDERED that disgorgement is set against defendant IHI in the amount of $6,533,179, representing its ill-gotten gains from the scheme described in the complaint, plus prejudgment interest. $4.1 million of said disgorgement may be satisfied from the surety bond which has been posted in this matter, which is not the property of IHI or of the bankruptcy estate of IHI. Payments on the bond shall be made by the surety as follows: $600,000 within 30 days of this Order; an additional $750,000 within 120 days of this Order; an additional $750,000 within 210 days of this Order; and the remaining $2 million within 300 days of this Order. The payments on the bond shall be deposited into the registry of this Court. However, upon this Court's receipt of such payments by the surety, the clerk of the Court will issue a nonrefundable check in the same amount to the

5

Chapter 7 bankruptcy trustee in In re International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C.) (that case and In re International Heritage, Incorporated, Case No. 98-02674-5-ATS (Bankr. E.D.N.C.) hereinafter the "Bankruptcy cases"), to be used first for the payment of his allowed § 326(a) statutory commission without reduction and then for all administrative claims allowed pursuant to §§ 330 and 503 of the United States Bankruptcy Code in the Bankruptcy cases, then for payment of any outstanding fees of Lloyd Whitaker, the monitor in this case, then for pro rata (i) payment of claims by independent retail sales representatives ("IRSRs") of IHI who made payments to IHI and never received a product or commission and (ii) the first $300,000 of any allowed claim which the surety (ACSTAR Insurance Company) may have against the estate; then for claims of purchasers of IHI convertible notes during 1997. Any remaining proceeds shall thereafter be used to first pay claims of other IRSRs and thereafter to pay the claims of other creditors according to the priorities set forth in the United States Bankruptcy Code. Notwithstanding the foregoing, none of such proceeds shall be used to pay any claims of defendants Stanley H. Van Etten, Claude W. Savage or Larry G. Smith, or of any entity controlled by them, or of any other officer or director of IHI. Any disgorgement paid by the other defendants in this matter may, upon motion by the Commission, be transferred to the trustee for disbursement pursuant to the above terms.

6

IT IS FURTHER ORDERED that based upon Defendant IHI's bankruptcy schedules dated _____, and Defendant IHI Incorporated's bankruptcy schedules dated _____, both submitted to the Commission, the Court is not ordering IHI or IHI Incorporated to pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. 78u(d). The determination not to impose a civil penalty is contingent upon the accuracy and completeness of each defendant's bankruptcy schedules. If at any time following the entry of this Final Judgment the Commission obtains information indicating that IHI's or IHI Incorporated's representations in its bankruptcy schedules concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition this Court for an order imposing a civil penalty payable in the bankruptcy cases, pursuant to 11 U.S.C. § 726(a)(4) if funds are available in accordance with IV, above against such defendant. In connection with any such petition, the only issues shall be whether the financial information provided by such defendant was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. [In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to,

7

ordering such defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery.] Such defendant may not, by way of defense to such petition, challenge the validity of this Consent or the Final Judgment, contest the allegations in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.

## VII.

IT IS FURTHER ORDERED that, pending further order of this court, defendants IHI and IHI Incorporated, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

## VIII.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over this matter and the defendants and will order other and further relief that this Court deems appropriate under the circumstances, and that defendants IHI and IHI Incorporated will remain parties to this case for purposes of discovery.

8

Done and ordered at _____ o'clock _____ m. this _____ day
of _____, 1999 at _____, Georgia.


_____
UNITED STATES DISTRICT JUDGE

AGREED

_____
ACSTAR Insurance Company and
United Coastal Insurance Company
By:

9

RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns do hereby release, forever discharge and promise never to sue Holmes P. Harden, individually, as Chapter 7 Trustee for International Heritage, Inc., and International Heritage, Incorporated, or as a principal in the law firm of Maupin Taylor & Ellis, P.A., or the law firm of Maupin Taylor & Ellis, P.A., their agents, attorneys, employees, officers, directors, and insurance carriers (together referred to as "Harden") for any and all damages and claims arising from or related to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation</u>, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to Harden's filing of the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction (which application was filed in the bankruptcy cases of International Heritage, Inc., Case No. 98-02675-5-ATS and International Heritage, Incorporated, Case No. 98-02674-5-ATS) and any claims relating to the subsequent Consent Order, and any claims against Harden arising from, under, or against Payment Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement which were executed in connection with the aforesaid civil action.

ACSTAR INSURANCE COMPANY

By:_____

UNITED COASTAL INSURANCE COMPANY

By:_____

RAL/199645/1

**EXHIBIT B**

For valuable consideration, the receipt of which is hereby acknowledged, Holmes P. Harden, individually and as Chapter 7 Trustee for International Heritage, Inc. and International Heritage, Incorporated does hereby release, forever discharge and promise never to sue Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns for any and all damages and claims arising from or relating to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage, Incorporated, a Nevada Corporation</u>, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to the filing of a Response to the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction by the said Holmes P. Harden and any claims relating to Acstar Insurance Company and United Coastal Insurance Company's original refusal to agree to the Application and pay funds to the United States of America through the Securities and Exchange Commission.

 

 

_____ (SEAL)
         Holmes P. Harden, Individually and as
         Chapter 7 Trustee for International
         Heritage, Inc. and International
         Heritage, Incorporated

990138-0001-001
GVLMAIN\206359,1

MAUPIN TAYLOR & ELLIS, P.A.

ATTORNEYS AT LAW

HIGHWOODS TOWER ONE, SUITE 500
3200 BEECHLEAF COURT
RALEIGH, NORTH CAROLINA 27604-1054

TELEPHONE (919) 981-4000

MAILING ADDRESS
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA 27619-9764
TELEFAX (919) 981-4300

HOLMES P. HARDEN
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW
WRITER'S DIRECT DIAL NUMBER
(919) 981-4011

DURHAM/RESEARCH TRIANGLE OFFICE
411 ANDREWS ROAD, SUITE 180
DURHAM, NORTH CAROLINA 27705
TELEPHONE (919) 352-0108

June 18, 1999

**VIA HAND DELIVERY**

The Honorable A. Thomas Small
United States Bankruptcy Court
Room 206, Fayetteville Street Mall
Raleigh, NC 27602

> Re:   International Heritage, Inc.
>         International Heritage, Incorporated

Dear Judge Small:

Enclosed is a proposed order on the trustee's application for authority to settle the litigation between the debtors and the Securities and Exchange Commission in the above-referenced cases. We made some minor revisions in the preamble and in paragraphs 2, 8, 9 and 15 after the order was circulated to counsel yesterday.

It is our understanding that Terri Gardner will be withdrawing the debtors' objections to the proposed settlement today. We spoke to Lloyd Gathings and Bob Shore, attorneys for L.C. Gilbert, and were authorized to tell you that Gilbert continues to object to the settlement but would not demand a hearing on the objection. All of the other objections are resolved as described in the proposed order and attachments.

We anticipate filing a motion to approve the settlement of the estate's claims against Stanley Van Etten on Monday, June 21. It is our understanding that upon entry of the enclosed order and an order approving the estates' settlement with Mr. Van Etten, counsel for the Securities and Exchange Commission will submit the proposed settlements with the debtors and with Mr. Van Etten to the full Commission for approval.

The Honorable A. Thomas Small
June 18, 1999
Page 2

    Everyone is eager to finalize these three settlements. I will be available to discuss or elaborate upon the enclosed if necessary at your convenience.

                Sincerely,

                Holmes P. Harden

Enclosures

cc w/enclosures via facsimile transmission:
    Bill Hicks
    Terri Gardner
    Brent Wood
    Mike Flanagan
    Kathryn Koonce
    Ron Garber
    Bill Janvier
    Stephani Humrickhouse
    Lloyd Gathings
    Bob Shore

RAL/200791/1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                    )
                                          )
INTERNATIONAL HERITAGE, INC.              )      CHAPTER 7
                                          )      CASE NO. 98-02675-5-ATS
                                          )
INTERNATIONAL HERITAGE,                   )
INCORPORATED,                             )      CHAPTER 7
                                          )      CASE NO. 98-02674-5-ATS
              Debtors.                    )

ORDER APPROVING APPLICATION OF TRUSTEE
TO ENTER INTO CONSENT TO FINAL JUDGMENT
OF PERMANENT INJUNCTION

The Application of Holmes P. Harden, Trustee for the above-captioned debtors,
requesting an order authorizing the execution of a Stipulation and Consent to Final Judgment of
Permanent Injunction having come on for the consideration of the undersigned and the objections
to same of Chittenden Bank, Acstar Insurance Company, the debtors and Stanley H. Van Etten
having been withdrawn as indicated herein, and L.C. Gilbert having presented no evidence or
argument in support of his objection, it appears to the court as follows:

FINDINGS OF FACT

1.     International Heritage, Inc. and International Heritage, Incorporated filed
voluntary petitions in bankruptcy on November 25, 1998 and Holmes P. Harden was appointed
Chapter 7 Trustee.

2.     On or about March 16, 1998, the Securities and Exchange Commission
("*Commission*") brought a civil action against the debtors and others styled *Securities and*

RAL/200435/1

*Exchange Commission v. International Heritage, Inc. Stanley H. Van Etten, Claude W. Savage,
Larry G. Smith, and International Heritage Incorporated, a Nevada Corporation,* Civil Action
No. 1-98-CV-0803-RWS ("Civil Action"), in the United State District Court for the Northern
District of Georgia alleging prepetition violations of the securities laws and seeking a final
judgment permanently enjoining debtors from further violation of the law and the establishment
of an amount of disgorgement of profits derived from allegedly fraudulent activities and the
imposition of civil penalties. A payment bond in the penal sum of $5,000,000 (*"Bond"*) issued
by ACSTAR Insurance Company and United Coastal Insurance Company (the *"Sureties"*) was
posted by debtors to satisfy any amounts that may be ordered paid to the Commission in the Civil
Action. The Sureties hold $3,500,000 as collateral for the Bond, which amount is refundable
only if the debtors prevail in the Civil Action. The bond inures to the benefit of the Commission
and is not property of either bankruptcy estate.

3. The Commission filed proofs of claim dated January 4, 1999 in the International
Heritage, Inc. case and in the International Heritage, Incorporated cases in the amount of
$6,450,000.00. The claims are unliquidated, contingent, unsecured claims consistent with the
Commission's prayer for disgorgement in the above-referenced civil action.

4. A copy of the Trustee's proposed Consent to Final Judgment of Permanent
Injunction settling the Civil Action as to the debtors is attached hereto as Exhibit A and is
incorporated herein by reference.

5. Pursuant to the proposed settlement of the Civil Action, the Commission proposes
to authorize disbursement of bond proceeds in the amount of $4.1 million by the Chapter 7
Trustee in the International Heritage, Inc. case and to reduce its claims in each of the bankruptcy

cases by the amount paid by the Sureties to the Clerk of Court for the United States District

Court for the Northern District of Georgia for the benefit of the Commission pursuant to a

judgment of disgorgement entered against the defendants in the Civil Action and disbursed with

the consent and direction of the Commission by the Trustee in the International Heritage, Inc.

bankruptcy.

6.      The Sureties have agreed to pay and the Trustee for International Heritage, Inc.

has agreed to receive $4.1 million under the Bond and to disburse the proceeds of the Bond in the

International Heritage, Inc. bankruptcy case according to Paragraph V of Exhibit A(1) attached

hereto. The Commission stipulates that the United States Bankruptcy Court for the Eastern

District of North Carolina has jurisdiction pursuant to 28 U.S.C. § 1334 over the administration

of the surety bond, and further stipulates that any and all proceeds of such bond shall be first

subject to a payment to the Trustee of an amount equal to the full statutory commission permitted

pursuant to 11 U.S.C. § 326(a) without reduction notwithstanding the foregoing stipulation that

the bond is not property of the IHI estate, and in addition to the aforesaid payment to Trustee, to

payment of all allowed IHI administrative claims. It is further agreed that the Sureties shall have

claims in the International Heritage, Inc. bankruptcy case as set forth in Paragraph V of Exhibit

A(1) attached hereto. The Sureties and the Trustee have also agreed to execute the mutual

releases attached hereto as Exhibit B.

7.      The Trustee and the SEC agree that Chittenden Bank shall have an allowed claim

in the categories described in Paragraph V of Exhibit A(1) attached hereto (the "Categories")

where Chittenden Bank can establish that it has received and paid chargeback requests from

credit card holders who would have qualified for an allowed claim in the Categories. The

3

Categories are "claims of independent retail sales representatives who made payment to either of

the debtors and did not receive a product or commission, and allowed claims of purchasers of

convertible notes from either debtor in 1997." Chittenden Bank shall receive the same pro-rata

distribution on account of its claim as any other holder of an allowed claim in the Categories.

8.     The proposed Consent to Final Judgment of Permanent Injunction is intended to

settle the Civil Action only as to the debtors. However, the parties have acknowledged that the

settlement between the Debtors and the Commission is contingent upon a corresponding

settlement of the Civil Action between the Commission and Stanley H. Van Etten ("Van Etten").

9.     Pursuant to the proposed settlement of the Civil Action, Trustee agrees to waive

the attorney-client privilege as to prepetition advice the debtors received from their attorneys.

Van Etten does not waive the privilege and does not consent to the Trustee's waiver, but he has

agreed to waive argument against the Trustee's waiver to the court. The debtors have withdrawn

their objection to the waiver of the privilege.

10.    The above-described settlement of the Civil Action is contingent upon final

approval of the Commission, is currently under consideration by the Commission, and is

expected to be approved simultaneously with the Commission's approval of a proposed

settlement of the Civil Action as to Van Etten. The above-described settlement of the Civil

Action is further contingent upon this court's entry of an order approving a compromise and

settlement of the Trustee's claims against Van Etten, which shall be the subject of a separate

motion by the Trustee and which will be ruled upon by separate order of this court.

11.    Notice of the Trustee's Application was sent to creditors and other parties in

interest in accordance with law.

RAL/200415/1                                    4

12.     The Trustee believes the proposed settlement of the Civil Action is fair and reasonable.

## CONCLUSIONS OF LAW

13.     The Trustee is authorized to enter into a settlement on behalf of the debtors with court approval.

14.     It is appropriate and consistent with the Trustee's duties to enter into the Consent to Final Judgment of Permanent Injunction with the Commission, which Consent to Final Judgment of Permanent Injunction by its terms reduces the Commission's claims in each International Heritage bankruptcy case by up to $4.1 million in each case, assures the payment of all § 503 and § 330 expenses of administration of the International Heritage, Inc. bankruptcy including payment of allowed professional fees and all other allowed administrative claims, and is given without admitting or denying the factual allegations of the Complaint.

15.     The proposed settlement of the Civil Action is fair and reasonable and is in the best interest of the expeditious administration of the Debtors' estates because it will dispose of significant litigation against the debtors without undue expense, will result in the reduction of a substantial portion of a principal unsecured claim in each of these cases, will fund the payment of administrative expense and other claims, and will return more money to creditors of International Heritage, Inc. than the estates would receive by way of refund of the $3,500,000 posted as collateral for the Bond if the debtors achieved a verdict of no liability in the Civil Action.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that upon approval of the above-described settlement of the Civil Action by the United States Securities and Exchange Commission, upon the Commission's approval of a settlement of the Civil Action as to Van Etten, and upon this court's entry of an order approving a compromise and settlement of the

RAL/200435/1

5

Trustee's claims against Stanley Van Etten, the Trustee shall enter into the Consent to Final Judgment of Permanent Injunction in the form attached hereto as Exhibit A on behalf of the debtor corporations and the Trustee and the Sureties shall execute the mutual releases attached hereto as Exhibit B.

Dated:_____

_____
United States Bankruptcy Court Judge

6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>    Plaintiff<br><br>v.<br><br>INTERNATIONAL HERITAGE, INC.,<br>STANLEY H. VAN ETTEN, CLAUDE<br>W. SAVAGE,  LARRY G. SMITH,<br>and INTERNATIONAL HERITAGE,<br>INCORPORATED, a Nevada<br>Corporation,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>NO. 1-98-0803-RWS |

CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

1.     Defendants International Heritage, Inc. ("IHI") and International Heritage,

Incorporated, a Nevada corporation ("IHI Incorporated") submit to the *in personam* jurisdiction

of this Court over them, acknowledge service of summons and the Complaint in this matter,

admit the jurisdiction of this Court over the subject matter of this action, waive the entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil

Procedure, and hereby consent to the entry of a Final Judgment of Permanent Injunction

("Order") without further notice in the form annexed hereto and incorporated by reference herein.

**EXHIBIT A**

2.      Defendants IHI and IHI Incorporated, without admitting or denying any of the allegations of the Commission's Complaint, except as to jurisdiction which they admit, consent to the entry of the order attached as Exhibit A(1) which permanently restrains and enjoins IHI and IHI Incorporated from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933, ("*Securities Act*") 15 U.S.C. 77c(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("*Exchange Act*"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder, and permanently restrains and enjoins IHI Incorporated from violating Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11, thereunder, and which requires IHI to pay disgorgement.  IHI further stipulates that although such disgorgement may be paid pursuant to a surety bond posted with the Court on behalf of IHI, such bond is not an asset of the bankruptcy estate of IHI.

3.      Defendants IHI and IHI Incorporated enter into this Consent voluntarily and acknowledge that no promise or threat of any kind whatsoever has been made by Plaintiff Securities and Exchange Commission or any member, officer, agent or representative thereof to induce them to enter into this stipulation and consent.

4.      Defendants IHI and IHI Incorporated waive any right they may have to appeal from the entry of the Order.

5.      Defendants IHI and IHI Incorporated agree that the Order may be presented by the Commission to the Court for signature without further notice.

6.      Defendants IHI and IHI Incorporated agree that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

7.    Defendants IHI and IHI Incorporated agree that they will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and they hereby waive any objection they may have based thereon.

8.    Defendants IHI and IHI Incorporated hereby understand that the Plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or derived therefrom, to any person or entity, public or private, having criminal, civil or administrative jurisdiction for action thereby.

9.    Defendants IHI and IHI Incorporated further state that they understand that the Plaintiff cannot and does not confer upon them, or upon any other person or entity, immunity from any criminal proceeding for any actions related to or arising from this or any other matter.

10.    Defendants IHI and IHI Incorporated acknowledge that they have read, understand, and agree to comply with the policy of plaintiff Commission, set forth in 17 C.F.R. § 202.5(e), not to permit a defendant to consent to a judgment or order that imposes a sanction while denying any allegation in the complaint. Defendants IHI and IHI Incorporated agree not to take any action or make any public statement denying, directly or indirectly, any allegation in the complaint. Defendants IHI and IHI Incorporated further agree not to take any action or make any public statement which creates, or tends to create, the impression that the complaint is without factual basis. Nothing in this provision affects said defendants' testimonial obligations or right to take legal positions in other non-Commission litigation.

11.    Defendants IHI and IHI Incorporated agree to and hereby waive the attorney-client privilege with regard to all communications between IHI or IHI Incorporated or their

RAL/179662/1

representatives and any attorney which occurred prior to the appointment of the Chapter 7

Trustee for said defendants, and further agree to remain a party to this litigation for purposes of

discovery.

This the ____ day of January, 1999.

> INTERNATIONAL HERITAGE, INC. and
> INTERNATIONAL HERITAGE, INCORPORATED,
> a Nevada corporation

> By:_____
> Holmes P. Harden, Trustee in Bankruptcy

State of North Carolina

County of _____

On this ____ day of June, 1999, before me personally appeared Holmes P. Harden, known to me to be the person who executed the foregoing Stipulation and Consent and he acknowledged to me that he executed the same.

This _____ day of June, 1999.

_____
Notary Public

My Commission Expires:

_____

RAL/179662/1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL HERITAGE, INC.,<br>STANLEY H. VAN ETTEN, CLAUDE W.<br>SAVAGE, LARRY G. SMITH and<br>INTERNATIONAL HERITAGE,<br>INCORPORATED, a Nevada corporation,<br><br>Defendants | CIVIL ACTION NO.<br>1-98-CV-0803-RWS |

CONSENT FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

Plaintiff, Securities and Exchange Commission ("Commission"), having filed its complaint in this matter against defendants International Heritage, Inc. ("IHI") and International Heritage, Incorporated, a Nevada corporation ("IHI Incorporated") and others, seeking injunctive and other relief, and defendants IHI and IHI Incorporated having entered general appearances, admitted the jurisdiction of this court over them and over the subject matter of this action, waived entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure with respect to the relief granted in this order, and without admitting or denying any of the allegations of the complaint having consented to the entry of this order, it is hereby,

**EXHIBIT A(1)**

I.

ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(2)     carrying securities or causing them to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(3)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, unless and until a registration statement is filed with the Commission as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77h,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. 77e(a) and 77e(c). Provided, however, that nothing in the foregoing portion of the preliminary injunction shall apply to any

security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. 77e.

## II.

IT IS FURTHER ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce, or by the mails, be, and they hereby are, restrained from, directly or indirectly:

(1)     employing any device, scheme or artifice to defraud;

(2)     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3)     obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a).

## III.

IT IS FURTHER ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1)     employing any device, scheme or artifice to defraud;

(2)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

## IV.

IT IS FURTHER ORDERED that defendant IHI Incorporated, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, be and hereby are, restrained from, directly or indirectly, filing reports with the Commission, on Form 8-K or otherwise, which are false and misleading or fail to disclose material facts necessary to make the statements made not misleading, in violation of Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11.

## V.

IT IS FURTHER ORDERED that disgorgement is set against defendant IHI in the amount of $6,533,179, representing its ill-gotten gains from the scheme described in the complaint, plus prejudgment interest. $4.1 million of said disgorgement may be satisfied from the surety bond which has been posted in this matter, which is not the property of IHI or of the bankruptcy estate of IHI. Payments on the bond shall be made by the surety as follows: $600,000 within 30 days of this Order; an additional $750,000 within 120 days of this Order; an additional $750,000 within 210 days of this Order; and the remaining $ 2 million within 300 days of this Order. The payments on the bond shall

be deposited into the registry of this Court. However, upon this Court's receipt of such payments by the surety, the clerk of the Court will issue a nonrefundable check in the same amount to the Chapter 7 bankruptcy trustee in In re International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C.) (that case and In re International Heritage, Incorporated, Case No. 98-02674-5-ATS (Bankr. E.D.N.C.) hereinafter the "Bankruptcy cases"), to be used first for the payment of his allowed § 326(a) statutory commission without reduction and then for all administrative claims allowed pursuant to §§ 330 and 503 of the United States Bankruptcy Code in the Bankruptcy cases, then for payment of any outstanding fees of Lloyd Whitaker, the monitor in this case, then for pro rata (i) payment of claims by independent retail sales representatives ("IRSRs") of IHI who made payments to IHI and never received a product or commission and (ii) the first $300,000 of any allowed claim which the surety (ACSTAR Insurance Company) may have against the estate; then for claims of purchasers of IHI convertible notes during 1997. To the extent allowed by the Bankruptcy Court, proceeds can be used for pro rata payments to Chittenden Bank based on amounts paid by it to persons in categories i and ii, above, on chargeback requests from such persons as credit card holders. Any remaining proceeds shall thereafter be used to first pay claims of other IRSRs and thereafter to pay the claims of other creditors according to the priorities set forth in the United States Bankruptcy Code. Notwithstanding the foregoing, none of such proceeds shall be used to pay any claims of defendants Stanley H. Van Etten, Claude W. Savage or Larry G. Smith, or of any entity controlled by them, or of any other officer or director of IHI. Any disgorgement paid by the other defendants in this matter may, upon motion by the Commission, be transferred to the trustee for disbursement pursuant to the above terms.

# VI.

IT IS FURTHER ORDERED that based upon Defendant IHI's bankruptcy schedules dated _____, and Defendant IHI Incorporated's bankruptcy schedules dated _____, both submitted to the Commission, the Court is not ordering IHI or IHI Incorporated to pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. 78u(d). The determination not to impose a civil penalty is contingent upon the accuracy and completeness of each defendant's bankruptcy schedules. If at any time following the entry of this Final Judgment the Commission obtains information indicating that IHI's or IHI Incorporated's representations in its bankruptcy schedules concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition this Court for an order imposing a civil penalty payable in the bankruptcy cases, pursuant to 11 U.S.C. § 726(a)(4) if funds are available in accordance with IV, above against such defendant. In connection with any such petition, the only issues shall be whether the financial information provided by such defendant was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. [In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering such defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery.] Such defendant may not, by way of defense to such petition, challenge the validity of this Consent or the

Final Judgment, contest the allegation in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.

## VII.

IT IS FURTHER ORDERED that, pending further order of this court, defendants IHI and IHI Incorporated, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

## VIII.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over this matter and the defendants and will order other and further relief that this Court deems appropriate under the circumstances, and that defendants IHI and IHI Incorporated will remain parties to this case for purposes of discovery.

Done and ordered at _____ o'clock _____ m. this _____ day of _____, 1999 at _____, Georgia.

_____
UNITED STATED DISTRICT JUDGE

AGREED

_____
ACSTAR Insurance Company and
United Coastal Insurance Company
By:

RAL/200827/1

7

RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns do hereby release, forever discharge and promise never to sue Holmes P. Harden, individually, as Chapter 7 Trustee for International Heritage, Inc., and International Heritage, Incorporated, or as a principal in the law firm of Maupin Taylor & Ellis, P.A., or the law firm of Maupin Taylor & Ellis, P.A., their agents, attorneys, employees, officers, directors, and insurance carriers (together referred to as "Harden") for any and all damages and claims arising from or related to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation</u>, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to Harden's filing of the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction (which application was filed in the bankruptcy cases of International Heritage, Inc., Case No. 98-02675-5-ATS and International Heritage, Incorporated, Case No. 98-02674-5-ATS) and any claims relating to the subsequent Consent Order, and any claims against Harden arising from, under, or against Payment Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement which were executed in connection with the aforesaid civil action.

ACSTAR INSURANCE COMPANY

By:_____

UNITED COASTAL INSURANCE COMPANY

By:_____

RAL/199645/1

**EXHIBIT B**

RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Holmes P. Harden, individually and as Chapter 7 Trustee for International Heritage, Inc. and International Heritage, Incorporated does hereby release, forever discharge and promise never to sue Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns for any and all damages and claims arising from or relating to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage, Incorporated, a Nevada Corporation</u>, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to the filing of a Response to the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction by the said Holmes P. Harden and any claims relating to Acstar Insurance Company and United Coastal Insurance Company's original refusal to agree to the Application and pay funds to the United States of America through the Securities and Exchange Commission.

_____ (SEAL)
Holmes P. Harden, Individually and as
Chapter 7 Trustee for International
Heritage, Inc. and International
Heritage, Incorporated

99b138-0001-001
GVLMAIN\206359.1

MAUPIN, TAYLOR & ELLIS, P.A.
ATTORNEYS AT LAW

HIGHWOODS TOWER ONE, SUITE 500
3200 BEECHLEAF COURT
RALEIGH, NORTH CAROLINA 27604-1064
TELEPHONE (919) 981-4000

MAILING ADDRESS
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA 27619-9764
TELEFAX (919) 981-4300

DURHAM/RESEARCH TRIANGLE OFFICE
411 ANDREWS ROAD, SUITE 150
DURHAM, NORTH CAROLINA 27705
TELEPHONE (919) 382-0188

HOLMES P. HARDEN
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW
WRITER'S DIRECT DIAL NUMBER
(919) 981-4011

July 13, 1999

**VIA FEDERAL EXPRESS**

William P. Hicks
Securities and Exchange Commission
3475 Lenox Road, N.E.
Atlanta, GA 30326

     Re:    International Heritage, Inc.
              International Heritage, Incorporated

Dear Bill:

    Enclosed please find an executed Consent to Final Judgment of Permanent Injunction as to Defendants International Heritage, Inc. and International Heritage, Incorporated, a Nevada Corporation. You are authorized to hold same in escrow pending bankruptcy court approval of the estates' settlements with the Van Etten entities and SEC approval of the proposed settlement of the Northern District of Georgia litigation against the estates and Mr. Van Etten.

                          Sincerely,

                          Holmes P. Harden

Enclosures
cc:   Mike Flanagan
       Jackie Claire

RAL/203630/1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>    Plaintiff<br><br>v.<br><br>INTERNATIONAL HERITAGE, INC.,<br>STANLEY H. VAN ETTEN, CLAUDE<br>W. SAVAGE, LARRY G. SMITH,<br>and INTERNATIONAL HERITAGE,<br>INCORPORATED, a Nevada<br>Corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 1-98-0803-RWS |

### CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION
### AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
### AND INTERNATIONAL HERITAGE, INCORPORATED,
### A NEVADA CORPORATION

1.    Defendants International Heritage, Inc. ("IHI") and International Heritage,

Incorporated, a Nevada corporation ("IHI Incorporated") submit to the *in personam* jurisdiction

of this Court over them, acknowledge service of summons and the Complaint in this matter,

admit the jurisdiction of this Court over the subject matter of this action, waive the entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil

Procedure, and hereby consent to the entry of a Final Judgment of Permanent Injunction

("Order") without further notice in the form annexed hereto and incorporated by reference

herein.

RAL/179662/1

2.     Defendants IHI and IHI Incorporated, without admitting or denying any of the allegations of the Commission's Complaint, except as to jurisdiction which they admit, consent to the entry of the order attached as Exhibit A(1) which permanently restrains and enjoins IHI and IHI Incorporated from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933, ("*Securities Act*") 15 U.S.C. 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("*Exchange Act*"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder, and permanently restrains and enjoins IHI Incorporated from violating Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11, thereunder, and which requires IHI to pay disgorgement. IHI further stipulates that although such disgorgement may be paid pursuant to a surety bond posted with the Court on behalf of IHI, such bond is not an asset of the bankruptcy estate of IHI.

3.     Defendants IHI and IHI Incorporated enter into this Consent voluntarily and acknowledge that no promise or threat of any kind whatsoever has been made by Plaintiff Securities and Exchange Commission or any member, officer, agent or representative thereof to induce them to enter into this stipulation and consent.

4.     Defendants IHI and IHI Incorporated waive any right they may have to appeal from the entry of the Order.

5.     Defendants IHI and IHI Incorporated agree that the Order may be presented by the Commission to the Court for signature without further notice.

6.     Defendants IHI and IHI Incorporated agree that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

RAL/179662/1

7.      Defendants IHI and IHI Incorporated agree that they will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and they hereby waive any objection they may have based thereon.

8.      Defendants IHI and IHI Incorporated hereby understand that the Plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or derived therefrom, to any person or entity, public or private, having criminal, civil or administrative jurisdiction for action thereby.

9.      Defendants IHI and IHI Incorporated further state that they understand that the Plaintiff cannot and does not confer upon them, or upon any other person or entity, immunity from any criminal proceeding for any actions related to or arising from this or any other matter.

10.     Defendants IHI and IHI Incorporated acknowledge that they have read, understand, and agree to comply with the policy of plaintiff Commission, set forth in 17 C.F.R. § 202.5(e), not to permit a defendant to consent to a judgment or order that imposes a sanction while denying any allegation in the complaint. Defendants IHI and IHI Incorporated agree not to take any action or make any public statement denying, directly or indirectly, any allegation in the complaint. Defendants IHI and IHI Incorporated further agree not to take any action or make any public statement which creates, or tends to create, the impression that the complaint is without factual basis. Nothing in this provision affects said defendants' testimonial obligations or right to take legal positions in other non-Commission litigation.

11.     Defendants IHI and IHI Incorporated agree to and hereby waive the attorney-client privilege with regard to all communications between IHI or IHI Incorporated or their

representatives and any attorney which occurred prior to the appointment of the Chapter 7

Trustee for said defendants, and further agree to remain a party to this litigation for purposes of

discovery.

This the *13th* day of July, 1999.

INTERNATIONAL HERITAGE, INC. and
INTERNATIONAL HERITAGE, INCORPORATED,
a Nevada corporation

By: _____
Holmes P. Harden, Trustee in Bankruptcy

State of North Carolina

County of  Wake 

On this *13th* day of July, 1999, before me personally appeared Holmes P. Harden, known
to me to be the person who executed the foregoing Stipulation and Consent and he
acknowledged to me that he executed the same.

This *13th* day of July, 1999.

_____
Notary Public

My Commission Expires:

1/3/04

WARD AND SMITH, P.A.
ATTORNEYS AT LAW

GREENVILLE, N.C.

MAILING ADDRESS:

POST OFFICE BOX 8088
GREENVILLE, N.C. 27835-8088

PHYSICAL ADDRESS:

120 WEST FIRE TOWER ROAD
WINTERVILLE, N.C. 28590

TELEPHONE (252) 355-3030
FACSIMILE (252) 756-3889

WEB SITE www.wardandsmith.com

E-MAIL MPF@WARDANDSMITH.COM

1001 COLLEGE COURT
POST OFFICE BOX 867
NEW BERN, N.C. 28563-0867
TELEPHONE (252) 633-1000
FACSIMILE (252) 636-2121

UNIVERSITY CORPORATE CENTER
127 RACINE DRIVE
POST OFFICE BOX 7068
WILMINGTON, N.C. 28406-7068
TELEPHONE (910) 362-5100
FACSIMILE (910) 362-2333

SUITE 2400
TWO HANNOVER SQUARE
FAYETTEVILLE STREET MALL
POST OFFICE BOX 2091
RALEIGH, N.C. 27602-2091
TELEPHONE (919) 836-1800
FACSIMILE (919) 836-1507

August 2, 1999

*COPY*

Mr. Robert H. Frazer
General Counsel
ACSTAR Insurance Company
Post Office Box 2350
New Britton, Connecticut  06050-2350

RE:  International Heritage, Inc.
     Our File 990138-0001-001

Dear Robert:

I enclose my most recent modification of the Release.  Is this acceptable?  If so, please have the document executed by the responsible individuals and forward the same back to me at your earliest convenience.

                    Yours very truly,



                    Michael P. Flanagan

MPF:tdw
GVLMAIN\209770.1
Enclosure
cc:  Mr. Paul A. Fanning

**ACSTAR INSURANCE COMPANY**   233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN, CT 06050-2350 • (860) 224-2000

August 9, 1999

Michael P. Flanagan
Ward and Smith, P.A.
P.O. Box 8088
Greenville, NC  27835-8088

ACSTAR CLAIM NO. 251-99
ACSTAR BOND NO. 7719
PRINCIPAL:  INTERNATIONAL HERITAGE, INC.

As requested enclosed is signed Release.

Sincerely,

Robert H. Frazer
Vice President - General Counsel

RHF/dmh

Enclosure

WARD AND SMITH, P.A.
ATTORNEYS AT LAW

GREENVILLE, N.C.

1001 COLLEGE COURT
POST OFFICE BOX 867
NEW BERN, N.C. 28563-0867
TELEPHONE (252) 633-1000
FACSIMILE (252) 636-2121

UNIVERSITY CORPORATE CENTER
127 RACINE DRIVE
POST OFFICE BOX 7066
WILMINGTON, N.C. 28406-7066
TELEPHONE (910) 392-5100
FACSIMILE (910) 392-2333

MAILING ADDRESS:

POST OFFICE BOX 8088
GREENVILLE, N.C. 27835-8088

PHYSICAL ADDRESS:

120 WEST FIRE TOWER ROAD
WINTERVILLE, N.C. 28590

TELEPHONE (252) 355-3030
FACSIMILE (252) 756-3689

WEB SITE www.wardandsmith.com

E-MAIL MPF@WARDANDSMITH.COM

August 13, 1999

SUITE 2400
TWO HANNOVER SQUARE
FAYETTEVILLE STREET MALL
POST OFFICE BOX 2091
RALEIGH, N.C. 27602-2091
TELEPHONE (919) 836-1600
FACSIMILE (919) 836-1507

*COPY*

Mr. Holmes P. Harden
Maupin Taylor & Ellis, P.A.
Attorneys at Law
Post Office Box 19764
Raleigh, North Carolina  27619-9764

RE:  International Heritage - Acstar
     Our File 990138-0001-001

Dear Holmes:

I enclose an executed Release.  Please note that it differs slightly from that which you provided.  Robert Frazer differed with me concerning the interpretation of your Release.  It is, and has been, the intent of my clients to release you, both individually and in a representative capacity, along with your law firm from any and all actions.  It was never the intent to go beyond that as anything more would release the individuals or entities who "duped" my clients into executing the bond in question.  I feel sure that you, your firm and your carriers will agree that this Release protects you and the firm no matter what.

You are authorized to hold this document in escrow as requested in your letter of July 13, 1999.

We have already executed the proposed judgment and forwarded everything down to Mr. Hicks.  Hopefully, the SEC will act shortly so we can begin final consummation of this settlement.

                    Yours very truly,



                    Michael P. Flanagan

MPF:dek
GVLMAIN\210861.1
Enclosure
cc:  Mr. Robert H. Frazer (w/out enc.)



## RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns do hereby release, forever discharge and promise never to sue Holmes P. Harden, individually, as Chapter 7 Trustee for International Heritage, Inc., and International Heritage, Incorporated, or as a principal in the law firm of Maupin Taylor & Ellis, P.A., or the law firm of Maupin Taylor & Ellis, P.A., their agents, attorneys, employees, officers, directors, and insurance carriers (together referred to as "Harden") for any and all damages and claims arising from or related to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation,</u> in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to Harden's filing of the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction (which application was filed in the bankruptcy cases of International Heritage, Inc., Case No. 98-02675-5-ATS and International Heritage, Incorporated, Case No. 98-02674-5-ATS) and any claims relating to the subsequent Consent Order, and any claims against Harden arising from, under, or against Payment Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement which were executed in connection with the aforesaid civil action.

ACSTAR INSURANCE COMPANY

By:_____

UNITED COASTAL INSURANCE COMPANY

By:_____

RAL/199645/1



RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns do hereby release, forever discharge and promise never to sue Holmes P. Harden, individually, or as a principal in the law firm of Maupin Taylor & Ellis, P.A. or the law firm of Maupin Taylor & Ellis, P.A., their agents, attorneys, employees, officers, directors, and insurance carriers (together referred to as "Harden") or to sue Holmes P. Harden as Chapter 7 Trustee for the International Heritage, Inc., or as Chapter 7 Trustee for International Heritage, Incorporated in any manner whatsoever which would or could result in any monetary loss to "Harden", from any and all damages and claims arising from or related to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation</u>, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to Harden's filing of the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction (which application was filed in the bankruptcy cases of International Heritage, Inc., Case No. 98-02675-5-ATS and International Heritage, Incorporated, Case No. 98-02674-5-ATS) and any claims relating to the subsequent Consent Order, and any claims against Harden personally arising from, under or against Payment Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement which were executed in connection with the aforesaid civil action.

This the   **5**   day of August, 1999.

ACSTAR INSURANCE COMPANY

By: _____

UNITED COASTAL INSURANCE COMPANY

By: _____

990138-0001-001
GVLMAIN\209769.1