**FILED**
NOV 30 1999
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

AO 451 (Rev.2/86) Certification of Judgment

# United States District Court

__NORTHERN__ DISTRICT OF __GEORGIA__

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.

INTERNATIONAL HERITAGE, INC., STANLEY H. VAN ETTEN, CLAUDE W. SAVAGE, LARRY G. SMITH and INTERNATIONAL HERITAGE, INCORPORATED, a Nevada Corporation,

        Defendants.

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number: 1-98-CV-0803-RWS

I, __LUTHER D. THOMAS__, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on _____, as it appears in the records of this court, and that
        Date

\* no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on

__11-9-99__
    Date

LUTHER D. THOMAS
Clerk

_(signature)_
(By) Deputy Clerk

\*Insert the appropriate language:. . ."no notice of appeal from this judgment has been filed, and not motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.". . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure[\*] have been disposed of, the latest order disposing of such a motion having been entered on [date].". . . "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date].". . . "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]. . ."

[\*Note: The motions listed in Rule 4(a), Fed. R. app. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for extension of time for filing a notice of appeal.]

INDEXED BOOK 30 PAGE 24 DATE 11/30/99 AM

223

ORIGINAL

JUL 27 1999

FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

SEP 17 1999

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

FILED IN CLERK'S OFFICE
AND A TRUE COPY CERTIFIED, THIS
11-9-99
Luther D. Thomas, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL HERITAGE, INC., STANLEY H. VAN ETTEN, CLAUDE W. SAVAGE, LARRY G. SMITH and INTERNATIONAL HERITAGE, INCORPORATED, a Nevada corporation, <br><br> Defendants. | CIVIL ACTION NO. <br> 1-98-CV-0803-RWS |

**CONSENT FINAL JUDGMENT OF PERMANENT INJUNCTION AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC. AND INTERNATIONAL HERITAGE, INCORPORATED, A NEVADA CORPORATION**

Plaintiff, Securities and Exchange Commission ("Commission"), having filed its complaint in this matter against defendants International Heritage, Inc. ("IHI") and International Heritage, Incorporated, a Nevada corporation ("IHI Incorporated") and others, seeking injunctive and other relief, and defendants IHI and IHI Incorporated having entered general appearances, admitted the jurisdiction of this court over them and over the subject matter of this action, waived entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure with respect to the relief granted in this order, and without admitting or denying any of the allegations of the complaint having consented to the entry of this order, it is hereby,

I.

ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(2) carrying securities or causing them to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, unless and until a registration statement is filed with the Commission as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or

2

examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77h,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. 77e(a) and 77e(c). Provided, however, that nothing in the foregoing portion of the preliminary injunction shall apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. 77e.

## II.

IT IS FURTHER ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce, or by the mails, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme or artifice to defraud;

(2) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a).

3

### III.

IT IS FURTHER ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme or artifice to defraud;

(2) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

### IV.

IT IS FURTHER ORDERED that defendant IHI Incorporated, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, be and hereby are, restrained from, directly or indirectly, filing reports with the Commission, on Form 8-K or otherwise, which are false and misleading or fail to disclose material facts necessary to make the

4

statements made not misleading, in violation of Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11.

V.

IT IS FURTHER ORDERED that disgorgement is set against defendant IHI in the amount of $6,533,179, representing its ill-gotten gains from the scheme described in the complaint, plus prejudgment interest. $4.1 million of said disgorgement may be satisfied from the surety bond which has been posted in this matter, which is not the property of IHI or of the bankruptcy estate of IHI. Payments on the bond shall be made by the surety as follows: $600,000 within 30 days of this Order; an additional $750,000 within 120 days of this Order; an additional $750,000 within 210 days of this Order; and the remaining $2 million within 300 days of this Order. The payments on the bond shall be deposited into the registry of this Court. However, upon this Court's receipt of such payments by the surety, the clerk of the Court will issue a nonrefundable check in the same amount to the Chapter 7 bankruptcy trustee in In re International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C.) (that case and In re International Heritage, Incorporated, Case No. 98-02674-5-ATS (Bankr. E.D.N.C.) hereinafter the ``Bankruptcy cases''), to be used first for the payment of his allowed §§ 326(a) statutory commission without reduction and then for all administrative claims allowed pursuant to §§ 330 and 503 of the United States Bankruptcy Code in

5

the Bankruptcy cases, then for payment of any outstanding fees of Lloyd Whitaker, the monitor in this case, then for pro rata (i) payment of claims by independent retail sales representatives (``IRSRs'') of IHI who made payments to IHI and never received a product or commission and (ii) the first $300,000 of any allowed claim which the surety (ACSTAR Insurance Company) may have against the estate; then for claims of purchasers of IHI convertible notes during 1997. To the extent allowed by the Bankruptcy Court, proceeds can be used for pro rata payments to Chittenden Bank based on amounts paid by it to persons in categories i and ii, above, on chargeback requests from such persons as credit card holders. Any remaining proceeds shall thereafter be used to first pay claims of other IRSRs and thereafter to pay the claims of other creditors according to the priorities set forth in the United States Bankruptcy Code. Notwithstanding the foregoing, none of such proceeds shall be used to pay any claims of defendants Stanley H. Van Etten, Claude W. Savage or Larry G. Smith, or of any entity controlled by them, or of any other officer or director of IHI. Any disgorgement paid by the other defendants in this matter may, upon motion by the Commission, be transferred to the trustee for disbursement pursuant to the above terms.

## VI.

**IT IS FURTHER ORDERED** that based upon Defendant IHI's bankruptcy schedules filed December 16, 1998 and amended January 19, 1999, and Defendant IHI Incorporated's bankruptcy schedules dated December 16, 1998 and amended January 19, 1999, both

submitted to the Commission, the Court is not ordering IHI or IHI Incorporated to pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. 78u(d). The determination not to impose a civil penalty is contingent upon the accuracy and completeness of each defendant's bankruptcy schedules. If at any time following the entry of this Final Judgment the Commission obtains information indicating that IHI's or IHI Incorporated's representations in its bankruptcy schedules concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition this Court for an order imposing a civil penalty payable in the bankruptcy cases, pursuant to 11 U.S.C. § 726(a)(4) if funds are available in accordance with IV, above against such defendant. In connection with any such petition, the only issues shall be whether the financial information provided by such defendant was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. [In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering such defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery.] Such defendant may not, by way of defense to such petition, challenge the validity of this Consent or the

Final Judgment, contest the allegations in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.

## VII.

IT IS FURTHER ORDERED that, pending further order of this court, defendants IHI and IHI Incorporated, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

## VIII.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over this matter and the defendants and will order other and further relief that this Court deems appropriate under the circumstances, and that defendants IHI and IHI Incorporated will remain parties to this case for purposes of discovery.

Done and ordered at 11:00 o'clock A. m. this 17th day of September, 1999 at Atlanta, Georgia.

UNITED STATES DISTRICT JUDGE

AGREED

_____
ACSTAR Insurance Company and
United Coastal Insurance Company
By: