**FILED**

AO 451 (Rev.2/86) Certification of Judgment

**NOV 30 1999**

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

# United States District Court

NORTHERN DISTRICT OF GEORGIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

INTERNATIONAL HERITAGE, INC., STANLEY H. VAN ETTEN, CLAUDE W. SAVAGE, LARRY G. SMITH and INTERNATIONAL HERITAGE, INCORPORATED, a Nevada Corporation,

    Defendants.

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number: 1-98-CV-0803-RWS

I, LUTHER D. THOMAS, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on _____, as it appears in the records of this court, and that

    Date

\* no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on

11-9-99
Date

LUTHER D. THOMAS
Clerk

_____
(By) Deputy Clerk

---

\*Insert the appropriate language:. . ."no notice of appeal from this judgment has been filed, and not motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.". . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure[\*] have been disposed of, the latest order disposing of such a motion having been entered on [date].". . . "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date].". . . "an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]. . ."

[\*Note: The motions listed in Rule 4(a), Fed. R. app. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for extension of time for filing a notice of appeal.]

INDEXED BOOK 30 PAGE 25 DATE 11/30/99 AM

224

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD W. STORY
Judge, Atlanta

SEP 17 1999

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>INTERNATIONAL HERITAGE, INC.,<br>STANLEY H. VAN ETTEN, CLAUDE<br>W. SAVAGE, LARRY G. SMITH,<br>and INTERNATIONAL HERITAGE,<br>INCORPORATED, a Nevada<br>Corporation,<br><br>Defendants. | JUL 14 1999<br><br>CIVIL ACTION<br>NO. 1-98-0803-RWS<br><br>FILED IN CLERK'S OFFICE<br>AND A TRUE COPY CERTIFIED, THIS<br>11-9-99<br>Luther D. Thomas, Clerk<br>By: _____<br>Deputy Clerk |

## CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION
## AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
## AND INTERNATIONAL HERITAGE, INCORPORATED,
## A NEVADA CORPORATION

1. Defendants International Heritage, Inc. ("IHI") and International Heritage, Incorporated, a Nevada corporation ("IHI Incorporated") submit to the *in personam* jurisdiction of this Court over them, acknowledge service of summons and the Complaint in this matter, admit the jurisdiction of this Court over the subject matter of this action, waive the entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure, and hereby consent to the entry of a Final Judgment of Permanent Injunction ("Order") without further notice in the form annexed hereto and incorporated by reference herein.

RAL/179662/1

2. Defendants IHI and IHI Incorporated, without admitting or denying any of the allegations of the Commission's Complaint, except as to jurisdiction which they admit, consent to the entry of the order attached as Exhibit A(1) which permanently restrains and enjoins IHI and IHI Incorporated from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933, (*"Securities Act"*) 15 U.S.C. 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 (*"Exchange Act"*), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder, and permanently restrains and enjoins IHI Incorporated from violating Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11, thereunder, and which requires IHI to pay disgorgement. IHI further stipulates that although such disgorgement may be paid pursuant to a surety bond posted with the Court on behalf of IHI, such bond is not an asset of the bankruptcy estate of IHI.

3. Defendants IHI and IHI Incorporated enter into this Consent voluntarily and acknowledge that no promise or threat of any kind whatsoever has been made by Plaintiff Securities and Exchange Commission or any member, officer, agent or representative thereof to induce them to enter into this stipulation and consent.

4. Defendants IHI and IHI Incorporated waive any right they may have to appeal from the entry of the Order.

5. Defendants IHI and IHI Incorporated agree that the Order may be presented by the Commission to the Court for signature without further notice.

6. Defendants IHI and IHI Incorporated agree that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

RAL/179662/1

7. Defendants IHI and IHI Incorporated agree that they will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and they hereby waive any objection they may have based thereon.

8. Defendants IHI and IHI Incorporated hereby understand that the Plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or derived therefrom, to any person or entity, public or private, having criminal, civil or administrative jurisdiction for action thereby.

9. Defendants IHI and IHI Incorporated further state that they understand that the Plaintiff cannot and does not confer upon them, or upon any other person or entity, immunity from any criminal proceeding for any actions related to or arising from this or any other matter.

10. Defendants IHI and IHI Incorporated acknowledge that they have read, understand, and agree to comply with the policy of plaintiff Commission, set forth in 17 C.F.R. § 202.5(e), not to permit a defendant to consent to a judgment or order that imposes a sanction while denying any allegation in the complaint. Defendants IHI and IHI Incorporated agree not to take any action or make any public statement denying, directly or indirectly, any allegation in the complaint. Defendants IHI and IHI Incorporated further agree not to take any action or make any public statement which creates, or tends to create, the impression that the complaint is without factual basis. Nothing in this provision affects said defendants' testimonial obligations or right to take legal positions in other non-Commission litigation.

11. Defendants IHI and IHI Incorporated agree to and hereby waive the attorney-client privilege with regard to all communications between IHI or IHI Incorporated or their

representatives and any attorney which occurred prior to the appointment of the Chapter 7 Trustee for said defendants, and further agree to remain a party to this litigation for purposes of discovery.

This the 13th day of July, 1999.

                      INTERNATIONAL HERITAGE, INC. and
                      INTERNATIONAL HERITAGE, INCORPORATED,
                      a Nevada corporation

                      By: _____
                      Holmes P. Harden, Trustee in Bankruptcy

State of North Carolina

County of Wake

On this 13th day of July, 1999, before me personally appeared Holmes P. Harden, known to me to be the person who executed the foregoing Stipulation and Consent and he acknowledged to me that he executed the same.

This 13th day of July, 1999.

                      _____
                      Notary Public

My Commission Expires:

1/3/04

RAL/179662/1