FILED

JAN 18 2000

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
E. DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| INTERNATIONAL HERITAGE, INC., | CASE NO. 98-02675-5-ATS<br>CHAPTER 7 |
| INTERNATIONAL HERITAGE INCORPORATED<br>Debtors | CASE NO. 98-02674-5-ATS<br>CHAPTER 7 |

DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL
AND STATEMENT OF ISSUES TO BE PRESENTED

Acstar Insurance Company, by and through its undersigned counsel, and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, provides this DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL:

1. Memorandum Opinion and Order dated April 3, 1998 [attached as "Exhibit A" to Memorandum In Support Of Objection Of Acstar Insurance Company To Application Of Trustee To Enter Into Stipulation And Consent To Final Judgment Of Permanent Injunction dated April 29, 1999].

2. Notice of Posting Of Cash Bond And Order Approving Cash Bond dated April 3, 1998 [attached as "Exhibit B" to Response To Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 25, 1999].

3. Promissory Note dated May 13, 1998 [attached as part of "Exhibit D" of Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 2, 1999].

4. Payment Bond dated June 5, 1998 [attached as "Exhibit A" of Acstar's Amended Proof Of Claim dated October 4, 1999].

5. Indemnity Agreement dated June 9, 1998 [attached as "Exhibit A" of Memorandum Of Law In Support Of Objection Of Acstar

Insurance Company To Application Of Trustee For Authority To Enter Into Settlement Agreement dated September 13, 1999].

6.  Order dated July 1, 1998 [attached as "Exhibit C" to Memorandum In Support Of Objection Of Acstar Insurance Company To Application Of Trustee To Enter Into Stipulation And Consent To Final Judgment Of Permanent Injunction dated April 29, 1999].

7.  Application Of Trustee To Enter Into Stipulation And Consent To Final Judgment of Permanent Injunction dated January 15, 1999.

8.  Amended Objection To Application Of Trustee To Enter Into Stipulation And Consent To Final Judgment of Permanent Injunction And Request For Hearing By Acstar Insurance Company dated February 10, 1999.

9.  Proof of Claim of Acstar Insurance Company dated March 18, 1999.

10. Memorandum In Support Of Objection Of Acstar Insurance Company To Application Of Trustee To Enter Into Stipulation And Consent To Final Judgment Of Permanent Injunction dated April 29, 1999.

11. Order Denying Motion for Relief From Automatic Stay dated April 29, 1999.

12. Letter dated May 3, 1999 [attached to Motion For Bifurcation Of Hearing, Or In The Alternative, For Status Conference dated May 4, 1999].

13. Motion For Bifurcation Of Hearing, Or In The Alternative, For Status Conference dated May 4, 1999.

14. Transcripts from hearing on Application Of Trustee To Enter Into Stipulation And Consent To Final Judgment of Permanent Injunction dated May 5, 1999.

15. Order Continuing Hearing and Appointing Mediator dated May 5, 1999.

2

16. Motion For Order Allowing Acstar To Intervene In Non-bankruptcy Litigation dated May 24, 1999.

17. Handwritten agreement prepared by the mediator at the mediated settlement dated June 2, 1999 [attached as "Exhibit E" to Response To Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 25, 1999].

18. Handwritten agreement prepared by Michael P. Flanagan at the mediated settlement dated June 2, 1999 [attached as "Exhibit F" to Response To Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 25, 1999].

19. Correspondence between the parties relative to the mediated settlement and releases [attached as "Exhibit G" to Response To Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 25, 1999].

20. Release (undated, unsigned) [attached as "Exhibit H" to Response To Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 25, 1999].

21. Order Approving Application of Trustee to Enter Into Consent to Final Judgment of Permanent Injunction dated June 21, 1999.

22. Release dated August 5, 1999 [attached as "Exhibit I" to Response To Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 25, 1999].

23. Executive Risk Specialty Insurance Company Directors And Officers Liability Insurance Policy, Including Securities Claims Coverage And Automatic Reinstatement Of The Limit Of Liability For Unindemnifiable Loss Designed For Initial Public Offerings No. 751-070526-97 dated June 23, 1997 [attached as "Exhibit C" to Memorandum Of Law In Support Of Objection Of Acstar Insurance Company To Application Of Trustee For Authority To Enter Into Settlement Agreement dated September 13, 1999].

3

24. First Amended Complaint For Declaratory Relief dated July 7, 1999 [Adversary Proceeding No. 5-99-00015-5-AP].

25. Application Of Trustee For Authority To Enter Into Settlement Agreement dated August 9, 1999.

26. Objection Of Acstar Insurance Company To Application Of Trustee For Authority To Enter Into Settlement Agreement dated August 27, 1999.

27. Supplement To Objection Of Acstar Insurance Company To Application Of Trustee For Authority To Enter Into Settlement Agreement dated September 9, 1999.

28. Memorandum Of Law In Support Of Objection Of Acstar Insurance Company To Application Of Trustee For Authority To Enter Into Settlement Agreement dated September 13, 1999.

29. Consent Of Final Judgment Of Permanent Injunction As To Defendant IHI dated September 20, 1999 [attached as "Exhibit C" to Response To Trustee's Verified Objection To Acstar's Amended Proof Of Claim dated November 24, 1999].

30. Transcripts from hearing on Application Of Trustee For Authority To Enter Into Settlement Agreement held on September 22, 1999.

31. Order Authorizing Trustee To Enter Into Settlement Agreement dated September 27, 1999.

32. Affidavit executed by Robert H. Frazer dated October 21, 1999 [attached as "Exhibit D" to Response to Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 24, 1999].

33. Amended Proof of Claim dated October 4, 1999.

34. Waiver and Assignment by Stanley Van Etten dated October 20, 1999 [attached as "Exhibit E" to Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 2, 1999].

4

35. Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 2, 1999.

36. Response to Trustee's Verified Objection To Acstar's Amended Proof of Claim dated November 24, 1999.

37. Transcripts from hearing on Trustee's Verified Objection To Acstar's Amended Proof of Claim held on December 2, 1999.

38. Order Allowing Objection to Claim dated January 3, 2000.

Acstar Insurance Company also provides the following STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL:

1. Did the Bankruptcy Court err in concluding that Acstar Insurance Company was not entitled to any portion of the settlement proceeds from the Executive Risk Specialty Insurance Company policy?

2. Did the Bankruptcy Court err in concluding that Acstar Insurance Company was required to perfect its security interest in the Executive Risk Specialty Insurance Company policy proceeds?

3. Did the Bankruptcy Court err is concluding that Acstar Insurance Company does not have an equitable lien on the Executive Risk Specialty Insurance Company proceeds?

4. Did the Bankruptcy Court err in concluding that the Executive Risk Specialty Insurance Company policy has no connection with the payment that Acstar Insurance Company agreed to make under the payment bond, and that the policy proceeds do not arise from and are not related to Acstar Insurance Company's undertaking under the payment bond?

5. Did the Bankruptcy Court err in concluding that the Executive Risk Specialty Insurance Company policy proceeds are property of the Debtors' estates?

6. Did the Bankruptcy Court err in concluding that it would be inequitable and unfair to the victims of IHI's securities wrongful activities to allow Acstar Insurance Company any portion of the Executive Risk Specialty Insurance Company proceeds?

7. Did the Bankruptcy Court err in concluding that Executive Risk Specialty Insurance Company was not required to pay the SEC judgment before Acstar Insurance Company could be liable under the payment bond?

8. Did the Bankruptcy Court err in concluding that Acstar Insurance Company's claims against IHI arising from the payment bond are extinguished, except as specifically provided in the settlement agreement?

9. Did the Bankruptcy Court err in concluding that the settlement with Acstar Insurance Company resolved Acstar Insurance Company's claims against the estates?

10. Did the Bankruptcy Court err in its interpretation the Release?

11. Did the Bankruptcy Court err in concluding that the parties reached a global settlement of all claims?

12. Did the Bankruptcy Court err in concluding that a settlement with a trustee, personally, also acts as a settlement of all claims against an estate?

13. Did the Bankruptcy Court err in concluding that Acstar Insurance Company is limited to a $300,000 claim subordinate to the claims of purchasers of convertible notes in 1997 and the claims of independent sales representatives?

14. Did the Bankruptcy Court err in concluding that Acstar Insurance Company's claims with respect to other funds received by the Trustee are also subordinate to the claims of purchasers of convertible notes and to the claims of independent sales representatives?

15. Did the Bankruptcy Court incorrectly conclude that the Consent Final Judgment Of Permanent Injunction As To Defendants IHI dated September 20, 1999 barred Acstar Insurance Company's claims against the Executive Risk Specialty Insurance Company policy?

This the 14th day of January, 2000.

*Paul A. F——*
Paul A. Fanning
N.C. State Bar I.D. No.: 025477

*Paul A. F—— for*
Michael P. Flanagan
N.C. State Bar I.D. No.: 001461
For the firm of
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, North Carolina 27835-8088
Telephone: (252) 355-3030
Facsimile: (252) 756-3689
Attorneys for Acstar

CERTIFICATE OF SERVICE

The undersigned, of 120 West Fire Tower Road, Post Office Box 8088, Greenville, North Carolina 27835-8088, certifies:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the date set forth below I served copies of the foregoing DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED by first class mail at their last known addresses on the following:

>  Holmes P. Harden
>  Maupin, Taylor & Ellis, P.A.
>  Post Office Drawer 19764
>  Raleigh, NC 27619
>
>  James T. Johnson
>  James A. Roberts III
>  Lewis & Roberts, PLLC
>  Post Office Box 17529
>  Raleigh, NC  27619

I certify under penalty of perjury that the following is true and correct.

This the 14th day of January, 1999.

*Paul A. F____*
Paul A. Fanning

GVLMAIN\221017.1