UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

FILED
MAY 8 2000
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

In re: ) Case No. 98-02675-5-ATS
)
INTERNATIONAL HERITAGE, INC., )
)
) APPLICATION OF TRUSTEE
) TO EMPLOY POORMAN-DOUGLAS
) CORPORATION
)
Debtor. )

TO THE HONORABLE A. THOMAS SMALL, UNITED STATES BANKRUPTCY JUDGE:

The Application of Holmes P. Harden, Trustee, respectfully alleges:

1. Your applicant is the duly qualified and acting trustee in this case.

2. Your applicant has solicited the assistance of Poorman-Douglas Corporation, a bankruptcy support service, to advise your applicant with respect to the organization of creditor's claims, to review creditor's claims, prepare proposed objections to claims and to provide related support services to the estate.

3. Your applicant desires to employ Poorman-Douglas Corporation as a bankruptcy support service according to the terms set forth in the attached Exhibit A.

4. Poorman-Douglas Corporation is informed and understands that its employment may be approved only after notice and a hearing.

5. Your applicant is informed and believes and therefore alleges that approximately 15,000 claims have been filed in the above-captioned case. Trustee believes that the employment of Poorman-Dougals Corporation on the terms and conditions set forth in the attached Exhibit A hereto is in the best interest of the estate because he believes that Poorman-Douglas Corporation can organize claims, review claims and draft proposed objections to claims less expensively than the estate's attorneys.

6. Your applicant is satisfied from the Declaration of Poorman-Douglas Corporation and that it is a disinterested person within the meaning of 11 U.S.C. 101(14).

7. Poorman-Douglas Corporation is aware of the provisions of 11 U.S.C. 328(a) and has

RAL/4548/1

copy rec'd 5/8/co AM                                                              242

agreed, notwithstanding the terms and conditions of employment herein set forth, that the court may allow compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of developments unanticipatable at the time of the fixing of such terms and conditions.

WHEREFORE, your applicant prays that he be authorized to employ Poorman-Douglas Corporation to provide bankruptcy support service on the terms and conditions attached hereto as Exhibit A.

Dated: 4/5/00

/s/ Holmes P. Harden
Holmes P. Harden, Trustee

246861

## DECLARATION OF POORMAN-DOUGLAS CORPORATION

I, _Len Clarke_, declare as follows:

1. I _Vice President_ of Poorman-Douglas Corporation, a bankruptcy support service duly licensed by the state of _Oregon_.

2. I am familiar with the trustee's Application herein, and believe that Poorman-Douglas Corporation is qualified to represent the trustee and the estate in connection with the organization of claim, review of claims, objections to claims, and to provide related support services to the estate. Poorman-Douglas Corporation has agreed to accept employment on the terms and conditions set forth in the trustee's Application.

3. Poorman-Douglas Corporation is a disinterested person within the meaning of 11 U.S.C. 101(14).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _5/3/00_  _____
                            Applicant

_STATE OF OREGON_

_Washington_ COUNTY

I, the undersigned, a Notary Public in and for the said State and County, do hereby certify that _Len Clarke_ personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and notarial seal this the _3rd_ day of _May_, 2000.

_Rebecca Newcomer_
Notary Public

My Commission Expires:
_10-07-02_

(NOTARIAL SEAL OR STAMP)

246861

OFFICIAL SEAL
**REBECCA NEWCOMER**
NOTARY PUBLIC-OREGON
COMMISSION NO. 315432
MY COMMISSION EXPIRES OCT. 7, 2002

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, Trustee for International Heritage, Inc., do hereby certify that the Application for Employment of Poorman-Douglas Corporation, hereto attached, was served upon the parties listed below by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina, on the 5th day of May, 2000.

By: /s/ Holmes P. Harden
Holmes P. Harden
Trustee for International Heritage, Inc.
N. C. State Bar No. 9835
P. O. Drawer 19764
Raleigh, North Carolina 27619
Telephone: (919) 981-4000

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602

Phillip Crumm
Poorman-Douglas Corporation
10300 S. W. Allen Blvd.
Beaverton, Oregon 97005

246861

# AGREEMENT



EXHIBIT A

| CUSTOMER: | International Heritage, Inc.<br>c/o Holmes P. Harden, Trustee<br>3200 Beachleaf, Suite 500<br>Raleigh, NC 27604-1064 | Date: November 16, 1999 |
|---|---|---|

**POORMAN-DOUGLAS CORPORATION** • 10300 S.W. Allen Blvd., Beaverton, Oregon 97005 • (503) 350-5800 or (800) 547-4407

POORMAN-DOUGLAS CORPORATION (hereinafter called PDC) agrees to provide and **International Heritage, Inc.** (hereinafter called the Customer), agrees to purchase services upon the terms and conditions and in accordance with the schedule, and other provisions stated herein:

### BANKRUPTCY PROCESSING SERVICES AND FEES

**Estimated Work Based On Information Provided by Trustee**

1. **Claims Database** – conversion of court information, creation of Objection database and all related reports: 40 to 60 hours — $ 125.00 per hour
2. **Data Coding Corrections** – identifying corrections of claim input As required: 10 to 12 hours — $ 75.00 per hour
3. **Account Executive** – Internal procedures; liason between PDC and Trustee's Office as required: 25 hours — $ 125.00 per hour
4. **Objections:**
   a) No Documentation; Late Filed — $ 12.00 per claim
   b) Amended; Duplicates — $ 15.00 per claim
   c) All other claim objections requiring analysis — $ 20.00 per claim

**Additional Services Available From PDC**

5. **Notice Printing – If necessary**
   Set-up charges (for each new notice - per image) — $ 75.00 per image
   Acknowledgement Postcards or Notices printed and mailed (includes envelopes) — $ .10 each image
   Additional pages per Notice (excluding postcards) — $ .08 each image
6. **Newspaper Legal Notice Publishing** — Quote prior to publishing
7. **Labels/Copies/Miscellaneous**
   Cheshire — $ .05 each
   Gumback — $ .07 each
   Inserting/Folding/Application of Postage — $ .09 each
   Copies — $ .15 each
8. **Disbursements – If necessary**
   1. Solicitation of W-9 — $ .90 each
   2. Issuance of checks — $ 1.75 each
9. **Advance Payment to be applied to the Final Billing** — $ 10,000.00

Postage, phones, delivery, and out of pocket expenses will be billed as incurred. Premium rates applied for after hours, weekend requirements.

---

**PDC Company Approval:**

By: _____

Title _____ Date _____

By: _____

Title _____ Date _____

**NOTE:** Company approval is required before Agreement is binding.

**Accepted and Approved:**

By:   **International Heritage, Inc.**

Signature: _____

Title _____ Date _____

This Agreement is subject to the terms and conditions set forth herein and on the reverse side hereof. Customer acknowledges that he has read page the Terms and Conditions, attached hereof, understands it and agrees to be bound by its terms and conditions and further, agrees that it is the complete and exclusive statement of the Agreement between the parties, which supersedes all proposals oral or written and all other prior communications between the parties relating to the subject matter of this Agreement

# TERMS AND CONDITIONS

1. **TERM:** This agreement shall be effective from the date upon which it is accepted by PDC as set forth below and shall remain in force until terminated by the Customer on one (1) month's prior written notice received by PDC or by PDC upon three (3) months' prior written notice received by the Customer.

2. **CHARGES:** All charges shall be based upon the time and materials incurred by PDC, billed at the PDC then prevailing standard rate unless another rate schedule is specifically and mutually agreed upon herein. In the event that rates are based other than on time and materials, and such other basis for rates is set forth herein, the Customer agrees to pay, in addition to those rates, for all charges, incurred by PDC as a result of Customer error or omission as determined by PDC. Such charges shall include but shall not be limited to re-runs and any additional clerical work billed at the PDC then prevailing standard rates, supplies, long distance phone calls, travel expenses, overtime expenses for work in excess of eight hours per day or forty hours per week, or any other disbursements. When possible, PDC will notify the Customer in advance of any additional charges. Checks are accepted subject to collection and the date of collection shall be deemed the date of payment. Any check received from Customer may be applied by PDC against any obligation owing by Customer to PDC, and in some cases this may include payments received as Deposit on Account. The acceptance by PDC of any partial payment shall not constitute a waiver of PDC's right to pursue the collection of any remaining balance.

PDC reserves the right to require a deposit in advance of service as security for performance of Customer's obligations hereunder. PDC shall not be obligated to pay any interest on the security deposit and may commingle the security deposit with PDC's funds. Upon expiration or earlier termination of this Agreement, the security deposit shall be applied to any outstanding obligations of Customer, after archiving or other court-ordered service and any balance shall be returned to Customer. PDC requires advance deposits for all noticing, newspaper publishing or other significant expenditures (as defined by PDC).

3. **TRANSPORTATION OF DATA:** Data submitted by the Customer to PDC for processing shall be transported at the Customer's risk and expense to and from the PDC office. In the event the Customer fails to deliver the input data to PDC at the time scheduled, the Customer agrees that PDC may extend, as necessary, the time for the completion of processing of such data. Customer further agrees that the time for the completion or processing of such data may be extended because of the following holidays in addition to any Bank holidays recognized in the city in which PDC is located: New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day. In any event, PDC does not warrant or represent that shipment or availability dates will be met, but will use its best efforts to do so.

4. **INVOICES:** PDC shall invoice the Customer at least monthly for all services rendered during the preceding month. Charges for a partial month's service shall be prorated based on a thirty (30) day month. Terms are net 10 days following the date of billing. All services covered by advance deposit will be reconciled within 30 days of the performance of the specified service. PDC reserves the right to withhold reports and materials of the Customer found to have delinquent accounts under the Terms and Conditions of this Agreement. Invoices unpaid after thirty days from the date rendered shall be subject to an interest charge at the maximum allowable rate.

5. **STORAGE:** Customer shall assume the risks and PDC shall not be responsible for any damages, liability or expenses incurred in connection with any delay in delivery of or damage to cards, disks, magnetic tapes or any input data furnished by Customer unless PDC has agreed in writing to assume such responsibility. Forms storage at PDC beyond a normal 90 day supply will be billed at standard warehousing rates established by PDC.

6. **SUPPLIES:** All supplies shall be furnished at the Customer's expense.

7. **WARRANTY:** The PDC warranty under this Agreement shall be limited to the re-running, at its expense, of any inaccurate reports provided that such inaccuracies were caused solely as a result of PDC performance hereunder and provided further that PDC shall receive written notice of such inaccuracies within thirty (30) days of delivery of such report. If said notice is not made to PDC within the prescribed time limit Customer is due and liable for all charges. Customer agrees that the foregoing constitutes the exclusive remedy available to it.

8. **TERMS OF AGREEMENT:** The terms of this Agreement prevail over any and all terms contained in Customer's purchase order or authorization, and no waiver, discharge, or modification of the terms of this Agreement shall bind PDC unless in writing and signed by an authorized representative of PDC.

9. **LIMITATION OF LIABILITY:** Customer agrees that the foregoing warranty is in lieu of all other warranties, express or implied, including but not limited to, any implied warranty of merchantability, fitness or adequacy for any particular purpose or use, quality, productiveness or capacity. Customer further agrees that PDC shall not be liable to Customer or any person claiming through or under Customer for any expense of any kind whatsoever or for any lost profits or damages of any kind, howsoever caused and in no event shall PDC be liable for loss of business or other consequential damages even if PDC has been advised of the possibility of such damages.

10. **OWNERSHIP OF PROGRAMS:** Unless otherwise agreed in writing, all programs developed by PDC in connection with any services to be performed under this Agreement shall remain the sole property of PDC. All programs and/or systems documentation in the possession of PDC which PDC has agreed in writing to return to the Customer, prepared for the Customer by PDC, shall be returned to the Customer upon demand providing all charges for such programming and/or systems documentation have been paid in full; provided, however, that in the event Customer's programs are written in ADPAC, only the object programs shall be returned to the Customer unless special arrangements evidenced by documentation satisfactory to PDC have been made by Customer with ADPAC Corporation.

11. **UNUSUAL MEASURES:** Where the Customer requires measures that are unusual and beyond normal business practice of PDC such as, but not limited to, CPA Audit, Errors and Omissions Insurance, and/or Off Premises Storage of Data, the cost of such measures, if provided by PDC, shall be charged to the Customer. Said charges may be required in advance if PDC deems it appropriate.

12. **GENERAL:** The terms and conditions of the Agreement may be modified by PDC upon three (3) months' prior written notice to Customer. Customer will not employ any PDC employee within two years from the termination of this Agreement. The term "this Agreement" as used herein includes any future written amendments, modifications, supplements or schedules duly executed by Customer and PDC.

13. **EQUAL EMPLOYMENT OPPORTUNITY:** The Equal Employment Opportunity Clause required under Executive Order 11246, the affirmative action commitment for disabled veterans and veterans of the Vietnam era, set forth in 41 CFR 60-250.4, the affirmative action clause for handicapped workers, set forth in 41 CFR 60-741.4, and the related regulations of the Secretary of Labor, 41 CFR Chapter 60, are incorporated by reference in this agreement. By accepting this agreement, vendor certifies that it complies with the authorities cited above, and that it does not maintain segregated facilities or permit its employees to perform services at locations where segregated facilities are maintained, as required by 41 CFR 60-1.8.

This agreement will be governed by the laws of the State of Oregon.

Revised 11/96