UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

INTERNATIONAL HERITAGE, INC.,           CASE NO. 98-02675-5-ATS
                                        CHAPTER 7
INTERNATIONAL HERITAGE,                 CASE NO. 98-02674-5-ATS
INCORPORATED,                           CHAPTER 7

    DEBTOR

**ORDER ALLOWING MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

The matter before the court is the trustee's Motion for Approval of Compromise and Settlement. In the motion, the trustee seeks approval of his intended waiver of the attorney-client privilege with respect to the debtors' pre-bankruptcy communications with counsel, and of an agreement reached by the trustee, on behalf of the debtors, with the office of the United States Attorney for the Eastern District of North Carolina. Objections to the motion were filed on behalf of Stanley Van Etten, Wood & Francis, PLLC, Claude William Savage, John David Brothers, Dee Anne Brothers, Georgina Mollick, and Larry Smith. A hearing was held in Raleigh, North Carolina on May 31, 2000. The motion will be allowed.

The debtors, International Heritage, Inc. and International Heritage Incorporated (collectively "IHI"), filed a petition under chapter 7 of the Bankruptcy Code on November 25, 1998. Holmes P. Harden is the trustee in bankruptcy for IHI. Subsequent to the bankruptcy filing, the United States Attorney's office communicated

with the trustee regarding an ongoing criminal investigation of IHI and, presumably, some of IHI's former officers and directors. The trustee reports that the Assistant United States Attorney ("AUSA"), in exchange for IHI's waiver of the attorney-client privilege, will agree not to seek or recommend the imposition of any criminal penalties, fines or forfeitures against the debtor corporations, and to recommend and use his best efforts to ensure that any restitution imposed in criminal proceedings against individuals or entities affiliated with the debtors be distributed to creditors. During the course of this investigation, grand jury subpoenas were issued to IHI and to Stanley Van Etten, a former officer and director. Counsel for Mr. Van Etten reports that approximately 175,000 pages of documents have been produced or made available to the AUSA, and that he maintains custody of approximately 30,000 additional pages of documents on grounds that they are protected from disclosure by the attorney-client privilege or the work-product doctrine. The trustee's request to waive the attorney-client privilege likely would result in the production of some portion of these documents to the AUSA.

In his motion, the trustee argues that waiver of the attorney-client privilege is in the best interest of the estates. It would conserve estate assets by making it unlikely that IHI would need to participate in a defense in a federal criminal prosecution, he argues, and possibly could generate funds with which to pay creditors' claims. The trustee contends that the United States Supreme Court, in <u>Commodity Futures Trading Commission v.</u>

Weintraub, 471 U.S. 343 (1985), authorized precisely the type of waiver at issue in this matter. The Weintraub Court reasoned that in cases of corporate bankruptcy, the power to waive the attorney-client privilege "passes to the trustee because the trustee's functions are more closely analogous to those of management outside of bankruptcy than are the functions of the debtor's directors." Id. at 356. The trustee's ability to exercise this power is, of course, tempered by his obligation to "maximize the value of the estate," id. at 352, and to seek its expeditious closure. See 11 U.S.C. § 704(1).

In response, counsel for the debtors and for their former officers (collectively, the "objecting parties") contend that waiver of the privilege is not in the best interests of the estates, for several reasons. First, the objecting parties argue that waiver may place the former officers at increased risk of criminal prosecution, and that the agreement between the trustee and AUSA lacks substance. The objecting parties concede that the AUSA apparently has agreed to assist the debtors to the full extent that he can; however, they maintain, statutory regulations and guidelines control virtually all aspects of a district court's imposition of penalties, fines, and restitution. For that reason, they argue, the AUSA simply has too little to offer. Finally, the objecting parties maintain that contractual arrangements between IHI and some former officers and directors, as set out in the corporations' bylaws and in employment agreements, provide for indemnification in the event of litigation; by exposing the former

3

officers to a heightened risk of prosecution, they argue, IHI breaches these contractual agreements. In sum, the objecting parties believe that the trustee is giving up substantial protections and receiving practically nothing in return.

The court concludes that the precedent established in <u>Weintraub</u> makes clear that the trustee is empowered to assert and to waive the attorney-client privilege in this case. Further, the fact that the trustee's decision to waive the privilege is more directly advantageous to creditors than it is to shareholders, or to former officers or directors, does not weigh against waiver. As the <u>Weintraub</u> Court noted, "[o]ne of the painful facts of bankruptcy is that the interests of shareholders become subordinated to the interests of creditors. In cases in which it is clear that the estate is not large enough to cover any shareholder claims, the trustee's exercise of the corporation's attorney-client privilege will benefit only creditors, but there is nothing anomalous in this result; rather, it is in keeping with the hierarchy of interests created by the bankruptcy laws." <u>Id.</u> at 355.

The <u>Weintraub</u> Court also addressed one of the concerns pressed most strongly to this court; namely, that allowing the trustee to waive the privilege will have a chilling effect on communications between individual officers and directors and corporate counsel, and also could compromise exercise of the privilege by the individual officers and directors. "[T]he chilling effect is no greater here than in the case of a solvent corporation," the Court

reasoned, "where individual officers and directors always run the risk that successor management might waive the corporation's attorney-client privilege with respect to prior management's communications with counsel." Id. at 357. Weintraub also recognized that the "privileges of parties other than the corporation would still be 'applicable' as against the trustee. For example, consistent with [§ 542(e) of the Bankruptcy Code], an attorney could invoke the personal attorney-client privilege of an individual manager." Id. at 350 (referring to the specific statute at issue in Weintraub). The right of individuals to claim the attorney-client privilege on their own behalf, when appropriate, is in no way impinged by Weintraub or this court's order.

Moreover, the fact that the AUSA's offer goes as far as it can but, in the view of the objecting parties, not far enough, is of little consequence. The trustee's power to waive the privilege is not dependent on his ability to extract a concrete or even a "good" deal from the AUSA. Instead, it is moderated by his obligation to act in the best interests of the bankruptcy estates. The trustee could rationally conclude that those interests are best served by cooperating fully with an ongoing criminal investigation in hopes of favorable treatment, absent any kind of agreement at all.

Finally, the court is well aware of the role of the attorney-client privilege in modern litigation, and of its historical significance in jurisprudence generally. See, e.g., Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (attorney client privilege is intended to foster "full and frank communication between

attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice"). By the same token, these privileges are "not favored, and even those rooted in the Constitution must give way in proper circumstances." <u>Herbert v. Lando</u>, 441 U.S. 153, 175 (1979). In this particular matter, the court notes that there is no effort afoot to carve out an exception to the attorney-client privilege, or to in any way challenge its application to the debtors' documents. Instead, the only issue before this court is whether, in this corporate bankruptcy, the trustee is empowered to assert the privilege on behalf of the debtors and, if so, whether he may also elect to waive it. That question is conclusively resolved in <u>Weintraub</u>.

The court specifically finds that the trustee holds the privilege on behalf of the corporate debtors, and that he can and has waived that privilege. The court also acknowledges that many issues remain open for resolution. The court makes no finding regarding documents presently withheld on grounds that they come within the work-product doctrine, or regarding documents that include confidential communications between attorneys and individuals seeking legal counsel in their individual capacities.

For the foregoing reasons, the trustee's Motion for Approval of Compromise and Settlement is ALLOWED.

SO ORDERED.

DATED: JUN 0 7 2000

A. Thomas Small
Bankruptcy Judge

6

```
         U.S. Bankruptcy Court for the Eastern District of North Carolina
                          CLERK, U.S. BANKRUPTCY COURT
                              POST OFFICE BOX 1441
                             RALEIGH, N.C. 27602-1441
```
In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on November 25, 1998:
DEBTOR: INTERNATIONAL HERITAGE, INC. of 2626 GLENWOOD AVE., #200, RALEIGH, NC 27608; SSN: N/A, EIN: 56-1921093

                                                        CASE NO. **98-02675-5-ATS**

**ORDER AND NOTICE
BY THE COURT**

CERTIFICATE OF MAILING

I am a regularly appointed and qualified deputy clerk in the office of the clerk, in and for said court and district, and I hereby certify that a copy of the attached document was mailed in a postage prepaid envelope addressed to the following at their respective addresses, by placing said envelope in the regular mail in Raleigh, NC, on this date.

DATED:  JUN 07 2000

                    *Tina Roberson*
                    DEPUTY CLERK


INTERNATIONAL HERITAGE, INC.
2626 GLENWOOD AVE., #200
RALEIGH, NC 27608


,

Terri L. Gardner
PO Drawer 1389
Raleigh, NC 27602

Holmes P. Harden
P.O. Box 17169
Raleigh, NC 27619

Bankruptcy Administrator

Brent E. Wood
Post Office Box 164
Raleigh, NC  27602

Joseph B. Chesire V
John Keating Wiles
Post Office Box 1029
Raleigh, NC  27602

Stephen T. Smith
Post Office Box 150

Raleigh, NC  27602

John P. O'Hale
Post Office Box 1567
Smithfield, NC  27577

ATS
JRL