**FILED**

**JUN 16 2000**

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

INTERNATIONAL HERITAGE, ) CASE NO. 98-02675-5-ATS
INC.,                    ) CHAPTER 7
        Debtor           )

OBJECTION TO TRUSTEE'S FIRST INTERIM APPLICATION FOR
COMPENSATION FOR SERVICES RENDERED BY ATTORNEY SPECIALLY

NOW COMES, Acstar Insurance Company ("ACSTAR"), by and through its undersigned counsel, and hereby objects to the Trustee's First Interim Application For Compensation For Services Rendered By Attorney Specially, and shows unto the Court as follows:

1.  This Chapter 7 case was filed on November 25, 1998, remains pending, and Holmes P. Harden serves as Chapter 7 Trustee.

2.  On February 5, 1999, the Trustee filed an Application for Authority to Employ and Appoint Attorney Specially to employ the law firm of Lewis and Roberts, PLLC to litigate claims by and against Executive Risk Specialty Insurance Company ("ERSIC"). This Application was served on Marjorie K. Lynch, Bankruptcy Administrator, and James A. Roberts, III.

3.  On February 9, 1999, this Court entered an Order Authorizing Appointment of Attorney Specially authorizing the Trustee to employ and appoint Lewis and Roberts, PLLC as his attorneys specially to represent him on a contingency basis of Twenty-Five Percent (25%) <u>of each recovery for the estate</u> unless appellate work beyond the United States District Court is required, in which case the fee will be Thirty-Three Percent (33%). This Order was entered based, in part, on the fact that no objection was made.

4.  ACSTAR did not receive notice of the Application or resulting Order.

5. On September 22, 1999 a hearing was held before this Court on the Trustee's Application for Authority to Enter into Settlement Agreement with ERSIC. The parties consented to the Court's approval of the settlement between the Trustee and ERSIC whereby the Trustee would receive from ERSIC One Million Seven Hundred Eighty-Seven Thousand Five Hundred and No/100 Dollars ($1,787,500.00).

6. At the September 22, 1999 hearing, the Court expressly ordered that the settlement proceeds are to be held in trust pending a complete determination of ACSTAR's rights to the settlement proceeds.

7. ACSTAR, as a surety and creditor in this case, asserts a prior secured claim in the ERSIC policy settlement proceeds. On October 4, 1999, ACSTAR filed a Proof of Claim in the amount of Eight Hundred Five Thousand Seven Hundred Eighty-One and 41/100 Dollars ($805,781.41).

8. On November 2, 1999, the Trustee Objected to ACSTAR's Proof of Claim and on January 3, 2000, this Court entered an Order Allowing Objection to Claim.

9. The matter is currently on appeal to the District Court for the Eastern District of North Carolina. Final determination of ACSTAR's rights to the ERSIC policy settlement proceeds has not been made and the ERSIC policy settlement proceeds must remain in trust pending a complete determination of ACSTAR's rights pursuant to this Court's prior ruling.

10. The Trustee's First Interim Application does not comply with Federal Rule of Bankruptcy Procedure 2016(a). Rule 2016(a) states that an entity seeking interim compensation shall file an application setting forth a detailed statement of the services rendered, time expended and expenses incurred.

11. The award of interim compensation is permissive and discretionary with the Court. As with other compensation

2

agreements, an attorney's contingent fee agreement with the Debtor is subject to court review for reasonableness under the factors set forth in Section 330 of the Code, notwithstanding prior approval of the fee agreement. See 11 U.S.C. § 328(a).

12. The Court may award reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses. The Court may also award compensation that is less than the amount of compensation that is requested. 11 U.S.C. § 330. Applicant has not shown that the fees are reasonable and necessary or that the expenses are actual and necessary.

13. 11 U.S.C. § 330 states that the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this Title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this Title.

As with other compensation agreements, an attorney's contingent fee agreement with the debtor is subject to court review for reasonableness under the factors set forth in Section 330 of the Bankruptcy Code, notwithstanding prior Court approval of the fee agreement.

14. A Court shall not allow compensation for unnecessary duplication of services.

15. The One Million Seven Hundred Eighty-Seven Thousand Five Hundred and No/100 Dollars ($1,787,500.00) settlement does not constitute a recovery in favor of the estate until a full determination of ACSTAR's rights thereto is made. Because the full benefits of the services performed for the estate cannot now be determined, the Trustee's First Interim Application For Compensation For Services Rendered By Attorney Specially should be denied. It is simply too soon to presume any ultimate benefit to the estate from the services rendered or to be rendered by the attorneys.

WHEREFORE, ACSTAR prays unto the Court as follows:

1. That the Trustee's First Interim Application For Compensation For Services Rendered By Attorney Specially be denied.

2. That a hearing be held on the Trustee's First Interim Application For Compensation For Services Rendered By Attorney Specially and this Objection thereto.

3. For such other and further relief as to the Court may seem just and proper.

This the 14th day of June, 2000.

*/s/ Paul A. Fanning*
Paul A. Fanning
N.C. State Bar I.D. No.: 025477

*/s/ Paul A. Fanning for*
Michael P. Flanagan
N.C. State Bar I.D. No.: 001461
For the firm of
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, North Carolina  27835-8088
Telephone:  (252) 215-4000
Facsimile:  (252) 215-4077
Attorneys for ACSTAR Insurance Company

4

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing OBJECTION TO FIRST INTERIM APPLICATION FOR COMPENSATION FOR SERVICES RENDERED BY ATTORNEY SPECIALLY by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail at Greenville, North Carolina, addressed to the following persons at the following addresses which are the last addresses known to me:

> Ms. Marjorie K. Lynch
> Bankruptcy Administrator
> Post Office Box 3709
> Raleigh, North Carolina  27602
>
> Mr. Holmes P. Harden
> Chapter 7 Trustee
> Post Office Drawer 19764
> Raleigh, North Carolina  27619
>
> Mr. James A. Roberts, III
> Lewis and Roberts, PLLC
> Post Office Box 17529
> Raleigh, North Carolina  27619-7529

This the 14th day of June, 2000.

*/s/ Paul A. F_____*
Paul A. Fanning
For the firm of
Ward and Smith, P.A.
120 West Fire Tower Road
Post Office Box 8088
Greenville, North Carolina  27835-8088
Telephone:  (252) 215-4000
Facsimile:  (252) 215-4077
Attorneys for ACSTAR Insurance Company

990138-0001-001
GVLMAIN\233548.1

6