UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:00-MC-23-BR

IN RE INTERNATIONAL HERITAGE, INC.

INTERNATIONAL HERITAGE,
INCORPORATED,

        Debtor.

ORDER

This matter is before the court on the following: (1) the motions of Stanley H. Van Etten and Wood & Francis, PLLC, Claude Savage, and John Brothers and Dee Brothers to modify the bankruptcy court's order denying stay pending appeal or, alternatively, for a stay pending appeal; (2) the motion of Georgina Mollick for leave to join the aforementioned motion filed by Van Etten and Wood & Francis; (3) the amended motion of Van Etten and Wood & Francis to modify the bankruptcy court's order denying stay pending appeal or, alternatively, for a stay pending appeal; and (4) the motion of Van Etten and Wood & Francis to shorten the response time to the aforementioned amended motion.

## I. BACKGROUND

On 25 November 1998, the debtors, International Heritage, Inc. and International Heritage Incorporated, filed a petition under Chapter 7 of the Bankruptcy Code. (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 1.) On 28 March 2000, the trustee filed a Motion for Approval of Compromise and Settlement, seeking the bankruptcy court's approval of the trustee's waiver of the attorney-client privilege with respect to pre-bankruptcy communications between the debtors and counsel. (See id., Ex. A.) The trustee intended to waive the privilege in conjunction with an agreement with

the United States Attorney for the Eastern District of North Carolina. (Id.) Movants[1] here objected to the motion. On 7 June 2000, Bankruptcy Judge A. Thomas Small allowed the motion.

Thereafter, movants filed notices of appeal of the bankruptcy court's 7 June 2000 order(s).[2] Movants also filed motions for stay of the bankruptcy court's 7 June 2000 order pending appeal. (Id., Ex. E.) Judge Small denied the motions but temporarily stayed the effect of his order to allow movants to seek a stay from this court. (Id.)

## II. DISCUSSION

### A. Motion to Shorten Response Time

Movants filed and served the motions sub judice on 10 and 11 July 2000 and requested a shortening of the response time to two (2) days. Normally, the trustee and any other interested party would have twenty days therefrom to respond. See Local Rule 4.05(a), EDNC. However, unless the court orders a stay, movants must comply with the bankruptcy court's order requiring identification of privileged documents by 18 July 2000– a date well before any response is due. The trustee objects to this motion. However, he has provided the court with a copy of his response to movants' motions for stay filed in the bankruptcy court. (See Resp. to Mot. to Shorten Time, Ex. A.) Trustee's response to the instant motion and his response filed in the bankruptcy court provide this court with sufficient briefing (in conjunction with Van Etten and Wood & Francis' briefs) on which to rule on the motions before it. Therefore, the trustee is not

---

[1] Although not entirely clear from the record before the court, it appears movants Van Etten, Savage, John Brothers, and Dee Brothers were officers and/or directors of debtor International Heritage, Inc. Movant Wood & Francis provided pre-bankruptcy legal advice jointly to International Heritage, Inc., Van Etten, Savage, and other unspecified officers and directors of International Heritage, Inc. and maintains custody of the allegedly privileged documents. Movant Mollick provided pre-bankruptcy legal advice to International Heritage, Inc. and Van Etten and subsequently became in-house counsel for debtors.

[2] The appeals to this court are not yet ripe.

2

prejudiced by any reduction in response time. The motion is therefore ALLOWED.

**B. Motion of Georgina Mollick for Leave to Join Van Etten and Wood & Francis' Motion**

The motion is ALLOWED, and Mollick is deemed to have filed a motion to the same extent as Van Etten and Wood & Francis.

**C. Motions and Amended Motion to Modify Bankruptcy Court's Order Denying Stay Pending Appeal or, Alternatively, for a Stay**

By virtue of their amended motion, movants contend that pursuant to Fed. R. Bankr. P. 7062 and Fed. R. Civ. P. 62(d), the court is required to enter a stay upon the movants' posting of a supersedeas bond. Fed. R. Civ. P. 62(d) does provide in relevant part:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. . . . The stay is effective when the supersedeas bond is approved by the court.

As one court has noted, "[t]he language of subsections (a) and (d) [of Rule 62], when read together, suggests that all types of judgments other than those specifically excepted in subsection (a) may be stayed pending appeal as a matter of right, if the appellant posts supersedeas bond." Yankton Sioux Tribe v. Southern Mo. Waste Management Dist., 926 F. Supp. 888, 889 (D.S.D. 1996). Even so, "courts have interpreted Rule 62(d) as entitling an appellant to a stay as a matter of right . . . where the appeal is taken from a monetary judgment or its equivalent." Id. at 890. (citations omitted). Movants do not appeal from a money judgment or its equivalent and, as such, the posting of a supersedeas bond would serve no purpose. See id. Accordingly, a stay is not warranted on this ground.

Whether to issue a stay is within the discretion of the trial court. Connecticut Hosp. Ass'n v. O'Neill, 863 F. Supp. 59, 60-61 (D. Conn. 1994). The factors which the court must consider are: (1) whether there is a "strong showing" that the applicant is likely to succeed on the merits;

3

(2) whether the applicant will suffer irreparable injury absent the stay; (3) whether the stay will not substantially harm the other parties; and (4) whether the public interest will be served by the stay. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). With respect to these factors, the applicant bears the burden of persuasion. See Long, 432 F.2d at 979. Furthermore, "when a party seeking a stay makes application to an appellate judge following the denial of a similar motion by a trial judge, th[at] burden of persuasion . . . is substantially greater than it was before the trial judge." Id. (citations omitted). The court will now address the factors noted above in determining whether a stay will issue.

    1.    Likelihood of Success on the Merits

The law on which Judge Small based his decision is clear. "[T]he trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 358 (1985). While movants attempt to distinguish Weintraub and argue that waiver is not in the best interests of the debtors' estate, these same arguments were made to Judge Small and rejected. (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 3-5.) Movants also contend that waiver of the corporation's attorney-client privilege by the trustee is not proper because it compromises the officers' and directors' individual privileges. This argument too was made before the bankruptcy court. (Id. at 4.) As noted by Judge Small, Weintraub does not infringe upon the privileges of parties other than the corporation. (Id. at 5 (citing Weintraub, 471 U.S. at 350).) This court, like the bankruptcy court, is bound by Weintraub. At this juncture, movants have not made a "strong showing" that they are likely to prevail on the merits of their appeal.

    2.    Irreparable Injury to Movants

4

Movants assert that if a stay is not entered, their individual attorney-client privileges would be waived or lost during the pendency of appeal and therefore would effectively moot the appeal. As a result of the trustee's waiver of the corporation's privilege, documents will be produced to the trustee and presumably turned over to the United States Attorney. According to movants, the documents, or at least some of them, contain confidential pre-bankruptcy communications between attorneys, the debtor corporations, and the individual officer/director movants generated in the context of the attorneys' joint representation of the corporations and individuals. Movants claim that without a stay such documents necessarily will be turned over to the trustee, the United States Attorney, or others and will result in a waiver of the individuals' attorney-client privilege. From the record presently before the court, it does not appear that this will occur.

In his order finding waiver, Judge Small recognized "[t]he right of individuals to claim the attorney-client privilege on their own behalf, when appropriate, is in no way impinged by Weintraub or this court's order." (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 5.) Judge Small continued:

> The court specifically finds that the trustee holds the privilege on behalf of the corporate debtors, and that he can and has waived that privilege. The court also acknowledges that many issues remain open for resolution. The court makes no finding regarding documents presently withheld on grounds that they come within the work-product doctrine, or regarding documents that include confidential communications between attorneys and individuals seeking legal counsel in their individual capacities.

(Id. at 6.)

Judge Small's order denying a stay requires movants before 18 July 2000 to "identify any documents that he or she alleges to be subject to his or her individual claim of privilege." (Id.,

Ex. E at 2 (emphasis added).) The order says nothing of the production of these documents.

The court does not read these orders as requiring movants forthwith to produce documents allegedly subject to any individual claims of privilege. Of course, at some point, depending on the resolution of the individual claims issue, the documents may be subject to production. That issue is not before this court. Movants have not shown they will suffer irreparable harm in the absence of a stay.

3.  Harm to Trustee

According to the trustee, a stay pending appeal would prejudice him by delaying receipt of records necessary to file suit regarding avoidable transfers. (Resp. to Mot. to Shorten Time.) Any Avoidance action must be filed by 25 November 2000. (Id.) Pointing to the trustee's more than one-year delay in seeking to review privileged documentation, movants question the merit of the trustee's argument. Despite any delay on the part of the trustee in attempting to obtain purportedly privileged documents, the court accepts the inability to file avoidance actions as a possible harm to the trustee should the stay issue.

4.  Public Interest

Movants cite the public interest in promoting full and frank discussions between attorneys and clients. Movants again raise the concern that their individual claims of privilege will be waived in the absence of a stay. As discussed supra, the court does not see this as the case. This court and the bankruptcy court have made no findings with respect to the officers/directors' individual claims of privilege. By virtue of the Supreme Court's decision in Weintraub, the rule is clear with respect to the ability of the trustee to waive the attorney-client privilege on behalf of the debtor corporation. As recognized by the bankruptcy court, "there is no effort afoot to carve out an exception to the attorney-client privilege, or to in any way challenge its application to the

6

debtors' documents." (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 6.) The public interest would not be furthered by a stay of the bankruptcy court's 7 June 2000 order.

In balancing these factors, see Long, 432 F.2d at 981, the courts finds movants have failed to meet their burden for issuance of a stay pending appeal. The motions of Van Etten and Wood & Francis (including their amended motion), Savage, John Brothers and Dee Brothers, and Mollick to modify the bankruptcy court's order denying stay pending appeal or, alternatively, for a stay pending appeal are DENIED.

This 14 July 2000.

W. EARL BRITT
Senior United States District Judge

ihi/acp

I certify the foregoing to be a true and correct copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina
By _____ Deputy Clerk