**FILED**

MAR 12 2003

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE: )
) CHAPTER 7
INTERNATIONAL HERITAGE, INC. ) CASE NO. 98-02675-5-ATS
)
Debtor. )

### ORDER APPROVING COMPROMISE AND SETTLEMENT

The motion of Holmes P. Harden, Trustee, for an order authorizing the compromise and settlement of a claim against Erie Insurance Company in the amount of $60,000.00 and coming on for hearing before the undersigned, and it appearing to the Court as follows:

### FINDINGS OF FACT

1. The movant is duly authorized and acting as Trustee in the above-captioned case.

2. Trustee made demand on Erie Insurance Company as provided in General Commercial Liability Policy No. Q41165026 NC for International Heritage with coverage for employee dishonesty with a limit of liability of $60,000.00 ("the Policy"). The Policy was a renewal of previous policies ("Previous Policies"). The claim was based upon certain criminal acts of Stanley H. Van Etten which resulted in a loss to the debtor.

3. Trustee and Erie Insurance Company have reached a tentative agreement to settle the above-mentioned controversy subject to notice to creditors and the approval of the Court, according to which the Trustee would accept $60,000.00 in settlement of its claim upon bankruptcy court approval.

00161955.WPD



4. The aforesaid terms are proposed as full and final settlement of this controversy and full and final settlement of all debts, claims and liabilities and causes of action that the Trustee has against Erie Insurance Company under the Policy and all Previous Policies. Erie Insurance Company and Trustee are willing to enter into a compromise and settlement as described above in order to achieve a final resolution of the dispute between them and to avoid the administrative burden of proceeding with a lawsuit in Bankruptcy Court.

5. Trustee is of the opinion that settling the above controversy and the terms outlined herein is the best interest of the expeditious administration of the estate, given the possibility that Erie Insurance Company may successfully avoid liability under the policy.

6. Trustee believes that the aforesaid settlement is fair and reasonable.

7. Proper notice of the proposed settlement has been sent to creditors and other parties in interest in accordance with law and no objection to said motion has been filed.

## CONCLUSIONS OF LAW

The proposed settlement is fair and reasonable. Settling the above conflict under the terms outlined above is in the best interest of the expeditious administration of the estate, given the possibility that Erie Insurance Company may expressly avoid liability under the policy, as well as the complexity, expense and inconvenience and delay of litigation.

WHEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Trustee is hereby authorized to settle the above claim against Erie Insurance Company in accordance with the Court's findings of fact set forth above.

Dated: MAR 1 2 2003

_____
Judge Presiding