FILED
OCT 29 2003
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INTERNATIONAL HERITAGE, INC. ) | Case No. 98:02675-5-AVS |
| (TAX ID#: 56-1921093) ) | CHAPTER 7 |
| ) | |
| INTERNATIONAL HERITAGE ) | Case No. 98:02674-5-AVS |
| INCORPORATED ) | CHAPTER 7 |
| (Tax ID#: 87-0421191) ) | |
| ) | |
| Address: 2626 Glenwood Avenue, Suite 200 ) | |
| Raleigh, NC  27608 ) | |
| ) | |
| Debtors. ) | |

## ENTRY OF APPEARANCE AND REQUEST FOR NOTICES

## NOTICE AND COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT WITH TRUSTEE AND REQUEST FOR INTERVENTION AND RESOLUTION

Now Comes Stanley H. Van Etten, ("Van Etten") former President and CEO of International Heritage, Inc. and International Heritage Incorporated, ("IHI") and pursuant to Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, hereby enters an appearance in the above captioned proceeding and requests that a copy of all notices to creditors and other parties in interest be served upon him.

Now Comes Stanley H. Van Etten, former President and CEO of IHI and respectfully submits his notice and Complaint for Breach of Settlement Agreement with IHI Chapter 7 Trustee, Holmes P. Hardin ("Trustee Hardin"). Van Etten respectfully requests the courts intervention and resolution of Trustee Hardin's breach.

**HISTORY:**

Van Etten is the former President and CEO of IHI. IHI filed bankruptcy on November 25, 1998. Holmes P. Hardin was appointed Chapter 7 Trustee for IHI. The IHI Estate had an unpaid payroll tax liability ("Trust Fund Recovery Penalty") for year

copy ret'd 11/3/03 AM   11pp   549

ending 1998. The unpaid payroll tax liability was known and was properly disclosed and filed in the November 1998 Bankruptcy Schedules for IHI. In October 1999, the IRS assessed against Van Etten personally the Trust Fund Recovery Penalty of $224,666.77 for year ending December 31, 1998 and offset it and withheld Van Etten's personal income tax return of $197,964.70. Van Etten timely appealed and the assessment was temporarily removed in November 1999. The Appeals Office later determined that Van Etten was a responsible party and reassessed it in April 2001. On April 29, 2003, Van Etten timely appealed and submitted IRS Form 843, Claim for Refund and Request for Abatement, of the penalty that has now been paid. As of this date, Van Etten has not received any communication with the IRS pertaining to this matter or his appeal to the determination that he was a responsible party of IHI.

## FACTS:

Van Etten and IHI Trustee Hardin executed a legally binding Settlement Agreement ("Agreement"). Van Etten's Agreement with IHI Trustee Harden is attached hereto as <u>Exhibit 1</u>. The Agreement specifically states in Paragraph 1:

> "1.   Harden shall release Van Etten…from any and all claims and causes of action accrued through the date of this Settlement Agreement;"

The Agreement was entered into in June 1999. The Trust Fund Recovery Penalty ("Penalty") applies for year ending 1998. The Penalty arose six months prior to Van Etten's Agreement with IHI Trustee Hardin. See <u>Exhibit 2</u>.

Pursuant to the Agreement, Van Etten is precluded from asserting a claim against IHI. The IRS has purportedly assessed the same penalty and claim against IHI as the one Van Etten paid. See <u>Exhibit 3</u>. Trustee Hardin is scheduled to liquidate and make the IHI distributions in December 2003. Time is of the essence.

## CONCLUSION:

The IRS assessed a Trust Fund Penalty against Van Etten because he was the President and CEO of IHI. The Penalty is for year ending 1998. The IRS withheld Van Etten's personal income tax return of $197,964.70 and used it to offset the Penalty. Van Etten's Agreement with IHI Trustee Hardin specifically releases Van Etten "from any

and all claims and causes of action accrued through the date of this Agreement". The Agreement was effective as of June 1999. IHI Trustee Hardin should release Van Etten from the IRS claim and reimburse Van Etten.

Therefore, for the foregoing reasons, Stanley H. Van Etten respectfully requests this Court to order the trustee to reimburse Van Etten in the amount of $197,964.79 plus accrued statutory interest to date.

Respectfully submitted,

_____
Stanley H. Van Etten

## CERTIFICATE OF SERVICE

This is to certify that I have this 21 day of October, 2003, served a copy of the foregoing upon the below by regular U.S. Mail:

>Holmes P. Hardin
>Chapter 7 Trustee
>P.O. Drawer 19764
>Raleigh, NC  27619

Respectfully,

_____
Stanley H. Van Etten



## SETTLEMENT AGREEMENT

This Settlement Agreement entered into this ____ day of June, 1999, by and among Holmes P. Harden, Chapter 7 Trustee of International Heritage, Inc. and International Heritage, Incorporated ("Harden"), Stanley H. Van Etten ("Van Etten"), Mayflower Holdings, Inc., Mayflower Venture Capital, LLC, Mayflower Aviation, LLC, Mayflower Capital, LLC, and Mayflower Hunt Club (the "Mayflower Companies");

Whereas, Van Etten and some of the Mayflower Companies have asserted certain claims in the International Heritage, Inc. and International Heritage, Incorporated bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of North Carolina;

Whereas, Harden believes that certain claims may exist against Van Etten and the Mayflower Companies, including but not limited to avoidance actions;

Whereas, Van Etten and the Mayflower Companies deny that any claims exist against them and for the benefit of Harden;

Whereas, Harden, Van Etten and the Mayflower Companies desire to resolve any and all claims among them, without admitting or denying any liability;

Now therefore, in exchange for valuable consideration, including the mutual covenants contained herein, and without admitting or denying any liability, the parties agree as follows:

1. Harden shall release Van Etten and the Mayflower Companies from any and all claims and causes of action accrued through the date of this Settlement Agreement;

2. Van Etten and the Mayflower Companies will waive any and all claims against International Heritage, Inc., International Heritage, Incorporated (the "Debtors"), property of the Debtors, Holmes P. Harden, Trustee and their agents, attorneys, successors or assigns relating to the Debtors accrued through the date of this Settlement Agreement, including, but not limited to claims of contribution or indemnification; provided, however, that Van Etten shall retain the right to assert claims against the insurance proceeds from TIG and Executive Risk and Harden shall retain the right to object to such claims;

3. Van Etten and the Mayflower Companies shall assign their rights and interests in the bond posted in the action filed by the Securities and Exchange Commission in the United States District Court for the Northern District of Georgia, and the bond collateral, including any bond reversion interests to Harden;

4. Van Etten shall transfer all unencumbered and currently owned shares of common stock and options of International Heritage, Incorporated, a Nevada Corporation, including but not limited to 361,022 shares of stock and 5,541,800 options, to Harden;

5. Van Etten and the Mayflower Companies shall enter into a Consent Judgment or Consent Judgments in an adversary proceeding(s) to be brought by Harden to avoid any and all security interests in the Debtors' assets;

6. Van Etten shall verify a final set of Statement of Financial Condition, including Exhibits, prepared pursuant to the request of the Securities and Exchange Commission and submit the same to Harden;

7. Van Etten will agree to cooperate with the Trustee in the administration of the Debtors' estates, including but not limited to giving testimony, attending hearings, mediations or other judicial proceedings; if requested by Van Etten or his counsel, the Trustee shall issue a subpoena requiring Van Etten's attendance, testimony, etc.; Van Etten agrees that service of said subpoena on his counsel Brent E. Wood, via telecopier, shall constitute good service, and if requested, Wood shall execute an acceptance of service for same;

8. Van Etten shall assign any and all rights he or any company with which he is affiliated has or may have against BTI relating to the marketing of BTI long distance calling cards;

9. Van Etten and the Mayflower Companies shall verify that the only inventory, equipment, furniture or fixtures he or they may have in their possession, which was transferred to them by the Debtors by way of set off prior to the Debtors' petition date is the property contained within the list attached as Exhibit A; Harden reserves the right to seek the recovery of any property: (a) transferred to Van Etten and/or the Mayflower Companies by the Debtors by way of set-off prior to the Debtors' petition date and (b) not disclosed within Exhibit A;

10. Van Etten shall cooperate with Harden or his counsel in preparing for avoidance actions against third parties including, but not limited to the giving of testimony regarding the solvency/insolvency of the Debtors; Van Etten or his counsel may request that his attendance or testimony be produced by subpoena; Van Etten's counsel, Brent E. Wood, will accept, and has authority to accept, service of such subpoena;

11. Van Etten shall withdraw his objection to the Trustee's Application to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction; however, Van Etten will not withdraw his objection to the Trustee's waiver of the Debtors' attorney-client privilege; Furthermore, Van Etten will not waive his attorney-client privilege; Van Etten will waive argument relating to his objection to the Trustee's waiver of the attorney-client privilege; and

12. This agreement is contingent upon a corresponding settlement between Van Etten and the Securities and Exchange Commission and a settlement between the Securities and Exchange Commission and the Debtors which have been approved by both the Bankruptcy Court and the Securities and Exchange Commission.

_____
Mayflower Holdings, Inc., by
Stanley H. Van Etten, authorized agent

_____
Holmes P. Harden
Chapter 7 Trustee for
International Heritage, Inc. and
International Heritage, Incorporated

2

_____
Mayflower Venture Capital, LLC, by
Stanley H. Van Etten, authorized agent

_____
Mayflower Aviation, LLC, by
Stanley H. Van Etten, authorized agent

_____
Mayflower Capital, LLC, by
Stanley H. Van Etten, authorized agent

_____
Mayflower Hunt Club, by
Stanley H. Van Etten, authorized agent

_____
Brent E. Wood
Attorney for Stanley H. Van Etten

_____
Stanley H. Van Etten

f:\wp\ihi-5k.settlement1.doc

3





336-378-2568

**Department of the Treasury**
**Internal Revenue Service**

320 Federal Place, Room 125
Greensboro, NC 27401
(336) 378-2219

Person to Contact: Beverly Mahan
Employee Number: 56-688470
7:30 a.m. to 5:00 p.m.

Batchelor Tillery & Roberts
Attention: James Black
P.O. Box 18068
Raleigh, NC 27619

Date: January 21, 2003
Case Number: 2710332
Taxpayer identification Number: 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

Taxpayers Name: Stanley Van Etten
Tax Form(s): 1040
Tax Period(s) Ending: December 31, 1996, 1998

336-378-2153

Dear Mr. Black:

After receiving your inquiry on behalf of the above referenced taxpayer, I reviewed your client's case file, to determine the reason a Trust Fund Recovery Penalty of $224,666.77 was reassessed under his Social Security number.

My review of the account shows that the penalty was originally assessed in October 1999. Mr. Van Etten filed a timely appeal of the penalty with the Appeals Office and the assessment was temporarily removed in November 1999. After the Appeals Office determined that your client was a responsible party of International Heritage Inc., the trust fund recovery penalty was reassessed in April 2001. Enclosed is a copy of the Appeals closing letter dated March 14, 2001, advising your client of the reassessment of the penalty. With the offset of $197,964.79 to the account, it is now paid in full.

Your client has the option to file Form 843, Claim for Refund and Request for Abatement, of the penalty now that it has been paid. Please refer to paragraph 3 of the Appeals closing letter for further information. If your client chooses to file a claim with the IRS, any claim received before April 30, 2003, would be considered timely filed. Form 843 with instructions is enclosed for your use.

---

The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate.

Letter 1285



2

I'm closing your inquiry in the Taxpayer Advocate Service. If you have any questions, please contact me Tuesday through Friday, at the telephone number and during the hours of operation listed above. If you're outside the local calling area, there will be a charge for this call. If you prefer, you can write to me at the above address or reach me by fax at (336) 378-2153. Please provide a telephone number where you can be reached and the best time to call you.

Thank you for your patience and cooperation while this was being resolved. I sincerely apologize for any inconvenience this has caused you or your client.

Sincerely,

Beverly Mahan
Senior Associate Advocate

Enclosures:
Letter dated 3/14/01
Form 843(2) with instructions

CC: Stanley Van Etten

The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate.

Letter 1285

**Internal Revenue Service**
Appeals Office
6635 Executive Circle
Suite 180
Charlotte, NC  28212



Date: MAR 1 4 2000

Stanley H Van Etten
10504 Tredwood Dr
Raleigh, NC  27615

Small Business / Self Employed

**Person to Contact:**
ROBERT F. RIPLEY
Employee ID Number: 56-688488
Tel:  704-566-5247
Fax: 704-566-5394
**Refer Reply to:**
AP:SB:SE:CHA:RFR
**In Re:**
Trust Fund Recovery Penalty
Tax Period(s) Ended:
06/1998
09/1998
12/1998
SSN/EIN Number:
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
Corporation:
International Heritage, Inc.
EIN:
56-1921099

Dear Mr. Van Etten:

Since we were unable to reach an agreement with you for reasons (explained in conference or indicated below), the case will be closed unagreed and an assessment will be made.

The Memphis IRS Center will compute the amount of tax as provided by law, and send you a bill for the amount due.

After you have paid the amount due, you may file a claim for refund.  If you file a claim, you must do so within two years from the time the tax was paid.  Should your claim be rejected you will receive a statutory notice of disallowance.  If we have not acted on your claim within six months from the date you filed it, you may then file suit for refund.  This suit must be filed within two years after we have disallowed your claim.

If you have any questions, please write to the address on this letter, or contact the person whose name and telephone number are shown above.

Sincerely,

ROBERT M. DORAN
Appeals Team Manager

cc:
Brent Wood

Trust Fund - UnAgreed (Rev. 07/1999)



EXHIBIT 3

Click here for a numerical Claims Listing
Click below for an alphabetical Claim Listing starting with the selected letter
ABCDEFGHIJKLMNOPQRSTUVWXYZ

Enter a Creditor Name to search for

SEARCH

# USBC EDNC
## Claim Register for Case 98-02675  Office: 5  judge: ATS  Date File 11/25/1998
## Debtor: INTERNATIONAL HERITAGE, INC.  Claims Bar Date 03/30/1999

| Claim No. | Image | Name and Address of Claimant | Date Filed | Total Claim Amount | Oth Inform |
|---|---|---|---|---|---|
| 15654 | Yes: 2 Page(s): 117KB: TIFF | INTERNAL REVENUE SERVICE ATTN: SPECIAL PROCEDURES STAFF 320 FEDERAL PLACE GREENSBORO, NC 27402 | 06/14/1999 | total: $329,913.68<br>secured: $0.00<br>unsecured: $0.00<br>priority: $0.00 | |