UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**FILED**

JAN 1 5 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, INC. | ) | Case No. 98:02675-5-AVS |
| (TAX ID#: 56-1921093) | ) | CHAPTER 7 |
| | ) | |
| INTERNATIONAL HERITAGE | ) | Case No. 98:02674-5-AVS |
| INCORPORATED | ) | CHAPTER 7 |
| (Tax ID#: 87-0421191) | ) | |
| | ) | **NOTICE OF DEPOSITION** |
| Address: 2626 Glenwood Avenue, Suite 200 | ) | **AND ISSUANCE OF SUBPOENA** |
| Raleigh, NC 27608 | ) | |
| | ) | **HOLMES P. HARDEN** |
| Debtors. | ) | |

Defendant, Stanley H. Van Etten, Pro Se, respectfully submits his Notice of Deposition and Issuance of Subpoena.

### Introduction

The Honorable U.S. Bankruptcy Judge, A. Thomas Small, provided Notice of Hearing and Certificate of Service on January 14, 2004, for Hearing January 27, 2004. See attached Exhibit 1.

This matter is set for hearing on January 27, 2004 on Van Etten's Notice and Complaint for Breach of Settlement Agreement with Trustee and Request for Intervention and Resolution (Court Docket Filing #549). See attached Exhibit 2.

This matter is set for hearing on January 27, 2004 on Van Etten's Supplemental Filing, filed January 12, 2004 (Court Docket Filing #553), containing additional violations of Settlement Agreement with Trustee and Request for Intervention and Resolution; violations of attorney-client privilege and a collusive scheme to violate rights, attached as exhibit 1.

## Notice

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Stanley H. Van Etten issued a Notice of Deposition and Issuance of Subpoena in this matter, to produce TESTIMONY, and permit inspection and COPYING of documents and records, as specified herein;

| | |
|---|---|
| **Witness:** | **Holmes P. Harden**<br>**Trustee and Party to Settlement Agreement**<br>**Maupin Taylor, P.A.**<br>**Highwoods Tower One**<br>**3200 Beechleaf Court**<br>**Suite 500**<br>**Raleigh, NC 27604** |
| **Date/Time:** | **January 21, 2004 at 10:00 a.m.**<br>**Ellis & Winters, LLP**<br>**1100 Crescent Green**<br>**Suite 200**<br>**Cary, NC 27511**<br>**(919) 865-7000** |
| **Subject:** | **See Attached Subpoena, Exhibit 3** |
| **Dated:** | **January 14, 2004** |

## CERTIFICATE OF SERVICE

This is to certify that I have this 14th day of January 2004, served a copy of the foregoing upon Holmes P. Harden, in this criminal matter, by HAND DELIVERY of the same in person to:

Maupin Taylor, P.A.
Mr. Holmes P. Harden
Highwoods Tower One
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604

*Hand-Delivery Service Agent 1/14/03 SVE*

Counsel Service via E-Mail, Fax or U.S. Mail

Terri L. Gardner
Poyner & Spruill, LLP
P.O. Drawer 10096
3600 Glenwood Avenue
Raleigh, NC 27605-0096

*Hand-Delivery Sten Van Etten SVE 1/14/03*

Mr. David W. Long
Attorney at Law
P.O. Box 10096
Raleigh, NC 27605
(919) 783-2808
(919) 783-1075 Fax

*E-Mail 1/14/03 SVE*

Mr. Jeffrey L. Burley
Attorney at Law
402 Lamar Street, Suite 108
Sherman, TX 75090
(903) 868-0005 Fax

*E-Mail 1/14/03 SVE*

Mr. John P. O'Hale
Attorney at Law
102 South Third Street
Smithfield, NC 27577
(919) 934-6280 Fax

*E-Mail 1/14/03 SVE*

Paul K. Sun
Attorney at Law
1100 Crescent Green
Suite 200
Cary, NC 27511
(919) 865-7000

*E-Mail 1/14/03 SVE*

**U.S. Bankruptcy Court for the Eastern District of North Carolina**
CLERK, U.S. BANKRUPTCY COURT
POST OFFICE BOX 1441
RALEIGH, N.C. 27602-1441

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on November 25, 1998:
DEBTOR: INTERNATIONAL HERITAGE, INC. of C/O TERRI L. GARDNER, POST OFFICE DRAWER 1389, RALEIGH, NC 27602; SSN: N/A, EIN: 56-1921093

CASE NO. 98-02675-5-ATS

ORDER AND NOTICE
BY THE COURT

FILED
JAN 13 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that a hearing in said cause will be held:

DATE: January 27, 2004
TIME: 01:00 P.M.
PLACE:
UNITED STATES BANKRUPTCY COURT
U.S. COURTHOUSE & P.O. BLDG., ROOM 208, 300 FAYETTEVILLE ST. MALL, RALEIGH, NC

to consider and act on the following matters:

Motion for Formal Investigation for Impropriety by Trustee, Motion to Remove IHI Trustee and Stay Disbursement of Attorney Fees and Expenses, Motion to Stay IHI Disbursements and Motion for Evidentary Hearing filed by Stan Van Etten on January 12, 2004.

and to transact all other business as may properly come before the court.

DATED: JAN 13 2004

PEGGY B. DEANS
CLERK OF COURT


EXHIBIT
1

553

554

## MAILING LIST FOR CASE [5] 98-02675-5-ATS

Mailing generated on: 01/13/04 At: 08:07:38 By: AM
Form: VAN-057


T      : Holmes P. Harden
         P.O. Box 17169
         Raleigh, NC 27619
================================================================
D      : INTERNATIONAL HERITAGE, INC.
         C/O TERRI L. GARDNER
         POST OFFICE DRAWER 1389
         RALEIGH, NC 27602
================================================================
DA     : Terri L. Gardner
         PO DRAWER 10096
         3600 GLENWOOD AVENUE
         RALEIGH, NC 27605-0096
================================================================
All parties with addresses were noticed.

BA


Stanley Van Etten
7924 Lake Dr
Raleigh, NC 27613

U.S. Bankruptcy Court for the Eastern District of North Carolina
CLERK, U.S. BANKRUPTCY COURT
POST OFFICE BOX 1441
RALEIGH, N.C. 27602-1441

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on November 25, 1998:
DEBTOR: INTERNATIONAL HERITAGE, INC. of C/O TERRI L. GARDNER, POST OFFICE DRAWER 1389, RALEIGH, NC 27602; SSN: N/A, EIN: 56-1921093

CASE NO. 98-02675-5-ATS

ORDER AND NOTICE
BY THE COURT

FILF
DEC 1 1 2003
PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that a hearing in said cause will be held:

DATE:  January 27, 2004
TIME:  01:00 P.M.
PLACE:
UNITED STATES BANKRUPTCY COURT
U.S. COURTHOUSE & P.O. BLDG., ROOM 208, 300 FAYETTEVILLE ST. MALL, RALEIGH, NC

to consider and act on the following matters:

Notice and Complaint for Breach of Settlement Agreement with Trustee and Request for Intervention and Resolution filed by Stanley H. Van Etten on October 29, 2003.

and to transact all other business as may properly come before the court.

DATED:  DEC 1 1 2003


PEGGY B. DEANS
CLERK OF COURT


EXHIBIT
2

549

550

## MAILING LIST FOR CASE [5] 98-02675-5-ATS

Mailing generated on: 12/11/03 At: 12:56:49 By: AM
Form: VAN-057

```
T      : Holmes P. Harden
         P.O. Box 17169
         Raleigh, NC 27619
================================================================
D      : INTERNATIONAL HERITAGE, INC.
         C/O TERRI L. GARDNER
         POST OFFICE DRAWER 1389
         RALEIGH, NC 27602
================================================================
DA     : Terri L. Gardner
         PO DRAWER 10096
         3600 GLENWOOD AVENUE
         RALEIGH, NC 27605-0096
================================================================
```
All parties with addresses were noticed.

Stanley Van Etten
7924 Lake Dr
Raleigh, NC 27613

Rev. 2/2000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
_____Raleigh_____ Division

IN THE MATTER OF:

International Heritage, Inc.
International Heritage Incorporated
DEBTOR

CASE NUMBER:

98:02675-5-AVS
98:02674-5-AVS

SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

TO: Holmes P. Harden

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| Place: | Date: |
|---|---|
| | Time: |

[✓] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place: See Attached Exhibit 9/2 A | Date: |
|---|---|
| | Time: |

[✓] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

(list documents or objects):

| See Attached Exhibit 9/2 A | |
|---|---|
| Place: | Date: |
| | Time: |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date: |
|---|---|
| | Time: |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed.R. Bankr. P.

| Issuing Officer Signature and Title: Pro Se | Date 1/14/04 |
|---|---|
| Issuing Officer's Name, Address and Phone Number: Stanley H. Van Etten 7924 Lake Drive Raleigh, NC 27613 | |

EXHIBIT
3

Delivered at 1/14/2004 5:45 p.m.

## PROOF OF SERVICE

| SERVED | Date: January 14'04 | Place: Maupin Taylor Office Raleigh N.C. |
|---|---|---|
| Served on (Print Name) X PATSY COLEMAN | | Manager or Service X receptionist / service accepted |
| Served by (Print Name) ALEXANDRA GLINKOWSKI | | Title: process server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof Of Service is true and correct.

Executed on January 14' 2004

_[signature]_
Signature of Server

7520 Tanglewild drive
Address of Server

Raleigh NC 27613

---

Rule 45, Fed. R. Civ. P., Parts(c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing the specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SUBPOENA TO PRODUCE SPECIFIC DOCUMENTS AND INFORMATION
# EXHIBIT A

(1) Any and all files, correspondence, letters, notes, internal memorandum, telephone memorandum, accounting statements or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present employee, attorney, associate, investigator, paralegal, intern, administrative or other person, **which, in any way, relate to any party to the Settlement Agreements argued in this matter; to include, but not limited to;**

Stanley H. Van Etten (Party to Settlement), and/or;
Holmes P. Harden (Party to Settlement), and/or;
International Heritage, Inc. (Debtor Estate), and/or;
International Heritage Incorporated (Debtor Estate), and/or;
Mayflower Holdings, Inc. (Party to Settlement), and/or;
Mayflower Capital, LLC (Party to Settlement), and/or;
Brent E. Wood (Party to Settlement), and/or;
Bill Hicks (Party to Settlement-SEC), and/or;
Scott Wilkinson (Party to Settlement-AUSA), and/or;
Lloyd Whitaker (Court Appointed Monitor), and/or;

AND

The Internal Revenue Service
The United States Attorney's Office, Raleigh, NC; Charlotte, NC; Atlanta, GA
The Securities Exchange Commission, Atlanta, GA
Federal Bureau of Investigation, Raleigh, NC
ACSTAR Insurance
The News & Observer
Any State Government (Tax, Regulatory or Law Enforcement) in the United States including but not limited to North Carolina, Montana, Virginia, Oklahoma, Georgia, Florida and Kansas.

for the period of **November 25, 1998 (Bankruptcy Filing Date) through and including January 14, 2004.**

(2) The names and present/last known addresses and telephone numbers of all former or present attorneys, associates, employees or agents, investigators, interns, paralegal, support and administrative person who were, in any way, involved in or otherwise participated in, associated with or party to, in any manner, direct or indirect, with any and all Federal, State and Regulatory Agencies/Authority, including Law Enforcement, investigating or prosecuting International Heritage, Inc., International Heritage Incorporated, Stanley H. Van Etten, Mayflower Holdings or Mayflower Capital during the time period set forth herein.

## Definitions and Instructions

Any and all writings or documents, including, but not limited to correspondence notes, memoranda, memorializations, calendars, diaries or, telephone records which discuss, mention, refer or relate to, or otherwise involve, in any way, any communication or contact between Holmes P. Harden and any person or entity named herein, to include, but not limited to;

1. any federal and state regulatory authority, including but not limited to the Securities Exchange Commission and those named herein, and;
2. any federal and state law enforcement agency, or authority, including but not limited to those named herein, and;
3. any current or former member of the news media, and;

As used herein; "Writing" or "Document" means without limitation, a copy of the original or copy of each final or interim version of the following items, whether printed, recorded or reproduced by hand or any mechanical process; agreements, contracts, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or interviews, minutes, bulletins, diaries, graphs, studies, reports, notes, notebooks, books, checks, statements, specifications, receipts, returns, plans charts, diagrams, drawings, sketches, maps, summaries or reports of investigations or negotiations, interoffice communications, teletypes, telecopy's, opinions or reports of consultants, graphic or aural records or representations of any kind, including, but not limited to, photographic film, microfilm, microfiche, magnetic impulse, brochures, videotape recordings, pamphlets, advertisements, circulars, press releases, electronic or mechanical records of representations of any kind, including, but not limited to, tapes, cassettes, discs and recordings, media devices, drafts, letters, any marginal comments appearing on any document, and all other writings or physical or tangible materials.