**FILED**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

JAN 1 6 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE. INC. | ) | Case No. 98:02675-5-AVS |
| (TAX ID#: 56-1921093) | ) | CHAPTER 7 |
| | ) | |
| INTERNATIONAL HERITAGE | ) | Case No. 98:02674-5-AVS |
| INCORPORATED | ) | CHAPTER 7 |
| (Tax ID#: 87-0421191) | ) | |
| | ) | **NOTICE OF DEPOSITION** |
| Address: 2626 Glenwood Avenue, Suite 200 | ) | **AND ISSUANCE OF SUBPOENA** |
| Raleigh, NC  27608 | ) | |
| | ) | **Michael Delgado IRS-Civil** |
| Debtors. | ) | |

Defendant, Stanley H. Van Etten, Pro Se, respectfully submits his Notice of Deposition and Issuance of Subpoena.

### Introduction

The Honorable U.S. Bankruptcy Judge, A. Thomas Small, provided Notice of Hearing and Certificate of Service on January 14, 2004, for Hearing January 27, 2004.  <u>See attached Exhibit 1</u>.

This matter is set for hearing on January 27, 2004 on Van Etten's Notice and Complaint for Breach of Settlement Agreement with Trustee and Request for Intervention and Resolution (Court Docket Filing #549, see attached <u>Exhibit 2</u>) for Government violations in the wrongful confiscation of more than $200,000 of Stanley H. Van Etten and Kerry L. Van Etten's Federal Tax Refund, and further in the Government's Prosecutorial Abuse and Investigative Abuse thereto.

This matter is set for hearing on January 27, 2004 on Van Etten's Supplemental Filing, filed January 12, 2004 (Court Docket Filing #553), containing additional violations of Settlement Agreement with Trustee and Request for Intervention and Resolution; violations of attorney-client privilege and a collusive scheme to violate rights.

558

23 pgp



**Notice**

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Stanley H. Van Etten issued a Notice of Deposition and Issuance of Subpoena in this matter, to produce TESTIMONY, and permit inspection and COPYING of documents and records, as specified herein;

| | |
|---|---|
| **Witness:** | **Mr. Michael Delgado** |
| | **Internal Revenue Service Agent-Civil** |
| | **4405 Bland Road, Suite 100** |
| | **Raleigh, NC 27609** |
| **Date/Time:** | **January 22, 2004 at 10:00 a.m.** |
| | **Ellis & Winters, LLP** |
| | **1100 Crescent Green** |
| | **Suite 200** |
| | **Cary, NC 27511** |
| | **(919) 865-7000** |
| **Subject:** | **See Attached Subpoena, Exhibit 4** |
| **Dated:** | **January 15, 2004** |



## CERTIFICATE OF SERVICE

This is to certify that I have this 15th day of January 2004, served a copy of the foregoing upon Michael Delgado, in this criminal matter, by HAND DELIVERY of the same in person to:

Mr. Michael Delgado
Internal Revenue Service
4405 Bland Road
Suite 100
Raleigh, NC 27609

Counsel Service via E-Mail, Fax or U.S. Mail

Maupin Taylor, P.A.
Mr. Holmes P. Harden
Highwoods Tower One
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604

Terri L. Gardner
Poyner & Spruill, LLP
P.O. Drawer 10096
3600 Glenwood Avenue
Raleigh, NC 27605-0096

Mr. David W. Long
Attorney at Law
P.O. Box 10096
Raleigh, NC 27605
(919) 783-2808
(919) 783-1075 Fax

Mr. Jeffrey L. Burley
Attorney at Law
402 Lamar Street, Suite 108
Sherman, TX 75090
(903) 868-0005 Fax

Mr. John P. O'Hale
Attorney at Law
102 South Third Street
Smithfield, NC 27577
(919) 934-6280 Fax

Paul K. Sun
Attorney at Law
1100 Crescent Green
Suite 200
Cary, NC 27511
(919) 865-7000

641

**U.S. Bankruptcy Court for the Eastern District of North Carolina**

CLERK, U.S. BANKRUPTCY COURT

POST OFFICE BOX 1441

RALEIGH, N.C. 27602-1441

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on November 25, 1998:

DEBTOR: INTERNATIONAL HERITAGE, INC. of C/O TERRI L. GARDNER, POST OFFICE DRAWER 1389, RALEIGH, NC 27602; SSN: N/A, EIN: 56-1921093

CASE NO. **98-02675-5-ATS**

---

**ORDER AND NOTICE
BY THE COURT**

**FILED**

JAN 1 3 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that a hearing in said cause will be held:

DATE:  January 27, 2004
TIME:  01:00 P.M.
PLACE:
UNITED STATES BANKRUPTCY COURT
U.S. COURTHOUSE & P.O. BLDG., ROOM 208, 300 FAYETTEVILLE ST. MALL, RALEIGH, NC

to consider and act on the following matters:

Motion for Formal Investigation for Impropriety by Trustee, Motion to Remove IHI Trustee and Stay Disbursement of Attorney Fees and Expenses, Motion to Stay IHI Disbursements and Motion for Evidentary Hearing filed by Stan Van Etten on January 12, 2004.

and to transact all other business as may properly come before the court.

DATED:  JAN 1 3 2004


PEGGY B. DEANS
CLERK OF COURT

553

554

## MAILING LIST FOR CASE [5] 98-02675-5-ATS

Mailing generated on: 01/13/04 At: 08:07:38 By: AM
Form: VAN-057


```
T    : Holmes P. Harden
       P.O. Box 17169
       Raleigh, NC 27619
===================================================================
D    : INTERNATIONAL HERITAGE, INC.
       C/O TERRI L. GARDNER
       POST OFFICE DRAWER 1389
       RALEIGH, NC 27602
===================================================================
DA   : Terri L. Gardner
       PO DRAWER 10096
       3600 GLENWOOD AVENUE
       RALEIGH, NC 27605-0096
===================================================================
```

All parties with addresses were noticed.

BA

Stanley Van Etten
7924 Lake Dr
Raleigh, NC 27613

*G42*

**U.S. Bankruptcy Court for the Eastern District of North Carolina**

CLERK, U.S. BANKRUPTCY COURT

POST OFFICE BOX 1441

RALEIGH, N.C. 27602-1441

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on November 25, 1998:

DEBTOR: INTERNATIONAL HERITAGE, INC. of C/O TERRI L. GARDNER, POST OFFICE DRAWER 1389, RALEIGH, NC 27602; SSN: N/A, EIN: 56-1921093

CASE NO. **98-02675-5-ATS**

---

| | |
|---|---|
| **ORDER AND NOTICE**<br>**BY THE COURT** | **FILF**<br>DEC 1 1 2003 |

PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

---

NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that a hearing in said cause will be held:

DATE:   January 27, 2004
TIME:   01:00 P.M.
PLACE:
UNITED STATES BANKRUPTCY COURT
U.S. COURTHOUSE & P.O. BLDG., ROOM 208, 300 FAYETTEVILLE ST. MALL, RALEIGH, NC

to consider and act on the following matters:

Notice and Complaint for Breach of Settlement Agreement with Trustee and Request for Intervention and Resolution filed by Stanley H. Van Etten on October 29, 2003.

and to transact all other business as may properly come before the court.

DATED:   DEC 1 1 2003


                    PEGGY B. DEANS
                    CLERK OF COURT


549                                                                550

### MAILING LIST FOR CASE [5] 98-02675-5-ATS

Mailing generated on: 12/11/03 At: 12:56:49 By: AM
Form: VAN-057


T     : Holmes P. Harden
        P.O. Box 17169
        Raleigh, NC 27619
========================================================================
D     : INTERNATIONAL HERITAGE, INC.
        C/O TERRI L. GARDNER
        POST OFFICE DRAWER 1389
        RALEIGH, NC 27602
========================================================================
DA    : Terri L. Gardner
        PO DRAWER 10096
        3600 GLENWOOD AVENUE
        RALEIGH, NC 27605-0096
========================================================================
All parties with addresses were noticed.

                Stanley Van Etten
                7924 Lake Dr
                Raleigh, NC 27613

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

FILED
OCT 29 2003
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | |
|---|---|
| IN RE: | ) |
| | ) |
| INTERNATIONAL HERITAGE, INC. | )    Case No. 98:02675-5-AVS |
| (TAX ID#: 56-1921093) | )    CHAPTER 7 |
| | ) |
| INTERNATIONAL HERITAGE | )    Case No. 98:02674-5-AVS |
| INCORPORATED | )    CHAPTER 7 |
| (Tax ID#: 87-0421191) | ) |
| | ) |
| Address: 2626 Glenwood Avenue, Suite 200 | ) |
| Raleigh, NC 27608 | ) |
| | ) |
| Debtors. | ) |

### ENTRY OF APPEARANCE AND REQUEST FOR NOTICES

### NOTICE AND COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT WITH TRUSTEE AND REQUEST FOR INTERVENTION AND RESOLUTION

Now Comes Stanley H. Van Etten, ("Van Etten") former President and CEO of International Heritage, Inc. and International Heritage Incorporated, ("IHI") and pursuant to Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, hereby enters an appearance in the above captioned proceeding and requests that a copy of all notices to creditors and other parties in interest be served upon him.

Now Comes Stanley H. Van Etten, former President and CEO of IHI and respectfully submits his notice and Complaint for Breach of Settlement Agreement with IHI Chapter 7 Trustee, Holmes P. Hardin ("Trustee Hardin"). Van Etten respectfully requests the courts intervention and resolution of Trustee Hardin's breach.

### HISTORY:

Van Etten is the former President and CEO of IHI. IHI filed bankruptcy on November 25, 1998. Holmes P. Hardin was appointed Chapter 7 Trustee for IHI. The IHI Estate had an unpaid payroll tax liability ("Trust Fund Recovery Penalty") for year

1

ending 1998. The unpaid payroll tax liability was known and was properly disclosed and filed in the November 1998 Bankruptcy Schedules for IHI. In October 1999, the IRS assessed against Van Etten personally the Trust Fund Recovery Penalty of $224,666.77 for year ending December 31, 1998 and offset it and withheld Van Etten's personal income tax return of $197,964.70. Van Etten timely appealed and the assessment was temporarily removed in November 1999. The Appeals Office later determined that Van Etten was a responsible party and reassessed it in April 2001. On April 29, 2003, Van Etten timely appealed and submitted IRS Form 843, Claim for Refund and Request for Abatement, of the penalty that has now been paid. As of this date, Van Etten has not received any communication with the IRS pertaining to this matter or his appeal to the determination that he was a responsible party of IHI.

**FACTS:**

Van Etten and IHI Trustee Hardin executed a legally binding Settlement Agreement ("Agreement"). Van Etten's Agreement with IHI Trustee Hardin is attached hereto as Exhibit 1. The Agreement specifically states in Paragraph 1:

"1.    Hardin shall release Van Etten…from any and all claims and causes of action accrued through the date of this Settlement Agreement;"

The Agreement was entered into in June 1999. The Trust Fund Recovery Penalty ("Penalty") applies for year ending 1998. The Penalty arose six months prior to Van Etten's Agreement with IHI Trustee Hardin. See Exhibit 2.

Pursuant to the Agreement, Van Etten is precluded from asserting a claim against IHI. The IRS has purportedly assessed the same penalty and claim against IHI as the one Van Etten paid. See Exhibit 3. Trustee Hardin is scheduled to liquidate and make the IHI distributions in December 2003. Time is of the essence.

**CONCLUSION:**

The IRS assessed a Trust Fund Penalty against Van Etten because he was the President and CEO of IHI. The Penalty is for year ending 1998. The IRS withheld Van Etten's personal income tax return of $197,964.70 and used it to offset the Penalty. Van Etten's Agreement with IHI Trustee Hardin specifically releases Van Etten "from any

2

and all claims and causes of action accrued through the date of this Agreement". The Agreement was effective as of June 1999. IHI Trustee Hardin should release Van Etten from the IRS claim and reimburse Van Etten.

Therefore, for the foregoing reasons, Stanley H. Van Etten respectfully requests this Court to order the trustee to reimburse Van Etten in the amount of $197,964.79 plus accrued statutory interest to date.

Respectfully submitted,

_____
Stanley H. Van Etten

3

**CERTIFICATE OF SERVICE**

This is to certify that I have this 21 day of October , 2003, served
a copy of the foregoing upon the below by regular U.S. Mail:

> Holmes P. Hardin
> Chapter 7 Trustee
> P.O. Drawer 19764
> Raleigh, NC  27619

Respectfully,

_____
Stanley H. Van Etten

4

## SETTLEMENT AGREEMENT

This Settlement Agreement entered into this _____ day of June, 1999, by and among Holmes P. Harden, Chapter 7 Trustee of International Heritage, Inc. and International Heritage, Incorporated ("Harden"), Stanley H. Van Etten ("Van Etten"), Mayflower Holdings, Inc., Mayflower Venture Capital, LLC, Mayflower Aviation, LLC, Mayflower Capital, LLC, and Mayflower Hunt Club (the "Mayflower Companies");

Whereas, Van Etten and some of the Mayflower Companies have asserted certain claims in the International Heritage, Inc. and International Heritage, Incorporated bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of North Carolina;

Whereas, Harden believes that certain claims may exist against Van Etten and the Mayflower Companies, including but not limited to avoidance actions;

Whereas, Van Etten and the Mayflower Companies deny that any claims exist against them and for the benefit of Harden;

Whereas, Harden, Van Etten and the Mayflower Companies desire to resolve any and all claims among them, without admitting or denying any liability;

Now therefore, in exchange for valuable consideration, including the mutual covenants contained herein, and without admitting or denying any liability, the parties agree as follows:

1.      Harden shall release Van Etten and the Mayflower Companies from any and all claims and causes of action accrued through the date of this Settlement Agreement;

2.      Van Etten and the Mayflower Companies will waive any and all claims against International Heritage, Inc., International Heritage, Incorporated (the "Debtors"), property of the Debtors, Holmes P. Harden, Trustee and their agents, attorneys, successors or assigns relating to the Debtors accrued through the date of this Settlement Agreement, including, but not limited to claims of contribution or indemnification; provided, however, that Van Etten shall retain the right to assert claims against the insurance proceeds from TIG and Executive Risk and Harden shall retain the right to object to such claims;

3.      Van Etten and the Mayflower Companies shall assign their rights and interests in the bond posted in the action filed by the Securities and Exchange Commission in the United States District Court for the Northern District of Georgia, and the bond collateral, including any bond reversion interests to Harden;

4.      Van Etten shall transfer all unencumbered and currently owned shares of common stock and options of International Heritage, Incorporated, a Nevada Corporation, including but not limited to 361,022 shares of stock and 5,541,800 options, to Harden;

5.      Van Etten and the Mayflower Companies shall enter into a Consent Judgment or Consent Judgments in an adversary proceeding(s) to be brought by Harden to avoid any and all security interests in the Debtors' assets;

6.    Van Etten shall verify a final set of Statement of Financial Condition, including Exhibits, prepared pursuant to the request of the Securities and Exchange Commission and submit the same to Harden;

7.    Van Etten will agree to cooperate with the Trustee in the administration of the Debtors' estates, including but not limited to giving testimony, attending hearings, mediations or other judicial proceedings; if requested by Van Etten or his counsel, the Trustee shall issue a subpoena requiring Van Etten's attendance, testimony, etc.; Van Etten agrees that service of said subpoena on his counsel Brent E. Wood, via telecopier, shall constitute good service, and if requested, Wood shall execute an acceptance of service for same;

8.    Van Etten shall assign any and all rights he or any company with which he is affiliated has or may have against BTI relating to the marketing of BTI long distance calling cards;

9.    Van Etten and the Mayflower Companies shall verify that the only inventory, equipment, furniture or fixtures he or they may have in their possession, which was transferred to them by the Debtors by way of set off prior to the Debtors' petition date is the property contained within the list attached as Exhibit A; Harden reserves the right to seek the recovery of any property: (a) transferred to Van Etten and/or the Mayflower Companies by the Debtors by way of set-off prior to the Debtors' petition date and (b) not disclosed within Exhibit A;

10.    Van Etten shall cooperate with Harden or his counsel in preparing for avoidance actions against third parties including, but not limited to the giving of testimony regarding the solvency/insolvency of the Debtors; Van Etten or his counsel may request that his attendance or testimony be produced by subpoena; Van Etten's counsel, Brent E. Wood, will accept, and has authority to accept, service of such subpoena;

11.    Van Etten shall withdraw his objection to the Trustee's Application to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction; however, Van Etten will not withdraw his objection to the Trustee's waiver of the Debtors' attorney-client privilege; Furthermore, Van Etten will not waive his attorney-client privilege; Van Etten will waive argument relating to his objection to the Trustee's waiver of the attorney-client privilege; and

12.    This agreement is contingent upon a corresponding settlement between Van Etten and the Securities and Exchange Commission and a settlement between the Securities and Exchange Commission and the Debtors which have been approved by both the Bankruptcy Court and the Securities and Exchange Commission.

_____
Mayflower Holdings, Inc., by
Stanley H. Van Etten, authorized agent

_____
Holmes P. Harden
Chapter 7 Trustee for
International Heritage, Inc. and
International Heritage, Incorporated

2

Mayflower Venture Capital, LLC, by
Stanley H. Van Etten, authorized agent

Mayflower Aviation, LLC, by
Stanley H. Van Etten, authorized agent

Brent E. Wood
Attorney for Stanley H. Van Etten

Mayflower Capital, LLC, by
Stanley H. Van Etten, authorized agent

Stanley H. Van Etten

Mayflower Hunt Club, by
Stanley H. Van Etten, authorized agent

Etwph0111Settlement1.doc

3



336-378-2353

**Department of the Treasury**
**Internal Revenue Service**

320 Federal Place, Room 125
Greensboro, NC  27401
(336) 378-2219

Person to Contact: Beverly Mahan
Employee Number:  56-688470
7:30 a.m. to 5:00 p.m.

Batchelor Tillery & Roberts
Attention: James Black
P.O. Box 18068
Raleigh, NC 27619

Date:  January 21, 2003
Case Number: 2710332
Taxpayer Identification Number: 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

Taxpayers Name: Stanley Van Etten
Tax Form(s): 1040
Tax Period(s) Ending: December 31, 1996, 1998

336-378-2353

Dear Mr. Black:

After receiving your inquiry on behalf of the above referenced taxpayer, I reviewed your client's case file, to determine the reason a Trust Fund Recovery Penalty of $224,666.77 was reassessed under his Social Security number.

My review of the account shows that the penalty was originally assessed in October 1999. Mr. Van Etten filed a timely appeal of the penalty with the Appeals Office and the assessment was temporarily removed in November 1999.  After the Appeals Office determined that your client was a responsible party of International Heritage Inc., the trust fund recovery penalty was reassessed in April 2001.  Enclosed is a copy of the Appeals closing letter dated March 14, 2001, advising your client of the reassessment of the penalty.  With the offset of $197,964.79 to the account, it is now paid in full.

Your client has the option to file Form 843, Claim for Refund and Request for Abatement, of the penalty now that it has been paid.  Please refer to paragraph 3 of the Appeals closing letter for further information.  If your client chooses to file a claim with the IRS, any claim received before April 30, 2003, would be considered timely filed.  Form 843 with instructions is enclosed for your use.

The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate.

Letter 1285



2

I'm closing your inquiry in the Taxpayer Advocate Service. If you have any questions, please contact me Tuesday through Friday, at the telephone number and during the hours of operation listed above. If you're outside the local calling area, there will be a charge for this call. If you prefer, you can write to me at the above address or reach me by fax at (336) 378-2153. Please provide a telephone number where you can be reached and the best time to call you.

Thank you for your patience and cooperation while this was being resolved. I sincerely apologize for any inconvenience this has caused you or your client.

Sincerely,

Beverly Mahan
Senior Associate Advocate

Enclosures:
Letter dated 3/14/01
Form 843(2) with instructions

CC: Stanley Van Etten

The Office of the Taxpayer Advocate operates independently of any other IRS Office
and reports directly to Congress through the National Taxpayer Advocate.

Letter 1286

Internal Revenue Service
Appeals Office
5635 Executive Circle
Suite 180
Charlotte, NC 28212

Date: _____

Stanley H Van Etten
10504 Tredwood Dr
Raleigh, NC 27615

Small Business / Self Employed

Person to Contact:
 ROBERT F. RIPLEY
 Employee ID Number: 56-688488
 Tel:  704-566-5247
 Fax:  704-566-5394
Refer Reply to:
 AP:SB:SE:CHA:RFR
In Re:
 Trust Fund Recovery Penalty
Tax Period(s) Ended:
 06/1992
 09/1992
 12/1992
SSN/EIN Number:
 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
Corporation:
 International Heritage, Inc.
EIN:
 56-1801968

Dear Mr. Van Etten:

Since we were unable to reach an agreement with you for reasons (explained in conference or indicated below), the case will be closed unagreed and an assessment will be made.

The Memphis IRS Center will compute the amount of tax as provided by law, and send you a bill for the amount due..

After you have paid the amount due, you may file a claim for refund.  If you file a claim, you must do so within two years from the time the tax was paid.  Should your claim be rejected you will receive a statutory notice of disallowance.  If we have not acted on your claim within six months from the date you filed it, you may then file suit for refund.  This suit must be filed within two years after we have disallowed your claim.

If you have any questions, please write to the address on this letter, or contact the person whose name and telephone number are shown above.

Sincerely,

ROBERT M. DORAN
Appeals Team Manager

cc:
 Brent Wood

Trust Fund - UnAgreed (Rev. 07/1999)

Click here for a numerical Claims Listing
**Click below for an alphabetical Claim Listing starting with the selected letter**
ABCDEFGHIJKLMNOPQRSTUVWXYZ

Enter a Creditor Name to search for

SEARCH

# USBC EDNC
## Claim Register for Case 98-02675  Office: 5  judge: ATS  Date File 11/25/1998
## Debtor: INTERNATIONAL HERITAGE, INC.  Claims Bar Date 03/30/1999

| Claim No. | Image | Name and Address of Claimant | Date Filed | Total Claim Amount | Oth Inform |
|---|---|---|---|---|---|
| 15654 | Yes: 2 Page(s); 117KB; TIFF | INTERNAL REVENUE SERVICE ATTN: SPECIAL PROCEDURES STAFF 320 FEDERAL PLACE GREENSBORO, NC 27402 | 06/14/1999 | total: $329,913.68 secured: $0.00 unsecured: $0.00 priority: $0.00 | |

Rev. 2/2000

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

_Raleigh_ _____ **Division**

| IN THE MATTER OF: | CASE NUMBER: |
|---|---|

International Heritage, Inc.
International Heritage, Incorporated

**DEBTOR**

CASE NUMBER:

98: 02675-5-AVS
98: 02674-5-AVS

## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

**TO:**   _Michael Delgado_

[   ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| Place: | Date: |
|---|---|
|  | Time: |

[ ✓ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place: _Attached Exhibit "A"_ | Date: |
|---|---|
|  | Time: |

[ ✓ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

(list documents or objects):

_Attached Exhibit "A"_

| Place: | Date: |
|---|---|
|  | Time: |

[   ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date: |
|---|---|
|  | Time: |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed.R. Bankr. P.

| Issuing Officer Signature and Title:  _SVE  Pro Se_ | Date: _7/15/04_ |
|---|---|
| Issuing Officer's Name, Address and Phone Number:  _Stanley H. Van Etten 7924 Lake Drive Raleigh, NC 276_ | |

## PROOF OF SERVICE

| | | | | |
|---|---|---|---|---|
| **SERVED** | Date 1/16/2004 | Place *IRS Office Reception Suite 100 4405 Bland Road Raleigh NC* | | |
| Served on (Print Name) *Al Vinson* | | | Manager or Service | |
| Served by (Print Name) *Stanley H. Van Etten* | | | Title *Pro Se Attorney of Record* | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof Of Service is true and correct.

Executed on *1/16/2003*
*11:40 AM*

Signature of Server

*7924 Lake Drive*
Address of Server

*Raleigh, NC 27613*

Rule 45, Fed. R. Civ. P., Parts(c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)       PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv)   subjects a person to undue burden

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing the specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)       DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SUBPOENA TO PRODUCE SPECIFIC DOCUMENTS AND INFORMATION
## EXHIBIT A

(1)    Any and all files, correspondence, letters, notes, internal memorandum, telephone memorandum, accounting statements or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present employee, attorney, associate, investigator, paralegal, intern, administrative or other person, **which, in any way, relate to any party to the Settlement Agreements argued in this matter; to include, but not limited to**;

**Stanley H. Van Etten (Party to Settlement), and/or;**
**Holmes P. Harden (Party to Settlement), and/or;**
**International Heritage, Inc. (Debtor Estate), and/or;**
**International Heritage Incorporated (Debtor Estate), and/or;**
**Mayflower Holdings, Inc. (Party to Settlement), and/or;**
**Mayflower Capital, LLC (Party to Settlement), and/or;**
**Brent E. Wood (Party to Settlement), and/or;**
**Bill Hicks (Party to Settlement-SEC), and/or;**
**Scott Wilkinson (Party to Settlement-AUSA), and/or;**
**Scott Schiller (Special Agent Internal Revenue Service), and/or;**

**AND**

**The Internal Revenue Service**
**The United States Attorney's Office, Raleigh, NC; Charlotte, NC; Atlanta, GA**
**The Securities Exchange Commission, Atlanta, GA**
**Federal Bureau of Investigation, Raleigh, NC**
**Any State Government (Tax, Regulatory or Law Enforcement) in the United States including but not limited to North Carolina, Montana, Virginia, Oklahoma, Georgia, Florida and Kansas.**

for the period of **November 25, 1998 (Bankruptcy Filing Date) through and including January 15, 2004.**

(2)    The names and present/last known addresses and telephone numbers of all former or present attorneys, associates, employees or agents, investigators, interns, paralegal, support and administrative person who were, in any way, involved in or otherwise participated in, associated with or party to, in any manner, direct or indirect, with any and all Federal, State and Regulatory Agencies/Authority, including Law Enforcement, investigating or prosecuting International Heritage, Inc., International Heritage Incorporated, Stanley H. Van Etten, Mayflower Holdings or Mayflower Capital during the time period set forth herein.

## Definitions and Instructions

Any and all writings or documents, including, but not limited to correspondence notes. memoranda, memorializations, calendars, diaries or, telephone records which discuss, mention, refer or relate to, or otherwise involve, in any way, any communication or contact between Holmes P. Harden and any person or entity named herein, to include, but not limited to;

1. any federal and state regulatory authority, including but not limited to the Securities Exchange Commission and those named herein, and;
2. any federal and state law enforcement agency, or authority, including but not limited to those named herein, and;
3. any current or former member of the news media, and;

As used herein; "Writing" or "Document" means without limitation, a copy of the original or copy of each final or interim version of the following items, whether printed, recorded or reproduced by hand or any mechanical process; agreements, contracts, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or interviews, minutes, bulletins, diaries, graphs, studies, reports, notes, notebooks, books, checks, statements, specifications, receipts, returns, plans charts, diagrams, drawings, sketches, maps, summaries or reports of investigations or negotiations, interoffice communications, teletypes, telecopy's, opinions or reports of consultants, graphic or aural records or representations of any kind, including, but not limited to, photographic film, microfilm, microfiche, magnetic impulse, brochures, videotape recordings, pamphlets, advertisements, circulars, press releases, electronic or mechanical records of representations of any kind, including, but not limited to, tapes, cassettes, discs and recordings, media devices, drafts, letters, any marginal comments appearing on any document, and all other writings or physical or tangible materials.