**FILED**
**JAN 20 2004**
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CASE NO. 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC. | ) | CHAPTER 7 |
| | ) | |
| INTERNATIONAL HERITAGE INCORPORATED | ) | CASE NO. 98-02674-5-ATS |
| | ) | CHAPTER 7 |
| Debtors. | ) | |

## MOTION TO QUASH

NOW COMES Holmes P. Harden, trustee in the above-captioned case, ("trustee") and moves the court pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure and Rule 9016 of the Bankruptcy Rules to quash the subpoena attached hereto as Exhibit A for the reasons set forth below:

1. The subpoena was improperly issued and improperly served and is invalid on its face.

2. The court has authorized Holmes P. Harden to represent the trustee in the above-captioned cases. Insofar as the subpoena requires the testimony of the trustee's attorney, it requires disclosure of privileged or other protected matter and there is no applicable exception or waiver.

3. The subpoena purports to command the trustee's presence at a deposition scheduled for January 21, 2004 at 10:00 a.m. Trustee expects to be out of town on business on January 21, 2004; therefore, the subpoena subjects the trustee to undue burden.

WHEREFORE, the trustee requests that the subpoena attached hereto as Exhibit A be quashed and that trustee be relieved of any obligation to appear at the taking of a deposition by Stanley H. Van Etten.

Respectfully submitted this the 15 day of January, 2004.

MAUPIN TAYLOR, P.A.

By: /s/ Holmes P. Harden
Holmes P. Harden
Attorney for Trustee
3200 Beechleaf Court, Ste. 500
P.O. Drawer 19764
Raleigh, NC 27619-9764
(919) 981-4000

Rev. 2/2000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
_____Raleigh_____ Division



**IN THE MATTER OF:**

International Heritage, Inc.
International Heritage Incorporated
DEBTOR

**CASE NUMBER:**

98:02675-5-AVS
98:02674-5-AVS

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

TO: Holmes P. Harden

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| Place: | Date: |
| --- | --- |
|  | Time: |

[✓] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place: See Attached Exhibit 1 | Date: |
| --- | --- |
|  | Time: |

[✓] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

(list documents or objects):

See Attached Exhibit 1

| Place: | Date: |
| --- | --- |
|  | Time: |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date: |
| --- | --- |
|  | Time: |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed.R. Bankr. P.

| Issuing Officer Signature and Title: *SVE* Pro Se | Date: 1/14/04 |
| --- | --- |

Issuing Officer's Name, Address and Phone Number:

Stanley H. Van Etten 7924 Lake Drive Raleigh, NC 27613

# SUBPOENA TO PRODUCE SPECIFIC DOCUMENTS AND INFORMATION
# EXHIBIT A

(1) Any and all files, correspondence, letters, notes, internal memorandum, telephone memorandum, accounting statements or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present employee, attorney, associate, investigator, paralegal, intern, administrative or other person, **which, in any way, relate to any party to the Settlement Agreements argued in this matter; to include, but not limited to;**

Stanley H. Van Etten (Party to Settlement), and/or;
Holmes P. Harden (Party to Settlement), and/or;
International Heritage, Inc. (Debtor Estate), and/or;
International Heritage Incorporated (Debtor Estate), and/or;
Mayflower Holdings, Inc. (Party to Settlement), and/or;
Mayflower Capital, LLC (Party to Settlement), and/or;
Brent E. Wood (Party to Settlement), and/or;
Bill Hicks (Party to Settlement-SEC), and/or;
Scott Wilkinson (Party to Settlement-AUSA), and/or;
Lloyd Whitaker (Court Appointed Monitor), and/or;

AND

The Internal Revenue Service
The United States Attorney's Office, Raleigh, NC; Charlotte, NC; Atlanta, GA
The Securities Exchange Commission, Atlanta, GA
Federal Bureau of Investigation, Raleigh, NC
ACSTAR Insurance
The News & Observer
Any State Government (Tax, Regulatory or Law Enforcement) in the United States including but not limited to North Carolina, Montana, Virginia, Oklahoma, Georgia, Florida and Kansas.

for the period of **November 25, 1998 (Bankruptcy Filing Date) through and including January 14, 2004.**

(2) The names and present/last known addresses and telephone numbers of all former or present attorneys, associates, employees or agents, investigators, interns, paralegal, support and administrative person who were, in any way, involved in or otherwise participated in, associated with or party to, in any manner, direct or indirect, with any and all Federal, State and Regulatory Agencies/Authority, including Law Enforcement, investigating or prosecuting International Heritage, Inc., International Heritage Incorporated, Stanley H. Van Etten, Mayflower Holdings or Mayflower Capital during the time period set forth herein.

## Definitions and Instructions

Any and all writings or documents, including, but not limited to correspondence notes, memoranda, memorializations, calendars, diaries or, telephone records which discuss, mention, refer or relate to, or otherwise involve, in any way, any communication or contact between Holmes P. Harden and any person or entity named herein, to include, but not limited to;

1. any federal and state regulatory authority, including but not limited to the Securities Exchange Commission and those named herein, and;
2. any federal and state law enforcement agency, or authority, including but not limited to those named herein, and;
3. any current or former member of the news media, and;

As used herein; "Writing" or "Document" means without limitation, a copy of the original or copy of each final or interim version of the following items, whether printed, recorded or reproduced by hand or any mechanical process; agreements, contracts, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or interviews, minutes, bulletins, diaries, graphs, studies, reports, notes, notebooks, books, checks, statements, specifications, receipts, returns, plans charts, diagrams, drawings, sketches, maps, summaries or reports of investigations or negotiations, interoffice communications, teletypes, telecopy's, opinions or reports of consultants, graphic or aural records or representations of any kind, including, but not limited to, photographic film, microfilm, microfiche, magnetic impulse, brochures, videotape recordings, pamphlets, advertisements, circulars, press releases, electronic or mechanical records of representations of any kind, including, but not limited to, tapes, cassettes, discs and recordings, media devices, drafts, letters, any marginal comments appearing on any document, and all other writings or physical or tangible materials.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, INC. | ) | Case No. 98:02675-5-AVS |
| (TAX ID#: 56-1921093) | ) | CHAPTER 7 |
| | ) | |
| INTERNATIONAL HERITAGE | ) | Case No. 98:02674-5-AVS |
| INCORPORATED | ) | CHAPTER 7 |
| (Tax ID#: 87-0421191) | ) | |
| | ) | **NOTICE OF DEPOSITION** |
| Address: 2626 Glenwood Avenue, Suite 200 | ) | **AND ISSUANCE OF SUBPOENA** |
| Raleigh, NC 27608 | ) | |
| | ) | **HOLMES P. HARDEN** |
| Debtors. | ) | |

Defendant, Stanley H. Van Etten, Pro Se, respectfully submits his Notice of Deposition and Issuance of Subpoena.

### Introduction

The Honorable U.S. Bankruptcy Judge, A. Thomas Small, provided Notice of Hearing and Certificate of Service on January 14, 2004, for Hearing January 27, 2004. <u>See attached Exhibit 1</u>.

This matter is set for hearing on January 27, 2004 on Van Etten's Notice and Complaint for Breach of Settlement Agreement with Trustee and Request for Intervention and Resolution (Court Docket Filing #549). <u>See attached Exhibit 2.</u>

This matter is set for hearing on January 27, 2004 on Van Etten's Supplemental Filing, filed January 12, 2004 (Court Docket Filing #553), containing additional violations of Settlement Agreement with Trustee and Request for Intervention and Resolution; violations of attorney-client privilege and a collusive scheme to violate rights, attached as exhibit 1.

## Notice

    Please take notice that, pursuant to the Federal Rules of Civil Procedure, Stanley H. Van Etten issued a Notice of Deposition and Issuance of Subpoena in this matter, to produce TESTIMONY, and permit inspection and COPYING of documents and records, as specified herein;

| | |
|---|---|
| **Witness:** | Holmes P. Harden<br>Trustee and Party to Settlement Agreement<br>Maupin Taylor, P.A.<br>Highwoods Tower One<br>3200 Beechleaf Court<br>Suite 500<br>Raleigh, NC 27604 |
| **Date/Time:** | January 21, 2004 at 10:00 a.m.<br>Ellis & Winters, LLP<br>1100 Crescent Green<br>Suite 200<br>Cary, NC 27511<br>(919) 865-7000 |
| **Subject:** | See Attached Subpoena, <u>Exhibit 3</u> |
| **Dated:** | January 14, 2004 |

## CERTIFICATE OF SERVICE

This is to certify that I have this 14th day of January 2004, served a copy of the foregoing upon Holmes P. Harden, in this criminal matter, by HAND DELIVERY of the same in person to:

Maupin Taylor, P.A.
Mr. Holmes P. Harden
Highwoods Tower One
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604

Counsel Service via E-Mail, Fax or U.S. Mail

Terri L. Gardner
Poyner & Spruill, LLP
P.O. Drawer 10096
3600 Glenwood Avenue
Raleigh, NC 27605-0096

Mr. David W. Long
Attorney at Law
P.O. Box 10096
Raleigh, NC 27605
(919) 783-2808
(919) 783-1075 Fax

Mr. Jeffrey L. Burley
Attorney at Law
402 Lamar Street, Suite 108
Sherman, TX 75090
(903) 868-0005 Fax

Mr. John P. O'Hale
Attorney at Law
102 South Third Street
Smithfield, NC 27577
(919) 934-6280 Fax

Paul K. Sun
Attorney at Law
1100 Crescent Green
Suite 200
Cary, NC 27511
(919) 865-7000

**U.S. Bankruptcy Court for the Eastern District of North Carolina**
CLERK, U.S. BANKRUPTCY COURT
POST OFFICE BOX 1441
RALEIGH, N.C. 27602-1441

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on November 25, 1998:
DEBTOR: INTERNATIONAL HERITAGE, INC. of C/O TERRI L. GARDNER, POST OFFICE DRAWER 1389, RALEIGH, NC 27602; SSN: N/A, EIN: 56-1921093

CASE NO. 98-02675-5-ATS

ORDER AND NOTICE
BY THE COURT

FILED
JAN 1 3 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that a hearing in said cause will be held:

DATE: January 27, 2004
TIME: 01:00 P.M.
PLACE:
UNITED STATES BANKRUPTCY COURT
U.S. COURTHOUSE & P.O. BLDG., ROOM 208, 300 FAYETTEVILLE ST. MALL, RALEIGH, NC

to consider and act on the following matters:

Motion for Formal Investigation for Impropriety by Trustee, Motion to Remove IHI Trustee and Stay Disbursement of Attorney Fees and Expenses, Motion to Stay IHI Disbursements and Motion for Evidentary Hearing filed by Stan Van Etten on January 12, 2004.

and to transact all other business as may properly come before the court.

DATED: JAN 1 3 2004

PEGGY B. DEANS
CLERK OF COURT

553    554

```
              MAILING LIST FOR CASE [5] 98-02675-5-ATS

Mailing generated on: 01/13/04 At: 08:07:38 By: AM
Form: VAN-057


T      : Holmes P. Harden
         P.O. Box 17169
         Raleigh, NC 27619
=================================================================
D      : INTERNATIONAL HERITAGE, INC.
         C/O TERRI L. GARDNER
         POST OFFICE DRAWER 1389
         RALEIGH, NC 27602
=================================================================
DA     : Terri L. Gardner
         PO DRAWER 10096
         3600 GLENWOOD AVENUE
         RALEIGH, NC 27605-0096
=================================================================
All parties with addresses were noticed.
```

BA

Stanley Van Etten
7924 Lake Dr
Raleigh, NC 27613

**U.S. Bankruptcy Court for the Eastern District of North Carolina**
CLERK, U.S. BANKRUPTCY COURT
POST OFFICE BOX 1441
RALEIGH, N.C. 27602-1441

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by or against the below-named Debtor on November 25, 1998:
DEBTOR: INTERNATIONAL HERITAGE, INC. of C/O TERRI L. GARDNER, POST OFFICE DRAWER 1389, RALEIGH, NC 27602; SSN: N/A, EIN: 56-1921093

CASE NO. 98-02675-5-ATS

ORDER AND NOTICE
BY THE COURT

FILED
DEC 11 2003
PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that a hearing in said cause will be held:

DATE: January 27, 2004
TIME: 01:00 P.M.
PLACE:
UNITED STATES BANKRUPTCY COURT
U.S. COURTHOUSE & P.O. BLDG., ROOM 208, 300 FAYETTEVILLE ST. MALL, RALEIGH, NC

to consider and act on the following matters:

Notice and Complaint for Breach of Settlement Agreement with Trustee and Request for Intervention and Resolution filed by Stanley H. Van Etten on October 29, 2003.

and to transact all other business as may properly come before the court.

DATED: DEC 11 2003

PEGGY B. DEANS
CLERK OF COURT

549                                                                                   550

## MAILING LIST FOR CASE [5] 98-02675-5-ATS

Mailing generated on: 12/11/03 At: 12:56:49 By: AM
Form: VAN-057

```
T      : Holmes P. Harden
         P.O. Box 17169
         Raleigh, NC 27619
=================================================================
D      : INTERNATIONAL HERITAGE, INC.
         C/O TERRI L. GARDNER
         POST OFFICE DRAWER 1389
         RALEIGH, NC 27602
=================================================================
DA     : Terri L. Gardner
         PO DRAWER 10096
         3600 GLENWOOD AVENUE
         RALEIGH, NC 27605-0096
=================================================================
```

All parties with addresses were noticed.

Stanley Van Etten
7924 Lake Dr
Raleigh, NC 27613

Rev. 2/2000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
_____Raleigh_____ Division

IN THE MATTER OF:

*International Heritage, Inc.*
*International Heritage Incorporated*
DEBTOR

CASE NUMBER:

98:02675-5-AVS
98:02674-5-AVS

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

TO: Holmes P. Harden

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| Place: | Date: |
| --- | --- |
|  | Time: |

[✓] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place: See Attached Exhibit 1 | Date: |
| --- | --- |
|  | Time: |

[✓] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

(list documents or objects):

See Attached Exhibit 1

| Place: | Date: |
| --- | --- |
|  | Time: |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date: |
| --- | --- |
|  | Time: |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed.R. Bankr. P.

| Issuing Officer Signature and Title: /s/ Pro Se | Date: 1/14/04 |
| --- | --- |

Issuing Officer's Name, Address and Phone Number:

Stanley H. Van Etten  7924 Lake Drive Raleigh, NC 27613

| PROOF OF SERVICE | | | |
|---|---|---|---|
| SERVED | Date | Place | |
| Served on (Print Name) | | | Manager or Service |
| Served by (Print Name) | | | Title |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof Of Service is true and correct.

Executed on _____

_____
Signature of Server

_____
Address of Server

_____

Rule 45, Fed. R. Civ. P., Parts(c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing the specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SUBPOENA TO PRODUCE SPECIFIC DOCUMENTS AND INFORMATION
## EXHIBIT A

(1)     Any and all files, correspondence, letters, notes, internal memorandum, telephone memorandum, accounting statements or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present employee, attorney, associate, investigator, paralegal, intern, administrative or other person, **which, in any way, relate to any party to the Settlement Agreements argued in this matter; to include, but not limited to;**

> **Stanley H. Van Etten (Party to Settlement), and/or;**
> **Holmes P. Harden (Party to Settlement), and/or;**
> **International Heritage, Inc. (Debtor Estate), and/or;**
> **International Heritage Incorporated (Debtor Estate), and/or;**
> **Mayflower Holdings, Inc. (Party to Settlement), and/or;**
> **Mayflower Capital, LLC (Party to Settlement), and/or;**
> **Brent E. Wood (Party to Settlement), and/or;**
> **Bill Hicks (Party to Settlement-SEC), and/or;**
> **Scott Wilkinson (Party to Settlement-AUSA), and/or;**
> **Lloyd Whitaker (Court Appointed Monitor), and/or;**

## AND

> **The Internal Revenue Service**
> **The United States Attorney's Office, Raleigh, NC; Charlotte, NC; Atlanta, GA**
> **The Securities Exchange Commission, Atlanta, GA**
> **Federal Bureau of Investigation, Raleigh, NC**
> **ACSTAR Insurance**
> **The News & Observer**
> **Any State Government (Tax, Regulatory or Law Enforcement) in the United States including but not limited to North Carolina, Montana, Virginia, Oklahoma, Georgia, Florida and Kansas.**

for the period of **November 25, 1998 (Bankruptcy Filing Date) through and including January 14, 2004.**

(2)     The names and present/last known addresses and telephone numbers of all former or present attorneys, associates, employees or agents, investigators, interns, paralegal, support and administrative person who were, in any way, involved in or otherwise participated in, associated with or party to, in any manner, direct or indirect, with any and all Federal, State and Regulatory Agencies/Authority, including Law Enforcement, investigating or prosecuting International Heritage, Inc., International Heritage Incorporated, Stanley H. Van Etten, Mayflower Holdings or Mayflower Capital during the time period set forth herein.

## Definitions and Instructions

Any and all writings or documents, including, but not limited to correspondence notes, memoranda, memorializations, calendars, diaries or, telephone records which discuss, mention, refer or relate to, or otherwise involve, in any way, any communication or contact between Holmes P. Harden and any person or entity named herein, to include, but not limited to;

1. any federal and state regulatory authority, including but not limited to the Securities Exchange Commission and those named herein, and;
2. any federal and state law enforcement agency, or authority, including but not limited to those named herein, and;
3. any current or former member of the news media, and;

As used herein; "Writing" or "Document" means without limitation, a copy of the original or copy of each final or interim version of the following items, whether printed, recorded or reproduced by hand or any mechanical process; agreements, contracts, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or interviews, minutes, bulletins, diaries, graphs, studies, reports, notes, notebooks, books, checks, statements, specifications, receipts, returns, plans charts, diagrams, drawings, sketches, maps, summaries or reports of investigations or negotiations, interoffice communications, teletypes, telecopy's, opinions or reports of consultants, graphic or aural records or representations of any kind, including, but not limited to, photographic film, microfilm, microfiche, magnetic impulse, brochures, videotape recordings, pamphlets, advertisements, circulars, press releases, electronic or mechanical records of representations of any kind, including, but not limited to, tapes, cassettes, discs and recordings, media devices, drafts, letters, any marginal comments appearing on any document, and all other writings or physical or tangible materials.

ATTORNEYS AT LAW

**RALEIGH OFFICE**
3200 BEECHLEAF COURT
SUITE 500
RALEIGH, NC 27604-1064
TELEPHONE 919.981.4000
TELEFAX 919.981.4300

MAILING ADDRESS
POST OFFICE BOX 19764
RALEIGH, NC 27619-9764

WWW.MAUPINTAYLOR.COM

**HOLMES P. HARDEN**
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW

## Maupin Taylor P.A.

**RTP OFFICE**
480 BETA BUILDING
HEADQUARTERS PARK
2222 CHAPEL HILL-NELSON HWY.
DURHAM, NC 27713
TELEPHONE 919.361.4900
TELEFAX 919.361.2262

MAILING ADDRESS
POST OFFICE BOX 13646
RESEARCH TRIANGLE PARK, NC
27709-3646

**WILMINGTON OFFICE**
LANDFALL PARK NORTH
1985 EASTWOOD ROAD
SUITE 200
WILMINGTON, NC 28403
TELEPHONE 910.256.5135

January 15, 2004

Stanley H. Van Etten
7924 Lake Drive
Raleigh, NC 27613

    Re:    International Heritage, Inc. – Case No. 98-02675-5-ATS
             International Heritage Incorporated – Case No. 98-02674-5-ATS

Dear Mr. Van Etten:

I am in receipt of your January 14, 2004 Subpoena in a Case Under the Bankruptcy Code commanding me to produce and permit inspection and copying of certain documents and information.

Please accept this as my written objection to inspection and copying of all of the designated materials pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure and Rule 9016 of the Bankruptcy Rules.

                        Sincerely,

                        Holmes P. Harden

cc:    U.S. Bankruptcy Court
        Eastern District of North Carolina
        Raleigh Division

RALEIGH\402921_1



CERTIFICATE OF SERVICE

I, Holmes P. Harden, do hereby certify that the Motion to Quash, hereto attached, was served upon the parties listed below by mailing a copy thereto to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service on the 15th day of January, 2004.

MAUPIN TAYLOR, P.A.

BY: /s/ Holmes Harden
Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
P.O. Box 3039
Raleigh, NC 27602-3039

Stanley H. Van Etten
7924 Lake Drive
Raleigh, NC 27613

Stephani Humrickhouse, Esq.
P. O. Box 18237
Raleigh, NC 27619-8237