UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**FILED**
JAN 2 0 2004
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE: )
)
INTERNATIONAL HERITAGE, INC. ) Case No. 98:02675-5-AVS
   (TAX ID#: 56-1921093) ) CHAPTER 7
)
INTERNATIONAL HERITAGE ) Case No. 98:02674-5-AVS
INCORPORATED ) CHAPTER 7
   (Tax ID#: 87-0421191) )
) **VAN ETTEN's RESPONSE TO**
Address: 2626 Glenwood Avenue, Suite 200 ) **TRUSTEE'S MOTION TO QUASH**
   Raleigh, NC  27608 ) **DEPOSITION AND SUBPOENA**
)
Debtors. )

Stanley H. Van Etten, Pro Se, respectfully submits his Response in Opposition to Holmes P. Harden's, trustee in the above-captioned case, Motion to Quash Van Etten's Notice of Deposition and Issuance of Subpoena.

### Introduction

On January 12, 2004, Van Etten filed, Supplemental Filing Breach of Settlement, containing motions; **Motion for Formal Investigation for Impropriety by Trustee Holmes P. Harden, Motion to Remove IHI Trustee Holmes P. Harden and Stay Disbursement of Attorney Fees and Expenses, Motion to Stay IHI Disbursements and Motion for an Evidentiary Hearing.**

On January 13, 2004, the Honorable Judge, A. Thomas Small, provided **Notice of Hearing and Certificate of Service** for this matter, scheduled for January 27, 2004.

On January 13, 2004, Holmes P. Harden, "**I will look forward to reading your forthcoming filings if you serve me with them, and to seeing you in bankruptcy court on the 27th. We'll chat then.**" On January 12, 2004, Van Etten provided Trustee Harden with a copy of the Supplemental Filing and requested a meeting to "informally" discuss the information and issues thereto, however, Trustee Harden declined.

On January 13, 2004, Van Etten contacted the U.S. Bankruptcy Court Clerk's Office in request of information in the Notice of a Party for Deposition and in the Issuance of a Subpoena for documents and records, since Trustee Harden was unwilling to provide any information to Van Etten. The Clerk's Office was very helpful and professional.

On January 14, 2004, Van Etten served Holmes P. Harden with "formal" Notice of Deposition and the Issuance of Subpoena, for deposition in this matter on January 21, 2004. Van

561

Etten divided the time-period, Notice date of January 13th to Hearing date of January 27th, in half providing all parties equal time to prepare.

The specific statutory duties of a trustee include; **"The Trustee shall be accountable for all property received, and; furnish such information concerning the estate and the estate's administration as is requested by a party in interest."** Trustee Harden refuses to provide Van Etten with any information in this matter, making the Notice of Deposition and Issuance of Subpoena necessary.

The record in this matter contains irrefutable and uncontradicted information, documents and records, implicating Holmes P. Harden in a collusive scheme to violate Van Etten's rights and attorney-client privilege, which remains ongoing to this day, and numerous other breaches of the two (2) settlement agreements.

Van Etten and his closely held companies, by and through the two (2) settlement agreements and insurance proceeds insuring to the benefit of Van Etten, contributed more than $6 million, all NON-DEBTOR ASSETS, to the IHI Estate, which contains approximately $7.5 million in total. The record irrefutably supports, without contradiction by Trustee or other, Van Etten in his allegations of FRAUD and an ongoing Collusive Scheme thereto, involving Trustee Harden, terminated for cause, AUSA Scott Wilkinson, SEC attorney Bill Hicks and NCAG's Office attorney Kristine Lanning.

Stanley H. Van Etten prays to this Court for an Order DENYING IHI Trustee Holmes P. Hardens' Motion to Quash. In the alternative, Command Trustee Harden to provide Van Etten with an acceptable date and time for Deposition and Production of documents and records, in advance of the January 27, 2004 Hearing in this matter.

Respectfully submitted this 20th day of January 2004.

Stanley H. Van Etten, Pro Se
7924 Lake Drive
Raleigh, NC 27613
(919) 847-7885
(919) 870-6481 Fax

*Delivered at*

| | | |
|---|---|---|
| | 1/14/2004 5:45 p.m. | **PROOF OF SERVICE** |
| **SERVED** | Date: January 14'04 | Place: Maupin Taylor Office Raleigh N.C. |
| Served on (Print Name) X PATSY COLEMAN | | Manager or Service X receptionist + service accepted |
| Served by (Print Name) ALEXANDRA GLINKOWSKI | | Title: process server |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof Of Service is true and correct.

Executed on January 14' 2004

Signature of Server

7520 Tanglewild drive
Address of Server

Raleigh NC 27613

---

Rule 45, Fed. R. Civ. P., Parts(c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated material or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv)  subjects a person to undue burden

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing the specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

This is to certify that I have this 20th day of January 2004, served a copy of the foregoing upon Holmes P. Harden, in this criminal matter, by EMAIL of the same in person to:

Maupin Taylor, P.A.
Mr. Holmes P. Harden
Highwoods Tower One
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604

Counsel Service via E-Mail, Fax or U.S. Mail

Terri L. Gardner
Poyner & Spruill, LLP
P.O. Drawer 10096
3600 Glenwood Avenue
Raleigh, NC 27605-0096

Mr. David W. Long
Attorney at Law
P.O. Box 10096
Raleigh, NC 27605
(919) 783-2808
(919) 783-1075 Fax

Mr. Jeffrey L. Burley
Attorney at Law
402 Lamar Street, Suite 108
Sherman, TX 75090
(903) 868-0005 Fax

Mr. John P. O'Hale
Attorney at Law
102 South Third Street
Smithfield, NC 27577
(919) 934-6280 Fax

Paul K. Sun
Attorney at Law
1100 Crescent Green
Suite 200
Cary, NC 27511
(919) 865-7000