FILED 1/21/2004 10:01:59 AM, USBC, Eastern District of North Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF: | CASE NO. 98:02675-5-ATS |
| | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC., | |
| AND INTERNATIONAL HERITAGE | CASE NO. 98:02674-5-ATS |
| INCORPORATED, | CHAPTER 7 |
| Debtors. | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**

Stanley Van Etten, pro se, has subpoenaed Michael Delgado, Revenue Agent of the I.R.S., who is now and at all times involved in this case has been employed by the United States, Internal Revenue Service.  The subpoena, which appears to seek deposition testimony on January 22, 2004, and documents related to a settlement agreement, should be quashed because, <u>inter</u> <u>alia</u>, Revenue Agent Delgado has not been authorized by the IRS to testify and has no relevant testimony or documents to provide.

All of the requested testimony and information was obtained by Revenue Agent Delgado in his official capacity.  Revenue Agent Delgado examined Mr. Van Etten's 1998 federal income tax return, but he has no documents and can offer no testimony relevant to the settlement agreement referred to in the subpoena (apparently a settlement with the Chapter 7 Trustee), the trust fund liability for unpaid employment taxes (assessed pursuant to 26 U.S.C., Section 6672), or the offset of payments at issue between the Chapter 7 Trustee and Mr. Van Etten in this bankruptcy case.  It should be noted that Revenue Agent Delgado

has no information regarding the issue with the Chapter 7 Trustee or the criminal investigation, and no responsive documents in his possession.  It should be further noted that Mr. Van Etten has been informed that any of his documents that he has provided should be available to him upon proper request to the Special Agent or the U. S. Attorney's office, but he has not requested these documents.

The Commissioner of Internal Revenue has promulgated regulations under authority of the federal housekeeping statute, 5 U.S.C. § 301, to centralize decisions on releasing information in response to subpoenas and other demands of courts or other authorities.  See, 26 C.F.R. § 301.9000-1 et seq.

The United States, on behalf of the IRS, does not appear to be a party to the matters at issue in this bankruptcy case.  26 C.F.R. § 301.9000-1 provides that any agent of the I.R.S. is prohibited from offering documents or testimony without the express authorization of the Commissioner of the Internal Revenue Service.  In the present case, the subpoena directed to the I.R.S. revenue agent has been referred to the civil Assistant United States Attorney who is handling bankruptcy matters.

The regulations generally require that a party seeking to compel the oral testimony of IRS employees must provide

> an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought . . . .

See 28 C.F.R. § 16.22(c).

Following the receipt of the required summary pertaining to the persons working on this case, the IRS must evaluate the substance and scope of the request in light of TOUHY guidelines for release of such information, and consider whether or not disclosure of information through the these employees, is appropriate under various factors listed.

## Federal Housekeeping Statute

The regulations which prohibit the federal employees and persons with official status from testifying or disclosing documents, absent instruction, were promulgated by various agencies, in this case, the I.R.S. and the Department of Justice, pursuant to the federal housekeeping statute, 5 U.S.C. § 301. This statute has a long and clear history since its original enactment in 1789 to aid President Washington in his organization of the Executive department. 1 Stat. 72 (1789); see Chrysler Corp. v. Brown, 441 U.S. 281, 309, 99 S. Ct. 1705, 60 L.Ed.2d 208 (1979). Department heads have authority to centralize decisions for releasing information through documents or testimony. Id. at 310; H.R. Rep. No. 1461, 85th Cong., 2d Sess. 7 (1958). The courts have repeatedly upheld regulations centralizing authority to release information, declaring that the regulations carry the force of law because they are within the contemplation of the grant of authority for orderly management in the housekeeping statute. Chrysler, 441 U.S. at 309; Boske v. Comingore, 177 U.S.

459, 470, 20 S. Ct. 701, 44 L.Ed. 840 (1900) (Treasury Department rules on release to tax revenue data); Marcoux v. Mid-States Livestock, 66 F.R.D. 573, 579 (W.D. Mo. 1975) (Treasury Department rule on release of bank investigation records).

Internal Revenue Service regulations, 26 C.F.R. § 301.9000-1 should similarly be accorded the force of law because they are "lawful and fully authorized by law." State of North Carolina v. Carr, 264 F. Supp. 75, 80 (W.D.N.C.), appeal dismissed 386 F.2d 129, 131 (4th Cir. 1967) (upholding Department of Justice Order No. 324-64) (predecessor to 28 C.F.R. 16.21 et seq.).

The Supreme Court upheld another predecessor of the types of regulations involved in this case in United States ex rel. Touhy v. Ragen, 340 U.S. 462, 470, 71 S. Ct. 416, 95 L.Ed. 417 (1951). The Court ordered the release from jail of a special agent of the F.B.I. who had been incarcerated on contempt charges. Id. at 470. The agent was subpoenaed to produce investigatory information in a federal habeas corpus proceeding to support an Illinois inmate's contention that his conviction was brought about by fraud. Id. at 464-65. The agent requested instructions form his superiors, and was jailed for contempt of court when he declined to produce the files or orders from the Attorney General. Id. at 465.

In Touhy, the Supreme Court noted that employees of the Department of Justice have no discretion to honor subpoenas for

official information and that they are bound to follow the lawful orders of the Attorney General.  Id. at 467.  This observation follows a judicial policy against holding a subordinate responsible for the discretionary acts of his superiors. N.L.R.B. v. Capitol Fish Co., 294 F.2d 868, 874 n.13 (5th Cir. 1951); Marcoux c. Mid-State Livestock, supra, 66 F.R.D. at 579. See also 4 Moore, Federal Practice para. 26.61 (2d Ed. 1974).

In United States v. Potts, the district court found itself without jurisdiction to compel the United States Attorney for the Middle District of Pennsylvania to release the names of grand jurors as required by subpoena.  57 F. Supp. 204, 206 (M.D. Pa. 1944).  The Ninth Circuit had held earlier in Ex parte Sackett, 74 F.2d 922, 924 (9th Cir. 1935), that a federal court has no power or authority to compel an F.B.I. agent to produce investigatory documents under subpoena when the agent relies on the lawful regulations of the Department of Justice and an order of the Attorney General.  Id. at 924.  Agent Sackett was ordered discharged from jail for contempt.

The purpose of these regulations is to preserve a claim of sovereign immunity for assertion by the various agency heads when they enacted the various agency Touhy regulations for their respective departments.  United States v. Reynolds, 3435 U.S. 1, 6-7, 73 S. Ct. 529, 97 L.Ed. 727 (1953); N.L.R.B. v. Capitol Fish Co., supra, 294 F.2d at 868.  The information sought by subpoena

5

of the Internal Revenue Service and the Department of Justice employees, in this case, is by law in the custody of the respective agency head.  Ex parte Sackett, supra, 74 F.2d at 924; 5 U.S.C. § 301.  When a subpoena seeks disclosure of information the department head, or his designee, is the only officer who may assert claims of sovereign immunity against disclosure, and only after consideration of the area of testimony subpoenaed.  United States v. Reynolds, 3345 U.S. 1, 7-8, 73 S. Ct. 528, 97 L.Ed.2d 727 (1953); Garber v. United States, 73 F.R.D. 364, 365 (D.D.C. 1977), affirmed, 578 F.2d 414 (D.C. Cir. 1978); Black v. Sheraton Corp. of America, 564 F.2d 531, 536 (D.C. Cir. 1977).

Similar regulations have been interpreted by the Fourth Circuit Court of Appeals in the case of Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989).  In Downie, the plaintiff sought to compel an employee of the Environmental Protection Agency (hereinafter "EPA"), Jack Downie, to testify in a state court civil action, contrary to specific instructions of his agency superiors, concerning information acquired during the course of his official duties.  The court held that the state court, and the federal district court on removal, lacked jurisdiction to compel the defendant to appear and testify.

The Fourth Circuit Court of Appeals specifically held that the courts had no jurisdiction to compel testimony contrary to EPA instructions.  As the court noted:

> The doctrine of sovereign immunity precludes the state court and the federal court which gains limited jurisdiction upon removal from exercising jurisdiction to compel Downie to testify contrary to EPA instructions, and <u>also denies it the authority to review and set aside the EPA's decision</u> and the federal regulations under which it is made.

Id. at 70 (emphasis added).

Only after compliance with the various regulations will the specific agency head, or designee, determine the releasability of the information and testimony requested.  Such determination will be pursuant to the considerations made pursuant to the applicable regulations for that specific agency.

Moreover, to the extent that the subpoena seeks "tax return information," as that phrase is defined in 26 U.S.C. § 6103, of taxpayers who are not parties to this proceeding, disclosure of such information may be prohibited by 26 U.S.C. § 6013 and may subject the United States to a damage action under 26 U.S.C. § 7431.  Mr. Van Etten may not obtain the tax return information of other taxpayers except with proper authorization or through special exceptions as provided by statute.  Because it is unclear what information is sought, it is unclear if an exception would apply.

Lastly, to the extent that the subpoena seeks disclosure of Federal Grand Jury information protected by Rule 6(e) of the Federal Rules of Criminal Procedure, disclosure of privileged information, disclosure of confidential sources, investigatory

7

records "compiled for law enforcement purposes," and "disclose investigative techniques and procedures" of criminal investigation, within the meaning of 28 C.F.R. § 16.26(a) and (b), may not be disclosed except as provided by statute.

For the reasons set forth, the United States respectfully requests that the Court quash the subpoena issued by the Stanley Van Etten to Revenue Agent Michael Delgado in this case.

Respectfully submitted, this 21st day of January, 2004.

> FRANK D. WHITNEY
> United States Attorney
>
>
> BY: _/s/ Neal Fowler_____
>     NEAL FOWLER
> Assistant United States Attorney
> Civil Division
> 310 New Bern Avenue, Suite 800
> Raleigh, NC  27611
> Telephone (919) 856-4530

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 21st day of January, 2004, served a copy of the foregoing by placing a copy of the same in the U.S. Mails, addressed as follows:

> Stanley H. Van Etten
> 7924 Broad Street
> Raleigh, NC 27613.

> _/s/ Neal Fowler_____
> Assistant United States Attorney
> Civil Division