UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**FILED**

**JAN 2 1** 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, INC. | ) | Case No. 98:02675-5-ATS |
| (Tax I.D. No. 56-1921093) | ) | Chapter 7 |
| | ) | |
| INTERNATIONAL HERITAGE | ) | Case No. 98:02674-5-ATS |
| INCORPORATED | ) | Chapter 7 |
| (Tax I.D. No. 87-0421191) | ) | |
| | ) | |
| Address: 2626 Glenwood Avenue, Suite 200 | ) | |
| Raleigh, NC 27608 | ) | |
| | ) | |
| Debtors. | ) | |

**OBJECTION TO SUBPOENA FOR PRODUCTION OF DOCUMENTS
AND MOTION TO QUASH NON-PARTY DEPOSITION SUBPOENA
PURPORTEDLY SERVED ON KRISTINE L. LANNING,
ASSISTANT ATTORNEY GENERAL, STATE OF NORTH CAROLINA**

Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure and Rule 9016 of the

Federal Rules of Bankruptcy Procedure, the State of North Carolina and Kristine L. Lanning,

Assistant Attorney General for the State of North Carolina, hereby object to inspection or

copying of documents and information described in the purported subpoena attached to this

objection and motion as Exhibit A, and further move to quash said purported subpoena. In

support of this motion, the State of North Carolina and Ms. Lanning show the following:

1.     On Friday, January 16, 2004, Mr. Stanley H. Van Etten appeared in the offices of

the North Carolina Attorney General, Consumer Protection Division, and left the purported

subpoena attached hereto as Exhibit A with Ms. Barbara Fillion, administrative assistant to the

division director.

2.    Ms. Fillion left the purported subpoena in the office of Kristine L. Lanning, who was not working that day.  Ms. Lanning is an Assistant Attorney General who works in the Consumer Protection Division.  Ms. Lanning first became aware of the purported subpoena when she returned to work on Tuesday, January 20, 2004.

3.    The purported subpoena directs Ms. Lanning to appear for a deposition in connection with this matter, and to produce certain documents, on Thursday, January 22, 2004.

4.    Neither the State of North Carolina nor Ms. Lanning are parties to this proceeding, and neither has filed a claim in this proceeding.

5.    The purported subpoena at issue is essentially identical to a subpoena improperly served on Ms. Lanning by Mr. Van Etten (and later withdrawn) in connection with a criminal matter pending against Mr. Van Etten in the United States District Court for the Eastern District of North Carolina, *United States v. Van Etten*, No. 5:02-CR-263-1-BO.  A copy of the subpoena served by Mr. Van Etten in connection with the criminal matter is attached hereto as Exhibit B. A copy of the notice withdrawing that subpoena is attached hereto as Exhibit C.

6.    The State of North Carolina and Ms. Lanning object to inspection or copying of documents and information described in the purported subpoena attached as Exhibit A, and move to quash said purported subpoena, for at least the following reasons:

a.    The purported subpoena is void as was not issued by the Court or by an attorney authorized to practice before the Court.

b.    The purported subpoena was not properly served and was not accompanied by the fees for one day's attendance and mileage allowed by law.

c.    The purported subpoena fails to allow reasonable time for compliance.

2

d.      The purported subpoena seeks to compel the production of documents and information protected from disclosure by the law enforcement, deliberative process and joint investigation privileges, and by the attorney opinion work product doctrine.

e.      The purported subpoena is an abuse of Bankruptcy Court procedures, inasmuch as Mr. Van Etten seeks to obtain, by other means, discovery that he is barred from obtaining in the criminal matter currently pending against him.

f.      The purported subpoena seeks documents and information that are irrelevant to this matter and not reasonably calculated to lead to the discovery of admissible evidence.

g.      The request for production of documents included in the purported subpoena is unduly burdensome inasmuch as it seeks production of a large number of documents already in the possession of or available to Mr. Van Etten.

h.      The purported subpoena neither alleges nor shows any grounds for obtaining discovery from the State of North Carolina or Ms. Lanning, non-parties to this action.

7.      The State of North Carolina and Ms. Lanning reserve the right to assert such other grounds for this objection and motion to quash as may become apparent upon further investigation.

WHEREFORE, the State of North Carolina and Kristine L. Lanning, Assistant Attorney General, hereby object to inspection or copying of documents and information described in the purported subpoena attached to this objection and motion as Exhibit A, and respectfully request that the Court quash said purported subpoena and relieve Ms. Lanning of any duty to appear for a deposition.

3

Respectfully submitted this 21st day of January, 2004.

ROY COOPER
Attorney General
State of North Carolina


Gary R. Govert
Special Deputy Attorney General
State Bar No. 13510
Consumer Protection Division
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Telephone:  919.716-6000
E-Mail:  ggovert@ncdoj.com
Attorney for the State of North Carolina and
    Kristine L. Lanning

4

## CERTIFICATE OF SERVICE

This is to certify that the foregoing OBJECTION AND MOTION TO QUASH DEPOSITION SUBPOENA PURPORTEDLY SERVED ON KRISTINE L. LANNING, ASSISTANT ATTORNEY GENERAL, STATE OF NORTH CAROLINA was served this date by United States mail, first class, postage prepaid, addressed to the following:

Mr. Stanley H. Van Etten
7924 Lake Drive
Raleigh, North Carolina 27613

Holmes P. Harden, Esquire
Maupin Taylor, P.A.
P.O. Drawer 19764
Raleigh, North Carolina 27619

Marjorie K. Lynch, Esquire
Bankruptcy Administrator
P.O. Box 3039
Raleigh, North Carolina 27613

Stephani Humrickhouse, Esquire
P.O. Box 18237
Raleigh, North Carolina 27619-8237

Terri L. Gardner, Esquire
Poyner & Spruill, LLP
P.O. Drawer 10096
Raleigh, North Carolina 27605-0096

Paul K. Sun, Esquire (via fax and mail)
Ellis & Winters LLP
Post Office Box 33550
Raleigh, North Carolina 27636

This the 21st day of January, 2004.

Gary R. Govert
Special Deputy Attorney General

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

*FILED*

*JAN 1 6 2004*

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, INC. | ) | Case No. 98:02675-5-AVS |
| (TAX ID#: 56-1921093) | ) | CHAPTER 7 |
| | ) | |
| INTERNATIONAL HERITAGE | ) | Case No. 98:02674-5-AVS |
| INCORPORATED | ) | CHAPTER 7 |
| (Tax ID#: 87-0421191) | ) | |
| | ) | **NOTICE OF DEPOSITION** |
| Address: 2626 Glenwood Avenue, Suite 200 | ) | **AND ISSUANCE OF SUBPOENA** |
| Raleigh, NC 27608 | ) | |
| | ) | **Kristine L. Lanning NCAG** |
| Debtors. | ) | |

Defendant, Stanley H. Van Etten, Pro Se, respectfully submits his Notice of Deposition and Issuance of Subpoena. In an abundance of caution and with all due respect to the Court, Van Etten provides additional information and notice to the Court and All Interested Parties, for which Van Etten would argue is not required, but appropriate, herein, as Kristine L. Lanning is an attorney and an Assistant Attorney General for the state of North Carolina.

### Introduction

The Honorable U.S. Bankruptcy Judge, A. Thomas Small, provided Notice of Hearing and Certificate of Service on January 14, 2004, for Hearing January 27, 2004. See attached Exhibit 1.

This matter is set for hearing on January 27, 2004 on Van Etten's Notice and Complaint for Breach of Settlement Agreement with Trustee and Request for Intervention and Resolution, U.S. Bankruptcy Court Docket Entry #549.

This matter is set for hearing on January 27, 2004 on Van Etten's Supplemental Filing; Motion for Formal Investigation for Impropriety by Trustee Holmes P. Harden, Motion to Remove IHI Trustee Holmes P. Harden and Stay Disbursement of Attorney Fees and Expenses, Motion to Stay IHI Disbursements and Motion for an Evidentiary Hearing, filed on January 12, 2004, U.S. Bankruptcy Court Docket Entry #553.

The North Carolina Attorney General's Office, Assistant Attorney General Kristine L. Lanning, filed Formal Notice of Appearance and Formal North Carolina Attorney General's Office Creditor Claims in this matter, as Formal Notice of Appearance Number 1, in advance of Van Etten's own counsel. The North Carolina Attorney General's Office has communicated extensively with the IHI Trustee and fully participated in this matter since filing date, which remains ongoing to this date.



**EXHIBIT**

**A**



Kristine L. Lanning is the attorney in charge of the IHI and Van Etten investigation matters, for which she and the State of North Carolina Attorney General have filed Notice of Appearances and Creditor Claims. On June 3, 1997, IHI and Van Etten entered into a settlement agreement involving a $100,000 penal sum at execution and more than $1 million in penal sum in the form of customer refunds to date, including Van Etten individually.

The North Carolina Attorney General's Office has irreversibly consented to this Court's Federal Jurisdiction, thereby forfeiting any potential argument or defense as a "sovereign state" or other; such as "law enforcement" privilege or "joint investigation privilege."

The State of North Carolina has Never filed or threatened any new civil or criminal action against IHI or Van Etten, not since the June 3, 19997-settlement agreement. Additionally, U.S. District Judge, Richard W. Story, **Memorandum Opinion and Order, I. Findings of Fact,** "In the Spring of 1997, North Carolina's Attorney General's Office began an investigation of IHI operations. On June 3, 1997, Defendants (IHI and Van Etten individually) entered into an agreement with the State of North Carolina," and "IHI is presently in compliance with both (NC and GA) agreements."

Recently, only December 12, 2003, Van Etten discovered new and irrefutable information implicating Kristine L. Lanning, as an active participant, in a Collusive Government Scheme to violate Van Etten's Rights and Attorney-Client Privilege, which remains ongoing to this day and within this matter.

### Relevant Information in Support

The following information is supported by attached exhibits, in support of Van Etten's allegations of Trustee and SEC wrongdoing, involving NCAG Kristine L. Lanning, with knowledge and active participation thereto, all in Breach of Settlement Agreement, violation of rights and attorney-client privilege and more.

In a letter from Ms. Kristine L. Lanning to Mr. Frank Seales Jr., Chief Antitrust and Consumer Litigation Section Office of Attorney General, <u>Exhibit 2;</u>

- "On June 3, 1997, we entered into an agreement with IHI (enclosed)."
- "Stan Van Etten is the President of IHI."
- "We will provide whatever assistance is possible,"
- "Often when several regulators simultaneously confront a pyramid scheme, its life span is dramatically shortened."
- "Hope to see you at the National Law Enforcement Summit on Pyramid Schemes in Atlanta on March 19 and 20, 1998! For Conference registration materials and information contact the FTC at (202) 326-3129."

Ms. Lanning was a featured Law Enforcement Presenter at the National Law Enforcement Summit on Pyramid Schemes, making use exclusively of IHI and Van Etten in North Carolina Attorney General's Office presentation to law enforcement, all in advance of the Ex Parte, U.S. District Court action against Van Etten individually, filed by the SEC, for which Van Etten



settled in a "global" settlement requiring review and authority from this Court and the U.S. District Court and approximately $7.2 million penal payment and assignment from Van Etten individually, for which this Court has scheduled a **Breach of Settlement Evidentiary Hearing** for January 27, 200, U.S. Bankruptcy Court Docket Entry #553 and #554.

In a letter from Kristine L. Lanning to Joan Fleming, Special Agent Federal Bureau of Investigation, Exhibit 3;

- "Here is a tape of a newscast featuring Stan Van Etten and IHI. It focuses on the striking similarities between IHI and Gold Unlimited,"
- "We thought it may be of interest to you."

In an email from Kristine Lanning, dated November 25, 1998 (same day as filing of bankruptcy petition by IHI in this court), to "Pyramid Team", Exhibit 4;

- "I've spoken to MT and have a copy of the notice."
- "AL, FL, GA, IL, KS, LA, MT, SC, TX and WA."
- "I have calls to the SEC and our Securities to see what it all means and they can block this."
- "Do you think Stuart (WRAL-TV) or Ranii (N&O Reporter) would be interested?" Note, more than 125 negative newspaper articles and tv shows produced and aired, written and printed by these two individual reporters, negative primarily to Van Etten individually.

In a fax letter to Jim Long, SEC enforcement attorney, Atlanta, GA, 3 months before National Law Enforcement Summit on Pyramid Schemes in Atlanta, and 3 months before SEC Ex Parte Action in U.S. District Court, NDGA-Atlanta, against IHI and Van Etten individually, Ms. Lanning, Exhibit 5;

- "I want to share a brief update on IHI."
- "They have  not yet responded to our December 12th letter, attached, finding their new policy unacceptable."
- "I'll probably be in Atlanta on March 18, 1998, for an FTC conference on pyramids. Maybe you and/or others from your office can participate on some level."
- "I'll try to stop by your place."

In a letter and fax dated March 18, 1998, same date as National Law Enforcement Summit on Pyramid Schemes in Atlanta, to Bill Hicks (attorney in charge of IHI and Van Etten investigation, U.S. District Court Action and Settlement Agreement subject to forthcoming Hearing on January 27th) Securities & Exchange Commission, Atlanta, GA, Exhibit 6;

- "IHI 4/29/1997 Correspondence"

February 2, 1999, Clark Jones (IHI CFO) Deposition Transcript,

- "And who else was at the meeting with Ms. Lanning?  Joan Fleming.  Who is Joan Fleming?  She's an FBI employee."

- "Other than your discussions with Mr. Hicks (SEC) and Ms. Lanning (NCAG) and Ms. Fleming (FBI), are there any other government officials that you can recall speaking with regarding IHI? No."
- The Government's Table of Evidence records and identifies more than 5,000 pages of Van Etten and his closely-held companies (non-IHI) legal documents and records, as being produced by Clark Jones to Kristine Lanning and Joan Fleming, in violation of this Court's Order and lack of Authority thereto. Additionally, Clark Jones had no court authority or permission from Van Etten to "break and enter" personal offices, outside of IHI, and remove documents and other items, at the direction and control of Special Agent Fleming and NCAG Attorney Kristine Lanning.

July 22, 1998: U.S. District Court, NDGA-Atlanta, Plaintiff SEC's Response to Defendants' First Interrogatories and Request for the Production of Documents;

- Interrogatory 1: "Identify any and all persons who have given testimony or been interviewed by Plaintiff in connection with this investigation."
- SEC Written Response to Interrogatory 1: "To the extent the interrogatories request the identification of documents, the Commission is making available all documents in its files which are responsive and are not protected by privilege and the word product doctrine."
  - o SEC Response: "Jalene Ward, F.B.I., Macon, Georgia."
  - o SEC Response: "Kristine L. Lanning, North Carolina Attorney General"
  - o SEC Response: "Peter H. Lawson, North Carolina Attorney General"
  - o SEC Response: "Paul D. Boyd, U.S. Postal Inspection Service."
- Interrogatory 15: "Identify any and all communications with representatives or staff members of any state regulatory department or agency having a jurisdiction over matters relating to alleged offers and sales of securities or having jurisdiction over consumer protection issues."
- SEC Written Response to Interrogatory 15: "The Commission objects to this interrogatory on the basis of the law enforcement privilege. The Commission staff have had contacts with representatives of the North Carolina Attorney General and the Georgia Office of Consumer Affairs. Copies of all written communications are being provided with this response. The Commission did not maintain a record of oral communications and does not otherwise have responsive information."

August 19, 1998, Deposition Transcript of John Birkenheier, Securities and Exchange Commission, Assistant Atlanta District Administrator and Supervising Attorney, U.S. District Court NDGA-Atlanta the Honorable Richard W. Story Presiding;

- The 30 (b) Notice for which John Birkeneheier testified on August 19, 1998
- Notice: "Plaintiff's system of records with respect to any documents relating to Plaintiff's investigation of Defendant's or the instant investigation."
- SEC: "The full notice reads produce all documents relative to that and produce someone who could testify about the existence and the contents of the documents. We've produced all the documents. If you want to ask about the existence or contents of them, I have no objection to."



- Question: "Are you aware of any communications with representatives of states attorneys' general office in connection with either this investigation or this litigation?"
- Birkenheier: "Ms. Lanning was in contact with the staff I think roughly from like the summer of 1997, you know, on an occasional basis, through at least the time that the lawsuit was filed."
- Birkenheier: "Yes…Yes, I am" and "I know that, well, the ones that I am aware of are, we've had communications with the attorney general's office in North Carolina" and "Kristine Lanning and the gentleman that she reports to.  And then there is a younger fellow who reports to Ms. Lanning who was an investigator, I believe."
- Mr. Birkenheier is referring to NCAG Deputy Attorney General Alan Hirsh, NCAG Assistant Attorney General Kristine Lanning and NCAG Peter Lawson, an attorney intern assigned to the IHI case.
- Birkenheier: "I saw them when they were there and visited with them briefly.  They met with Mr. Hicks (SEC), Mr. Rue (SEC) and Mr. Long (SEC).  "March 13th to 16th" of the year 1998 is the date of the visit witnessed by Mr. Birkenheier, as he testified to.
- Birkenheier: "For our conversation (Michelle Hostetler of the Kansas Attorney General's Office and Mr. Birkenheier), it was just the two of us, but it was – the Federal Trade Commission held a conference here in Atlanta with the state regulators and some federal regulators regarding some pyramid schemes and other topics."  "Michelle Hostetler was one of the people who attended the pyramid program, and she and I spoke about IHI during a break at that meeting."  "It was right about the time the lawsuit was filed." March 16, 1998."
- Question: "What was the substance of your conversation during the face-to-face meeting?"
- SEC Hicks: "I object to that.  It's not only outside the scope, but it's violative of the work product doctrine and law enforcement privilege.  On the basis of the privilege and the doctrine, I instruct the witness not to answer the question."
- Van Etten Counsel Brunton: "We're going to reserve our right obviously to take that question up."
- Birkenheier: "There were two individuals from the Michigan AG's Office at the program."  Question: "This is the pyramid program by the FTC that you referred to earlier?"  "Yeah."
- Question: "How about communications with representatives of NASD regulation?" Birkenheier: "Yes, I am aware of such contacts." "Yes, I did."
- Question: "Is there someone who is more familiar with the documents and the records kept by the Commission in the course of this case?"  Birkenheier: "I would think that the counsel of record, the three gentlemen who are counsel of record are more familiar with it than I am."  Question: "And that would be Mr. Hicks, Mr. Rue and Mr. Long?" Birkenheier: "Yes."
- Birkenheier: "Let me say it this way.  My understanding is that all documents that the staff obtained from witnesses and potential witnesses are being produced and that all transcripts of all testimony taken from any outside individuals such as these that we've been talking about here are being produced as well as any statements we have obtained from them."



- Question: "Are you aware of whether Ms. Ward (FBI) has produced any documents or information to the SEC staff in the context of this investigation or litigation?" Birkenheier: "No, I'm not."
- Question: "Are you aware of whether Mr. Ward (FBI) has given any statement or testimony to the Commission staff in connection with this investigation or litigation?"
- Birkenheier: "No, I'm not."
- Question: "Is there a formal designation of the person principally responsible for each investigation or litigation within the office?"
- Birkenheier: "Mr. Long, for the investigation.  Then when the lawsuit is filed, then it becomes the primary responsibility of the trial attorney assigned to the case."  "That would be Mr. Hicks in this matter."
- Birkenheier: "No. The overall search (for documents and records) was the responsibility of Mr. Hicks, but beyond that, I don't know."
- Question: "you're not aware of any documents being withheld that were received from or produced to any state regulatory agency?"
- Birkenheier: "I don't think so." "my understanding is that all the stuff that we got from states that states had obtained from members of the public, that all such materials have been produced."
- Question: "Do you have any reason to believe that certain correspondence has been withheld?"
- Birkenheier: "No.  I'm just not sure.  I'm just not sure."
- Question: "Based upon your experience at the Commission, do you believe that such correspondence has been withheld?"
- Birkenheier: "Now I'm recollecting, looking at the list, yeah, that some of the correspondence with other law enforcement agencies, which would includes states, has been withheld."
- Question: "on the basis of law enforcement or deliberative process privilege and that the deliberative process privilege is asserted on behalf of other agencies; is that correct?"
- Birkenheier: "That's what it says, yes."
- Question: "Are you aware of any communications with other agencies asking the staff to assert a privilege with respect to any such documents?"
- Birkenheier: "No. No, I'm not."
- Birkenheier: "To my knowledge, no one in the staff has firsthand knowledge of the events at issue in the lawsuit.  Mr. Hicks, Mr. Long and Mr. Rue have firsthand knowledge of information that the staff has obtained from outside sources regarding the events at issue in the lawsuit."
- Question: "Has any staff member of the Securities and Exchange Commission attended any IHI meetings?"
- Birkenheier: "I don't believe so."



## Notice

Please take notice that, pursuant to the Federal Rules of Civil Procedure, Stanley H. Van Etten issued a Notice of Deposition and Issuance of Subpoena in this matter, to produce TESTIMONY, and permit inspection and COPYING of documents and records, as specified herein;

| | |
|---|---|
| Witness: | **Kristine L. Lanning** |
| | **North Carolina Attorney General's Office** |
| | **Assistant Attorney General** |
| | **Department of Justice Building** |
| | **Raleigh, NC 27602** |
| | |
| Date/Time: | **January 22, 2004 at 1:00 p.m.** |
| | **Ellis & Winters, LLP** |
| | **1100 Crescent Green** |
| | **Suite 200** |
| | **Cary, NC 27511** |
| | **(919) 865-7000** |
| | |
| Subject: | **See Attached Subpoena (Exhibit A)** |
| | |
| Dated: | **January 16, 2004** |



**SUBPOENA TO PRODUCE SPECIFIC DOCUMENTS AND INFORMATION**
**EXHIBIT A**

(1)    Any and all files, correspondence, letters, notes, internal memorandum, telephone memorandum, accounting statements or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present employee, attorney, associate, investigator, paralegal, intern, administrative or other person, which, in any way, relate to:

**Stanley H. Van Etten, and/or;**
**International Heritage, Inc., and/or;**
**International Heritage Incorporated, and/or;**
**Mayflower Holdings, Inc., and/or;**
**Mayflower Capital, LLC, and/or;**
**Holmes P. Harden, Trustee, and/or;**
**Lloyd Whitaker, Monitor U.S. District Court, and/or;**
**Jim Long, SEC, and/or;**
**Bill Hicks, SEC, and/or;**
**Scott Wilkinson, former AUSA, and/or;**
**Clark Jones, former IHI CFO, and/or;**
**Joan Fleming, SA-FBI, and/or;**
**CBS and 60 Minutes**
**AND**
**The United States Attorney's Office, Raleigh, NC; Charlotte, NC; Atlanta, GA and/or**
**The Securities Exchange Commission, Atlanta, GA**
**Federal Trade Commission**
**U.S. Postal Service**
**Any State Government in the United States including but not limited to Montana, Virginia, Oklahoma, Georgia, Florida and Kansas**
**National Association of Securities Dealers**
for the period of **April 1, 1995 through and including January 15, 2004.**

(2)    The names and present/last known addresses and telephone numbers of all former or present attorneys, associates, employees or agents, investigators, interns, paralegal, support and administrative person who were, in any way, involved in or otherwise participated in, associated with or party to, in any manner, direct or indirect, with any and all Federal, State and Regulatory Agencies/Authority, including Law Enforcement, investigating or prosecuting International Heritage, Inc., International Heritage Incorporated, Stanley H. Van Etten, Mayflower Holdings, Mayflower Capital or Dynamic Essentials during the time period set forth herein.

(3)    All lecture notes, handouts, slides, audio and video of the presentation at the National Law Enforcement Summit on Pyramid Schemes in Atlanta, GA on March 18-20, 1998 that pertains to Stanley H. Van Etten and/or International Heritage, including but not limited to the case study presented by Kristine Lanning, Alan Hirsch and Pete Lawson.



## Definitions and Instructions

Any and all writings or documents, including, but not limited to correspondence notes, memoranda, memorializations, calendars, diaries or, telephone records which discuss, mention, refer or relate to, or otherwise involve, in any way, any communication or contact between any member of the North Carolina Attorney General's Office and any person or entity named herein, to include, but not limited to;

1. any federal and state regulatory authority, including but not limited to the Securities Exchange Commission and those named in Exhibit 1, and;

2. any federal and state law enforcement agency, or authority, including but not limited to those named in Exhibit 1 and;

3. any current or former IHI Officer, Director, Manager, Employee or Sales Representative, attorney, agent, vendor, contractor or supplier, and;

4. any current or former member of the news media, and;

5. any current or former person associated with the IHI Bankruptcy Estate.

As used herein; "Writing" or "Document" means without limitation, a copy of the original or copy of each final or interim version of the following items, whether printed, recorded or reproduced by hand or any mechanical process; agreements, contracts, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or interviews, minutes, bulletins, diaries, graphs, studies, reports, notes, notebooks, books, checks, statements, specifications, receipts, returns, plans charts, diagrams, drawings, sketches, maps, summaries or reports of investigations or negotiations, interoffice communications, teletypes, telecopy's, opinions or reports of consultants, graphic or aural records or representations of any kind, including, but not limited to, photographic film, microfilm, microfiche, magnetic impulse, brochures, videotape recordings, pamphlets, advertisements, circulars, press releases, electronic or mechanical records of representations of any kind, including, but not limited to, tapes, cassettes, discs and recordings, media devices, drafts, letters, any marginal comments appearing on any document, and all other writings or physical or tangible materials.



Rev. 2/2000

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
Raleigh _____ Division

IN THE MATTER OF:

International Heritage, Inc.
International Heritage Incorporated

DEBTOR

CASE NUMBER:

98:02675-5-AVS
98:02674-5-AVS

## SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

TO:

[   ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| Place: | Date: |
| | Time: |

[ ✓ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| Place: See Attached Notice | Date: |
| | Time: |

[ ✓ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

(list documents or objects):

See Attached Notice

| Place: | Date: |
| | Time: |

[   ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| Premises: | Date: |
| | Time: |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. Bankr. P. See Rules 1018 and 9014, Fed.R. Bankr. P.

| Issuing Officer Signature and Title:  S/E  Pro Se Attorney of Record | Date 1/16/04 |

Issuing Officer's Name, Address and Phone Number:
Stanley H Van Etten 7924 Lake Drive Raleigh NC 27613

Original Filed Clerk S/E
Office EDNC

## CERTIFICATE OF SERVICE

This is to certify that I have this 16th day of January 2004, served a copy of the foregoing upon Holmes P. Harden, in this criminal matter, by HAND DELIVERY, of the same in person to:

Kristine Lanning & Gary R. Govert, Esq.
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC  27602

**Email and/or Fax Service:**

Maupin Taylor, P.A.
Mr. Holmes P. Harden
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604

Terri L. Gardner
Poyner & Spruill, LLP
P.O. Drawer 10096
Raleigh, NC 27605-0096

Mr. David W. Long
Attorney at Law
P.O. Box 10096
Raleigh, NC 27605
(919) 783-2808
(919) 783-1075 Fax

Mr. Jeffrey L. Burley
Attorney at Law
402 Lamar Street, Suite 108
Sherman, TX 75090
(903) 868-0005 Fax

Mr. John P. O'Hale
Attorney at Law
102 South Third Street
Smithfield, NC 27577
(919) 934-6280 Fax

Paul K. Sun
Attorney at Law
1100 Crescent Green, Suite 200
Cary, NC 27511



**U.S. Bankruptcy Court for the Eastern District of North Carolina**
CLERK, U.S. BANKRUPTCY COURT
POST OFFICE BOX 1441
RALEIGH, N.C. 27602-1441

In Re a *Petition for Relief under Chapter 7 of Title 11, U.S. Code*, filed by o
against the below-named Debtor on November 25, 1998:
DEBTOR: INTERNATIONAL HERITAGE, INC. of C/O TERRI L. GARDNER, POST OFFICE DRAW
1389, RALEIGH, NC 27602; SSN: N/A, EIN: 56-1921093

CASE NO. 98-02675-5-ATS

---

| ORDER AND NOTICE<br>BY THE COURT | FILED |
|---|---|
| | JAN 1 3 2004 |

PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that a hearing in said cause will be held:

DATE:  January 27, 2004
TIME:  01:00 P.M.
PLACE:
UNITED STATES BANKRUPTCY COURT
U.S. COURTHOUSE & P.O. BLDG., ROOM 208, 300 FAYETTEVILLE ST. MALL, RALEIGH, NC

to consider and act on the following matters:

Motion for Formal Investigation for Impropriety by Trustee, Motion to Remove IF
Trustee and Stay Disbursement of Attorney Fees and Expenses, Motion to Stay IHI
Disbursements and Motion for Evidentary Hearing filed by Stan Van Etten on
January 12, 2004.

and to transact all other business as may properly come before the court.

DATED:  JAN 1 3 2004

PEGGY B. DEANS
CLERK OF COURT

553                                                                        55

## MAILING LIST FOR CASE [5] 98-02675-5-ATS

Mailing generated on: 01/13/04 At: 08:07:38 By: AM
Form: VAN-057


T      : Holmes P. Harden
         P.O. Box 17169
         Raleigh, NC 27619
========================================================================
D      : INTERNATIONAL HERITAGE, INC.
         C/O TERRI L. GARDNER
         POST OFFICE DRAWER 1389
         RALEIGH, NC 27602
========================================================================
DA     : Terri L. Gardner
         PO DRAWER 10096
         3600 GLENWOOD AVENUE
         RALEIGH, NC 27605-0096
========================================================================
All parties with addresses were noticed.

BA

Stanley Van Etten
7924 Lake Dr
Raleigh, NC 27613



## State of North Carolina

Department of Justice
P. O. Box 629
RALEIGH
27602-0629
February 18, 1998

MICHAEL F. EASLEY
ATTORNEY GENERAL

CONSUMER PROTECTI~
919-716-6000
Fax: 919-716-6050

Frank Seales Jr Chief
Antitrust and Consumer Litigation Section
Office of Attorney General
900 East Main Street
Richmond VA 23219

WP
LP
ALL

RE:    International Heritage, Inc. (IHI)

Dear Mr. Seales:

As of February 16, 1998, **twenty-four (24) Virginia residents** had filed written complaints against IHI.  IHI is a so-called multi-level marketing company with its headquarters at 2626 Glenwood Ave, Suite 120, Raleigh, NC 27608.  While we are accepting and processing complaints from out-of-state residents, we do not have the resources to enforce our statute in your state.  Of the total 1,440 complaints filed against IHI, 872 are from North Carolina.

Our involvement with IHI escalated in April 1997 when we concluded an investigation of the company by informing IHI that it was in violation of the North Carolina pyramid law.  Virtually every IHI representative was purchasing at least one business center for $250 through a deposit on merchandise, valued by IHI at $500, which could then be "earned out" in lieu of $500 in commissions when 12 new centers had been set up below each of their centers.  IHI officials claimed that representatives just wanted to buy their high end products, such as Mont Blanc pens, Waterford crystal, Lenox figurines, Coach leather, etc., however the percentage of purchasers outside of the sales force was less than 5 percent.  On June 3, 1997, we entered into an agreement with IHI (enclosed).  IHI did make significant changes in its North Carolina operations (representatives now sign up customers for BTI with little recruitment and even fewer product sale in NC); however, IHI appears to still be  operating the old program in other states.  I have enclosed a brief diagram of that program stripped of IHI jargon.

Frank Seales Jr
Page 2
February 18, 1998


Stan Van Etten is the president of IHI; enclosed is a magazine article regarding his background.  Claude Savage and Larry Smith, IHI co-founders with Van Etten, were by their accounts top earners in Gold Unlimited.  There are many similarities between Gold Unlimited and IHI, including the lay-away aspect and the binary commission structure.

Please contact me at (919) 716-6032 if you either have or plan to take action against IHI. We will provide whatever assistance is possible, including copies of the complaints filed by your residents.  Often when several regulators simultaneously confront a pyramid scheme, its life span is dramatically shortened.

Hope to see you at the National Law Enforcement Summit on Pyramid Schemes in Atlanta on March 19 and 20, 1998!  (For conference registration materials and information contact the FTC at (202) 326-3129.)

Sincerely

Kristine L. Lanning
Assistant Attorney General
CONSUMER PROTECTION SECTION

KLL/gd
Enclosures

lanning\ihistat2



# State of North Carolina

Department of Justice
P. O. Box 629
RALEIGH
27602-0629

MICHAEL F. EASLEY
ATTORNEY GENERAL

CONSUMER PROTECTION
919-716-6000
Fax: 919-716-6050

July 8, 1998

Ms. Joan Fleming
Special Agent
Federal Bureau of Investigation
5511 Capitol Center Drive
Suite 460
Raleigh, North Carolina 27606

Dear Joan:

Here is a tape of a newscast featuring Stan Van Etten and IHI. It focuses on the striking similarities between IHI and Gold Unlimited, the company that IHI founders Claude Savage and Larry Smith were previously involved in. We thought it may be of interest to you.

Very truly yours,

Kristine

Kristine L. Lanning
Assistant Attorney General
CONSUMER PROTECTION SECTION

KLL/jlw
enclosure

```
From:      Kristine Lanning
To:        pyramid team
Date:      11/25/98 9:03am
Subject:   Dynamic Essentials
```

Dynamic Essentials has already filed notice that it will be offering securities in the form of common stock in the following states:  NC, AL, Fl, GA, Il, KS, LA, MT, SC, TX, and WA.  I've spoken to Mt and have a copy of the notice.  I have calls in to the SEC and our Securities to see what it all means and if they can block this.  Do you think Stuart or Ranii would be interested?

Dynamic Essentials is decribed as a developmental stage network marketing company that distributes Tyra skin care, nutritional products, fine jewelry, fine collectibles and sporting equipment.  The principals are Robert Hukezalie, Christopher Reid, Barry Ackel, Richard Heller, Jeff Sheehan, and John Brothers.  Georgina Mollick is Dynamic's attorney.  Sound familiar?

Minimum investment to accepted from any investor is $15,000.  They say they have $5 mil equity in the company.

**STATE OF NORTH CAROLINA**
**Department of Justice**
**Consumer Protection**
**P.O. Box 629**
**Raleigh, N.C. 27602**

**Telephone:  (919) 716-6000**
**Facsimile:  (919) 716-6050**

**FAX TRANSMISSION SHEET**
**December 18, 1997**

*Wp*
*2p*

TO:              Jim Long

FROM:            SEC, Atlanta

TELEPHONE:       404-842-7640

FAX:             404-842-7666

PAGES: (INCLUDING COVER SHEET): 4

RE:              IHI Update

---

If your receipt of this transmission is in error, please notify us by telephone and return the original message by return mail at the above address.

---

FROM:     Kristine L. Lanning, Assistant Attorney General

MESSAGE:  I wanted to share a brief update on IHI. We now have 1,215 complaints against the company, with approximately 2/3 unresolved. Their attached letter of November 26th indicates they are attempting to get out of the refund business. They have not yet responded to our December 12th letter, attached, finding their new policy unacceptable. It will be interesting to see how they handle this issue and, if they deny the "deposits" were paid to hold merchandise, what spin they'll try to put on it.

I'll probably be in Atlanta on March 18, 1998, for an FTC conference on pyramids. Maybe you and/or others from your office can participate on some level. If not, I'll try to stop by your place.

Happy Holidays to you and Pete Luiso!

Please note that I have moved to a new office. The address is the same, but the phone is now (919) 716-6032 and fax (919) 716-6050.



## State of North Carolina

Department of Justice
P. O. Box 629
RALEIGH
27602-0629

December 12, 1997

MICHAEL F. EASLEY
ATTORNEY GENERAL

CONSUMER PROTECTION
919-716-6000
Fax: 919-716-6050

Brent E. Wood, Esq.
Wood & Francis, PLLC
P.O. Box 164
Raleigh, NC 27602

RE: International Heritage's one-year "buy-back" policy

Dear Brent:

We are writing in regard to Chris Reid's November 26 letters informing this office of International Heritage, Inc.'s refusal to provide refunds to its distributors of more than one year. In those letters and subsequent ones sent to this office, Mr. Reid writes "IHI has adopted a 90%, one-year, buy-back policy. This policy is the industry standard, a requirement for pending members and regular members of the Direct Selling Association, as well as a requirement in many states where IHI conducts business. Because the above-named individual has been associated with IHI for more than one year and based upon this policy of IHI and the Direct Selling Association, the request for a refund by the above-named individual has been denied."

This position refusing to return the deposits made by participants is unacceptable and cannot be supported legally or factually. IHI represented to participant buyers that the $250 they paid per business center was a deposit, or layaway, on merchandise which could be "earned out" when participants made subsequent sales. N.C.G.S. sec. 25-2-718 applies to transactions involving deposits and provides guidance for the present situation. Section (1) permits damages for breach to be liquidated in the agreement, but only for an amount that is reasonable, and further states that a term fixing unreasonably large damages is void as a penalty. Therefore, IHI's policy to refuse refunds of any amount to participants who did not receive the merchandise upon which they made the deposit is void. In the case of these IHI layaway contracts, pursuant to section (2)(c) participant buyers are entitled to restitution of the amount they paid less fifty dollars.

Further, IHI has misplaced reliance on the Direct Selling Association's Code of Ethics for support of its position. The provision in the DSA's Code of Ethics referred to in Mr. Reid's letters applies to the "repurchase of marketable inventory." As you know, the refunds in question do not involve the repurchase of inventory or a "buy-back" from distributors. Rather, they are simply requests for the return of money held in deposit by IHI for inventory that was

never shipped.  Mr. Eric Ellman, Associate Attorney Manager of Government Affairs for the Direct Selling Association confirmed that nothing in the DSA's code of Ethics supports International Heritage's new position refusing refunds of deposits on merchandise never shipped by IHI and never received by its' distributors.

Additionally, Mr. Ellman informed this office that none of their policies would "require" International Heritage to change their policy to only refunding 90% of a distributor's money that the company has been holding or using at its' discretion.  A ninety-percent return policy is not the industry standard, but rather a minimum requirement by the DSA and some states.  More importantly, it again relates only to refunds for returned merchandise not deposits or layaways

Please promptly inform us of International Heritage's revised policy regarding this matter.

Sincerely,


Kristine L. Lanning
Assistant Attorney General
CONSUMER PROTECTION SECTION



Peter H. Lawson
Consumer Protection Specialist
CONSUMER PROTECTION SECTION

cc: Christopher Reid



**INTERNATIONAL HERITAGE**
INCORPORATED

RECEIVED
CONSUMER PROTECTIO
DEC 4 1997
NORTH CAROLIN/
DEPT. OF ATTORNEY G

November 26, 1997

State of North Carolina
Dept. of Justice, Consumer Protection Section
Mr. Peter H. Lawson, Consumer Protection Specialist
P.O. Box 629
Raleigh, NC 27602-0629

RE:   File No. 9710677 - Tricia S. Stangle

Dear Mr. Lawson:

We are in receipt of correspondence from your office regarding the above-named individual.
Thank you for forwarding this matter to our attention.

After reviewing the records of International Heritage, Inc. ("IHI") as well as the correspondence
from the above-named individual, we have determined that the above-named individual has been
associated with IHI for longer than one year. As your records should reflect, IHI has adopted a
90%, one-year, buy-back policy. This policy is the industry standard, a requirement for pending
members and regular members of the Direct Selling Association, as well as a requirement in many
states where IHI conducts business. Because the above-named individual has been associated with
IHI for more than one year and based upon this policy of IHI and the Direct Selling Association,
the request for a refund by the above-named individual has been denied. We believe it would be
inappropriate to reimburse the above-named individual in a manner which would be inconsistent
with the policies of IHI as well as inconsistent with the industry standard.

If you have any questions regarding this matter, please contact me directly. Otherwise, we will
consider this issue closed. Thank you for your consideration.

Respectfully yours,

Christopher A. Reid
Vice President of Compliance

Enclosures

cc:   F. Daniel Bell III, Esquire (securities counsel)
      Wyrick, Robbins, Yates & Ponton, PLLC

      Brent Wood, Esquire
      Wood & Francis, PLLC

# ACTIVITY REPORT(TX)

## 03.18.1998  15:24

NC ATTY GEN CONSUMER PROTECTION

| DATE  | TIME  | DURATION | REMOTE ID      | MODE | PAGES | RESULT    |
|-------|-------|----------|----------------|------|-------|-----------|
| 03.17 | 13:33 | 00'00"   | 98338287       | G3   | 0     | BUSY      |
| 03.17 | 13:43 | 00'00"   | 98338287       | G3   | 0     | BUSY      |
| 03.17 | 14:16 | 01'13"   | 202 331 1463   | ECM  | 4     | O.K.      |
| 03.17 | 14:22 | 02'15"   | 87043349400    | G3   | 2     | N.G.25    |
| 03.17 | 14:29 | 03'43"   | 87043349400    | G3   | 6     | O.K.      |
| 03.17 | 14:48 | 01'20"   | 212 416 6003   | ECM  | 4     | O.K.      |
| 03.17 | 14:57 | 00'00"   | 83123534438    | G3   | 0     | N.G.25    |
| 03.17 | 15:02 | 00'00"   | 83123534438    | G3   | 0     | N.G.25    |
| 03.17 | 15:06 | 02'11"   | 3129605600     | ECM  | 5     | O.K.      |
| 03.17 | 15:12 | 00'40"   | 3129605600     | ECM  | 1     | INTERRUPT |
| 03.17 | 15:13 | 04'25"   | 3129605600     | ECM  | 10    | O.K.      |
| 03.17 | 16:33 | 02'03"   | 919 876 7215   | ECM  | 5     | O.K.      |
| 03.17 | 16:39 | 05'27"   | 804 323 3566   | ECM  | 8     | N.G.39    |
| 03.17 | 16:46 | 03'17"   | 804 323 3566   | ECM  | 10    | O.K.      |
| 03.17 | 17:16 | 00'27"   | 7046581094     | ECM  | 1     | O.K.      |
| 03.18 | 08:35 | 00'00"   | 97821942       | G3   | 0     | INTERRUPT |
| 03.18 | 08:37 | 01'20"   | 97821941       | G3   | 2     | O.K.      |
| 03.18 | 10:55 | 00'54"   | 8028282154     | G3   | 2     | O.K.      |
| 03.18 | 11:21 | 01'08"   | 919 832 8287   | ECM  | 4     | O.K.      |
| 03.18 | 12:09 | 00'57"   | 919  380 0030  | ECM  | 3     | O.K.      |
| 03.18 | 12:20 | 01'54"   | 404 842 7666   | ECM  | 5     | O.K.      |
| 03.18 | 12:22 | 01'53"   | 954 453 7039   | ECM  | 6     | O.K.      |
| 03.18 | 14:09 | 00'00"   | 82167327171    | G3   | 0     | INTERRUPT |
| 03.18 | 14:10 | 03'50"   | 216 731 7724   | ECM  | 10    | O.K.      |
| 03.18 | 14:25 | 00'00"   | 98351687       | G3   | 0     | INTERRUPT |
| 03.18 | 14:26 | 00'00"   | 98351687       | G3   | 0     | INTERRUPT |
| 03.18 | 14:28 | 05'13"   | 98361687       | ECM  | 13    | O.K.      |
| 03.18 | 15:17 | 00'57"   | 404 842 7666   | ECM  | 3     | O.K.      |
| 03.18 | 15:20 | 00'23"   | 82128368689    | ECM  | 1     | O.K.      |
| 03.18 | 15:22 | 01'00"   | 82128368689    | ECM  | 3     | O.K.      |

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court

_Eastern_     DISTRICT OF _North Carolina_

United States of America

v.

Stanley H. Van Etten, et al.

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 5:02-CR-263-1-B

TO: North Carolina Attorney General's Office
Kristine L. Hanning, Attorney
P.O. Box 629
Raleigh, NC 27602

[X] YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE Ellis and Winters, LLP<br>1100 Crescent Green<br>Suite 200<br>Cary, NC 27511   Paul Sun, Esq.<br>(919) 865-7000 | COURTROOM |
|---|---|
| | DATE AND TIME 1/19/04   10:00 A.M. |

[X] YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

See Attached Exhibit "A".

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT    DAVID W. DANIEL, Clerk | DATE |
|---|---|
| (BY) DEPUTY CLERK | 12/31/03 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER
Stanley H. Van Etten
7920 Lake Drive, Raleigh, NC 27613 (919) 841-4489

This form was electronically produced by Elite Federal Forms, Inc.

**EXHIBIT B**

## SUBPOENA TO PRODUCE SPECIFIC DOCUMENTS AND INFORMATION
## EXHIBIT 1

(1)      Any and all files, correspondence, letters, notes, internal memorandum, telephone memorandum, accounting statements or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present employee, attorney, associate, investigator, paralegal, intern, administrative or other person, which, in any way, relate to:

**Stanley H. Van Etten, and/or;
International Heritage, Inc., and/or;
International Heritage Incorporated, and/or;
Mayflower Holdings, Inc., and/or;
Mayflower Capital, LLC, and/or;
Dynamic Essentials, DEI, and/or;
CBS and 60 Minutes**

**AND**

**The United States Attorney's Office, Raleigh, NC; Charlotte, NC; Atlanta, GA and/or
The Securities Exchange Commission, Atlanta, GA
Any State Government in the United States including but not limited to Montana, Virginia,
Oklahoma, Georgia, Florida and Kansas.**

for the period of **April 1, 1995 through and including December 29, 2003.**

(2)      The names and present/last known addresses and telephone numbers of all former or present attorneys, associates, employees or agents, investigators, interns, paralegal, support and administrative person who were, in any way, involved in or otherwise participated in, associated with or party to, in any manner, direct or indirect, with any and all Federal, State and Regulatory Agencies/Authority, including Law Enforcement, investigating or prosecuting International Heritage, Inc., International Heritage Incorporated, Stanley H. Van Etten, Mayflower Holdings, Mayflower Capital or Dynamic Essentials during the time period set forth herein.

(3)      All lecture notes, handouts, slides, audio and video of the presentation at the National Law Enforcement Summit on Pyramid Schemes in Atlanta, GA on March 18-20, 1998 that pertains to Stanley H. Van Etten and/or International Heritage, including but not limited to the case study presented by Kristine Lanning, Alan Hirsch and Pete Lawson.

### Definitions and Instructions

Any and all writings or documents, including, but not limited to correspondence notes, memoranda, memorializations, calendars, diaries or, telephone records which discuss, mention, refer or relate to, or otherwise involve, in any way, any communication or contact between any member of the North Carolina Attorney General's Office and any person or entity named herein, to include, but not limited to;

1. any federal and state regulatory authority, including but not limited to the Securities Exchange Commission and those named in Exhibit 1, and;

2. any federal and state law enforcement agency, or authority, including but not limited to those named in Exhibit 1 and;

3. any current or former IHI Officer, Director, Manager, Employee or Sales Representative, attorney, agent, vendor, contractor or supplier, and;

4. any current or former member of the news media, and;

5. any current or former person associated with the IHI Bankruptcy Estate.

As used herein; "Writing" or "Document" means without limitation, a copy of the original or copy of each final or interim version of the following items, whether printed, recorded or reproduced by hand or any mechanical process; agreements, contracts, communications, state and federal governmental hearings and reports, correspondence, telegrams, memoranda, summaries or interviews, minutes, bulletins, diaries, graphs, studies, reports, notes, notebooks, books, checks, statements, specifications, receipts, returns, plans charts, diagrams, drawings, sketches, maps, summaries or reports of investigations or negotiations, interoffice communications, teletypes, telecopy's, opinions or reports of consultants, graphic or aural records or representations of any kind, including, but not limited to, photographic film, microfilm, microfiche, magnetic impulse, brochures, videotape recordings, pamphlets, advertisements, circulars, press releases, electronic or mechanical records of representations of any kind, including, but not limited to, tapes, cassettes, discs and recordings, media devices, drafts, letters, any marginal comments appearing on any document, and all other writings or physical or tangible materials.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO. 5:02-CR-263-1-BO (3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF DEPOSITION |
| v. | ) | AND ISSUANCE OF SUBPOENA |
| | ) | |
| STANLEY H. VAN ETTEN, et al. | ) | KRISTINE LANNING |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Stanley H. Van Etten, Pro Se, respectfully submits his NOTICE OF DEPOSITION AND ISSUANCE OF SUBPOENA.

Please take notice that, pursuant to the Federal Rules of Criminal Procedure and the Local Rules for this Court and Criminal Matter hereto, Defendant Van Etten issued a Subpoena in a Criminal Case to produce TESTIMONY, and permit inspection and COPYING of documents and records, as specified herein;

| | |
|---|---|
| Witness: | **Kristine L. Lanning** |
| | **North Carolina Attorney General's Office** |
| | **Attorney in Charge IHI Investigation** |
| | **P.O. Box 629** |
| | **Raleigh, NC 27602** |
| | |
| Date/Time: | **January 19, 2004 at 10:00 a.m.** |
| | **Ellis & Winters, LLP** |
| | **1100 Crescent Green** |
| | **Suite 200** |
| | **Cary, NC 27511** |
| | **(919) 865-7000** |

**Subject:**          **See Attached Subpoena (Exhibit 1) and Attached Document and Record exhibits (Exhibit 2)**

**Dated:**          **December 31, 2003**

## CERTIFICATE OF SERVICE

This is to certify that I have this 31st day of December 2003, served a copy of the foregoing upon the United States Government, United States Attorneys' Office, in this criminal matter, by HAND DELIVERY of the same in person to:

Assistant United States Attorney
Mr. Gaston Williams
Federal Building, Suite 800
310 New Bern Avenue
Raleigh, NC 27601

Co-Defendant Counsel Service via E-Mail, Fax or U.S. Mail

Mr. David W. Long
Attorney at Law
P.O. Box 10096
Raleigh, NC 27605
(919) 783-2808
(919) 783-1075 Fax

Mr. Jeffrey L. Burley
Attorney at Law
402 Lamar Street, Suite 108
Sherman, TX 75090
(903) 868-0005 Fax

Mr. John P. O'Hale
Attorney at Law
102 South Third Street
Smithfield, NC 27577
(919) 934-6280 Fax

Paul K. Sun
Attorney at Law
1100 Crescent Green
Suite 200
Cary, NC 27511
(919) 865-7000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO. 5:02-CR-263-1-BO (3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **VAN ETTEN'S NOTICE OF** |
| | ) | **WITHDRAWL OF NOTICE** |
| Plaintiff, | ) | **OF DEPOSITION AND** |
| | ) | **ISSUANCE OF SUBPOENA** |
| v. | ) | **TO KRISTINE LANNING** |
| | ) | **AND FORREST W. GOLDSTON** |
| STANLEY H. VAN ETTEN, et al., | ) | **FILED JANUARY 6, 2004** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes, *Pro Se* Defendant Van Etten and respectfully withdraws his Notice of Deposition and Issuance of Subpoena to Kristine Lanning and Forrest W. Goldston filed on January 6, 2004.

Respectfully submitted,

_____

Stanley H. Van Etten
*Pro Se* Defendant

**EXHIBIT**

**C**

1

## CERTIFICATE OF SERVICE

This is to certify that I have this 8th day of January 2004, served a copy of the foregoing upon the United States Government, United States Attorneys' Office, in this criminal matter, by REGULAR U.S. MAIL of the same in person to:

Assistant United States Attorney
Mr. Gaston Williams
Federal Building, Suite 800
310 New Bern Avenue
Raleigh, NC 27601

### Co-Defendant Counsel Service E-mail, Fax or by U.S. Mail

Mr. David W. Long
Attorney for Defendant Brown
P.O. Box 10096
Raleigh, NC 27605
(919) 783-2808
(919) 783-1075 Fax

Ms. Bridgett B. Aguirre                     Mr. Jeffrey L. Burley
Attorney for Defendant Brothers             Attorney for Defendant Brothers
202 East Academy Street                     402 Lamar Street, Suite 108
Fuquay-Varina, NC 27526                     Sherman, TX 75090

Mr. John P. O'Hale
Attorney for Defendant Savage
102 South Third Street
Smithfield, NC 27577

Paul K. Sun, Jr.
Attorney at Law
P.O. Box 33550
Raleigh, NC 27636
(Stand-by Counsel for Pro Se Defendant Van Etten)

_____
Stanley H. Van Etten
*Pro Se* Defendant

2