SEARCH    SUGGESTIONS    USER PREFS    COURTWATCH    HELP

HOME →

## RACER Bankruptcy Case Search

# Case Information For Case 5:98-02675

| | YR-Case #-Judge 98-02675-ATS Hon. A. THOMAS SMALL | Date Filed 11/25/1998 | Chapter 7 | Case Type Corporation Voluntary | Business Ye Assets Ye |
|---|---|---|---|---|---|

| | Name and Address of Debtor INTERNATIONAL HERITAGE, INC. **MAILING ADDRESS** C/O TERRI L. GARDNER POST OFFICE DRAWER 1389 RALEIGH, NC 27602 | Name and Address of Debtor |
|---|---|---|

Adversaries

Docket

Beginning Entry Number
1

(or **LAST** for the last entry)
Reverse Order

Docket Code

Alt Codes

Others (aka/dba)

Creditor Listing

Claims

Fees Detail

Next Case

Previous Case

Print Case

Cover Sheet

Docket Entries   1   to 9999

Claim Listing   Numeric Order

| Debtor SSAN: ***-** Tax ID: 56-1921093 | Joint Debtor SSAN:* Tax ID: |
|---|---|
| Attorney(s) For Debtor Terri L. Gardner Poyner & Spruill, LLP PO DRAWER 10096 3600 GLENWOOD AVENUE RALEIGH, NC 27605-0096 (919) 783-6400 | Attorney(s) For Joint Debtor |
| Trustee Assigned Holmes P. Harden P.O. Box 17169 Raleigh, NC 27619 (919) 981-4033 | |
| 341 Meeting: 12/30/1998 at 9:30 a.m. USBA Meeting Rm, Room 443, Century Station Bldg, 300 Fayetteville St,Raleigh,NC | Confirmation Hearin |
| Claims Deadline: 03/30/1999 | Originally Filed: 11/25/1998 |

# Creditor Listing for Case 98-02675
# INTERNATIONAL HERITAGE, INC.

| | | |
|---|---|---|
| 1 | KHRISTINE L. LANNING | ASSISTANT ATTORNEY GENERAL<br>POST OFFICE BOX 629<br>RALEIGH, NC 27602-0629 |
| 177053 | U.S. ATTORNEY | 320 NEW BERN AVENUE, SUITE 800<br>FEDERAL BUILDING<br>RALEIGH, NC 27601-1461 |
| 191502 | U.S. ATTORNEY'S OFFICE | 227 WEST TRADE ST., SUITE 1700,<br>CARILLON BLDG.<br>CHARLOTTETOWN, NC 28202 |
| 191504 | SECURITIES & EXCHANGE COMMISSION | ATLANTA REGIONAL OFFICE<br>3475 LENOX RD., NE, SUITE 1000<br>ATLANTA, GA 30326 |
| 191163 | SECURITIES AND EXCHANGE COMMISSION | 3475 LENOX ROAD, STE. 1000<br>ATLANTA, GA 30326-1232 |
| 191359 | ATTORNEY GENERAL | OFFICE OF THE ATTORNEY GENERAL<br>P.O. BOX 944255<br>SACRAMENTO, CA 94244 |
| 191456 | STATE OF ALABAMA | DEPARTMENT OF REVENUE<br>50 N. RIPLEY STREET<br>MONTGOMERY, AL 36104 |
| 191457 | STATE OF ARIZONA | DEPARTMENT OF REVENUE<br>P. O. BOX 29080<br>PHOENIX, AZ 85038 |
| 191458 | STATE OF ARKANSAS | SALES & USE TAX SECTION<br>P. O. BOX 1272<br>LITTLE ROCK, AR 72203 |
| 191459 | STATE OF CALIFORNIA | STATE BOARD OF EQUALIZATION<br>9823 OLD WINERY PLACE, SUITE 1<br>SACRAMENTO, CA 94279 |
| 191460 | STATE OF COLORADO | COLORADO DEPARTMENT OF REVENUE<br>1375 SHERMAN STREET<br>DENVER, CO 80261 |
| 191461 | STATE OF CONNECTICUT | DEPARTMENT OF REVENUE SERVICES |

92 FARMINGTON AVE
HARTFORD, CT 06105

191463    STATE OF FLORIDA

TAXPAYER ASSISTANCE
5050 W. TENNESSEE ST., BLDG. K
TALLAHASSEE, FL 39901-25

193232    STATE OF FLORIDA - DEPT. OF REVENUE

BANKRUPTCY SECTION
POST OFFICE BOX 6668
TALLAHASSEE, FL 32314-6668

191464    STATE OF GEORGIA

SALES & USE TAX DIVISION
P. O. BOX 740390
ATLANTA, GA 30374

193219    STATE OF GEORGIA

DEPARTMENT OF REVENUE
POST OFFICE BOX 38143
ATLANTA, GA 30334

191465    STATE OF HAWAII

BANKRUPTCY UNIT
P. O. BOX 259
HONOLULU, HI 96809

191466    STATE OF IDAHO

BUREAH CHIEF OF SALES TAX AUDIT
P. O. BOX 36
BOISE, ID 83722

191467    STATE OF ILLINOIS

SALES & EXCISE TAX DIVISION
101 WEST JEFFERSON
SPRINGFIELD, IL 62794

191468    STATE OF INDIANA

SALES TAX DIVISION
100 NORTH SENATE AVE., ROOM 208,
STATE OFFICE BLDG.
INDIANAPOLIS, IN 46204

191469    STATE OF IOWA

DEPT. OF REVENUE & FINANCE
HOOVER STATE OFFICE BUILDING
DES MOINES, IA 50319

191470    STATE OF KANSAS

KANSAS DEPT. OF REVEUNE
915 HARRISON - 3RD FLOOR, DOCKING
STATE OFFICE BLDG.
TOPEKA, KS 66625

191471    STATE OF KENTUCKY

SALES AND USE TAX DIVISION
P. O. BOX 181
FRANKFORT, KY 40602

191472   STATE OF LOUISIANA

DEPARTMENT OF REVENUE & TAXATION
P. O. BOX 66658
BATON ROUGE, LA 70896

191473   STATE OF MAINE

BUREAU OF TAXATION
P. O. BOX 1065
AUGUSTA, ME 4333

191474   STATE OF MARYLAND

COMPLIANCE DIVISION
301 WEST PRESTON ST., ROOM 206
BALTIMORE, MD 21201

192966   STATE OF MARYLAND

COMPTROLLER OF TREASURY
301 WEST PRESTON ST ROOM 409
BALTIMORE, MD 21201

191475   STATE OF MASSACHUSETTS

SALES TAX DIVISION
100 CAMBRIDGE STREET, ROOM 200
BOSTON, MA 02108

191476   STATE OF MICHIGAN

SALES, USE & WITHHOLDING TAXES
2ND FLOOR, TREASURY BUIKLDING
LANSING, MI 48922

191477   STATE OF MINNESOTA

MINNESOTA DEPARTMENT OF REVENUE
POST OFFICE BOX 64447
ST PAUL, MN 55164-0447

191478   STATE OF MISSISSIPPI

STATE TAX COMMISSION
P. O. BOX 1033
JACKSON, MS 39205

191479   STATE OF MISSOURI

BUSINESS TAXES BUREAU
P. O. BOX 840
JEFFERSON CITY, MO 65105

191480   STATE OF NEBRASKA

DEPARTMENT OF REVENUE
P. O. BOX 94818
LINCOLN, NE 68509

191481   STATE OF NEVADA

REVENUE DIVISION
CAPITOL COMPLEX
CARSON CITY, NV 89710

191482   STATE OF NEW JERSEY

DIVISION OF TAXATION
CN - 245
TRENTON, NJ 08646

191352   STATE OF NEW MEXICO

TAXATION & REVENUE DEPARTMENT
POST OFFICE BOX 22690
SANTA FE, NM 87502-2690

191483   STATE OF NEW MEXICO

TAX & REVENUE DEPARTMENT
P. O. BOX 630
SANTA FE, NM 87504

191484   STATE OF NEW YORK

DEPARTMENT OF TAXATION & FINANCE
STATE CAMPUS, BLDG 8
ALBANY, NY 12227

191485   STATE OF NORTH CAROLINA

DEPARTMENT OF REVENUE
P. O. BOX 25000
RALEIGH, NC 27640

191486   STATE OF NORTH DAKOTA

SALES & SPECIAL TAXES
600 EAST BLVD., AVE., 7TH FL., CAPITOL
BLDG.
BISMARK, ND 58505

191487   STATE OF OHIO

SALES TAX DIVISION
30 E. BROAD ST.
COLUMBUS, OH 43215

191488   STATE OF OKLAHOMA

BUSINESS TAX DIVISION
2501 LINCOLN BLVD.
OKLAHOMA CITY, OK 73194

191489   STATE OF PENNSYLVANIA

BUREAU OF BUSINESS TRUST FUND
TAXES
DEPT. 280900
HARRISBURG, PA 17128

191490   STATE OF RHODE ISLAND

EXCISE SALES TAX
1 CAPITOL HILL
PROVIDENCE, RI 02908

191491   STATE OF SOUTH CAROLINA

SOUTH CAROLINA TAX COMMISSION
P. O. BOX 125
COLUMBIA, SC 29214

191492   STATE OF TENNESSEE

TAXPAYER SERVICES DIVISION
3RD FL., ANDREW JACKSON STATE
OFFICE BLDG.
NASHVILLE, TN 37242

191493   STATE OF TEXAS

STATE COMPTROLLER

|        |                                   |                                                                                    |
|--------|-----------------------------------|------------------------------------------------------------------------------------|
|        |                                   | CAPITOL STATION<br>AUSTIN, TX 78774                                                 |
| 191494 | STATE OF UTAH                     | STATE TAX COMMISSION<br>210 N. 1950 WEST<br>SALT LAKE CITY, UT 84134                |
| 192146 | STATE OF UTAH ABANDONED PROPERTY  | 341 S. MAIN ST. #500<br>SALT LAKE CITY, UT 84111                                    |
| 191495 | STATE OF VERMONT                  | BUSINESS TAX DIVISION<br>P. O. BOX 547<br>MONTPELIER, VT 05602                      |
| 191496 | STATE OF VIRGINIA                 | DEPARTMENT OF TAXATION<br>P. O. BOX 1115<br>RICHMOND, VA 23208                      |
| 191351 | STATE OF WASHINGTON               | DEPT. OF REVENUE/D. HOUGHTON<br>2101 4TH AVE., SUITE 1400<br>SEATTLE, WA 98121-2300 |
| 191497 | STATE OF WASHINGTON               | EXCISE TAX DIVISION<br>GENERAL ADMINISTRATION BLDG., M.S.<br>OLYMPIA, WA 98504      |
| 191498 | STATE OF WEST VIRGINIA            | STATE TAX DEPARTMENT<br>P. O. BOX 3784<br>CHARLESTON, WV 25337                      |
| 191499 | STATE OF WISCONSIN                | DEPARTMENT OF REVENUE<br>P. O. BOX 8902<br>MADISON, WI 53708                        |
| 191500 | STATE OF WYOMING                  | REVENUE AND TAXATION<br>122 WEST 25TH STREET, HERSCHLER BLDG.<br>CHEYENNE, WY 82002 |
| 191462 | DISTRICT OF COLUMBIA              | DEPT. OF FINANCE & REVENUE<br>4414 - 4TH ST., SUITE 570N<br>WASHINGTON, DC 20001    |
| 192899 | WAKE COUNTY REVENUE DEPARTMENT    | POST OFFICE BOX 550<br>RALEIGH, NC 27602-0550                                       |
| 177051 | NORTH CAROLINA DEPT. OF REVENUE   | OFFICE SERVICES DIVISION<br>POST OFFICE BOX 1168                                    |

RALEIGH, NC 27602-1168

SEARCH    SUGGESTIONS    USER PREF'S    COURTWATCH    HELP          HOME →

RACER Bankruptcy Case Search - Click here to view the

| Click below for an alphabetical Claim Listing starting with the selected letter | Enter a Creditor Name to search for |
|---|---|
| | SEARCH |

## Creditor Listing for Case 98-02675
## INTERNATIONAL HERITAGE, INC.

| Creditor No. | Creditor | Address |
|---|---|---|
| 144344 | U TIN SOE | 501 W 123RD ST., #2G<br>NEW YORK, NY 10027 |
| 157353 | U&U ENTERPRISES | 1366 HWY 22<br>HIGH FALLS, NC 27259 |
| 56805 | U'ILANI K. GOMEZ | 4850 BAR 10 ROAD<br>CALHAN, CO 80808 |
| 177053 | U.S. ATTORNEY | 320 NEW BERN AVENUE, SUITE 800<br>FEDERAL BUILDING<br>RALEIGH, NC 27601-1461 |
| 191502 | U.S. ATTORNEY'S OFFICE | 227 WEST TRADE ST., SUITE 1700,<br>CARILLON BLDG.<br>CHARLOTTETOWN, NC 28202 |
| 157356 | U.S. BUSINESS GROUP INC. | 2058 CAROLINA CIRCLE MALL<br>GREENSBORO, NC 27405 |
| 157357 | U.S. RONG SHENG INT. INC. | 91-29 48 AVE<br>ELMHURST, NY 11373 |
| 24598 | UBALDO L. CATESUS | GREENHILL Y-10 URB.<br>GUEYNABO, PR 966 |
| 189651 | UBHI JASWANT S | 232 RUNDLEVIEW DR NE<br>CALGARY, AB T1Y1H8<br>FOREIGN, FN 99999 |

SEARCH    SUGGESTIONS    USER PREF'S    COURTWATCH    HELP    HOME → 

RACER Bankruptcy Case Search - Click here to view the ~~Court sheet Docket from~~
~~Chapter 11 plan~~

**Click below for an alphabetical Creditor Listing starting with the selected letter>**

ABCDEFGHIJKLMNOPQRSTUVWXYZ

## Creditor Listing for Case 98-02675
## INTERNATIONAL HERITAGE, INC.

| | | |
|---|---|---|
| 1 | KHRISTINE L. LANNING | ASSISTANT ATTORNEY GENERAL POST OFFICE BOX 629 RALEIGH, NC 27602-0629 |
| 2 | STANELY H. VAN ETTEN | C/O BRENT E. WOOD POST OFFICE BOX 164 RALEIGH, NC 27602 |
| 3 | JIANLIANG YANG | 45 THORNTON RD. CHESTNUT HILL, MA 02467 |
| 4 | DENISE MARSH | C/O JAMES RUSSELL TUCKER 500 N. AKARD STREET DALLAS, TX 75201 |
| 5 | JOEL R. UNDERWOOD | POST OFFICE BOX 134 MONTEZUMA, GA 31063 |
| 6 | NELDA K. LEBLANC | 100 EAST END AVE. SULPHUR, LA 70663 |
| 7 | LOZINA N. CHENG | 175 NORTHRIDGE DRIVE DALY CITY, CA 94015 |
| 8 | ANTHONY C. JONES | 525 SPRING LIBERTY, MO 64068 |
| 9 | CHRISTINA LOPEZ | ROUTE 1 BOX 86 RAYMONDVILLE, TX 78580 |
| 10 | WALTER SHULER | 13354 HOLLY PARK HOUSTON, TX 77015 |
| 11 | JENNA L. WELCH | 605 MANCHESTER AVE. MIDDLESBORO, KY 40965 |

SEARCH    SUGGESTIONS    USER PREFS    COURTWATCH    HELP    HOME →

RACER Bankruptcy Case Search - Click here to view the

Click here for alphabetical Claim Listing starting with the selected letter

**Enter a Creditor Name to search for**

SEARCH

## Creditor Listing for Case 98-02675
## INTERNATIONAL HERITAGE, INC.

| Creditor No. | Creditor | Address |
|---|---|---|
| 191504 | SECURITIES & EXCHANGE COMMISSION | ATLANTA REGIONAL OFFICE 3475 LENOX RD., NE, SUITE 1000 ATLANTA, GA 30326 |
| 191163 | SECURITIES AND EXCHANGE COMMISSION | 3475 LENOX ROAD, STE. 1000 ATLANTA, GA 30326-1232 |
| 192094 | SECURITIES EQUITIES CONSORTIUM | P. O. BOX 777 SALT LAKE CITY, UT 84110 |
| 192095 | SECURITIES EQUITIES CONSORTIUM | 570 MAIN ST ISLIP, NY 11751 |
| 137690 | SECURITY OPERATIONS SERVICES | 8130 N. MAYFIELD LN. MECHANICSVILLE, VA 23111 |
| 106941 | SEDA MISKARYAN | 1335 N. LABREA AVE. #309 LOS ANGELES, CA 90028 |
| 154051 | SEDDREK A. THORNTON | 10555 TURTLEWOOD #1611 HOUSTON, TX 77072 |
| 107335 | SEDEAN W. MIZELL | 15128 WARDLINE ROAD BOGALUSA, LA 70427 |
| | | 235 S. 15TH ST. APT 701 |

FILED

JAN 15 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                    )
                                          )        CHAPTER 7
INTERNATIONAL HERITAGE, INC.              )        CASE NO. 98-02675-5-ATS
                                          )
INTERNATIONAL HERITAGE,                   )
INCORPORATED,                             )        CHAPTER 7
                                          )        CASE NO. 98-02674-5-ATS
                 Debtors.                 )

APPLICATION OF TRUSTEE
TO ENTER INTO STIPULATION AND CONSENT
TO FINAL JUDGMENT OF PERMANENT INJUNCTION

NOW COMES Holmes P. Harden, Trustee for the above-captioned debtors, requesting an

order authorizing the execution of a Stipulation and Consent to Final Judgment of Permanent

Injunction (a copy of which is attached as Exhibit A) and in support of such application shows

the Court as follows:

1.      International Heritage, Inc. and International Heritage, Incorporated filed

voluntary petitions in bankruptcy on November 25, 1998 and Holmes P. Harden was appointed

Chapter 7 Trustee.

2.      On or about March 16, 1998, the Securities and Exchange Commission

("*Commission*") brought a civil action against the debtors and others styled *Securities and*

*Exchange Commission v. International Heritage, Inc. Stanley H. Van Etten, Claude W. Savage,*

*Larry G. Smith, and International Heritage Incorporated, a Nevada Corporation*, Civil Action

No. 1-98-CV-0803-RWS ("Civil Action"), in the United State District Court for the Northern

RAL/177882/1

EXHIBIT
**2**

44

copy ret'd 4/15/99 Am        33 pop

District of Georgia alleging prepetition violations of the securities laws and seeking a final judgment permanently enjoining debtors from further violation of the law and the establishment of an amount of disgorgement of profits derived from fraudulent activities and the imposition of civil penalties.  A payment bond in the penal sum of $5,000,000 ("*Bond*") issued by ACSTAR Insurance Company and United Coastal Insurance Company (the "*Sureties*") was posted by debtors to satisfy any amounts that may be ordered paid to the Commission in the civil action. The payment bond inures to the benefit of the Commission and is not property of either bankruptcy estate.  A copy of the bond is attached hereto as Exhibit B.

3.    The Commission filed proofs of claim dated January 4, 1999 in the International Heritage, Inc. case and in the International Heritage, Incorporated cases in the amount of $6,450,000.00.  The claims are unliquidated, contingent, unsecured claims consistent with the Commission's prayer for disgorgement in the above-referenced civil action.  The Commission has demonstrated that it is prepared to prove up its claims in the bankruptcies.

4.    Pursuant to the proposed settlement, the Commission proposes to authorize disbursement of the bond proceeds by the Chapter 7 Trustee in the International Heritage, Inc. case and to reduce its claims in each of the bankruptcy cases by any amount paid by the Sureties to the Clerk of Court for the United States District Court for the Northern District of Georgia for the benefit of the Commission pursuant to a judgment of disgorgement entered against the defendants in the Civil Action and disbursed with the consent and direction of the Commission by the Trustee in the International Heritage, Inc. bankruptcy in payment of the following: Trustee's agreed-upon compensation for administration and disbursement set forth in Paragraph 5 below, all administrative claims, allowed claims of independent retail sales representatives who

made payment to either of the debtors and did not receive a product or commission, and allowed claims of purchasers of convertible notes from either debtor in 1997. If the aforesaid $5,000,000 is not depleted after payment of the foregoing claims, the Commission agrees that any remaining portion of the $5,000,000 shall be used to pay other creditor's allowed claims in the International Heritage, Inc. case net of any allowed claim of Lloyd Whitaker, the monitor appointed by the Federal District Court for the Northern District of Georgia in the Civil Action.

5.     Trustee for International Heritage, Inc. has agreed to receive $5,000,000 under the Bond and to disburse the proceeds of the Bond in the International Heritage, Inc. bankruptcy according to Paragraph 4 above and Paragraph IV of Exhibit A(1) attached hereto. The Commission agrees that Trustee's compensation for administration and disbursement of the proceeds of the bond shall be paid from the proceeds of the bond in an amount equal to the maximum allowable commission authorized by 11 U.S.C. § 326 without reduction.

6.     The proposed Stipulation and Consent is intended to settle the Civil Action only as to the debtors. Pursuant to the proposed settlement of the Civil Action, Trustee agrees to waive the attorney-client privilege as to prepetition advice the debtors received from their attorneys.

7.     The Trustee deems it appropriate and consistent with his duties to enter into the Stipulation and Consent with the Commission, which Stipulation and Consent by its terms reduces the Commission's claims in each International Heritage bankruptcy case by up to $5,000,000 in each case, assures the payment of all § 503 expenses of administration of the International Heritage, Inc. bankruptcy, payment of compensation to the Trustee for administration and disbursement of the aforesaid $5,000,000, payment of allowed professional fees and all other allowed administrative claims, and is given without admitting or denying the

RAL/177882/1

factual allegations of the Complaint.

8.     The Trustee is authorized to enter into such a Stipulation and Consent on behalf of the Debtor corporation with court approval.  A copy of the proposed Stipulation and Consent is attached hereto as Exhibit A and is incorporated herein by reference.

9.     Approval to execute the Stipulation and Consent is in the best interest of the Debtors' estates in that it will dispose of significant litigation against the debtors without undue expense,  will result in the reduction of a substantial portion of a principal unsecured claim in each of these cases, and will fund payment of administrative expense and other claims in these bankruptcies.

10.     This proposed settlement is contingent upon final approval of the United States Securities and Exchange Commission, which approval is currently under consideration and is expected to be determined timely.

WHEREFORE, the Trustee prays that the Court authorize him to enter into a Stipulation and Consent to Final Judgment of Permanent Injunction in the form attached hereto as Exhibit A on behalf of the debtor corporations.

RAL/177882/1

This 13th day of January, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _Holmes P. Harden_

Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

RAL/177882/1

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, Chapter 7 Trustee, do hereby certify that the foregoing **Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction** was served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina, and by public notice via 888-895-8385 and www.nceb.uscourts.gov., and by e-mail on the 13th day of January, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____
Holmes P.  Harden
N.C.  State Bar No.  9835
3200 Beechleaf Court, Suite 500
Post Office Drawer 19764
Raleigh, North Carolina 27619-9764
Telephone:  919/981-4000
Facsimile:  919/981-4300

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Henry W. Nozko, Jr.
President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Henry W. Nozko, Jr.
President
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

RAL/177882/1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES SECURITIES                     )
  AND EXCHANGE COMMISSION,                    )
                                              )
         Plaintiff                            )
                                              )
v.                                            )            CIVIL ACTION
                                              )            NO. 1-98-0803-RWS
INTERNATIONAL HERITAGE, INC.,                 )
STANLEY H. VAN ETTEN, CLAUDE                  )
W. SAVAGE,  LARRY G. SMITH,                   )
and INTERNATIONAL HERITAGE,                   )
INCORPORATED, a Nevada                        )
Corporation,                                  )
                                              )
         Defendants.                          )

CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

1.       Defendants International Heritage, Inc. ("IHI") and International Heritage,

Incorporated, a Nevada corporation ("IHI Incorporated") submit to the *in personam* jurisdiction

of this Court over them, acknowledge service of summons and the Complaint in this matter,

admit the jurisdiction of this Court over the subject matter of this action, waive the entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil

Procedure, and hereby consent to the entry of a Final Judgment of Permanent Injunction

("Order") without further notice in the form annexed hereto and incorporated by reference herein.

RAL/179662/1                    **EXHIBIT A**

2.      Defendants IHI and IHI Incorporated, without admitting or denying any of the allegations of the Commission's Complaint, except as to jurisdiction which they admit, consent to the entry of the order attached as Exhibit A(1) which permanently restrains and enjoins IHI and IHI Incorporated from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933, ("*Securities Act")* 15 U.S.C. 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("*Exchange Act")*, 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder, and permanently restrains and enjoins IHI Incorporated from violating Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11, thereunder, and which sets an amount of disgorgement against IHI which may be paid in part pursuant to a surety bond posted with the Court on behalf of IHI, which IHI stipulates is not an asset of the bankruptcy estate of IHI.  Plaintiff Securities and Exchange Commission stipulates that the United States Bankruptcy Court for the Eastern District of North Carolina has jurisdiction pursuant to 28 U.S.C. § 1334 over the administration of the surety bond, and further stipulates that any and all proceeds of such bond shall be first subject to a payment to the IHI trustee of an amount equal to the full statutory commission permitted pursuant to 11 U.S.C. § 326(a) without reduction notwithstanding the foregoing stipulation that the bond is not property of the IHI estate, and in addition to the aforesaid payment to Trustee, to payment of all allowed IHI administrative claims.

3.      Defendants IHI and IHI Incorporated enter into this Consent voluntarily and acknowledge that no promise or threat of any kind whatsoever has been made by Plaintiff Securities and Exchange Commission or any member, officer, agent or representative thereof to induce them to enter into this stipulation and consent.

RAL/179662/1

4.      Defendants IHI and IHI Incorporated waive any right they may have to appeal from the entry of the Order.

5.      Defendants IHI and IHI Incorporated agree that following entry of an Order Authorizing Trustee to Enter Into Stipulation and Consent to Final Judgment of Permanent Injunction in Securities and Exchange Commission's Complaint by the United States Bankruptcy Court for the Eastern District of North Carolina, upon application of the Trustee in *In re International Heritage, Inc.*, Chapter 7 Case No. 98-02675-5-ATS, and *In re International Heritage, Incorporated*, Chapter 7 Case No. 98-02674-5-ATS (the "Bankruptcy Cases"), the Order may be presented by the Commission to the Court for signature without further notice.

6.      Defendants IHI and IHI Incorporated agree that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

7.      Defendants IHI and IHI Incorporated agree that they will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and they hereby waive any objection they may have based thereon.

8.      Defendants IHI and IHI Incorporated hereby understand that the Plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or derived therefrom, to any person or entity, public or private, having criminal, civil or administrative jurisdiction for action thereby.

9.      Defendants IHI and IHI Incorporated further state that they understand that the Plaintiff cannot and does not confer upon them, or upon any other person or entity, immunity from any criminal proceeding for any actions related to or arising from this or any other matter.

RAL/179662/1

10.     Plaintiff agrees to reduce its claims in each of the IHI, Inc. and IHI Incorporated bankruptcy cases pending in the Bankruptcy Cases by the amount of the sum of all funds disbursed by the trustee pursuant to Paragraph IV of the proposed final judgment, attached hereto as Exhibit A(1).

11.     Defendants IHI and IHI Incorporated acknowledge that they have read, understand, and agree to comply with the policy of plaintiff Commission, set forth in 17 C.F.R. § 202.5(e), not to permit a defendant to consent to a judgment or order that imposes a sanction while denying any allegation in the complaint.  Defendants IHI and IHI Incorporated agree not to take any action or make any public statement denying, directly or indirectly, any allegation in the complaint.  Defendants IHI and IHI Incorporated further agree not to take any action or make any public statement which creates, or tends to create, the impression that the complaint is without factual basis.  Nothing in this provision affects said defendants' testimonial obligations or right to take legal positions in other non-Commission litigation.

12.     Defendants IHI and IHI Incorporated agree to and hereby waive the attorney-client privilege with regard to all communications between IHI or IHI Incorporated or their representatives and any attorney which occurred prior to the appointment of the Chapter 7 Trustee for said defendants, and further agree to remain a party to this litigation for purposes of discovery.

RAL/179662/1

This the ___ day of January, 1999.

INTERNATIONAL HERITAGE, INC. and
INTERNATIONAL HERITAGE, INCORPORATED,
a Nevada corporation


By:_____
    Holmes P. Harden, Trustee in Bankruptcy

In accordance with the Order of the United States
Bankruptcy Court in *In re International Heritage, Inc.*,
Chapter 7 Case No. 98-02675-5-ATS, and *In re
International Heritage, Incorporated*, Chapter 7 Case No.
98-02674-5-ATS (Bankr. E.D.N.C.)

State of North Carolina

County of _____

On this ___ day of January, 1999, before me personally appeared Holmes P. Harden,
known to me to be the person who executed the foregoing Stipulation and Consent and he
acknowledged to me that he executed the same.

This ____ day of January, 1999.


_____
Notary Public

My Commission Expires:


_____

RAL/179662/1

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION

By:_____
    William P. Hicks
    District Trial Counsel

    Atlanta District Office
    Suite 1000
    3475 Lenox Road
    Atlanta, GA 30326-1232
    Telephone: (404) 842-7600
    Fax: (404) 842-7666

RAL/179662/1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff<br><br>v.<br><br>INTERNATIONAL HERITAGE, INC.,<br>STANLEY H. VAN ETTEN, CLAUDE<br>W. SAVAGE,  LARRY G. SMITH,<br>and INTERNATIONAL HERITAGE,<br>INCORPORATED, a Nevada<br>Corporation,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 1-98-0803-RWS |

FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

Plaintiff United States Securities and Exchange Commission ("Commission") having

filed its complaint in this matter against defendants International Heritage, Inc. ("IHI") and

International Heritage, Incorporated, a Nevada corporation ("IHI Incorporated") and others,

seeking injunctive and other relief, and defendants IHI and IHI Incorporated having, by the duly

appointed Chapter 7 Trustee in Bankruptcy, upon Order of the U.S. Bankruptcy Court for the

Eastern District of North Carolina in *In re International Heritage, Inc.*, Case No. 98-02675-5-

ATS and *In re International Heritage, Incorporated,* Case No. 98-02674-5-ATS (the

"Bankruptcy Cases") entered general appearances, admitted the jurisdiction of this court over

RAL/179702/1                    **EXHIBIT A(1)**

them and over the subject matter of this action, waived entry of findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil Procedure with respect to the relief granted in this order, and without admitting or denying any of the allegations of the complaint having consented to the entry of this order, it is hereby,

I.

ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(2)     carrying securities or causing them to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(3)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, unless and until a registration statement is filed with the Commission as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the

RAL/179702/1

registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. 77h, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. 77e(a) and 77e(c). Provided, however, that nothing in the foregoing portion of the preliminary injunction shall apply to any security or transacation which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. 77c.

## II.

IT IS FURTHER ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1)     employing any device, scheme or artifice to defraud;

(2)     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

(3)     obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4)     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances

RAL/179702/1

under which they were made, not misleading, in violation of Section 17(a) of the

Securities Act, 15 U.S.C. 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C.

78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

### III.

IT IS FURTHER ORDERED that defendant IHI Incorporated, its officers, agents,

servants, employees, attorneys, and those persons in active concert or participation with them, be

and hereby are, restrained from, directly or indirectly, filing reports with the Commission, on

Form 8-K or otherwise, which are false and misleading or fail to disclose material facts necessary

to make the statements made not misleading, in violation of Section 15(d) of the Exchange Act,

15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11.

### IV.

IT IS FURTHER ORDERED that disgorgement is set against defendant IHI in the

amount of $6,533,179, plus prejudgment interest.  Five million dollars of said disgorgement shall

be satisfied from the surety bond which has been posted in this matter, which bond is not the

property of IHI, or IHI Incorporated, or of the bankruptcy estates. The amount of the bond

($5,000,000) shall be deposited into the registry of this Court within ten (10) days from the date

of this order.  However, upon deposit of the aforesaid $5,000,000 into the registry, the Clerk of

the Court will issue a nonrefundable check for $5,000,000 to Holmes P. Harden, the IHI Chapter

7 trustee, to be used first for payment to the Chapter 7 Trustee of an amount equal to the full

statutory commission permitted pursuant to 11 U.S.C. § 326 without reduction, then for payment

of all administrative claims allowed by the United States Bankruptcy Court of the Eastern

District of North Carolina in the IHI bankruptcy case, then for payment of any allowed

RAL/179702/1

outstanding fees of Lloyd Whitaker, the monitor in this case, then for pro rata payment of

allowed claims by independent retail sales representatives ("*IRSRs*") of IHI who made payments

to IHI and never received a product or commission, and then for allowed claims of purchasers of

IHI convertible notes during 1997. Any remaining proceeds shall thereafter be used to first pay

allowed claims of other IRSRs and thereafter to pay the allowed claims of other creditors of IHI

according to the priorities set forth in the United States Bankruptcy Code. Notwithstanding the

foregoing, none of such proceeds shall be used to pay any claims of defendants Stanley H. Van

Etten, Claude W. Savage or Larry G. Smith, or of any entity controlled by them, or of any other

officer or director of IHI.  Any disgorgement paid by the other defendants in this matter may,

upon motion by the Commission, be transferred to the trustee for disbursement pursuant to the

above terms.

V.

IT IS FURTHER ORDERED that based upon Defendant IHI's bankruptcy schedules as

amended and Defendant IHI Incorporated's bankruptcy schedules as amended, all of which have

been reviewed by the Commission, the Court is not ordering IHI or IHI Incorporated to pay a

civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. 77t(d), and Section 21(d)

of the Exchange Act, 15 U.S.C. 78u(d).  The determination not to impose a civil penalty is

contingent upon the accuracy and completeness of each defendant's bankruptcy schedules.  If at

any time following the entry of this Final Judgment the Commission obtains information

indicating that IHI's or IHI Incorporated's representations in its bankruptcy schedules concerning

its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete

in any material respect as of the time such representations were made, the Commission may, at

its sole discretion, petition this Court for an order imposing a civil penalty.  In connection with any such petition, the only issues shall be whether the financial information provided by either debtor was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed.  In any such petition, the Commission may move this Court to consider all available remedies, including, but not limited to, (1) ordering the debtors to pay funds or assets, (2) directing the forfeiture of any assets, or (3) sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery.  The debtors may not, by way of defense to such petition, challenge the validity of this Consent or the Final Judgment, contest the allegations in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.  In the event that the bankruptcy cases are still pending, any civil penalty imposed by this Court will be payable in the bankruptcy cases pursuant to 11 U.S.C. § 726(a)(4) if funds are available in accordance with Paragraph IV above.

VI.

IT IS FURTHER ORDERED that, pending further order of this court, defendants IHI and IHI Incorporated, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

RAL/179702/1

## VII.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over this matter and the defendants and will order other and further relief that this Court deems appropriate under the circumstances, and that defendants IHI and IHI Incorporated will remain parties to this case for purposes of discovery.

Done and ordered at _____ o'clock ____.m. this _____ day of January, 1999, at Atlanta, Georgia.

_____

**UNITED STATES DISTRICT JUDGE**

RAL/179702/1

WE ASK FOR THIS:

INTERNATIONAL HERITAGE, INC. and
INTERNATIONAL HERITAGE, INCORPORATED,
a Nevada corporation


By:_____
    Holmes P. Harden, Trustee in Bankruptcy

In accordance with the Order of the United States
Bankruptcy Court in *In re International Heritage, Inc.*,
Chapter 7 Case No. 98-02675-5-ATS, and *In re
International Heritage, Incorporated*, Chapter 7 Case No.
98-02674-5-ATS (Bankr. E.D.N.C.)


Of Counsel:

    MAUPIN TAYLOR & ELLIS, P.A.
    3200 Beechleaf Court, Suite 500
    Post Office Drawer 19764
    Raleigh, NC 27619
    Telephone: (919) 981-4000
    Fax: (919) 981-4300

AND

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION


By:_____
    William P. Hicks
    District Trial Counsel

    U.S. Securities and Exchange Commission
    Atlanta District Office
    Suite 1000
    3475 Lenox Road
    Atlanta, GA 30326-1232
    Telephone: (404) 842-7600
    Fax: (404) 842-7666

RAL/179662/1

Bond No. 7719



**PAYMENT BOND**

233 MAIN STREET • P.O. BOX 2350 • NEW BRITAIN  CT 06050-2350 • (860) 224-2000

KNOW ALL MEN BY THESE PRESENTS, that International Heritage, Inc. and International Heritage Incorporated, jointly and severally, (hereinafter referred to as "Principal"), and ACSTAR Insurance Company and United Coastal Insurance Company, 233  Main  Street,  P.O.  Box 2350, New Britain, CT 06050-2350, (hereinafter referred to as "Surety"), are held and firmly bound unto The Clerk Court for the United States District Court for the Northern District of Georgia, Atlanta Division (hereinafter "Clerk of Court"), (hereinafter referred to as "Obligee"), in the penal sum of FIVE MILLION and 00/100 Dollars ($5,000,000) for which payment well and truly to be made we do bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH, that:

WHEREAS, the Principal has been required to post this disgorgement bond to assure that the liquid assets of Principal are not diminished during the pendency in the action captioned "Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage Incorporated", and that such FIVE MILLION DOLLARS sum will be available to satisfy any amounts that may be ordered paid by Principal in the above proceeding. This bond shall apply to any judgment for damages and/or order granting disgorgement or other monetary relief against Principal up to FIVE MILLION DOLLARS.

The condition of this obligation is such that if the Securities and Exchange Commission shall fail to obtain a judgment for damages or an order granting disgorgement or other monetary relief against the Principal, then this obligation shall be null and void and this bond shall be returned to the Surety upon receipt by The Clerk of the Court of an order releasing this bond, otherwise this bond shall remain in full force and effect, pending further order of this Court.

A further condition of this obligation is that if Securities and Exchange Commission obtains a judgment for damages and/or an order granting disgorgement or any other monetary relief against the Principal, and that judgment and any order granting disgorgement or other monetary relief are satisfied in whole or in part from the assets of the Principal or, alternatively in at least the amount of Five Million Dollars ($5,000,000), the bond or any unapplied part of the amount of the bond shall be null and void and the bond shall be returned to the Surety, otherwise this bond shall remain in full force and effect, pending further order of this court.

A further condition of this obligation is that this bond shall be null and void if either (a) the Surety does not receive U.S. Three Million Six Hundred Fifty Thousand Dollars ($3,650,000) by wire transfer to the Surety at Fleet Bank, 777 Main Street, Hartford, CT, ABA #011500010, to credit ACSTAR Insurance Company, Account #5017-0193 within two (2) business days following the filing of this payment bond with the Clerk of Court or (b) the Surety receives a claim against this bond before receiving by wire transfer as outlined above U.S. Three Million Six Hundred Fifty Thousand Dollars ($3,650,000), otherwise this bond shall remain in full force and effect, pending further order of this Court.

IN WITNESS WHEREOF, the above bounden parties have executed this instrument under their several seals this 5th day of June , 19 98 the name and corporate seal of each corporate party being affixed hereto and these presents duly signed by its undersigned representatives, pursuant to authority of its governing body.

ATTEST:

INTERNATIONAL HERITAGE, INC.          (Seal)

By

ATTEST:

INTERNATIONAL HERITAGE INCORPORATED          (Seal)

By

ATTEST:

*Natalie Siégel*

ACSTAR INSURANCE COMPANY          (Seal)
UNITED COASTAL INSURANCE COMPANY

By
Name:   Henry W. Nozko, Jr.
Title:      President

EXHIBIT B

**ACSTAR INSURANCE COMPANY**

233 MAIN STREET • P.O. BOX 2350
NEW BRITAIN, CT 06050-2350
(860) 224-2000

**POWER OF ATTORNEY**

**Know all men by these presents:** That ACSTAR Insurance Company, a corporation of the State of Illinois, having its principal office in the City of New Britain, Connecticut, pursuant to the following Resolution, which was adopted by the Board of Directors of the said Company on June 30, 1994 to wit:

RESOLVED, That the following Rules shall govern the execution for the Company of bonds, undertakings, recognizances, contracts and other writings in the nature thereof:

(1) That the Chairman, the President, the Vice President and General Counsel, or any Attorney-in-Fact, may execute for and on behalf of the Company any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof, the same to be attested by the Corporate Secretary, or any Assistant Corporate Secretary, and the seal of the Company affixed thereto: and that the Chairman or President may appoint and authorize any other Officer (elected or appointed) of the Company, and Attorneys-in-Fact to so execute or attest to the execution of all such writings on behalf of the Company and to affix the seal of the Company thereto.

(2) Any such writing executed in accordance with these Rules shall be as binding upon the Company in any case as though signed by the President and attested to by the Corporate Secretary.

(3) The signature of the Chairman or the President of the Company may be affixed by facsimile on any power of attorney granted pursuant to this Resolution, and the signature of a certifying officer and the seal of the Company may be affixed by a facsimile to any certificate of any such power, and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company.

(4) Such other Officers of the Company, and Attorneys-in-Fact shall have authority to certify or verify copies of this Resolution, the By-Laws of the Company, and any affidavit or record of the Company necessary to the discharge of their duties.

**does hereby nominate, constitute and appoint**

Henry W. Nozko, Sr., Henry W. Nozko, Jr., Robert H. Frazer, David A. Price, Joseph D. Scollo, Jr. each individually if there be more than one named, its true and lawful Attorney-in-Fact, to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding TWENTY MILLION DOLLARS ($20,000,000.00) each, and the execution of such writings in pursuance of these presents, such be as binding upon said Company, as fully and amply, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office.

IN WITNESS WHEREOF, Henry W. Nozko, Sr., Chairman and Henry W. Nozko, Jr., President, have hereunto subscribed their names and affixed the corporate seal of the ACSTAR INSURANCE COMPANY this 4th day of September 1996.

ACSTAR Insurance Company

by _____ Henry W. Nozko, Sr., Chairman

by _____ Henry W. Nozko, Jr., President

STATE OF CONNECTICUT )
) ss. NEW BRITAIN
COUNTY OF HARTFORD )

On this 4th day of September A.D. 1996, before me, a Notary Public of the State of Connecticut came, Henry W. Nozko, Sr., Chairman and and Henry W. Nozko, Jr., President of the ACSTAR Insurance Company, to me personally known to be the individuals and officers who executed the preceding instrument, and they acknowledged that they executed the same, and the seal affixed to the preceding instrument is the corporate seal of said Company; that the said corporate seal and their signatures were duly affixed by the authority and direction of the said corporation, and the Resolution adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of New Britain the day and year first above written.

DARRAL AQUINO
NOTARY PUBLIC
CONNECTICUT

_____ Notary Public - Darral Aquino

I, the undersigned, Secretary of ACSTAR Insurance Company, do hereby certify that the original POWER OF ATTORNEY of which the foregoing is a full, true and correct copy, is in full force and effect.

In witness whereof, I have hereunto subscribed my name as Secretary and affixed the corporate seal of the Corporation, this _____ day of _____ June _____, 19 96.

_____ Robert H. Frazer                                     Secretary

Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| INTERNATIONAL HERITAGE, | ) | |
| INCORPORATED, | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02674-5-ATS |
| | ) | |
| Debtors. | ) | |

NOTICE OF APPLICATION

NOTICE IS HEREBY GIVEN of the APPLICATION OF TRUSTEE TO ENTER INTO STIPULATION AND CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION filed by Holmes P. Harden, Trustee, simultaneously herewith seeking approval of an agreement settling the Securities and Exchange Commission's civil claims against the above-referenced debtors.

FURTHER NOTICE IS HEREBY GIVEN that if you fail to respond or otherwise plead or request a hearing in writing to the Clerk of U.S. Bankruptcy Court, Eastern District of North Carolina, P. O. Box 1441, Raleigh, NC 27602, with a copy to the Trustee within TWENTY (20) DAYS of the date of this notice the relief requested in the Application may be granted without further hearing or notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed within the time indicated, a hearing will be conducted on the Application and response thereto at a date, time and place to be later set by this Court and all interested parties will be notified accordingly.  If no request for a hearing is timely filed, the Court may rule on the Application and response thereto ex parte without further notice.

This the 13th day of January, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____

Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

RAL/177882/1

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, do hereby certify that the foregoing APPLICATION OF TRUSTEE TO ENTER INTO STIPULATION AND CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION was served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina, and by public notice via 888-895-8385 and 919-981-4033 and by posting on court's web page www.nceb.uscourts.gov. on the 13th day of January, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

BY: _____

Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Henry W. Nozko, Jr.
President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Henry W. Nozko, Jr.
President
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

William P. Hicks
James E. Long
Securities and Exchange Commission
3475 Lenox Road, N.E.
Atlanta, GA 30326

Michael K. Wolensky
Robert G. Brunton
David J. Gellen
Kutak Rock
225 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30303-1731

Gerald A. Jeutter, Jr., Esq.
Kilpatrick Stockton
P. O. Box 300004
Raleigh, NC   27607

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226
Via Fax: 313-961-8358

SEE ATTACHED MAIL MATRIX

SEE ATTACHED E-MAIL LIST

RAL/177882/1

William P. Hicks
James E. Long
Securities and Exchange Commission
3475 Lenox Road, N.E.
Atlanta, GA 30326

Michael K. Wolensky
Robert G. Brunton
David J. Gellen
Kutak Rock
225 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30303-1731

Gerald A. Jeutter, Jr., Esq.
Kilpatrick Stockton
P. O. Box 300004
Raleigh, NC   27607


SEE ATTACHED MAIL MATRIX

SEE ATTACHED E-MAIL LIST

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226
Via Fax: 313-961-8358

RAL/177882/1

Terri L. Gardner
Smith Debnam Narron & Myers, L.L.P.
P. O. Box 26268
Raleigh, NC 27611-6268

Managing Agent
International Heritage, Inc.
2626 Glenwood Avenue
Raleigh, NC 27608

Brent E. Wood
Wood & Francis, PLLC
P. O. Box 164
Raleigh, NC 27602

Stephanie P. Wyatt
Coyle, Bascom & Bergman, P.C.
1000 Cambridge Square, Suite C
Alpharetta, GA 30004

James Russell Tucker
Bush, Hauder & Adkerson, P.C.
500 N. Akard Street, Suite 2100
Dallas, TX 75201

Jack T. Clary
214 St. Matthews Lane
Spartanburg, SC 29301

Richard Ieyoub, Attorney General
State of Louisiana
301 Main Street, Suite 1250
Baton Rouge, LA 70801

Susan Coon Bailey
5233 Floynell Drive
Baton Rouge, LA 70809

Dorothy H. Miller
102 Triangle Circle
Lafayette, LA 70508

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226

Stacey Ostrom
3010 E. Nasa Road 1 #1302
Seabrook, TX 77586

Eugene W. Ellison
185 Biltmore Avenue
Asheville, NC 28801

Karl A. King
465 Sudden Valley
Bellingham, WA 98226

Securities and Exchange Commission
Attn: William P. Hicks
3475 Lenox Road, NE
Atlanta, GA 30326

Managing Agent
Internal Revenue Service
320 Federal Place
Greensboro, NC 27401

Managing Agent
North Carolina Dept. of Revenue
P. O. Box 1168
Raleigh, NC 27602

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Jane E. Chassey
1514 Azalea Drive
Saint Louis, Missouri 63119

Carolyn E. John
485 Broad River Blvd.
Beaufort, SC 29906

Managing Agent
Advances Equities
P. O. Box 1042
Winnfield, LA 71483

Managing Agent
Centrum Bank AG, Vaduz
Heiligkreuz 8
Postfoch 1168
FL -9490 Vaduz

Gary D. McDowell
1138 Ascott Valley Dr.
Duluth, GA 30097

J. C. Faulhaber
923 South 4th
LaConner, WA 98257

Jean Wedin
P. O. Box 1600
LaConner, WA 98257

Managing Agent
Jewels by Evonne
1879 Buford Hwy.
Suite 7
Buford, GA 30518

Lois Coonc
P. O. Box 699
LaConner, WA 98257

Managing Agent
Mayflower Capital, LLC
2626 Glenwood Ave., Suite 100
Raleigh, NC 27608

Pamela Johnson
18488 Best Road
Mount Vernon, WA 98273

Managing Agent
Schweizer Verband
der Raiffeisen-banken
St. Gallen
Vadianstrasse 17
CH-9000 St. Gallen

Managing Agent
Schweizerische Hypotheke
Handelsbank, Zurich
Bahnhofstrasse/
Schutzengasse 4
CH-8023 Zurich

Stanley H. Van Etten
10504 Tredwood Drive
Raleigh, NC 27613

Managing Agent
.JBS, Zuerich
Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich

Ronald H. Garber
Boxley Bolten & Garber
P. O. Drawer 1429
Raleigh, NC 27602

Charles Anderson
Smith Helms Mulliss & Moore
P. O. Box 27525
Raleigh, NC 27611

Marianne Kelley
 142419 133 Ave.
Edmonton, Alberta
CANADA T5A5A5

Robert L. Chalmers
2800 Skymark Ave., Ste. 33
Mississauga, Ontario
CAN L4W5A6

Claude Savage
106 Benbow Land
Charlotte, NC 28214

Larry Smith
2435 E. North Street
Greenville, SC 29615

Anna M. Washburn
145 Christopher Drive
Clayton, NC 27520

Shawna Y. Staton
Jordan, Price, Wall, Gray,
 Jones & Carlton
P. O. Box 2021
Raleigh, NC 27602-2021

Henry W. Nozko, Jr., President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Henry W. Nozko, Jr., President
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

International Heritage
E-mail addresses for noticing purposes

yuanjunl@hotmail.com
beent@texoma.net
Cotner@wizzard.net
x2-song@worldnet.att.net
hual@airmail.net
mayfi23@ipa.net
Buddha623@aol.com
pgorman@vantagepointcapital.com
lwardcc2@aol.com
ridelga@pacbell.net
sstephe489@aol.com
mlafontaine@abbot-simses.com
wrightr@mindspring.com
TJWR21156@aol.com
rabbit@rockisland.com
cheryll.COSTANIINO@edmail.com
jasbircheema@amropictures.com
72320.316@compuserve.com
stann@colby.IXKS.com
lov.comptable@sympatico.ca
Cwin888@aol.com
myc888@webtv.net
virgilh@colby.ixks.com
gjack312@Intrstar.net
hdfrey@telusplanet.net
DLWARREN@BellSouth.net
michael_bhagat@hotmail.com
GBYRDJR@aol.com
rliston@spartanburg4.org
ghromero@aol.com
mommabeans@hotbot.com
joanchan@rocketmail.com
ZGU@atlantis.com
edeem@worldnet.att.net
DFITZPA400@aol.com
theboock@compuserve.com
pondman@memes.com
docchiro@ISLC.net
RIZMOE@NWRain.com
thodges@gateway.net
hlee@directv.com

RAL/180355/1

fabb@telusplanet.net
cordw@deltapineseed.com
NBECK87570@aol.com
JYANG4@FORD.COM
mccarthy@mccarthyconsultant.com
BNLHATH@aol.com
nonfemett@worldnet.att.net
digger@bcsupernet.com
BREIDYIII@aol.com
Lindastime@aol.com
pak@jcnl.com
hornsjr@mindspring.com
lpartr1072@aol.com
leadership.possibilities.mak@worldnet.att.net
aqualite@digisys.net
TIMSAMUEL@aol.com
mtheisen@efn.org
MLGeller@aol.com
willy@qni.com
englishs@digisys.net
gmahalko@vvm.com
timmoore@aol.com
mooreem@harpo.tnstate.edu
sprklmagc@aol.com
backpain@keynet.net
Hbeckbari@aol.com
mwarhurst@yahoo.com
js.baum@srs.gov
wynellh@flash.net
dlatray@mcn.net
bwood@woodfran.com
tcrow@uab-admin.vpad.uab.edu
DickLynne Ferency@compuserve.com
kaylorj@hal-pc.org
CHASSEYRAY@email.msn.com
jim.griffith@erols.com
xiaokui.shan@bakernet.com
xshan@aol.com
kkandola@theresidences.com
lrochkind@jafferaitt.com
sdostrom@hotmail.com
michaelhopkins@mailcity.com