**FILED**
**FEB - 2 2004**
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| INTERNATIONAL HERITAGE, INC. | 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INCORPORATED | 98-02674-5-ATS |
| DEBTORS | |

### ORDER DETERMINING THAT MOTIONS SHALL PROCEED AS AN ADVERSARY PROCEEDING AND ORDER REGARDING MOTIONS TO QUASH

On October 29, 2003, Stanley H. Van Etten, the former President and CEO of the chapter 7 debtors, International Heritage, Inc. and International Heritage, Incorporated, filed a pro se motion entitled Notice and Complaint for Breach of Settlement Agreement With Trustee and Request for Intervention and Resolution. On January 17, 2004, Mr. Van Etten filed a document that supplemented the motion, with requests for an investigation and removal of the trustee, Holmes P. Harden, and to stay disbursements in the case. The motion as supplemented was scheduled to be heard in Raleigh, North Carolina on January 29, 2004. Also scheduled for hearing were three motions to quash subpoenas filed in response to depositions and document requests noticed by Mr. Van Etten.

Mr. Van Etten in the Notice and Complaint for Breach of Settlement Agreement, filed on October 29, 2003, seeks reimbursement from the trustee for a tax refund withheld from Van Etten by the IRS. Mr. Van Etten claims that a settlement agreement

with the trustee protects Van Etten from liability for that claim. In the supplement filed on January 12, 2004, Mr. Van Etten seeks a formal investigation of alleged improprieties by the trustee, to remove the trustee, and to stay disbursement of various fees and expenditures. In this supplement filed January 12, 2004, Mr. Van Etten again claims that the trustee breached the settlement agreement, but expands the argument by asserting that the trustee engaged in self-dealing and collusion with other parties, and that he has taken actions that violate privileges and rights to which Van Etten is entitled.

As the court explained in the hearing, the October motion was properly filed as a motion, but Mr. Van Etten's filing in January expanded the scope of the October motion, and the two documents together allege causes of action that are within the scope of Rule 7001 of the Federal Rules of Bankruptcy Procedure and constitute an adversary proceeding governed by the Adversary Proceeding Rules in Part VII of the Federal Rules of Bankruptcy Procedure.

The court will consider the documents filed by Mr. Van Etten to be a complaint to which the defendant/trustee shall have 20 days from the date of this order to respond. In an adversary proceeding the plaintiff must pay an adversary proceeding filing fee of $150, and Mr. Van Etten shall have 10 days from the date of this order to pay that amount to the clerk.

The motions to quash were filed on behalf of trustee Holmes P. Harden, IRS Agent Michael Delgado, and Assistant North Carolina Attorney General Kristine Lanning, and pertain to subpoenas served

by Mr. Van Etten to require the production of documents and attendance at depositions in connection with the allegations made in the supplemental motions filed in January. Rule 26(d) of the Federal Rules of Civil Procedure (applicable here under Rule 7026 of the Federal Rules of Bankruptcy Procedure) provides that discovery may not be undertaken in an adversary proceeding prior to a conference among the parties as required by Rule 26(f) of the Federal Rules of Civil Procedure. Consequently, Mr. Van Etten's discovery requests are premature, and the motions to quash are allowed for that reason. The court expresses no opinion on the other arguments presented in the motions to quash and will deal with them if discovery is properly requested in the proceeding.

**SO ORDERED.**

DATED: FEB - 2 2004

A. Thomas Small
Bankruptcy Judge