FILED
FEB 1 3 2004
PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                       CHAPTER 7

INTERNATIONAL HERITAGE, INC.,         CASE NO. 98-02675-5-ATS

    Debtor.

## MOTION TO COMPROMISE AND SETTLE CONTROVERSY

      NOW COMES Holmes P. Harden, Trustee, Trustee herein, through counsel and pursuant to Bankruptcy Rule 9019, and moves this Court for an order granting him authority to compromise and settle a controversy with Wood & Francis, PLLC and Brent E. Wood in this case. In support of this Motion, the Trustee shows the Court:

      1.       Holmes P. Harden is the duly appointed Chapter 7 Trustee in this case.

      2.       On November 20, 2000, the Trustee entered into a Tolling Agreements individually with Wood & Francis, PLLC and with Brent E. Wood in an effort to properly analyze their respective rights with a view towards settlement of any claims which might exist regarding possible avoidance actions recoverable under Bankruptcy Code §547, §548 and §550 of the Bankruptcy Code (the "Controversy").

      3.       The Trustee, Wood & Francis, PLLC and Brent E. Wood have engaged in negotiations and a number of defenses have been raised.

      4.       After negotiation, the Trustee, Wood & Francis, PLLC and Brent E. Wood have entered into a Settlement Agreement and Release, subject to Court approval, providing, inter alia, for the payment in the amount of $3,500.00 to the Trustee by Wood & Francis, PLLC in full settlement of the Controversy. A copy of the Settlement Agreement and Release is attached hereto and incorporated herein by reference.

      5.       The Trustee has analyzed the proposed settlement, taking into consideration such factors as the amount in controversy, the strengths and weaknesses of the claims and defenses, the information and evidence available to the Trustee to pursue the claims through trial, the costs of negotiation and litigation, and the costs and ability to collect any judgment obtained.

      6.       The Trustee believes that the proposed settlement is in the best interests of the estate and its creditors and requests that the Court approve this Motion.

WHEREFORE, the Trustee prays for an order approving and authorizing the settlement and compromise of the controversy on the terms described in Paragraph 4 above and authorizing him to enter into the Settlement Agreement and Release attached hereto.

This the 13 day of February, 2004.

/s/ Stephani W. Humrickhouse
Stephani W. Humrickhouse
State Bar #9528
Attorney for Trustee
NICHOLLS & CRAMPTON, P.A.
Post Office Box 18237
Raleigh, North Carolina  27619
Telephone:  (919) 781-1311

STATE OF NORTH CAROLINA               SETTLEMENT AGREEMENT
                                              AND
COUNTY OF WAKE                               RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), made and entered into this ___ day of November, 2003, by and between INTERNATIONAL HERITAGE, INC. and INTERNATIONAL HERITAGE, INCORPORATED, by and through their court-appointed Trustee Holmes Harden in Case Nos. 98-02675-ATS and 98-02674-5-ATS pending in United States Bankruptcy Court for the Eastern District of North Carolina (collectively, "IHI") and WOOD & FRANCIS, PLLC, BRENT E. WOOD, and CHARLES T. FRANCIS (collectively, Wood & Francis) (the above-identified parties are at times herein referred to collectively as "Parties" and individually as a "Party");

WHEREAS, prior to November 25, 1998, Wood & Francis provided legal services to IHI, and IHI paid Wood & Francis for the legal services provided; and

WHEREAS, on November 25, 1998, IHI sought protection pursuant to Chapter 7 of the United States Bankruptcy Code and, thereafter, Holmes Harden was appointed Trustee for IHI pursuant to an Order of the United States Bankruptcy Court for the Eastern District of North Carolina; and

WHEREAS, after IHI sought protection pursuant to Chapter 7 of the Bankruptcy Code, Wood & Francis, PLLC filed a proof of claim with the United States Bankruptcy Court for the Eastern District of North Carolina seeking reimbursement of unpaid legal fees incurred by IHI prior to November 25, 1998 (the "W&F Claim"); and

WHEREAS, after reviewing the records of IHI, Holmes Harden alleged that Wood & Francis was liable to IHI pursuant to various provisions of the United States Bankruptcy Code (the "IHI Claim"); and

{File: G:\WDOX\CLIENTS\5\006\00012303.DOC}

WHEREAS, Wood & Francis have denied liability to IHI; and

WHEREAS, Wood & Francis, as parties of the first part, and IHI, subject to the approval of the United States Bankruptcy Court for the Eastern District of North Carolina and as parties of the second part, have agreed upon a settlement which will be memorialized in this Agreement; and

WHEREAS, Wood & Francis, as parties of the first part, and IHI, as parties of the second part, in an effort to resolve the W&F Claim and the IHI Claim and avoid the costs and uncertainties associated with litigation, have agreed to settle the W&F Claim and IHI Claim in a full and final manner after approval of the United States Bankruptcy Court for the Eastern District of North Carolina.

NOW, THEREFORE, in consideration of the foregoing premises and the covenants, releases, promises, dismissals, agreements, and payments provided herein, the receipt, sufficiency, and acceptance of which are hereby acknowledged, the Parties agree as follows:

1. PAYMENT TO IHI. Within fifteen (15) days following the entry of an order by the Bankruptcy Court for the Eastern District of North Carolina approving this Agreement, Wood & Francis agrees to pay to IHI the principal amount of Three Thousand Five Hundred and No/100 Dollars ($3,500.00);

2. RELEASE BY IHI. In consideration of the obligations of Wood & Francis under this Agreement, and upon execution of this Agreement, IHI, for themselves and their officers, directors, partners, shareholders, heirs, executors, administrators, trustees, beneficiaries, employees, employers, insurers, partners, spouses, representatives, agents, assigns, affiliates, successors, affiliates, legal representatives, all other entities in which they have a direct or indirect interest and all other persons or entities acting on behalf of or claiming under them, do

hereby fully and unconditionally release and forever discharge Wood & Francis, their successors, assigns, affiliates, agents, employees, employers, insurers, heirs, executors, administrators, trustees, beneficiaries, partners, spouses, and legal representatives, from any and all claims, losses, liabilities, demands, damages, loss of services, expenses, emotional distress compensations, parental obligations, guardian obligations, fiduciary responsibilities, direct or consequential damages, actions or causes of action of any kind or character (including without limitation, for attorneys' fees, costs and expenses), that IHI have against Wood & Francis up to and including the date of this Agreement, whether known or unknown with knowledge that such may exist, whether at law or in equity, whether in contract, tort, or under statute or otherwise, on account of, connected with or growing out of any matter or thing whatsoever, specifically including but not limited to, all actions, causes of action, claims, demands, damages, costs, attorneys' fees, loss of services, expenses, emotional distress compensations, parental obligations, guardian obligations, fiduciary responsibilities, and direct or consequential damages related to the IHI Claim;

3. **RELEASE BY WOOD & FRANCIS.** In consideration of the obligations of IHI under this Agreement, and upon execution of this Agreement, Wood & Francis, for themselves and their officers, directors, partners, shareholders, heirs, executors, administrators, trustees, beneficiaries, employees, employers, insurers, partners, spouses, representatives, agents, assigns, affiliates, successors, affiliates, legal representatives, all other entities in which they have a direct or indirect interest and all other persons or entities acting on behalf of or claiming under them, do hereby fully and unconditionally release and forever discharge IHI, their successors, assigns, affiliates, agents, employees, employers, insurers, heirs, executors, administrators, trustees,

{File: G:\WDOX\CLIENTS\5\006\00012303.DOC}   3

beneficiaries, partners, spouses, and legal representatives, from and waive any rights relating to the W&F Claim;

4. <u>SETTLEMENT OF DISPUTED CLAIMS</u>. It is understood and agreed, with respect to all Parties, that this Agreement is in compromise of doubtful and disputed claims, that the compromises made are not to be construed as admissions of liability on the part of any Party, and that said Parties deny liability therefore and intend merely to avoid the uncertainties and expenses of litigation;

5. <u>COURT APPROVAL</u>. This Agreement shall be binding upon all Parties upon the entry of an Order by the United States Bankruptcy Court for the Eastern District of North Carolina approving this Agreement;

6. <u>ENTIRE AGREEMENT</u>. This Agreement shall constitute the entire agreement between the Parties with respect to the subject matter hereof and may not be amended by or modified in any respect or to any extent whatsoever, except by an instrument in writing executed by the Party against whom enforcement is sought;

7. <u>FULL CAPACITY</u>. All Parties hereby warrant and represent that they have full authority and representative capacity to execute this Agreement in the capacities indicated above and below; that each has fully read and understands each of the terms of this Agreement; that each Party is mentally competent; and that all Parties have voluntarily chosen to execute this Agreement with full advice of counsel;

8. <u>BINDING EFFECT</u>. This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their legal representatives, successors and assigns;

9. **VALIDITY AND ENFORCEABILITY OF AGREEMENT.** The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision;

10. **EXECUTION IN COUNTERPARTS.** The Parties agree that this Agreement may be executed in counterparts and the Agreement shall be effective as of the year and day first above written upon the execution of the Agreement by all Parties; and

11. **APPLICABLE LAW.** This Agreement shall be interpreted in accordance with the laws of the State of North Carolina.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the day and year written above, in duplicate, and have set forth their signatures and seals with the intention of executing this document under seal.

(The remainder of this page is intentionally blank)

(Signature Page for IHI)

**INTERNATIONAL HERITAGE, INC.**

_____(Seal)
BY:   HOLMES HARDEN
         TRUSTEE

**INTERNATIONAL HERITAGE, INCORPORATED**

_____(Seal)
BY:   HOLMES HARDEN
         TRUSTEE

**STATE OF NORTH CAROLINA**

**WAKE COUNTY**

I, the undersigned, a Notary Public in and for the above County and State, hereby certify that Holmes Harden, court-appointed trustee for International Heritage, Inc. and International Heritage, Incorporated, personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and official stamp or seal this the 3rd day of December, 2003.

_____
Notary Public

My Commission Expires: 10/31/08

(NOTARY SEAL)

Holmes P. Harden, Trustee for
**ATTORNEY FOR IHI**

_____
**STEPHANI HUMRICKHOUSE, ESQ.**

{File: G:\WDOX\CLIENTS\5\006\00012303.DOC}          6

(Signature Page for Wood & Francis, PLLC and Charles T. Francis)

**CHARLES T. FRANCIS**

_____(Seal)
**CHARLES T. FRANCIS**

**WOOD & FRANCIS, PLLC**

_____(Seal)
BY:   **CHARLES T. FRANCIS**
      **PRINCIPAL**

**STATE OF NORTH CAROLINA**

**WAKE COUNTY**

I, the undersigned, a Notary Public in and for the above County and State, hereby certify that Charles T. Francis, individually and as a principal of Wood & Francis, PLLC, personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and official stamp or seal this the 29th day of December, 2003.

_____
Notary Public
My Commission Expires: 6/25/2007

(NOTARY SEAL)

(Signature Page for Wood & Francis, PLLC and Brent E. Wood)

BRENT E. WOOD

_____(Seal)
BRENT E. WOOD

WOOD & FRANCIS, PLLC

_____(Seal)
BY:   BRENT E. WOOD
      PRINCIPAL

**STATE OF NORTH CAROLINA**

**WAKE COUNTY**

I, the undersigned, a Notary Public in and for the above County and State, hereby certify that Brent E. Wood, individually and as a principal of Wood & Francis, PLLC, personally appeared before me this day and acknowledged the execution of the foregoing instrument.

Witness my hand and official stamp or seal this the 17th day of December, 2003.

_____
Notary Public

My Commission Expires: October 16, 2006

(NOTARY SEAL)

{File: G:\WDOX\CLIENTS\5\006\00012303.DOC}                8

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **MOTION TO COMPROMISE AND SETTLE CONTROVERSY** was served this day by placing a copy thereof in a depository under the exclusive care and custody of the United States Postal Service in a postage prepaid envelope and properly addressed as follows:

| | |
|---|---|
| Holmes P. Harden<br>Maupin, Taylor & Ellis, P.A.<br>Highwoods Tower One, Suite 500<br>3200 Beechleaf Court<br>Raleigh, NC 27604 | Brent E. Wood<br>Brent E. Wood, PLLC<br>1135 Kildaire Farm Road, Suite 311-8<br>Cary, NC  27511 |
| Charles T. Francis<br>Francis & Austin, PLLC<br>P.O. Box 164<br>Raleigh, NC 27602 | Stanley H. Van Etten<br>7924 Lake Dr.<br>Raleigh, NC 27613 |
| Paul K. Sun<br>P.O. Box 33550<br>Raleigh, NC 27636 | |

This the 13 day of February, 2004.

Phyllis Hill
Legal Assistant

O:\CLIENT\CHP7TR\InternationalHeritage\APs\Wood, Brent\compromise&settle.mot.wpd