**FILED**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

MAR  2 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, INC. | ) | Case No. 98:02675-5-ATS |
| (Tax ID#: 56-1921093) | ) | CHAPTER 7 |
| | ) | |
| INTERNATIONAL HERITAGE | ) | Case No. 98:02674-5-ATS |
| INCORPORATED | ) | CHAPTER 7 |
| (Tax ID#: 87-0421191) | ) | |
| | ) | |
| Address: 2626 Glenwood Avenue, Suite 200 | ) | |
| Raleigh, NC  27608 | ) | |
| | ) | |
| Debtors. | ) | |

**RESPONSE TO TRUSTEE'S MOTION TO COMPROMISE AND SETTLE
CONTROVERSY**

**MOTION TO MAKE DETERMINATION UNDER TITLE 11 U.S.C. SECTION 547**

On February 13, 2004, Holmes P. Hardin, Trustee, filed a Motion to Compromise and Settle Controversy with Wood & Francis, PLLC and Brent E. Wood.

Now comes Stanley H. Van Etten ("Van Etten") and respectfully submits his response to the Trustee's Motion to Compromise and Settle Controversy with Wood & Francis, PLLC and Brent E. Wood and Motion to Make Determination Under Title 11 U.S.C. Section 547.

**ISSUES FOR THE COURT'S CONSIDERATION**

The Trustee's motion to compromise does not provide the necessary information to make a determination as to whether or not Wood & Francis and/or Brent Wood was an "insider" of the debtor, as governed by Title 11 U.S.C. Bankruptcy Act section 101(25);

- "An insider is one who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms length with the debtor."
- "Affiliates of the debtor and **managing agents** are insiders." Emphasis added.

1

576

Black's Law Dictionary defines "managing agent" as follows;

- "A person who is invested with general power, involving the exercise of judgment and discretion, as distinguished from an ordinary agent or employee, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of the work and the manner of executing the same. One who has exclusive supervision and control of some department of a corporations business, the management of which requires of such person the exercise of independent judgment and discretion, and the exercise of such authority that it may be fairly said that service of summons upon him will result in notice to the corporation."

Only after a "insider" determination has been made can the Trustee's Motion to Compromise and Settle Controversy be fully considered appropriately.

Title 11 U.S.C. section 547;

- "(b) the trustee may avoid any transfer of an interest of the debtor in property"
- "(A) on or within 90 days before the date of the filing of the petition"
- "(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider"

The debtor's financial books and records report $140,000.00 in "90-day preference period" debtor payments and another $600,000.00 in "one-year preference period" debtor payments.

Van Etten believes the proposed Settlement and Compromise may not be in the best interest of the debtor. There is arguably **$740,000.00 that may be recoverable, under Title 11 U.S.C. section 547.**

The Trustee's proposed settlement is for $3,500.00, which includes a significant "hold harmless" and "full release and waiver" to the benefit of the Trustee and Wood & Francis, to include Brent Wood and Holmes Harden individually.

Van Etten offers this information to the Court for its consideration and hereby respectfully makes request of Court to make a legal determination under Title 11 U.S.C. Bankruptcy Act section 101, for definition purposes, and under Title 11 U.S.C. Bankruptcy Act section 547(b)(A)(B) for preference purposes, with respect to the law firm of Wood & Francis and Brent Wood individually, and their status as an "insider."

## TRUSTEE'S LACK OF DISINTERESTEDNESS

The Trustee lacks independence and is not a disinterested person, with respect to making the legal determination as to "insider" and/or "preference" claim determinations regarding Wood & Francis and Brent Wood. There is an obvious and irreversible conflict of interest, which now may be adverse in interest to the debtor, in having Trustee Hardin make this unilateral determination as to Wood & Francis, PLLC and Brent E. Wood as prospective "insiders" and/or "preference" claims.

The Trustee's specialty attorney, in the matter hereto, which is before the Court for consideration, is Ms. Stephanie Humrickhouse. Ms. Humrickhouse is not a disinterested party, as she now represents the Trustee individually in his defense of Van Etten's pending Adversary Action. Van Etten's pending Adversary Action is before this Court, which alleges in part; conflict of interests, collusion and self-dealing, which arguably may include the Wood & Francis Law Firm and Brent Wood individually.

## FACTS

International Heritage, Inc., the debtor, retained the law firm Wood & Francis during the year 1996, as outside counsel for general business matters, by and through Georgina Mollick, who at that time became a lawyer with Wood & Francis, transferring her practice and clients (the debtor) to the firm. In 1997 Georgina Mollick became a full-time employee of IHI as in-house counsel, reporting to outside General Counsel, Brent Wood of Wood & Francis. At this time, the IHI Board of Directors appointed Brent Wood as General Counsel for all matters of legal and regulatory on the Company's behalf. Mr. Wood attended all Board of Directors meetings, retained and managed all law firms and lawyers working on behalf of the company, was an authorized agent by the Board, negotiating settlement and other agreements, contracting service providers and accepting service of process in all legal and regulatory matters as well. Mr. Wood enjoyed the benefits of vacations and the use of an automobile as additional compensation. Furthermore, Mr. Wood provided management services over the debtors legal department and outside legal counsel, in the fact that Ms. Mollick and other in-house attorneys all reported directly to Mr. Wood and Wood & Francis, by directive of the Board, as did all outside law firms and attorneys as well. In fact, when the debtor filed its bankruptcy petition, Ms. Mollick returned to work with Wood & Francis for a

3

short period of time. Wood & Francis was paid its full hourly billing rate for all services and management of company legal and regulatory matters. Wood & Francis also fully participated in the Company's incentive stock option plan (50,000 shares) with all other officers and directors, as incentive compensation. Wood & Francis was also an equity stock owner in the company, above and beyond its incentive stock options. A compilation of documents in support of argument is attached hereto as Exhibit 1.

Van Etten has alleged that there were improprieties and conflicts of interest between the Trustee, Holmes P. Hardin and Brent Wood's representation of Van Etten and his bankruptcy claims as well as collusion and self-dealing by Trustee Hardin.

Van Etten individually retained the law firm Wood & Francis PLLC ("Wood & Francis"), on or about March 2, 1993.  See the attached cover sheet for the court docket in the civil case 93-CV-108, U.S. District Court, for the Eastern District of North Carolina, Exhibit 2.

Wood & Francis individual representation of Van Etten started approximately two (2) years prior to the incorporation of IHI, which was not until April of 1995. Wood & Francis's representation of Van Etten, individually, was continuous and uninterrupted for approximately eight (8) years, involving a multitude of matters that arose from the same facts and circumstances as in the debtor's bankruptcy filing, to include arguably the Trustee's matter hereto.

On December 7, 1998, Wood & Francis, PLLC filed an Entry of Appearance and Request for Notices, in this Court in this matter hereto, attached hereto as Exhibit 3.

Wood & Francis represented Van Etten individually in the bankruptcy proceedings by Filing and Proof of Claims, during the 2004 examination of Van Etten by Trustee Hardin, in defense of the Adversary Complaint brought by Trustee Hardin against Van Etten, in multiple settlement agreements and negotiations with Trustee Hardin, including the agreed upon Settlement Agreements that are now subject of the pending Adversary Action filed by Van Etten against Trustee Hardin.

On February 17, 1999, in the Trustee's Application for Authority to Employ and Appoint Attorney Specialty,

- "Your applicant wishes to employ Brent Wood of Wood & Francis, P.L.L.C., an attorney duly admitted to practice in this Court."

4

- "Brent Wood and Wood & Francis, P.L.L.C. are disinterested persons and represent no interest adverse to the Trustee or the estate..."

Brent Wood has represented numerous adverse interests to the debtor, starting on or about December of 1998, to include Van Etten in his claims against the estate and trustee in the trustee's waiver of privilege and settlements thereto. Brent Wood has also represented at least six other known adverse interest parties in this debtor matter.

In February of 1999, Brent Wood and Trustee Harden both filed Affidavits of Disinterestedness with this Court, which were specific to the this matter which is before the Court as a settlement in compromise. Mr. Wood and Mr. Harden affirmed to the Court **"NO ADVERSE INTEREST TO THE DEBTOR,"** which in Van Etten's opinion is "highly suspect" in of itself.

Additionally, there is absolutely no accounting or billing records for any alleged work or services provided by Wood & Francis and/or Brent Wood. Furthermore, there is no record of payment for any legal services by the Trustee to Wood & Francis and/or Brent Wood.

On February 19, 1999, IHI Trustee, Holmes P. Harden, hired Defendant Van Etten's legal counsel in this matter, as special counsel, which immediately denied Van Etten of his independent and disinterested legal representation in all matters before the Court and there forward. In support of Trustee's request, the Trustee filed an Affidavit of Disinterestedness with this Court, alleging no adverse conflict of interest; attached hereto as Exhibit 4.

- "Upon application of Holmes P. Harden...necessity of employment"
- "employ and appoint Brent Wood and Wood & Francis, PLLC"
- "It further appearing...Brent Wood and Wood & Francis PLLC have represented the debtor and Stan Van Etten as disclosed in the affidavit, and represent no interest adverse to said Trustee or the estate of debtor..."

On February 16, 1999, Brent Wood filed an Affidavit of Disinterestedness in support of the Trustee's request, attached hereto as Exhibit 5.

- "Neither Brent Wood nor Wood & Francis, PLLC represent or holds any adverse interest to the Debtor or the estate in the matters upon which they are to be engaged except as disclosed above."

5

- "Brent Wood and Wood & Francis, PLLC represented International Heritage, Inc. (the Debtor) and Stan Van Etten, its principal, in the pre-petition period, and continues to represent Mr. Van Etten post petition. The firm of Wood & Francis, PLLC is a prepetition creditor of International Heritage, Inc."

Simultaneous to the Trustee hiring Van Etten's individual legal counsel, in an undisclosed and irreconcilable adverse conflict of interest to Van Etten, the Trustee and Brent Wood, without any disclosure to Van Etten and no intelligent and knowing waiver thereto, terminated Van Etten's only remaining independent and disinterested legal counsel, N. Hunter Wyche, who was allowed to withdraw from representation of Van Etten in an Ex Parte Motion and subsequent Ex Parte Order, which is attached hereto as Exhibit 6.

- "Ex Parte Motion for Order Allowing Counsel to Withdraw"
- "regular counsel to Mr. Van Etten has been informed and offered the consent of Mr. Van Etten."
- "That it is of paramount importance that no rights of Mr. Van Etten be prejudiced until he has had a reasonable amount of time to employ substitute bankruptcy counsel if necessary."

On February 19, 1999, Wood & Francis was permitted to represent the Trustee as special counsel, while at the same time with adverse actions pending before this Court in this matter, Wood & Francis continued to represent Van Etten individually, creating additional adverse conflicts with respect to Van Etten and the debtor, as Van Etten's exclusive bankruptcy Counsel. Van Etten neither provided consent nor did Wood & Francis receive a waiver from Van Etten to their representation of the conflicting interests.

## ADVERSARY ACTIONS AGAINST DEBTOR'S FORMER COUNSEL

The Trustee has initiated Adversary Actions and Preference Claims against other debtor legal counsel, attorneys representing the debtor in the same matters and of the same time period as is in question herein, for which the Trustee was successful. One example can be found in this Court's Record at Adversary Proceeding number 00-00187, with the law firm of Shustak Jalil & Heller, PC.

## SETTLEMENT AGREEMENT

Van Etten and Trustee entered into a Settlement Agreement dated June of 1999, which is before the Court within Van Etten's Adversary Claim for Trustee Breach of Settlement Agreement. Trustee executed the Settlement Agreement in his capacity as trustee for the debtor. Brent Wood executed the Settlement Agreement in his capacity as attorney for Stanley H. Van Etten. Van Etten executed the Settlement Agreement in his capacity as an individual and as an officer of a number of other non-debtor company's. Brent Wood and Holmes Harden negotiated and executed the Van Etten Settlement Agreement, thereby memorializing another historical and undisclosed adverse conflict of interest, adverse to the debtor and Van Etten, with respect to the alleged collusive scheme and self-dealing, by and between the trustee and Brent Wood. See attached Exhibit 7.

## THE SETTLEMENT AGREEMENT AND RELEASE IS TOO BROAD AND PURPORTS TO AFFECT THIRD PARTIES RIGHTS

Trustee Hardin's Motion to Compromise and Settle Controversy attaches a Settlement Agreement and Release. Trustee Hardin seeks this Court's approval of the Settlement Agreement and Release between IHI, by and through Trustee Hardin and Wood & Francis, PLLC, Brent E. Wood, and Charles T. Francis. The Settlement Agreement and Release is overly broad and purports to affect third parties rights, including those of Van Etten.

Page 2, Numerical 2 titled "RELEASE BY IHI" is overly broad because it purports to include a release by Van Etten and other individuals for any criminal and civil claims they may have against Brent Wood, Charles Francis and the firm Wood and Francis, PLLC.

> "In consideration of the obligations of Wood & Francis under this Agreement, and upon execution of this Agreement, IHI, for themselves and their <u>officers, directors, shareholders,</u> heirs, executors, administrators, trustees, beneficiaries, <u>employees,</u> insurers, <u>partners,</u> spouses, representatives, agents, assigns, affiliates, successors, affiliates, legal representatives, all other entities in which they have a <u>direct or indirect interest</u> and all other persons or entities acting on behalf of or claiming under them, do hereby <u>fully and unconditionally release and forever discharge Wood & Francis,</u> their successors, assigns, affiliates.....<u>from any and all claims, losses, liabilities, demands, damages, loss of services, expenses, emotional distress compensations, parental obligations, guardian obligations, fiduciary responsibilities, direct or consequential damages, actions or causes of</u>

<u>any kind or character</u> (including without limitation, for attorneys' fees, costs and expenses), that IHI have against Wood & Francis up to and including the date of this Agreement, whether known or unknown with knowledge that such may exist, <u>whether at law or in equity, whether in contract, tort, or under statute</u> or otherwise, on account of, <u>connected with or growing out of any matter or thing whatsoever</u>, specifically including but not limited to, all actions, causes of action, claims, demands, damages, costs, attorneys' fees, loss of services, expenses, emotional distress compensations, parental obligations, guardian obligations, fiduciary, responsibilities, and direct or consequential damages related to the IHI Claim;" (emphasis added)

Van Etten objects to being precluded for seeking civil or criminal actions against Wood & Francis, PLLC and Brent Wood in their legal representation of Van Etten or being precluded from recovering legal fees which Van Etten has previously charged that were improperly billed by Wood and Francis against Van Etten instead of IHI.

## THERE IS A PENDING COMPLAINT AGAINST TRUSTEE HARDIN AND TO APPROVE A SETTLEMENT AGREEMENT AND RELEASE WOULD BE IMPROPER

Van Etten has filed an Adversary Complaint against Holmes P. Hardin that alleges in part conflict of interests, collusion and self-dealing, which arguably may include Brent Wood, formerly individual counsel for Van Etten and partner in the Wood & Francis Law Firm. In addition to the reasons set forth in Van Etten's Complaint against Trustee Hardin, Van Etten provides the following additional information:

- The records of IHI reveal that Wood & Francis received approximately $140,000 in payments within the 90-day period prior to the IHI Bankruptcy Petition and approximately $600,000 in payments within one year of the petition. Additionally, IHI transferred a 750 IL BMW to Brent Wood after making a $10,000 deposit on the vehicle with the agreement that Brent Wood was to make the monthly payments going forward.

- Pursuant to the Settlement Agreement and Release attached to Hardin's Motion to Compromise and Settle Controversy, Wood & Francis would pay the amount of $3,500.00 to the Trustee in full settlement of the $750,000.00 controversy. Wood & Francis represented Van Etten individually in his capacity as a corporate officer with International Heritage, Inc. ("IHI") as well. Wood and Francis also

8

represented the IHI Board of Directors and the Corporation in a multitude of matters.

There has been no determination that Brent Wood was or was not an "insider" of IHI. There is an obvious conflict of interest in having Trustee Hardin in making this determination since Brent Wood represented Trustee Hardin with this Court's approval. Trustee Hardin's Motion to Compromise and Settle Controversy is premature. In the event that Brent Wood was an insider, statutorily, the Trustee is unable to enter into this Settlement Agreement. Furthermore, Brent Wood's post petition legal services for the Debtor went uncompensated.

Van Etten discloses this information to the Court because Van Etten believes it is not in the best interest of IHI to enter into the Settlement Agreement. Furthermore, this Court must be fully advised as to the circumstances, relationships and facts in order to make an informed decision when considering Trustee Hardin's Motion to Compromise and Settle Controversy.

In conclusion, Van Etten's pending Complaint against Trustee Hardin makes specific allegations of conflict of interest, self-dealing and collusion involving Trustee Hardin, Brent Wood and others. It would be improper for this Court to approve the Trustee's Motion to Compromise and Settle. Any settlement hereafter must take into consideration the pending allegations Van Etten has made against Trustee Hardin. To rule otherwise, would ignore the serious allegations against Trustee Hardin and irreparably prejudice Van Etten.

## CONCLUSION

Therefore, for the foregoing reasons, Stanley H. Van Etten respectfully makes request of Court to make a legal determination as to the "insider" status determination for Wood & Francis and/or Brent Wood. Further, Van Etten makes request of Court to **DENY or STAY** the ruling on the Motion to Compromise and Settle Controversy until Van Etten's the "insider" determination can be made by this Court.

Respectfully submitted,

_____

Stanley H. Van Etten

## CERTIFICATE OF SERVICE

This is to certify that I have this 2nd day of March 2004, served a copy of the foregoing upon the following by the CLERK OF COURT, of the same in person to:

Mr. Holmes P. Harden
Maupin Taylor, P.A.
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604

Stephani W. Humrickhouse
Special Counsel for Trustee Holmes P. Hardin
Nichols & Crampton, P.A.
P.O. Box 18237
Raleigh, NC  27619

**Via e-mail and/or regular U.S. mail to:**

Terri L. Gardner
Poyner & Spruill, LLP
P.O. Drawer 10096
Raleigh, NC 27605-0096

Paul K. Sun
Attorney at Law
1100 Crescent Green, Suite 200
Cary, NC 27511

Respectfully submitted,

Stanley H. Van Etten, Pro Se
7924 Lake Drive
Raleigh, NC  27613



Elaine F. Marshall
*Secretary*

North Carolina



PO Box 29622  Raleigh NC 27626-0622  (919)807-2000

Date: 3/2/2004

*Corporations Home
*Important Notice
*Corporate Forms/Fees
*Corporations FAQ
*Tobacco Manufacturers
*Verify Certification
*Online Annual Reports

*Secretary Of State Home
*Business License
*Register for E-Procurement
*Dept. of Revenue

*1999 Senate Bills
*2001 Bill Summaries
*Annual Reports 1997
*Corporations 1997
*Other Legislation

*By Corporate Name
*For New Corporation
*By Registered Agent

*Start An Order
*New Payment Procedures

Click here to:

View Document Filings |
Print a Pre-populated Annual Report Form | File an
Annual Report |

## Corporation Names

| Name | Name Type |
| --- | --- |
| NC  International Heritage Political Action Committee, Inc. | Legal |

## Business Corporation Information

| | |
| --- | --- |
| SOSID: | 0449396 |
| Status: | Current-Active |
| Date Formed: | 2/3/1998 |
| Citizenship: | Domestic |
| State of Inc.: | NC |
| Duration: | Perpetual |

## Registered Agent

| | |
| --- | --- |
| Agent Name: | Wood, Brent E |
| Registered Office Address: | 4000 Westchase Boulevard, Suite 385 Raleigh NC 27607 |
| Registered Mailing Address: | PO Box 164 Raleigh NC 27602 |
| Principal Office Address: | No Address |
| Principal Mailing Address: | No Address |

*For questions or comments about the North Carolina Secretary of State's web site, please send e-mail to Webmaster.*

*For questions or comments concerning the Corporations Division, please send e-mail to Corporations Administrator*

Click here for help downloading forms



EXHIBIT
4    3/2/2004

SOSID: 0449396
Date Filed: 11/8/2000 8:55 AM
Elaine F. Marshall
North Carolina Secretary of State

29 3069039

**STATE OF NORTH CAROLINA**
**Department of the Secretary of State**

### AGENT'S STATEMENT OF CHANGE OF REGISTERED OFFICE ADDRESS

Pursuant to §55-5-02, §55A-5-02, §55-15-08, and §55A-15-08 of the General Statutes of North Carolina, the undersigned submits the following for the purpose of changing the address of the registered office in the State of North Carolina of the corporation named below:

1.  The name of the corporation is: __International Heritage Political Action Committee, Inc.__

2.  The street address and county of the current registered office of the corporation are:

    Number and Street: ___434 Fayetteville Street Mall___

    City, State, Zip Code: Raleigh, North Carolina  27601     County: ___Wake___

3.  The mailing address of the current registered office is:

    ___Post Office Box 164, Raleigh, North Carolina  27602___

4.  The street address and county of the new registered office of the corporation are:

    Number and Street: ___4000 Westchase Boulevard, Suite 385___

    City, State, Zip Code: Raleigh, North Carolina  27607     County: ___Wake___

5.  The name of the current registered agent is: ___Brent E. Wood___

6.  The address of the corporation's registered office and the address of the business office of its registered agent, as changed, will be identical.

7.  The undersigned certifies that the corporation has been notified in writing of the change of address of the business office of the registered agent.

8.  This statement will be effective upon filing.

This is the __30__ day of __October__, 2000.

Brent E. Wood, Registered Agent

ATTORNEYS & COUNSELORS AT LAW

BRENT E. WOOD                 TWO HANNOVER SQUARE          MAILING ADDRESS:
CHARLES T. FRANCIS        434 FAYETVILLLE STREET MALL       Post Office Box 164
 LORI G. CHRISTIAN                  SUITE 2300              Raleigh, NC 27602
VICTOR  S. LEE             RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804
September 3, 1996

International Heritage, Inc.
2626 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27608

Re: International Heritage, Inc.

Gentlemen:

    We have represented International Heritage, Inc. (the "Company") in
connection with its preparation of a Registration Statement on
Form S- 1 and filing of such Registration Statement on Form S-1
and filing of such Registration Statement with the Securities
and Exchange Commission covering the offering (the "Offering")
of shares of Common Stock (the "Common Stock") of the Company.

We advise you that in our opinion, when the Common Stock is
issued pursuant to the Offering, such Common Stock will be
legally issued, fully paid and non assessable shares of Common
Stock of the Company.

    We hereby consent to the filing of this opinion as an exhibit to the
Registration Statement (File No. 333-5268) relating to Common
Stock referred to above and to the use of our name and to the
references to our firm in said Registration Statement.


Very truly yours,
WOOD & FRANCIS, PLLC
By: /s/ Charles T. Francis
        Charles T. Francis



    STATE OF
    NORTH                    Department Of The
     CAROLINA                      Secretary of State

    To all whom these presents shall come, Greetings:

    I, Rufus L. Edmisten, Secretary of State of the State of
    North Carolina, do hereby certify the following and hereto
    attached to be a true copy of

                    ARTICLES OF INCORPORATION
                              OF
                    INTERNATIONAL HERITAGE, INC.

As filed with the Securities and Exchange Commission on September 5, 1996 Registration No.333-5268

# SECURITIES AND EXCHANGE COMMISSION

Washington, D.C. 20549

# AMENDMENT NO. 1
# TO
# FORM S-1

REGISTRATION STATEMENT
Under
THE SECURITIES ACT OF 1933

## INTERNATIONAL HERITAGE, INC.

(Exact name of registrant as specified in its charter)

| | | |
|---|---|---|
| North Carolina | 5122 | 56-1921093 |
| (State or Jurisdiction of incorporation or organization) | (Primary Standard Industrial Classification Code Number) | (I.R.S. Employer Identification Number) |

2626 Glenwood Avenue
Suite 200
Raleigh, North Carolina 27608
(919) 571-4646
(Address, including zip code, and telephone number, including area
code, of Registrant's principal executive offices)

Stanley H. VanEtten
President & CEO
2626 Glenwood Avenue
Suite 200
Raleigh, North Carolina 27608
(919) 571-4646
(Name and address, including zip code, and telephone number,
including area code, of agent for service)

| | |
|---|---|
| Georgina Marie Mollick, Esq. | Richard S. Heller, Esq. |
| Wood & Francis, PLLC | Shustak Jalil Sanders & Heller |
| P.O. Box 164 | 545 Madison Avenue |
| Raleigh, North Carolina 27602 | New York, New York 1002 |
| (919) 828-0801 | (212) 688-5900 |

Approximate date of commencement of proposed sale to the public:
As soon as practicable after the effective date of this Registration Statement.

If any of the securities being registered on this Form are to be offered on a delayed or continuous basis pursuant to Rule 415 under the Securities
act of 1933, check the following box ☒

## CALCULATION OF REGISTRATION FEE

| Title of each class of securities to be registered | Amount to be registered | Proposed maximum offering price per share | Proposed minimum aggregate offering price | Proposed maximum aggregate offering price | Amount of registration fee |
|---|---|---|---|---|---|
| Common Stock, $0.001 par value ........... | 2,500,000  shares | $10.00[1] | $5,000,000.00 | $25,000,000.00 | $8,620.00 |

(1) Estimated solely for the purpose of computing the amount of the registration fee pursuant to Rule 457(a)

The Registrant amends this Registration Statement on such date or dates as may be necessary to delay its effective date until the registrant shall file a further amendment
which specifically states that this Registration Statement shall thereafter become  effective in accordance with Section 8(a) of the Securities Act of 1933 or until the Registration
Statement shall become effective on such date as the Commission, acting pursuant to such Section 8(a), may determine.

KA  007479

5,000 shares; Clark Jones, 5,000 shares; Dwight Hallman, 5,000 shares; and John Brothers, 10,000 shares. (All options reflect pre-split numbers).

During the March 1996 meeting of the Board of Directors, Johnny Daniel was granted 20,000 (pre-split) conditional shares for assisting the Company in establishing IRSRs in the State of Montana. The award of these shares is contingent upon Mr. Daniel remaining a representative in good standing with the Company through January 1, 1997.

June 30, 1996, the Board of Directors granted options to the members of the Canadian Advisory Board and the U.S. Advisory Board. Each member of the advisory boards were entitled to 5,000 shares at an exercise price of $10.00 per share on or before January 1, 1999. The shares of common stock subject to this option total 65,000 (pre-split) shares. June 30, 1996 the Board also granted options to its Retail Sales Training System Development and Implementation Team, O. Kenneth Rudd, III and Evonne Eckenroth. These options are for 10,000 and 5,000 pre-split shares, respectively, exercisable at a price of $2.00 per share on or before January 1, 1999.

On June 30, 1996, the Board of Directors also awarded options to various service providers as follows: (1) Justo Nunez of Nunez Communications 10,000 shares exercisable at a price of $2.00 per share in whole or in part before January 1, 1999 for work with the Company in developing its marketing materials since inception; (2) Georgina Marie Mollick, 15,000 shares exercisable at a price of $2.00 per share in whole or in part on demand on or before June 30, 1999 for the rendering of legal services from inception to date; (3) Wood & Francis, PLLC, 5,000 shares at $10.00 per share exercisable in whole on or before January 1, 1999 for services as general counsel to the Company; (4) Richard S. Heller, 2,500 shares at $10.00 per share exercisable on or before January 1, 1999 for legal services related to this offering. Mr. Heller's shares will be restricted for 12 months from the date of SEC effectiveness; (5) Jeffrey Babener, 5,000 shares at $10.00 per share exercisable on or before January 1, 1999 for network marketing legal services; and (6) Wyrick, Robbins, Yates & Ponton, LLP, 5,000 shares at $10.00 per share on or before January 1, 1999 for legal services. (All options reflect pre-split numbers).

On June 30, 1996, the Board of Directors also awarded options to new managers Jeffrey L. Hooks and Stephanie Harris pursuant to the same terms as the options granted to the Company's managers in March 1996. Additionally, the Board awarded an additional option of 5,000 shares each to Dawn McIntyre and Dwight Hallman (pursuant to the same terms as the prior option grant).

The Company has granted the afore-mentioned various options and conditional shares as incentives to parities associated with the Company and its business. Currently all shareholders, optionees and prospective (conditional) shareholders are either IRSRs or employees of the Company. The only exception to this is: Patrick Kolenick, Bridge Ventures, Inc., Mayflower Holdings, Inc., Justo Nunez, Georgina Marie Mollick, Wood & Francis, PLLC, Richard S. Heller, Jeffrey Babener and Wyrick, Robbins, Yates & Ponton, PLLP, all of whom are professional parties working on behalf of the Company. All outstanding options (other than those issued to managers, employees and professional parties) have been issued to "key" IRSRs who work on a full-time basis selling Company products. Since all of these IRSRs are independent contractors, the Company believes these options are a necessary incentive in order to keep these IRSRs associated with the Company as opposed to loosing these key IRSRs to competing network marketing companies.

31

KA 007511

the history of, and the prospects for, the Company and the industry in which it competes, its past and present operations, its past and present earnings and the trend of such earnings, the prospects for future earnings, the present state of the Company's development, the general condition of the securities markets at the time of this offering, and the recent market prices of publicly traded common stocks of comparable companies.

## LEGAL MATTERS

The legality of the Securities offered hereby has been passed upon for the Company by Wood & Francis, PLLC, Raleigh, North Carolina. The Underwriter will be represented by Shustak Jalil Sanders & Heller, New York, New York.

## EXPERTS

The balance sheets of the Company as of July 31, 1996 (historical and pro forma) and December 31, 1995, and the statements of loss, changes in stockholders' deficit, cash flow and the consolidated financial statement schedules for the period from April 28, 1996 (inception) to December 31, 1995, and the seven months ended July 31, 1996 appearing in this Prospectus and Registration Statement, have been included herein in reliance on the reports of Eilers, Jones, Brown & McLeod, CPAs, PA, independent accountants, given on the authority of that firm as experts in accounting and auditing.

## ADDITIONAL INFORMATION

The Company is subject to the informational requirements of the Securities Exchange Act of 1934 and in accordance therewith files reports and other information with the Securities and Exchange Commission ("SEC"), all of which may be inspected and copied at the public reference facilities maintained by the SEC at 450 Fifth Street, N.W., Washington, D.C. 20549. In addition, the Company intends to provide its shareholders with annual reports, including audited financial statements, and such other reports as the Company may determine.

The Company has filed with the SEC a Registration Statement under the Securities Act of 1933, as amended, with respect to the securities offered hereby. This Prospectus does not contain all of the information set forth in the Registration Statement and exhibits thereto. For further information with respect to the Company and the securities offered hereby, or with respect to any contract or other document referred to, reference is made to such Registration Statement and exhibits, including the copy of such contract or other documents as it is filed as an exhibit to the Registration Statement. Copies of all or any part of the Registration Statement may be obtained from the Public Reference Section of the SEC, Washington, D.C. 20549 upon the payment of the fees prescribed by the SEC.

KA 007514

| Name | Options Granted Number of Shares | Exercise Price | Grant Date | Expiration Date Fixed |
|------|---------|------|------|------|
| B. Smith III[4] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| DeAnne Elrod[4] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Martin Runion[4] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Maureen Uphill[5] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Dave Martin[5] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Greg Bright[5] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Robert L. Chalmers[5] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Tricia Martin[5] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Rhyon Caldwell[5] | 50,000 | $1.00 | June 30, 1996 | January 1, 1999 |
| Patrick Kolenik[6] | 400,000 | $1.50 | July 3, 1996[10] | January 1, 1999 |
| Bridge Ventures, Inc.[6] | 100,000 | $1.50 | July 3, 1996[10] | January 1, 1999 |
| Mayflower Holdings, Inc.[6] | 200,000 | $1.50 | July 3, 1996[10] | January 1, 1999 |
| O. Kenneth Rudd III[7] | 100,000 | $0.20 | June 30, 1996 | January 1, 1999 |
| Evonne Eckenroth[7] | 50,000 | $0.20 | June 30, 1996 | January 1, 1999 |
| Justo Nunez[8] | 100,000 | $0.20 | June 30, 1996 | January 1, 1999 |
| Georgina Marie Mollick[9] | 150,000 | $0.20 | June 30, 1996 | June 30, 1999 |
| Wood & Francis, PLLC[9] | 50,000 | $1.00 | June 30, 1996 | June 30, 1999 |
| Richard S. Heller[9][11] | 25,000 | $1.00 | June 30, 1996 | June 30, 1999 |
| Jeffrey Babener[9] | 50,000 | $1.00 | June 30, 1996 | June 30, 1999 |
| Wyrick, Robbins, Yates & Ponton[9] | 50,000 | $1.00 | June 30, 1996 | June 30, 1999 |

(1)     1995 Board of Directors option.
(2)     1996 Board of Directors option.
(3)     1996 Management option.
(4)     U.S. Advisory Board option.
(5)     Canadian Advisory Board option.
(6)     Option of consultants.
(7)     Retail Sales Training System Development and Implementation Team Member Option.
(8)     Merit Award for marketing services to Company since inception.
(9)     Option to legal service providers.
(10)    Option granted after the ten for one (10:1) stock split
(11)    Will be restricted for 12 months from the date of SEC effectiveness.

27

KA 007507

| SEARCH | LOGIN | SUGGESTIONS | USER PREF'S | COURTWATCH | HELP | *HOME* |

**RACER U.S. District Court Case Search**

# Docket Sheet for 5:00-mc-23 USDC North Carolina Eastern District

```
                        U.S. District Court
            Eastern District of North Carolina (Raleigh)

               CIVIL DOCKET FOR CASE #: 00-MC-23

In re: Int'l Heritage, Inc.                          Filed: 07/10/00
Assigned to: Judge W. Earl Britt
Demand: $0,000                             Nature of Suit:  890
Lead Docket: None                          Jurisdiction: Federal Question
Dkt # in Bnkr Court, EDNC : is 98-02674-5-ATS
Dkt # in Bnkr Court, EDNC : is 98-02675-5-ATS

Cause: 28:0158 Bankruptcy Appeal from Judgment/Order


INTERNATIONAL HERITAGE, INC.
     In re


-------------------------


STANLEY H. VAN ETTEN              Brent E. Wood
     petitioner                   [COR LD NTC]
                                  4000 WestChase Blvd.
                                  Suite 385
                                  Raleigh, NC 27607
                                  919-754-8802


WOOD & FRANCIS, PLLC              Brent E. Wood
     petitioner                   (See above)
                                  [COR LD NTC]


CLAUDE W. SAVAGE                  John P. O'Hale
     petitioner                   [COR LD NTC]
                                  Narron, O'Hale & Whittington
                                  102 S. 3rd St.
                                  Smithfield, NC 27577
                                  919-934-6021

                                  Jeffrey M. Cook
                                  [COR LD NTC]
                                  Narron, O'Hale & Whittington
                                  P.O. Box 1567
```

Smithfield, NC 27577
919-934-6021

JOHN BROTHERS
    petitioner

Stephen T. Smith
[COR LD NTC]
McMillan, Smith & Plyler
P.O. Box 150

Raleigh, NC 27602
919-821-5124

DEE BROTHERS
    petitioner

Stephen T. Smith
(See above)
[COR LD NTC]

Brent E. Wood
(See above)
[COR LD NTC]

GEORGINA MOLLICK
    petitioner

Joseph B. Cheshire, V
[COR LD NTC]
Cheshire, Parker, Schneider,
Wells & Bryan
P.O. Box 1029
Raleigh, NC 27602
919-833-3114
FTS 832-0739

John Keating Wiles
[COR LD NTC]
Cheshire, Parker, Schneider,
Wells & Bryan
P.O. Box 1029
Raleigh, NC 27602
919-833-3114
FTS 832-0739

--------------------------

HOLMES P. HARDEN
    trustee

Holmes P. Harden
[COR LD NTC]
Maupin, Taylor & Ellis
P.O. Drawer 19764
Raleigh, NC 27619-9764
919-981-4000

In re: INTERNATIONAL HERITAGE, INC.

                In re

------------------------

STANLEY H. VAN ETTEN; WOOD & FRANCIS, PLLC; CLAUDE W.
SAVAGE; JOHN BROTHERS; DEE BROTHERS; GEORGINA MOLLICK

                petitioner

------------------------

HOLMES P. HARDEN

                trustee

## Proceedings include all events

| Date Filed | Doc. No. | Image | Description |
|------------|----------|-------|-------------|
| 07/10/2000 | 1 | No | Document filed by petitioner Stanley H. Van Etten, petitioner Wood & Francis titled: Motion for Order: (1) Modifying Order Denying Motions for Stays Pending Appeals and Order Directing Appellants to Identify Documents; and(2) Staying Order Allowing Motion for Approval of Compromise and Settlement Pursuant to Rule 8005 of the Bankruptcy Rules [Date Entered: 07/11/00, By: sat] |
| 07/10/2000 | 2 | No | Document filed by petitioner Claude W. Savage titled: Motion for Order: (1) Modifying Order Denying Motions for Stays Pending Appeals and Order Directing Appellants to Identify Documents; and (2) Staying Order Allowing Motionfor Approval of Compromise and Settlement Pursuant to Rule 8005 of the Bankruptcy Rules [Date Entered: 07/11/00, By: sat] |
| 07/10/2000 | 3 | No | Document filed by petitioner John Brothers, petitioner Dee Brothers titled: Motion for Order: (1) Modifying |

RACER U.S. District Court Case Search

# Docket Sheet for 5:93-cv-108 USDC North Carolina Eastern District

```
                                                    CLOSED
                        U.S. District Court
            Eastern District of North Carolina (Raleigh)

            CIVIL DOCKET FOR CASE #: 93-CV-108

Van Etten v. F.N. Wolf & Co Inc, et al              Filed: 03/02/93
Assigned to: Chief Judge Terrence W. Boyle    Jury demand: Both
Demand: $500,000                              Nature of Suit: 190
Lead Docket: None                             Jurisdiction: Diversity
Dkt # in Wake County : is 93 CVS 1243

Cause: 28:1441 Notice of Removal- Contract Dispute


STANLEY H. VAN ETTEN                 R. Wilson Day, Jr.
     plaintiff                        [term  11/04/93]
                                     [COR LD NTC]
                                     Day & White
                                     P.O. Box 31428
                                     Raleigh, NC 27622
                                     919-781-2220

                                     Bernard A. Harrell
                                     [COR NTC]
                                     P.O. Box 31522
                                     Raleigh, NC 27608
                                     919-881-0035
                                     FTS 881-8375

                                     Brent E. Wood
                                     [COR NTC]
                                     4000 WestChase Blvd.
                                     Suite 385
                                     Raleigh, NC 27607
                                     919-754-8802

                                     Georgina Marie Mollick
                                     [COR LD NTC]
                                     Ragsdale, Liggett & Foley
                                     P.O. Box 31507
                                     Raleigh, NC 27622-1507
                                     919-787-5200


     v.
```



EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

DEC 0 7 1998

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, | ) | |
| INC., | ) | CASE NO.: 98-02675-5-AVS |
| | ) | |
| Address: | ) | CHAPTER 7 |
| | ) | |
| 2626 Glenwood Ave., #200 | ) | |
| Raleigh, NC 27608 | ) | |
| | ) | |
| ID#: 56-1921093 | ) | |
| | ) | |
| Debtor. | ) | |

## ENTRY OF APPEARANCE AND REQUEST FOR NOTICES

NOW COMES Brent E. Wood, of Wood & Francis, PLLC, pursuant to Rule 2002(g) of the Federal Rules of Bankruptcy Procedure, and hereby enters an appearance in the above-captioned proceeding on behalf of Stanley H. Van Etten and requests that a copy of all notices to creditors and other parties-in-interest be served upon him as the attorney for such interested party.

This the 7th day of December, 1998.

WOOD & FRANCIS, PLLC

Brent E. Wood
Attorney for Stanley H. Van Etten
State Bar No. 16898
Two Hannover Square
434 Fayetteville Street Mall, Suite 2300
Post Office Box 164
Raleigh, North Carolina 27602
(919) 828-0801

**EXHIBIT**
**3**

FILED

FEB 18 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                          )    CASE NO.: 98-02675-5-ATS
INTERNATIONAL HERITAGE, INC.                    )
                                                )
                                                )
Address:                                        )    CHAPTER 7
2626 Glenwood Avenue, #200                      )
Raleigh, NC 27608                               )
                                                )
TAX ID# 56-1921093                              )
                                                )
     Debtor.                                    )

## APPLICATION BY TRUSTEE FOR AUTHORITY TO EMPLOY AND APPOINT ATTORNEY SPECIALLY

The application of Holmes P. Harden respectfully represents:

1.      Your applicant was appointed Trustee of the estate of International

Heritage, Inc., the above-named debtor, and is qualified and is now acting as such Trustee.

2.      It is necessary to employ an attorney to perform the legal services for

your applicant which will be required in the administration of the estate, as enumerated in (5)

below.

3.      Your applicant wishes to employ Brent Wood of Wood & Francis,

P.L.L.C., an attorney duly admitted to practice in this Court.

4.      Your applicant has selected Brent Wood and Wood & Francis, P.L.L.C.

for the reason that your applicant believes that they are well-qualified to represent him in this

proceeding.

5.      The professional services said Brent Wood and Wood & Francis,

P.L.L.C. are to render are:

RAL/185022/1



EXHIBIT
4

92

to protect the estate's interests in the matter of the embezzlement case of <u>International Heritage, Inc. vs. Dobbins, et als</u>, #97 CVS 7577, pending in Wake County Superior Court.

6.      Your applicant desires to employ Brent Wood and Wood & Francis, P.L.L.C. on an hourly basis of $145.00 for work performed.

7.      Brent Wood and Wood & Francis, P.L.L.C. have represented International Heritage, Inc. (the debtor) in the <u>Dobbins</u> case and other matters and still represent Stan VanEtten, as set forth in his declaration attached. Wood and Francis, P.A. is also a creditor of International Heritage, Inc.  However, it is in the best interest of the estate for Brent Wood and Wood & Francis, P.L.L.C. to continue to prosecute the <u>Dobbins</u> case because it would be more expensive to hire attorneys who are not already familiar with the <u>Dobbins</u> case.

8.      Brent Wood and Wood & Francis, P.L.L.C. are disinterested persons and represent no interest adverse to the Trustee or the estate in the matters upon which the are to be engaged for your applicant, and their employment would be in the best interest of this estate.

WHEREFORE, your applicant prays that he be authorized to employ and appoint said Brent Wood and Wood & Francis, P.L.L.C. as his attorneys and that he have such other and further relief as is just.

This ___17th___ day of February, 1999.

Holmes P. Harden
Trustee

RAL/122844/1

## AFFIDAVIT OF DISINTERESTEDNESS

STATE OF NORTH CAROLINA
COUNTY OF WAKE

Brent Wood of Wood & Francis, P.A., being first duly sworn, avers and says that:

1.     He is an attorney duly licensed to practice law in the State of North Carolina and in this Court

2.     He practices law in a professional corporation under the firm name Wood & Francis, P.L.L.C., located at 434 Fayetteville Street Mall, Suite 2300, Raleigh, North Carolina 27601.

3.     Brent Wood and Wood & Francis, P.L.L.C. represented International Heritage, Inc. (the "Debtor") and Stan VanEtten, its principal, in the prepetition period, and continues to represent Mr. Van Etten postpetition.  The firm of Wood & Francis, P.L.L.C. is a prepetition creditor of International Heritage, Inc.

4.     Neither Brent Wood nor Wood & Francis, P.L.L.C. represent or holds any adverse interest to the Debtor or the estate in the matters upon which they are to be engaged except as disclosed above.

Brent Wood

Sworn to and subscribed before me
this 16 day of February, 1999.

NOTARY PUBLIC

My Commission expires: 1-18-2000

JENNIFER D. JOHNSON
NOTARY PUBLIC
JOHNSTON COUNTY, N.C.
My Commission Expires 1-18-2000

RAL/122016/1


EXHIBIT
5

SEARCH     SUGGESTIONS    USER PREF'S    COURTWATCH     HELP     HOME →

Document Scanning - Click here to go back to the related case Cover Sheet

## Adversary Listing for Case 98-02675
## INTERNATIONAL HERITAGE, INC.

| Adv. No. | Plaintiff Plaintiff Attorney (s) | Defendant Defendant Attorney(s) | Nature Judge | Filing Date Closing Date |
|---|---|---|---|---|
| 98-00084 | VAN ETTEN, STANLEY H. **Attorney:** Wood, Brent E. | HARDEN (T); HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | 434 ATS | 12/10/1998 11/12/1999 |
| 00-00015 | HARDEN (T), HOLMES P. **Attorney:** Roberts, James A. III | EXECUTIVE RISK SPECIALTY INSURANCE CO. **Attorney:** Eason, Joseph W. | 454 ATS | 03/18/1999 10/13/1999 |
| 00-00043 | HARDEN (T), HOLMES P. **Attorney:** Roberts, James A. III | GILBERT, L.C., JR. **Attorney:** Gathings, Lloyd W. | 434 ATS | 07/01/1999 09/08/1999 |
| 00-00097 | HARDEN (T), HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | VAN ETTEN, STANLEY H. **Attorney:** Wood, Brent E. | 435 ATS | 11/01/1999 02/10/2000 |
| 00-00118 | HARDEN (T), HOLMES P. **Attorney:** Roberts, James A. III | TIG INSURANCE COMPANY No Attorney Listed | 498 ATS | 11/09/1999 10/19/2001 |
| 00-00174 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, | GOLF-TECHNOLOGY HOLDING, INC. Pro Se | 454 ATS | 11/07/2000 04/13/2001 |

| | | | | |
|---|---|---|---|---|
| 00-00237 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | DANIELL, JOHN **Attorney:** Wood, Brent E. | 454 ATS | 11/17/2000 06/28/2001 |
| 00-00238 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | EBH DISTRIBUTORS, LLC **Attorney:** Wood, Brent E. | 454 ATS | 11/17/2000 09/07/2001 |
| 00-00239 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | WEI, SABRINA Pro Se | 454 ATS | 11/17/2000 04/13/2001 |
| 00-00240 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | JOHN KRAGH, INC. Pro Se | 454 ATS | 11/17/2000 05/22/2001 |
| 00-00241 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | PUROLATOR COURIER LTD. Pro Se | 454 ATS | 11/20/2000 02/26/2001 |
| 00-00242 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | XPEDITE SYSTEMS, INC. Pro Se | 454 ATS | 11/20/2000 05/11/2001 |
| 00- | HARDEN, TRUSTEE, HOLMES P. | BROTHERS, DEE | 454 | 11/20/2000 |

| 00-00243 | **Attorney:** Humrickhouse, Stephani Wilson | **Attorney:** Stubbs, Trawick H. Jr. | ATS | 06/19/2002 |
|---|---|---|---|---|
| 00-00244 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | KENCO COMPANY Pro Se | 454 ATS | 11/20/2000 06/28/2001 |
| 00-00245 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | BROTHERS, JOHN **Attorney:** Malone, J. Michael | 454 ATS | 11/20/2000 02/20/2004 |
| 00-00246 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | TOWNING, HERBERT **Attorney:** Wood, Brent E. | 454 ATS | 11/20/2000 10/30/2001 |
| 00-00247 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | 2021.INTERACTIVE, LLC **Attorney:** Angell, James B. | 454 ATS | 11/20/2000 06/19/2002 |
| 00-00248 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | HOOKS, JEFF **Attorney:** Oliver, Cindy G. | 454 ATS | 11/20/2000 11/14/2001 |
| 00-00249 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | SAVAGE, CLAUDE, JR. **Attorney:** Brewer, William E. Jr. | 454 ATS | 11/20/2000 06/19/2002 |

| 00216 | **Attorney:** Humrickhouse, Stephani Wilson | Pro Se | ATS | 03/13/2001 |
|---|---|---|---|---|
| 00-00217 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | TYRA INTERNATIONAL, INC. **Attorney:** Wood, Brent E. | 454 ATS | 11/15/2000 06/19/2002 |
| 00-00218 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | ROBERT HALF INTERNATIONAL INC. Pro Se | 454 ATS | 11/15/2000 06/28/2001 |
| 00-00219 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | SMITH, LARRY Pro Se | 454 ATS | 11/15/2000 04/17/2001 |
| 00-00220 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | DUFFIE, JACK Pro Se | 454 ATS | 11/15/2000 03/22/2001 |
| 00-00221 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | DMAX IMAGING INCORPORATED **Attorney:** FLICK, PAUL T. | 454 ATS | 11/15/2000 05/16/2002 |
| 00-00222 | HARDEN, TRUSTEE, HOLMES P. **Attorney:** Humrickhouse, Stephani Wilson | EBSCO INDUSTRIES, INC. No Attorney Listed | 454 ATS | 11/15/2000 09/07/2001 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**FILED**

MAY 5 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:

INTERNATIONAL HERITAGE, INC.,           )
                                        )
Tax ID 56-1921093                       )      Case No.: 98-02675-5-ATS
                                        )           (Chapter 7)
INTERNATIONAL HERITAGE                  )      Case No.: 98-02674-5-ATS
INCORPORATED,                           )           (Chapter 7)
              Debtors                   )

*EX PARTE* MOTION FOR ORDER ALLOWING COUNSEL TO WITHDRAW

NOW COMES N. Hunter Wyche, Jr. and makes this Motion to withdraw as counsel to Mr. Stanley Van Etten; and in support of this Motion shows unto the Court the following:

1.     That Mr. Wyche's firm has merged with the firm representing the debtors in this matter. The firm representing the debtors sought permission to withdraw, but this honorable Court declined to allow the withdrawal.

2.     That Mr. Wyche's withdrawal under these circumstances is appropriate and regular counsel to Mr. Van Etten has been informed and offered the consent of Mr. Van Etten.

3.     That Mr. Wyche has spoken with the Bankruptcy Administrator and the trustee, both of whom have consented to and have no objection to Mr. Wyche's withdrawal.

4.     That it is of paramount importance that no rights of Mr. Van Etten be prejudiced until he has had a reasonable amount of time to employ substitute bankruptcy counsel if necessary.

159


EXHIBIT
6