UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| IN RE: | CASE NO.: | **FILED** |
|---|---|---|
| INTERNATIONAL HERITAGE, INC. | 98-02675-5-ATS | JUL 2 8 2004 |
| DEBTOR(S) | CHAPTER 7 | PEGGY B. DEANS, CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF N.C. |

| | |
|---|---|
| Stanley H. Van Etten, ) ) | ADVERSARY PROCEEDING NUMBER: S-04-00008-5-AP |
| PLAINTIFF, ) ) | |
| VS. ) ) | MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT |
| Holmes P. Hardin, Trustee, ) ) | |
| DEFENDANT. ) ) | |

Now comes Stanley H. Van Etten, Pro Se, and hereby respectfully moves the Court for an Order approving a Compromise and Settlement in this proceeding.

Trustee and Trustee's legal counsel both consent to the filing of this motion.

**Relevant Background Information**

This Adversary Proceeding was originally filed to pursue a specific cause of action against Debtors' Custodian of Records, for alleged violations of Van Etten's individual attorney-client relationship privilege and Van Etten/Debtors' joint privilege in attorney work-product.

Upon information and belief, Van Etten believed Debtors' Custodian of Records to be Holmes P. Harden, Debtors' Trustee.

Facts and other information discovered during this proceeding identify the Custodian of Records, for Debtors' pre-bankruptcy legal communications, documents and records, to be Wood & Francis, PLLC, and not Trustee.

Attached hereto as <u>Exhibit 1</u>, Brent Wood, of Wood & Francis, PLLC: **"Prior to the time that the Debtors sought protection under the Bankruptcy Code, in-house counsel with the Debtors and other officers of the Debtors delivered documents to me that they believed may be protected by the attorney-client privilege. Also, prior to the time that the Debtors sought protection under the Bankruptcy Code, I informed Terri Gardner of the fact that I**

1

held documents which I believed may be protected by the attorney-client privilege. I asked her to make sure that this information was disclosed at the appropriate time to the Trustee. After you were appointed Trustee, I clearly understood from Terri Gardner that she had had a conversation with you about the documents."

Attached hereto as Exhibit 2, Holmes Harden, Trustee: "I was completely unaware that you had 205,000 pages of documents (the 175,000 delivered to the U.S. Attorney and the 30,000 withheld from the U.S. Attorney) until very recently and was concerned and surprised by the revelation."

On July 18, 2000, pursuant to this Court's Order and requirements therein, Van Etten, by and through his individual legal counsel, produced a detailed privilege list identifying each document for which an applicable privilege had been identified and asserted. "Pursuant to the Orders of the Honorable W. Earl Britt and the Honorable A. Thomas Small in the above-referenced proceedings. I have enclosed a detailed privilege list, which identifies each and every privileged document, which I believe to be in my possession relating to work performed for International Heritage, Inc. or International Heritage Incorporated (or related individuals). This list also identifies to whom I believe the privilege would run for each document." Exhibit 1.

Holmes Harden accepted and recognized Van Etten's privilege list without objection. "With regard to this privilege list, my firm currently represents Stanley H. Van Etten only".[1] Exhibit 1.

Trustee informs Van Etten that he has always respected the privileges identified and asserted within the July 18, 2000 Van Etten privilege list, and has never, directly or indirectly, caused anyone to release any privilege document or communication therein.

Therefore, Van Etten respectfully moves this Court for an Order authorizing a Compromise and Settlement to include the following terms and conditions, as Findings of Fact:

1. The Custodian of Records for Debtors' pre-bankruptcy legal communications, documents and records is Wood & Francis, PLLC, and not the Trustee.

---

[1] Van Etten has only attached the first and last page of his July 18, 2000 Privilege List, as all parties have a complete copy of the same.

2. On July 18, 2000, pursuant to the Orders of the Honorable A. Thomas Small and the Honorable W. Earl Britt, Van Etten produced his privilege list, which was accepted and recognized without objection.
3. Trustee has never directly or indirectly caused any privilege document or communication listed within Van Etten's July 18, 2000 privilege list, to be released or otherwise communicated.
4. The Bankruptcy Court's Order of June 7, 2000 is a Final Order.
5. The District Court's Order of July 14, 2000 is a Final Order.
6. The Trustee has never waived debtors' pre-bankruptcy attorney work-product privilege.
7. Neither the Bankruptcy Court nor the District Court Orders authorized any waiver of Debtors' attorney work-product privilege.
8. Dismissal of Adversary Proceeding is with prejudice, and parties agree to bear all individual costs.

Respectfully submitted, this 26th day of July 2004.

_____
Stanley H. Van Etten, Pro Se
7924 Lake Drive
Raleigh, NC 27613

3

## CERTIFICATE OF SERVICE

This is to certify that I have this 26th day of July 2004, served a copy of the foregoing upon the following by the CLERK OF COURT, of the same by U.S. Mail and electronic services via email to:

Mr. Holmes P. Harden
Maupin Taylor, P.A.
3200 Beechleaf Court, Suite 500
Raleigh, NC 27604

Stephani W. Humrickhouse
Special Counsel for Trustee Holmes P. Hardin
Nichols & Crampton, P.A.
P.O. Box 18237
Raleigh, NC  27619

Respectfully submitted,

_____
Stanley H. Van Etten, Pro Se
7924 Lake Drive
Raleigh, NC  27613

4

# WOOD & FRANCIS, PLLC
### ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
ANTHONY E. FLANAGAN
CHARLES T. FRANCIS
BRENT E. WOOD

OF COUNSEL

ALAN D. WOODLIEF, JR.

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

July 18, 2000

### *VIA HAND DELIVERY*

Holmes P. Harden, Esq.
Maupin, Taylor & Ellis, P.A.
3200 Beechleaf Ct., Suite 500
P. O. Drawer 19764
Raleigh, NC 27619-9764

Re: **In re International Heritage, Incorporated and International Heritage, Inc. Chapter 7 Bankruptcy Cases 98-02674 / 02675-5- ATS (ED NC)**

Dear Holmes:

Pursuant to the Orders of the Honorable W. Earl Britt and the Honorable A. Thomas Small in the above-referenced proceedings, I have enclosed a detailed privileged list which identifies each and every privileged document which I believe to be in my possession relating to work performed for International Heritage, Inc. or International Heritage, Incorporated (or related individuals). This list also identifies to whom I believe the privilege would run for each document. With regard to this privilege list, my firm currently represents Stanley H. Van Etten only; therefore, I cannot represent to you that each individual for whom we have claimed a privilege on the attached documents would agree with our assessment on each and every occasion. However, I can assure you that this lengthy privilege list has been prepared in good faith and, also, should provide to you the information that you might need in the bankruptcy proceedings.

As I believe I have indicated to you in the past, I seriously doubt that any document on this privilege list will in any way assist you in the bankruptcy proceedings. If, after reviewing this privilege list, you believe that there may be some documents specifically identified in the privilege list which might be of assistance to you in the bankruptcy proceedings, I hope you will simply contact me and discuss those documents with me. For example, the privilege list will identify drafts of contracts that may or may not have been finalized. If a particular contract was finalized between International Heritage, Inc. and a third party, I do not believe it would be privileged and I will gladly assist you in trying to locate that document if it is within my file. Again, the only way that I might be able to assist you is if you were to contact me with a specific request. I have never withheld from you documentation which I believed might assist you in the bankruptcy proceedings. For this reason, well over a year ago, I indicated to you that I had documents in my possession which I was willing to share with you.

Holmes P. Harden, Esq.
July 18, 2000
Page 2

   For your information, the attached privilege list is a second draft of an original privilege list which was prepared and delivered to Mr. Scott Wilkinson, Assistant United States Attorney for the Eastern District of North Carolina. The original draft of the privilege list was also delivered to you as an attachment to the Memorandum of Law which was filed on Monday, July 10th. In order to completely fulfill our ethical responsibilities to our various clients who have been associated with International Heritage, Inc. and International Heritage, Incorporated (including those two debtors), we prepared the attached, extensive privilege list since the hearing before Judge Small on the privilege issue. Obviously, as you may be able to imagine, my associates and staff have been reviewing records in our possession for more than the last six months (not continuously, but over that period of time). The initial review of documents in our possession led to the production of approximately 170,000 pages of documents to Mr. Scott Wilkinson. That initial review of documents also led to the creation of the original privilege list that was attached to the Memorandum of Law filed on July 10, 2000. After the last hearing before Judge Small, a second review of the documents which we had held as privileged took place. In many ways, this project was much more difficult and time consuming than the original project, primarily because of the amount of information which we attempted to extract from each document. The second review led to the creation of the attached privilege list.

   As a result of our work, Mr. Wilkinson now has possession of most of the documents which were in our possession and related to the Debtors. Following the hearing before Judge Small, you did finally request from me an opportunity to review documents in my possession relating to the Debtors. Mr. Wilkinson has those documents and I would ask you to communicate with him about obtaining those documents that you might need in the bankruptcy proceedings since, technically, you would be the custodian for at least some of those documents.

   Even though I would encourage you to try to seek those documents from Mr. Wilkinson, I remain ready, willing and able to assist you. We have retained copies of each of the documents that were delivered to Mr. Wilkinson. If you would like to review the copies of documents in our possession, I would ask that you coordinate that review through Anthony Flanagan of my office. Mr. Flanagan has very professionally overseen this entire project and will make available to you or your representatives copies of the documents which have already been delivered to Mr. Wilkinson if Mr. Wilkinson cannot make those available to you. Please remember that there are more than 170,000 pages of documents that are not privileged which you or your staff might be reviewing if you begin this process at my office.

   If you have any questions, I hope you will call. I am

            Sincerely yours,

            Brent E. Wood

BEW/rjp
Enclosure
cc: Terri Gardner, Esq. (w/o encl)
   Anthony E. Flanagan, Esq.

| Bates # | Dates Created | Additional Dates | Type(s) of Document | From/prep'd By | To | CC/known Recipient | Description | Location | ACP | AC/Basis | WP | WP Controversy |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I001P-0002 | 11/29/95 | n/a | memo | Georgina Mollick | Janet Quick | n/a | regarding new address for IHI | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0003 | 5/1/95 | n/a | e-mail | George Ragsdale | Georgina Mollick | n/a | regarding IHI as new client | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0004 | 4/28/95 | n/a | e-mail | Georgina Mollick | Raleigh Attorneys at Ragsdale, Liggett, and Foley | n/a | regarding Claude Savage and Larry Smith forming new company (IHI); new client | Wood & Francis | Yes | Claude Savage, Larry Smith | No | n/a |
| I001P-0005 | 10/26/95 | n/a | memo | Georgina Mollick | Claude Savage, Larry Smith, Stan Van Etten, Brent Wood | n/a | regarding additional comments to Stan Van Etten's employment agreement with IHI | Wood & Francis | Yes | IHI, Claude Savage, Larry Smith, Stan Van Etten | No | n/a |
| I001P-0006 - I001P-0007 | 10/5/95 | n/a | fax | Georgina Mollick | Gary Johnson, IHI employee | n/a | regarding financials of IHI for dissenting shareholder package | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0008 - I001P-0009 | 10/5/95 | n/a | memo | Georgina Mollick | IHI file | n/a | regarding payment to only rescinding shareholder | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0010 - I001P-0011 | 10/3/95 | n/a | fax | Georgina Mollick | Gary Johnson | n/a | fax cover sheet regarding preparation of a check (fax not attached) | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0012 | 9/6/95 | n/a | memo | Georgina Mollick | Stan Van Etten | Dwight Hallman, Gary Johnson, John Brothers, Sheila Stansell | regarding placing the date of publication on all company correspondence, documentation and forms | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0013 | 9/19/95 | n/a | memo | Georgina Mollick | IHI file | n/a | regarding shareholder Jack Weatherly | Wood & Francis | Yes | IHI | No | n/a |

| Bates # | Date Created | Additional Dates | Type of Document | From/Prev. Document By | To/Next Known Recipient | Description | Location | Privilege Asserted | W-F Controversy |
|---|---|---|---|---|---|---|---|---|---|
| 1151P-0356 | 11/20/98 | N/A | Document | Georgina Mollick | IHI | Invoice for services rendered during November | Wood & Francis | Yes | SEC & bankruptcy petition |
| 1151P-0360 | 11/20/98 | N/A | Document | | Brent Wood | Fax re letter from Terry Garner to Stan Van Etten re engagement of Smith Debnam | Wood & Francis | Yes | IHI |
| 1151P-0366 | 11/20/98 | N/A | Fax | Anna Washburn | and Angie Cox | | | | |
| 1151P-0367 | | | | Wood & Francis | N/A | Trust account disbursements for IHI in | Wood & Francis | Yes | IHI, Stan Van Etten Bankruptcy |
| 1151P-0368 | 11/23/98 | N/A | Document | Anna | N/A | Wood & Francis trust account | Wood & Francis | Yes | IHI N/A |
| 1151P-0370 | 11/23/98 | N/A | Fax | Washburn | Brent Wood | N/A Fax re check disbursements that day | Wood & Francis | Yes | IHI N/A |



MAUPIN TAYLOR & ELLIS PA
ATTORNEYS AT LAW
HIGHWOODS TOWER ONE
SUITE 500
3200 BEECHLEAF COURT
RALEIGH NORTH CAROLINA
27604-1064
TELEPHONE 919 981 4000
TELEFAX 919 981 4300

MAILING ADDRESS
POST OFFICE DRAWER 19764
RALEIGH NORTH CAROLINA
27619-9764

HOLMES P. HARDEN
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW

400 BETA BUILDING
HEADQUARTERS PARK
2223 CHAPEL HILL-NELSON HWY.
DURHAM NORTH CAROLINA
27713
TELEPHONE 919 361 4900
TELEFAX 919 361 2262

MAILING ADDRESS
POST OFFICE BOX 13646
RESEARCH TRIANGLE PARK
NORTH CAROLINA
27709-3646

WWW.MAUPINLAW.COM

June 14, 2000

Brent Wood
Wood & Francis, P.L.L.C.
P. O. Box 164
Raleigh, NC 27602

Re:   International Heritage, Inc. and International Heritage, Incorporated

Dear Brent:

    Thank you for your letter of June 8, 2000 which was faxed to me on June 9. I was out of town on the 9th and did not see it until Monday, the 12th.

    My comments to the court on May 31 were not intended to suggest that you had improperly withheld documents, but to say that I had no knowledge of the nature of those documents and did not expect you to produce the same. I still do not have knowledge of what you possess except that it consists of 205,000 pages. It was my distinct impression from you and Terri Gardner, your letter of January 19, 1999 notwithstanding, that you did not intend to give me access to any documents that you believed, in your sole discretion, might aid litigation against the former officers and directors of International Heritage you represented individually. Assuming I misunderstood your intentions regarding production, I look forward to reviewing all of the debtors' documents at your earliest convenience.

    When you reminded me at the hearing that I had been aware of the existence of privileged documents, I quickly acknowledged the same to the court. I will tell you now that I had been under the impression you were merely withholding "some records" consisting of legal communications with individual clients who worked at International Heritage. I was completely unaware that you had 205,000 pages of documents (the 175,000 delivered to the U.S. Attorney and the 30,000 withheld from the U.S. Attorney) until very recently and was concerned and surprised by the revelation. My lack of knowledge of the number of pages at issue notwithstanding, it would seem that my clarification at the hearing that I had long known of the existence of allegedly privileged documents in your possession, without saying more, was fair to your clients and rectified any perceived mischaracterization of the facts on my part.

Brent Wood
June 14, 2000
Page 2

    I reiterate: any statement regarding my lack of knowledge of documents was meant to convey my lack of knowledge <u>of the kind and contents</u> of the records you are holding. I thought that was clear in my remarks and the context of my argument. You heard me tell the court that I considered the U.S. Attorney's offer to be of benefit to the creditors not only on its face, but because the proposed settlement with the government might eventually shed additional light on the debtors' affairs.

    I made reference at the hearing to the crime-fraud exception to support my argument that the agreement with the U.S. Attorney was in the best interest of the estate. I remind you that the federal district court in Georgia issued a preliminary injunction against International Heritage based upon allegations that the company itself was an illegal pyramid scheme. The U.S. Attorney could very well make a showing before the district court sufficient to give the government access to documents that may have been generated in the context of a crime or a fraud. This does not mean that the U.S. Attorney has to prove the existence of a crime or a fraud in the first instance, as you probably know. I have not and do not assert or admit that the debtor was involved in any crime or fraud; my point to the court was that the U.S. Attorney had the option of going before the district court, making the crime-fraud argument, and, if the government prevailed, that it would have the documents but the estate would not have the benefit of the deal on the table.

    I assume the documents in your possession are being withheld from the grand jury because you believe they could lead to indictments. I have similarly assumed that the same documents were being withheld from me because I might file civil claims against officers and/or directors. In light of your June 8 offer to give me access to all of the documents, I apologize for any misassumptions and eagerly await production.

                                                   Sincerely,

                                                   Holmes P. Harden

cc:    Terri Gardner

RALEIGH\253012_1