## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

FILED

AUG 1 3 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:

INTERNATIONAL HERITAGE, INC.

    DEBTOR(S)

CASE NO.:

98-02675-5-ATS

CHAPTER 7

| | |
|---|---|
| Stanley H. Van Etten, | ADVERSARY PROCEEDING NUMBER: S-04-00008-5-AP |
| PLAINTIFF, | |
| VS. | AMENDED MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT |
| Holmes P. Hardin, Trustee, | |
| DEFENDANT. | |

Now comes Stanley H. Van Etten, Pro Se, and hereby respectfully moves the Court for an Order approving a Compromise and Settlement in this proceeding.

Trustee and Trustee's legal counsel consent to the filing of this motion.

### Relevant Background Information

This Adversary Proceeding was originally filed to pursue specific causes of action against Debtors' Custodian of Records, for alleged violations of Van Etten's individual attorney-client relationship privilege and Van Etten/Debtors' joint privilege in attorney work-product.

Upon information and belief, Van Etten believed Debtors' Custodian of Records to be Holmes P. Harden, Debtors' Trustee.

However, facts and other information discovered during this proceeding identify the true Custodian of Records, for Debtors' pre-bankruptcy legal communications, documents and records, to be Wood & Francis, PLLC, and not Trustee.

### Facts In Support

In a letter produced during discovery, which is addressed to Trustee Harden and from Brent Wood, which is attached hereto as Exhibit 1, Mr. Wood states:

> "Prior to the time that the Debtors sought protection under the Bankruptcy Code, in-house counsel with the Debtors and other officers of the Debtors delivered documents to me that they

1

believed may be protected by the attorney-client privilege. Also, prior to the time that the Debtors sought protection under the Bankruptcy Code, I informed Terri Gardner of the fact that I held documents which I believed may be protected by the attorney-client privilege. I asked her to make sure that this information was disclosed at the appropriate time to the Trustee. After you were appointed Trustee, I clearly understood from Terri Gardner that she had had a conversation with you about the documents."

In a letter produced during discovery, which is addressed to Brent Wood and from Trustee Harden, which is attached hereto as Exhibit 2, Trustee Harden states:

"I was completely unaware that you had 205,000 pages of documents (the 175,000 delivered to the U.S. Attorney and the 30,000 withheld from the U.S. Attorney) until very recently and was concerned and surprised by the revelation."

In a letter produced during discovery, which is addressed to Trustee Harden and from Mr. Wood, which is attached hereto as Exhibit 1, Brent Wood states:

"Pursuant to the Orders of the Honorable W. Earl Britt[1] and the Honorable A. Thomas Small[2] in the above-referenced proceedings. I have enclosed a detailed privilege list, which identifies each and every privileged document, which I believe to be in my possession relating to work performed for International Heritage, Inc. or International Heritage Incorporated (or related individuals). This list also identifies to whom I believe the privilege would run for each document." "With regard to this privilege list, my firm currently represents Stanley H. Van Etten only."

Trustee informs Van Etten that he has always accepted and respected the privileges identified and asserted within Van Etten's Privilege List, and has never, directly or indirectly, caused anyone to release any privilege document or communication listed therein. Trustee Harden produced Van Etten's July 18, 2000 Privilege List during discovery and it is attached hereto as Exhibit 3.[3]

---

[1] See this Court's Docket at Entry #265 and attached hereto as Exhibit 4.
[2] See this Court's Docket at Entry #294 and attached hereto as Exhibit 5.
[3] Trustee produced Van Etten's July 18, 2000 Privilege List during discovery of this action. The Privilege List is 617-pages, containing extensive information, as directed and defined by this Court. Therefore, Van Etten has only attached page 1 and page 617 of the privilege list for exhibit purposes.

2

## Compromise and Settlement

Van Etten respectfully moves this Court for an Order authorizing a Compromise and Settlement, to include the following Findings of Fact:

1. Debtors' Custodian of Records, for Debtors' pre-bankruptcy legal communications, documents and records, is Wood & Francis, PLLC, and not Trustee.

2. On July 18, 2000, pursuant to the Orders of the Honorable A. Thomas Small (Exhibit 4, and Court's Docket at Entry #265) and the Honorable W. Earl Britt (Exhibit 5, and Court's Docket at Entry #294), Van Etten produced his privilege list, which was accepted and recognized without objection.

3. Trustee has never, directly or indirectly, caused any privilege document or communication listed within Van Etten's July 18, 2000 privilege list to be released or otherwise communicated to anyone.

4. The Bankruptcy Court's Order of June 7, 2000 (Exhibit 4, and Court's Docket at Entry #265) is a Final Order.

5. The District Court's Order of July 14, 2000 (Exhibit 5, and Court's Docket at Entry #294) is a Final Order.

6. The Trustee has never waived debtors' pre-bankruptcy attorney work-product privilege.

7. The Court has never waived debtors' pre-bankruptcy attorney work-product privilege.

8. Dismissal of Adversary Proceeding with prejudice, parties agree to incur individual costs.

Respectfully submitted, this 12th day of August 2004.

Stanley H. Van Etten, Pro Se

7924 Lake Drive

Raleigh, NC  27613

## CERTIFICATE OF SERVICE

I, Stanley H. Van Etten, do hereby certify that the foregoing Amended Motion to Approve Compromise and Settlement was served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office, to include those parties requesting electronic service via email, on this 12th day of August, 2004.

Marjorie K. Lynch
Bankruptcy Administrator
P.O. Box 3039
Raleigh, NC 27602-3039

Terri L Gardner
Poyner & Spruill, LLP
PO DRAWER 10096
RALEIGH, NC 27605-0096

Holmes P Harden
Maupin, Taylor & Ellis, Pa
P. O. Drawer 19764
Raleigh, NC 27619

Stephani Wilson Humrickhouse
Nicholls & Crampton, P.A.
PO Box 18237 Raleigh, NC 27619

Michael K. Wolensky
Robert G. Brunton
David J. Gellen
Kutak Rock
225 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30303-1731

Henry W. Nozko, Jr.
President, ACSTAR Insurance Company
P.O. Box 2350
New Britain, CT 06050-2350

William P. Hicks
James E. Long
Securities and Exchange Commission
3475 Lenox Road, N.E.
Atlanta, GA 30326

Gerald A. Jeutter, Jr.
Kilpatrick Stockton

P.O. Box 300004
Raleigh, NC 27607

Chittenden Bank
C/O Louis P. Rochkind
One Woodward Avenue, Suite 2400
Detroit, MI 48226

Stephanie P. Wyatt
Coyle, Bascom & Bergman
1000 Cambridge Square, Suite C
Alpharetta, GA 30004

Richard Ieyoub, Attorney General
State of Louisiana
301 Main Street, Suite 1250
Baton Rouge, LA 70801

Karl A. King
465 Sudden Valley
Bellingham, WA 98226

Managing Agent
NC Department of Revenue
P.O. Box 1168
Raleigh, NC 27602

Carolyn John
485 Broad River Blvd.
Beaufort, SC 29906

Gary McDowell
1138 Ascott Valley Dr.
Duluth, GA 30097

Managing Agent
Jewels by Evonne
1879 Buford Hwy.
Suite 7

4

Buford, GA 30518

Pamela Johnson
18488 Best Road
Mount Vernon, WA 98273

James Russell Tucker
500 N. Akard Street
Suite 2100
Dallas, TX 75201

Susan Coon Bailey
5233 Floynell Drive
Baton Rouge, LA 70809

Stacey Ostrom
3010 E. Nasa Road 1
Suite 1302
Seabrook, TX 77586

Managing Agent
Advanced Equities
P.O. Box 1042
Winnfield, LA 71483

J.C. Faulhaber
923 South 4th
LaConner, WA 98257

Lois Coonc
P.O. Box 699
LaConner, WA 98257

Brent E. Wood
P.O. Box 164
Raleigh, NC 27602

Jack Clary
214 St. Mathews Lane
Spartanburg, SC 29301

Dorothy Miller
102 Triangle Circle

Lafayette, LA 70508

Eugene W. Ellison
185 Biltmore Avenue
Asheville, NC 28801

Managing Agent
Internal Revenue Service
320 Federal Place
Greensboro, NC 27401

Jane Chassey
1514 Azalea Drive
Saint Louis, Missouri 63119

Jean Wedin
P.O. Box 1600
LaConner, WA 98257

Charles Anderson
P.O. Box 27525
Raleigh, NC 27611

Claude Savage
106 Benbow Lane
Charlotte, NC 28214

Shawna Staton
P.O. Box 2021
Raleigh, NC 27602

Larry Smith
2435 E. North Street
Greenville, SC 29615

Ronald Garber
P.O. Drawer 1429
Raleigh, NC 27602

Anna Washburn
145 Christopher Drive
Clayton, NC 27520

**Two Page Insert of Email Addresses for Electronic Service**

International Heritage
E-mail addresses for noticing purposes

yuanjunl@hotmail.com
beent@texoma.net
Cotner@wizzard.net
x2-song@worldnet.att.net
hual@airmail.net
mayfi23@ipa.net
Buddha623@aol.com
pgorman@vantagepointcapital.com
lwardcc2@aol.com
ridelga@pacbell.net
sstephe489@aol.com
mlafontaine@abbot-simses.com
wrightr@mindspring.com
TJWR21156@aol.com
rabbit@rockisland.com
cheryll.COSTANIINO@edmail.com
jasbircheema@amropictures.com
72320.316@compuserve.com
stann@colby.IXKS.com
lov.comptable@sympatico.ca
Cwin888@aol.com
myc888@webtv.net
virgilh@colby.ixks.com
gjack312@Intrstar.net
hdfrey@telusplanet.net
DLWARREN@BellSouth.net
michael_bhagat@hotmail.com
GBYRDJR@aol.com
rliston@spartanburg4.org
ghromero@aol.com
mommabeans@hotbot.com
joanchan@rocketmail.com
ZGU@atlantis.com
edeem@worldnet.att.net
DFITZPA400@aol.com
theboock@compuserve.com
pondman@memes.com
docchiro@ISLC.net
RIZMOE@NWRain.com
thodges@gateway.net
hlee@directv.com

RAL/1803557

fabb@telusplanet.net
cordw@deltapineseed.com
NBECK87570@aol.com
JYANG4@FORD.COM
mccarthy@mccarthyconsultant.com
BNLHATH@aol.com
nonfemett@worldnet.att.net
digger@bcsupernet.com
BREIDYIII@aol.com
Lindastime@aol.com
pak@jcnl.com
hornsjr@mindspring.com
lpartr1072@aol.com
leadership.possibilities.mak@worldnet.att.net
aqualite@digisys.net
TIMSAMUEL@aol.com
mtheisen@efn.org
MLGeller@aol.com
willy@qni.com
englishs@digisys.net
gmahalko@vvm.com
timmoore@aol.com
mooreem@harpo.tnstate.edu
sprklmagc@aol.com
backpain@keynet.net
Hbeckbari@aol.com
mwarhurst@yahoo.com
js.baum@srs.gov
wynellh@flash.net
dlatray@mcn.net
bwood@woodfran.com
tcrow@uab-admin.vpad.uab.edu
DickLynne Ferency@compuserve.com
kaylorj@hal-pc.org
CHASSEYRAY@email.msn.com
jim.griffith@erols.com
xiaokui.shan@bakernet.com
xshan@aol.com
kkandola@theresidences.com
lrochkind@jafferaitt.com
sdostrom@hotmail.com
michaelhopkins@mailcity.com

RAL/180355/1

Respectfully submitted,

_____

Stanley H. Van Etten, Pro Se
7924 Lake Drive
Raleigh, NC  27613

ATTORNEYS AT LAW

**RALEIGH OFFICE**
3200 BEECHLEAF COURT
SUITE 500
RALEIGH, NC 27604-3644
TELEPHONE 919.981.4000
TELEFAX 919.981.4300

MAILING ADDRESS
POST OFFICE BOX 19764
RALEIGH, NC 27619-9764

WWW.MAUPINTAYLOR.COM

**HOLMES P. HARDEN**
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW

**Maupin Taylor**

**RTP OFFICE**
480 BETA BUILDING
HEADQUARTERS PARK
2222 CHAPEL HILL-NELSON HWY.
DURHAM, NC 27713
TELEPHONE 919.361.4900
TELEFAX 919.361.2262

MAILING ADDRESS
POST OFFICE BOX 13646
RESEARCH TRIANGLE PARK, NC
27709-3646

**WILMINGTON OFFICE**
LANDFALL PARK NORTH
1985 EASTWOOD ROAD
SUITE 200
WILMINGTON, NC 28403
TELEPHONE 910.256.5135

June 23, 2004

Mr. Stanley H. Van Etten
7924 Lake Drive
Raleigh, NC 27613

Re:     International Heritage, Inc. – Case No. 98-02675-5-ATS
        International Heritage Incorporated – Case No. 98-02674-5-ATS

Dear Mr. Van Etten:

Per Stephani Humrickhouse's request, I am forwarding the enclosed copy of Brent Wood's July 18, 2000 letter and privilege log enclosure directly to you.

Sincerely,

Holmes P. Harden

Enclosure

cc: Stephani Humrickhouse, Esq.

RALEIGH#419696_1

# WOOD & FRANCIS, PLLC
### ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
ANTHONY E. FLANAGAN
CHARLES T. FRANCIS
BRENT E. WOOD

——————————
OF COUNSEL

ALAN D. WOODLIEF, JR.

MAILING ADDRESS:
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

July 18, 2000

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

*VIA HAND DELIVERY*

Holmes P. Harden, Esq.
Maupin, Taylor & Ellis, P.A.
3200 Beechleaf Ct., Suite 500
P. O. Drawer 19764
Raleigh, NC 27619-9764

Re:  *In re International Heritage, Incorporated and International Heritage, Inc.*
     *Chapter 7 Bankruptcy Cases 98-02674 / 02675-5- ATS (ED NC)*

Dear Holmes:

   Pursuant to the Orders of the Honorable W. Earl Britt and the Honorable A. Thomas Small in the above-referenced proceedings, I have enclosed a detailed privileged list which identifies each and every privileged document which I believe to be in my possession relating to work performed for International Heritage, Inc. or International Heritage, Incorporated (or related individuals).  This list also identifies to whom I believe the privilege would run for each document.  With regard to this privilege list, my firm currently represents Stanley H. Van Etten only; therefore, I cannot represent to you that each individual for whom we have claimed a privilege on the attached documents would agree with our assessment on each and every occasion.  However, I can assure you that this lengthy privilege list has been prepared in good faith and, also, should provide to you the information that you might need in the bankruptcy proceedings.

   As I believe I have indicated to you in the past, I seriously doubt that any document on this privilege list will in any way assist you in the bankruptcy proceedings.  If, after reviewing this privilege list, you believe that there may be some documents specifically identified in the privilege list which might be of assistance to you in the bankruptcy proceedings, I hope you will simply contact me and discuss those documents with me.  For example, the privilege list will identify drafts of contracts that may or may not have been finalized.  If a particular contract was finalized between International Heritage, Inc. and a third party, I do not believe it would be privileged and I will gladly assist you in trying to locate that document if it is within my file.  Again, the only way that I might be able to assist you is if you were to contact me with a specific request.  I have never withheld from you documentation which I believed might assist you in the bankruptcy proceedings.  For this reason, well over a year ago, I indicated to you that I had documents in my possession which I was willing to share with you.

Holmes P. Harden, Esq.
July 18, 2000
Page 2

For your information, the attached privilege list is a second draft of an original privilege list which was prepared and delivered to Mr. Scott Wilkinson, Assistant United States Attorney for the Eastern District of North Carolina. The original draft of the privilege list was also delivered to you as an attachment to the Memorandum of Law which was filed on Monday, July 10th. In order to completely fulfill our ethical responsibilities to our various clients who have been associated with International Heritage, Inc. and International Heritage, Incorporated (including those two debtors), we prepared the attached, extensive privilege list since the hearing before Judge Small on the privilege issue. Obviously, as you may be able to imagine, my associates and staff have been reviewing records in our possession for more than the last six months (not continuously, but over that period of time). The initial review of documents in our possession led to the production of approximately 170,000 pages of documents to Mr. Scott Wilkinson. That initial review of documents also led to the creation of the original privilege list that was attached to the Memorandum of Law filed on July 10, 2000. After the last hearing before Judge Small, a second review of the documents which we had held as privileged took place. In many ways, this project was much more difficult and time consuming than the original project, primarily because of the amount of information which we attempted to extract from each document. The second review led to the creation of the attached privilege list.

As a result of our work, Mr. Wilkinson now has possession of most of the documents which were in our possession and related to the Debtors. Following the hearing before Judge Small, you did finally request from me an opportunity to review documents in my possession relating to the Debtors. Mr. Wilkinson has those documents and I would ask you to communicate with him about obtaining those documents that you might need in the bankruptcy proceedings since, technically, you would be the custodian for at least some of those documents.

Even though I would encourage you to try to seek those documents from Mr. Wilkinson, I remain ready, willing and able to assist you. We have retained copies of each of the documents that were delivered to Mr. Wilkinson. If you would like to review the copies of documents in our possession, I would ask that you coordinate that review through Anthony Flanagan of my office. Mr. Flanagan has very professionally overseen this entire project and will make available to you or your representatives copies of the documents which have already been delivered to Mr. Wilkinson if Mr. Wilkinson cannot make those available to you. Please remember that there are more than 170,000 pages of documents that are not privileged which you or your staff might be reviewing if you begin this process at my office.

If you have any questions, I hope you will call. I am

Sincerely yours,

Brent E. Wood

BEW/rjp
Enclosure
cc:     Terri Gardner, Esq. (w/o encl)
        Anthony E. Flanagan, Esq.

| | Date | | Type | Author | Recipient | Description | | Yes/No | | No | n/a |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1001P-0002 | 11/29/95 | n/a | memo | Georgina Mollick | Janet Quick | regarding new address for IHI | Wood & Francis | Yes | IHI | No | n/a |
| 1001P-0003 | 5/1/95 | n/a | e-mail | George Ragsdale | Georgina Mollick | regarding IHI as new client | Wood & Francis | Yes | IHI | No | n/a |
| 1001P-0004 | 4/28/95 | n/a | e-mail | Georgina Mollick | Raleigh Attorneys at Ragsdale, Liggett, and Foley | regarding Claude Savage and Larry Smith forming new company (IHI); new client | Wood & Francis | Yes | Claude Savage, Larry Smith | No | n/a |
| 1001P-0005 | 10/26/95 | n/a | memo | Georgina Mollick | Claude Savage, Larry Smith, Stan Van Etten, Brent Wood | regarding additional comments to Stan Van Etten's employment agreement with IHI | Wood & Francis | Yes | IHI, Claude Savage, Larry Smith, Stan Van Etten | No | n/a |
| 1001P-0006 - 1001P-0007 | 10/5/95 | n/a | fax | Georgina Mollick | Gary Johnson, IHI employee | regarding financials of IHI for dissenting shareholder package | Wood & Francis | Yes | IHI | No | n/a |
| 1001P-0008 - 1001P-0009 | 10/5/95 | n/a | memo | Georgina Mollick | IHI file | regarding payment to only rescinding shareholder | Wood & Francis | Yes | IHI | No | n/a |
| 1001P-0010 - 1001P-0011 | 10/3/95 | n/a | fax | Georgina Mollick | Gary Johnson | fax cover sheet regarding preparation of a check (fax not attached) | Wood & Francis | Yes | IHI | No | n/a |
| 1001P-0012 | 9/6/95 | n/a | memo | Georgina Mollick | Dwight Hallman, Gary Johnson, John Brothers, Sheila Stansell | regarding placing the date of publication on all company correspondence, documentation and forms | Wood & Francis | Yes | IHI | No | n/a |
| 1001P-0013 | 9/18/95 | n/a | memo | Georgina Mollick | IHI file | regarding shareholder Jack Weatherly | Wood & Francis | Yes | IHI | No | n/ |

| Bates No. | Date | | Type | From | To | | Description | | | | | SEC & bankruptcy petition |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I151P-0356 | 11/2/098 | N/A | Document | Georgina Mollick | IHI | N/A | Invoice for services rendered during November | Wood & Francis | Yes | IHI | Yes | IHI Bankruptcy |
| I151P-0360 | 11/2/098 | N/A | | | | | | | | | | |
| I151P-0366 | 11/2/098 | N/A | Fax | Anna Washburn | Brent Wood and Angie Cox | N/A | Fax re letter from Terry Garner to Stan Van Etten re engagement of Smith Debnam | Wood & Francis | Yes | IHI, Stan Van Etten | Yes | IHI Bankruptcy |
| I151P-0367 | 11/23/98 | N/A | Document | Wood & Francis | N/A | N/A | Trust account disbursements for IHI in Wood & Francis trust account | Wood & Francis | Yes | IHI | Yes | N/A |
| I151P-0368 | 11/23/98 | N/A | | | | | | | | | | |
| I151P-0370 | 11/23/98 | N/A | Fax | Anna Washburn | Brent Wood | N/A | Fax re check disbursements that day | Wood & Francis | Yes | IHI | Yes | N/A |



MAUPIN TAYLOR & ELLIS  P.A.
ATTORNEYS AT LAW
HIGHWOODS TOWER ONE
SUITE 500
3200 BEECHLEAF COURT
RALEIGH  NORTH CAROLINA
27604-1064
TELEPHONE 919 981 4000
TELEFAX 919 981 4300

MAILING ADDRESS
POST OFFICE DRAWER 19764
RALEIGH  NORTH CAROLINA
27619-9764

MICHAEL D MADDISON
BOARD CERTIFIED SPECIALIST
IN BANKRUPTCY LAW

400 BETA BUILDING
HEADQUARTERS PARK
1101 CHAPEL HILL-NELSON HWY
DURHAM  NORTH CAROLINA
27713
TELEPHONE 919 361 4900
TELEFAX 919 361 3361

MAILING ADDRESS
POST OFFICE BOX 13644
RESEARCH TRIANGLE PARK
NORTH CAROLINA
27709-3644

WWW.MAUPINLAW.COM

June 14, 2000


Brent Wood
Wood & Francis, P.L.L.C.
P. O. Box 164
Raleigh, NC 27602


    Re:    International Heritage, Inc. and International Heritage, Incorporated

Dear Brent:

    Thank you for your letter of June 8, 2000 which was faxed to me on June 9. I was out of town on the 9th and did not see it until Monday, the 12th.

    My comments to the court on May 31 were not intended to suggest that you had improperly withheld documents, but to say that I had no knowledge of the nature of those documents and did not expect you to produce the same. I still do not have knowledge of what you possess except that it consists of 205,000 pages. It was my distinct impression from you and Terri Gardner, your letter of January 19, 1999 notwithstanding, that you did not intend to give me access to any documents that you believed, in your sole discretion, might aid litigation against the former officers and directors of International Heritage you represented individually. Assuming I misunderstood your intentions regarding production, I look forward to reviewing all of the debtors' documents at your earliest convenience.

    When you reminded me at the hearing that I had been aware of the existence of privileged documents, I quickly acknowledged the same to the court. I will tell you now that I had been under the impression you were merely withholding "some records" consisting of legal communications with individual clients who worked at International Heritage. I was completely unaware that you had 205,000 pages of documents (the 175,000 delivered to the U.S. Attorney and the 30,000 withheld from the U.S. Attorney) until very recently and was concerned and surprised by the revelation. My lack of knowledge of the number of pages at issue notwithstanding, it would seem that my clarification at the hearing that I had long known of the existence of allegedly privileged documents in your possession, without saying more, was fair to your clients and rectified any perceived mischaracterization of the facts on my part.

Brent Wood
June 14, 2000
Page 2

I reiterate:  any statement regarding my lack of knowledge of documents was meant to convey my lack of knowledge of the kind and contents of the records you are holding. I thought that was clear in my remarks and the context of my argument. You heard me tell the court that I considered the U.S. Attorney's offer to be of benefit to the creditors not only on its face, but because the proposed settlement with the government might eventually shed additional light on the debtors' affairs.

I made reference at the hearing to the crime-fraud exception to support my argument that the agreement with the U.S. Attorney was in the best interest of the estate, I remind you that the federal district court in Georgia issued a preliminary injunction against International Heritage based upon allegations that the company itself was an illegal pyramid scheme. The U.S. Attorney could very well make a showing before the district court sufficient to give the government access to documents that may have been generated in the context of a crime or a fraud.  This does not mean that the U.S. Attorney has to prove the existence of a crime or a fraud in the first instance, as you probably know. I have not and do not assert or admit that the debtor was involved in any crime or fraud; my point to the court was that the U.S. Attorney had the option of going before the district court, making the crime-fraud argument, and, if the government prevailed, that it would have the documents but the estate would not have the benefit of the deal on the table.

I assume the documents in your possession are being withheld from the grand jury because you believe they could lead to indictments.  I have similarly assumed that the same documents were being withheld from me because I might file civil claims against officers and/or directors.  In light of your June 8 offer to give me access to all of the documents, I apologize for any misassumptions and eagerly await production.

Sincerely,

Holmes P. Harden

cc:    Terri Gardner

RAL:80369:2003_1

| Document | Date | | Type of Document | Author | To | cc | Description | | Yes | Attorneys | No | Privilege |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I001P-0002 | 11/29/95 | n/a | memo | Georgina Mollick | Janet Quick | n/a | regarding new address for IHI | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0003 | 5/1/95 | n/a | e-mail | George Ragsdale | Georgina Mollick | n/a | regarding IHI as new client | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0004 | 4/28/95 | n/a | e-mail | Georgina Mollick | Raleigh Attorneys at Ragsdale, Liggett, and Foley | n/a | regarding Claude Savage and Larry Smith forming new company (IHI); new client | Wood & Francis | Yes | Claude Savage, Larry Smith | No | n/a |
| I001P-0005 | 10/26/95 | n/a | memo | Georgina Mollick | Claude Savage, Larry Smith, Stan Van Etten, Brent Wood | n/a | regarding additional comments to Stan Van Etten's employment agreement with IHI | Wood & Francis | Yes | IHI, Claude Savage, Larry Smith, Stan Van Etten | No | n/a |
| I001P-0006 - I001P-0007 | 10/5/95 | n/a | fax | Georgina Mollick | Gary Johnson, IHI employee | n/a | regarding financials of IHI for dissenting shareholder package | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0008 - I001P-0009 | 10/5/95 | n/a | memo | Georgina Mollick | IHI file | n/a | regarding payment to only rescinding shareholder | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0010 - I001P-0011 | 10/3/95 | n/a | fax | Georgina Mollick | Gary Johnson | n/a | fax cover sheet regarding preparation of a check (fax not attached) | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0012 | 9/6/95 | n/a | memo | Georgina Mollick | Stan Van Etten | Dwight Hallman, Gary Johnson, John Brothers, Sheila Stansell | regarding placing the date of publication on all company correspondence, documentation and forms | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0013 | 9/19/95 | n/a | memo | Georgina Mollick | IHI file | n/a | regarding shareholder Jack Weatherly | Wood & Francis | Yes | IHI | No | n/ |

| | | | | | | | | | | | | SEC & bankruptcy petition |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I151P-0356 | 11/20/98 | N/A | Document | Georgina Mollick | IHI | N/A | Invoice for services rendered during November | Wood & Francis | Yes | IHI | Yes | IHI |
| I151P-0360 | | | | | | | Fax re letter from Terry Garner to Stan Van Etten re engagement of Smith Debnam | | | IHI, Stan Van Etten | | Bankruptcy |
| I151P-0366 | 11/20/98 | N/A | Fax | Anna Washburn | Brent Wood and Angie Cox | N/A | | Wood & Francis | Yes | | Yes | N/A |
| I151P-0367 | | | | Wood & Francis | N/A | | Trust account disbursements for IHI in Wood & Francis trust account | Wood & Francis | Yes | IHI | Yes | N/A |
| I151P-0368 | 1/23/99 | N/A | Document | Anna Washburn | Brent Wood | N/A | | Wood & Francis | Yes | IHI | Yes | N/A |
| I151P-0370 | 1/23/98 | N/A | Fax | | | | Fax re check disbursements that day | | | | | |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

INTERNATIONAL HERITAGE, INC.,    CASE NO. 98-02675-5-ATS
                                     CHAPTER 7

INTERNATIONAL HERITAGE,        CASE NO. 98-02674-5-ATS
INCORPORATED,                     CHAPTER 7

    DEBTOR

FILED

JUN 27 2000

PEGGY C. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NC

## ORDER ALLOWING MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

The matter before the court is the trustee's Motion for Approval of Compromise and Settlement. In the motion, the trustee seeks approval of his intended waiver of the attorney-client privilege with respect to the debtors' pre-bankruptcy communications with counsel, and of an agreement reached by the trustee, on behalf of the debtors, with the office of the United States Attorney for the Eastern District of North Carolina. Objections to the motion were filed on behalf of Stanley Van Etten, Wood & Francis, PLLC, Claude William Savage, John David Brothers, Dee Anne Brothers, Georgina Mollick, and Larry Smith. A hearing was held in Raleigh, North Carolina on May 31, 2000. The motion will be allowed.

The debtors, International Heritage, Inc. and International Heritage Incorporated (collectively "IHI"), filed a petition under chapter 7 of the Bankruptcy Code on November 25, 1998. Holmes P. Harden is the trustee in bankruptcy for IHI. Subsequent to the bankruptcy filing, the United States Attorney's office communicated

234

248

with the trustee regarding an ongoing criminal investigation of IHI and, presumably, some of IHI's former officers and directors. The trustee reports that the Assistant United States Attorney ("AUSA"), in exchange for IHI's waiver of the attorney-client privilege, will agree not to seek or recommend the imposition of any criminal penalties, fines or forfeitures against the debtor corporations, and to recommend and use his best efforts to ensure that any restitution imposed in criminal proceedings against individuals or entities affiliated with the debtors be distributed to creditors. During the course of this investigation, grand jury subpoenas were issued to IHI and to Stanley Van Etten, a former officer and director. Counsel for Mr. Van Etten reports that approximately 175,000 pages of documents have been produced or made available to the AUSA, and that he maintains custody of approximately 30,000 additional pages of documents on grounds that they are protected from disclosure by the attorney-client privilege or the work-product doctrine. The trustee's request to waive the attorney-client privilege likely would result in the production of some portion of these documents to the AUSA.

In his motion, the trustee argues that waiver of the attorney-client privilege is in the best interest of the estates. It would conserve estate assets by making it unlikely that IHI would need to participate in a defense in a federal criminal prosecution, he argues, and possibly could generate funds with which to pay creditors' claims. The trustee contends that the United States Supreme Court, in <u>Commodity Futures Trading Commission v.</u>

2

Weintraub, 471 U.S. 343 (1985), authorized precisely the type of waiver at issue in this matter. The Weintraub Court reasoned that in cases of corporate bankruptcy, the power to waive the attorney-client privilege "passes to the trustee because the trustee's functions are more closely analogous to those of management outside of bankruptcy than are the functions of the debtor's directors." Id. at 356. The trustee's ability to exercise this power is, of course, tempered by his obligation to "maximize the value of the estate," id. at 352, and to seek its expeditious closure. See 11 U.S.C. § 704(1).

In response, counsel for the debtors and for their former officers (collectively, the "objecting parties") contend that waiver of the privilege is not in the best interests of the estates, for several reasons. First, the objecting parties argue that waiver may place the former officers at increased risk of criminal prosecution, and that the agreement between the trustee and AUSA lacks substance. The objecting parties concede that the AUSA apparently has agreed to assist the debtors to the full extent that he can; however, they maintain, statutory regulations and guidelines control virtually all aspects of a district court's imposition of penalties, fines, and restitution. For that reason, they argue, the AUSA simply has too little to offer. Finally, the objecting parties maintain that contractual arrangements between IHI and some former officers and directors, as set out in the corporations' bylaws and in employment agreements, provide for indemnification in the event of litigation; by exposing the former

3

officers to a heightened risk of prosecution, they argue, IHI breaches these contractual agreements. In sum, the objecting parties believe that the trustee is giving up substantial protections and receiving practically nothing in return.

The court concludes that the precedent established in _Weintraub_ makes clear that the trustee is empowered to assert and to waive the attorney-client privilege in this case. Further, the fact that the trustee's decision to waive the privilege is more directly advantageous to creditors than it is to shareholders, or to former officers or directors, does not weigh against waiver. As the _Weintraub_ Court noted, "[o]ne of the painful facts of bankruptcy is that the interests of shareholders become subordinated to the interests of creditors. In cases in which it is clear that the estate is not large enough to cover any shareholder claims, the trustee's exercise of the corporation's attorney-client privilege will benefit only creditors, but there is nothing anomalous in this result; rather, it is in keeping with the hierarchy of interests created by the bankruptcy laws." _Id._ at 355.

The _Weintraub_ Court also addressed one of the concerns pressed most strongly to this court; namely, that allowing the trustee to waive the privilege will have a chilling effect on communications between individual officers and directors and corporate counsel, and also could compromise exercise of the privilege by the individual officers and directors. "[T]he chilling effect is no greater here than in the case of a solvent corporation," the Court

4

reasoned, "where individual officers and directors always run the risk that successor management might waive the corporation's attorney-client privilege with respect to prior management's communications with counsel." Id. at 357. Weintraub also recognized that the "privileges of parties other than the corporation would still be 'applicable' as against the trustee. For example, consistent with [§ 542(e) of the Bankruptcy Code], an attorney could invoke the personal attorney-client privilege of an individual manager." Id. at 350 (referring to the specific statute at issue in Weintraub). The right of individuals to claim the attorney-client privilege on their own behalf, when appropriate, is in no way impinged by Weintraub or this court's order.

Moreover, the fact that the AUSA's offer goes as far as it can but, in the view of the objecting parties, not far enough, is of little consequence. The trustee's power to waive the privilege is not dependent on his ability to extract a concrete or even a "good" deal from the AUSA. Instead, it is moderated by his obligation to act in the best interests of the bankruptcy estates. The trustee could rationally conclude that those interests are best served by cooperating fully with an ongoing criminal investigation in hopes of favorable treatment, absent any kind of agreement at all.

Finally, the court is well aware of the role of the attorney-client privilege in modern litigation, and of its historical significance in jurisprudence generally. See, e.g., Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (attorney client privilege is intended to foster "full and frank communication between

attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice"). By the same token, these privileges are "not favored, and even those rooted in the Constitution must give way in proper circumstances." Herbert v. Lando, 441 U.S. 153, 175 (1979). In this particular matter, the court notes that there is no effort afoot to carve out an exception to the attorney-client privilege, or to in any way challenge its application to the debtors' documents. Instead, the only issue before this court is whether, in this corporate bankruptcy, the trustee is empowered to assert the privilege on behalf of the debtors and, if so, whether he may also elect to waive it. That question is conclusively resolved in Weintraub.

The court specifically finds that the trustee holds the privilege on behalf of the corporate debtors, and that he can and has waived that privilege. The court also acknowledges that many issues remain open for resolution. The court makes no finding regarding documents presently withheld on grounds that they come within the work-product doctrine, or regarding documents that include confidential communications between attorneys and individuals seeking legal counsel in their individual capacities.

For the foregoing reasons, the trustee's Motion for Approval of Compromise and Settlement is ALLOWED.

SO ORDERED.

DATED: JUN 0 7 2000

A. Thomas Small
Bankruptcy Judge

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED

No. 5:00-MC-23-BR

JUL 14 2000

DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLERK

IN RE INTERNATIONAL HERITAGE, INC.    )
                                      )
INTERNATIONAL HERITAGE,               )
         INCORPORATED,                )
                                      )
              Debtor.                 )          ORDER
                                      )
                                      )

    This matter is before the court on the following: (1) the motions of Stanley H. Van Etten and Wood & Francis, PLLC, Claude Savage, and John Brothers and Dee Brothers to modify the bankruptcy court's order denying stay pending appeal or, alternatively, for a stay pending appeal; (2) the motion of Georgina Mollick for leave to join the aforementioned motion filed by Van Etten and Wood & Francis; (3) the amended motion of Van Etten and Wood & Francis to modify the bankruptcy court's order denying stay pending appeal or, alternatively, for a stay pending appeal; and (4) the motion of Van Etten and Wood & Francis to shorten the response time to the aforementioned amended motion.

### I. BACKGROUND

    On 25 November 1998, the debtors, International Heritage, Inc. and International Heritage Incorporated, filed a petition under Chapter 7 of the Bankruptcy Code. (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 1.) On 28 March 2000, the trustee filed a Motion for Approval of Compromise and Settlement, seeking the bankruptcy court's approval of the trustee's waiver of the attorney-client privilege with respect to pre-bankruptcy communications between the debtors and counsel. (See id., Ex. A.) The trustee intended to waive the privilege in conjunction with an agreement with

EXHIBIT

**2**

the United States Attorney for the Eastern District of North Carolina. (Id.) Movants' here objected to the motion. On 7 June 2000, Bankruptcy Judge A. Thomas Small allowed the motion.

Thereafter, movants filed notices of appeal of the bankruptcy court's 7 June 2000 order(s).[2] Movants also filed motions for stay of the bankruptcy court's 7 June 2000 order pending appeal. (Id., Ex. E.) Judge Small denied the motions but temporarily stayed the effect of his order to allow movants to seek a stay from this court. (Id.)

## II. DISCUSSION

### A. Motion to Shorten Response Time

Movants filed and served the motions sub judice on 10 and 11 July 2000 and requested a shortening of the response time to two (2) days. Normally, the trustee and any other interested party would have twenty days therefrom to respond. See Local Rule 4.05(a), EDNC. However, unless the court orders a stay, movants must comply with the bankruptcy court's order requiring identification of privileged documents by 18 July 2000 – a date well before any response is due. The trustee objects to this motion. However, he has provided the court with a copy of his response to movants' motions for stay filed in the bankruptcy court. (See Resp. to Mot. to Shorten Time, Ex. A.) Trustee's response to the instant motion and his response filed in the bankruptcy court provide this court with sufficient briefing (in conjunction with Van Etten and Wood & Francis' briefs) on which to rule on the motions before it. Therefore, the trustee is not

---

[1] Although not entirely clear from the record before the court, it appears movants Van Etten, Savage, John Brothers, and Dee Brothers were officers and/or directors of debtor International Heritage, Inc. Movant Wood & Francis provided pre-bankruptcy legal advice jointly to International Heritage, Inc., Van Etten, Savage, and other unspecified officers and directors of International Heritage, Inc. and maintains custody of the allegedly privileged documents. Movant Moltick provided pre-bankruptcy legal advice to International Heritage, Inc. and Van Etten and subsequently became in-house counsel for debtors.

[2] The appeals to this court are not yet ripe.

2

prejudiced by any reduction in response time. The motion is therefore ALLOWED.

**B. Motion of Georgina Mollick for Leave to Join Van Etten and Wood & Francis' Motion**

The motion is ALLOWED, and Mollick is deemed to have filed a motion to the same

extent as Van Etten and Wood & Francis.

**C. Motions and Amended Motion to Modify Bankruptcy Court's Order Denying Stay Pending Appeal or, Alternatively, for a Stay**

By virtue of their amended motion, movants contend that pursuant to Fed. R. Bankr. P.

7062 and Fed. R. Civ. P. 62(d), the court is required to enter a stay upon the movants' posting of a

supersedeas bond. Fed. R. Civ. P. 62(d) does provide in relevant part:

> When an appeal is taken the appellant by giving a supersedeas bond
> may obtain a stay subject to the exceptions contained in subdivision
> (a) of this rule. . . . The stay is effective when the supersedeas bond
> is approved by the court.

As one court has noted, "[t]he language of subsections (a) and (d) [of Rule 62], when read

together, suggests that all types of judgments other than those specifically excepted in subsection

(a) may be stayed pending appeal as a matter of right, if the appellant posts supersedeas bond."

Yankton Sioux Tribe v. Southern Mo. Waste Management Dist., 926 F. Supp. 888, 889 (D.S.D.

1996). Even so, "courts have interpreted Rule 62(d) as entitling an appellant to a stay as a matter

of right . . . where the appeal is taken from a monetary judgment or its equivalent." Id. at 890.

(citations omitted). Movants do not appeal from a money judgment or its equivalent and, as such,

the posting of a supersedeas bond would serve no purpose. See id. Accordingly, a stay is not

warranted on this ground.

Whether to issue a stay is within the discretion of the trial court. Connecticut Hosp. Ass'n

v. O'Neill, 863 F. Supp. 59, 60-61 (D. Conn. 1994). The factors which the court must consider

are: (1) whether there is a "strong showing" that the applicant is likely to succeed on the merits;

3

(2) whether the applicant will suffer irreparable injury absent the stay; (3) whether the stay will not substantially harm the other parties; and (4) whether the public interest will be served by the stay. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). With respect to these factors, the applicant bears the burden of persuasion. See Long, 432 F.2d at 979. Furthermore, "when a party seeking a stay makes application to an appellate judge following the denial of a similar motion by a trial judge, th[at] burden of persuasion . . . is substantially greater than it was before the trial judge." Id. (citations omitted). The court will now address the factors noted above in determining whether a stay will issue.

    1.    Likelihood of Success on the Merits

    The law on which Judge Small based his decision is clear. "[T]he trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 358 (1985). While movants attempt to distinguish Weintraub and argue that waiver is not in the best interests of the debtors' estate, these same arguments were made to Judge Small and rejected. (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 3-5.) Movants also contend that waiver of the corporation's attorney-client privilege by the trustee is not proper because it compromises the officers' and directors' individual privileges. This argument too was made before the bankruptcy court. (Id. at 4.) As noted by Judge Small, Weintraub does not infringe upon the privileges of parties other than the corporation. (Id. at 5 (citing Weintraub, 471 U.S. at 350).) This court, like the bankruptcy court, is bound by Weintraub. At this juncture, movants have not made a "strong showing" that they are likely to prevail on the merits of their appeal.

    2.    Irreparable Injury to Movants

4

Movants assert that if a stay is not entered, their individual attorney-client privileges would be waived or lost during the pendency of appeal and therefore would effectively moot the appeal. As a result of the trustee's waiver of the corporation's privilege, documents will be produced to the trustee and presumably turned over to the United States Attorney. According to movants, the documents, or at least some of them, contain confidential pre-bankruptcy communications between attorneys, the debtor corporations, and the individual officer/director movants generated in the context of the attorneys' joint representation of the corporations and individuals. Movants claim that without a stay such documents necessarily will be turned over to the trustee, the United States Attorney, or others and will result in a waiver of the individuals' attorney-client privilege. From the record presently before the court, it does not appear that this will occur.

In his order finding waiver, Judge Small recognized "[t]he right of individuals to claim the attorney-client privilege on their own behalf, when appropriate, is in no way impinged by Weintraub or this court's order." (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 5.) Judge Small continued:

> The court specifically finds that the trustee holds the privilege on behalf of the corporate debtors, and that he can and has waived that privilege. The court also acknowledges that many issues remain open for resolution. The court makes no finding regarding documents presently withheld on grounds that they come within the work-product doctrine, or regarding documents that include confidential communications between attorneys and individuals seeking legal counsel in their individual capacities.

(Id. at 6.)

Judge Small's order denying a stay requires movants before 18 July 2000 to "identify any documents that he or she alleges to be subject to his or her individual claim of privilege." (Id.

5

Ex. *E* at 2 (emphasis added).)  The order says nothing of the production of these documents.

The court does not read these orders as requiring movants forthwith to produce documents allegedly subject to any individual claims of privilege.  Of course, at some point, depending on the resolution of the individual claims issue, the documents may be subject to production.  That issue is not before this court.  Movants have not shown they will suffer irreparable harm in the absence of a stay.

  3.  Harm to Trustee

According to the trustee, a stay pending appeal would prejudice him by delaying receipt of records necessary to file suit regarding avoidable transfers.  (Resp. to Mot. to Shorten Time.)  Any Avoidance action must be filed by 25 November 2000.  (Id.)  Pointing to the trustee's more than one-year delay in seeking to review privileged documentation, movants question the merit of the trustee's argument.  Despite any delay on the part of the trustee in attempting to obtain purportedly privileged documents, the court accepts the inability to file avoidance actions as a possible harm to the trustee should the stay issue.

  4.  Public Interest

Movants cite the public interest in promoting full and frank discussions between attorneys and clients.  Movants again raise the concern that their individual claims of privilege will be waived in the absence of a stay.  As discussed supra, the court does not see this as the case.  This court and the bankruptcy court have made no findings with respect to the officers/directors' individual claims of privilege.  By virtue of the Supreme Court's decision in Weintraub, the rule is clear with respect to the ability of the trustee to waive the attorney-client privilege on behalf of the debtor corporation.  As recognized by the bankruptcy court, "there is no effort afoot to carve out an exception to the attorney-client privilege, or to in any way challenge its application to the

debtors' documents." (Van Etten and Wood & Francis' Mem. of Law, Ex. D (Order Allowing Motion for Approval of Compromise and Settlement) at 6.) The public interest would not be furthered by a stay of the bankruptcy court's 7 June 2000 order.

In balancing these factors, see Long, 432 F.2d at 981, the court finds movants have failed to meet their burden for issuance of a stay pending appeal. The motions of Van Etten and Wood & Francis (including their amended motion), Savage, John Brothers and Dee Brothers, and Mollick to modify the bankruptcy court's order denying stay pending appeal or, alternatively, for a stay pending appeal are DENIED.

This 14 July 2000.

_____
W. EARL BRITT
Senior United States District Judge

ihi/acp