FILED 10/13/2004 3:13:14 PM, USBC, Eastern District of North Carolina

```
                    UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                           RALEIGH DIVISION


IN RE:                              )     CASE NO.: 98:02675-5-ATS
                                    )
INTERNATIONAL HERITAGE, INC.,       )     CHAPTER 7
                                    )
         DEBTOR.                    )
_____)
```

**MOTION TO DISMISS AND MEMORANDUM OF THE UNITED STATES
IN OPPOSITION TO STANLEY H. VAN ETTEN'S
<u>MOTION TO SHOW CAUSE AND REQUEST FOR REMEDIAL ACTION</u>**

The United States of America, on behalf of former Assistant United States Attorney Scott Wilkinson (hereinafter "former federal prosecutor" or "Mr. Wilkinson") and through its undersigned counsel, moves to dismiss the Motion to Show Cause, Request for Remedial Action and Notice to Parties in Interest, filed <u>pro se</u> by non-party Stanley H. Van Etten, which essentially seeks a protective order regarding documents produced in a criminal matter in response to grand jury subpoenas, damages against a former federal prosecutor related to a criminal investigation, and relief from this Bankruptcy Court for action regarding certain discovery documents produced and retained as part of a criminal investigation.

This contested matter should be dismissed on jurisdictional, procedural, and substantive grounds, including (1) that Mr. Van Etten has not established jurisdiction in the Bankruptcy Court to allow the entry of a protective order and damage award for vague claims against a former federal prosecutor regarding documents

produced and retained pursuant to grand jury subpoenas, (2) that it is procedurally improper for a non-debtor to seek damages against a Government prosecutor in the guise of a contempt proceeding before the Bankruptcy Court, and (3) that Mr. Van Etten has not stated a claim upon which relief can be granted and has not established that the former criminal prosecutor is in contempt of a order entered in this Chapter 7 Bankruptcy Case.

Mr. Van Etten makes allegations and seeks relief from non-parties in this bankruptcy matter.  The allegations relate to documents provided and held as part of a criminal investigation, privileges that Mr. Van Etten apparently claims in his individual capacity, and the abuse of the District Court's grand jury power and authority.  The relief sought includes a protective order (related to the documents sought and produced in the criminal matter before the District Court),  an order to show cause (apparently related to producing documents pursuant to grand jury subpoenas), an order of sanction for "identified actual damages" of $195,243.32, an order of sanctions for "identified actual damages" of $736,500 "as to Trustee Harden and Debtor's Estate", and leave of Court to file a memorandum.

Despite numerous allegations and lengthy argument, it remains unclear what jurisdiction and authority this Bankruptcy Court has to, in essence, issue protective orders regarding a criminal investigations and enter judgments for damages against

non-parties, what Bankruptcy Court orders were allegedly violated by Mr. Wilkinson and how they might have been violated, and what basis this Bankruptcy Court has to provide any contempt sanctions or other bankruptcy relief.

## I   Mr. Van Etten Has Not Established That This Court Has Jurisdiction To Enter Protective Orders Related To A Criminal Investigation Or Order Damages Against Non-Parties.

The failure to establish subject matter jurisdiction and personal jurisdiction for the relief sought must be addresses first, because jurisdiction is the *sine qua non* of all federal courts.  Mr. Van Etten states at the beginning of page 3 that "[a]ll parties consented to the Jurisdiction and Authority of the Bankruptcy Court."  This is totally false in that the non-parties that non-party Mr. Van Etten targets for sanctions have not consented to jurisdiction.[1]  Proofs of claims filed against the debtor IHI and prior matters in this Chapter 7 case do not create jurisdiction for the claims raised against Mr. Wilkinson individually or create a proper jurisdictional basis for the relief now sought by Mr. Van Etten.

To the extent that Mr. Van Etten seeks a protective order regarding documents produced during a criminal investigation

---

[1] The United States on behalf of Scott Wilkinson disputes all such statements of Mr. Van Etten and has not and does not consent to jurisdiction or any other matter.  While not disputing point by point each misstatement, the United States denies all such statements and requests that Mr. Van Etten be held to proving each such statement.

through grand jury subpoenas, jurisdiction has not been established.  To the extent that Mr. Van Etten seeks damages from former federal prosecutor Wilkinson for actions related to the documents produced and retained as part of the criminal investigation, jurisdiction has not been established.

Mr. Van Etten has not provided a proper jurisdictional basis for a protective order or damages as sought in his motion.  The IHI Chapter 7 bankruptcy case does not establish a jurisdictional basis for this Bankruptcy Court to resolve disputes regarding the criminal matters before the District Court.  The grand jury subpoenas, document production in the criminal matter before the District Court, and any related protective orders are issues for the District Court, not for this Bankruptcy Court.  Subject matter jurisdiction is not established.  In addition, Mr. Van Etten lacks standing as addressed below.

Former AUSA Scott Wilkinson, named in Mr. Van Etten's motion as an individual, is also not a proper party before this Court.  The Bankruptcy Court does not have any general jurisdiction to order damages against a non-party for the benefit of a non-party.  Mr. Wilkinson is not a creditor in this case and debtor IHI does not have any claims against Mr. Wilkinson.  Moreover, it appears that damages are sought against Mr. Wilkinson for actions taken within the course and scope of his employment.  To the extent that Mr. Van Etten is making a damage claim against Mr. Wilkinson

in his official capacity, such a claim would be governed by federal statute and would not be properly before this Bankruptcy Court.

Mr. Van Etten has not established that this Bankruptcy Court has jurisdiction and this is his burden as the movant (even as a non-party movant). Although Mr. Van Etten is proceeding pro se in this matter, he has had legal counsel and he has the obligation to establish that the Court has jurisdiction over the matter raised and the parties from whom relief is sought.

**II. Mr. Van Etten Has Not Established That The Relief Sought From A Former Criminal Prosecutor Is Procedurally Proper As A Motion To Show Cause Or In This Bankruptcy Case Of IHI.**

Mr. Van Etten's Motion to Show Cause is not a proper procedural method to seek a protective order and damages against Mr. Wilkinson and the other non-party targets. The issues related to the documents provided as part of the criminal investigation, including protective orders or damages from the former criminal prosecutor, are not matters that should be resolved before this Bankruptcy Court, especially not as a motion to show cause seeking a protective order and damages.

Mr. Van Etten is not the debtor in this Chapter 7 proceeding and has not established standing to seek relief in this bankruptcy case. The individuals and law firm targeted for damages in Mr. Van Etten's motion are also non-parties: Wood & Francis, PLLC, is Mr. Van Etten's former criminal counsel, as is

Brent E. Wood, and former federal prosecutor Scott L. Wilkinson was the government attorney involved in the criminal investigation into related matters. The Debtor International Heritage, Inc., (hereinafter IHI) is represented by the Chapter 7 Trustee, Holmes Harden, and takes no position in this matter.

The issues raised relate primarily to the production of documents pursuant to grand jury subpoena, the retention of documents, and the privileges attaching to such documents as part of the criminal investigation and should be resolved in another forum. These issues should not and simply cannot be resolved as part of IHI's Chapter 7 bankruptcy case by this Bankruptcy Court through Mr. Van Etten's motion.

It must be made clear that, to the extent that Mr. Van Etten seeks damages against a former federal prosecutor for actions taken within the course and scope of his employment, or former AUSA, sovereign immunity limits such an action and damages can only be sought as allowed by federal statute (which does not allow for Mr. Van Etten's creative use of contempt proceedings to seek damages).

Mr. Van Etten's motion is procedurally improper for these and many other reasons.

### III. **Mr. Van Etten Has Not Established That Court Orders Were Violated By A Former Government Prosecutor In These Matters.**

Mr. Van Etten has not established that former AUSA Scott Wilkinson has violated any court order related to the production

or retention of documents pursuant to grand jury subpoenas or the assertion of privileges.  Moreover, it is unclear what violations Mr. Van Etten is even alleging against Mr. Wilkinson individually.  It is also unclear whether Mr. Van Etten claims to argue for damages on behalf of the Trustee of this Chapter 7 debtor (which the Trustee has not authorized) or for his individual benefit, but Mr. Van Etten has not established that any Court orders were violated by former federal prosecutor Scott Wilkinson.

In order to be in contempt of Court, it is fundamental that the violation of a Court order by the accused party must be clearly established.  Mr. Van Etten has not set out what orders from this Bankruptcy Court directed or forbade actions by Mr. Wilkinson and how Mr. Wilkinson allegedly violated any orders of this Court while pursuing the related criminal investigation as a federal prosecutor.

Although the motion should fail on jurisdictional and procedural grounds alone, Mr. Van Etten has established the substance of any valid claims against the former federal prosecutor, or even stated such claims with sufficient clarity to allow a meaningful response.

## CONCLUSION

The bottom line is that the motion filed by Mr. Van Etten fails to establish that the former criminal prosecutor is in

contempt of this Court's orders and instead improperly seeks a protective order and damages related to allegations regarding documents produced during a criminal investigation.  This motion should be dismissed on numerous grounds because, with all due respect to this Bankruptcy Court, this is not the place to resolve Mr. Van Etten's complaints.

Based upon the foregoing, Mr. Van Etten's motion should be dismissed on jurisdictional, procedural, and substantive grounds. Mr. Van Etten has not established that the Court has jurisdiction for the relief sought, that a motion to show cause in this bankruptcy case is a proper procedural vehicle to seek a protective order and damages, that the Bankruptcy Court is the proper forum for the complaints made, or that the criminal prosecutor violated any orders of this Court.

Respectfully, submitted this 13th day of October, 2004.

                FRANK D. WHITNEY
                UNITED STATES ATTORNEY


                BY:  _/s/ NEAL FOWLER_____
                    NEAL FOWLER
                Assistant United States Attorney
                310 New Bern Avenue
                Suite 800, Federal Building
                Raleigh, North Carolina 27601-1461
                Telephone:  (919) 856-4049
                Fax:  (919) 856-4821

CERTIFICATE OF SERVICE

    I do hereby certify that I have this 13th day of October, 2003, served a copy of the foregoing upon the below listed parties by placing a copy of the same in the U.S. Mails, addressed as follows:

    Ms. Marjorie K. Lynch
    Bankruptcy Administrator
    P.O. Drawer 3039
    Raleigh, NC 27602-3039

    Terri L. Gardner (also by fax to 919-783-1075)
    P.O. Drawer 10096
    Raleigh, NC 27605-0096

    Holmes P. Harden (also by fax to 919-981-4300)
    P.O. Drawer 19764
    Raleigh, NC 27619

    Stephani Wilson Humrickhouse
    P.O. Box 18237
    Raleigh, NC 27619

    Wood & Francis, PLLC
    P.O. Box 164
    Raleigh, NC 27602

    Scott Wilkinson
    617 Sarah Lawrence Court
    Raleigh, NC 27609

    Brent Wood (also by fax to 919-573-9131)
    1135 Kildaire Farm Road
    Suite 311-8
    Cary, NC 27511

    Charles Francis
    P.O. Box 164
    Raleigh, NC 27602

    Anthony Flanagan
    7200 Stonehenge Drive, Suite 311
    Raleigh, NC 27613

    Stanley H. Van Etten (also by email to vanettens@aol.com)
    7924 Lake Drive
    Raleigh, NC 27613

                                    _/s/ NEAL FOWLER_____
                                    Assistant United States Attorney
                                    Civil Division