**FILED**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

OCT 1 4 2004

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | Case No. 98:02675-5-AVS |
| | ) | Chapter 7 |
| INTERNATIONAL HERITAGE, INC. | ) | |
| (TAX ID#: 56-1921093) | ) | Case No. 98:02674-5-AVS |
| | ) | Chapter 7 |
| INTERNATIONAL HERITAGE | ) | |
| INCORPORATED | ) | **VAN ETTEN'S RESPONSE IN** |
| (Tax ID#: 87-0421191) | ) | **OPPOSITION TO GOVERNMENT** |
| | ) | **MOTION TO DISMISS** |
| Address: 2626 Glenwood Avenue, Suite 200 | ) | |
| Raleigh, NC  27608 | ) | **SUPPLEMENTAL RESPONSE** |

Now comes Stanley H. Van Etten, Pro Se, in Opposition to former Assistant United States Attorney, Scott Wilkinson's (hereinafter "AUSA Wilkinson") Motion to Dismiss, filed on his behalf by the Office of the U.S. Attorney, and in Supplemental Response in Opposition to the Motion to Dismiss filed by Wood & Francis, PLLC and Brent Wood.

Van Etten adopts and incorporates herein by reference; (1) Van Etten's Motion to Show Cause, Request for Remedial Action and Notice to Parties in Interest (court docket at entry #646 and #647) and, (2) Van Etten's Response in Opposition to Government Motion to Continue (court docket at entry #656) and, (3) Van Etten' Response in Opposition to Motion to Dismiss filed by Wood & Francis, PLLC and Brent Wood (court docket at entry #651 and #652), and additionally shows the Court the following.

**Failure to File a Timely Response**

1. Van Etten properly noticed and served, the Office of the U.S. Attorney and former AUSA Wilkinson on September 17, 2004 and again on September 28, 2004.

2. On October 13, 2004, the Office of the U.S. Attorney and former AUSA Wilkinson both, individually and collectively, filed a Motion to Dismiss in response to Van Etten's Motion to Show Cause, more than 27 days after proper service and notice.  Van Etten moves the Court to disregard the Motion to Dismiss and strike the same from the record.

1

### Jurisdiction and Authority of the Bankruptcy Court
### Civil & Criminal Contempt

The majority view is that the bankruptcy court's statutory authority to issue contempt orders derives from the plain language of 11 U.S.C. Section 105 and 28 U.S.C. Section 157. See In re Skinner, 917 F.2d at 447; and In re Walters, 868 F.2d at 669.

The Fourth Circuit and the Tenth Circuit found these sections to be unambiguous. When statutory language is unambiguous, it is controlling. See Skinner, 917 F.2d at 447.

The second sentence of Section 105(a) provides, **"No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."** (Emphasis added). See 11 U.S.C. Section 105(a).

Bankruptcy Rule 9020, as amended, no longer relies on 28 U.S.C. 1481 and provides that the bankruptcy court may make a determination of contempt after written notice and a hearing. The rule further provides for the opportunity for objection within 10 days pursuant to the procedure set forth in Bankruptcy Rule 9033.

Bankruptcy Rule 9033 provides that an order of contempt issued by a bankruptcy judge shall be subject to de novo review by the district court.

Since the district courts retain the power of de novo review of the bankruptcy court's findings of fact and conclusions of law in civil contempt proceedings, the delegation of civil contempt power to the bankruptcy courts does not offend the Constitution. See Skinner, 917 F.2d at 450.

### Jurisdiction and Authority of the Bankruptcy Court

All parties consented to the Jurisdiction and Authority of the Bankruptcy Court. All parties agree the "matter in issue" was initiated, and then compromised and settled, within the above-referenced core-proceedings.

All parties agree the Office of the United States Attorney filed proof of claim[1], civil and criminal, for claim against Debtors' and Debtors' Estate, for which claim arose. Pursuant to 11 U.S.C. Section 106, Waiver of Sovereign Immunity;

> (2) "The court may hear and determine any issue arising with respect to
> the application of such sections to governmental units."

---

[1] U.S. Attorney Creditor Claim Number 177052, 320 New Bern Avenue, Suite 800, Raleigh, NC 27601-1461.U.S. Attorney's Office Creditor Claim Number 191502, 227 West Trade Street, Suite 1700, Carillon Building, Charlottetown, NC 28202.

(b) "A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose."

All parties agree the Office of the U.S. Attorney, at its sole discretion, initiated the "matter in issue" on March 16, 2000, after careful consideration of an action that could have been filed in District Court for the same "matter in issue," see court docket at entry #250.

> AUSA Wilkinson: "With respect to the above-referenced subpoena, this office has previously requested that you, in your capacity as the Trustee for IHI and IHI, Inc., waive the attorney-client and work product privileges with respect to prebankruptcy communications involving the law firm of Wood & Francis and with respect to Georgina M. Mollick..."

> Trustee Harden: "The undersigned trustee...respectfully moves the Court pursuant to Bankruptcy Rules 6004 and 9019 for an order approving a waiver of the attorney client and work product privileges with respect to pre-bankruptcy communications between the debtors and their legal counsel in exchange for which the Office of the United States Attorney...will agree not to recommend or seek the imposition of any criminal penalties, fines or forfeitures against the debtor corporations, and to recommend and use its best efforts to insure that any restitution imposed in any criminal proceedings against any individuals and/or entities affiliated or otherwise associated with one or both debtors will be distributed to the creditors of International Heritage, Inc."

All parties agree the Office of the U.S. Attorney elected to prosecute the "matter in issue" in Bankruptcy Court, forgoing a viable prosecution of the same in District Court, Trustee Harden during the May 31, 2000 Hearing;

> "...my point to the court was that the U.S. Attorney had the option of going before the district court, making the crime-fraud argument, and, if the government prevailed, that it would have the documents but the estate would not have the benefit of the deal on the table."

The parties all agree the proceedings initiated by the U.S. Attorney in Bankruptcy Court were in fact, "criminal proceedings." July 2, 2004; (1) AUSA Gaston Williams, and (2) AUSA Clay Wheeler, and (3) EA-AUSA John Bruce, collectively and individually, in District Court regarding the identical "matter in issue" herein;

> "Defendant Stanley H. Van Etten ("Defendant") first attempted to use the attorney-client privilege as a criminal defense strategy over four years ago. At that time, in bankruptcy court, Defendant tried to prevent International Heritage, Inc. ("IHI") from waiving its attorney-client privilege as part of an effort to cooperate with the United States. Defendant was unsuccessful; the bankruptcy judge approved IHI's waiver of its privilege."

3

**Bankruptcy Court Orders Controlling Allegations of Contempt**

Former AUSA Wilkinson, Wood & Francis as Debtors' Custodian of Records and Brent Wood, collectively and individually, violated the June 7, 2000 Bankruptcy Court Order, in their unauthorized waiver and release of Debtors' and Van Etten's privileged documents, all of which are protected by Courts' Orders and are listed within Van Etten's July 18, 2000 Privilege List. More specifically, the June 7, 2000 Order, Order Allowing Motion for Approval of Compromise and Settlement, court docket at #265.

      a. "The court concludes that the precedent established in Weintraub makes clear that the trustee is empowered to assert and to waive the attorney-client privilege in this case."

      b. "Weintraub also recognized that the "privileges of parties other than the corporation would still be "applicable" as against the trustee. For example, consistent with Section 542(e) of the Bankruptcy Code, an attorney could invoke the personal attorney-client privilege of an individual manager. Id. At 350. (Referring to the specific statute at issue in Weintraub.). The right of individuals to claim the attorney-client privilege on their own behalf, when appropriate, is in no way impinged by Weintraub or this court's order."

      c. "Instead, the only issue before this court is whether, in this corporate bankruptcy, the trustee is empowered to assert the privilege on behalf of the debtors and, if so, whether he may also elect to waive it. The question is conclusively resolved in Weintraub."

Former AUSA Wilkinson, Wood & Francis as Debtors' Custodian of Records and Brent Wood, collectively and individually, violated the June 28, 2000 Bankruptcy Court Order, in their willful refusal to comply with Courts' Orders to return Debtors' documents and records to Trustee. More specifically, the June 28, 2000 Order, Order Denying Motions for Stays Pending Appeals and Order Directing Appellants to Identify Documents, see court docket at #278.

      a. Page 1, paragraph 1; "The trustee objects to the stays and requests that the court require "each of the Movants to identify with specificity for the Trustee each document that he or she alleges to be subject to his or her individual claim of privilege and that all documents not so identified be ordered delivered to the Trustee immediately." (Trustee's Response, June 26, 2000).

4

b. Page 2, paragraph 2-3; "The court agrees with the trustee and will not grant a stay pending appeal. However, the court will temporarily stay the effect of the order for 10 days to permit the appellants to request a stay from the United States District Court...If a stay is not granted by the district court, each appellant shall, before July 18, 2000, identify any documents that he or she alleges to be subject to his or her individual claim of privilege."

Former AUSA Wilkinson, Wood & Francis as Debtors' Custodian of Records and Brent Wood, collectively and individually, violated the July 14, 2000 District Court Order Affirming the Bankruptcy Court Orders, in their unauthorized waiver and release of Debtors' and Van Etten's privileged documents, all of which are protected by Courts' Orders and are listed within Van Etten's July 18, 2000 Privilege List. More specifically, the July 14, 2000 Order, Order Denying Stays Pending Appeal and Order Directing Movants to Identify Documents, see court docket at #<u>294</u>.

a. "Judge Small's order denying a stay requires Movants before July 18, 2000 to "identify any documents that he or she alleges to be subject to his or her individual claim of privilege. The order says nothing of the production of these documents."

b. "The court does not read these orders as requiring Movants forthwith to produce documents allegedly subject to any individual claim of privilege. Of course, at some point, depending on the resolution of the individual claims issue, the documents may be subject to production. That issue is not before this court. Movants have not shown they will suffer irreparable harm in the absence of a stay."

c. "According to the trustee, a stay pending appeal would prejudice him by delaying receipt of records necessary to file suit regarding avoidable transfers. Any avoidance action must be filed by 25 November 2000...the court accepts the inability to file avoidance actions as a possible harm to the trustee..."

d. "As recognized by the bankruptcy court, "there is no effort afoot to carve out an exception to the attorney-client privilege, or to in any way challenge its application to the debtors' documents."

**Violation of Orders**

May 15, 2004, while conducting supervised discovery of Government evidence in the U.S. Attorneys Office, Van Etten discovered a Grand Jury Exhibit Notebook within "Box Code-MISC 6/1." The notebook was identified as belonging to former AUSA Wilkinson. The notebook contained production logs and other related information, memorializing the waiver and release of approximately 30,000 pages of privileged documents, all of which are listed within Van Etten's July 18, 2000 Privilege List.

The production logs contained hand-written notes and initials, identified to; (1) former AUSA Wilkinson, and (2) Brent Wood, and (3) Wood & Francis criminal counsel, Kieran Shanahan of the law firm The Sanford Holshouser Law Firm.

- **Production Log A**, 126-pages **"IHI only Priv"** "Produced to GJ by BEW 8/16/00" word processing file name, "f:\wp\IHI Privileged Lists\MasterList2IHIOnlyWONotes.xls" "Page 1 of 126" initialed by Brent Wood "BW"

- **Production Log B**, 336-pages **"Personal/Dual Priv"** "Produced to GJ by BEW 8/16/00" word processing file name, "f:\wp\IHIPrivilegedLists\MasterList2WOIHI.b.xls (sheet 1)" "Page 1 of 336" initialed by Brent Wood "BW"

- **Privilege List**, 25-pages **"Final Privilege Log for Wood & Francis, P.L.L.C. 9/20/00"** word processing file name, "f:\wp\IHIPrivilegedList\MasterList2WOIHI.b.xls-Sheet10" "Page 1 of 25" initialed by Kieran Shanahan "KS"

- **Log**, 24-pages, dated October 18, 2000, word processing file name "f:\wp\IHIPrivilegedList\MasterList2WOIHI.b.xls-Sheet10" "Page 1 of 24" initialed by Brent Wood "BW"

- **Log**, 24-pages, dated November 15, 2000, word processing file name "f:\wp\IHIPrivilegedList\MasterList2WOIHI.b.xls-Sheet10" "Page 1 of 24" initialed by Brent Wood "BW"

Wood & Francis, Brent Wood and former AUSA Wilkinson willfully and knowingly violated Courts' Orders, and schemed to conceal the Contempt from Trustee and Van Etten.

Trustee Harden informs Van Etten he (as Trustee) never authorized, directly nor indirectly, any of the Parties in Contempt to waive and release any privileged document listed within Van Etten's July 18, 2000 Privilege List.

6

## Motion to Dismiss for Lack of Jurisdiction Over the Person

The Bankruptcy Court has the necessary legal power to issue a personal judgment against former AUSA Scott Wilkinson.

1. Jurisdiction in personam. Power that a court has over the defendant's person and which is required before a court can enter a personal or in personam judgment.[2] Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

2. The Bankruptcy Court acquired Jurisdiction in Personam over former AUSA Scott Wilkinson individually by and through Mr. Wilkinson's voluntary and individual acts throughout the proceedings for the herein "matter in issue."

3. The filing of both formal notice of appearance by the Office of the U.S. Attorney and former AUSA Wilkinson, for the herein "matter in issue," is evidence of the highest character of Mr. Wilkinson's individual consent to the Jurisdiction and Authority of the Bankruptcy Court. See. E.F. Hutton & Co. v. Brown, 305 F. Supp. 371, 387 (S.D. Tex. 1969) ("When the relationship is also evidence by the entry of a formal appearance by the attorney on behalf of the person which whom he appears, the presumption becomes almost irrebutable, for the entry of a formal appearance has quite properly been called 'record evidence of the highest character.'"). (emphasis added)

4. Former AUSA Wilkinson has consistently implied his individual consent to the Jurisdiction and Authority of the Bankruptcy Court. July 25, 2000, AUSA Wilkinson in a letter to Wood & Francis attorney, Anthony Flanagan, see attached hereto as Exhibit 11.

   a. "...with respect to your letter of July 20, 2000 regarding privilege list of IHI, there are several references in that letter, and in previous correspondence, to your "voluntary" production of materials to this office. As I understand the productions, having been involved in the discussions personally, the documents have been "produced" to Holmes Harden, at his request and under his authority as the Trustee for IHI, but have been physically delivered to this office, under the authority of the Grand Jury Subpoena issued to the trustee, simply as a time-saving measure. While it is true that the documents have not been produced to

---

[2] Black's Law Dictionary Abridged Fifth Edition

7

this office under a Grand Jury Subpoena issued directly to your client, the production of the "176,000 pages of non-privileged material" has been under compulsion."

b.   The U.S. Attorneys Office initiated the "matter in issue" herein as a parallel civil proceeding to avail itself of civil discovery devices to obtain evidence for the subsequent criminal prosecution of Van Etten and others, for the identical "matter in issue" compromised and settled in Courts' Orders in Bankruptcy Court. Van Etten fully testified at the SEC's Preliminary Injunction Hearing and throughout the injunctive action.   Van Etten fully testified at the above-referenced bankruptcy proceedings 20004 Examination and 341 Meeting of Creditors.

c.   Trustee Harden in comment during the May 31, 2000 Hearing before the Honorable Judge A. Thomas Small, "...my point to the court was that the U.S. Attorney had the option of going before the district court, making the crime-fraud argument..."

## Motion to Dismiss for Lack of Jurisdiction Over Subject Matter

The Bankruptcy Court has Jurisdiction and Authority over the subject matter giving rise to the Motion to Show Cause.   The contested subject matter was initiated within the above-referenced core-proceedings; 1) where it was contested, and 2) Compromised, and 3) Settled, all within the Bankruptcy Court's Orders.

The Office of the U.S. Attorney and former AUSA Wilkinson, both voluntarily and individually, each consented to the Bankruptcy Court's Jurisdiction and Authority, for the "matter in issue" giving rise to the Motion to Show Cause.

## Closing

Van Etten respectfully moves the Court for Order Denying former AUSA Wilkinson's Motion to Dismiss.

Respectfully Submitted,

_____

Stanley H. Van Etten, Pro Se

## CERTIFICATE OF SERVICE

I, Stanley H. Van Etten, do hereby certify that all parties listed below are served a copy of the herein response, by mailing a complete copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office, to include those parties requesting electronic service via email, on October 14, 2004.

Marjorie K. Lynch
Bankruptcy Administrator
P.O. Box 3039
Raleigh, NC 27602-3039

Terri L Gardner
Poyner & Spruill, LLP
PO DRAWER 10096
RALEIGH, NC 27605-0096

Holmes P Harden
Maupin, Taylor & Ellis, Pa
P. O. Drawer 19764
Raleigh, NC 27619

Stephani Wilson Humrickhouse
Nicholls & Crampton, P.A.
PO Box 18237 Raleigh, NC 27619

Wood & Francis, PLLC
P.O. Box 164
Raleigh, NC 27602

Scott Wilkinson
617 Sarah Lawrence Court
Raleigh, NC 27609

Office of the U.S. Attorney
AUSA Gaston Williams
AUSA Neal Fowler
310 New Bern Avenue
Suite 800
Raleigh, NC 27601

Brent Wood
1135 Kildaire Farm Road
Suite 311-8
Cary, NC 27511

Charles Francis
P.O. Box 164
Raleigh, NC 27602

Anthony Flanagan
7200 Stonehenge Drive
Suite 311
Raleigh, NC 27613

Respectfully submitted,

Stanley H. Van Etten, Pro Se
7924 Lake Drive
Raleigh, NC  27613

9