FILED 10/19/2004 3:28:46 PM, USBC, Eastern District of North Carolina

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **INTERNATIONAL HERITAGE, INC.** | **98-02675-5-ATS** |
| **INTERNATIONAL HERITAGE, INCORPORATED** | **98-02674-5-ATS** |
| DEBTORS | |

**ORDER DISMISSING MOTION TO SHOW CAUSE**

The matter before the court is the motion to show cause filed by Stanley H. Van Etten. A hearing took place on October 14, 2004, in Raleigh, North Carolina.

International Heritage, Inc. and International Heritage, Incorporated filed petitions for relief under chapter 7 of the Bankruptcy Code on November 25, 1998, and Holmes P. Harden was appointed trustee. Mr. Van Etten was the president of the debtors, and has actively participated in these bankruptcy proceedings. He now seeks a finding of contempt against Wood & Francis, PLLC, attorney Brent E. Wood, and former Assistant United States Attorney Scott L. Wilkinson for violating an order entered by this court on June 7, 2000. Mr. Wood, Mr. Wilkinson, and Wood & Francis have all moved to dismiss the motion based on lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted.

In its order of June 7, 2000, this court stated that "the only issue before this court is whether, in this corporate bankruptcy, the

trustee is empowered to assert the [attorney-client] privilege on behalf of the debtors and, if so, whether he may also elect to waive it."  In re International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C. June 7, 2000) at 6.  The court concluded that the trustee held the privilege on behalf of the corporate debtors and that he could and had waived the privilege.  Id.  Mr. Van Etten alleges that by turning over documents to Mr. Wilkinson in which he held an individual attorney-client privilege, Mr. Wood and Wood & Francis violated this court's order.  Similarly, he contends that by accepting the documents and using them in a criminal prosecution against Mr. Van Etten, Mr. Wilkinson violated the order.

While the order addressed documents in the possession of Wood & Francis and Mr. Wood, the order did not direct either of these parties to do anything with respect to the documents.  And while the order related to turnover of the documents by the trustee to the Assistant United States Attorney, it likewise did not direct the AUSA to do or not to do anything with respect to the documents.  The order was limited to a determination that Mr. Harden, as trustee, had the power to assert or waive the attorney-client privilege on behalf of the corporate debtors.  Accordingly, there is no provision in this order that Mr. Wood, Wood & Francis, or Mr. Wilkinson could have violated, and there is no basis for finding them in contempt of the order.

In addition, Mr. Van Etten is not a debtor in this bankruptcy proceeding, and Mr. Wood, Wood & Francis, and Mr. Wilkinson are not parties to the bankruptcy proceeding.  This court has limited jurisdiction, and it does not have jurisdiction to resolve a dispute between these non-debtor individuals.

Based on the foregoing, the motion to show cause is **DISMISSED.**

**SO ORDERED.**

DATED:  October 19, 2004

                                                          s/ A. Thomas Small  
                                                          A. Thomas Small  
                                                          Bankruptcy Judge

**BAE SYSTEMS**
Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0417-5           User: bipes_ch              Page 1 of 1                 Date Rcvd: Oct 19, 2004
Case: 98-02675                 Form ID: pdf014             Total Served: 9

The following entities were served by first class mail on Oct 21, 2004.
 aty         +Brent E Wood,    1135 KILDAIRE FARM ROAD, SUITE 311-8,    CARY, NC 27511-7608
 aty         +J.M. Cook,    Office of the Bankruptcy Administrator,    Eastern District of North Carolina,
               Raleigh Division,    P.O. Box 3039,    Raleigh, NC 27602-3039
 aty         +Neal Fowler,    310 New Bern Avenue,    Federal Building, Ste 800,    Raleigh, NC 27601-1441
 aty         +Paul M Newby,    U. S. Attorney Office,    310 NEW BERN AVE., STE 800,    RALEIGH, NC 27601-1461
 aty         +Stephani Wilson Humrickhouse,    Nicholls & Crampton, P.A.,    PO Box 18237,    Raleigh, NC 27619-8237
 aty         +Terri L Gardner,    Poyner & Spruill, LLP,    PO DRAWER 10096,    3600 GLENWOOD AVENUE,
               RALEIGH, NC 27612-4945
 tr          +Holmes P Harden,    Maupin Taylor, PA,    P. O. Drawer 19764,    Raleigh, NC 27619-9764
 ofc         +Stanley H Van Etten,    7924 Lake Drive,    Raleigh, NC 27613-4463
 intp        +Wood & Francis, PLLC,    PO Box 164,    Raleigh, NC 27602-0164

The following entities were served by electronic transmission.
NONE.                                                                                                TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Oct 21, 2004**                    Signature: _Joseph Speetjens_