```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF NORTH CAROLINA


IN RE:                            . Case No. 98-02675-5-ATS
                                  . Adv. No.
                                  .
INTERNATIONAL HERITAGE,           . U.S. Courthouse & P.O. Building
                                  . 300 Fayetteville Street Mall
INC.                              . Room 208
            Debtor.               . Raleigh, North Carolina 27602
                                  .
                                  . October 14, 2004
. . . . . . . . . . . . . . . . . . 9:30 a.m.

                       TRANSCRIPT OF MOTIONS
                 BEFORE HONORABLE A. THOMAS SMALL
                   UNITED STATES BANKRUPTCY JUDGE
APPEARANCES:

For the Debtor:              Gardner, Aldrich & Murphy
                             By: TERRY GARDNER, ESQ.
                             1130 Fort Worth Club Tower
                             777 Taylor Street
                             Fort Worth, Texas 76102

For the Trustee:             HOLMES P. HARDEN, ESQ.
                             Highwoods Tower One
                             Ste. 500
                             Raleigh, NC 27604

For Brent Wood:              Shanahan Law Group
                             By:  REEF C. IVEY, II,
                             207 Fayetteville Street Mall
                             Raleigh, NC 27601

For Wood & Francis:          BRENT WOOD, ESQ.
                             Cary, NC.

For Scott Wilkinson:         NEAL FOWLER, ESQ.
                             U.S. Government

Audio Operator:              Allyson McNeill

Proceedings recorded by electronic sound recording, transcript
              Produced by transcription service
```
_____

**J&J COURT TRANSCRIBERS, INC.**
268 Evergreen Avenue
Hamilton, New Jersey 08619
E-mail:  jjcourt@optonline.net
(609) 586-2311    Fax No. (609) 587-3599

```
APPEARANCES: (CONT'D)

For Anthony Flanagan:        Harris & Flanagan
                             By:  NELSON HARRIS, ESQ.
                             7200 Stonehenge Drive, Ste. 311
                             Raleigh, NC 27622

                             STANLEY H. VAN ETTEN
                             7949 Bridgestone Drive
                             Orlando, FL 32835
                                  - - -
```

1          THE CLERK:  Motion to Continue; Motion for Show Cause
2   Order; Motion to Dismiss and Response to Motion to Dismiss in
3   the case of International Heritage, Incorporated.  The Trustee
4   is Holmes P. Harden.  Attorney for Debtor is Terry Gardner.
5   There is no attorney listed for Stanley Van Etten.  The
6   attorney for Brent Wood is Reef Ivey.  The attorney for Wood &
7   Francis is Brent Wood.  The attorney for Scott Wilkinson is
8   Neal Fowler.
9          MR. FOWLER:  Good morning, Your Honor.
10         THE COURT:  All right, Mr. Fowler, you've got a
11  motion to continue.  You also filed a motion to dismiss, I
12  believe.
13         MR. FOWLER:  Yes, Your Honor.  And first I'd like to
14  apologize.  We misstated in our motion regarding Ms. Terry
15  Gardner's position, her position why she is not involved, and
16  she took no position.  And in my communication with my staff --
17  I was out of town last week -- that was not communicated
18  accurately.
19         THE COURT:  Okay.  Now, do you want to pursue your
20  motion to dismiss at this time, or do you want me to hear the
21  motion to continue?
22         MR. FOWLER:  Your Honor, it may be helpful to treat
23  this as a status conference.  We believe there's no merit at
24  all to the motion.  There's no jurisdiction, it's not proper
25  procedurally and there's no substance.

1       At the time we were filing the motion to continue
2  last week I didn't have a chance to even review this 21 page
3  document.  If the Court wants the key argument on the motion to
4  dismiss on the procedural grounds rule, we're open to do that.
5  But, we do oppose even an evidentiary presentation in part
6  because, Your Honor, we see this as basically an attempt
7  possibly to interfere with a criminal prosecution either a
8  fishing expedition into matters that are in that forum.  We
9  don't believe they should be even here in this Bankruptcy
10 Court, it interferes with that, unless and until the Court
11 determines it has jurisdiction and this is the proper
12 procedural method for Mr. Van Etten to pursue his claims, et
13 cetera.
14      That wasn't a straight answer, Your Honor.  We would
15 like it to either be treated as a status conference or here a
16 motion to dismiss or continue; one of the three.
17      THE COURT:  Okay, Mr. Wood, what's your commentary?
18      MR. WOOD:  Your Honor, we would like to at least
19 proceed forward with the motion to dismiss, with all due
20 respect to the position of Mr. Wilkinson's counsel, so that at
21 least that part of it is resolved at this point, and hopefully
22 that resolves the whole matter.
23      THE COURT:  Okay.  Mr. Harris?
24      MR. HARRIS:  Yes, Your Honor.  Your Honor, I'm here
25 as counsel for Anthony Flanagan.  Mr. Van Etten attempted to

5

1  subpoena him to appear and testify today.  Your Honor, it's our
2  position that the attempted service of the subpoena was not
3  good.  And Mr. Flanagan is not going to appear today because he
4  was not properly served as he required of Mr. Van Etten some
5  weeks ago.
6              I just wanted to announce to the Court my appearance
7  on behalf of Mr. Flanagan that I'll be available if there are
8  any issues that are -- that arise with respect to his potential
9  testimony.  But, I hope that you will allow me to go now
10 because I have a hearing at two o'clock.
11             THE COURT:  Okay, you're excused.
12             MR. HARRIS:  Thank you, Your Honor.
13             THE COURT:  All right, Mr. Van Etten, what's your
14 position on the motion to continue here, are you opposing that?
15             MR. VAN ETTEN:  Your Honor, I apologize.  I wear
16 hearing aids and it's a little difficult for me to hear.
17             THE COURT:  Okay.  You're opposing the motion to
18 continue, I take it, is that right?
19             MR. VAN ETTEN:  I'm here for -- to proceed with the
20 motion to show cause and to respond in opposition to the
21 motions to dismiss.
22             THE COURT:  Okay.  Let's go ahead with the motion to
23 dismiss if you're ready to do that, Mr. Fowler.
24             MR. FOWLER:  I'm here on that basis, Your Honor.
25             THE COURT:  Okay.  All right, Mr. Wood?
26             MR. WOOD:  Thank you, Your Honor.  I am here today --
27 as you know I've entered an appearance on behalf of myself

1  individually, as well as on behalf of Wood and Francis, a
2  former law firm that Charles Francis and I -- Mr. Francis is
3  here, as well.  Reef Ivey, I have retained, also represent me,
4  individually to the extent that I don't say something right and
5  he can correct me.
6         But, essentially, Your Honor, I've had -- factually I
7  probably have more knowledge of this than maybe anyone in this
8  courtroom, other than Mr. Van Etten.  But, despite that factual
9  background I fail to fully understand the scope of exactly what
10 Mr. Van Etten is asking for in this situation.
11        It would appear from his pleading that he is asking
12 this Court to overrule a settlement that has been reached
13 between Wood and Francis and the trustee or International
14 Heritage with regard to some preference claims that were
15 alleged, never turned into an adversary proceeding but
16 ultimately settled between Wood and Francis and International
17 Heritage.
18        And in addition, Mr. Van Etten appears to be stating
19 that this Bankruptcy Court should review matters relating to
20 the turnover of non-privileged and privileged documents in the
21 criminal case that is pending against Mr. Van Etten.
22        I have reviewed the orders that Mr. Van Etten claims
23 were violated and I cannot see where there has been any
24 violation of them.  I don't see that there is some order that
25 says, essentially, that Wood and Francis or Brent Wood needs to

1  -- must do something, otherwise they're going to be held in
2  violation of those orders.
3              Those orders were, as I recall, related to whether or
4  not the trustee could waive the attorney/client privilege, and
5  the Court ultimately determined that the trustee could.  The
6  trustee is not here today to complain about what has or has not
7  been turned over to the trustee.  The United States, who is
8  criminally prosecuting Mr. Van Etten is not here today claiming
9  that some non-privileged document that was supposed to be
10 turned over was turned over.
11             So, I can't -- in sum and substance I cannot see how
12 the -- essentially what Mr. Van Etten is asking for is going to
13 be of any benefit to the bankruptcy estate, and along those
14 same lines, how the Bankruptcy Court, with all due respect,
15 would have jurisdiction over the relief that Mr. Van Etten was
16 asking for -- is asking for, that is even assuming that what
17 Mr. Van Etten is saying is true, which is disputed, and for
18 purposes I'll just state that for the record.
19             THE COURT:  So, basically, your argument is that my
20 order didn't direct you to do anything?  All it did was to say
21 that the trustee could not waive the -- or could waive the
22 corporate privilege, couldn't waive his personal privilege and
23 really didn't relate to -- didn't direct you to do anything.
24 And, furthermore, your argument is that the Court does not have
25 jurisdiction over you, you're a third party not affected by the

1  bankruptcy?

2          MR. WOOD:  That is correct.

3          THE COURT:  Is that essentially --

4          MR. WOOD:  That's the sum and substance.  Thank you
5  for doing a better job than me, Your Honor.

6          THE COURT:  Okay.  Mr. Fowler?

7          MR. FOWLER:  We have similar arguments and some
8  additional arguments, Your Honor.  First, I'd like to say that
9  the 21 pages that we reviewed seems to be completely without
10 merit and that Mr. Van Etten is proceeding in this matter pro
11 se even though he has criminal counsel and I believe he has
12 formerly had other counsel.  Obviously, that means there's not
13 any exposure of Rule 11 sanctions against someone else only Mr.
14 Van Etten.

15         We believe that this filing is to disrupt and
16 possibly do a fishing expedition relating to the criminal
17 prosecution.  It has nothing to do with the Chapter 7
18 bankruptcy case of IHI.  The trustee has taken no position, the
19 trustee is the train engineer, so-to-speak, of this bankruptcy
20 case and he would be the one to -- with cause to complain here.
21 Mr. Van Etten is a non-debtor.  Mr. Wilkinson, the former
22 criminal prosecutor here, is a non-party.  There is no
23 jurisdictional basis whatsoever that we have seen.  It is
24 obviously the burden of Mr. Van Etten to establish that he has
25 standing, that this Bankruptcy Court has jurisdiction to review

1  grand jury matters, to review production of documents and
2  retention of documents in a criminal investigation.  All of
3  those issues are typically handled outside bankruptcy,
4  obviously, and it has nothing to do with the bankruptcy case of
5  IHI.
6        It is really baffling, Your Honor, in looking at this
7  from a bankruptcy perspective, to understand why this is filed
8  in this court.  So first and foremost there is no subject
9  matter jurisdiction, there is no personal jurisdiction in this
10 case.  It's procedurally improper completely.  For an order to
11 show cause or proceeding regarding that, there would need to be
12 -- obviously the trustee would be the one typically who would
13 be filing that, there would need to be violation of specific
14 orders.  And I'll just segue into the substance.  There has not
15 been an identification of specific orders that have been
16 violated by Mr. Wilkinson because he has not violated any
17 orders, and that would be the only basis for sanctions in this
18 case.
19       We said this was in the guise of seeking sanctions,
20 what he was really seeking is damages, personal damages against
21 Mr. Wilkinson and others which cannot be done in this
22 bankruptcy case.  He's a non party.  He's also protected, Your
23 Honor, because he's a federal official, former federal
24 official.  You can't sue someone in a bankruptcy matter, that
25 can only be done in district court, and I won't go into all

10

1  that long legal argument, but the bottom line is, it can't be
2  done through this type of proceeding.  You also can't get
3  protective orders related to grand jury materials and the
4  actions before a grand jury and documents produced there before
5  the bankruptcy court.  And obviously, the Court is very aware
6  of that and I don't want to beat that dead horse.
7          I apologize for my late filing on my motion to
8  dismiss, Your Honor.  I did electronically file that yesterday
9  and obviously e-mailed it to Mr. Van Etten who I hope received
10 that and provided it by fax to opposing counsel.  That sets out
11 the basic argument and I won't repeat all of that.  But the
12 bottom line is jurisdictionally there's no basis, procedurally
13 this is completely improper, essentially there's no basis.  So
14 we do believe there's strong grounds for dismissal here and
15 sanction against Mr. Van Etten for filing a meritless motion
16 here, Your Honor.  I mean it's just completely -- and I said
17 baffling earlier, baffling why he would try to do this in the
18 bankruptcy.  Thank you, Your Honor.
19          THE COURT:  All right.  Mr. Van Etten.
20          MR. VAN ETTEN:  Thank you, Your Honor.  The attorneys
21 in opposition are obviously very skilled and very experienced
22 and I'd like to simplify things considerably.
23          THE COURT:  I want to make sure though we're dealing
24 with the motion to dismiss.
25          MR. VAN ETTEN:  Motion to dismiss.  I will.

11

1    THE COURT:  Okay.

2    MR. VAN ETTEN:  On the motion to dismiss, Your Honor,
3 the issue before the Court for a motion to dismiss is, we're
4 really trying to determine if a party has committed civil
5 contempt involves essentially a consideration of whether they
6 knew about the order and whether they complied with the order.
7 And in the motion to dismiss, both parties -- and I'm being
8 asked to respond to procedural defenses in the motion to
9 dismiss, but from two different perspectives.  So if I can try
10 and simplify my response and opposition to both parties as
11 follows.  Van Etten is a party in interest; (1) as an officer
12 of the debtors, (2) the trustee is not here today because the
13 trustee prospectively is a witness and a party to the issues
14 and facts and circumstances giving rise to the parties in
15 contempt and the contempt itself, (3) I'm a party in interest,
16 as an individual, as an individual and as a creditor.  There
17 are numerous compromised and settlements within the core
18 proceedings of this bankruptcy that involve Van Etten
19 individually and as a creditor, that speak directly to the
20 matter in issue for which this show cause hearing has been
21 filed at my request which is, privileges and rights with
22 respect to the trustee's motion to waive debtor's privileges at
23 the request of former AUSA Scott Wilkinson, and in the
24 compromise and settlements with Van Etten individually and as a
25 creditor.  The privileges as to Van Etten were specifically

12

1  written into the settlements as being protected.
2         Additionally, the Court's orders, the Court's orders
3  of June the 7th, 2000, which I can hand up, Exhibit 1, the
4  Court's orders of June 28th, Exhibit 2 in my motion, and the
5  de novo review in the district court, July 14th order by
6  District Court Judge Britt affirming the Bankruptcy Court's
7  orders and denying stays pending his appeal, are final orders.
8         I move the Court in the motion to show cause under
9  Bankruptcy Rule 9022 and 9033 because the Court's orders are
10 final orders and they've already been subject to a de novo
11 review by the district court.  I'm not an attorney and I'm
12 doing the best I can to read the procedural issues and respond
13 to the motion to dismiss, and in doing so, I would first say
14 that I served the parties, former AUSA, the Office of the U.S.
15 Attorney, Mr. Wood and Wood and Francis on September the 17th.
16 I served them all again on 9/28.  Mr. Wood and Wood and Francis
17 responded timely with the motion to dismiss.  The time for
18 which the government U.S. Attorney's Office and former AUSA
19 Wilkinson responded is well beyond the procedural time period
20 allowed for a response motion to dismiss, in my opinion.
21        I believe that under 9022 and 9033 and the fact that
22 the orders are final, they've already been subject to de novo
23 review.  The question really is, did the parties know about the
24 orders and did in fact the parties comply with the order?  That
25 is the only issue I'm bringing before the Court.  And I'm

1  prepared to offer up clear and compelling evidence for each of
2  the three orders related to each of the parties, from each of
3  the standings that I represented to the Court that show that
4  they were aware of the orders, and that they willfully and
5  constructively violated the orders.
6           Now, with respect to Mr. Wood individually, I've
7  already submitted a response in opposition to Mr. Wood and Wood
8  and Francis' motion to dismiss, and I would ask the Court to
9  take that into consideration. I have argued for the lack of
10 jurisdiction over the person. I believe that I have carried
11 the burden there. I've argued in lack of jurisdiction over the
12 subject matter. I've argued insufficiency of process and
13 insufficiency of service of process. I've argued in defense of
14 the failure to state a claim, and against Mr. Wood, Wood and
15 Francis' request to convert this to an adversary proceeding and
16 conduct discovery.
17          With respect to the government, less than two hours
18 of court time the government has filed a motion to dismiss at
19 3:15 yesterday afternoon. And by 9:30 this morning, I'm a
20 pro se party and I'm doing the very best that I can to respond
21 in opposition. My initial response would be that the
22 government through former AUSA Scott Wilkinson elected at its
23 own, voluntarily elected to pursue the waiver of the privilege
24 and to seek criminal discovery through civil discovery
25 procedures not available to them in district court. They made

14

1 that election.  They carefully considered whether or not to
2 file a motion within district court to pursue the waiver of the
3 privileges under a crime fraud exception.  It was argued in
4 this court before Your Honor on May 31st, 2000.  The
5 government, I would argue, elected on its own to pursue civil
6 discovery remedies making available to them discovery and
7 discovery procedural issues under Weintraub in bankruptcy that
8 would not have been available to them in district court.  That
9 was first strategic advantage.
10         The issues that they moved the Court through Trustee
11 Holmes Harden are in fact one and the same, it's not different
12 subject matter.  The U.S. Attorney filed a claim, a proof of
13 claim, for which the claims arose from the exact same subject
14 matter that was existing and being investigated criminally in
15 district court.  So, the subject matter is one and the same.
16 The claims filed by the U.S. Attorney arose from the same
17 subject matter.  The matter and issue for the motion to show
18 cause and the matter and issues resolved by the Court's orders
19 and compromising settlements within the Court proceedings
20 herein are all one and the same.  And that fact is not in
21 dispute.
22         What the parties are trying to procedurally defend
23 the action, and in my opinion mislead the Court, is there is no
24 longer a dispute that virtually all of the privileged documents
25 that this Court spent more than six months hearing arguments

15

1 between the parties contesting, carefully listening to each
2 individual party's objections and considerations; the moving
3 parties.
4     The June 7th order carefully spelled out what the
5 trustee could do and not do with asserted privileges and to
6 waive privileges in the compromising settlement.  On June the
7 28th the Court again reaffirmed what the trustee could and
8 could not do with respect to the administration of the
9 privileges, both asserting and waiving, and further compelled
10 Wood and Francis as custodian of records to immediately return
11 non-privileged documents to the trustee for the benefit of
12 pursuing avoidable transfer claims, which never happened.
13     The record is not in dispute that not a single
14 non-privileged document from the custodian of records, Wood and
15 Francis, was ever transmitted to the trustee after any one of
16 the three Courts' orders.  What's also not in dispute, over in
17 district court the U.S. Attorney's Office stood up and said,
18 "Your Honor, we have all 30,000 of those pages that Mr. Van
19 Etten has been arguing about as privileged for the last year
20 and a half.  We still want to reserve the right to argue about
21 privilege, but all of the documents on the June 18th, 2000
22 privilege list -- July 18th privilege list are in our
23 possession."  Well, I have to first defeat the procedural
24 defenses.  And I would also argue there are no factual defenses
25 to the motion to show cause itself.

1              So, in summarizing and closing out, the parties have
2    voluntarily consented to the contested subject matter for which
3    the orders giving rise and controlling the show cause motion
4    that I filed, everybody elected and joined in.  They conceded
5    to the jurisdiction and authority of the Court.  They filed
6    claims.  It was compromised and settled within this Court.  The
7    trustee clearly without any dispute has the authority to assert
8    and/or waive privileges.  It is not with the U.S. Attorney's
9    Office, it is not with the former custodian of records.  And
10   I'm only asking the Court to take into consideration for the
11   motion to dismiss, the parties elected to join here, they have
12   argued contentiously for a long period of time.  And really the
13   Court only needs to decide is, were they aware of the order and
14   did they comply with the order?
15             And I have submitted a written response to Wood and
16   Francis and Brent Wood.  I would ask that the Court incorporate
17   that response, along with my motion to show cause in response
18   in opposition to the U.S. Attorney's last night filing.
19             THE COURT:  Okay.  All of the documents you want me
20   to consider were attached to your motion?
21             MR. VAN ETTEN:  I'm sorry, I can't hear you.
22             THE COURT:  All of the documents you want me to
23   consider were attached to your motion, is that right?
24             MR. VAN ETTEN:  Were not?
25             THE COURT:  Were.

1          MR. VAN ETTEN:  Yes, they were.  Yes, they were.
2          THE COURT:  Thank you.  All right, Mr. Fowler or --
3 Mr. Wood.
4          MR. WOOD:  Your Honor, in spite of everything he said
5 our position hasn't changed.  I still can't seem to understand
6 what part of these orders were allegedly violated and how the
7 Bankruptcy Court has any jurisdiction over this matter.  From
8 what he's saying it clearly appears to be -- even if what he's
9 saying is true, it belongs in district court in the criminal
10 case.
11         So, that being said, Your Honor, thank you for your
12 time.
13         MR. FOWLER:  The United States involvement in the
14 prior bankruptcy case does not provide jurisdiction over Mr.
15 Wilkinson, individually.  Does not provide jurisdictional basis
16 for the protective order or the damages sought against Mr.
17 Wilkinson, as well as other defendants here, or other targets
18 here.  They're not defendants, they're not parties to this
19 litigation, Your Honor.
20         Obviously, the jurisdiction of every federal court is
21 limited, unlike states' matters there has to be a specific
22 basis of jurisdiction and there's not one for the relief sought
23 by Mr. Van Etten in this case.  And there's no jurisdiction
24 over Mr. Wilkinson who has not participated individually in any
25 way in this matter.  U.S.A. obviously is not Mr. Wilkinson.

1  This is not a proper procedural vehicle.  I won't hammer that
2  again, but we set it out briefly in our response.  And I still
3  haven't heard anything substantive that Mr. Wilkinson did or
4  did not do that was in violation of a specific order of this
5  court, or of any other court.
6          Obviously, sanctions are a serious matter in
7  violation of a court order.  And vague statements and 21 pages
8  of rambling doesn't establish violations of any order, Your
9  Honor.  We see this whole thing as an attempt to disrupt the
10 criminal matter.  And so, it should either -- in our view
11 either be dismissed based on lack of jurisdiction and improper
12 procedural basis, or there should be a hearing where we can tee
13 it up properly and have it dismissed at another appropriate
14 time, Your Honor.  Thank you.
15          THE COURT:  Okay. All right.  Any final words, Mr.
16 Van Etten?
17          MR. VAN ETTEN:  Yes, Your Honor.  Since the district
18 court retains the power of de novo review of the Bankruptcy
19 Court's findings of fact or conclusions of law in civil
20 contempt proceedings, the delegation of a civil contempt power
21 to the bankruptcy court does not offend the district court's
22 authority, or jurisdiction or the Constitution.
23          Bankruptcy Rule 9033 for which I move the Court, the
24 parties have an opportunity to file objections to the
25 bankruptcy court's determination and that again can be subject

19

1  to a de novo review by the district court.
2          The orders before the Court that give rise to this
3  show cause motion were contested herein by all the parties.
4  They were compromised and settled by this Court and this
5  Court's jurisdiction and authority.  To extract the
6  jurisdiction and authority from this Court the origination of
7  all the facts and circumstances, the complete record for which
8  these matters -- the same subject matter was resolved and
9  compromised herein, to move it to the district court who has no
10 complete record, none of the facts and circumstances, other
11 than the district court will solely rely upon the Court's
12 orders under Exhibit 1, 2 and 3.  And I think that that is not
13 appropriate.
14         Your Honor heard the issues and facts and issued
15 orders from this Court, it's already subject to de novo review.
16 Bankruptcy Rule 9033 for which I move the Court, allows this
17 Court with this authority and jurisdiction to hear the motion
18 to show cause, make an opinion, issue an order, findings of
19 facts and if the parties are found to be in civil contempt,
20 they in fact have a right to object and take it up to the
21 district court for de novo review.  And, in fact, that will
22 preserve their rights.  This is the proper jurisdiction and
23 authority for this issue.
24         THE COURT: Okay.  Thank you.  I'll give you a prompt
25 ruling on this.  It may not be tomorrow, but it will be early

```
                                                              20
1  next week at the latest.  Thank you.
2            MR. VAN ETTEN:  Thank you, Your Honor.
3                        * * * * *
```

## **C E R T I F I C A T I O N**

I, Johanna LiMato, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter to the best of my ability

/s/ Johanna LiMato                    Date:  January 18, 2005
JOHANNA LiMATO
J&J COURT TRANSCRIBERS, INC.

**J&J COURT TRANSCRIBERS, INC.**