# WOOD & FRANCIS, PLLC
### ATTORNEYS & COUNSELORS AT LAW

JOHN S. AUSTIN
JULIE L. BELL
R. GENE DAVIS, JR.
ANTHONY E. FLANAGAN
CHARLES T. FRANCIS
BRENT E. WOOD

———————

OF COUNSEL

ALAN D. WOODLIEF, JR.

**MAILING ADDRESS:**
POST OFFICE BOX 164
RALEIGH, NORTH CAROLINA 27602

TWO HANNOVER SQUARE
434 FAYETTEVILLE STREET MALL
SUITE 2300
RALEIGH, NORTH CAROLINA 27601

TELEPHONE (919) 828-0801
TELECOPY (919) 828-0804

July 20, 2000

 EXHIBIT

**VIA HAND DELIVERY**

Mr. Scott Wilkinson, Asst. US Attorney
Eastern District of North Carolina
Federal Building
310 New Bern Ave.
Raleigh, North Carolina  27601

Re:    Production of Privileged List for IHI related materials

Dear Mr. Wilkinson:

As you will recall, you have had occasion to serve a subpoena on the Bankruptcy Trustee for production of certain documents related to International Heritage, Incorporated and International Heritage, Inc. (collectively hereinafter "IHI"). In March of this year, this law firm, though not subject to the subpoena, voluntarily produced to you 176,000 pages of non-privileged material in an effort to cooperate with your on-going investigation. From that time, we notified you that we retained in our possession what we thought to be over 30,000 pages of documents as privileged material and produced to you a substantial list of those privileged documents. Shortly thereafter, in a letter dated May 9, 2000, you requested that we substantially revise that privilege list as it did not comport with the requirements of your <u>GRAND JURY SUBPOENA DUCES TECUM, HOLMES P. HARDIN, TRUSTEE IN BANKRUPTCY FOR INTERNATIONAL HERITAGE, INC. AND INTERNATIONAL HERITAGE, INCORPORATED</u>. In a response letter dated May 16, 2000, I noted to you that we would work with you in order to bring the list into compliance as much as possible. At that time, I delivered to you an attorney list for attorneys referenced in the privileged list to assist in your review of the privileged list.

Since that time, we have continued reviewing the privileged documents and are producing under cover of this letter a second and more extensive privileged list for your review. This list contains a reference to each and every item we believe to be privileged within the body of documents held by this firm. For your information, while we earlier estimated that the number of pages of documents to be approximately 30,000, it turned out that the total count was in excess of 66,000 pages. Further, we have, upon closer review, determined that a number of those pages are in fact non-privileged in nature. These non-privileged documents will be produced to you on a voluntary basis shortly. We would ask for your continued patience in this matter as the review

Mr. Scott Wilkinson
July 20, 2000
Page 2

of the privileged material and now further review of non-privileged material for verification have and continue to be a substantial project.

Please note that the attached privileged list has been forwarded to Holmes Hardin in accordance with Judge Small's Order that we identify all documents thought to be privileged by July 18, 2000. We hope that you will find this new privileged list helpful and satisfactory to the requirements set forth in your subpoena. If you should have any questions regarding this matter, or any requests, please do not hesitate to contact me at your earliest convenience. With kindest regards, I am

Sincerely yours,

Anthony E. Flanagan

AEF\jjh
Enclosure

cc:    Wade M. Smith, Esq.  (w/o enclosure)
       Melissa H. Hill, Esq.          "
       Brent E. Wood, Esq.            "

f:\wp\let\aef\vanetten.wilkinson.scott}0

| Bates No. | Date | Type | From | To | Description | Attorney | Priv. | Re | Obj. | |
|---|---|---|---|---|---|---|---|---|---|---|
| I001P-0002 | 11/29/95 | n/a | memo | Georgina Mollick | Janet Quick | n/a | | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0003 | 5/1/95 | n/a | e-mail | George Ragsdale | Georgina Mollick | n/a | regarding IHI as new client | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0004 | 4/28/95 | n/a | e-mail | Georgina Mollick | Raleigh Attorneys at Ragsdale, Liggett, and Foley | n/a | regarding Claude Savage and Larry Smith forming new company (IHI); new client | Wood & Francis | Yes | Claude Savage, Larry Smith | No | n/a |
| I001P-0005 | 10/26/95 | n/a | memo | Georgina Mollick | Claude Savage, Larry Smith, Stan Van Etten, Brent Wood | n/a | regarding additional comments to Stan Van Etten's employment agreement with IHI | Wood & Francis | Yes | IHI, Claude Savage, Larry Smith, Stan Van Etten | No | n/a |
| I001P-0006 / I001P-0007 | 10/5/95 | n/a | fax | Georgina Mollick | Gary Johnson, IHI employee | n/a | regarding financials of IHI for dissenting shareholder package | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0008 / I001P-0009 | 10/5/95 | n/a | memo | Georgina Mollick | IHI file | n/a | regarding payment to only rescinding shareholder | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0010 / I001P-0011 | 10/3/95 | n/a | fax | Georgina Mollick | Gary Johnson | n/a | fax cover sheet regarding preparation of a check (fax not attached) | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0012 | 9/6/95 | n/a | memo | Georgina Mollick | Stan Van Etten | Dwight Hallman, Gary Johnson, John Brothers, Sheila Stansell | regarding placing the date of publication on all company correspondence, documentation and forms | Wood & Francis | Yes | IHI | No | n/a |
| I001P-0013 | 9/19/95 | n/a | memo | Georgina Mollick | IHI file | n/a | regarding shareholder Jack Weatherly | Francis | Yes | IHI | No | nf |

| | | | | | SEC & bankruptcy petition | | |
|---|---|---|---|---|---|---|---|---|
| I151P-0356 | 11/20/98 | N/A | Document | Georgina Mollick | IHI | N/A | Invoice for services rendered during November | Wood & Francis | Yes | IHI | Yes |
| I151P-0360 | 11/20/98 | N/A | Document | Anna Washburn | Brent Wood and Angie Cox | N/A | Fax re letter from Terry Garnet to Stan Van Etten re engagement of Smith Debnam | Wood & Francis | Yes | IHI | Yes |
| I151P-0366 | 11/20/98 | N/A | Fax | Wood & Francis | N/A | N/A | Trust account disbursements for IHI in | Wood & Francis | Yes | IHI, Stan Van Etten | Yes |
| I151P-0367 | 11/23/98 | N/A | Document | Francis | N/A | N/A | Wood & Francis trust account | Wood & Francis | Yes | IHI | N/A | IHI Bankruptcy |
| I151P-0368 | 11/23/98 | N/A | Anna Washburn | Brent Wood | N/A | | | Francis | Wood & | Yes | IHI | N/A | N/A |
| I151P-0370 | 11/23/98 | N/A | Fax | | | | Fax re check disbursements that day | Francis | Wood & | Yes | IHI | N/A | N/A |

# United States District Court

_____Eastern_____  DISTRICT OF  _____North Carolina_____

.O: Custodian of Records
     Wood & Francis, PLLC
     Two Hannover Square
     434 Fayetteville Street Mall
     Suite 2300
     Raleigh, North Carolina  27601

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

SUBPOENA FOR:

[X] PERSON     [X] DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|-------|-----------|
| Terry Sanford Federal Building<br>U.S. Courthouse<br>310 New Bern Avenue<br>Raleigh, North Carolina | Grand Jury Room - # 628<br>Sixth Floor<br>**DATE AND TIME**<br>August 15, 2000<br>9:00 a.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attachments  I,  II  and  III.

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|-------|------|
| DAVID W. DANIEL, CLERK | July 27, 2000 |

(BY) DEPUTY CLERK

This subpoena is issued on application
··· the United States of America

USAO No. 98-R-00015

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY

SCOTT L. WILKINSON
310 New Bern Avenue
Suite 800, Terry Sanford Federal Bldg.
Raleigh, N.C.  27601-1461
(919) 856-4099

*If not applicable, enter "none"

## ATTACHMENT I

1.    Any and all files, correspondence, notes, internal memorandum, telephone memorandum, billing statements, payment records or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present partner, shareholder, associate or employee, which, in any way, relate to:

<div align="center">

**International Heritage, Inc.**
**and/or**
**International Heritage Incorporated**

</div>

its predecessor, successor or affiliated entities, or any owner, partner, shareholder, officer, director, agent or employee thereof, whether individually or operating or doing business under the name of or in connection with any other person, entity, partnership or joint venture, **for the period of April 1, 1995 through and including November 25, 1998.**

2.    The names and present/last known addresses and telephone numbers of all former or present partners, associates, employees or agents who were, in any way, involved in or otherwise participated in the provision of legal or other services, directly or indirectly, to or for the benefit of **International Heritage, Inc. and/or International Heritage Incorporated**, its predecessor, successor or affiliated entities, or any owner, partner, shareholder, officer, director, agent or employee thereof, during the time period set forth in Paragraph 1 above.

## ATTACHMENT II

1.   **ALL DOCUMENTS AND RECORDS PRODUCED, WHETHER ON PAPER, FILM, COMPUTER OR OTHER ELECTRONIC MEDIUM, SHALL BE ORIGINALS.**

If the originals have been destroyed, the best available copies shall be produced.

2.   All responsive documents and records shall be produced in their original condition and shall not be altered in any manner. For example, documents and records shall be produced in the order they are found; if a document is stapled or paper-clipped, it shall be produced in this form.

3.   All file folders, labels and envelopes which are associated with subpoenaed documents and records shall also be produced in their original condition and order.  In other words, where the subpoena calls for a certain class of documents or records, the same shall be produced along with the file folders, file indexes, etc. by which the documents and records are filed and/or organized.

**ATTACHMENT III**

<u>NON-PRODUCTION OF REQUESTED DOCUMENTS</u>

If any document or record responsive to the attached grand jury subpoena is not produced at the time and date specified, <u>for any reason</u>, whether based on a constitutional, statutory or common-law privilege or otherwise, the subpoenaed party shall provide, at the time and date specified in the grand jury subpoena:

    (1)   a list of all document(s) or record(s) not produced;

    (2)   a general description of the document(s) or record(s) and their present location;

    (3)   the approximate date of such document(s) or record(s); and

    (4)   a general statement of the basis for non-production of the document(s) or record(s).

Further, if any document or record otherwise responsive to the subpoena is withheld under a claim of **attorney-client privilege or work-product privilege**, the subpoenaed party shall, in addition to the information requested above:

    (1)   provide the name/address of the attorney and the client;

    (2)   identify all persons or entities shown on the document(s) or record(s), or otherwise, to have received or sent the document(s) or record(s);

    (3)   identify all persons or entities known to the subpoenaed party or who, through the exercise of due diligence, may become known to the same, to have been furnished with the document(s) or record(s), or a copy thereof, or informed of their substance or contents; and

    (4)   if the document(s) or record(s) are withheld under a claim of work-product privilege, provide a general statement of the nature of the litigation or controversy for or in anticipation of which the document(s) or record(s) were prepared.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:00-M-342

FILED

AUG 16 2000

DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLERK

IN RE:                                   :
                                         :
GRAND JURY SUBPOENA <u>DUCES</u>         :
<u>TECUM</u>, DATED AUGUST 15, 2000      :        <u>UNDER SEAL</u>
(CUSTODIAN OF RECORDS, WOOD &            :
FRANCIS, PLLC)                           :
                                         :

## MOTION TO QUASH AND/OR MODIFY
## GRAND JURY SUBPOENA

**COMES NOW** Custodian of Records, Wood & Francis, PLLC, by and through its

undersigned counsel, and hereby moves the Court for an Order Quashing and/or Modifying the

above-referenced Grand Jury Subpoena, and in support of same, states as follows:

1.      On or about July 27, 2000, Assistant United States Attorney Scott L. Wilkinson

caused a Grand Jury Subpoena to be issued, addressed to "Custodian of Records, Wood &

Francis, PLLC," which, in essence, calls for the production of all files, correspondence, notes,

internal memoranda, etc. regarding International Heritage, Inc. and/or International Heritage,

Incorporated during the time period April 1, 1995 through November 25, 1998.  Respondent

has/had an attorney-client relationship with these entities and other related persons.  A copy of

said Subpoena is attached hereto, and incorporated herein by reference, as Exhibit A.

73524.1

*Kieran Shanahan*

2.    Undersigned counsel was first contacted and retained to assist Respondent in complying with the Subpoena on Friday, July 28, 2000 and has worked nearly all day every day since that time to assist in this matter.

3.    The Subpoena has three (3) attachments designated by Roman numeral numbers. Attachment I sets forth the broad-based, all-inclusive request for documents, but also includes a request for information (as opposed to documents) for present and former partners, associates, employees and agents of the law firm, including their addresses and telephone numbers. Attachment II gives specifics regarding the condition the Grand Jury wants the documents produced, such as the production "shall be originals" (*emphasis in original*), produce file folders, etc. Attachment III calls for a Privilege List and sets forth very specific and detailed instructions regarding "non-production of requested documents."

4.    Undersigned counsel on behalf of the subpoenaed law firm, seeks an Order from this Honorable Court quashing and/or modifying the Subpoena for the following reasons:

   A.    Respondent has not had ample time to consider the Subpoena, locate documents which would be responsive to the Subpoena, receive the full benefit of advice of counsel, and otherwise be prepared to respond and comply with the Subpoena. Additionally, Counsel for the case cannot adequately assist Respondent in complying with a Subpoena seeking massive production of documents on little more than two-weeks notice. Moreover, the terms of the Subpoena are oppressive and have/or will require literally hundreds of hours of work and effort on the part of the Respondent to comply.

   B.    Complying with the Subpoena has created a conflict between Respondent and one or more of its existing clients. Complying with the Subpoena as written causes

73524.1                                       2

Respondent to run the significant chance of inadvertently violating an attorney-client privilege and/or an attorney work-product privilege. In this regard, the documents sought include documents which are the subject of litigation in a United States Bankruptcy Court proceeding relative to International Heritage, Inc. and/or International Heritage, Incorporated.

      C.    Finally, and perhaps most importantly, this Subpoena does not just seek production of records, but it seeks testimony and the creation of documents from the Respondent. The Custodian of Records in this case is one of two partners within the Respondent law firm. Counsel for the Government has notified undersigned counsel that this attorney currently is a subject/target of the investigation. Thus, this subject/target objects to the Subpoena and moves that it be quashed and/or modified because compelling his testimony would violate the Custodian's privilege against self-incrimination. Specifically, compelling compliance with Section I. 2 and all of Attachment III would violate the act-of-production doctrine as articulated in the recent United States Supreme Court case of *U.S. v. Hubbell*, 120 Sup. Ct. 2037 (June 5, 2000). This case stands for the proposition, *inter alia,* that the Constitutional privilege against self-incrimination protects a target of a Grand Jury investigation from being compelled to answer questions designed to elicit information about the existence or sources of potentially incriminating evidence. It is specifically noted in the *Hubbell* decision that:

> That Constitutional privilege [*i.e.* against self-incrimination] has the same application to the testimonial aspect of a response to a subpoena seeking discovery of those sources.

      D.    Counsel of Respondent would note that Assistant United States Attorney Scott Wilkinson has been cordial, cooperative and professional. Nonetheless, Respondent feels compelled to bring these objections to the Court's attention for relief. Notwithstanding the

73524.1                               3

forgoing objections, but specifically subject thereto, Respondent law firm has every intention and is desirous of fully cooperating with the Grand Jury, this Court, and its legal and ethical obligations in this matter. In light of these factors, the Custodian of Record will appear at the appointed hour before the Grand Jury and will produce those documents its counsel has time to review and prepare for submission to the Grand Jury. With regard to certain documents previously described to the Government as "IHI privilege documents," undersigned counsel will submit these documents, Under Seal, to the Clerk of Court and respectfully requests that the Clerk be directed to maintain these documents under seal until such time as this Court can enter an Order regarding dissemination of said documents to the Grand Jury, pursuant to its Subpoena.

  **WHEREFORE**, Respondent herein respectfully asks the Court for the reasons stated herein to enter an Order quashing this Subpoena or modifying it so as to address and otherwise protect the interests and concerns as set forth herein.

  Respectfully submitted, this the _16th_ day of August, 2000.

<div align="center">

**THE SANFORD HOLSHOUSER LAW FIRM PLLC**

</div>

By: _Kieran Shanahan_

Kieran J. Shanahan, Esq.
N.C. State Bar Number: 13329
Daniel G. Cahill, Esq.
N.C. State Bar Number: 20887
Post Office Box 2447
Raleigh, North Carolina 27602
Telephone: (919) 755-1800
Fax: (919) 829-0272

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all counsel of record by depositing a copy in the United States mail, postage prepaid, this the ___16th___ day of August, 2000.

Scott L. Wilkinson
Assistant United States Attorney
US Attorneys Office
Eastern District of North Carolina
800 Federal Building
310 New Bern Avenue
Raleigh, North Carolina  27601-1461

Kieran J. Shanahan

73524.1                                        5

## ATTACHMENT I

1.    Any and all files, correspondence, notes, internal memorandum, telephone memorandum, billing statements, payment records or other type record or document, of any description, whether on paper, film, computer diskette or other electronic medium, in your possession or subject to your custody or control, or that of any former or present partner, shareholder, associate or employee, which, in any way, relate to:

<div align="center">

**International Heritage, Inc.**
and/or
**International Heritage Incorporated**

</div>

its predecessor, successor or affiliated entities, or any owner, partner, shareholder, officer, director, agent or employee thereof, whether individually or operating or doing business under the name of or in connection with any other person, entity, partnership or joint venture, **for the period of April 1, 1995 through and including November 25, 1998.**

2.    The names and present/last known addresses and telephone numbers of all former or present partners, associates, employees or agents who were, in any way, involved in or otherwise participated in the provision of legal or other services, directly or indirectly, to or for the benefit of **International Heritage, Inc. and/or International Heritage Incorporated,** its predecessor, successor or affiliated entities, or any owner, partner, shareholder, officer, director, agent or employee thereof, during the time period set forth in Paragraph 1 above.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:00-M-342

**FILED**

AUG 1 6 2000

DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLERK

IN RE:                             :

GRAND JURY SUBPOENA <u>DUCES</u>    :
<u>TECUM</u>, DATED AUGUST 15, 2000    :            **UNDER SEAL**
(CUSTODIAN OF RECORDS, WOOD &    :
FRANCIS, PLLC)                   :
                                  :

## <u>MOTION TO PROCEED</u><br>"UNDER SEAL"

       **COMES NOW** Custodian of Records, Wood & Francis, PLLC, by and through its

undersigned counsel, and hereby requests that the Motion which is being filed to "Quash and/or

Modify Grand Jury Subpoena" be filed with the Clerk of Court Under Seal and that all matters

related to the disposition of said Motion proceed Under Seal, and in support of same, states as

follows:

    1.    The Motion at issue in this matter involves a proceeding before the Grand Jury.

           The matters are sensitive in nature to the parties involved.  The recipient of the

           Subpoena is a respected law firm and complying with the Subpoena involves

           questions of attorney-client privilege and attorney work product.  It is the

           understanding of undersigned counsel that other matters related to subpoenas

           issued by this Grand Jury in this matter are proceeding Under Seal and

73530.1

undersigned counsel believes that due process and the fair administration of justice require that this matter proceed Under Seal as well.

WHEREFORE, the Respondent respectfully requests that this Court Order that all motions, pleadings, responses and orders of this Court regarding this matter, including the contemporaneously filed motion and this motion, **BE SEALED,** pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, except that a copy of this motion and a certified copy of any order issued by this Court be provided to undersigned counsel, and the United States Attorney for the Eastern District of North Carolina.

Respectfully submitted, this the 16th day of August, 2000.

**THE SANFORD HOLSHOUSER LAW FIRM PLLC**

By: _____
Kieran J. Shanahan, Esq.
N.C. State Bar Number: 13329
Daniel G. Cahill, Esq.
N.C. State Bar Number: 20887
Post Office Box 2447
Raleigh, North Carolina 27602
Telephone: (919) 755-1800
Fax: (919) 829-0272

73530.1                                    2

March 13, 2000

**Hand Delivered**

Mr. Scott Wilkinson
Assistant United States Attorney
U. S. Attorney's Office - EDNC
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461

<div style="margin-left: 2em;">

**Re: February 18, 2000 Grand Jury Subpoena to
Stanley Howland Van Etten**

**February 29, 2000 Grand Jury Subpoena to
Custodian of Records, Mayflower Holding, Inc.**

</div>

Dear Scott:

As you know, we represent Stanley Howland Van Etten in connection with the above-referenced subpoenas, which command production of documents before the Grand Jury on March 21, 2000. **Mr. Van Etten is Custodian of Records for Mayflower Holding as well as for International Heritage.** We will advise Mr. Van Etten to assert his Fifth Amendment privilege with regard to the act of producing the documents as required by the subpoenas, under *United States v. Doe et al.*, and with regard to answering questions before the Grand Jury relating to these documents or to other matters relating to the subject matter of the subpoenas. We look forward to talking with you about the possibility of a grant of immunity which would allow us to go forward in these matters.

Mr. Scott Wilkinson
March 13, 2000
Page 2

Thank you.

Very truly yours,

**THARRINGTON SMITH, L.L.P.**

Wade M. Smith

Melissa H. Hill

WMS:MHH:jhe



U.S. Department of Justice

Janice McKenzie Cole

*United States Attorney*
*Eastern District of North Carolina*

310 New Bern Avenue
Suite 800 Federal Building
Raleigh, North Carolina  27601-1461

Telephone 919/856-4530
Criminal FAX 919/856-4487
Civil FAX 919/856-4821

March 20, 2000

Stanley Howland Van Etten
c/o Wade M. Smith
Tharrington Smith, L.L.P.
P.O. Box 1151
Raleigh, N.C.  27602-1151

VIA FACSIMILE AND MAIL
(919) 829-1583

RE:  Grand Jury Subpoena <u>Duces Tecum</u>, Stanley Howland Van
     Etten, dated February 18, 2000

Dear Mr. Smith:

    We have been advised that your client would refuse, on the
basis of his privilege against self-incrimination, to appear before
the Grand Jury on March 21, 2000 in response to the above-
referenced subpoena.

    Under these circumstances, your client's appearance before the
Grand Jury has been continued until an order compelling his
appearance and the production of responsive documents, pursuant to
18 U.S.C. §§ 6002 and 6003, can be obtained.

    Your client should be advised of the provisions of Title 18,
United States Code, Section 1503.  Among other things, that statute
provides for a $250,000.00 fine or imprisonment for not more than
10 years for anyone who intentionally destroys tangible evidence
known to be under subpoena by a federal grand jury.

    If you have any questions or comments regarding this matter,
please contact me.

                              Sincerely,

                              JANICE McKENZIE COLE
                              United States Attorney

                              SCOTT L. WILKINSON
                              Assistant United States Attorney
                              Criminal Division

SLW:mc

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**F I L E D**

JUN 22 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

IN RE:                                     )
                                           )
                                           )    CHAPTER 7
INTERNATIONAL HERITAGE, INC.               )    CASE NO. 98-02675-5-ATS
                                           )
INTERNATIONAL HERITAGE,                    )    CHAPTER 7
INCORPORATED,                              )    CASE NO. 98-02674-5-ATS
                                           )
                    Debtors.               )

## APPLICATION OF TRUSTEE FOR
## AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT

NOW COMES Holmes P. Harden, Trustee for the above-captioned Debtors, and requests an order authorizing him to enter into a Settlement Agreement with Stanley H. Van Etten ("Van Etten"), Mayflower Holdings, Inc., Mayflower Venture Capital, LLC, Mayflower Aviation, LLC, Mayflower Capital, LLC and Mayflower Hunt Club (the "Mayflower Companies") , a copy of which is attached as Exhibit "A" and incorporated herein by reference.  In support of this Application, the Trustee states as follows:

1.     International Heritage, Inc. and International Heritage, Incorporated filed voluntary petitions in bankruptcy on November 25, 1998, and Holmes P. Harden was appointed Chapter 7 Trustee.

2.     On or about March 16, 1998, the Securities and Exchange Commission ("Commission") brought a civil action against the Debtors and others styled *Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage Incorporated, a Nevada corporation,* Civil Action NO. 1-98-CV-0803-RWS ("Civil Action"), in the United States District Court for the Northern District of Georgia.  A payment bond in the penal sum of $5,000,000 ("Bond") issues by ACSTAR Insurance Company and United Coastal Insurance Company (the "Sureties") was posted by Debtors to satisfy any amount that may be ordered paid to the Commission in the Civil Action.  The Sureties required cash collateral in the amount of $3,500,000 to secure the Debtors' indemnification and subrogation obligations.  The $3,500,000 was loaned to the Debtors by Stanley H. Van Etten in exchange for an alleged security interest in the Debtors' property.

3.     The SEC, the Debtors, through the Trustee, and the Sureties have proposed a settlement of the Civil Action whereby $4.1 million will be paid by the Sureties to the SEC, which will turn said funds over to the Trustee, for distribution in these bankruptcy cases (the "SEC Settlement").

4.     Van Etten has objected to the SEC Settlement and asserted rights in the funds which would flow from the SEC to the Trustee for distribution in these bankruptcy cases, to the Bond itself and to the Bond collateral. Van Etten and the Mayflower Companies have also filed various claims in the bankruptcy cases.

5.     The Trustee believes that various claims, including but not limited to preference and fraudulent conveyance actions, exist against Van Etten and the Mayflower Companies.

6.     Pursuant to the Settlement Agreement, Van Etten shall withdraw his objection to the Trustee's Application to enter Stipulation and Consent to Final Judgment of Permanent Injunction with regard to the SEC settlement; however, Van Etten will not withdraw his objection to the Trustee's waiver of the Debtors' attorney-client privilege. Furthermore, Van Etten will not waive his attorney-client privilege, but will waive argument relating to his objection to the Trustee's waiver of the attorney-client privilege.

7.     The Trustee deems it appropriate and consistent with his duties to enter into the Settlement Agreement with Van Etten and the Mayflower Companies, which Settlement Agreement by its terms, inter alia, (a) releases the Debtors from all claims of Van Etten and the Mayflower Companies, provided that Van Etten shall retain the right to assert claims against the insurance proceeds from TIG and Executive Risk and the Trustee will retain the right to object to such claims, (b) avoids costly and complicated litigation concerning Van Etten's alleged rights in the funds flowing to the Trustee from the SEC settlement and Van Etten and the Mayflower Companies' alleged security interests in the Debtors' property, (c) avoids costly avoidance actions against Van Etten and the Mayflower Companies and, (d) paves the way for approval of the SEC Settlement. The Trustee does release Van Etten and the Mayflower Companies from all claims and causes of action through the date of the Settlement Agreement.

8.     The Trustee is authorized to enter into such a Settlement Agreement on behalf of the Debtor corporations with court approval.

9.     Approval to execute the Stipulation and Consent is in the best interest of the Debtors' estates in that it will dispose of significant litigation against the Debtors without undo expense, will result in the reduction of substantial portion of unsecured and alleged secured claims in each of these cases, and will allow approval of the SEC Settlement without the objection of Van Etten, which in turn will result in the unfettered turnover of $4.1 million in funds for the payment of claims in these bankruptcy cases.

10.     This proposed settlement is contingent upon final approval of settlement between Van Etten and the Securities and Exchange Commission, and settlement between the Securities and Exchange Commission, the Debtors, and ACSTAR Insurance Company and United Coastal Insurance Company.

WHEREFORE, the Trustee prays that the Court authorize him to enter into the Settlement Agreement in the form attached hereto as Exhibit A on behalf of the Debtor corporations.

This the 22nd day of June, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

Holmes P. Harden
N.C. Stage Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: 919/981-4000

I:\Client\CHP7TR\InternationalHeritage\settlementagmt.app.wpd

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, Chapter 7 Trustee, do hereby certify that the foregoing **APPLICATION OF TRUSTEE FOR AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT** was served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office, in Raleigh, North Carolina, and by public notice via 888/895-8385 and 919-981-4033 and **www.nceb.uscourts.gov.** And by e-mail on the 25th day of June, 1999.

MAUPIN TAYLOR & ELLIS, P.A.

Holmes P. Harden
N.C. Stage Bar No. 9835
3200 Beechleaf Court, Suite 500
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: 919/981-4000
Facsimile: 919/981-4300

SERVED:

Marjorie K. Lynch
Bankruptcy Administrator
U. S. Bankruptcy Court
1800 Parkwood Boulevard
P. O. Box 3758
Wilson, NC 27895

Henry W. Noziko, Jr.
President
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Henry W. Noziko, Jr.
President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

William P. Hicks
James E. Long
Securities and Exchange Commission
3475 Lenox Road, N.E.
Atlanta, GA 30326

RAL/200981/1                              5

Gerald A. Jeutter
Kilpatrick Stockton, LLP
4101 Lake Boone Trail, Suite 400
P. O. Box 300004
Raleigh, NC 27622


SEE ATTACHED MAIL MATRIX

SEE ATTACHED E-MAIL LIST

WOOD & FRANCIS

☑004

# SETTLEMENT AGREEMENT

This Settlement Agreement entered into this ____ day of June, 1999, by and among Holmes P. Harden, Chapter 7 Trustee of International Heritage, Inc. and International Heritage, Incorporated ("Harden"), Stanley H. Van Etten ("Van Etten"), Mayflower Holdings, Inc., Mayflower Venture Capital, LLC, Mayflower Aviation, LLC, Mayflower Capital, LLC, and Mayflower Hunt Club (the "Mayflower Companies");

Whereas, Van Etten and some of the Mayflower Companies have asserted certain claims in the International Heritage, Inc. and International Heritage, Incorporated bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of North Carolina;

Whereas, Harden believes that certain claims may exist against Van Etten and the Mayflower Companies, including but not limited to avoidance actions;

Whereas, Van Etten and the Mayflower Companies deny that any claims exist against them and for the benefit of Harden;

Whereas, Harden, Van Etten and the Mayflower Companies desire to resolve any and all claims among them, without admitting or denying any liability;

Now therefore, in exchange for valuable consideration, including the mutual covenants contained herein, and without admitting or denying any liability, the parties agree as follows:

1.    Harden shall release Van Etten and the Mayflower Companies from any and all claims and causes of action accrued through the date of this Settlement Agreement;

2.    Van Etten and the Mayflower Companies will waive any and all claims against International Heritage, Inc., International Heritage, Incorporated (the "Debtors"), property of the Debtors, Holmes P. Harden, Trustee and their agents, attorneys, successors or assigns relating to the Debtors accrued through the date of this Settlement Agreement, including, but not limited to claims of contribution or indemnification; provided, however, that Van Etten shall retain the right to assert claims against the insurance proceeds from TIG and Executive Risk and Harden shall retain the right to object to such claims;

3.    Van Etten and the Mayflower Companies shall assign their rights and interests in the bond posted in the action filed by the Securities and Exchange Commission in the United States District Court for the Northern District of Georgia, and the bond collateral, including any bond reversion interests to Harden;

4.    Van Etten shall transfer all unencumbered and currently owned shares of common stock and options of International Heritage, Incorporated, a Nevada Corporation, including but not limited to 361,022 shares of stock and 5,541,800 options, to Harden;

5.    Van Etten and the Mayflower Companies shall enter into a Consent Judgment or Consent Judgments in an adversary proceeding(s) to be brought by Harden to avoid any and all security interests in the Debtors' assets;

6.  Van Etten shall verify a final set of Statement of Financial Condition, including Exhibits, prepared pursuant to the request of the Securities and Exchange Commission and submit the same to Harden;

7.  Van Etten will agree to cooperate with the Trustee in the administration of the Debtors' estates, including but not limited to giving testimony, attending hearings, mediations or other judicial proceedings; if requested by Van Etten or his counsel, the Trustee shall issue a subpoena requiring Van Etten's attendance, testimony, etc.;  Van Etten agrees that service of said subpoena on his counsel Brent E. Wood, via telecopier, shall constitute good service, and if requested, Wood shall execute an acceptance of service for same;

8.  Van Etten shall assign any and all rights he or any company with which he is affiliated has or may have against BTI relating to the marketing of BTI long distance calling cards;

9.  Van Etten and the Mayflower Companies shall verify that the only inventory, equipment, furniture or fixtures he or they may have in their possession, which was transferred to them by the Debtors by way of set off prior to the Debtors' petition date is the property contained within the list attached as Exhibit A; Harden reserves the right to seek the recovery of any property: (a) transferred to Van Etten and/or the Mayflower Companies by the Debtors by way of set-off prior to the Debtors' petition date and (b) not disclosed within Exhibit A;

10. Van Etten shall cooperate with Harden or his counsel in preparing for avoidance actions against third parties including, but not limited to the giving of testimony regarding the solvency/insolvency of the Debtors; Van Etten or his counsel may request that his attendance or testimony be produced by subpoena; Van Etten's counsel, Brent E. Wood, will accept, and has authority to accept, service of such subpoena;

11. Van Etten shall withdraw his objection to the Trustee's Application to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction; however, Van Etten will not withdraw his objection to the Trustee's waiver of the Debtors' attorney-client privilege; Furthermore, Van Etten will not waive his attorney-client privilege; Van Etten will waive argument relating to his objection to the Trustee's waiver of the attorney-client privilege; and

12. This agreement is contingent upon a corresponding settlement between Van Etten and the Securities and Exchange Commission and a settlement between the Securities and Exchange Commission and the Debtors which have been approved by both the Bankruptcy Court and the Securities and Exchange Commission.

---

Mayflower Holdings, Inc., by
Stanley H. Van Etten, authorized agent

Holmes P. Harden
Chapter 7 Trustee for
International Heritage, Inc. and
International Heritage, Incorporated

2

---

Mayflower Venture Capital, LLC, by
Stanley H. Van Etten, authorized agent

---

Mayflower Aviation, LLC, by
Stanley H. Van Etten, authorized agent

---

Brent E. Wood
Attorney for Stanley H. Van Etten

---

Mayflower Capital, LLC, by
Stanley H. Van Etten, authorized agent

---

Stanley H. Van Etten

---

Mayflower Hunt Club, by
Stanley H. Van Etten, authorized agent

f:\wp\lhi-bk.settlement1.doc

3

WOOD & FRANCIS    007

**Stan Van Etten**
**Asset Purchase**
**(Mayflower)**

**Furniture**

| Qty | Description | Cost | Extended Cost |
|---|---|---|---|
| 1 | 2 Drawer Mahogany Standard File | $170.00 | $ 170.00 |
| 1 | Wooden Plant Stand | $ 20.00 | $ 20.00 |
| 4 | Potted Natural Plants | $ 15.00 | $ 60.00 |
| 1 | Silk Plant | $ 15.00 | $ 15.00 |
| 1 | Mahogany End table | $ 95.00 | $ 95.00 |
| 1 | Mahogany Coffee Table | $100.00 | $ 100.00 |
| 1 | 32" Mahogany Cabinet | $125.00 | $ 125.00 |
| 4 | Desk Lamps | $ 40.00 | $ 160.00 |
| 1 | 5 Shelf Wooden Bookcase | $150.00 | $ 150.00 |
| 1 | 3-Shelf Wooden Bookcase | $100.00 | $ 100.00 |
| 3 | Wooden Bookshelves with Cabinets | $175.00 | $ 525.00 |
| 6 | 2 Drawer Mahogany Lateral File | $185.00 | $ 1,110.00 |
| 1 | Bulletin Board | $ 5.00 | $ 5.00 |
| 6 | Framed Prints | $ 30.00 | $ 180.00 |
| 1 | Printer Stand | $ 25.00 | $ 25.00 |
| 1 | Table Lamp | $ 5.00 | $ 5.00 |
| 8 | Wooden Blinds | $ 80.00 | $ 640.00 |
| 2 | 52" Metal 4 Drawer Lateral File Cabinets | $200.00 | $ 400.00 |

| | | |
|---|---|---|
| **SUBTOTAL** | $ | 3,885.00 |
| | | |
| **TOTAL (ALL CATEGORIES)** | $ | 3,885.00 |
| | $ | 21,676.50 |
| | $ | 183.00 |
| | $ | 325.00 |
| | | |
| | $ | 26,069.50 |



# MAUPIN TAYLOR & ELLIS, P.A.

ATTORNEYS AT LAW
HIGHWOODS TOWER ONE, SUITE 500
3200 BEECHLEAF COURT
RALEIGH, NORTH CAROLINA 27604-1064

TELEPHONE (919) 981-4000

**MAILING ADDRESS**
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA 27619-9764
TELEFAX (919) 981-4300

**DURHAM/RESEARCHTRIANGLE PARK OFFICE**
411 ANDREWS ROAD, SUITE 150
DURHAM, NORTH CAROLINA 27705
TELEPHONE (919) 382-0188

## FACSIMILE TRANSMISSION

### CONFIDENTIAL [ ]          RUSH [ ]

TO:  *Chittenden Bank*
*c/o Louis P. Rochkind*
*Jaffe, Raitt, Heuer & Weiss*
*One Woodward Avenue, Suite 2400*
*Detroit, MI 48226*

FROM:  *Holmes P. Harden*

MAUPIN TAYLOR & ELLIS, P.A.
POST OFFICE DRAWER 19764
RALEIGH, NORTH CAROLINA 27619-9764
**DIRECT DIAL #: *919-981-4011***

CITY:

DATE: **June 21, 1999**

FACSIMILE #:  *313-961-8358*

OUR FILE NUMBER:  *BANK7A-206*

TOTAL NUMBER OF PAGES, INCLUDING COVER SHEET:

The material transmitted and communicated herein ("communication") is intended only for the use of the individual or entity to which it is addressed, and may contain information that constitutes work product, or is subject to attorney-client privilege, or is confidential and exempt from disclosure under applicable law.  If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

*MESSAGE:*

Original to follow by mail?  **_X_** Yes  **___** No

We are transmitting from Group III equipment.

Facsimile #:  919/981-4300

Help #:  919/981-4063

Terri L. Gardner
Smith Debnam Narron & Myers, L.L.P.
P. O. Box 26268
Raleigh, NC 27611-6268

Managing Agent
International Heritage, Inc.
2626 Glenwood Avenue
Raleigh, NC 27608

Brent E. Wood
Wood & Francis, PLLC
P. O. Box 164
Raleigh, NC 27602

Stephanie P. Wyatt
Coyle, Bascom & Bergman, P.C.
1000 Cambridge Square, Suite C
Alpharetta, GA 30004

James Russell Tucker
Bush, Hauder & Adkerson, P.C.
500 N. Akard Street, Suite 2100
Dallas, TX 75201

Jack T. Clary
214 St. Matthews Lane
Spartanburg, SC 29301

Richard Ieyoub, Attorney General
State of Louisiana
301 Main Street, Suite 1250
Baton Rouge, LA 70801

Susan Coon Bailey
5233 Floynell Drive
Baton Rouge, LA 70809

Dorothy H. Miller
102 Triangle Circle
Lafayette, LA 70508

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226

Stacey Ostrom
3010 E. Nasa Road 1 #1302
Seabrook, TX 77586

Eugene W. Ellison
185 Biltmore Avenue
Asheville, NC 28801

Karl A. King
465 Sudden Valley
Bellingham, WA 98226

Securities and Exchange Commission
Attn: William P. Hicks
3475 Lenox Road, NE
Atlanta, GA 30326

Managing Agent
Internal Revenue Service
320 Federal Place
Greensboro, NC 27401

Managing Agent
North Carolina Dept. of Revenue
P. O. Box 1168
Raleigh, NC 27602

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039
Jane E. Chassey

1514 Azalea Drive
Saint Louis, Missouri 63119

Carolyn E. John

185 Broad River Blvd.
Beaufort, SC 29906

Managing Agent
Advanced Equities
P. O. Box 1042
Winnfield, LA 71483

Managing Agent
Centrum Bank AG, Vaduz
Heiligkreuz 8
Postfoch 1168
FL -9490 Vaduz

Gary D. McDowell
138 Ascott Valley Dr.
Duluth, GA 30097

Jean Wedin
P. O. Box 1600
LaConner, WA 98257

Managing Agent
Jewels by Evonne
1879 Buford Hwy.
Suite 7
Buford, GA 30518

Lois Coonc
P. O. Box 699
LaConner, WA 98257

Managing Agent
Mayflower Capital, LLC
2626 Glenwood Ave., Suite 100
Raleigh, NC 27608

Pamela Johnson
18488 Best Road
Mount Vernon, WA 98273

Managing Agent
Schweizer Verband
der Raiffeisen-banken
Gallen
Vadianstrasse 17
9000 St. Gallen

Managing Agent
Schweizerische Hypotheken
Handelsbank, Zurich
Bahnhofstrasse/
Schutzengasse 4
CH-8023 Zurich

Stanley H. Van Etten
10504 Tredwood Drive
Raleigh, NC 27613

Managing Agent
UBS, Zuerich
Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich

Ronald H. Garber
Boxley Bolton & Garber
P. O. Drawer 1429
Raleigh, NC 27602

Charles Anderson
Smith Helms Mulliss & Moore
P. O. Box 27525
Raleigh, NC 27611

Marianne Kelley
142419 133 Ave.
Edmonton, Alberta
CANADA T5A5A5
Robert L. Chalmers

2800 Skymark Ave., Ste. 33
Mississauga, Ontario
CAN L4W5A6

Claude Savage
106 Benbow Land
Charlotte, NC 28214

Larry Smith
2435 E. North Street
Greenville, SC 29615

Anna M. Washburn
145 Christopher Drive
Clayton, NC 27520

Shawna Y. Staton
Jordan, Price, Wall, Gray,
  Jones & Carlton
P. O. Box 2021
Raleigh, NC 27602-2021

Henry W. Nozko, Jr., President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Henry W. Nozko, Jr., President
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350
Managing Agent

Coeco
2525 Atlantic Avenue
Raleigh, NC 27604

John Docken
Business Credit Leasing
115 West College Drive
Marshall, MN 56258
Managing Agent

EDS Financial Services
4800 Six Forks Road
Raleigh, NC 27609
Managing Agent
Centrum Bank AGVaduz

Heiligkreuz 8, Postfoch 1168
FL-9490 Vaduz

Managing Agent
Emil Schatz, St Gallen
Oberhofstettenstrasse 67C
CH-9012, Saint Gallen

Managing Agent
Accurata Treuhand und Revisions AG Vaduz
Abundt 36
FL-9490 Vaduz

Managing Agent
Mareco Treuhand Anstalt
Schlossweg 24
FL-9496 Balzers

Managing Agent
UBS AG, Zurich Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich

Lloyd W. Gathings, II
Gathings & Associates
P. O. Box 10545
Birmingham, AL 35202

Robert W. Shores
Gathings & Associates
P. O. Box 10545
Birmingham, AL 35202

Mr. Herbert Towning
EPP
10 Gartenstrasse
Zurich, Switzerland
3022

Managing Agent
TransAmerica-TIG Insurance
650 California St. 2nd Floor
San Francisco, CA 94108-2702

Sherwin P. Robin
P. O. Box 9541
Savannah, GA 31412-9541

Tony Copeland
3TI
4300 Six Forks Road, Suite 500
Raleigh, NC 27609

Michael P. Flanagan
Ward and Smith, P.A.
P. O. Box 8088
Greenville, NC 27835-8088

Vickie Corbitt, #11429
Attorney for Commissioner of Revenue
Legal Services
P. O. Box 198065
Nashville, TN 37219-8065

Jean Boyles
P. O. Box 10506
Raleigh, NC 27605

James A. Roberts, III
Lewis & Roberts, PLLC
P. O. Box 17529
Raleigh, NC 27619-7529
Stephani W. Humrickhouse, Esq.

Nicholls & Crampton
4300 Six Forks Road, Suite 700
Raleigh, NC 27609

Paul Faison S. Winborne
300/200 Parham Street, Suite F
P. O. Box 1547
Raleigh, NC 27602

Jonathan E. Tyler
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548

Janet Cradeur
P. O. Box 66658
Baton Rouge, LA 70896

Missouri Department of Revenue
Attn: Brian S. Kuhlmann
P. O. Box 475
Jefferson City, MO 65105-0475
James K. Austin

Ellis Painter Ratterree & Bart LLP
P. O. Box 9946
Savannah, GA 31412-9946

Meredith P. Ezzell
Wyrick Robbins Yates & Ponton LLP
P. O. Drawer 17803
Raleigh, NC 27619

International Heritage
E-mail addresses for noticing purposes

yuanjunl@hotmail.com
beent@texoma.net
Cotner@wizzard.net
x2-song@worldnet.att.net
hual@airmail.net
mayfi23@ipa.net
Buddha623@aol.com
pgorman@vantagepointcapital.com
lwardcc2@aol.com
ridelga@pacbell.net
sstephe489@aol.com
mlafontaine@abbot-simses.com
wrightr@mindspring.com
TJWR21156@aol.com
rabbit@rockisland.com
cheryll.COSTANIINO@edmail.com
jasbircheema@amropictures.com
72320.316@compuserve.com
stann@colby.IXKS.com
lov.comptable@sympatico.ca
Cwin888@aol.com
myc888@webtv.net
virgilh@colby.ixks.com
gjack312@Intrstar.net
hdfrey@telusplanet.net
DLWARREN@BellSouth.net
michael_bhagat@hotmail.com
GBYRDJR@aol.com
rliston@spartanburg4.org
ghromero@aol.com
mommabeans@hotbot.com
joanchan@rocketmail.com
ZGU@atlantis.com
edeem@worldnet.att.net
DFITZPA400@aol.com
theboock@compuserve.com
pondman@memes.com
docchiro@ISLC.net
RIZMOE@NWRain.com
thodges@gateway.net
hlee@directv.com

RAL/180355/1

fabb@telusplanet.net
cordw@deltapineseed.com
NBECK87570@aol.com
JYANG4@FORD.COM
mccarthy@mccarthyconsultant.com
BNLHATH@aol.com
nonfemett@worldnet.att.net
digger@bcsupernet.com
BREIDYIII@aol.com
Lindastime@aol.com
pak@jcnl.com
hornsjr@mindspring.com
lpartr1072@aol.com
leadership.possibilities.mak@worldnet.att.net
aqualite@digisys.net
TIMSAMUEL@aol.com
mtheisen@efn.org
MLGeller@aol.com
willy@qni.com
englishs@digisys.net
gmahalko@vvm.com
timmoore@aol.com
mooreem@harpo.tnstate.edu
sprklmagc@aol.com
backpain@keynet.net
Hbeckbari@aol.com
mwarhurst@yahoo.com
js.baum@srs.gov
wynellh@flash.net
dlatray@mcn.net
bwood@woodfran.com
tcrow@uab-admin.vpad.uab.edu
DickLynne Ferency@compuserve.com
kaylorj@hal-pc.org
CHASSEYRAY@email.msn.com
jim.griffith@erols.com
xiaokui.shan@bakernet.com
xshan@aol.com
kkandola@theresidences.com
lrochkind@jafferaitt.com
sdostrom@hotmail.com
michaelhopkins@mailcity.com
ellesw@aol.com
sport@gvi.net

RAL/180355/1

class45@concentric.net
options-galore@yahoo.com
dadabca@netcom.ca
bchap01@aol.com
ceissngr@midrivers.com
doubled@snowcrest.com
glassgs@cadvision.com
mbrown8967@aol.com
nfl300@aol.com
diemert@northerntel.net
cgrumer@manatt.com
shouli.yang@stjude.org
RJWNLAW@aol.com
sds98@eatel.net
jwmaloy@aol.com
kanelos@mindspring.com
blairc@iname.com
Larry_Fletcher@bc.sympatico.ca
JNRRICH@Intur.net
aadrezin@Epix.net
zuyeu@wam.umd.edu
ellinger@ghg.net
websters@ls.net
liliyu@hotmail.com
dlmcguire@yahoo.com
jamesng@aol.com
ikedonn@colby.ixks.com
dbertelsen@mocc.com
Ssnowflake@aol.com
rays@c-zone.net
Larry_Hewlett@bc.sympatico.ca
kimball.peed@bigfoot.com
tammyr@falcon.ukans.cc.edu
VTPALMER27@yahoo.com
crandall@rock-springs.dowell.slb.com
gedler@bellsouth.net
sue_stephen@bc.sympatico.ca
Nicklin98@aol.com
r_brown@email.msn.com
andrelee@earthlink.net
BrAnDin420@aol.com
hou@mail.med.upenn.edu
barrettcarter@mindspring.com
calinb@earthlink.net

BSID@CTC.NET
dsbarron@bellsouth.net
jamcgrath@yahoo.com
bbaum89@aol.com
dhilch@pacificcoast.net
bjsaw@ttc-cmc.net
smsutom@aol.com
lynn@dot.state.al.us
liuwd@earthlink.net
pingnas@ica.net
Hanna@tir.com
SteveG7574@aol.com
buddunn@quantumworld.com
Rahmati@ibm.net
docnielsen@webtv.net
mjandcarlincc@juno.com
emlabeau@gateway.net
loking@wixmail.com
Jholt@Clemson.edu
jsmusa@mindspring.com
Mainland@ticnet.com
cce3@juno.com
mcnamer@bigsky.net
Remodelyou@aol.com
mwa@wnonline.net
lesterabs@mindspring.com
shanson@kearney.net
vickylanglois@atlasta.net
an667@hwcn.org
rconant@telusplanet.net
yu241703@yorku.ca
Michael Genge@bc.sympatico.ca
lihengelle@aol.com
TJDeavers@aol.com
PDQ2CU@aol.com
BrAnDin420@aol.com
hou@mail.med.upenn.edu
calinb@earthlink.net
MSB7158@bellsouth.net
hsmiley@san.rr.com
abmk@home.com

CTBallard@aol.com
beth_pattillo@shmm.org
beatty@home.msen.com
RJNele@aol.com
swede@dmea.net
kmaxeyjr@bayou.com
Wesglynn@aol.com
calinb@earthlink.net
johnsons@pacifier.com
ambc@rhweb.com
jwarren@wyche.com
dongming.zhao@jci.com
pkloosterman@juno.com
Dsalido@webtv.net
JEEPETTE99@aol.com
pingnas@ica.net
Karen0906@aol.com
lonni@pb.quik.com

**FILED 10**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

JUL 23 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC. | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, INCORPORATED, | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02674-5-ATS |
| | ) | |
| Debtors. | ) | |

## ORDER AUTHORIZING TRUSTEE TO ENTER INTO SETTLEMENT AGREEMENT

This matter comes on for the consideration of the undersigned upon the Application of Trustee for Authority to Enter into Settlement Agreement ("Application") filed June 23, 1999 by Holmes P. Harden, Trustee, in the above-captioned case. It appears to the court as follows:

### FINDINGS OF FACT

1.      International Heritage, Inc. and International Heritage, Incorporated filed voluntary petitions in bankruptcy on November 25, 1998, and Holmes P. Harden was appointed Chapter 7 Trustee.

2.      On or about March 16, 1998, the Securities and Exchange Commission ("Commission") brought a civil action against the Debtors and others styled *Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage Incorporated, a Nevada corporation*, Civil Action NO. 1-98-CV-0803-RWS ("Civil Action"), in the United States District Court for the Northern District of Georgia. A payment bond in the penal sum of $5,000,000 ("Bond") issues by ACSTAR Insurance Company and United Coastal Insurance Company (the "Sureties") was posted by Debtors to satisfy any amount that may be ordered paid to the Commission in the Civil Action. The Sureties required cash collateral in the amount of $3,500,000 to secure the Debtors' indemnification and subrogation obligations. The $3,500,000 was loaned to the Debtors by Stanley H. Van Etten in exchange for an alleged security interest in the Debtors' property.

3.      The Commission, the Trustee and the Sureties have proposed a settlement of the Civil Action whereby $4.1 million will be paid by the Sureties to the Commission, which will turn said funds over to the Trustee for distribution in these bankruptcy cases (the "SEC Settlement").

RAL/177882/1

4.    Van Etten has objected to the SEC Settlement and asserted rights in the funds that would flow from the Commission to the Trustee for distribution in these bankruptcy cases, to the Bond itself and to the Bond collateral.  Van Etten and the Mayflower Companies have also filed various claims in the bankruptcy cases.

5.    The Trustee believes that various claims, including but not limited to preference and fraudulent conveyance actions, exist against Van Etten and the Mayflower Companies.

6.    Pursuant to the Settlement Agreement, Van Etten proposes to withdraw his objection to the Trustee's Application to enter Stipulation and Consent to Final Judgment of Permanent Injunction with regard to the SEC Settlement; however, Van Etten will not withdraw his objection to the Trustee's waiver of the Debtors' attorney-client privilege.  Furthermore, Van Etten will not waive his attorney-client privilege, but will waive argument relating to his objection to the Trustee's waiver of the attorney-client privilege.

7.    The Trustee deems it appropriate and consistent with his duties to enter into the Settlement Agreement with Van Etten and the Mayflower Companies, which Settlement Agreement by its terms, inter alia, (a) releases the Debtors from all claims of Van Etten and the Mayflower Companies, provided that Van Etten shall retain the right to assert claims against the insurance proceeds from TIG and Executive Risk and the Trustee will retain the right to object to such claims, (b) avoids costly and complicated litigation concerning Van Etten's alleged rights in the funds flowing to the Trustee from the SEC Settlement and Van Etten and the Mayflower Companies' alleged security interests in the Debtors' property, (c) avoids costly avoidance actions against Van Etten and the Mayflower Companies and, (d) paves the way for approval of the SEC Settlement.  The Trustee agrees to release Van Etten and the Mayflower Companies from all claims and causes of action through the date of the Settlement Agreement.

8.    The proposed settlement is contingent upon approval of the Commission of settlement between Van Etten and the Commission, and upon approval of the Commission of settlement between the Securities and Exchange Commission, the Debtors, and ACSTAR Insurance Company and United Coastal Insurance Company.

9.    Notice of the Trustee's Application was sent to creditors and other parties in interest in accordance with law.

## CONCLUSIONS OF LAW

10.    The Trustee is authorized to enter into the proposed Settlement Agreement on behalf of the Debtor corporations with court approval.

11.    The proposed settlement is fair and reasonable.  Approval to execute the proposed Stipulation and Consent is in the best interest of the Debtors' estates in that settlement will dispose of significant litigation against the Debtors without undo expense, will result in the reduction of substantial portion of unsecured and alleged secured claims in each of these cases,

and will allow approval of the SEC Settlement without the objection of Van Etten, which in turn will result in the unfettered turnover of $4.1 million in funds for the payment of claims in these bankruptcy cases.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Application is hereby APPROVED subject to the contingencies described in paragraph 8 above. The Court hereby authorizes the parties to execute the Settlement Agreement attached to the Application as Exhibit A.

This the 22ʳᵈ day of July, 1999.

United States Bankruptcy Court Judge

10-12/99  TUE 14:41 FAX 919 98/  500          MAUPIN TAILOR 5

**FILED**

MAY 3 1999

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

## SETTLEMENT AGREEMENT

This Settlement Agreement entered into this _____ day of June 1999, by and among Holmes P. Harden, Chapter 7 Trustee of International Heritage, Inc. and International Heritage, Incorporated ("Harden"), Stanley H. Van Etten ("Van Etten"), Mayflower Holdings, Inc., Mayflower Venture Capital, LLC, Mayflower Aviation, LLC, Mayflower Capital, LLC, and Mayflower Hunt Club (the "Mayflower Companies");

Whereas, Van Etten and some of the Mayflower Companies have asserted certain claims in the International Heritage, Inc. and International Heritage, Incorporated bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of North Carolina;

Whereas, Harden believes that certain claims may exist against Van Etten and the Mayflower Companies, including but not limited to avoidance actions;

Whereas, Van Etten and the Mayflower Companies deny that any claims exist against them and for the benefit of Harden;

Whereas, Harden, Van Etten and the Mayflower Companies desire to resolve any and all claims among them, without admitting or denying any liability;

Now therefore, in exchange for valuable consideration, including the mutual covenants contained herein, and without admitting or denying any liability, the parties agree as follows:

1. Harden shall release Van Etten and the Mayflower Companies from any and all claims and causes of action accrued through the date of this Settlement Agreement;

2. Van Etten and the Mayflower Companies will waive any and all claims against International Heritage, Inc., International Heritage, Incorporated (the "Debtors"), property of the Debtors, Holmes P. Harden, Trustee and their agents, attorneys, successors or assigns relating to the Debtors accrued through the date of this Settlement Agreement, including, but not limited to claims of contribution or indemnification; provided, however, that Van Etten shall retain the right to assert claims against the insurance proceeds from TIG and Executive Risk and Harden shall retain the right to object to such claims;

3. Van Etten and the Mayflower Companies shall assign their rights and interests in the bond posted in the action filed by the Securities and Exchange Commission in the United States District Court for the Northern District of Georgia, and the bond collateral, including any bond reversion interests to Harden;

4. Van Etten shall transfer all unencumbered and currently owned shares of common stock and options of International Heritage, Incorporated, a Nevada Corporation, including but not limited to 361,022 shares of stock and 5,541,800 options, to Harden;

5. Van Etten and the Mayflower Companies shall enter into a Consent Judgment or Consent Judgments in an adversary proceeding(s) to be brought by Harden to avoid any and all security interests in the Debtors' assets;

**EXHIBIT
11**

6.      Van Etten shall verify a final set of Statement of Financial Condition, including Exhibits, prepared pursuant to the request of the Securities and Exchange Commission and submit the same to Harden;

7.      Van Etten will agree to cooperate with the Trustee in the administration of the Debtors' estates, including but not limited to giving testimony, attending hearings, mediations or other judicial proceedings; if requested by Van Etten or his counsel, the Trustee shall issue a subpoena requiring Van Etten's attendance, testimony, etc.; Van Etten agrees that service of said subpoena on his counsel Brent E. Wood, via telecopier, shall constitute good service, and if requested, Wood shall execute an acceptance of service for same;

8.      Van Etten shall assign any and all rights he or any company with which he is affiliated has or may have against BTI relating to the marketing of BTI long distance calling cards;

9.      Van Etten and the Mayflower Companies shall verify that the only inventory, equipment, furniture or fixtures he or they may have in their possession, which was transferred to them by the Debtors by way of set off prior to the Debtors' petition date is the property contained within the list attached as Exhibit A; Harden reserves the right to seek the recovery of any property: (a) transferred to Van Etten and/or the Mayflower Companies by the Debtors by way of set-off prior to the Debtors' petition date and (b) not disclosed within Exhibit A;

10.     Van Etten shall cooperate with Harden or his counsel in preparing for avoidance actions against third parties including, but not limited to the giving of testimony regarding the solvency/insolvency of the Debtors; Van Etten or his counsel may request that his attendance or testimony be produced by subpoena; Van Etten's counsel, Brent E. Wood, will accept, and has authority to accept, service of such subpoena;

11.     Van Etten shall withdraw his objection to the Trustee's Application to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction; however, Van Etten will not withdraw his objection to the Trustee's waiver of the Debtors' attorney-client privilege; Furthermore, Van Etten will not waive his attorney-client privilege; Van Etten will waive argument relating to his objection to the Trustee's waiver of the attorney-client privilege; and

12.     This agreement is contingent upon a corresponding settlement between Van Etten and the Securities and Exchange Commission and a settlement between the Securities and Exchange Commission and the Debtors which have been approved by both the Bankruptcy Court and the Securities and Exchange Commission.

_____

Mayflower Holdings, Inc., by
Stanley H. Van Etten, authorized agent

_____

Holmes P. Harden
Chapter 7 Trustee for
International Heritage, Inc. and
International Heritage, Incorporated

2

Mayflower Venture Capital, LLC, by
Stanley H. Van Etten, authorized agent

Mayflower Aviation, LLC, by
Stanley H. Van Etten, authorized agent

Mayflower Capital, LLC, by
Stanley H. Van Etten, authorized agent

Mayflower Hunt Club, by
Stanley H. Van Etten, authorized agent

Brent E. Wood
Attorney for Stanley H. Van Etten

Stanley H. Van Etten

f:\wp\hi-bk.settlement1.doc