UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC., | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

## NOTICE OF MOTION FOR AUTHORITY TO ALLOCATE ATTORNEYS FEES AND CERTIFICATE OF SERVICE

TO:  ALL CREDITORS OF INTERNATIONAL HERITAGE, INC. AND OTHER PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN of the Motion for Authority to Allocate Attorneys Fees filed simultaneously herewith by Holmes P. Harden, Attorney for Trustee.

An objection to the motion should be filed with the Clerk, U. S. Bankruptcy Court, Post Office Box 1441, Raleigh, North Carolina 27602 with a copy served on the trustee whose name appears at the bottom of this Notice within FIFTEEN (15) days of the date of this Notice.  If a hearing is requested such hearing will be held on November 27, 2007 at 1:00 p.m. at the United States Bankruptcy Courthouse and Post Office Building, Room 208, 300 Fayetteville Street Mall, Raleigh, North Carolina.  Any party requesting a hearing shall attend said hearing in support of such request or (s)he may be assessed with costs.

DATE OF NOTICE:  _October 30, 2007_

_Holmes P. Harden_
Holmes P. Harden, Trustee
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, North Carolina  27619

540990

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                 )         CASE NO.: 98-02675-5-ATS

INTERNATIONAL HERITAGE, INC.,       )

                                    )         CHAPTER 7

         Debtor.                      )

## MOTION FOR AUTHORITY TO ALLOCATE ATTORNEYS FEES

1.       This case was filed on November 25, 1998 and Holmes P. Harden was appointed Trustee.

2.       Trustee has collected funds and interest totaling $7,229.194.00 as of September 29, 2007.

3.       Of the aforesaid $7,229,194.00, Trustee received $4,100,000.00 from a payment bond posted by the Debtor in the United States District Court for the Northern District of Georgia in the matter of Securities and Exchange Commission v International Heritage, Inc. et als, Civil Action No. 1-98–CV–0803-RW, ("Securities Litigation"). Proceeds of the bond, which inured to the benefit of the Securities and Exchange Commission (SEC), were paid to the Trustee pursuant to the terms of an Order of this Court dated June 21, 1999. Trustee also received from the Clerk of Court of the Northern District of Georgia pursuant to the June 21, 1999 Order the sum of $215,308.30 that was disgorged by the defendants in the Securities Litigation.

4.       The June 21, 1999 Order contains a stipulation that the bond and disgorgement proceeds be paid as follows:

> 6.       The Sureties have agreed to pay and the Trustee for International Heritage, Inc. has agreed to receive $4.1 million under the Bond and to disburse the proceeds of the Bond in the International Heritage, Inc. bankruptcy case according to Paragraph V of Exhibit A(1) attached hereto. The Commission stipulates that the United States Bankruptcy Court for the Eastern District of North Carolina has jurisdiction pursuant to 28 U.S.C. § 1334 over the administration of the surety bond, and further stipulates that any and all proceeds of such bond shall be first subject to a payment to the Trustee of an amount equal to the full statutory commission permitted pursuant to 11 U.S.C. § 326(a) without reduction notwithstanding the foregoing stipulation that the bond is not property of the IHI estate, and in addition to the aforesaid payment to Trustee, to payment of all allowed IHI administrative claims. (Emphasis added)

A copy of the June 21, 1999 Order is attached hereto and is incorporated herein as Exhibit A.

540227v2

5.    The law firm of Lewis and Roberts pursued claims of the Trustee against Erie Insurance Company ("Erie") and Executive Risk Insurance Company ("Executive Risk"). Counsel recovered $60,000.00 from Erie and $1,787,500.00 from Executive Risk. Fees totaling $482,223.59 were paid to Lewis and Roberts upon Court approval.

6.    Trustee employed the law firm of Nicholls and Crampton to pursue avoidance actions. Counsel recovered a total of $485,684.27. Fees totaling $164,449.13 were paid to Nicholls and Crampton upon Court approval. Special charges of $13,800 will be paid to the Court for filing fees.

7.    The settling parties at the time of the entry of the June 21, 1999 Order did not contemplate that the administrative costs of recovering significant sums for the estate from Erie, Executive Risk and the avoidance defendants would be paid with bond proceeds. Rather it is consistent with the settling parties' expectations as of June 21, 1999, that Lewis and Roberts' fees be allocated to and paid from the Erie and Executive Risk recoveries and that Nicholls and Crampton's fees and the special charges incurred be allocated to and paid from the recoveries in the avoidance actions and not from the proceeds of the bond. A literal reading of the June 21, 1999 order appears to require that these administrative expenses be paid from the proceeds of the bond, however.

8.    Trustee is preparing to make a distribution of the proceeds of the bond and disgorgements and seeks the Court's authority to allocate the attorneys fees of Lewis and Roberts and Nicholls and Crampton and special charges of $13,800 to the estate funds that these administrative expenses were incurred to recover rather than to the bond and disgorgement proceeds described above.

9.    Trustee will distribute estate funds to creditors at a later date.

WHEREFORE, Trustee seeks the authority to allocate the attorneys fees paid to Lewis and Roberts, the attorneys fees paid to Nicholls & Crampton and special charges of $13,800 to estate funds rather than to the aforesaid bond and disgorgement proceeds.

Respectfully submitted this the 30th day of October, 2007.

**WILLIAMS MULLEN MAUPIN TAYLOR**

BY: _/s/ Holmes P. Harden_

Holmes P. Harden, Trustee
P.O. Drawer 19764
Raleigh, NC 27619-9764
Telephone: (919) 981-4000
Telefax:  (919) 981-4300

540227v2

**FILED**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**■■ 21 1999**

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-ATS |
| | ) | |
| INTERNATIONAL HERITAGE, | ) | |
| INCORPORATED, | ) | CHAPTER 7 |
| | ) | CASE NO. 98-02674-5-ATS |
| Debtors. | ) | |

ORDER APPROVING APPLICATION OF TRUSTEE
TO ENTER INTO CONSENT TO FINAL JUDGMENT
OF PERMANENT INJUNCTION

The Application of Holmes P. Harden, Trustee for the above-captioned debtors,
requesting an order authorizing the execution of a Stipulation and Consent to Final Judgment of
Permanent Injunction having come on for the consideration of the undersigned and the objections
to same of Chittenden Bank, Acstar Insurance Company, the debtors and Stanley H.Van Etten
having been withdrawn as indicated herein, and L.C. Gilbert having presented no evidence or
argument in support of his objection, it appears to the court as follows:

FINDINGS OF FACT

1.     International Heritage, Inc. and International Heritage, Incorporated filed
voluntary petitions in bankruptcy on November 25, 1998 and Holmes P. Harden was appointed
Chapter 7 Trustee.

2.     On or about March 16, 1998, the Securities and Exchange Commission
("*Commission*") brought a civil action against the debtors and others styled *Securities and*

RAL/200435/1

**EXHIBIT**

**_A_**

*Exchange Commission v. International Heritage, Inc. Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage Incorporated, a Nevada Corporation*, Civil Action No. 1-98-CV-0803-RWS ("Civil Action"), in the United State District Court for the Northern District of Georgia alleging prepetition violations of the securities laws and seeking a final judgment permanently enjoining debtors from further violation of the law and the establishment of an amount of disgorgement of profits derived from allegedly fraudulent activities and the imposition of civil penalties. A payment bond in the penal sum of $5,000,000 ("*Bond*") issued by ACSTAR Insurance Company and United Coastal Insurance Company (the "*Sureties*") was posted by debtors to satisfy any amounts that may be ordered paid to the Commission in the Civil Action. The Sureties hold $3,500,000 as collateral for the Bond, which amount is refundable only if the debtors prevail in the Civil Action. The bond inures to the benefit of the Commission and is not property of either bankruptcy estate.

3.    The Commission filed proofs of claim dated January 4, 1999 in the International Heritage, Inc. case and in the International Heritage, Incorporated cases in the amount of $6,450,000.00. The claims are unliquidated, contingent, unsecured claims consistent with the Commission's prayer for disgorgement in the above-referenced civil action.

4.    A copy of the Trustee's proposed Consent to Final Judgment of Permanent Injunction settling the Civil Action as to the debtors is attached hereto as Exhibit A and is incorporated herein by reference.

5.    Pursuant to the proposed settlement of the Civil Action, the Commission proposes to authorize disbursement of bond proceeds in the amount of $4.1 million by the Chapter 7 Trustee in the International Heritage, Inc. case and to reduce its claims in each of the bankruptcy

cases by the amount paid by the Sureties to the Clerk of Court for the United States District Court for the Northern District of Georgia for the benefit of the Commission pursuant to a judgment of disgorgement entered against the defendants in the Civil Action and disbursed with the consent and direction of the Commission by the Trustee in the International Heritage, Inc. bankruptcy.

6.    The Sureties have agreed to pay and the Trustee for International Heritage, Inc. has agreed to receive $4.1 million under the Bond and to disburse the proceeds of the Bond in the International Heritage, Inc. bankruptcy case according to Paragraph V of Exhibit A(1) attached hereto. The Commission stipulates that the United States Bankruptcy Court for the Eastern District of North Carolina has jurisdiction pursuant to 28 U.S.C. § 1334 over the administration of the surety bond, and further stipulates that any and all proceeds of such bond shall be first subject to a payment to the Trustee of an amount equal to the full statutory commission permitted pursuant to 11 U.S.C. § 326(a) without reduction notwithstanding the foregoing stipulation that the bond is not property of the IHI estate, and in addition to the aforesaid payment to Trustee, to payment of all allowed IHI administrative claims. It is further agreed that the Sureties shall have claims in the International Heritage, Inc. bankruptcy case as set forth in Paragraph V of Exhibit A(1) attached hereto. The Sureties and the Trustee have also agreed to execute the mutual releases attached hereto as Exhibit B.

7.    The Trustee and the SEC agree that Chittenden Bank shall have an allowed claim in the categories described in Paragraph V of Exhibit A(1) attached hereto (the "Categories") where Chittenden Bank can establish that it has received and paid chargeback requests from credit card holders who would have qualified for an allowed claim in the Categories. The

3

Categories are "claims of independent retail sales representatives who made payment to either of the debtors and did not receive a product or commission, and allowed claims of purchasers of convertible notes from either debtor in 1997." Chittenden Bank shall receive the same pro-rata distribution on account of its claim as any other holder of an allowed claim in the Categories.

8.    The proposed Consent to Final Judgment of Permanent Injunction is intended to settle the Civil Action only as to the debtors. However, the parties have acknowledged that the settlement between the Debtors and the Commission is contingent upon a corresponding settlement of the Civil Action between the Commission and Stanley H. Van Etten ("Van Etten").

9.    Pursuant to the proposed settlement of the Civil Action, Trustee agrees to waive the attorney-client privilege as to prepetition advice the debtors received from their attorneys. Van Etten does not waive the privilege and does not consent to the Trustee's waiver, but he has agreed to waive argument against the Trustee's waiver to the court. The debtors have withdrawn their objection to the waiver of the privilege.

10.    The above-described settlement of the Civil Action is contingent upon final approval of the Commission, is currently under consideration by the Commission, and is expected to be approved simultaneously with the Commission's approval of a proposed settlement of the Civil Action as to Van Etten. The above-described settlement of the Civil Action is further contingent upon this court's entry of an order approving a compromise and settlement of the Trustee's claims against Van Etten, which shall be the subject of a separate motion by the Trustee and which will be ruled upon by separate order of this court.

11.    Notice of the Trustee's Application was sent to creditors and other parties in interest in accordance with law.

RAL/200435/1

4

12.     The Trustee believes the proposed settlement of the Civil Action is fair and reasonable.

## CONCLUSIONS OF LAW

13.     The Trustee is authorized to enter into a settlement on behalf of the debtors with court approval.

14.     It is appropriate and consistent with the Trustee's duties to enter into the Consent to Final Judgment of Permanent Injunction with the Commission, which Consent to Final Judgment of Permanent Injunction by its terms reduces the Commission's claims in each International Heritage bankruptcy case by up to $4.1 million in each case, assures the payment of all § 503 and § 330 expenses of administration of the International Heritage, Inc. bankruptcy including payment of allowed professional fees and all other allowed administrative claims, and is given without admitting or denying the factual allegations of the Complaint.

15.     The proposed settlement of the Civil Action is fair and reasonable and is in the best interest of the expeditious administration of the Debtors' estates because it will dispose of significant litigation against the debtors without undue expense, will result in the reduction of a substantial portion of a principal unsecured claim in each of these cases, will fund the payment of administrative expense and other claims, and will return more money to creditors of International Heritage, Inc. than the estates would receive by way of refund of the $3,500,000 posted as collateral for the Bond if the debtors achieved a verdict of no liability in the Civil Action.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that upon approval of the above-described settlement of the Civil Action by the United States Securities and Exchange Commission, upon the Commission's approval of a settlement of the Civil Action as to Van

RAL/200435/1                                    5

Etten, and upon this court's entry of an order approving a compromise and settlement of the

Trustee's claims against Stanley Van Etten, the Trustee shall enter into the Consent to Final

Judgment of Permanent Injunction in the form attached hereto as Exhibit A on behalf of the

debtor corporations and the Trustee and the Sureties shall execute the mutual releases attached

hereto as Exhibit B.

Dated:  **JUN 2 1 1999**  _____

_____
United States Bankruptcy Court Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>INTERNATIONAL HERITAGE, INC., )<br>STANLEY H. VAN ETTEN, CLAUDE )<br>W. SAVAGE, LARRY G. SMITH, )<br>and INTERNATIONAL HERITAGE, )<br>INCORPORATED, a Nevada )<br>Corporation, )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 1-98-0803-RWS |

CONSENT TO FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

1.      Defendants International Heritage, Inc. ("IHI") and International Heritage,

Incorporated, a Nevada corporation ("IHI Incorporated") submit to the *in personam* jurisdiction

of this Court over them, acknowledge service of summons and the Complaint in this matter,

admit the jurisdiction of this Court over the subject matter of this action, waive the entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil

Procedure, and hereby consent to the entry of a Final Judgment of Permanent Injunction

("Order") without further notice in the form annexed hereto and incorporated by reference herein.

RAL/179662/1                        **EXHIBIT A**

2.    Defendants IHI and IHI Incorporated, without admitting or denying any of the allegations of the Commission's Complaint, except as to jurisdiction which they admit, consent to the entry of the order attached as Exhibit A(1) which permanently restrains and enjoins IHI and IHI Incorporated from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933, (*"Securities Act"*) 15 U.S.C. 77e(a), 77e(c) and 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 (*"Exchange Act"*), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder, and permanently restrains and enjoins IHI Incorporated from violating Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11, thereunder, and which requires IHI to pay disgorgement. IHI further stipulates that although such disgorgement may be paid pursuant to a surety bond posted with the Court on behalf of IHI, such bond is not an asset of the bankruptcy estate of IHI.

3.    Defendants IHI and IHI Incorporated enter into this Consent voluntarily and acknowledge that no promise or threat of any kind whatsoever has been made by Plaintiff Securities and Exchange Commission or any member, officer, agent or representative thereof to induce them to enter into this stipulation and consent.

4.    Defendants IHI and IHI Incorporated waive any right they may have to appeal from the entry of the Order.

5.    Defendants IHI and IHI Incorporated agree that the Order may be presented by the Commission to the Court for signature without further notice.

6.    Defendants IHI and IHI Incorporated agree that this Consent shall be incorporated into the Order with the same force and effect as if fully set forth therein.

7.      Defendants IHI and IHI Incorporated agree that they will not oppose the enforcement of the Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and they hereby waive any objection they may have based thereon.

8.      Defendants IHI and IHI Incorporated hereby understand that the Plaintiff, at its sole and exclusive discretion, may refer this matter or any information or evidence gathered in connection therewith, or derived therefrom, to any person or entity, public or private, having criminal, civil or administrative jurisdiction for action thereby.

9.      Defendants IHI and IHI Incorporated further state that they understand that the Plaintiff cannot and does not confer upon them, or upon any other person or entity, immunity from any criminal proceeding for any actions related to or arising from this or any other matter.

10.      Defendants IHI and IHI Incorporated acknowledge that they have read, understand, and agree to comply with the policy of plaintiff Commission, set forth in 17 C.F.R. § 202.5(e), not to permit a defendant to consent to a judgment or order that imposes a sanction while denying any allegation in the complaint. Defendants IHI and IHI Incorporated agree not to take any action or make any public statement denying, directly or indirectly, any allegation in the complaint. Defendants IHI and IHI Incorporated further agree not to take any action or make any public statement which creates, or tends to create, the impression that the complaint is without factual basis. Nothing in this provision affects said defendants' testimonial obligations or right to take legal positions in other non-Commission litigation.

11.      Defendants IHI and IHI Incorporated agree to and hereby waive the attorney-client privilege with regard to all communications between IHI or IHI Incorporated or their

RAL/179662/1

representatives and any attorney which occurred prior to the appointment of the Chapter 7

Trustee for said defendants, and further agree to remain a party to this litigation for purposes of

discovery.

   This the ____ day of January, 1999.

       INTERNATIONAL HERITAGE, INC. and
       INTERNATIONAL HERITAGE, INCORPORATED,
       a Nevada corporation


       By:_____
         Holmes P. Harden, Trustee in Bankruptcy


State of North Carolina

County of _____

   On this ____ day of June, 1999, before me personally appeared Holmes P. Harden, known to me to be the person who executed the foregoing Stipulation and Consent and he acknowledged to me that he executed the same.

   This _____ day of June, 1999.


      _____
      Notary Public

My Commission Expires:


_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

INTERNATIONAL HERITAGE, INC.,
STANLEY H. VAN ETTEN, CLAUDE W.
SAVAGE, LARRY G. SMITH and
INTERNATIONAL HERITAGE,
INCORPORATED, a Nevada corporation,

Defendants

CIVIL ACTION NO.
1-98-CV-0803-RWS

CONSENT FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANTS INTERNATIONAL HERITAGE, INC.
AND INTERNATIONAL HERITAGE, INCORPORATED,
A NEVADA CORPORATION

Plaintiff, Securities and Exchange Commission ("Commission"), having filed its complaint

in this matter against defendants International Heritage, Inc. ("IHI") and International Heritage,

Incorporated, a Nevada corporation ("IHI Incorporated") and others, seeking injunctive and other

relief, and defendants IHI and IHI Incorporated having entered general appearances, admitted the

jurisdiction of this court over them and over the subject matter of this action, waived entry of

findings of fact and conclusions of law pursuant to Rules 52 and 65 of the Federal Rules of Civil

Procedure with respect to the relief granted in this order, and without admitting or denying any of

the allegations of the complaint having consented to the entry of this order, it is hereby,

**EXHIBIT A(1)**

## I.

ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them be, and they hereby are, permanently restrained and enjoined from, directly or indirectly:

(1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any securities through the use of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(2) carrying securities or causing them to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(3) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, unless and until a registration statement is filed with the Commission as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77h,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. 77e(a) and 77e(c). Provided, however, that nothing in the foregoing portion of the preliminary injunction shall apply to any

security or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. 77e.

## II.

IT IS FURTHER ORDERED that defendant IHI, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in the offer or sale of securities, by use of any means or instruments of transportation or communication in interstate commerce, or by the mails, be, and they hereby are, restrained from, directly or indirectly:

(1)    employing any device, scheme or artifice to defraud;

(2)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3)    obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a).

## III.

IT IS FURTHER ORDERED that defendants IHI and IHI Incorporated, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1)    employing any device, scheme or artifice to defraud;

RAL/200827/1

3

(2)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; or

(3)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

## IV.

IT IS FURTHER ORDERED that defendant IHI Incorporated, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, be and hereby are, restrained from, directly or indirectly, filing reports with the Commission, on Form 8-K or otherwise, which are false and misleading or fail to disclose material facts necessary to make the statements made not misleading, in violation of Section 15(d) of the Exchange Act, 15 U.S.C. 78o(d), and Rule 15d-11, 17 C.F.R. 240.15d-11.

## V.

IT IS FURTHER ORDERED that disgorgement is set against defendant IHI in the amount of $6,533,179, representing its ill-gotten gains from the scheme described in the complaint, plus prejudgment interest. $4.1 million of said disgorgement may be satisfied from the surety bond which has been posted in this matter, which is not the property of IHI or of the bankruptcy estate of IHI. Payments on the bond shall be made by the surety as follows: $600,000 within 30 days of this Order; an additional $750,000 within 120 days of this Order; an additional $750,000 within 210 days of this Order; and the remaining $ 2 million within 300 days of this Order. The payments on the bond shall

RAL/200827/1                                              4

be deposited into the registry of this Court. However, upon this Court's receipt of such payments by the surety, the clerk of the Court will issue a nonrefundable check in the same amount to the Chapter 7 bankruptcy trustee in In re International Heritage, Inc., Case No. 98-02675-5-ATS (Bankr. E.D.N.C.) (that case and In re International Heritage, Incorporated, Case No. 98-02674-5-ATS (Bankr. E.D.N.C.) hereinafter the "Bankruptcy cases"), to be used first for the payment of his allowed § 326(a) statutory commission without reduction and then for all administrative claims allowed pursuant to §§ 330 and 503 of the United States Bankruptcy Code in the Bankruptcy cases, then for payment of any outstanding fees of Lloyd Whitaker, the monitor in this case, then for pro rata (i) payment of claims by independent retail sales representatives ("IRSRs") of IHI who made payments to IHI and never received a product or commission and (ii) the first $300,000 of any allowed claim which the surety (ACSTAR Insurance Company) may have against the estate; then for claims of purchasers of IHI convertible notes during 1997. To the extent allowed by the Bankruptcy Court, proceeds can be used for pro rata payments to Chittenden Bank based on amounts paid by it to persons in categories i and ii, above, on chargeback requests from such persons as credit card holders. Any remaining proceeds shall thereafter be used to first pay claims of other IRSRs and thereafter to pay the claims of other creditors according to the priorities set forth in the United States Bankruptcy Code. Notwithstanding the foregoing, none of such proceeds shall be used to pay any claims of defendants Stanley H. Van Etten, Claude W. Savage or Larry G. Smith, or of any entity controlled by them, or of any other officer or director of IHI. Any disgorgement paid by the other defendants in this matter may, upon motion by the Commission, be transferred to the trustee for disbursement pursuant to the above terms.

## VI.

IT IS FURTHER ORDERED that based upon Defendant IHI's bankruptcy schedules dated _____, and Defendant IHI Incorporated's bankruptcy schedules dated _____, both submitted to the Commission, the Court is not ordering IHI or IHI Incorporated to pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. 78u(d). The determination not to impose a civil penalty is contingent upon the accuracy and completeness of each defendant's bankruptcy schedules. If at any time following the entry of this Final Judgment the Commission obtains information indicating that IHI's or IHI Incorporated's representations in its bankruptcy schedules concerning its assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion, petition this Court for an order imposing a civil penalty payable in the bankruptcy cases, pursuant to 11 U.S.C. § 726(a)(4) if funds are available in accordance with IV, above against such defendant. In connection with any such petition, the only issues shall be whether the financial information provided by such defendant was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. [In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering such defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery.] Such defendant may not, by way of defense to such petition, challenge the validity of this Consent or the

Final Judgment, contest the allegation in the Complaint filed by the Commission, or assert that payment of a civil penalty should not be ordered.

## VII.

IT IS FURTHER ORDERED that, pending further order of this court, defendants IHI and IHI Incorporated, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such defendants' business, which reflect the business activities of any of the defendants, or which reflect the transactions described in the Commission's Complaint.

## VIII.

IT IS FURTHER ORDERED that this Court will retain jurisdiction over this matter and the defendants and will order other and further relief that this Court deems appropriate under the circumstances, and that defendants IHI and IHI Incorporated will remain parties to this case for purposes of discovery.

Done and ordered at _____ o'clock _____ m. this _____ day of _____, 1999 at _____, Georgia.

_____
UNITED STATED DISTRICT JUDGE

AGREED

_____
ACSTAR Insurance Company and
United Coastal Insurance Company
By:

## RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns do hereby release, forever discharge and promise never to sue Holmes P. Harden, individually, as Chapter 7 Trustee for International Heritage, Inc., and International Heritage, Incorporated, or as a principal in the law firm of Maupin Taylor & Ellis, P.A., or the law firm of Maupin Taylor & Ellis, P.A., their agents, attorneys, employees, officers, directors, and insurance carriers (together referred to as "Harden") for any and all damages and claims arising from or related to the civil action styled United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith, and International Heritage, Incorporated, a Nevada corporation, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to Harden's filing of the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction (which application was filed in the bankruptcy cases of International Heritage, Inc., Case No. 98-02675-5-ATS and International Heritage, Incorporated, Case No. 98-02674-5-ATS) and any claims relating to the subsequent Consent Order, and any claims against Harden arising from, under, or against Payment Bond No. 7719 dated June 5, 1998 and a related Indemnity Agreement which were executed in connection with the aforesaid civil action.

ACSTAR INSURANCE COMPANY

By:_____

UNITED COASTAL INSURANCE COMPANY

By:_____

RAL/199645/1

**EXHIBIT B**

## RELEASE

For valuable consideration, the receipt of which is hereby acknowledged, Holmes P. Harden, individually and as Chapter 7 Trustee for International Heritage, Inc. and International Heritage, Incorporated does hereby release, forever discharge and promise never to sue Acstar Insurance Company and United Coastal Insurance Company and their respective successors and assigns for any and all damages and claims arising from or relating to the civil action styled <u>United States Securities and Exchange Commission v. International Heritage, Inc., Stanley H. Van Etten, Claude W. Savage, Larry G. Smith and International Heritage, Incorporated, a Nevada Corporation</u>, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1-98-0803-RWS, including but not limited to the filing of a Response to the Application of Trustee to Enter into Stipulation and Consent to Final Judgment of Permanent Injunction by the said Holmes P. Harden and any claims relating to Acstar Insurance Company and United Coastal Insurance Company's original refusal to agree to the Application and pay funds to the United States of America through the Securities and Exchange Commission.

_____ (SEAL)
Holmes P. Harden, Individually and as
    Chapter 7 Trustee for International
    Heritage, Inc. and International
    Heritage, Incorporated

990138-0001-001
GVLMAIN\206359.1

CERTIFICATE OF SERVICE

     I, Holmes P. Harden, do hereby certify that the foregoing ***Motion and Notice*** were served upon all parties of record by mailing a copy thereof to each such party at the address indicated below with its proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Post Office in Raleigh, North Carolina and by public notice via 888-895-8385 and 919-981-4033 and by posting on the court's web page at www.nceb.uscourts.gov. on the 30th day of October, 2007.

WILLIAMS MULLEN MAUPIN TAYLOR

BY: _Holmes P. Harden_

Holmes P. Harden
N. C. State Bar No. 9835
Post Office Drawer 19764
Raleigh, NC 27619
Telephone: (919) 981-4000

SERVED:
Marjorie K. Lynch
Bankruptcy Administrator
(by electronic service)

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226
Via Fax: 313-961-8358

Patrick Anders, Esquire
Edger and Paul
1777 Durham-Chapel Hill Blvd.
Suite 204
Chapel Hill, NC 27514

James A. Roberts, III, Esquire
A. Graham Shirley, Esquire
Lewis & Roberts
P.O. Box 17529
Raleigh, NC 27619-7529

See Attached Mail Matrix and E-Mail List

RAL/179511/1



# WILLIAMS MULLEN
## MAUPIN TAYLOR

## Fax Cover Sheet

**DATE:**                           October 30, 2007

**TO:**                             Chittenden Bank

                                   c/o Louis P. Rochkind

                                   Jaffe, Raitt, Heuer & Weiss

                                   One Woodward Avenue, Suite 2400

                                   Detroit, MI 48226

**FAX #:**                          313-961-8358

**FROM:**                           Holmes Harden

**DIRECT DIAL #:**                  919.981.4011

**NUMBER OF PAGES**
**(including coversheet):**

**MESSAGE:**

**IMPORTANT NOTICE: This facsimile transmission is intended to be delivered only to the named addressee, and may contain material that is confidential, proprietary or subject to legal protection or privilege. If it is received by anyone other than the named addressee, the recipient should immediately notify the sender at the address and telephone numbers set forth herein and obtain instructions as to the disposal of the transmitted material. In no event should such material be read or retained by anyone other than the named addressee, except by express authority of the sender or the named addressee.**

| Atty. # or User ID: | Client/Matter #: | | Recipient's Telephone #: |
|---|---|---|---|
| 4117 | 400232.0206 | | |
| Requested By: | Extension: | Floor: | Fax Operator: |
| SMB | 3328 | 6th | |

*A Professional Corporation*

**VIRGINIA • WASHINGTON, D.C. • LONDON**
Two James Center   1021 East Cary Street (23219)   P.O. Box 1320   Richmond, VA 23218-1320   Tel: 804.643.1991   Fax: 804.783.6507
www.williamsmullen.com

Terri I. Gardner
Poyner & Spruill, LLP
P. O. Box 10096
3600 Glenwood Avenue
Raleigh, NC 27605

Brent E. Wood
3750 NW Cary Pkwy., Ste. 111
Cary, NC 27513-8432

Stephanie P. Wyatt
Coyle, Bascom & Bergman, P.C.
2520 Northwinds Pkwy #375
Alpharetta, GA 30004-2233

James Russell Tucker
Tucker & Ratcliffe, L.L.P.
10647 Strait Lane
Dallas, TX 75229-5426

Jack T. Clary
214 St. Matthews Lane
Spartanburg, SC 29301

Richard Ieyoub, Attorney General
State of Louisiana
301 Main Street, Suite 1250
Baton Rouge, LA 70801

Susan Coon Bailey
5233 Floynell Drive
Baton Rouge, LA 70809

Dorothy H. Miller
102 Triangle Circle
Lafayette, LA 70508

Chittenden Bank
c/o Louis P. Rochkind
Jaffe, Raitt, Heuer & Weiss
One Woodward Avenue, Suite 2400
Detroit, MI 48226

Stacey Ostrom
202 Oak Creek Drive
League City, TX  77573-1762

Eugene W. Ellison
185 Biltmore Avenue
Asheville, NC 28801

Securities and Exchange Commission
Attn: William P. Hicks
3475 Lenox Road, NE
Atlanta, GA 30326

Managing Agent
Internal Revenue Service
320 Federal Place
Greensboro, NC 27401

Managing Agent
North Carolina Dept. of Revenue
P. O. Box 1168
Raleigh, NC 27602

Marjorie K. Lynch
Bankruptcy Administrator
P. O. Box 3039
Raleigh, NC 27602-3039

Jane E. Chassey
1514 Azalea Drive
Saint Louis, Missouri 63119

Carolyn E. John
485 Broad River Blvd.
Beaufort, SC 29906

Managing Agent
Centrum Bank AG, Vaduz
Heiligkreuz 8
Postfoch 1168
FL -9490 Vaduz   LIECHTENSTEIN

Gary D. McDowell
200 Ansley Close
Roswell, GA 30075

Jean Wedin
P. O. Box 753
LaConner, WA 98257

Lois Coonc
P. O. Box 699
LaConner, WA 98257

Pamela Johnson
18488 Best Road
Mount Vernon, WA 98273

Managing Agent
Schweizer Verband
der Raiffeisen-banken
St. Gallen
Vadianstrasse 17
CH-9000 St. Gallen    SWITZERLAND

Managing Agent
UBS, Zuerich
Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich    SWITZERLAND

Managing Agent
Schweizerische Hypotheken
Handelsbank, Zurich
Bahnhofstrasse/
Schutzengasse 4
CH-8023 Zurich    SWITZERLAND

Charles Anderson
P. O. Box 33550
Raleigh, NC 27636

Claude Savage
106 Benbow Land
Charlotte, NC 28214

Larry Smith
2435 E. North Street
Greenville, SC 29615

Anna M. Washburn
145 Christopher Drive
Clayton, NC 27520

Shawna Y. Staton
Huchtens, Senter. & Britton, PA
P. O. Box 1030
Raleigh, NC  27602-1030

Henry W. Nozko, Jr., President
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Henry W. Nozko, Jr., President
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Managing Agent
Coeco
2525 Atlantic Avenue
Raleigh, NC 27604

John Docken
Business Credit Leasing
115 West College Drive
Marshall, MN 56258

Managing Agent
Centrum Bank AG Vaduz
Heiligkreuz 8, Postfoch 1168
FL-9490 Vaduz    LIECHTENSTEIN

Managing Agent
Accurata Treuhand und Revisions AG Vaduz
Abundt 36
 FL-9490 Vaduz    LIECHTENSTEIN

Managing Agent
UBS AG, Zurich Direktion
Bahnhofstrasse 45
Postfach
CH-8021 Zurich    SWITZERLAND

Managing Agent
TransAmerica-TIG Insurance
5205 N.O. Connor Blvd. Ste. B1
Irving, TX 75039-3724

Sherwin P. Robin
P. O. Box 9541
Savannah, GA 31412-9541

Tony Copeland
BTI
4300 Six Forks Road, Suite 500
Raleigh, NC 27609

Michael P. Flanagan
Ward and Smith, P.A.
P. O. Box 8088
Greenville, NC 27835-8088

Vickie Corbitt,
Attorney for Commissioner of Revenue
Tennessee Dept. of Revenue - Legal
312 8th Ave. N. #27 Fl.
Nashville, TN 37243-0001

Jean Boyles
P. O. Box 10506
Raleigh, NC 27605

James A. Roberts, III
Lewis & Roberts, PLLC
P. O. Box 17529
Raleigh, NC 27619-7529

Stephani W. Humrickhouse, Esq.
Nicholls & Crampton
4300 Six Forks Road, Suite 700
Raleigh, NC  27609

Paul Faison S. Winborne
300/200 Parham Street, Suite F
P. O. Box 1547
Raleigh, NC 27602

Patrick H. Tyler
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548

Janet Cradeur
P. O. Box 66658
Baton Rouge, LA 70896

Missouri Department of Revenue
Attn: Brian S. Kuhlmann
P. O. Box 475
Jefferson City, MO 65105-0475

James K. Austin
Ellis Painter Ratterree & Bart LLP
P. O. Box 9946
Savannah, GA 31412-9946

Meredith P. Ezzell
Wyrick Robbins Yates & Ponton LLP
P. O. Drawer 17803
Raleigh, NC 27619

Marcia McGair Ippolito
R.I. Division of Taxation
One Capitol Hill
Providence, RI 02908-5800

Walter Calton
312 East Broad Street
Eufaula, AL 36072

Keith M. Jensen
Law Office of Keith M. Jensen
514 East Beklnap
Fort Worth, TX 76102

Joseph N. Calloway, Esq.
Battle, Winslow, Scott & Wiley, P.A.
P. O. Box 7100
Rocky Mount, NC 27804-0100

L. C. Gilbert, Jr.
74 Hilltop Lane
Alpine, AL 35014

Randall L. Greene
Rt. 1, Box 155
Randlett, OK 73562

Maria Lee Siwierka
5507 Deerbourne Chase Dr.
Sugar Land, TX 77479-4194

James H. Thomas
101 Robin Drive
Troy, AL 36081

Denise Marsh
709 Summit Ridge
Lewisville, TX 75067

Sharon A. Meckenstock
1640 West 34th St., N.
Wichita, KS 67204

State Auditor's Office
Montana Securities Department
Mitchell Building, Room 270
State Capital Complex
Helen, MT 59620

Marshall Reddy
P. O. Box 806
Ponte Verde Beach, FL 32004

Henry W. Noziko, Jr.
United Coastal Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Gerald A. Jeutter
Kilpatrick Stockton, LLP
P. O. Box 300004
Raleigh, NC 27622

Henry W. Noziko, Jr.
ACSTAR Insurance Company
P. O. Box 2350
New Britain, CT 06050-2350

Michael K. Wolensky
Robert G. Brunton
David J. Gellen
Kutak Rock
225 Peachtree St., NE, Suite 2100
Atlanta, GA 30303-1731

Robert J. Marrigan
Development Direct, Inc.
P.O. Box 650
Bedford, MA 01730-0650

Ronald H. Garber
Boxley Bolton & Garber
P. O. Drawer 1429
Raleigh, NC 27602

Scott L. Wilkinson
Assistant U.S. Attorney
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461

Cathy Fligg
1456 Stratfield Circle
Atlanta, GA 30319

Betty Hesketh
7566 15th Lane
Vero Beach, FL 32966

James Burshtyn
Office of Texas Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78712548

Jackie S. Hart
1706 Antigua Lane
Nassau Bay, TX  77058

E-mail: x2-song@worldnet.att.net
E-mail: hual@airmail.net
E-mail: mayfi23@marz.com
E-mail: Buddha623@aol.com
E-mail: pgorman@vantagepointcapital.com
E-mail: wrightr@mindspring.com
E-mail: mlafontaine@abbot-simses.com
E-mail: rabbit@rockisland.com
E-mail: cheryll.COSTANIINO@edmail.com
E-mail: jasbircheema@amropictures.com
E-mail: 72320.316@compuserve.com
E-mail: stann@colby.IXKS.com
E-mail: gjack312@Intrstar.net
E-mail: hdfrey@telusplanet.net
E-mail: DLWARREN@BellSouth.net
E-mail: michael_bhagat@hotmail.com
E-mail: rliston@spartanburg4.0rg
E-mail: ghromero@aol.com
E-mail: joanchan@rocketmail.com
E-mail: edeem@worldnet.att.net
E-mail: DFITZPA400@aol.com
E-mail: theboock@compuserve.com
E-mail: pondman@memes.com
E-mail: docchiro@ISLC.net
E-mail: RIZMOE@NWRain.com
E-mail: thodges@gateway.net
E-mail: hlee@directv.com
E-mail: fabb@telusplanet.net
E-mail: cordw@deltapineseed.com
E-mail: NBECK87570@aol.com
E-mail: JYANG4@FORD.COM
E-mail: mccarthy@mccarthyconsultant.com
E-mail: digger@bcsupernet.com
E-mail: BREIDYIII@aol.com
E-mail: pak@jcnl.com
E-mail: lpartr1072@aol.com
E-mail: leadership.possibilities.mak@worldnet.att.net
E-mail: mtheisen@efn.org
E-mail: MLGeller@aol.com
E-mail: mooreem@harpo.tnstate.edu
E-mail: backpain@keynet.net
E-mail: Hbeckbari@aol.com
E-mail: mwarhurst@yahoo.com
E-mail: js.baum@srs.gov
E-mail: wynellh@flash.net
E-mail: dlatray@mcn.net
E-mail: bwood@woodfran.com
E-mail: DickLynn Ferency@compuserve.com
E-mail: CHASSEYRAY@email.msn.com
E-mail: jim.griffith@erols.com
E-mail: xiaokui.shan@bakernet.com
E-mail: xshan@aol.com
E-mail: kkandola@theresidences.com
E-mail: lrochkind@jafferaitt.com
E-mail: sdostrom@hotmail.com
E-mail: michaelhopkins@mailcity.com
E-mail: dana-charles@worldnet.att.net
E-mail: options-galore@yahoo.com
E-mail: bchap@aol.com
E-mail: ceissngr@midrivers.com
E-mail: glassgs@cadvision.com
E-mail: mbrown8967@aol.com
E-mail: diemert@northerntel.net
E-mail: cgrumer@manatt.com
E-mail: shouli.yang@stjude.org
E-mail: RJWNLAW@aol.com

E-mail: sds98@eatel.net
E-mail: jwmaloy@aol.com
E-mail: kanelos@mindspring.com
E-mail: blairc@iname.com
E-mail: Larry_Fletcher@bc.sympatico.ca
E-mail: JNRRICH@Intur.net
E-mail: aadrezin@Epix.net
E-mail: kimball.peed@bigfoot.com
E-mail: tammyr@falcon.ukans.cc.edu
E-mail: VTPALMER27@yahoo.com
E-mail: crandall@rock-springs.dowell.slb.com
E-mail: gedler@bellsouth.net
E-mail: r_brown@email.msn.com
E-mail: hou@mail.med.upenn.edu
E-mail: dsbarron@bellsouth.net
E-mail: jamcgrath@yahoo.com
E-mail: bjsaw@ttc-cmc.net
E-mail: smsutom@aol.com
E-mail: lynn@dot.state.al.us
E-mail: pingnas@ica.net
E-mail: Hanna@tir.com
E-mail: buddunn@auantumworld.com
E-mail: Rahmati@ibm.net
E-mail: Docnielsen@webtv.net
E-mail: mjandcarlincc@juno.com
E-mail: loking@wixmail.com
E-mail: Jholt@Clemson.edu
E-mail: jsmusa@mindspring.com
E-mail: Mainland@ticnet.com
E-mail: cce3@juno.com
E-mail: mcnamer@bigsky.net
E-mail: mwa@wnonline.net
E-mail: lesterabs@mindspring.com
E-mail: shanson@kearney.net
E-mail: an667@hwcn.org
E-mail: yu241703@yorku.ca
E-mail: yu241703@yorku.ca
E-mail: lihen
E-mail: dsbarron@bellsouth.net
E-mail: jamcgrath@yahoo.com
E-mail: bbaum89@aol.com
E-mail: bjsaw@ttc-cmc.net
E-mail: smsutom@aol.com
E-mail: lynn@dot.state.al.us
E-mail: pingnas@ica.net
E-mail: Hanna@tir.com
E-mail: buddunn@quantumworld.com
E-mail: Rahmati@ibm.net
E-mail: docnielsen@webtv.net
E-mail: mjandcarlincc@juno.com
E-mail: loking@wixmail.com
E-mail: Jholt@Clemson.edu
E-mail: jsmusa@mindspring.com
E-mail: Mainland@ticnet.com
E-mail: cce3@juno.com
E-mail: mcnamer@bigsky.net
E-mail: mwa@wnonline.net
E-mail: lesterabs@mindspring.com
E-mail: shanson@kearney.net
E-mail: an667@hwcn.org
E-mail: yu241703@yorku.ca
E-mail: TJDeavers@aol.com
E-mail: BrAnDin420@aol.com
E-mail: hou@mail.med.upenn.edu
E-mail: CTBallard@aol.com
E-mail: beth_pattillo@shmm.org

E-mail:  swede@dmea.net
E-mail:  kmaxeyjr@bayou.com
E-mail:  Wesglynn@aol.com
E-mail:  jwarren@wyche.com
E-mail:  dongming.zhao@jci.com
E-mail:  pkloosterman@juno.com
E-mail:  JEEPETTE99@aol.com
E-mail:  pingnas@ica.net
E-mail:  Karen0906@aol.com
E-mail:  lonni@pb.quik.com
E-mail:  Dana-Charles@Worldnet.Att.Net
E-mail:  Averitas@aol.com
E-mail:  kk_1200@kwikkopy.com
E-mail:  hewlett@cablelan.net
E-mail:  sonia_voldseth@burns.senate.gov
E-mail:  dzeigler@jsucc.jsu.edu
E-mail:  mchad@acnet.net
E-mail:  albourassa@bigfoot.com
E-mail:  albourassa@bigfoot.com
E-mail:  Harden, Holmes
E-mail:  Mgutierrez@pirnie.com
E-mail:  mayfi23@marz.com
E-mail:  shucko@prodigy.net
E-mail:  zuzuy2k@yahoo.com
E-mail:  Mgutierrez@pirnie.com
E-mail:  Mgutierrez@pirnie.com
E-mail:  RRALBRIGHT@AOL.COM
E-mail:  bcslaw@prodigy.net
E-mail:  rosieo@bigsky.net
E-mail:  mooreem@harpo.tnstate.edu
E-mail:  VANATTAL@VAX.CS.HSCSYR.EDU
E-mail:  leadership.possibilities.mak@worldnet.att.net
E-mail:  pingnas@ica.net
E-mail:  cr8on@flash.net
E-mail:  bsclaw@worldnet.att.net
E-mail:  hewlettlj@shaw.ca
E-mail:  ladevries@firstam.com
E-mail:  ihatch@ala.net
Rmggood@Prodigy.Net