United States Bankruptcy Court
For the Eastern District of North Carolina
Raleigh Division

In Re:                                                                           Case Number: 98-02675-5-ATS
    International Heritage, Inc.
        Debtor(s)

Response of RBC Centura Bank to
Trustee's Objections to Claims

    Now comes RBC Centura Bank, formerly known as Centura Bank, and responds to the trustee's objection to two claims filed on behalf of the bank, and the bank respectfully shows the court:

    1.    Debtor commenced this bankruptcy proceeding by filing its petition on November 25, 1998, and the court set a claims bar date of March 30, 1999.

    2.    The bank was not a creditor of debtor at the time debtor filed its petition on November 25, 1998.  The bank was not listed as a creditor in debtor's petition.  The bank did not receive notice of the bankruptcy filing.

    3.    The bank involuntarily became a creditor of debtor subsequent to the commencement of the case.  The bank became a creditor because it had to absorb credit card account chargebacks from debtor's customers when debtor did not deliver goods or otherwise fulfill its contractual obligations to its customers.  The bank thereby became subrogated to the claims of these customers.

    4.    On July 7, 1999, the bank filed a proof of claim in the amount of $36,014.28 designated by the bankruptcy court as claim number 15684.

    5.    On May 25, 2000, the bank filed a proof of claim amending the prior proof of claim.  The amended proof of claim was in the amount of $37,964.85 and was designated by the bankruptcy court as claim 15745.

    6.    The trustee has objected to claim 15684 because it has been amended and replaced by claim 15745.  The trustee has objected to claim 15745 on the basis that the claim was tardily filed.  The trustee, in his objection, has requested that the claim to be allowed pursuant to 11 USC §726(a)(3).

7. The bank's claim should be allowed under 11 USC §726(a)(2) as if it were a timely filed claim. The bank's claim qualifies for such treatment under 11 USC §726(a)(2)(C). This section treats a tardily filed claim as timely filed for distribution purposes if the creditor did not have notice or actual knowledge of the case in time to timely file a proof of claim, and the creditor's claim was filed in time to permit payment of such claim. Both of these conditions are satisfied in this case.

8. The bank's claim should also be allowed as qualifying for sharing in the distribution from funds made available by the Securities and Exchange Commission recovery which funds have been delivered by the Securities and Exchange Commission to the trustee for distribution. These funds are generated for the payment of claims of persons dealing with the debtor such as the customers described above. The bank is subrogated to such claims, and the bank should be permitted to participate in such distribution.

Wherefore, RBC Centura Bank respectfully prays the court:

1. To allow the bank's claim number 15745 in the amount of $37,964.85 qualify as a claim entitled distribution under 11 USC §726(a)(2).

2. To allow the bank's claim number 15745 in the amount of $37,964.85 to participate in the distribution of funds generated by the Securities and Exchange Commission recovery.

3. To allow such other and further relief as the court deems just and proper.

This the 19th day of November, 2007.

Fields & Cooper, PLLC
Attorneys at Law
P. O. Box 4538
Rocky Mount, NC 27803
Telephone: (252) 442-3115

s/John S. Williford, Jr.
John S. Williford, Jr.
NC Bar No. 7395
Attorney for movant
P.O. Box 4538
Rocky Mount, NC 27803

Certificate of Service

I, John S. Williford, Jr. of P. O. Box 4538, Rocky Mount, North Carolina 27803-0538 certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age:

That on the 19th day of November, 2007, I served copies of the foregoing response on:

        International Heritage, Inc.
        c/o Terri L. Gardner, Esq.
        P.O. Drawer 1389
        Raleigh, NC 27602

        Stephani W. Humrickhouse, Esq.
        P.O. Box 18237
        Raleigh, NC 27619

        Terri L. Gardner, Esq.
        P.O. Box 10096
        Raleigh, NC 27605

        Holmes P. Harden, Esq.
        Trustee for Debtor
        P.O. Box 536
        Benson, NC 27504

        Holmes P. Harden, Esq.
        Trustee for Debtor
        P.O. Drawer 19764
        Raleigh, NC 27619

        Susan R. Sherrill, Esq.
        US Securities and Exchange Commission
        Atlanta District Office
        3475 Lenox Road, Suite 1000
        Atlanta, GA 30326-1232

by mailing copies first class mail postage prepaid.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2007                        s/John S. Williford, Jr.
                                                                          John S. Williford, Jr.