FILED
NOV 26 2007
PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

November, 19, 2007

Edward K.S. Kong
214 Mulberry St. Apt 5C
New York, NY 10012

Clerk, U.S. Bankruptcy Court
P.O. Box 1441
Raleigh, NC 27602-1441

RE: Claim No: 000753

Dear Sir or Madam:

I am writing in regards to the letter I received from IHI organization. I've enclosed necessary documentation for the claim no: 000753. It has been such a long time since this claim has been submitted, I am unsure as to why the claim would be $950.00.

In the documentation provided, it states the amount paid was $893.25. The documentation contains the International Heritage Agreements, a complaint letter that was made back in 1997. After the complaint letter, I never heard back from the Chi K. Chan or from your organization. As far as I know, my membership was cancelled. I haven't heard from IHI organization since until the bankruptcy notice.

A copy has been submitted to the Holmes P. Harden, Trustee for IHI. If you have any questions, feel free to contact me at (212) 226-0668.

Sincerely,

*Edward K. S. Kong*

Edward K.S. Kong

Holmes P. Harden, Trustee for IHI
P.O. Box 536
Benson, NC 27504

FROM IHI

Claim No.: 000753
Amount: $950.00

0001 0001031 00000000 001 001 01031 INS: 0 0

EDWARD KING S. KONG
214 MULBERRY STREET APT. #5-C
NEW YORK, NY 10012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:
INTERNATIONAL HERITAGE, INC.
Debtor.

CASE NO: 98-02675-5-ATS

CHAPTER 7

### NOTICE OF OBJECTION TO CLAIM

NOTICE IS HEREBY GIVEN of the Trustee's Objection to Claim filed with the court on October 26, 2007 pursuant to which the trustee objects to one or more proofs of claim filed by you in the above-captioned case.

NOTICE IS FURTHER GIVEN THAT the specific basis of the Trustee's objection to your claim is as follows: **The legal basis for your claim is unclear and/or there is no documentation attached to your claim or the attached documentation does not substantiate the amount claimed. Trustee requests denial of claim.**

You should read this objection carefully and discuss it with your attorney if you have one. ANY CORRESPONDENCE MUST BE IN WRITING. Your claim may be reduced, modified, or disallowed in its entirety if the bankruptcy court sustains the trustee's objections.

NOTICE IS FURTHER GIVEN that if no response to the trustee's objection explaining your position and requesting a hearing is filed in writing with the CLERK, U.S. BANKRUPTCY COURT, P. O. BOX 1441, RALEIGH, NORTH CAROLINA 27602-1441 with a copy to Holmes P. Harden, Trustee for IHI at P. O. Box 536, Benson, NC 27504 within 30 days of the date of this notice, the relief requested by the Trustee may be granted without hearing or further notice. **If a hearing is requested such hearing will be held on November 29, 2007 at 1:00 p.m. at the United States Bankruptcy Courthouse and Post Office Building, Room 208, 300 Fayetteville Street Mall, Raleigh, North Carolina.** Any party requesting a hearing shall attend said hearing in support of such request or (s)he may be assessed with costs.

Dated: October 26, 2007

BY:/s/ Holmes P. Harden
Holmes P. Harden, Trustee

Form H9771 v.0.02



## SECTION FOUR

## INDEPENDENT RETAIL SALES REPRESENTATIVE AGREEMENT
## AND
## CERTIFICATION LETTER

I hereby apply to become an Independent Retail Sales Representative ("Representative") of International Heritage, Inc. (hereinafter "Company").

As a Representative, I understand, agree and certify that:

1. I am of legal age in the state in which I enter this Agreement.

2. I shall become a Representative upon acceptance of this Agreement by the Company. As a Representative, I shall have the right to sell the services and products offered by the Company in accordance with the Company's Statement of Policies and Procedures, which may be amended from time to time.

3. Upon notification to Representatives, the Company, at its discretion, may amend the Statement of Policy and Procedure, the Bi-Lateral Compensation Plan, and any other documents or materials related to the Company's operations and business.

4. I have carefully reviewed all of the materials contained in the Company's Retail Business Career Kit, the Statement of Policies and Procedures and the Bi-lateral Compensation Plan, and acknowledge that they are incorporated as part of this Agreement in their present form and as modified from time to time by the Company and by signing this Agreement I am bound to all of the terms and conditions set forth herein and therein.

5. The term of this Representative is one (1) year, renewable automatically unless previously terminated.

6. A Representative shall be entitled to cancel participation in the IHI program at any time, for any reason upon written notice to the Company. Upon notification of cancellation or termination, the Sponsoring Representative or the Company will repurchase inventory and Retail Business Career Kit materials in accordance with its policies as stated in the Company's Statement of Policies and Procedures.

7. Upon acceptance of this Agreement by the Company, I will be an independent contractor responsible for my own business and not an employee of the Company. I will not be treated as an employee for purposes or application of laws governing employees, including but not limited to the Federal Insurance Contributions Act, the Social Security Act, the Federal Unemployment Tax Act, income tax withholding at the source or any federal or state tax laws. It is my sole responsibility to pay self-employment, state and federal income taxes as required by law.

8. I will not use the Company's copyrights, trade name, trademarks and/or service marks, except in the advertising provided to me by the Company or in other advertising which has received

31

the prior written approval of the Company.

9. Any Representative, who sponsors other Representatives, must fulfill the obligation of performing a bona fide supervisory, distributing and selling function in the sale or delivery of products to the ultimate consumer and in the training of those sponsored. Representatives must have ongoing contact, communication and management supervision with his or her Retail Sales Organization. Examples of such supervision may include, but are not limited to, the preparation and/or conduct of: written correspondence, personal meetings, telephone communications, voice mail communications, electronic mail communications, training sessions, and accompanying individuals to Company training. Representatives should be able to provide, upon request, evidence to the Company, quarterly, of ongoing fulfillment of Sponsor responsibilities if requested.

10. The Company's program is built upon retail sales to the ultimate consumer. The Company also recognizes that Representatives may wish to purchase products for their own personal or family use. Representatives must fulfill published personal and down-line retail sales requirements, as well as supervisory responsibilities, to qualify for Development Bonuses, Override Commissions or advancements.

11. It is Company policy to strictly prohibit the purchase of large quantities of product or inventory solely for the purpose of qualifying for Development Bonuses or Override Commissions. Representatives may not "inventory load" nor encourage others to do the same.

12. The Representative acknowledges that he / she / it is a wholly independent marketing representative who establishes and services retail customers for Company products as an independent contractor. The position of Representative does not constitute either a sale of a franchise or a distributorship, and absolutely no fees have been or will be required from the Representative for the right to distribute the Company's products pursuant to this Agreement. This Agreement is not intended and shall not be construed to create a relationship of employer-employee, agency, partnership, or joint venture between any Representative, sponsor and/or the Company.

As an independent contractor, the Representative shall:

   a. Abide by any and all federal, state, country, county, province and other local laws, rules and regulations pertaining to this Agreement and/or the acquisition, receipt, holding, selling, distributing or advertising of Company products.

   b. At the Representative's own expense, make, execute or file all such reports and obtain such licenses as are required by law or public authority with respect to this Agreement and/or the receipt, holding, selling, distributing or advertising of Company products.

   c. Be solely responsible for declaration and payment of all local, state and federal taxes as may accrue because of the Representative's activities in connection with this Agreement.

13. No purchase or investment is necessary to become a certified Independent Retail Sales Representative.

14. The Company may immediately terminate a Representative who discredits the Company's name, violates any requirement contained in this Agreement, the Company's Policies and Procedures, or training manuals, or misrepresents the Company's products or business opportunity by making claims contrary to the Company's product literature and labels.

15. This Agreement, the material contained in the Retail Career Business Kit, the Statement of Policies and Procedures and the Bi-Lateral Compensation Plan constitute the entire agreement between the Representative and Company and no other additional promises, representations, guarantees or agreements of any kind shall be valid unless in writing, executed by all parties hereto.

16. This Agreement shall be governed by the laws of the state of North Carolina and all claims, disputes and other matters between the parties of this Agreement shall be brought in the General Court of Justice, Wake County, North Carolina, or in the U.S. District Court for the Eastern District of North Carolina, Raleigh Division.

17. I acknowledge that I have read and understand and agree to the terms set forth in this Agreement.

18. This Agreement is not in force until accepted by the Company.

ACCEPTANCE:

International Heritage, Inc.:                                    Applicant:

By:_____                              _____(seal)
       (Company Officer)                                              (Signature)

Title:_____                              _____
                                                                              (Printed name)

Date of Acceptance:_____                   Date of Acceptance:_____
(for office use only)

33

# INTERNATIONAL HERITAGE, INC.
## INDEPENDENT RETAIL SALES REPRESENTATIVE APPLICATION

A19

**For Internal Use Only**
ID# _____
Order# ___d___

Kong Edward

## REPRESENTATIVE INFORMATION (Applying Representative)

Social Security Number / Federal Tax ID#: 654043574

Name of Representative (Last): KONG   (First): EDWARD   (Initial): K

Mailing Address (No P.O. Boxes): [illegible] APT 13C

City/Town: NEW YORK   County: _____   State: NY   Zip Code: 10002

Home Phone: 212-227-0668

Business Phone: _____

Fax Number: _____

Check one of the following:
- [X] Development Leader 1 (3 Retail Business Centers - requires immediate certification)
- [ ] Development Leader 2 (7 Retail Business Centers - requires immediate certification)
- [ ] Other: _____

## PLACEMENT SPONSOR INFORMATION (where this new Retail Business Center is to be placed)

Representative ID# (or Social Security # / Federal Tax ID#): EXTENSION 008

Number: _____   Left or Right (circle one): (L) / R

Name of Representative (Last): CHAN   (First): CHI   (Initial): K

Home Phone: 212-240-0280   AND/OR   Business Phone: _____

Fax Number: _____

## SPONSOR (if different from above)

Representative ID# (or Social Security # / Federal Tax ID#): 29480785

Name of Sponsor (Last): MOY   (First): PETER   (Initial): _____

I AGREE TO THE ABOVE INDICATED INFORMATION AND AM BOUND BY THE TERMS OF THE POLICIES AND PROCEDURES MANUAL AND THE TERMS AND CONDITIONS OF THE INDEPENDENT RETAIL SALES REPRESENTATIVE AGREEMENT.

X Edward K.S. Kong    Date: 5/2/9_

**Representative's Signature**

### PAYMENT OPTIONS
**A. Credit Card Authorization:** (Must be filled out completely)
- [ ] MasterCard  [X] Visa (No other credit cards accepted)

Card #: 4726-5001-XXXX-XXXX
Expiration Date: 04-98
Name of Cardholder: EDWARD K.S. KONG
X Signature: Edward K.S. Kong

**B. Certified Check/Money Order #:** _____

**C. Personal Check #:** _____
(Personal Check Acceptance Form must be attached)

Mail Certified Check or Money Order along with original to:
INTERNATIONAL HERITAGE, INC.
2626 Glenwood Ave., Suite 200 • Raleigh, NC 27608
Phone: (919) 571-4646
* Fax copies not accepted

| | |
|---|---|
| Application Fee | $ 0 |
| Administrative Fee (optional) Access to: Data & Commission processing, newsletter, back office support & communications, product updates, accounting & other customary services | $ 25.00 |
| Retail Business Career Kit (not for profit) Start up materials, flip chart presentation, sample forms, audio/video, product catalogue, monthly planner, etc. | $ 100.00 |
| Career Kit State & Local Sales Tax 8.25 % | $ 8.25 |
| Delivery Charge on Retail Business Career Kit (choose one) ☐ 2 Day Air $15.00 ☐ Ground $10.00 | $ 10.00 |
| Total from Product Order Form, Retail Business Agreement and Sales Aids Form | $ 750.00 |
| TOTAL AMOUNT ENCLOSED | $ 893.25 |

# INTERNATIONAL HERITAGE, INC.
## RETAIL BUSINESS AGREEMENT

**BUYER'S INFORMATION**

Social Security Number / Federal Tax ID#: 540435??

Name (Last): KONG   (First): EDWARD K.NG   (Initial): S.

Company Name (Contact name must be provided above):

Shipping Address (no P.O. boxes): 21 4 MULBERRY STREET APT 32

City/Town: NEW YORK   State: NY   Zip Code: 10013

Business Phone: 

Fax Number:   Cellular/Voice:

**PRODUCT INFORMATION**

| Retail Business Center | RBA Product Item Number (3 RBA's per Business Center max) | | |
|---|---|---|---|
| | RBA 1 | RBA 2 | RBA 3 |
| 0 0 1 | 5106 | | |
| 0 0 2 | 51035 | | |
| 0 0 3 | 51045 | | |
| 0 0 4 | | | |
| 0 0 5 | | | |
| 0 0 6 | | | |

(Check One)

☐ Development Leader _____
(1 Retail Business Center with 60 day Cash-Out option)

☑ Development Leader One   750.00
(3 Retail Business Centers Cash-Out option not available)

☐ Development Leader Two _____
(7 Retail Business Centers Cash-Out option not available)

☐ Recertification _____

☐ Other _____

**TOTAL** 750.00

**PAYMENT OPTIONS**

A. Credit Card Authorization: (Must be filled out completely)
☐ MasterCard   ☑ Visa (no other credit card accepted)

Card # 4226

Expiration Date _____

Name of Cardholder _____

Signature: Edward K. S. Kong

B. Certified Check/Money Order # _____

C. Personal Check # _____
(Personal Check Acceptance Form must be attached)

Mail Certified Check or Money Order along with original to:
INTERNATIONAL HERITAGE, INC.
2626 Glenwood Ave., Suite 200
Raleigh, NC 27608
Phone: (919) 571-4646
Fax copies not accepted

I agree to the above indicated information and will be bound by the terms and conditions contained on the reverse side, the policies and procedures, and the Independent Retail Sales Representative Agreement and Handbook.

Purchaser's Signature: Edward K. S. Kong   Date: 5/2/97

# INTERNATIONAL HERITAGE, INC.
INDEPENDENT RETAIL SALES REPRESENTATIVE RETAIL RECEIPT FORM

The Independent Retail Sales Representative Retail Receipt Form is a required document for all direct product purchases and all Retail Business Agreements. If this form is not attached to a product order or Retail Business Agreement the paperwork will not be processed and will be returned to the Selling Representative.

**PURCHASING CUSTOMER INFORMATION**

Name: KONG, EDWARD KING SHE
Street Address: 214 MULBERRY STREET APT. #5C
City: NEW YORK  State: NY  Zip: 10012
Home Phone: (212) 226-0668
Business Phone:

**SELLING REPRESENTATIVE INFORMATION**

Name: CHAN, CHI K
Street Address: 63 BAXTER ST
City: NY  State: NY  Zip: 10013
Representative ID #:
Telephone: (212) 226-0568

If the purchasing customer is considering joining International Heritage as a Representative but is purchasing product(s) prior or at the time of his/her association, this prospective Representative is making a retail product purchase as a non-member. If the purchasing customer subsequently becomes associated with the Company and orders products at a later date, those products would be considered purchases for personal consumption unless they are purchased for a retail sale.

*The cancellation provisions of this receipt form apply only to the retail product purchase associated with this transaction. These cancellation provisions are unrelated to the Cash-Out option of the Retail Business Agreement (RBA).

| ITEM # | PRODUCT DESCRIPTION | QTY. | SIZE | COST | TOTAL |
|---|---|---|---|---|---|
| 5106 | Lexington Brief (BLACK) | 1 | | 275.00 | 275.00 |
| 51035 | Court Bag, Double Billford wallet 2pc. Set | 1 | (BLACK) | 250.00 | 250.00 |
| 51045 | SoHo Bag Double Billford wallet 2pc set | 1 | (BLACK) | 315.00 | 315.00 |
| | | | SUBTOTAL | | |
| | | | TAX (n/a if RBA) | | |
| | | | SHIPPING (n/a if RBA) | | |
| | | | TOTAL | | |

**100% SATISFACTION GUARANTEE**
Thank you for your order! If for any reason you are not completely satisfied with your product selection, you may return it within 10 days after receipt for a full refund from your International Heritage Independent Retail Sales Representative.

Purchasing Customer Signature: Edward K.S. Kong

Date: 5/2/97

YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE THE NOTICE OF CANCELLATION FORM ON BACK FOR AN EXPLANATION OF THIS.

Form # 105 Revised 10/96          White: Customer          Yellow: Rep

The undersigned hereafter referred to as "Buyer" and International Heritage, Inc. hereafter referred to as "IHI" enter into this agreement effective as set forth below.

1. The buyer agrees to pay the sum of $250.00 toward the purchase of an IHI product. **The Retail Business Agreement has a sixty (60) day cash value of $250.00 per product selected.**
2. The Representative, by signing below, certifies that by placing this order, he/she has sold/consumed 70% or more in dollar value of any previous order from International Heritage, Inc.
3. This Retail Business Agreement will become effective only after receipt at the corporate headquarters and acceptance thereof by IHI.
4. All completed Retail Business Agreements received by IHI and all monies for each order, which are processed bank, upon completion of an order, are required to ship within three (3) business days of having received.
5. THIS AGREEMENT IS SUBJECT TO THE POLICIES AND PROCEDURES AS SET FORTH IN THE IHI INDEPENDENT RETAIL SALES REPRESENTATIVE HANDBOOK, IN ADDITION TO THE TERMS AND CONDITIONS CONTAINED IN THE IHI BILATERAL COMPENSATION PLAN, THE REPRESENTATIVE APPLICATION, CERTIFICATION LETTER AND RENEWAL FORM, ALL OF WHICH ARE INCORPORATED HEREIN.

**CHOOSE ONE OF THE FOLLOWING:**

☐ **BUY-OUT**
Buyer agrees that in order to complete this agreement and to receive the product ordered, the balance of $_____ plus sales tax on total Representative Cost, plus a general administrative fee of 5% of total Representative Cost must be paid within sixty (60) days of the date of this agreement. Once Buy-Out expires, the Earn-Out option is still available. A charge back of business volume, if applicable, will occur when the Buy-Out is received by IHI home office.

☒ **EARN-OUT**
Buyer is a Representative and is making this purchase for resale or personal use and is applying commissions to be earned toward completing this agreement. There is no time limit to earn out the product, and there is no 5% administrative fee with this selection.

☐ **CASH-OUT** (ONLY AVAILABLE TO DEVELOPMENT LEADER WITH 1 RETAIL BUSINESS CENTER)
Buyer desires to cancel this Retail Business Agreement and terminate the relationship with IHI. Buyer must sign below and return the Retail Business Agreement to the corporate offices of IHI within sixty (60) days from the date of this agreement. Buyer will receive 100% refund. When a Representative has achieved Level 1 earnings from IHI under any RBA or Business Center, the Cash-Out option is no longer available. If a Representative has not received a Level 1 earnings, he may elect the Cash-Out option. A charge back of business volume will occur when the Cash-Out is received by the IHI home office.

**INTERNATIONAL HERITAGE INCORPORATED**

X _edward K. S. Kong_       5/2/97
Buyer's Signature            Date

**Purchasing Customer/Prospective Representative (please answer the following):**

I am purchasing this/these product(s) for personal consumption. _____Yes _____No

I am purchasing this/these product(s) for retail purposes and have already sold or will be selling them to a retail customer. _____Yes _____No

**Selling Representative (please answer the following):**

This product has been sold to someone not affiliated with IHI. _____Yes _____No

Is this a direct product purchase for a retail sale? _____Yes _____No

If yes, I sold _____ ( # of products) items for a total of $ _____ (retail total, not rep cost).

I understand that 70% of all products purchased must be resold to retail customers unless purchased for reasonable personal consumption.

Representative Signature_____ Date_____

## NOTICE OF CANCELLATION
(For retail customers and direct product purchases.)

You may cancel this transaction, without any penalty or obligation, within three (3) business days from the above date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within ten (10) business days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel this transaction, you must make available to the seller, in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.

If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your notice of cancellation, you may return or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

TO CANCEL THIS TRANSACTION, MAIL OR DELIVER A SIGNED AND DATED COPY OF THIS CANCELLATION NOTICE OR ANY OTHER WRITTEN NOTICE, OR SEND A TELEGRAM,

to_____
**NAME OF SELLER**

at_____
**ADDRESS OF SELLER'S PLACE OF BUSINESS**

NOT LATER THAN MIDNIGHT OF _____(date).

_____    _____
I hereby cancel this transaction. Date         Buyer's Signature

                                                                    214 Mulberry St. Apt.5C  
                                                                    New York, NY 10012  
                                                                    December 27, 1997

International Heritage Inc.  
2626 Glenwood Ave, Suite 200  
Raleigh, NC 27608

    Re: Complaint

Dear Sir or Madam:

    I am writing in regards to my membership into your organization. I have a complaint against the Selling Representative, Mr. Kenny Lau. I joined into IHI in May of 1997. When I signed, the Independent Retail Sales Representative application, I was misinformed of the details of the membership or any of the charges made to my credit card account. I am writing now because it took me approximately 4 to 5 months to get a hold of the agreement. Mr Lau had refused all ways possible to release the agreement to me.

    At the time, I was told to sign the agreement and would automatically be enrolled into the organization. After looking over the agreement, purchases were made that I was unaware of. The products ordered totaled to $750.00, which I never received. When I questioned Mr. Lau, his response was that all the charges were administrative and processing fees. I question the liability and reputation of your company when fraudulent changes made to the original contract agreement. The original contract was changed with white-out and in place, a different selling representative name was written. The original selling representative was Kenny Lau. His home address and number is listed below:

                      Mr. Kenny Lau  
                      1972 83rd St.  
                      Brooklyn, NY 11214  
                      Tel: (718) 946-4178

As far as I am concern, this address is correct, unless it was changed.

    I request that this situation will be investigated further. In regards to the changes made, in place of the original name the following was written:

                      Chan, Chi K.  
                      63 Baxter St.  
                      New York, NY 10013  
                      tel: (212)240-0280

In addition, an Independent Retail Sales Representative agreement and certification letter was never signed. I was not informed of any further processing details. In the representative agreement, section nine states:

    "Any Representative, who sponsors other Representatives, must  
      fulfill the obligation performing a bona fide supervisory,

>distributing and selling function in the sale or delivery of products to the ultimate consumer and in the training of those sponsored. Representatives must have ongoing contact, communication and management supervision with his or her Retail Sales Organization."

A total of 893.25 was charged to my account. The Sponsoring Representative, Mr. Kenny Lau did not fulfill any of the duties stated above.

    I request that this situation will be investigated further and the appropriate actions will be taken agains Mr. Kenny Lau. As well as an investigation of the products listed in the Sales Receipt form. The products were never received my me and request a refund of $750.00 in purchases. I would also like to cancel my membership into IHI.

    If further action is not taken, a complaint will be filed at the Bureau of Consumer Affairs. I have enclosed copies of the Independent Retail Sales application and the Representative agreement for your records. If you have any questions, feel free to contact me at home (212) 226-0668. Thank you for your cooperation. Please contact me to ensure that this matter will be further investigated.

                                          Sincerely,

                                          *Edward K.S. Kong* (signature)

                                          Edward K.S. Kong

enc.