FILED
NOV 2 6 2007
PEGGY B. DEANS, CLERK
U.S. BANKRUPCY COURT
EASTERN DISTRICT OF N.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO: 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC. | : | |
| Debtor | : | CHAPTER 7 |

**NOTICE OF RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM**

DECLARATION OF PAMELA A. JOHNSON

I, Pamela A. Johnson, do hereby swear and affirm as follows:

    I am a creditor in the above-captioned case, and I was provided notice of the Trustee's objection to my claim in a document dated October 26, 2007. The reason for the objection is described as follows: "The legal basis for your claim is unclear and/or there is no documentation attached to your claim or the attached documentation does not substantiate the amount claimed. Trustee requests denial of claim." I do not request a hearing, as the expense and timing of such a trip would add further injury and financial expenditure to that already incurred as a result of the Debtor's conduct. I respectfully request that the Trustee review my declaration in support of my claim and the exhibits attached hereto. I believe that the declaration under penalty of perjury and supporting documents provide a clear basis for my claim of $35,000.00, which does not begin to address the inconvenience, emotional distress and other significant non-economic damages I have suffered due to the Debtor's fraud.

    I make this declaration and provide the attached documentation in support of my claim in this matter, Claim No: 001757 in the amount of $35,000.00.

    In October of 1998, my business partner, Lois Coonc (Claim No. 001758), and I both agreed to each provide the debtor in this matter, International Heritage, Inc.,with a loan secured by promissory notes in the amount of $35,000.00 each. In addition, an

ORIGINAL

acquaintance of ours, Jean Wedin (Claim No. 006241), provided a $25,000.00 loan to IHI around the same time, also secured by a promissory note and a UCC-1 filing. The funds were transferred to IHI in October 1998. The notes were signed by Stan Van Etten, President of International Heritage, Inc. and a UCC-1 filing including a Schedule of Collateral was made in Wake County, NC, and supposedly with the North Carolina Secretary of State, per the cover letter signed by Georgina Mallick, Vice President of Legal Affairs, who also purportedly witnessed the signatures of Mr. Van Etten (which are clearly stamped) and also signed the Promissory Notes.

Due to the passage of a considerable amount of time, complete records are not available. I offer documents from each of us as evidence, as at one point, we all received substantially the same documentation. I hereby swear and affirm that each of these documents is a true and correct copy of the documents we received from the Debtor, IHI. At one time, I had a UCC-1 Financing Statement and Schedule of Collateral, a Promissory Note signed by the Debtor in the amount of $35,000.00, and a letter from Ms. Mallick. I have never received any payment from the Debtor. The following documents are attached in support of my claim.

1) A copy of the UCC-1 Financing Statement and Schedule of Collateral (stamped 98 008341) for Pamela Johnson is attached hereto.
2) A copy of a Promissory Note to Lois Coonc in the amount of $35,000.00 signed by Stan Van Etten, President of IHI. This is identical to the Promissory Note I received except that my note was made out to Pamela Johnson.
3) A copy of a Promissory Note to Jean Wedin in the amount of $25,000.00 signed by Stan Van Etten, President of IHI.
4) A letter to Jean Wedin from Georgina Mallick dated October 20, 1998 referencing the Promissory Note and alleged filings.

I swear under penalty of perjury of the laws of the State of Washington, the laws of the State of North Carolina, and the laws of the United States of America that this declaration is true and correct to the best of my knowledge.

Dated this 19th day of November, 2007, in LaConner_____, Skagit County, State of Washington.

Pamela Johnson

_____
Notary Public in and for the State
of Washington
Printed Name: MICHELLE D JOHNSON
Appt. Expires: 12-20-09

| This FINANCING STATEMENT is presented to a Filing Officer for filing pursuant to the Uniform Commercial Code. | No. of Additional Sheets Presented: 01 | | UCC-1 |
|---|---|---|---|
| (1) Debtor(s) (Last Name First) and Address(es): (Please Type)<br><br>International Heritage, Inc.<br>2626 Glenwood Ave., #200<br>Raleigh, NC 27608 | (2) Secured Party(ies) (Name(s) And Address(es)):<br><br>Pamela Johnson<br>18488 East Road<br>Mount Vernon, WA 98273 | | For Filing Officer |
| (3) (a) ☐ Collateral is or includes fixtures.<br>(b) ☐ Timber, Minerals or Accounts Subject to G.S. 25-9-103(5) are covered<br>(c) ☐ Crops Are Growing Or To Be Grown *<br>On Real Property Described In Section (5).<br>If either block 3(a) or block 3(b) applies describe real estate, including record owner(s) in section (5). | (4) Assignee(s) of Secured Party, Address(es): | | |
| (5) This Financing Statement Covers the Following types [or items] of property.<br><br>See attached schedule of collateral attached and incorporated by reference. | | | |
| ☐ Products of the Collateral Are Also Covered. | * On Farm Collateral Filing, Name County Debtor Resides in _____ (Cannot be Filed unless County is named.) | | |
| (6) Signatures: Debtor(s)<br><br>International Heritage, Inc.<br>(By) _____<br>Standard Form Approved by N.C. Sec. of State<br>Revised 11-90 | (By) _____<br>Secured Party(ies) [or Assignees]<br><br>Signature of Secured Party Permitted in Lieu of Debtor's Signature:<br>(1) Collateral is subject to Security Interest In Another Jurisdiction and ☒<br>☐ Collateral Is Brought Into This State<br>☐ Debtor's Location Changed To This State<br>(2) For Other Situations See: G.S. 25-9-402 (2) | | |
| (5) DEBTOR COPY REMOVE THIS COPY AND FORWARD BALANCE OF FORM INTACT FOR FILING. | | | |

**Exhibit 1 of 4**

## SCHEDULE OF COLLATERAL

1. All of the Debtor's open accounts receivable, book debts, notes, drafts of acceptances, contracts, chooses in action and any right to payment not evidenced by an instrument or chattel paper arising in the ordinary course of business from the sale of goods and rendition of services or both (collectively, the "Accounts");

2. all of the Debtor's present and future instruments, documents, chattel paper and general intangibles;

3. all reserves, balances, deposits, credits and property at any time owning or belonging to the Debtor in possession of or in transit to the Lender;

4. all moneys, securities and other property, now held or hereafter received by, or in transit to, the Secured Party from or for the Debtor, whether for safekeeping, pledge, collection or otherwise, except moneys, securities and other property held in escrow by a third party on behalf of the Debtor, said moneys, securities and other property shall not be considered collateral unless and until the escrow agent has deposited such moneys, securities and other property with the Debtor;

5. all books, records and other property relating to the collateral;

6. all inventory of the Debtor held for sale or lease or to be furnished under contracts of service, whether raw materials, work-in-process, materials used or consumed in its business or finished goods (collectively, the "Inventory");

7. all of the Debtor's equipment and software, together with all additions, parts, accessories, special tools and attachments now and hereafter affixed thereto and/or used in connection therewith, and all replacements thereof and substitutions therefor (collectively, the "Equipment");

8. all intellectual property owned by the Debtor, whether registered or otherwise, not limited to trademarks, trade names, service marks, copyrights and patents (collectively, "Intellectual Property");

9. all cash and non-cash proceeds and products of the collateral; and

10. all after-acquired collateral.

gm/collateral.schedule

Exhibit 1A of 4

Exhibit  2  of  4

SATISFACTION: The debt evidenced by this Note has been satisfied in full this _____ day of _____, 19 ____
Signed: _____

# PROMISSORY NOTE

Raleigh _____, N.C.

$ 35,000 _____                                                                October 7 , 1998

FOR VALUE RECEIVED the undersigned, jointly and severally, promise to pay to Lois Coonc, an individual
P. O. Box 699, LaConner, Washington 98257
_____ or order,

the principal sum of Thirty-Five Thousand _____
DOLLARS ( $ 35,000 ), with interest from 07 October 1998 , at the rate of ten
per cent ( 10 %) per annum on the unpaid balance until paid or until default, both principal and interest payable in lawful money of the United States of America, at

the office of Lois Coonc or International Heritage, Inc., 2626 Glenwood Ave.,
Suite 200, Raleigh, North Carolina 27608
or at such place as the legal holder hereof may designate in writing. It is understood and agreed that additional amounts may be advanced by the holder hereof as provided in the instruments, if any, securing this Note and such advances will be added to the principal of this Note and will accrue interest at the above specified rate of interest from the date of advance until paid. The principal and interest shall be due and payable as follows:

On or before 08 April 1999.  There shall be no prepayment penalty.

If not sooner paid, the entire remaining indebtedness shall be due and payable on 08 April 1999 .

If payable in installments, each such installment shall, unless otherwise provided, be applied first to payment of interest then accrued and due on the unpaid principal balance, with the remainder applied to the unpaid principal.

Unless otherwise provided, this Note may be prepaid in full or in part at any time without penalty or premium. Partial prepayments shall be applied to installments due in reverse order of their maturity.

In the event of (a) default in payment of any installment of principal or interest hereof as the same becomes due and such default is not cured within ten (10) days from the due date, or (b) default under the terms of any instrument securing this Note, and such default is not cured within fifteen (15) days after written notice to maker, then in either such event the holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and, the prepayment premium, if any, at once due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at any other time. The unpaid principal of this Note and any part thereof, accrued interest and all other sums due under this Note and the Deed of Trust,

if any, shall bear interest at the rate of eight _____ per cent ( 8 %) per annum after default until paid.

All parties to this Note, including maker and any sureties, endorsers, or guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note and the Deed of Trust notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

Upon default the holder of this Note may employ an attorney to enforce the holder's rights and remedies and the maker, principal, surety, guarantor and endorsers of this Note hereby agree to pay to the holder reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default. The rights and remedies of the holder as provided in this Note and any instrument securing this Note shall be cumulative and may be pursued singly, successively, or together against the property described in the Deed of Trust or any other funds, property or security held by the holder for payment or security, in the sole discretion of the holder. The failure to exercise any such right or remedy shall not be a waiver or release of such rights or remedies or the right to exercise any of them at another time.

This Note is to be governed and construed in accordance with the laws of the State of North Carolina.
This Note is given _____ , and is secured by a
general collateral financing statement filed with the North Carlina Secretary
of State and Wake County Register of Deeds which is a subordinate lien upon the property therein described.

IN TESTIMONY WHEREOF, each corporate maker has caused this instrument to be executed in its corporate name by its
_____ President, attested by its
_____ Secretary, and its corporate seal to be hereto affixed, all by order of its Board of Directors first duly given, the day and year first above written.

IN TESTIMONY WHEREOF, each individual maker has hereunto set his hand and adopted as his seal the word "SEAL" appearing beside his name, the day and year first above written.

_____ (SEAL)

the office of  Lois Coonc or International Heritage, Inc., 2626 Glenwood Ave., Suite 200, Raleigh, North Carolina 27608
or at such place as the legal holder hereof may designate in writing. It is understood and agreed that additional amounts may be advanced by the holder hereof as provided in the instruments, if any, securing this Note and such advances will be added to the principal of this Note and will accrue interest at the above specified rate of interest from the date of advance until paid. The principal and interest shall be due and payable as follows:

On or before 08 April 1999.  There shall be no prepayment penalty.

If not sooner paid, the entire remaining indebtedness shall be due and payable on  08 April 1999 .

If payable in installments, each such installment shall, unless otherwise provided, be applied first to payment of interest then accrued and due on the unpaid principal balance, with the remainder applied to the unpaid principal.

Unless otherwise provided, this Note may be prepaid in full or in part at any time without penalty or premium. Partial prepayments shall be applied to installments due in reverse order of their maturity.

In the event of (a) default in payment of any installment of principal or interest hereof as the same becomes due and such default is not cured within ten (10) days from the due date, or (b) default under the terms of any instrument securing this Note, and such default is not cured within fifteen (15) days after written notice to maker, then in either such event the holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and, the prepayment premium, if any, at once due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at any other time. The unpaid principal of this Note and any part thereof, accrued interest and all other sums due under this Note and the Deed of Trust, if any, shall bear interest at the rate of  eight  per cent ( 8 %) per annum after default until paid.

All parties to this Note, including maker and any sureties, endorsers, or guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note and the Deed of Trust notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

Upon default the holder of this Note may employ an attorney to enforce the holder's rights and remedies and the maker, principal, surety, guarantor and endorsers of this Note hereby agree to pay to the holder reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default. The rights and remedies of the holder as provided in this Note and any instrument securing this Note shall be cumulative and may be pursued singly, successively, or together against the property described in the Deed of Trust or any other funds, property or security held by the holder for payment or security, in the sole discretion of the holder. The failure to exercise any such right or remedy shall not be a waiver or release of such rights or remedies or the right to exercise any of them at another time.

This Note is to be governed and construed in accordance with the laws of the State of North Carolina.

This Note is given _____ , and is secured by a  general collateral financing statement filed with the North Carlina Secretary of State and Wake County Register of Deeds  which is  subordinate  lien upon the property therein described.

IN TESTIMONY WHEREOF, each corporate maker has caused this instrument to be executed in its corporate name by its _____ President, attested by its _____ Secretary, and its corporate seal to be hereto affixed, all by order of its Board of Directors first duly given, the day and year first above written.

IN TESTIMONY WHEREOF, each individual maker has hereunto set his hand and adopted as his seal the word "SEAL" appearing beside his name, the day and year first above written.

International Heritage, Inc.
(Corporate Name)
By: _____ President
ATTEST: _____ Secretary (Corporate Seal)

_____ (SEAL)
_____ (SEAL)
_____ (SEAL)
_____ (SEAL)

_____
(Corporate Name)
By: _____ President
ATTEST: _____ Secretary (Corporate Seal)

_____ (SEAL)
_____ (SEAL)

N.C. Bar Assn. Form No. 4 © 1976, Revised © 1985      Printed by Agreement with the N.C. Bar Assn.      Poole Printing Co., Inc. P.O. Box 58487, Raleigh, N.C. 27658

SATISFACTION: this Note has been satisfied in full this _____ day of _____, 19____
Signed: _____

# PROMISSORY NOTE

Raleigh _____, N.C.

07 October _____, 19 98

$ __25,000__

FOR VALUE RECEIVED the undersigned, jointly and severally, promise to pay to __Jean Wedin, an individual, P. O. Box 1600, LaConner, Washington 98257__ [753]  _____ or order,

the principal sum of __Twenty-Five Thousand__ _____
DOLLARS ( $ __25,000__ ), with interest from __07 October 1998__, at the rate of __ten__ _____
per cent ( __10__ %) per annum on the unpaid balance until paid or until default, both principal and interest payable in lawful money of the United States of America, at

the office of __Jean Wedin or International Heritage, Inc., 2626 Glenwood Ave., Suite 200, Raleigh, North Carolina 27608__ _____
or at such place as the legal holder hereof may designate in writing. It is understood and agreed that additional amounts may be advanced by the holder hereof as provided in the instruments, if any, securing this Note and such advances will be added to the principal of this Note and will accrue interest at the above specified rate of interest from the date of advance until paid. The principal and interest shall be due and payable as follows:

ON or before 8 April 1999.  There shall be no prepayment penalty.

If not sooner paid, the entire remaining indebtedness shall be due and payable on __08 April 1999__ _____.

If payable in installments, each such installment shall, unless otherwise provided, be applied first to payment of interest then accrued and due on the unpaid principal balance, with the remainder applied to the unpaid principal.

Unless otherwise provided, this Note may be prepaid in full or in part at any time without penalty or premium. Partial prepayments shall be applied to installments due in reverse order of their maturity.

In the event of (a) default in payment of any installment of principal or interest hereof as the same becomes due and such default is not cured within ten (10) days from the due date, or (b) default under the terms of any instrument securing this Note, and such default is not cured within fifteen (15) days after written notice to maker, then in either such event the holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and, the prepayment premium, if any, at once due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at any other time. The unpaid principal of this Note and any part thereof, accrued interest and all other sums due under this Note and the Deed of Trust, if any, shall bear interest at the rate of __eight__ _____ per cent ( __8__ %) per annum after default until paid.

All parties to this Note, including maker and any sureties, endorsers, or guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note and the Deed of Trust notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

Upon default the holder of this Note may employ an attorney to enforce the holder's rights and remedies and the maker, principal, surety, guarantor and

Exhibit __3__ of __4__

ON or before 8 April 1999.  There shall be no prepayment penalty.

If not sooner paid, the entire remaining indebtedness shall be due and payable on __08 April 1999_____

If payable in installments, each such installment shall, unless otherwise provided, be applied first to payment of interest then accrued and due on the unpaid principal balance, with the remainder applied to the unpaid principal.

Unless otherwise provided, this Note may be prepaid in full or in part at any time without penalty or premium. Partial prepayments shall be applied to installments due in reverse order of their maturity.

In the event of (a) default in payment of any installment of principal or interest hereof as the same becomes due and such default is not cured within ten (10) days from the due date, or (b) default under the terms of any instrument securing this Note, and such default is not cured within fifteen (15) days after written notice to maker, then in either such event the holder may without further notice, declare the remainder of the principal sum, together with all interest accrued thereon and, the prepayment premium, if any, at once due and payable. Failure to exercise this option shall not constitute a waiver of the right to exercise the same at any other time. The unpaid principal of this Note and any part thereof, accrued interest and all other sums due under this Note and the Deed of Trust, if any, shall bear interest at the rate of _____eight_____ per cent ( __8__ %) per annum after default until paid.

All parties to this Note, including maker and any sureties, endorsers, or guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note and the Deed of Trust notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

Upon default the holder of this Note may employ an attorney to enforce the holder's rights and remedies and the maker, principal, surety, guarantor and endorsers of this Note hereby agree to pay to the holder reasonable attorney's fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default. The rights and remedies of the holder as provided in this Note and any instrument securing this Note shall be cumulative and may be pursued singly, successively, or together against the property described in the Deed of Trust or any other funds, property or security held by the holder for payment or security, in the sole discretion of the holder. The failure to exercise any such right or remedy shall not be a waiver or release of such rights or remedies or the right to exercise any of them at another time.

This Note is to be governed and construed in accordance with the laws of the State of North Carolina.

This Note is given _____ , and is secured by a

general collateral financing statement filed with the North Carolina Secretary of State and Wake County Register of Deeds which is a subordinate lien upon the property therein described.

| IN TESTIMONY WHEREOF, each corporate maker has caused this instrument to be executed in its corporate name by its _____ President, attested by its _____ Secretary, and its corporate seal to be hereto affixed, all by order of its Board of Directors first duly given, the day and year first above written. | IN TESTIMONY WHEREOF, each individual maker has hereunto set his hand and adopted as his seal the word "SEAL" appearing beside his name, the day and year first above written. |

International Heritage, Inc.
_____
(Corporate Name)
By: _____ President
ATTEST: _____ Secretary (Corporate Seal)

_____
(Corporate Name)
By: _____
_____ President
ATTEST:
_____ Secretary (Corporate Seal)

_____ (SEAL)
_____ (SEAL)
_____ (SEAL)
_____ (SEAL)
_____ (SEAL)
_____ (SEAL)
_____ (SEAL)

N.C. Bar Assn. Form No. 4 © 1976. Revised © 1985    Printed by Agreement with the N.C. Bar Assn.    Poole Printing Co., Inc. P.O. Box 58487, Raleigh, N.C. 27658



Georgina Marie Mollick
Vice President
Legal Affairs

October 20, 1998

*VIA TWO-DAY MAIL*

Ms. Jean Wedin
P. O. Box 1500 753
LaConner, Washington 98257

Re:   International Heritage, Inc. Promissory Note Dated October 7, 1998 for $25,000

Dear Ms. Wedin:

Enclosed please find the original paperwork associated with your $25,000 loan dated October 7, 1998 to International Heritage, Inc. You will note that the terms of the loan require payment of principal and interest on or before April 8, 1999. This loan has been secured by a general financing statement filed with the North Carolina Secretary of State as well as the Wake County Register of Deeds.

The stock that was pledged as an additional consideration for making the loan will be sent to you under separate cover directly from the transfer agent, Interwest Transfer.

If you have any questions with respect to the terms of your loan or the repayment thereof, please do not hesitate to contact the undersigned.

With sincerest regards, I am

Very truly yours,

Georgina Marie Mollick
Vice President, Legal Affairs

Enclosures

cc:   John D. Brothers, Executive Vice President (w/o enclosures)
      Debbie Blevins, Accounting Manager

gm/generalcorrespondence/Wedin.Promissory.ltr

*[handwritten: F.B.I. INVESTIGATION (NOT SECURED)]*

Exhibit 4 of 4

Carolina Place • 2626 Glenwood Avenue, Suite 200 • Raleigh, NC 27608
(919) 571•4646 Phone • (919) 571•8744 Fax