**SO ORDERED.**

**SIGNED this 11 day of December, 2007.**

_____
A. Thomas Small
United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.: 98-02675-5-ATS |
| INTERNATIONAL HERITAGE, INC., ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |

### ORDER AUTHORIZING ALLOCATION OF ATTORNEYS FEES

This matter having come on for hearing before the undersigned on November 27, 2007 and it appearing to the court:

1. This case was filed on November 25, 1998 and Holmes P. Harden was appointed Trustee.

2. Trustee has collected funds and interest totaling $7,229.194.00 as of September 29, 2007.

3. Of the aforesaid $7,229,194.00, Trustee received $4,100,000.00 from a payment bond posted by the Debtor in the United States District Court for the Northern District of Georgia in the matter of <u>Securities and Exchange Commission v International Heritage, Inc. et als</u>, Civil Action No. 1-98-CV-0803-RW, ("Securities Litigation"). Proceeds of the bond, which inured to the benefit of the Securities and Exchange Commission (SEC), were paid to the Trustee pursuant to the terms of an Order of this Court dated June 21, 1999. Trustee also received from the Clerk of Court of the Northern District of Georgia pursuant to the June 21, 1999 Order the sum of $215,308.30 that was disgorged by the defendants in the Securities Litigation.

4. The June 21, 1999 Order contains a stipulation that the bond and disgorgement proceeds be paid as follows:

> 6. The Sureties have agreed to pay and the Trustee for International Heritage, Inc. has agreed to receive $4.1 million under the Bond and to disburse the

> proceeds of the Bond in the International Heritage, Inc. bankruptcy case according to Paragraph V of Exhibit A(1) attached hereto. The Commission stipulates that the United States Bankruptcy Court for the Eastern District of North Carolina has jurisdiction pursuant to 28 U.S.C. § 1334 over the administration of the surety bond, and further stipulates that any and all proceeds of such bond shall be first subject to a payment to the Trustee of an amount equal to the full statutory commission permitted pursuant to 11 U.S.C. § 326(a) without reduction notwithstanding the foregoing stipulation that the bond is not property of the IHI estate, and in addition to the aforesaid payment to Trustee, <u>to payment of all allowed IHI administrative claims.</u> (Emphasis added)

A copy of the June 21, 1999 Order is attached hereto and is incorporated herein as Exhibit A.

5. The law firm of Lewis and Roberts pursued claims of the Trustee against Erie Insurance Company ("Erie") and Executive Risk Insurance Company ("Executive Risk"). Counsel recovered $60,000.00 from Erie and $1,787,500.00 from Executive Risk. Fees totaling $482,223.59 were paid to Lewis and Roberts upon Court approval.

6. Trustee employed the law firm of Nicholls and Crampton to pursue avoidance actions. Counsel recovered a total of $485,684.27. Fees totaling $164,449.13 were paid to Nicholls and Crampton upon Court approval. Special charges of $13,800 will be paid to the Court for filing fees.

7. The settling parties at the time of the entry of the June 21, 1999 Order did not contemplate that the administrative costs of recovering significant sums for the estate from Erie, Executive Risk and the avoidance defendants would be paid with bond proceeds. Rather it is contingent fees consistent with the settling parties' expectations as of June 21, 1999, that Lewis and Roberts' fees be allocated to and paid from the Erie and Executive Risk recoveries and that Nicholls and Crampton's fees and the special charges incurred be allocated to and paid from the recoveries in the avoidance actions and not from the proceeds of the bond. A literal reading of the June 21, 1999 order appears to require that these administrative expenses be paid from the proceeds of the bond, however.

8. Trustee is preparing to make a distribution of the proceeds of the bond and disgorgements and seeks the Court's authority to allocate the attorneys fees of Lewis and Roberts and Nicholls and Crampton and special charges of $13,800 to the estate funds that these administrative expenses were incurred to recover rather than to the bond and disgorgement proceeds described above.

9. Trustee will distribute estate funds to creditors at a later date.

543178v1

10.     Proper notice of the Trustee's motion has been served on creditors and no objections were filed.

WHEREFORE, the Court hereby allows the Trustee's motion and grants the Trustee the authority to allocate the attorneys fees paid to Lewis and Roberts, the attorneys fees paid to Nicholls & Crampton and special charges of $13,800 to estate funds rather than to the aforesaid bond and disgorgement proceeds.

## *END OF DOCUMENT*

543178v1