VAN–107 Deficiency Notice – Rev. 01/16/2009

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

Room 209, 300 Fayetteville Street
P.O. Drawer 1441
Raleigh, NC 27602–1441

IN RE:
International Heritage, Inc.
  ( debtor has no known aliases )
C/O TERRI L. GARDNER
POST OFFICE DRAWER 1389
RALEIGH, NC 27602

CASE NO.: 98–02675–5–ATS

DATE FILED: November 25, 1998

CHAPTER: 7

TaxID: 56–1921093

DEFICIENCY NOTICE

To: Karen Daly

Re: 18113 – Motion To Release Funds In The Amount Of $ 723.80 filed by Karen Daly (Barnes, Dawn)

The referenced document has been filed; however, it is deficient as noted below. Failure to correct the deficiencies by **February 23, 2009** may result in the court assuming you no longer desire the relief requested and entering an order denying or dismissing the requested relief.

- ☐ The motion was not served in accordance with Local Bankruptcy Rule 9013–1, EDNC, requiring service upon the trustee, attorney for debtor–in–possession, or bankruptcy administrator. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The motion was not served on the debtor(s) and debtor's attorney as required by Rules 7004(b)(9) and 7004(g) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The motion was not served upon an officer, a managing or general agent, or to any other agent authorized to receive service of process, as required by Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The motion was not served to the attention of the Civil Process Clerk of the United States Attorney as required by Rule 7004(b)(4) of the Federal Rules of Bankruptcy Procedure. The U. S. Attorney's address is 310 New Bern Avenue, Suite 800, Federal Building, Raleigh, NC 27601–1461. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The motion was not served on the Attorney General as required by Rule 7004(b)(4) of the Federal Rules of Bankruptcy Procedure. The Attorney General's address is 5137 Robert F. Kennedy Bldg., 10th St. & Constitution Ave. NW, Washington, DC 20530. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ Service on the debtor(s) is at an address different than the court's records. The debtor(s) address(es) is/are shown above. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ Service on the debtor(s) attorney is at an address different than the court's records. The debtor(s) attorney's address is:

Nicholls & Crampton, P.A.

PO Box 18237
Raleigh, NC 27619

Upon completion of proper service, a certificate of service should immediately be filed with the court.

- ☐ Service on the trustee is at an address different than the court's records. The trustee's address is:

Williams Mullen
A Professional Corporation
P. O. Drawer 19764
Raleigh, NC 27619–9764

Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The motion was not served on all creditors as required by Rule 2002 (a) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The insured depository institution was not served by certified mail as required by Rule 7004(h) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The notice of proposed abandonment was not served on all creditors as required by Rule 6007(a) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The motion for approval of an agreement to provide adequate protection, or for modification or termination of the automatic stay, or for creation of a lien has not been noticed as required by Rule 4001(d) of the Federal Rules of Bankruptcy Procedure.
- ☐ The motion was not served on the committee appointed or in the absence of a committee, on the twenty largest unsecured creditors as required by Rule 4001(a)(1). Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The mailing matrix was not attached to the certificate of service as indicated.
- ☐ The Certificate of Service was omitted.
- ☐ The motion to avoid lien(s) does not contain a description of the property, the fair market value, and the amount claimed as exempt.
- ☐ The motion to avoid lien(s) seeks to avoid lien(s) on property not listed as secured and/or not claimed as exempt on Schedules C and/or D. The schedule(s) must be amended to properly indicate the security and/or exemption. The $26.00 fee for changing the classification of a debt is required.
- ☐ The motion was not served on the co–debtor as required by 11 USC § 1301(d). Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The motion/objection was not served upon the party against whom relief is sought as required by Rule 9014(a) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The notice of motion required by Local Bankruptcy Rule 9014–1(a), EDNC, was omitted.
- ☐ The notice of motion did not provide a response time of 15 days as required by Local Bankruptcy Rule 9014–1(c), EDNC.
- ☐ The exhibits referred to were not attached or were not consistent with the motion.
- ☐ A proposed order granting the relief requested was not submitted as required by Rule 5005–4(4).
- ☐ A notice providing a twenty (20) day response time did not accompany the motion as required by the court. A copy of the notice should be served on all creditors and parties in interest. Upon completion of proper service, the notice and a certificate of service should immediately be filed with the court.
- ☐ This case has been closed; therefore, a motion to reopen must be filed and the required fee paid prior to the court's consideration of this motion.
- ☐ A notice providing a fifteen (15) day response time did not accompany the motion to reopen as required by the court. When seeking to reopen a case for the purpose of avoiding a lien, a copy of the notice should be served on the lienholder. Upon completion of proper service, the notice and a certificate of service should immediately be filed with the court.

- ☐ The trustee has determined that the motion to modify plan has an adverse effect on unsecured creditors. Therefore, service on all creditors with a response time of twenty (20) days as required by Rule 3015 of the Federal Rules of Bankruptcy Procedure must be provided. Upon completion of proper service, a notice and certificate of service should immediately be filed with the court.
- ☐ The objection to claim did not provide a response time of thirty (30) days as required by Rule 3007 of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, an amended notice and certificate of service should immediately be filed with the court.
- ☐ The objection to claim was not served on the debtor(s) and debtor's attorney as required by Rule 3007 of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The amendment to the petition was not served in accordance with Rule 1009 of the Federal Rules of Bankruptcy Procedure. A copy of the amendment should be served upon the trustee, the bankruptcy administrator, and any entity affected by the amendment. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The $26.00 fee for amending the schedule(s) is required. A check or money order made payable to Clerk, U.S. Bankruptcy Court should be submitted by the date indicated above. The court does not accept personal checks.
- ☐ Additional creditors were included when the schedules/amended schedules were filed; therefore, the $26.00 fee for amending the list of creditors is required. A check or money order made payable to Clerk, U.S. Bankruptcy Court should be submitted by the date indicated above. The court does not accept personal checks.
- ☐ A certificate of service indicating service of the notice of commencement of case, meeting of creditors, and deadlines pursuant to Local Bankruptcy Rule 2002−1(a) has not been filed. The notice should be served on all creditors added after the original notice was given. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The filing fee was omitted. A check or money order in the amount of , made payable to Clerk, U.S. Bankruptcy Court should be submitted by the date indicated above. The court does not accept personal checks.
- ☐ The document has not been signed; therefore, it should be resubmitted with the appropriate signatures.
- ☐ The amended statement of social security number(s) should be served on all creditors. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ The attached document is incorrect or is illegible for International Heritage, Inc. . The correct document in pdf form should be attached to an e−mail message addressed as follows: ecf_pdf@nceb.uscourts.gov . Upon receipt of the correct document, a corrective entry will be made.
- ☐ The order uploaded into CM/ECF in connection with the referenced matter is incorrect. The correct order should be uploaded as a replacement of the order previously submitted.
- ☐ The response was filed after the response time on the motion had expired and the order granting the motion had been entered. Therefore, the court will take no action on the response unless a motion to reconsider the order is filed and allowed.
- ☐ Item 17 on Schedule I has not been completed; therefore, the schedule should be amended. Pursuant to §521(i)(1) of the Bankruptcy Code, this case may be automatically dismissed effective on the 46th day after the date of the filing of the petition if this deficiency is not corrected.
- ☐ Item 19 on Schedule J has not been completed; therefore, the schedule should be amended. Pursuant to §521(i)(1) of the Bankruptcy Code, this case may be automatically dismissed effective on the 46th day after the date of the filing of the petition if this deficiency is not corrected.
- ☐ Exhibit D − Individual Debtor's Statement of Compliance with Credit Counseling Requirement is incomplete. One of the five statements must be checked.
- ☐ The reaffirmation agreement was not filed using the correct form. For the reaffirmation agreement to be enforceable, the correct form (240A) must be used pursuant to §524(k). The form may be obtained from the court's website at http://www.nceb.uscourts.gov.

- ☐ Part B of the reaffirmation agreement was not signed by the debtor(s)/borrower(s) and/or creditor. For the reaffirmation agreement to be enforceable, it must be signed pursuant to section 524(k).
- ☐ Part D of the reaffirmation agreement (Debtor's Statement In Support Of Reaffirmation Agreement) is either missing or is incomplete. Failure to properly file Part D will result in a hearing being scheduled.
- ☑ Proof of identity was not attached to the motion to release unclaimed funds. A copy of your driver license, passport, or photo identification must be submitted. Upon receipt of proof of identity the court will consider your motion.

- ☐ Your social security number was not included on the motion to release unclaimed funds. Upon receipt, the court will consider your motion.
- ☐ A certified copy of all probate documents, including a copy of the death certificate, must be provided when requesting release of unclaimed funds to a representative of a deceased creditor/claimant. Upon receipt of the required documents, the court will consider your motion.
- ☐ A certificate of service indicating transmittal of the schedules and statements to the Internal Revenue Service pursuant to Local Bankruptcy Rule 1007–1 has not been filed. Upon completion of proper service, a certificate of service should immediately be filed with the court.
- ☐ A certificate of service indicating transmittal of the schedules and statements to the Internal Revenue Service, Securities and Exchange Commission, and Secretary of the Treasury pursuant to Local Bankruptcy Rule 1007–1 has not been filed. Upon completion of proper service, a certificate of service should immediately be filed with the court.

DATED: February 3, 2009

                                          Dawn Barnes
                                          Deputy Clerk

# CERTIFICATE OF NOTICE

```
District/off: 0417-5          User: barnes_da           Page 1 of 1              Date Rcvd: Feb 03, 2009
Case: 98-02675               Form ID: van107           Total Served: 1
```

The following entities were served by first class mail on Feb 05, 2009.
cr           +Karen Daly,   1217 WestMont Dr.,   Southlake, TX 76092-7813

The following entities were served by electronic transmission.
NONE.                                                                                                TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 05, 2009**                    **Signature:**         *Joseph Speetjens*