# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| International Heritage, Inc.. | ) Case No. 98-02675-5-JRL |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

**OBJECTION TO MOTION TO REQUIRE PAYMENT OF SETTLEMENT AMOUNT**

Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), successor by merger to Wachovia Bank, National Association (hereinafter "Wachovia"), a creditor in the above-captioned proceeding, hereby submits its Objection to Motion to Require Payment of Settlement Amount, and in support hereof, respectfully shows unto this Court as follows:

1. The Trustee sued Wachovia to recover an alleged preferential transfer, commencing Adversary Proceeding Number S-00-00260-5-AP.

2. The adversary proceeding was settled by agreement of the parties for Wachovia to pay the Trustee the sum of $3,200.00 in full settlement of all claims by the Trustee.

3. The Court approved the settlement agreement of the parties.

4. On May 4, 2001, undersigned counsel for Wachovia forwarded a check in the amount of $3,200.00 to the attorney for the Trustee. A true and correct copy of the letter and settlement check is attached as Exhibit A and incorporated herein by reference.

5. On May 11, 2001, the attorney for the Trustee wrote to the undersigned counsel for Wachovia, acknowledged receipt of the settlement proceeds check and forwarded a Proof of Claim form for the filing of Wachovia's preference return claim. A true and correct copy of the letter from the Trustee's attorney is attached as Exhibit B and incorporated herein by reference.

6. Recently, more than nine (9) years after the settlement of the adversary proceeding, the Trustee contacted undersigned counsel for Wachovia and advised that the settlement proceeds were never received and credited to the Debtor's account. Subsequently, the Motion to Require Payment of Settlement Amount was filed.

7. Through extensive research and review of voluminous closed files, undersigned counsel for Wachovia and employees of Wachovia (now Wells Fargo) located the letters attached as Exhibit A and Exhibit B. Furthermore, Wells Fargo has determined that some time in 2005 the funds represented by the settlement check were "credited" to the Debtor's account at Wachovia. It is not clear from the entries in Wells Fargo's computer system whether the check was returned to Wachovia or whether the funds simply became subject to the escheat regulations when the settlement check was not negotiated.

8. Wachovia offered to issue a second settlement proceeds check to the Trustee. However, the Trustee has demanded that Wachovia include interest in its payment.

9. Wachovia submits that the Trustee should bear the burden of any detrimental impact on the estate from the failure to negotiate the settlement check, including waiving any claim for interest from Wachovia. It is clear from the documentary evidence that the Trustee's attorney received the settlement check in 2001. Wachovia was under no obligation to make certain that the Trustee negotiated the settlement check and should not be required to bear the burden of the estate's loss of interest as a result of that failure. Wachovia submits that the statute of limitations should bar any recovery from Wachovia, much less a claim for interest on the settlement proceeds. To the extent not covered by an applicable statute of limitations, the Trustee should be barred by laches from recovering any amount from Wachovia after the passage of nine (9) years.

WHEREFORE, Wachovia respectfully prays unto this Court as follows:

1. That the Court deny the Trustee's Motion; and

2. For such other and further relief as to the Court may seem proper.

Respectfully submitted, today, August 20, 2010.

/S/ James E. Vaughan
James E. Vaughan
North Carolina Bar No. 12669
*Attorney for Wells Fargo Bank, N.A.*

OF COUNSEL:

**JAMES E. VAUGHAN, ATTORNEY AT LAW, P.C.**
206 North Spruce Street, Suite 2A
Winston-Salem, North Carolina 27101
Telephone: (336) 725-7772
Facsimile: (336) 725-7737

## CERTIFICATE OF SERVICE
_____

I hereby certify that a copy of the foregoing **OBJECTION TO MOTION TO REQUIRE PAYMENT OF SETTLEMENT AMOUNT** was served upon the following parties by CM/ECF as follows:

**Notice electronically sent to:**

Holmes P. Harden, Esq.
Terri Gardner, Esq.
Marjorie K. Lynch, Esq.

    Dated:  August 20, 2010.

    /S/ James E. Vaughan
    James E. Vaughan
    North Carolina Bar No. 12669
    *Attorney for Wells Fargo Bank, N.A.*

OF COUNSEL:

**JAMES E. VAUGHAN, ATTORNEY AT LAW, P.C.**
206 North Spruce Street, Suite 2A
Winston-Salem, North Carolina 27101
Telephone: (336) 725-7772
Facsimile: (336) 725-7737