IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>INTERNATIONAL HERITAGE, INC. )<br>)<br>)<br>Debtor. ) | CASE NO. 98-02675-5-JRL<br>CHAPTER 7 |

**NOTICE OF MOTION FOR AUTHORITY TO WAIVE ATTACHMENT OF CLAIMS REGISTER AND FORM II TO FINAL REPORT AND TO RETAIN BANK STATEMENTS**

NOTICE IS HEREBY GIVEN of the Motion for Authority to Waive Attachment of Claims Register and Form II to Trustee's Final Report and to Retain Bank Statements filed simultaneously herewith by Holmes P. Harden, trustee in the above-captioned case; and

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no response and a request for a hearing is made by the debtor, trustee or other parties in writing to the clerk of this court within fourteen (14) days from the date of this Notice; and

FURTHER NOTICE IS HEREBY GIVEN that if a response and a request for a hearing is filed by the debtor or other parties in interest named herein in writing within the time indicated, a hearing will be conducted on the motion and response thereto at a date, time and place to be later set by this court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the court may rule on the motion and respond thereto ex parte without further notice.

This the 12 day of October, 2010

WILLIAMS MULLEN

/s/Holmes P. Harden
Holmes P. Harden, Trustee
N.C. State Bar No. 9835
P.O. Box 1000
Raleigh, North Carolina 27602
Telephone: (919) 981-4000

8462590

## CERTIFICATE OF SERVICE

I, Holmes P. Harden, do hereby certify that the foregoing Notice and Motion was served upon the parties indicated below either at the electronic address indicated below, on the 12 day of October, 2010.

BY: /s/ Holmes P. Harden
Holmes P. Harden
P. O. Drawer 1000
Raleigh, NC 27602
Telephone: (919) 981-4000

SERVED VIA CM/ECF:
Marjorie K. Lynch
Bankruptcy Administrator
Marjorie_Lynch@nceba.uscourts.gov
Karen_Hayes@nceba.uscourts.gov
Janet_Hicks@nceba.uscourts.gov

Terri L. Gardner
Attorney for Debtor
terri.gardner@nelsonmullins.com

8462590

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INTERNATIONAL HERITAGE, INC. | ) | CASE NO. 98-02675-5-JRL |
| | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |

### MOTION FOR AUTHORITY TO WAIVE ATTACHMENT OF CLAIMS REGISTER AND FORM II TO FINAL REPORT AND TO RETAIN BANK STATEMENTS

NOW COMES the Chapter 7 Trustee in this case, respectfully seeking an order in aid of the case closing process by waiving the attachment of the claims register and Form II to the Trustee's Final Report and Proposed Distribution and to retain bank statements for review at Trustee's office, showing the court as follows:

1. This case was filed on November 26, 1998.

2. The court on December 4, 1998 entered an order limiting notices to creditors due to the cost of mailing, a copy of which is attached hereto as Exhibit A.

3. Ordinarily, the entire Form II, claims register and mailing matrix are attached to a Chapter 7 Final Report and Proposed Distribution. Form II in this case is 3,231 pages. It is filed with the court on a quarterly basis. The claims register on file with the court is in excess of 1,539 pages and contains 15,869 claims. Bank statements are stored in several boxes at the Trustee's office.

4. Trustee has now fulfilled his duties in the case other than obtaining approval of the Final Report and Proposed Distribution and will be making a final distribution. He reports that he has prepared a draft of the Final Report and Proposed

8462590

Distribution and supporting documentation necessary for closing the case and has submitted the same to the Bankruptcy Administrator for review and approval. Once approved by the Bankruptcy Administrator's office, he will file the same with the Court.

WHEREFORE, the Trustee respectfully requests that the Court issue an order:

1.  Permitting the 1,539 page claims register recorded at the Clerk's Office to be referenced in the Notice of Trustee's Final Report rather than attaching it to the Trustee's Final Report and Proposed Distribution.

2.  Permitting the Form II for the three month period from the date of the last filing of a quarterly report that is of record at the Clerk's Office to be referenced in the Notice of Trustee's Final Report and Proposed Distribution rather than attaching it to Trustee's Final Report and Proposed Distribution.

3.  Permitting bank statements to be made available to interested creditors at the Trustee's office rather than submitting them to the Bankruptcy Administrator's office.

4.  For such other and further relief as the Court may deem just and proper.

Dated: 10/12/10

WILLIAMS MULLEN

/s/ Holmes P. Harden
Holmes P. Harden, Trustee
N.C. State Bar No. 9835
P.O. Box 1000
Raleigh, North Carolina 27602
Telephone: (919) 981-4000

8462590

FILED

DEC 4 1998

PEGGY B. DEANS, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF N.C.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                          CASE NO.

INTERNATIONAL HERITAGE, INC.,                   98-02675-5-ATS

   DEBTOR

### ORDER ALLOWING NOTICING LIMITATIONS

The matter before the court is the joint ex parte motion filed by the chapter 7 debtor, International Heritage, Inc., and by the debtor's chapter 7 trustee, Holmes P. Harden, to establish administrative procedures and to limit notice by mail.

Rule 2002(l) of the Federal Rules of Bankruptcy Procedure provides that the court may authorize notice by publication if notice by mail is impracticable. There are more than 190,000 creditors in this case, and notice by mail to all creditors would cost approximately $70,000 per mailing. Based on that cost, the court finds that giving notice by mail is impracticable.

In this case all creditors shall receive notice by mail of the meeting of creditors. Along with the notice of the meeting of creditors, all creditors shall be notified that in the future, unsecured creditors will not receive notice by mail. In lieu of receiving notice by mail, unsecured creditors shall receive notice by the following three methods: (1) publication of notice on a web site that may be accessed through the court's web page www.nceb.uscourts.gov, (2) telephonic publication of notice through a toll free telephone number, and (3) E-mail notice to a creditor if the creditor requests E-mail notice in writing by first-class

cc: DH, BA, Harden, AB, JRL  12/4/98

EXHIBIT
A

mail to the trustee and provides to the trustee the creditor's name, mail address, telephone number and E-mail address.

Mail notice shall be given to all secured creditors, the largest 100 unsecured creditors that request mail notice, the Securities and Exchange Commission, the Internal Revenue Service, the North Carolina Department of Revenue, counsel for the debtor, the Bankruptcy Administrator, other parties as the trustee may deem appropriate, and other parties as directed by the court.

The debtor and the trustee also requested that the court approve the Notice of Case Management Procedure to be sent to creditors in connection with the notice of the first meeting of creditors. The court reviewed the Notice of Case Management Procedures, made a few minor revisions that were communicated to the bankruptcy clerk, and asked the clerk to see that the Notice of Case Management Procedure, as modified, be sent to all creditors along with the notice of the first meeting of creditors.

SO ORDERED.

DATED:   DEC - 4 1998

_____
A. Thomas Small
Bankruptcy Judge

2